No. 23-2097

---

**In The United States Court Of Appeals
For The Fourth Circuit**

**LULA WILLIAMS,**
*Plaintiff-Appellee*

**v.**

**MATT MARTORELLO,**
*Defendant-Appellant,*

On Appeal From The United States District Court
For The Eastern District Of Virginia (Robert E. Payne)
(3:17-cv-00461-REP)

---

**JOINT APPENDIX
VOLUME I**

---

Matthew William Wessler
Gupta Wessler PLLC
1900 L Street NW, Suite 312
Washington, D.C. 20036
Telephone: (202) 888-1741
E-mail : matt@guptawessler.com

Steven D. Gordon
Holland & Knight LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
E-mail: steven.gordon@hklaw.com

*Counsel for Appellee*

*Counsel for Appellant*

December 6, 2023

Krisi Cahoon Kelly
Andrew Joseph Guzzo
Kelly Guzzo, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7576
E-mail:  kkelly@kellyguzzo.com
E-mail:  aguzzo@kellyguzzo.com

*Counsel for Appellee*

VOLUME I

TABLE OF CONTENTS

| No. | Document Description | Page No. |
|-----|---------------------|----------|
| 1 | District Court Docket | JA001-JA165 |
| 2 | Complaint | JA166-JA197 |
| 3 | Memorandum opinion denying motion to dismiss for lack of jurisdiction | JA198-JA278 |
| 4 | Tribal defendants' memorandum in support of motion for entry of judgment | JA279-JA284 |
| 5 | Tribal defendants' reply brief in support of motion for entry of judgment | JA285-JA296 |
| 6 | Class action settlement agreement | JA297-JA375 |
| 7 | Memorandum opinion approving class action settlement | JA376-JA412 |
| 8 | Memorandum order denying Martorello's motion to dismiss pursuant to Fed.R.Civ.P. 19 | JA413-JA414 |
| 9 | Exhibits #3 to #6 to plaintiffs' memorandum in support of their motion for partial summary judgment | JA415-JA459 |

APPEAL,CLOSED,JURY,PROTO,REMAND,STAYED

# U.S. District Court
## Eastern District of Virginia - (Richmond)
## CIVIL DOCKET FOR CASE #: 3:17-cv-00461-REP

Williams et al v. Big Picture Loans, LLC et al
Assigned to: District Judge Robert E. Payne
Referred to: Magistrate Judge Mark R. Colombell (Settlement)
related Case: 3:20-mc-00008-REP
Case in other court:  USCA, 18-01827
                                          23-02097
Cause: 28:1331 Fed. Question: Racketeering (RICO) Act

Date Filed: 06/22/2017
Date Terminated: 09/22/2023
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**Lula Williams**
*on behalf of themselves and all individuals similarly situated*

represented by **Craig Carley Marchiando**
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
(757) 930-3660
Fax: (757) 930-3662
Email: craig@clalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristi Cahoon Kelly**
Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030
703-424-7570
Fax: 703-591-9285
Email: kkelly@kellyguzzo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy L. Austin**
Office of the Federal Public Defender
701 E. Broad St.
Suite 3600
Richmond, VA 23219
804-565-0880
Fax: 804-648-5033
Email: amy_austin@fd.org
*TERMINATED: 09/14/2021*

**Andrew Joseph Guzzo**
Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202

JA001

Fairfax, VA 22030
703-424-7576
Fax: 703-591-0167
Email: aguzzo@kellyguzzo.com
*ATTORNEY TO BE NOTICED*

**Beth Ellen Terrell**
Terrell Marshall Law Group PLLC
936 North 34th St
Suite 300
Seattle, WA 98103-6689
**NA**
(206) 816-6603
Fax: (206) 319-5450
Email: bterrell@terrellmarshall.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Casey Shannon Nash**
Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030
703-424-7571
Fax: 703-591-0167
Email: casey@kellyguzzo.com
*ATTORNEY TO BE NOTICED*

**Drew David Sarrett**
Consumer Litigation Associates, PC
626 East Broad Street
Suite 300
Richmond, VA 23219
804-905-9900
Fax: 757-930-3662
Email: drew@clalegal.com
*ATTORNEY TO BE NOTICED*

**Eleanor Michelle Drake**
Berger Montague PC
1229 Tyler Street NE
Suite 205
Minneapolis, MN 55413
612-594-5933
Fax: 612-584-4470
Email: emdrake@bm.net
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Adams**
Terrell Marshall Law Group PLLC
936 North 34th St
Suite 300
Seattle, WA 98103-6689

JA002

**NA**
(206) 816-6603
Fax: (206) 319-5450
Email: eadams@terrellmarshall.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth W. Hanes**
Consumer Litigation Associates (Richmond)
626 E Broad Street
Suite 300
Richmond, VA 23219
(757) 930-3660
Fax: (757) 930-3662
Email: elizabeth@clalegal.com
*TERMINATED: 04/14/2020*

**James Patrick McNichol**
Kelly Guzzo PLC
Gateway Plaza
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030
703-424-7573
Email: pat@kellyguzzo.com
*ATTORNEY TO BE NOTICED*

**James Wilson Speer**
Virginia Proverty Law Center
919 E Main Street
Suite 610
Richmond, VA 23219
804-782-9430
Fax: (804) 649-0974
Email: jay@vplc.org
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
Terrell Marshall Law Group PLLC
936 North 34th St
Suite 300
Seattle, WA 98103-6689
**NA**
(206) 816-6603
Fax: (206) 319-5450
Email: jmurray@terrellmarshall.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Albanese**
Berger Montague PC
1229 Tyler Street NE
Suite 205
Minneapolis, MN 55413

JA003

612-594-5997
Fax: 612-584-4470
Email: jalbanese@bm.net
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com
*ATTORNEY TO BE NOTICED*

**Matthew G Rosendahl**
Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030
703-434-3901
Email: matt@kellyguzzo.com
*ATTORNEY TO BE NOTICED*

**Matthew William Wessler**
Gupta Wessler PLLC
1900 L Street NW
Suite 312
Washington, DC 20036
**NA**
(202) 888-1741
Fax: (202) 888-7792
Email: matt@guptawessler.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Allen Caddell**
Caddell & Chapman
628 East 9th St.
Houston, TX 77007-1722
**NA**
713-751-0400
Fax: (713) 751-0906
Email: mac@caddellchapman.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gloria Turnage**                    represented by  **Craig Carley Marchiando**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kristi Cahoon Kelly**

JA004

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy L. Austin**
(See above for address)
*TERMINATED: 09/14/2021*

**Andrew Joseph Guzzo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Beth Ellen Terrell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Casey Shannon Nash**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Drew David Sarrett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eleanor Michelle Drake**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Adams**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth W. Hanes**
(See above for address)
*TERMINATED: 04/14/2020*

**James Patrick McNichol**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Wilson Speer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Albanese**
(See above for address)

JA005

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew G Rosendahl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Allen Caddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**George Hengle**              represented by   **Craig Carley Marchiando**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristi Cahoon Kelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy L. Austin**
(See above for address)
*TERMINATED: 09/14/2021*

**Andrew Joseph Guzzo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Beth Ellen Terrell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Casey Shannon Nash**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Drew David Sarrett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eleanor Michelle Drake**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Adams**
(See above for address)

JA006

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth W. Hanes**
(See above for address)
*TERMINATED: 04/14/2020*

**James Patrick McNichol**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Wilson Speer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Albanese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew G Rosendahl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew William Wessler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Allen Caddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dowin Coffy**                     represented by **Craig Carley Marchiando**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristi Cahoon Kelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy L. Austin**

JA007

(See above for address)
*TERMINATED: 09/14/2021*

**Andrew Joseph Guzzo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Beth Ellen Terrell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Casey Shannon Nash**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Drew David Sarrett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eleanor Michelle Drake**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Adams**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth W. Hanes**
(See above for address)
*TERMINATED: 04/14/2020*

**James Patrick McNichol**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Wilson Speer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Albanese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
(See above for address)

JA008

*ATTORNEY TO BE NOTICED*

**Matthew G Rosendahl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew William Wessler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Allen Caddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marcella P. Singh**                    represented by   **Craig Carley Marchiando**
*Administrator of the Estate of Felix M.*                 (See above for address)
*Gillison, Jr.*                                           *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kristi Cahoon Kelly**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Amy L. Austin**
                                                          (See above for address)
                                                          *TERMINATED: 09/14/2021*

                                                          **Andrew Joseph Guzzo**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Beth Ellen Terrell**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Casey Shannon Nash**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Drew David Sarrett**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Eleanor Michelle Drake**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Elizabeth Anne Adams**
                                                          (See above for address)

JA009

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth W. Hanes**
(See above for address)
*TERMINATED: 04/14/2020*

**James Patrick McNichol**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Wilson Speer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Albanese**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew G Rosendahl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew William Wessler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Allen Caddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Big Picture Loans, LLC**
*TERMINATED: 02/18/2020*

represented by **Craig Thomas Merritt**
MerrittHill, PLLC
919 E. Main Street
919 East Main Street
Suite 1000
Richmond, VA 23219
804-916-1601
Email: cmerritt@merrittfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

JA010

**David Neal Anthony**
Troutman Pepper Hamilton Sanders LLP
(Richmond)
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannan Marie Fitzgerald**
Office of the Richmond City Attorney
900 East Broad Street
Suite 400
Richmond, VA 23219
804-646-7946
Email: Shannan.Fitzgerald2@rva.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anna Marek Bruty**
Rosette LLP
44 Grandville Ave SW
Sutie 300
Grand Rapids, MI 49503
**NA**
949-922-8586
Fax: 517-913-6443
Email: abruty@rosettelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harrison Mann Gates**
Christian & Barton LLP
909 E Main St
Suite 1200
Richmond, VA 23219
(804) 697-4105
Fax: (804) 697-6105
Email: hgates@cblaw.com
*TERMINATED: 12/06/2018*

**James Edward Moore**
Christian & Barton LLP
909 East Main Street
Suite 1200
Richmond, VA 23219-3095
(804) 697-4100
Email: jmoore@cblaw.com

**Julie Diane Hoffmeister**

JA011

Troutman Sanders LLP (Richmond)
1001 Haxall Point
Suite 1500
Richmond, VA 23219
(804) 697-1200
Email:
julie.hoffmeister@troutmansanders.com
*ATTORNEY TO BE NOTICED*

**Justin Alexander Gray**
Rosette LLP (NA-MI)
25344 Red Arrow Hwy
Mattawan, MI 49071
**NA**
(269) 283-5005
Fax: 517-916-6443
Email: jgray@rosettelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karrie Sue Wichtman**
Rosette, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
NA
269-283-5005
Fax: 517-913-6443
Email: kwichtman@rosettelaw.com
*TERMINATED: 08/21/2018*
*PRO HAC VICE*

**Timothy James St. George**
Troutman Pepper Hamilton Sanders LLP
(Richmond)
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
804-697-1254
Email: timothy.st.george@troutman.com
*ATTORNEY TO BE NOTICED*

**William Henry Hurd**
Troutman Sanders LLP (Richmond)
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
(804) 697-1335
Email: william.hurd@troutmansanders.com
*ATTORNEY TO BE NOTICED*

**Defendant**

JA012

**Matt Martorello**                               represented by   **David Neal Anthony**
Troutman Sanders LLP (Richmond)
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218
804-697-5410
Fax: 804-698-5118
Email:
david.anthony@troutmansanders.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John David Taliaferro**
Loeb & Loeb LLP (DC)
901 New York Ave NW
Suite 300 East
Washington, DC 20001
202-618-5015
Fax: 202-318-0691
Email: jtaliaferro@loeb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alicia Marie Clough**
Loeb & Loeb LLP (NA-LA)
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, CA 90067
**NA**
(310) 282-2000
Fax: (310) 282-2200
Email: aclough@loeb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bernard Robert Given , II**
Loeb & Loeb LLP (NA-LA)
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, CA 90067
**NA**
(310) 282-2235
Fax: (310) 282-2200
Email: bgiven@loeb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bethany Danielle Simmons**
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
**NA**
(212) 407-4000

JA013

Fax: (212) 407-4990
Email: bsimmons@loeb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Palella**
Armstrong Teasdale LLP (NY-NA)
919 Third Avenue
37th Floor
New York, NY 10022
NA
(212) 209-4403
Fax: (212) 409-8385
Email: cpalella@armstrongteasdale.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**David Foster Herman**
Armstrong Teasdale LLP (NA-PA)
2005 Market Street
29th Floor
One Commerce Square
Philadelphia, PA 19103
NA
215-246-3467
Fax: 215-569-8228
Email: dherman@armstrongteasdale.com
*TERMINATED: 01/15/2019*
*PRO HAC VICE*

**Douglas Marsh**
Armstong Teasdale, LLP
4643 S. Ulster Street
Suite 800
Denver, CO 80327
NA
720-200-0676
Fax: 314-612-2378
Email: dmarsh@armstrongteasdale.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**Hugh McCoy Fain , III**
Spotts Fain PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555
(804) 788-1190
Email: hfain@spottsfain.com
*TERMINATED: 12/09/2020*

**John Michael Erbach**
Spotts Fain PC
411 E Franklin St

JA014

Suite 600
Richmond, VA 23219
804-697-2044
Fax: 804-697-2144
Email: jerbach@spottsfain.com
*TERMINATED: 12/09/2020*

**John B Rottenborn**
Woods Rogers Vandeventer Black PLC
(Roanoke)
10 South Jefferson Street
Suite 1800
Roanoke, VA 24011
540-983-7540
Email: ben.rottenborn@wrvblaw.com
*ATTORNEY TO BE NOTICED*

**Jonathan Peter Boughrum**
Armstrong Teasdale LLP (NA-PA)
2005 Market Street
29th Floor
One Commerce Square
Philadelphia, PA 19103
NA
267-780-2012
Fax: 215-405-9070
Email: jboughrum@armstrongteasdale.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**Jonathan Frank Hollis**
Woods Rogers Vandeventer Black PLC
901 East Byrd Street
Suite 1550
Richmond, VA 23219
804-343-5020
Fax: 804-495-2098
Email: jhollis@woodsrogers.com
*TERMINATED: 05/12/2021*

**Karen M. Stemland**
Woods Rogers PLC (Charlottesville)
123 East Main Street
Suite 500
Charlottesville, VA 22902
434-220-6826
Fax: 434-566-0473
Email: kstemland@woodsrogers.com
*ATTORNEY TO BE NOTICED*

**Maurice Francis Mullins**
Spotts Fain PC
411 E Franklin Street
Suite 600

JA015

Richmond, VA 23219
804-697-2000
Fax: 804-697-2169
Email: cmullins@spottsfain.com
*TERMINATED: 12/09/2020*

**Michael Christopher Witsch**
Armstrong Teasdale LLP (NA-PA)
2005 Market Street
29th Floor
One Commerce Square
Philadelphia, PA 19103
NA
(267) 780-2016
Fax: 215-405-9070
Email: mwitsch@atllp.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**Michelle Lynne Alamo**
Armstrong Teasdale LLP (CO-NA)
4643 S Ulster Street
Suite 800
Denver, CO 80237
NA
(720) 722-7189
Fax: (720) 200-0679
Email: malamo@armstrongteasdale.com
*TERMINATED: 07/07/2020*
*PRO HAC VICE*

**Paul Louis Brusati**
Armstrong Teasdale LLP
7700 Forsyth Blvd
Suite 1800
St. Louis, MO 63105
NA
(314) 552-6602
Fax: (314) 613-8522
Email: pbrusati@armstrongteasdale.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**Richard Lawrence Scheff**
Armstrong Teasdale LLP (NA-PA)
2005 Market Street
29th Floor
One Commerce Square
Philadelphia, PA 19103
NA
267-780-2010
Fax: 215-405-9070
Email: rlscheff@atllp.com
*TERMINATED: 09/17/2020*

JA016

*PRO HAC VICE*

**Steven D. Gordon**
Holland & Knight
800 17th Street, NW
Ste 1100
Washington, DC 20006
202-955-3000
Fax: 202-955-5564
Email: steven.gordon@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy James St. George**
Troutman Sanders LLP (Richmond)
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218
804-697-1254
Email: timothy.st.george@troutman.com
*ATTORNEY TO BE NOTICED*

**Tod Daniel Stephens**
Armstrong Teasdale LLP
7700 Forsyth Blvd
Suite 1800
St. Louis, MO 63105
NA
(314) 342-8065
Fax: (314) 621-5065
Email: tstephens@armstrongteasdale.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**William Nathaniel Grosswendt**
Loeb & Loeb LLP (NA-LA)
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, CA 90067
NA
310-282-2348
Fax: 310-282-2200
Email: wgrosswendt@loeb.com
*TERMINATED: 10/07/2022*
*PRO HAC VICE*

**William Ojile**
Armstrong Teasdale LLP (CO-NA)
4643 S Ulster Street
Suite 800
Denver, CO 80237
NA
(303) 575-4000

JA017

Fax: (720) 200-0679
Email: bojile@armstrongteasdale.com
*TERMINATED: 09/17/2020*
*PRO HAC VICE*

**Defendant**

**Ascension Technologies, Inc.**          represented by     **Craig Thomas Merritt**
*TERMINATED: 02/18/2020*                                    (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David Neal Anthony**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shannan Marie Fitzgerald**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Anna Marek Bruty**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Harrison Mann Gates**
                                                            (See above for address)
                                                            *TERMINATED: 12/06/2018*

                                                            **James Edward Moore**
                                                            (See above for address)

                                                            **Julie Diane Hoffmeister**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Justin Alexander Gray**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Karrie Sue Wichtman**
                                                            (See above for address)
                                                            *TERMINATED: 08/21/2018*
                                                            *PRO HAC VICE*

                                                            **Timothy James St. George**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William Henry Hurd**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

JA018

**Defendant**

**Daniel Gravel**                                    represented by **David Neal Anthony**
*TERMINATED: 10/18/2017*                                            (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**James Williams, Jr.**                             represented by **David Neal Anthony**
*TERMINATED: 04/05/2018*                                            (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Justin Alexander Gray**
                                                                   (See above for address)
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Karrie Sue Wichtman**
                                                                   (See above for address)
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Timothy James St. George**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Gertrude McGeshick**                             represented by **David Neal Anthony**
*TERMINATED: 04/05/2018*                                            (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Justin Alexander Gray**
                                                                   (See above for address)
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Karrie Sue Wichtman**
                                                                   (See above for address)
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Timothy James St. George**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Susan McGeshick**                                represented by **David Neal Anthony**
*TERMINATED: 04/05/2018*                                            (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Justin Alexander Gray**

JA019

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karrie Sue Wichtman**
Rosette, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
**NA**
269-283-5005
Fax: 517-913-6443
Email: kwichtman@rosettelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy James St. George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Giiwegiizhigookway Martin**
*TERMINATED: 04/05/2018*

represented by **David Neal Anthony**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Alexander Gray**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karrie Sue Wichtman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy James St. George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Eventide Credit Acquisition Company, LLC**

represented by **John Michael Erbach**
(See above for address)
*TERMINATED: 12/09/2020*

**Interested Party**

**Rosette, LLP**

represented by **Craig Crandall Reilly**
Law Office of Craig C. Reilly
209 Madison Street
Suite 501
Alexandria, VA 22314
703-549-5354
Fax: 703-549-2604
Email: craig.reilly@ccreillylaw.com

JA020

**Interested Party**

**Justin Gray**                              represented by **Craig Crandall Reilly**
                                             (See above for address)

                                             **Leonard Anthony Bennett**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Interested Party**

**Conner & Winters, LLC**                    represented by **Wyatt B. Durrette , Jr.**
                                             Durrette Arkema Gerson & Gill PC
                                             1111 East Main Street
                                             16th Floor
                                             Richmond, VA 23219
                                             (804) 775-6900
                                             Fax: (804) 775-6911
                                             Email: wdurrette@dagglaw.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Interested Party**

**Greenberg Traurig, LLP**                   represented by **John F. O'Connor , Jr.**
                                             Steptoe & Johnson LLP
                                             1330 Connecticut Ave NW
                                             Washington, DC 20036
                                             202-429-3000
                                             Fax: 202-429-3902
                                             Email: joconnor@steptoe.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/22/2017 | 1 | COMPLAINT against All Defendants (Filing fee: $400, receipt number: 0422-5585119) filed by George Hengle, Felix Gillison, Jr, Lula Williams, Dowin Coffy, and Gloria Turnage. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Civil Cover Sheet) (jsmi, ) (Entered: 06/23/2017) |
| 06/23/2017 | 2 | Summons Issued as to All Defendants. NOTICE TO ATTORNEY: Print out two electronically issued summons and one copy of the attachments for each defendant to be served with the complaint. (jsmi, ) (Entered: 06/23/2017) |
| 06/30/2017 | 3 | WAIVER OF SERVICE Returned Executed as to all defendants waiver sent on 6/29/2017, answer due 8/28/2017. (Attachments: # 1 Letter) (jsmi, ) (Entered: 07/03/2017) |
| 07/14/2017 | 4 | Certificate of Compliance as to All Defendants. See 3 Waiver of Service Returned Executed for answer deadline. (jsmi, ) (Entered: 07/14/2017) |
| 07/25/2017 | 5 | Motion to appear Pro Hac Vice by Karrie Sue Wichtman and Certification of Local Counsel David N. Anthony Filing fee $ 75, receipt number 0422-5633481. by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 07/25/2017) |

| 07/25/2017 | 6 | Motion to appear Pro Hac Vice by Justin Alexander Gray and Certification of Local Counsel David N. Anthony Filing fee $ 75, receipt number 0422-5633503. by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 07/25/2017) |
|---|---|---|
| 07/28/2017 | 7 | ORDER granting 5 Motion for Pro hac vice and 6 Motion for Pro hac vice. Karrie Sue Wichtman and Justin Alexander Gray for Giiwegiizhigookway Martin, Susan McGeshick, Ascension Technologies, Inc., Big Picture Loans, LLC, Gertrude McGeshick, James Williams, Jr. Signed by District Judge Robert E. Payne on 7/28/2017. (jsmi, ). Modified to add additional defendants on 8/7/2017 (nbrow). (Entered: 07/28/2017) |
| 08/28/2017 | 8 | Consent MOTION for Extension of Time to File Answer by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit 1 (Proposed Order)) (Anthony, David) (Entered: 08/28/2017) |
| 08/28/2017 | 9 | Consent MOTION for Extension of Time to File Answer by Matt Martorello. (Attachments: # 1 Exhibit 1 (Proposed Order))(Anthony, David) (Entered: 08/28/2017) |
| 08/28/2017 | 10 | Consent MOTION for Extension of Time to File Answer by Daniel Gravel. (Attachments: # 1 Exhibit 1 (Proposed Order))(Anthony, David) (Entered: 08/28/2017) |
| 08/28/2017 | 11 | Motion to appear Pro Hac Vice by David Foster Herman and Certification of Local Counsel David N. Anthony Filing fee $ 75, receipt number 0422-5685554. by Matt Martorello. (Anthony, David) (Entered: 08/28/2017) |
| 08/29/2017 | 12 | Motion to appear Pro Hac Vice by Richard Lawrence Scheff and Certification of Local Counsel David N. Anthony Filing fee $ 75, receipt number 0422-5686427. by Matt Martorello. (Anthony, David) (Entered: 08/29/2017) |
| 08/29/2017 | 13 | Motion to appear Pro Hac Vice by Jonathan Peter Boughrum and Certification of Local Counsel David N. Anthony Filing fee $ 75, receipt number 0422-5686442. by Matt Martorello. (Anthony, David) (Entered: 08/29/2017) |
| 08/30/2017 | 14 | ORDER granting 12 Motion for Richard Lawrence Scheff to appear as Pro Hac Vice for Matt Martorello. Signed by District Judge Robert E. Payne on 8/29/2017. (sbea, ) (Entered: 08/30/2017) |
| 08/30/2017 | 15 | ORDER granting 13 Motion for Jonathan Peter Boughrum to appear as Pro Hac Vice for Matt Martorello. Signed by District Judge Robert E. Payne on 8/29/2017. (sbea, ) (Entered: 08/30/2017) |
| 08/30/2017 | 16 | ORDER granting 11 Motion for David Foster Herman to appear as Pro Hac Vice for Matt Martorello. Signed by District Judge Robert E. Payne on 8/30/2017. (sbea, ) (Entered: 08/30/2017) |
| 08/30/2017 |  | Minute Entry for proceedings held before District Judge Robert E. Payne:Telephone Conference held on 8/30/2017. (Court Reporter Peppy Peterson, OCR.)(khan, ) (Entered: 09/08/2017) |
| 09/01/2017 | 17 | ORDER that Defendants' several CONSENT MOTIONS FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS (ECF Nos. 8 , 9 , and 10 ) are denied. Defendants shall file their Answers to the Complaint by September 29, 2017. Furthermore, it is ORDERED that Defendants shall file any motions to dismiss by September 29, 2017; Plaintiffs shall respond by October 31, 2017, and Defendants shall reply by November 8, 2017. Furthermore, it is ORDERED that Plaintiffs shall submit to |

JA022

| | | |
|---|---|---|
| | | Defendants any discovery requests respecting the Court's jurisdiction over the Defendants by September 14, 2017, and Defendants shall submit to Plaintiffs any discovery requests respecting the Court's jurisdiction by September 29, 2017. Furthermore, it is ORDERED that Plaintiffs shall, as necessary, conduct depositions concerning the Court's jurisdiction over Defendants by October 31, 2017. It is so ORDERED. Signed by District Judge Robert E. Payne on 8/31/2017. (sbea, ) (SEE ORDER 42 AMENDING DEADLINES entered on 10/10/17. Modified on 10/11/2017 (jtho, ). (Entered: 09/01/2017) |
| 09/20/2017 | 18 | Joint MOTION for Protective Order by Ascension Technologies, Inc., Big Picture Loans, LLC, Daniel Gravel, Giiwegiizhigookway Martin, Matt Martorello, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit 1 (Proposed Stipulated Protective Order))(Anthony, David) (Entered: 09/20/2017) |
| 09/22/2017 | 19 | STIPULATED PROTECTIVE ORDER. See Order for details. Signed by District Judge Robert E. Payne on 9/22/2017. (Attachments: # 1 Exhibit A) (jsmi, ) (Entered: 09/22/2017) |
| 09/28/2017 | 20 | NOTICE of Appearance by Casey Shannon Nash on behalf of Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams (Nash, Casey) (Entered: 09/28/2017) |
| 09/29/2017 | 21 | Consent MOTION for Extension of Time to File Response/Reply *Pleadings* by Daniel Gravel. (Attachments: # 1 Exhibit 1)(Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 22 | MOTION to Dismiss for Lack of Jurisdiction by Ascension Technologies, Inc., Big Picture Loans, LLC. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 23 | Memorandum in Support re 22 MOTION to Dismiss for Lack of Jurisdiction filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 30, # 30 Exhibit 31, # 31 Exhibit 32, # 32 Exhibit 33, # 33 Exhibit 34, # 34 Exhibit 35, # 35 Exhibit 36, # 36 Exhibit 37, # 37 Exhibit 38, # 38 Exhibit 39, # 39 Exhibit 40, # 40 Exhibit 41, # 41 Exhibit 42, # 42 Exhibit 43, # 43 Exhibit 44)(Anthony, David) (Attachment 19 replaced on 10/2/2017) (jsmi, ). (Attachment 33 replaced on 10/2/2017) (jsmi, ). (Attachment 36 replaced on 10/2/2017) (jsmi, ). (Attachment 34 replaced on 10/2/2017) (jsmi, ). (Attachment 37 replaced on 10/2/2017) (jsmi, ). (Attachment 4 replaced on 11/21/2017 per Order 81 entered on 11/21/17) (jtho, ). (Attachment 24 replaced on 7/27/2018) (jsmi, ). (Attachment 29 replaced on 7/27/2018) (jsmi, ). (Attachment 31 replaced on 7/27/2018) (jsmi, ). (Attachment 34 replaced on 7/27/2018) (jsmi, ). (Entered: 09/29/2017) |
| 09/29/2017 | 24 | MOTION to Dismiss for Failure to State a Claim by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 25 | Memorandum in Support re 24 MOTION to Dismiss for Failure to State a Claim filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 26 | MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens* by Big Picture Loans, LLC. (Anthony, David) (Entered: |

| | | 09/29/2017 |
|---|---|---|
| 09/29/2017 | 27 | Memorandum in Support re 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens* filed by Big Picture Loans, LLC. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 28 | MOTION to Dismiss for Lack of Jurisdiction *(Subject Matter Jurisdiction, Personal Jurisdiction, and Article III Standing)* by Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 29 | Memorandum in Support re 28 MOTION to Dismiss for Lack of Jurisdiction *(Subject Matter Jurisdiction, Personal Jurisdiction, and Article III Standing)* filed by Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Affidavit G. McGeshick, # 2 Affidavit J. Williams, # 3 Affidavit S. McGeshick, # 4 Affidavit G. Martin)(Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 30 | ANSWER to 1 Complaint, by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr.(Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 31 | MOTION to Seal by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 32 | Memorandum in Support re 31 MOTION to Seal filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Appendix 1, # 2 Exhibit 1)(Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 33 | Notice of Filing Sealing Motion LCvR5(C) by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr re 28 MOTION to Dismiss for Lack of Jurisdiction *(Subject Matter Jurisdiction, Personal Jurisdiction, and Article III Standing)*, 24 MOTION to Dismiss for Failure to State a Claim , 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens*, 22 MOTION to Dismiss for Lack of Jurisdiction (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 34 | Sealed Attachment/Exhibit(s). (Attachments: # 1 Exhibit 2, # 2 Exhibit 19, # 3 Exhibit 20, # 4 Exhibit 22, # 5 Exhibit 24, # 6 Exhibit 30, # 7 Exhibit 32, # 8 Exhibit 33, # 9 Exhibit 35, # 10 Exhibit 36, # 11 Exhibit 38)(Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 35 | ANSWER to 1 Complaint, by Matt Martorello.(Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 36 | MOTION to Dismiss for Failure to State a Claim by Matt Martorello. (Anthony, David) (Entered: 09/29/2017) |
| 09/29/2017 | 37 | Memorandum in Support re 36 MOTION to Dismiss for Failure to State a Claim filed by Matt Martorello. (Anthony, David) (Entered: 09/29/2017) |
| 10/02/2017 | 38 | Financial Interest Disclosure Statement (Local Rule 7.1) by Big Picture Loans, LLC. (Anthony, David) (Entered: 10/02/2017) |
| 10/02/2017 | 39 | Financial Interest Disclosure Statement (Local Rule 7.1) by Ascension Technologies, Inc.. (Anthony, David) (Entered: 10/02/2017) |
| 10/03/2017 | 40 | ORDER that 21 CONSENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS is granted. It is further ORDERED that the defendant, Daniel Gravel, shall file his Answer and any other motions with respect to the Complaint |

| | | |
|---|---|---|
| | | by October 13, 2017. Signed by District Judge Robert E. Payne on 10/2/2017. (jsmi, ) (Entered: 10/03/2017) |
| 10/09/2017 | 41 | Joint MOTION for Extension of Time to File Response/Reply as to 28 MOTION to Dismiss for Lack of Jurisdiction *(Subject Matter Jurisdiction, Personal Jurisdiction, and Article III Standing)*, 24 MOTION to Dismiss for Failure to State a Claim , 36 MOTION to Dismiss for Failure to State a Claim , 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens*, 22 MOTION to Dismiss for Lack of Jurisdiction *to Extend Briefing Schedule* by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Matt Martorello, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit 1 (Proposed Order))(Anthony, David) (Entered: 10/09/2017) |
| 10/11/2017 | 42 | ORDER having considered the Joint Motion to Extend Briefing Schedule and for good cause shown, it is hereby ORDERED that the Joint Motion to Extend Briefing Schedule 41 is granted. It is further ORDERED that the Order 17 entered on September 1, 2017 is amended to reflect that plaintiffs shall file their response to the motions to dismiss by November 3, 2017 and the defendants shall file their replies by November 17, 2017. In all other respects the Order entered on September 1, 2017 shall remain unaffected and shall continue in full force and effect. Signed by District Judge Robert E. Payne on 10/10/17. (jtho, ) (Entered: 10/11/2017) |
| 10/11/2017 | 43 | ORDER that having considered DEFENDANTS BIG PICTURE LOANS, LLC, ASCENSIONTECHNOLOGIES, LLC, JAMES WILLIAMS, JR., GERTRUDE MCGESHICK, SUSANMCGESHICK, AND GIIWEGIIZHIGOOKWAY MARTIN'S Motion to Seal 31 and for good cause shown and the requirements of Local Civil Rule 5 having been met, it is hereby ORDERED that the Motion to Seal 31 is GRANTED and certain exhibits 34 to the pleadings as outlined in the Order are filed under seal provided that appropriately redacted versions thereof are filed in the public record. (SEE ORDER FOR DETAILS). Signed by District Judge Robert E. Payne on 10/10/17. (Entered: 10/11/2017) |
| 10/12/2017 | 44 | ORDER that any disputes related to the parties' discovery concerning the Court's jurisdiction over the Defendants are referred to United States Magistrate Judge Roderick C. Young for disposition. Signed by District Judge Robert E. Payne on 10/11/2017. (jsmi, ) (Entered: 10/12/2017) |
| 10/12/2017 | | Case referred to Magistrate Judge Roderick C. Young. (jsmi, ) (Entered: 10/12/2017) |
| 10/13/2017 | 45 | VACATED PER 47 ORDER ENTERED ON 10/16/2017 - ORDER that the parties file a joint motion - in accordance with this Order - addressing the current discovery disputes no later than 10 days from the entry of this Order. The parties are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court. See Order for details. Signed by Magistrate Judge Roderick C. Young on 10/13/2017. (jsmi, ) Modified on 10/16/2017 (jsmi, ). (Entered: 10/13/2017) |
| 10/13/2017 | 46 | Joint MOTION to Voluntarily Dismiss *(Defendant Daniel Gravel)* by Daniel Gravel. (Attachments: # 1 Exhibit 1 (Proposed Dismissal Order))(Anthony, David) (Entered: 10/13/2017) |
| 10/16/2017 | 47 | ORDER that the Court hereby vacates 45 Order previously issued on October 13, 2017. See Order for details. Signed by Magistrate Judge Roderick C. Young on 10/16/2017. (jsmi, ) (Entered: 10/16/2017) |
| 10/16/2017 | 48 | TRANSCRIPT of proceedings held on October 16, 2017, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE** |

JA025

| | | |
|---|---|---|
| | | **REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 11/15/2017. Redacted Transcript Deadline set for 12/18/2017. Release of Transcript Restriction set for 1/16/2018.(peterson, peppy) (Entered: 10/16/2017)** |
| 10/16/2017 | | Minute Entry for proceedings held before District Judge Robert E. Payne:Telephone Conference held on 10/16/2017. (Court Reporter Peppy Peterson, OCR.)(khan, ) (Entered: 11/02/2017) |
| 10/18/2017 | 49 | ORDER that Plaintiffs' motion for waiver of the privileges claimed in Defendants' attorney-client and work-product privilege logs and their supporting brief shall be filed by October 23, 2017; Defendants' response shall be filed by October 30, 2017, and Plaintiffs' reply shall be filed by November 8, 2017; Documents relating to the vendors of Big Picture Loans,LLC, may be produced in redacted form; All documents concerning the capital sources of Big Picture Loans, LLC, shall be produced in un-redacted form, and Defendants' objection to providing documents relating to the structure and operation of the business is OVERRULED; Defendants' objection to Plaintiffs ' subpoenas on the ground that they are intended to frustrate business operations is OVERRULED; All of Defendants' discovery requests are stricken, with the exception of Defendants' depositions of Plaintiffs; Defendants' request for a limitation on discovery to "Tier One" only is DENIED as premature; The provisions of this Court's 42 ORDER of October 11, 2017 requiring Plaintiffs to file their responses to Defendants' motions to dismiss by November 3, 2017 and Defendants to file their replies by November 11, 2017 shall be held in suspension until the parties have conferred with respect to the discovery required by this ORDER and a new schedule can be determined. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 10/17/2017. (jsmi, ) (Entered: 10/18/2017) |
| 10/18/2017 | 50 | DISMISSAL ORDER. It is, hereby ORDERED, ADJUDGED, and DECREED that the Complaint against DANIEL GRAVEL is DISMISSED without prejudice. Signed by District Judge Robert E. Payne on 10/17/2017. (jsmi, ) (Entered: 10/18/2017) |
| 10/23/2017 | 51 | MOTION to Compel *Documents Withheld on the Basis of Attorney-Client Privilege* by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 10/23/2017) |
| 10/23/2017 | 52 | Memorandum in Support re 51 MOTION to Compel *Documents Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Oct. 2 Privilege Log, # 2 Exhibit 2 - Oct. 10 Privilege Log, # 3 Exhibit 3 - Oct. 13 Privilege Log, # 4 Exhibit 4 - July 2012 Amended & Restated Servicing Agreement (Redacted), # 5 Exhibit 5 - BPL's Interrogatory Responses (Redacted), # 6 Exhibit 6 - Resume of James Dowd (Redacted), # 7 Exhibit 7 - Sept. 2015 Loan and Security Agreement (Redacted), # 8 Exhibit 8 - Ascension Employee List (Redacted), # 9 Exhibit 9 - Feb. 2015 Letter from McFadden (Redacted), # 10 Exhibit 10 - Promissory Note (Redacted), # 11 Exhibit 11 - Sept. 14, 2015 Agreement and Plan of Merger (Redacted))(Kelly, Kristi) (Entered: 10/23/2017) |
| 10/23/2017 | 53 | MOTION to Seal by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 10/23/2017) |

| 10/23/2017 | 54 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams re 53 MOTION to Seal (Kelly, Kristi) (Entered: 10/23/2017) |
| 10/23/2017 | 55 | Sealed Memorandum in Support re 53 MOTION to Seal . (Kelly, Kristi) (Entered: 10/23/2017) |
| 10/23/2017 | 56 | Sealed Attachment/Exhibit(s) re 53 MOTION to Seal . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Kelly, Kristi) (Entered: 10/23/2017) |
| 10/23/2017 | 57 | Memorandum in Support re 53 MOTION to Seal filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 10/23/2017) |
| 10/24/2017 | 58 | NOTICE of Appearance by Timothy James St. George on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Matt Martorello, Gertrude McGeshick, Susan McGeshick, James Williams, Jr (St. George, Timothy) (Entered: 10/24/2017) |
| 10/24/2017 | 59 | Joint MOTION for Entry of Agreed Order by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1. Agreed Order) (Kelly, Kristi) (Entered: 10/24/2017) |
| 10/26/2017 | 60 | AGREED ORDER. It is ORDERED that the deadlines set forth in the Court's September 1, 2017 17 Order regarding the Defendants' motions to dismiss are hereby AMENDED as follows: Plaintiffs shall respond to the Defendants' motions to dismiss by December 7, 2017, and Defendants shall file their replies by December 21, 2017. Signed by District Judge Robert E. Payne on 10/26/2017. (jsmi, ) (Entered: 10/26/2017) |
| 10/27/2017 | 61 | MOTION for Protective Order *to Protect Privileged Attorney-Client Communications* by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (St. George, Timothy) (Entered: 10/27/2017) |
| 10/27/2017 | 62 | Memorandum in Support re 61 MOTION for Protective Order *to Protect Privileged Attorney-Client Communications* filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit A)(St. George, Timothy) (Entered: 10/27/2017) |
| 10/30/2017 | 63 | RESPONSE in Support re 53 MOTION to Seal filed by Matt Martorello. (St. George, Timothy) (Entered: 10/30/2017) |
| 10/30/2017 | 64 | RESPONSE in Support re 53 MOTION to Seal filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (St. George, Timothy) (Entered: 10/30/2017) |
| 10/30/2017 | 65 | Memorandum in Opposition re 51 MOTION to Compel *Documents Withheld on the Basis of Attorney-Client Privilege* filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(St. George, Timothy) (Entered: 10/30/2017) |
| 10/30/2017 | 66 | Second MOTION to Seal by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (St. George, Timothy) (Entered: 10/30/2017) |
| 10/30/2017 | 67 | Memorandum in Support re 66 Second MOTION to Seal filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude |

JA027

| | | |
|---|---|---|
| | | McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Appendix 1)(St. George, Timothy) (Entered: 10/30/2017) |
| 10/30/2017 | 68 | Notice of Filing Sealing Motion LCvR5(C) by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr re 66 Second MOTION to Seal (St. George, Timothy) (Entered: 10/30/2017) |
| 10/30/2017 | 69 | Sealed Response/Reply/Opposition. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Certificate of Service)(St. George, Timothy) (Entered: 10/30/2017) |
| 11/02/2017 | 70 | ORDER that the plaintiffs' 53 MOTION TO SEAL is granted in part and denied in part. The Motion is granted with respect to the PLAINTIFFS' 55 MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DOCUMENTS WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE and Exhibits 4, 5, 7, 8, 9, 10, and 11 thereto and those documents are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. The plaintiffs' MOTION TO SEAL is denied with respect Exhibit 6, the Resume of James V. Dowd, and the plaintiffs are directed to file a version of the resume redacting the personal identifiers of Mr. Dowd forthwith. Signed by District Judge Robert E. Payne on 11/1/2017. (jsmi, ) (Entered: 11/02/2017) |
| 11/08/2017 | 71 | REPLY to Response to Motion re 51 MOTION to Compel *Documents Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Kelly, Kristi) (Entered: 11/08/2017) |
| 11/08/2017 | 72 | Memorandum in Opposition re 61 MOTION for Protective Order *to Protect Privileged Attorney-Client Communications* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kelly, Kristi) (Entered: 11/08/2017) |
| 11/09/2017 | 73 | ORDER granting 66 TRIBAL DEFENDANTS' Motion to Seal MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL and Exhibits 2, 3, 4, and 5 thereto provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by District Judge Robert E. Payne on 11/09/2017. (nbrow) (Entered: 11/09/2017) |
| 11/17/2017 | 74 | MOTION For Leave to Replace Exhibit No. 4 re 23 Memorandum in Support,,,, *(Unopposed)* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 11/17/2017) |
| 11/17/2017 | 75 | Memorandum in Support re 74 MOTION For Leave to Replace Exhibit No. 4 re 23 Memorandum in Support,,,, *(Unopposed)* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit A)(St. George, Timothy) (Entered: 11/17/2017) |
| 11/20/2017 | 76 | REPLY to Response to Motion re 61 MOTION for Protective Order *to Protect Privileged Attorney-Client Communications* filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(St. George, Timothy) (Entered: 11/20/2017) |
| 11/20/2017 | 77 | MOTION Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to Compel re 52 Memorandum in Support,,, by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (St. George, Timothy) (Entered: 11/20/2017) |

JA028

| 11/20/2017 | 78 | Memorandum in Support re 77 MOTION Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to Compel re 52 Memorandum in Support,,, filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Attachments: # 1 Exhibit A)(St. George, Timothy) (Entered: 11/20/2017) |
|---|---|---|
| 11/21/2017 | 79 | Memorandum in Opposition re 77 MOTION Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to Compel re 52 Memorandum in Support,,, filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 11/21/2017) |
| 11/21/2017 | 80 | REPLY to Response to Motion re 77 MOTION Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to Compel re 52 Memorandum in Support,,, filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (St. George, Timothy) (Entered: 11/21/2017) |
| 11/21/2017 | 81 | ORDER having considered the Unopposed 74 Motion for Leave to Replace Exhibit, 23-4, and there being no objection, it is hereby ORDERED that the Clerk is directed to substitute the corrected Exhibit (ECF No. 75-1) in place of Exhibit 4 (ECF No. 23-4) to Big Picture Loans, LLC and Ascension Technologies, Inc.'s Brief in Support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Signed by District Judge Robert E. Payne on 11/21/17. (jtho, ) (Entered: 11/21/2017) |
| 11/27/2017 | 82 | NOTICE by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams re 70 Order on Motion to Seal,, *(Notice of Filing Regarding Plaintiffs' Motion to Seal)* (Attachments: # 1 Exhibit (Redacted Amended Servicing Agreement), # 2 Exhibit (Redacted Interrogatory Responses), # 3 Exhibit (Redacted Resume of James Dowd), # 4 Exhibit (Redacted Loan and Security Agreement), # 5 Exhibit (Redacted Ascension Employee List), # 6 Exhibit (Unredacted Feb. 2015 Letter), # 7 Exhibit (Redacted Promissory Note), # 8 Exhibit (Redacted Plan of Merger))(Kelly, Kristi) (Entered: 11/27/2017) |
| 12/07/2017 | 83 | Memorandum in Opposition re: 22 MOTION to Dismiss for Lack of Subject Matter Jurisdiction filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit). (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Attachment 5 replaced on 2/22/2018) (jsmi, ). (Attachment 2 replaced on 7/27/2018) (jsmi, ). (Attachment 4 replaced on 7/27/2018) (jsmi, ). (Attachment 5 replaced on 7/27/2018) (jsmi, ). (Attachment 6 replaced on 7/27/2018) (jsmi, ). (Attachment 7 replaced on 7/27/2018) (jsmi, ). (Attachment 8 replaced on 7/27/2018) (jsmi, ). (Attachment 11 replaced on 7/27/2018) (jsmi, ). (Attachment 13 replaced on 7/27/2018) (jsmi, ). (Attachment 15 replaced on 7/27/2018) (jsmi, ). (Attachment 16 replaced on 7/27/2018) (jsmi, ). (Attachment 17 replaced on 7/27/2018) (jsmi, ). (Attachment 22 replaced on 7/27/2018) (jsmi, ). (Attachment 23 replaced on 7/27/2018) (jsmi, ). (Attachment 24 replaced on 7/27/2018) (jsmi, ). (Attachment 25 replaced on 7/27/2018) (jsmi, ). (Attachment 26 replaced on 7/27/2018) (jsmi, ). (Attachment 30 replaced on 7/27/2018) (jsmi, ). (Attachment 32 replaced on 7/27/2018) (jsmi, ). (Entered: 12/07/2017) |
| 12/07/2017 | 84 | Memorandum in Opposition re 24 MOTION to Dismiss for Failure to State a Claim filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. |

| | | (Kelly, Kristi) (Entered: 12/07/2017) |
|---|---|---|
| 12/07/2017 | 85 | Memorandum in Opposition re 36 MOTION to Dismiss for Failure to State a Claim filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Excerpt of Hearing Transcript)(Kelly, Kristi) (Entered: 12/07/2017) |
| 12/07/2017 | 86 | Memorandum in Opposition re: 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit). (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017) |
| 12/07/2017 | 87 | Memorandum in Opposition re 28 MOTION to Dismiss for Lack of Jurisdiction *(Subject Matter Jurisdiction, Personal Jurisdiction, and Article III Standing)* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 12/07/2017) |
| 12/07/2017 | 88 | MOTION to Seal *83 Memorandum in Opposition re: 22 MOTION to Dismiss for Lack of Subject Matter Jurisdiction* by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order). (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017) |
| 12/07/2017 | 89 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams re 88 MOTION to Seal (Kelly, Kristi) (Entered: 12/07/2017) |
| 12/07/2017 | 90 | Sealed Memorandum in Opposition to 22 MOTION to Dismiss for Lack of Subject Matter Jurisdiction re: 88 MOTION to Seal. (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017) |
| 12/07/2017 | 91 | Sealed Exhibits re: 90 Sealed Memorandum in Opposition to 22 MOTION to Dismiss for Lack of Subject Matter Jurisdiction re: 88 MOTION to Seal. (Attachments: # 1 Exhibit #2 to Plaintiffs' Opposition, # 2 Exhibit #3 to Plaintiffs' Opposition, # 3 Exhibit #4 to Plaintiffs' Opposition, # 4 Exhibit #5 to Plaintiffs' Opposition, # 5 Exhibit #6 to Plaintiffs' Opposition, # 6 Exhibit #7 to Plaintiffs' Opposition, # 7 Exhibit #8 to Plaintiffs' Opposition, # 8 Exhibit #9 to Plaintiffs' Opposition, # 9 Exhibit #10 to Plaintiffs' Opposition, # 10 Exhibit #11 to Plaintiffs' Opposition, # 11 Exhibit #12 to Plaintiffs' Opposition, # 12 Exhibit #13 to Plaintiffs' Opposition, # 13 Exhibit #14 to Plaintiffs' Opposition, # 14 Exhibit #15 to Plaintiffs' Opposition, # 15 Exhibit #16 to Plaintiffs' Opposition, # 16 Exhibit #17 to Plaintiffs' Opposition, # 17 Exhibit #18 to Plaintiffs' Opposition, # 18 Exhibit #19 to Plaintiffs' Opposition, # 19 Exhibit #20 to Plaintiffs' Opposition, # 20 Exhibit #21 to Plaintiffs' Opposition, # 21 Exhibit #22 to Plaintiffs' Opposition, # 22 Exhibit #23 to Plaintiffs' Opposition, # 23 Exhibit #24 to Plaintiffs' Opposition, # 24 Exhibit #25 to Plaintiffs' Opposition, # 25 Exhibit #26 to Plaintiffs' Opposition, # 26 Exhibit #27 to Plaintiffs' Opposition, # 27 Exhibit #28 to Plaintiffs' Opposition, # 28 Exhibit #29 to Plaintiffs' Opposition, # 29 Exhibit #30 to Plaintiffs' Opposition, # 30 Exhibit #31 to Plaintiffs' Opposition, # 31 Exhibit #32 to Plaintiffs' Opposition). (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Attachment 4 replaced on 2/22/2018) (jsmi, ). (Entered: 12/07/2017) |
| 12/07/2017 | 92 | Memorandum in Support re 88 MOTION to Seal filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 12/07/2017) |
| 12/07/2017 | 93 | MOTION to Seal *86 Memorandum in Opposition re: 26 MOTION to Dismiss for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams.* |

| | | *(Attachments: # 1 Proposed Order). (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017)* |
|---|---|---|
| 12/07/2017 | 94 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams re 93 Second MOTION to Seal (Kelly, Kristi) (Entered: 12/07/2017) |
| 12/07/2017 | 95 | Sealed Memorandum in Opposition re: 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens* re: 93 MOTION to Seal. (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017) |
| 12/07/2017 | 96 | Sealed Exhibits re: 95 Sealed Memorandum in Opposition re: 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens* re: 93 MOTION to Seal. (Attachments: # 1 Exhibit #2 to Plaintiffs' Opposition, # 2 Exhibit #3 to Plaintiffs' Opposition, # 3 Exhibit #4 to Plaintiffs' Opposition, # 4 Exhibit #5 to Plaintiffs' Opposition, # 5 Exhibit #6 to Plaintiffs' Opposition). (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017) |
| 12/07/2017 | 97 | Memorandum in Support re: 93 MOTION to Seal filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi). Modified docket entry on 12/08/2017. (walk, ). (Entered: 12/07/2017) |
| 12/21/2017 | 98 | REPLY to Response to Motion re 36 MOTION to Dismiss for Failure to State a Claim filed by Matt Martorello. (St. George, Timothy) (Entered: 12/21/2017) |
| 12/21/2017 | 99 | REPLY to Response to Motion re 24 MOTION to Dismiss for Failure to State a Claim filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 12/21/2017) |
| 12/21/2017 | 100 | REPLY to Response to Motion re 26 MOTION to Dismiss *for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens* filed by Big Picture Loans, LLC. (Anthony, David) (Entered: 12/21/2017) |
| 12/21/2017 | 101 | REPLY to Response to Motion re 28 MOTION to Dismiss for Lack of Jurisdiction *(Subject Matter Jurisdiction, Personal Jurisdiction, and Article III Standing)* filed by Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (Anthony, David) (Entered: 12/21/2017) |
| 12/21/2017 | 102 | REPLY to Response to Motion re 22 MOTION to Dismiss for Lack of Jurisdiction filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22)(Anthony, David) (Attachment 3 replaced on 7/27/2018) (jsmi, ). (Attachment 4 replaced on 7/27/2018) (jsmi, ). (Attachment 5 replaced on 7/27/2018) (jsmi, ). (Attachment 6 replaced on 7/27/2018) (jsmi, ). (Attachment 7 replaced on 7/27/2018) (jsmi, ). (Attachment 11 replaced on 7/27/2018) (jsmi, ). (Attachment 13 replaced on 7/27/2018) (jsmi, ). (Attachment 22 replaced on 7/27/2018) (jsmi, ). (Entered: 12/21/2017) |
| 12/21/2017 | 103 | MOTION to Seal by Ascension Technologies, Inc., Big Picture Loans, LLC. (Anthony, David) (Entered: 12/21/2017) |
| 12/21/2017 | 104 | Memorandum in Support re 103 MOTION to Seal filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Appendix 1)(Anthony, David) (Entered: |

JA031

| | | |
|---|---|---|
| | | 12/21/2017) |
| 12/21/2017 | 105 | Notice of Filing Sealing Motion LCvR5(C) by Ascension Technologies, Inc., Big Picture Loans, LLC re 103 MOTION to Seal (Anthony, David) (Entered: 12/21/2017) |
| 12/21/2017 | 106 | Sealed Response/Reply/Opposition. (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14, # 14 Exhibit 17, # 15 Exhibit 19, # 16 Exhibit 20, # 17 Exhibit 21, # 18 Exhibit 22, # 19 Certificate of Service)(Anthony, David) (Entered: 12/21/2017) |
| 12/28/2017 | 107 | ORDER that the plaintiffs' 88 MOTION TO SEAL is granted and PLAINTIFFS' 83 MEMORANDUM IN OPPOSITION TO DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION and Exhibits 1-30, and 32 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 12/28/2017. (jsmi, ) (Entered: 12/28/2017) |
| 12/28/2017 | 108 | ORDER that the plaintiffs' 93 SECOND MOTION TO SEAL is granted and PLAINTIFFS' 95 OPPOSITION TO DEFENDANT BIG PICTURE LOANS, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO EXHAUST TRIBAL REMEDIES AND UNDER THE DOCTRINE OF FORUM NON CONVENIENS and 96 Exhibits 1, 2, 3, 4, 5 and 6 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 12/28/2017. (jsmi, ) (Entered: 12/28/2017) |
| 01/03/2018 | 109 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr re 73 Order on Motion to Seal, *(Notice of Filing Regarding Defendants' Motion to Seal)* (Attachments: # 1 Exhibit 2 (Redacted), # 2 Exhibit 3, # 3 Exhibit 4 (Redacted), # 4 Exhibit 5 (Redacted))(St. George, Timothy) (Entered: 01/03/2018) |
| 01/03/2018 | 110 | ORDER that 103 TRIBAL DEFENDANTS' THIRD MOTION TO SEAL is granted and 106 BIG PICTURE LOANS AND ASCENSION TECHNOLOGIES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 1/3/2018. (cgar, ) (Entered: 01/03/2018) |
| 01/12/2018 | 111 | ORDER re submissions made by the defendants, Big Picture Loans, LLC, Ascension Technologies, LLC, James Williams, Jr., Gertrude McGeshick, Susan McGeshick, and Giiwegiizhiigookway Martin, respecting claims of privilege. It is hereby ORDERED that the claims of privilege are sustained, overruled, or modified as outlined. Documents as to which the claims of privilege have been overruled in whole or in part shall be produced to plaintiffs' counsel by January 20, 2018. See Order for details. Signed by District Judge Robert E. Payne on 1/12/2018. (jsmi, ) (Entered: 01/12/2018) |
| 02/02/2018 | 112 | MOTION for Leave to File *Supplemental Authority* by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 02/02/2018) |
| 02/02/2018 | 113 | Memorandum in Support re 112 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Memorandum Opinion in Pennsylvania v. Think Finance, # 2 Exhibit 2 - Finding of Fact and Conclusion of Law in CFPB v. CashCall)(Kelly, Kristi) (Entered: 02/02/2018) |

| 02/06/2018 | 114 | Response to 112 MOTION for Leave to File *Supplemental Authority* filed by Ascension Technologies, Inc., Big Picture Loans, LLC, Giiwegiizhigookway Martin, Gertrude McGeshick, Susan McGeshick, James Williams, Jr. (St. George, Timothy) (Entered: 02/06/2018) |
| --- | --- | --- |
| 02/08/2018 | 115 | Response to 114 Response, filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/08/2018) |
| 02/27/2018 | 116 | ORDER that the following motions are denied as moot: PLAINTIFFS' 51 MOTION TO COMPEL DOCUMENTS WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE; DEFENDANTS 61 MOTION FOR PROTECTIVE ORDER TO PROTECT PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS; and TRIBAL DEFENDANTS' 77 MOTION FOR LEAVE TO FILE SUR-REPLY. See Order for details. Signed by District Judge Robert E. Payne on 2/27/2018. (jsmi, ) (Entered: 02/27/2018) |
| 03/12/2018 | 117 | ORDER that defendants' 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED is granted in part and taken under advisement in part. The motion is taken under advisement to the extent that Big Picture Loans, LLC and Ascension Technologies, Inc. seek dismissal under Rule 12(b)(6). However, the motion is granted to the extent that the Tribal Officer Defendants seek dismissal under Rule 12(b)(6. By April 5, 2018, Plaintiffs may file an Amended Complaint as to the Tribal Officer Defendants; and the Tribal Officer Defendants shall, by April 30, 2018, file their Answers thereto and any motions respecting the adequacy of the Amended Complaint. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. See Order for details. Signed by District Judge Robert E. Payne on 3/9/2018. (jsmi, ) (Entered: 03/12/2018) |
| 03/12/2018 | 118 | ORDER that Plaintiffs' 112 MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY is granted. Signed by District Judge Robert E. Payne on 3/9/2018. (jsmi, ) (Entered: 03/12/2018) |
| 03/12/2018 | 119 | ORDER that 36 MOTION OF DEFENDANT MATT MARTORELLO TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12 is denied. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. See Order for details. Signed by District Judge Robert E. Payne on 3/12/2018. (jsmi, ) (Entered: 03/12/2018) |
| 03/12/2018 | 120 | ORDER that DEFENDANTS JAMES WILLIAMS, JR., GERTRUDE MCGESHICK, SUSAN MCGESHICK, AND GIIWEGIIZHIGOOKWAY MARTIN'S 28 MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND ARTICLE III STANDING is denied as moot. The Tribal Officer Defendants shall file any motions regarding the Court's lack of jurisdiction based on the Amended Complaint by April 30, 2018. Signed by District Judge Robert E. Payne on 3/12/2018. (jsmi, ) (Entered: 03/12/2018) |
| 04/04/2018 | 121 | NOTICE of Voluntary Dismissal *Without Prejudice as to the Tribal Officials* by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams (Kelly, Kristi) (Entered: 04/04/2018) |
| 04/05/2018 | 122 | ORDER that Plaintiffs' 121 notice shall be construed as a notice of its intent not to file an Amended Complaint against the Tribal Officer Defendants. Accordingly, those defendants may be terminated as defendants in this action (please see Order for additional information.) It is so ORDERED. Signed by District Judge Robert E. Payne on 04/04/2018. (walk, ) (Entered: 04/05/2018) |

JA033

| 06/25/2018 | 123 | ORDER that the foregoing documents will be unsealed unless the Defendants demonstrate by 5:00 p.m., June 28, 2018 that there are valid reasons for keeping the documents under seal in perspective of the rights of public access to court documents under the common law and the First Amendment, especially those that are key to an understanding of a court decision on an important issue. Signed by District Judge Robert E. Payne on 6/25/2018. (jsmi, ) (Entered: 06/25/2018) |
|---|---|---|
| 06/26/2018 | 124 | ORDER that DEFENDANTS BIG PICTURE LOANS AND ASCENSION TECHNOLOGIES' 22 MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION is denied. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. As all pending motions to dismiss have been resolved, it is further ORDERED that the parties shall communicate with chambers to set a pretrial and trial schedule in this action. Signed by District Judge Robert E. Payne on 6/26/2018. (jsmi, ) (Entered: 06/26/2018) |
| 06/26/2018 | 125 | ORDER that DEFENDANTS BIG PICTURE LOANS, LLC, ASCENSION TECHNOLOGIES, LLC, JAMES WILLIAMS, JR., GERTRUDE MCGESHICK, SUSAN MCGESHICK, AND GIIWEGIIZHIGOOKWAY MARTIN'S 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED is denied as to Big Picture and Ascension. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. Signed by District Judge Robert E. Payne on 6/26/2018. (jsmi, ) (Entered: 06/26/2018) |
| 06/28/2018 | 126 | MOTION To File an Opinion Under Seal or, Alternatively, to Permanently Seal 37 Documents by Ascension Technologies, Inc., Big Picture Loans, LLC. (Anthony, David) (Entered: 06/28/2018) |
| 06/28/2018 | 127 | Memorandum in Support re 126 MOTION To File an Opinion Under Seal or, Alternatively, to Permanently Seal 37 Documents filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Anthony, David) (Entered: 06/28/2018) |
| 07/03/2018 | 128 | ORDER SETTING PRETRIAL CONFERENCE. *See for complete details*. Signed by Nikki Brown with the permission of District Judge Robert E. Payne on 07/03/2018. (nbrow) (Entered: 07/03/2018) |
| 07/03/2018 | 129 | SCHEDULING ORDER: Initial Pretrial Conference set for 7/24/2018 at 11:45 AM in Richmond Judges Chamber before District Judge Robert E. Payne. *See for complete details*. Signed by Nikki Brown with the permission of District Judge Robert E. Payne on 07/03/2018. (Attachment: # 1 Schedule A) (nbrow) (Entered: 07/03/2018) |
| 07/03/2018 | 131 | AMENDED PER ORDER 132 ORDER that TRIBAL DEFENDANTS' 126 MOTION TO FILE AN OPINION UNDER SEAL OR, ALTERNATIVELY, TO PERMANENTLY SEAL 37 DOCUMENTS is granted to the extent that the Tribal Defendants seek to have the Memorandum Opinion regarding DEFENDANTS BIG PICTURE LOANS AND ASCENSION TECHNOLOGIES' 22 MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION temporarily filed under seal. The Clerk is directed to file the Memorandum Opinion under seal, and to provide counsel for Plaintiffs, Big Picture, and Ascension with copies of the Opinion. The Opinion will remain sealed for 14 days. See Order for additional details. Signed by District Judge Robert E. Payne on 7/3/2018. (jsmi, ) Modified on 7/5/2018 (tjoh, ). (Entered: 07/03/2018) |
| 07/05/2018 | 132 | ORDER. Having reconsidered the process described in the Court's previous ORDER (EOF No. 131), it is hereby ORDERED that the Order is amended such that any |

JA034

| | | |
|---|---|---|
| | | notebook submitted to the Court for in camera review shall also be provided to Plaintiffs, which may review the notebook consistent with the STIPULATED PROTECTIVE ORDER (EOF No. 19). If Plaintiffs have any response to the request that certain documents remain sealed, they shall respond within ten (10) days of the submission of the notebook, and the party requesting redaction shall reply within three (3) days thereof. Signed by District Judge Robert E. Payne on 07/03/2018. (tjoh, ) (Entered: 07/05/2018) |
| 07/17/2018 | 133 | Response to 131 Order on Motion for Miscellaneous Relief,, filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (St. George, Timothy) (Entered: 07/17/2018) |
| 07/17/2018 | 134 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC re 132 Order,, *of Submission of Documents for In Camera Review Pursuant to the Court's July 3, 2018 Order* (St. George, Timothy) (Entered: 07/17/2018) |
| 07/19/2018 | 135 | NOTICE OF APPEAL as to 124 Order on Motion to Dismiss/Lack of Jurisdiction,, by Ascension Technologies, Inc., Big Picture Loans, LLC. Filing fee $ 505, receipt number 0422-6185152. (St. George, Timothy) (Entered: 07/19/2018) |
| 07/20/2018 | 136 | ORDER that the Initial Pretrial Conference scheduled for 11:45 a.m. July 24, 2018 is rescheduled to 11:30 a.m. July 25, 2018. Signed by District Judge Robert E. Payne on 7/19/2018. (jsmi, ) (Entered: 07/20/2018) |
| 07/20/2018 | | Reset Hearing: Initial Pretrial Conference set for 7/25/2018 at 11:30 AM in Richmond Judges Chamber before District Judge Robert E. Payne. (nbrow) (Entered: 07/20/2018) |
| 07/20/2018 | 137 | MOTION to Stay *Proceedings Pending Appeal* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 07/20/2018) |
| 07/20/2018 | 138 | Memorandum in Support re 137 MOTION to Stay *Proceedings Pending Appeal* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(St. George, Timothy) (Entered: 07/20/2018) |
| 07/20/2018 | 139 | Transmission of Notice of Appeal to US Court of Appeals re 135 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (lgar, ) (Entered: 07/20/2018) |
| 07/23/2018 | | USCA Case Number 18-1827, Case Manager Cathy Herb for 135 Notice of Appeal filed by Big Picture Loans, LLC, Ascension Technologies, Inc.. (lgar, ) (Entered: 07/23/2018) |
| 07/24/2018 | 140 | MOTION to Stay by Matt Martorello. (St. George, Timothy) (Entered: 07/24/2018) |
| 07/24/2018 | 141 | Memorandum in Support re 140 MOTION to Stay filed by Matt Martorello. (St. George, Timothy) (Entered: 07/24/2018) |
| 07/25/2018 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Initial Pretrial Conference held on 7/25/2018. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 07/25/2018) |
| 07/25/2018 | 142 | ORDER that DEFENDANT BIG PICTURE LOANS, LLC'S 26 MOTION TO DISMISS FOR FAILURE TO EXHAUST TRIBAL REMEDIES AND UNDER THE DOCTRINE OF FORUM NON CONVENIENS is denied. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. See Order for details. Signed by District Judge Robert E. Payne on 7/24/2018. (jsmi, ) (Entered: 07/25/2018) |

| | | |
|---|---|---|
| 07/25/2018 | 143 | ORDER that the Clerk shall unseal entirely the following documents: ECF Nos. 34, 34-1, 34-2, 34-3, 34-4, 34-8, 34-10, 34-11, 90, 91-8, 91-9, 91-11, 91-13, 91-17, 91-18, 91-26, 91-27, 91-28, 91-30, 106, 106-1, 106-7, 106-8, 106-9, 106-11, 106-13, 106-16, and 106-17. Furthermore, it is ORDERED that Plaintiffs or Big Picture and Ascension whichever party originally filed the document noted shall re-file the following documents with redactions consistent with those described: ECF Nos. 23-24, 23-29, 23-31, 23-34, 83-2, 83-4, 83-5, 83-6, 83-7, 83-8, 83-11, 83-13, 83-15, 83-16, 83-17, 83-22, 83-23, 83-24, 83-25, 83-26, 83-30, 83-32, 102-3, 102-4, 102-5, 102-6, 102-7, 102-11, 102-13, and 102-22. All other documents not referenced in this Order shall remain sealed. Signed by District Judge Robert E. Payne on 7/25/2018. (jsmi, ) (Entered: 07/25/2018) |
| 07/26/2018 | 144 | JURY INITIAL PRETRIAL ORDER. At a pretrial conference held on July 25, 2018, this action was set for trial by a jury on March 18, 2019, at 9:30 o'clock, a.m. The Scheduling Order and Pretrial Schedule A previously issued in this action shall remain in effect. A Final Pretrial Conference will be conducted at 10:00 o'clock, a.m. on March 11, 2019, at which time trial counsel shall appear and present for entry a Final Pretrial Order setting forth: (*See for complete details*). It is so ORDERED. Signed by District Judge Robert E. Payne on 07/26/2018. (nbrow) (Entered: 07/26/2018) |
| 07/26/2018 | | Set Hearings: Final Pretrial Conference set for 3/11/2019 at 10:00 AM in Richmond Judges Chamber before District Judge Robert E. Payne. Jury Trial set for 3/18/2019 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 07/26/2018) |
| 07/26/2018 | 145 | ORDER that the settlement conference and proceedings required by paragraph 3 of the Scheduling Order are referred to United States Magistrate Judge David J. Novak. Counsel shall be responsible for contacting the Chambers of Magistrate Judge Novak within 5 days of the date of this Order to schedule the conference to occur within the fifty-day period required by paragraph 3 of the Scheduling Order or at such other time as Magistrate Judge Novak shall approve. Signed by District Judge Robert E. Payne on 7/26/2018. (jsmi, ) (Entered: 07/26/2018) |
| 07/26/2018 | | Case referred to Magistrate Judge David J. Novak. (jsmi, ) (Entered: 07/26/2018) |
| 07/27/2018 | 146 | REDACTED MEMORANDUM OPINION re: (SEALED MEMORANDUM OPINION 130 ). Signed by District Judge Robert E. Payne on 07/27/2018. (tjoh, ) Modified docket text on 5/24/2019 (jtho, ). (Entered: 07/27/2018) |
| 07/31/2018 | 147 | TRANSCRIPT of proceedings held on July 25, 2018, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/30/2018. Redacted Transcript Deadline set for 10/1/2018. Release of Transcript Restriction set for 10/29/2018.**(peterson, peppy) (Entered: 07/31/2018) |
| 08/02/2018 | 148 | MOTION to Overrule Defendant Martorello's Discovery Objections by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 08/02/2018) |

JA036

| 08/02/2018 | 149 | Memorandum in Support re 148 MOTION to Overrule Defendant Martorello's Discovery Objections filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Kelly, Kristi) (Entered: 08/02/2018) |
| 08/03/2018 | | Conference Call set for 8/3/2018 at 11:00 AM before Magistrate Judge David J. Novak. (cgar) (Entered: 08/03/2018) |
| 08/03/2018 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Telephone Conference held on 8/3/2018. (cgar) (Entered: 08/03/2018) |
| 08/03/2018 | 150 | Memorandum in Opposition re 137 MOTION to Stay *Proceedings Pending Appeal* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 08/03/2018) |
| 08/07/2018 | 151 | Memorandum in Opposition re 140 MOTION to Stay filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Oct. 31, 2017 e-mail correspondence, # 2 Exhibit 2 - Aug. 2018 letter correspondence) (Kelly, Kristi) (Entered: 08/07/2018) |
| 08/09/2018 | 152 | REPLY to Response to Motion re 137 MOTION to Stay *Proceedings Pending Appeal* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit A)(St. George, Timothy) (Entered: 08/09/2018) |
| 08/13/2018 | 153 | Consent MOTION for Extension of Time to File Response/Reply *in Support of Motion to Stay* by Matt Martorello. (Attachments: # 1 Proposed Order)(St. George, Timothy) (Entered: 08/13/2018) |
| 08/14/2018 | 154 | ORDER that 153 Motion for Extension of Time to File Reply Brief in Support of Motion to Stay is granted, and that Matt Martorello shall have up to and including August 16, 2018 to file his reply brief in support of his Motion to Stay. Signed by District Judge Robert E. Payne on 8/14/2018. (jsmi, ) (Entered: 08/14/2018) |
| 08/16/2018 | 155 | NOTICE of Appearance by Maurice Francis Mullins on behalf of Matt Martorello (Mullins, Maurice) (Entered: 08/16/2018) |
| 08/16/2018 | 156 | REPLY to Response to Motion re 140 MOTION to Stay filed by Matt Martorello. (Mullins, Maurice) (Entered: 08/16/2018) |
| 08/16/2018 | 157 | Memorandum in Opposition re 148 MOTION to Overrule Defendant Martorello's Discovery Objections filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Mullins, Maurice) (Entered: 08/16/2018) |
| 08/17/2018 | 158 | MOTION to Withdraw as Attorney *Karrie Sue Wichtman* by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1 (Proposed Order))(St. George, Timothy) (Entered: 08/17/2018) |
| 08/17/2018 | 159 | Memorandum in Support re 158 MOTION to Withdraw as Attorney *Karrie Sue Wichtman* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 08/17/2018) |
| 08/17/2018 | 160 | NOTICE of Appearance by Hugh McCoy Fain, III on behalf of Matt Martorello (Fain, Hugh) (Entered: 08/17/2018) |
| 08/17/2018 | 161 | NOTICE of Appearance by John Michael Erbach on behalf of Matt Martorello (Erbach, John) (Entered: 08/17/2018) |
| 08/20/2018 | 162 | ORDER REGARDING PROCEDURES FOR SETTLEMENT CONFERENCE. The Court has scheduled this case for a settlement conference on **September 4, 2018, at 10:00 a.m.** At that time, the parties shall report to the chambers of United States |

JA037

| | | |
|---|---|---|
| | | Magistrate Judge David J. Novak. In addition to counsel, each party must have a representative physically present with the full authority to settle this action. The failure of a party to have a representative physically present with full authority to settle the case may result in the imposition of sanctions upon that party. SEE ORDER FOR DETAILS. Signed by Magistrate Judge David J. Novak on 08/17/2018. (smej, ) (Entered: 08/20/2018) |
| 08/20/2018 | | Settlement Conference set for 9/4/2018 at 10:00 AM in Richmond Judges Chamber before Magistrate Judge David J. Novak. (cgar) (Entered: 08/20/2018) |
| 08/21/2018 | 163 | ORDER that the MOTION TO WITHDRAW COUNSEL [sic] 158 is granted. It is further ORDERED that the Clerk shall remove Karrie Sue Wichtman, Esquire as counsel of record for the defendants, Big Picture Loans, LLC and Ascension Technologies, Inc. Signed by District Judge Robert E. Payne on 08/20/2018. (smej, ) (Entered: 08/21/2018) |
| 08/22/2018 | 164 | REPLY to Response to Motion re 148 MOTION to Overrule Defendant Martorello's Discovery Objections filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Kelly, Kristi) (Entered: 08/22/2018) |
| 08/22/2018 | 165 | MOTION to Seal by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 08/22/2018) |
| 08/22/2018 | 166 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams re 165 MOTION to Seal (Kelly, Kristi) (Entered: 08/22/2018) |
| 08/22/2018 | 167 | Sealed Document re 165 MOTION to Seal . (Attachments: # 1 Exhibit 4 to Reply Brief, # 2 Exhibit 5 to Reply Brief)(Kelly, Kristi) (Entered: 08/22/2018) |
| 08/22/2018 | 168 | Memorandum in Support re 165 MOTION to Seal filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 08/22/2018) |
| 08/24/2018 | 169 | MOTION for Leave to File *a Sur Reply in Opposition to Plaintiffs' Motion to Overrule Discovery Objections* by Matt Martorello. (Attachments: # 1 Proposed Order)(Mullins, Maurice) (Entered: 08/24/2018) |
| 08/24/2018 | 170 | Memorandum in Support re 169 MOTION for Leave to File *a Sur Reply in Opposition to Plaintiffs' Motion to Overrule Discovery Objections* filed by Matt Martorello. (Attachments: # 1 Exhibit Proposed Sur Reply)(Mullins, Maurice) (Entered: 08/24/2018) |
| 08/27/2018 | 171 | NOTICE by Dowin Coffy, Felix Gillison, Jr., George Hengle, Gloria Turnage, Lula Williams Regarding Defendant Martorello's 169 MOTION for Leave to File *a Sur-Reply in Opposition to Plaintiffs' Motion to Overrule Discovery Objections.* (Kelly, Kristi). Modified docket entry on 08/27/2018. (walk, ). (Entered: 08/27/2018) |
| 08/31/2018 | 175 | ORDER that the Plaintiffs' 165 MOTION TO SEAL is granted and PLAINTIFFS' 167 REPLY BRIEF IN SUPPORT OF THEIR MOTION TO OVERRULE DEFENDANT MARTORELLO'S DISCOVERY ORDER and Exhibits 4 and 5 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 8/30/2018. (jsmi, ) (Entered: 08/31/2018) |
| 09/04/2018 | | Settlement Conference set for 10/16/2018 at 10:00 AM in Richmond Judges Chamber before Magistrate Judge David J. Novak. (cgar) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Settlement Conference held on 9/4/2018. (cgar) (Entered: 09/05/2018) |

JA038

| 09/06/2018 | 176 | Motion to appear Pro Hac Vice by Matthew Wessler and Certification of Local Counsel Leonard A. Bennett Filing fee $ 75, receipt number 0422-6260707. by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 09/06/2018) |
|---|---|---|
| 09/06/2018 | 177 | Motion to appear Pro Hac Vice by Jennifer Rust Murray and Certification of Local Counsel Leonard A. Bennett Filing fee $ 75, receipt number 0422-6260719. by Dowin Coffy, Felix Gillison, Jr, George Hengle. (Bennett, Leonard) (Entered: 09/06/2018) |
| 09/06/2018 | 178 | Motion to appear Pro Hac Vice by Elizabeth Anne Adams and Certification of Local Counsel Leonard A. Bennett Filing fee $ 75, receipt number 0422-6260729. by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 09/06/2018) |
| 09/06/2018 | 179 | Motion to appear Pro Hac Vice by Beth Ellen Terrell and Certification of Local Counsel Leonard A. Bennett Filing fee $ 75, receipt number 0422-6260749. by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 09/06/2018) |
| 09/11/2018 | 180 | Motion to appear Pro Hac Vice by Eleanor Michelle Drake and Certification of Local Counsel Kristi C. Kelly Filing fee $ 75, receipt number 0422-6266950. by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 09/11/2018) |
| 09/11/2018 | 181 | Motion to appear Pro Hac Vice by John Gerard Albanese and Certification of Local Counsel Kristi C. Kelly Filing fee $ 75, receipt number 0422-6266970. by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 09/11/2018) |
| 09/11/2018 | 182 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC *OF COMPLIANCE WITH ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO* (Attachments: # 1 Exhibit A)(St. George, Timothy) (Entered: 09/11/2018) |
| 09/12/2018 | 183 | ORDERS granting 176 , 177 , 178 , and 179 Motiona for Pro hac vice. Matthew William Wessler, Jennifer Rust Murray, Elizabeth Anne Adams, and Beth Ellen Terrell appointed for Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, and Felix Gillison, Jr. Signed by District Judge Robert E. Payne on 9/11/2018. (jsmi, ) (Entered: 09/12/2018) |
| 09/12/2018 | 184 | NOTICE of Appearance by Elizabeth W. Hanes on behalf of Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams (Hanes, Elizabeth) (Entered: 09/12/2018) |
| 09/13/2018 | 185 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC *of Compliance with Order Entered by the United States District Court for the District of Puerto Rico* (St. George, Timothy) (Entered: 09/13/2018) |
| 09/14/2018 | 186 | MOTION to Substitute Party by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 187 | Memorandum in Support re 186 MOTION to Substitute Party filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1)(Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 188 | ORDER granting 180 and 181 Motions for Pro hac vice. Eleanor Michelle Drake and John Gerard Albanese added for Dowin Coffy, Felix Gillison, Jr., George Hengle, Gloria Turnage, and Lula Williams. Signed by District Judge Robert E. Payne on 9/13/2018. (jsmi, ) ( (Entered: 09/14/2018) |

JA039

| | | |
|---|---|---|
| 09/14/2018 | 189 | MOTION to Certify Class *against Defendant Matt Martorello* by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 190 | Memorandum in Support re 189 MOTION to Certify Class *against Defendant Matt Martorello* filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)(Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 191 | MOTION to Seal by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 192 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams re 191 MOTION to Seal (Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 193 | Sealed Document re 191 MOTION to Seal . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Exhibit 15, # 14 Exhibit 16, # 15 Exhibit 17, # 16 Exhibit 21)(Kelly, Kristi) (Entered: 09/14/2018) |
| 09/14/2018 | 194 | Memorandum in Support re 191 MOTION to Seal filed by Dowin Coffy, Felix Gillison, Jr, George Hengle, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 09/14/2018) |
| 09/20/2018 | 195 | ORDER that DEFENDANT MARTORELLO'S 169 MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO OVERRULE DISCOVERY OBJECTIONS is granted. It is further ORDERED that the defendant, Matt Martorello, shall electronically file his proposed Sur-Reply forthwith. Signed by District Judge Robert E. Payne on 9/20/2018. (jsmi, ) (Entered: 09/20/2018) |
| 09/20/2018 | 196 | Reply to 148 MOTION to Overrule Defendant Martorello's Discovery Objections *(Defendant Matt Martorello's Sur-Reply in Opposition to Plaintiffs' Motion to Overrule Discovery Objections)* filed by Matt Martorello. (Erbach, John) (Entered: 09/20/2018) |
| 09/26/2018 | 197 | ORDER that Plaintiffs' 191 MOTION TO SEAL is granted and PLAINTIFFS' 193 MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 9/26/2018. (jsmi, ) (Entered: 09/26/2018) |
| 09/28/2018 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Telephone Conference (w/David Anthony) held on 9/28/2018. (cgar) (Entered: 09/28/2018) |
| 10/02/2018 | 198 | Supplemental MOTION to Stay *All Proceedings Pending Appeal of the Court's June 26, 2018 Order* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 10/02/2018) |
| 10/02/2018 | 199 | Memorandum in Support re 198 Supplemental MOTION to Stay *All Proceedings Pending Appeal of the Court's June 26, 2018 Order* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(St. George, Timothy) (Entered: 10/02/2018) |

JA040

| | | |
|---|---|---|
| 10/03/2018 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Telephone Conferences held on 10/3/2018. (cgar) (Entered: 10/03/2018) |
| 10/09/2018 | 200 | ORDER that the plaintiffs' 186 MOTION TO SUBSTITUTE PARTY is granted. It is further ORDERED that the Clerk shall substitute Marcella P. Singh, as Administrator of the Estate of Felix M. Gillson, Jr., as the party in place of the plaintiff, Felix M. Gillson, Jr., deceased. Signed by District Judge Robert E. Payne on 10/8/2018. (jsmi, ) (Entered: 10/09/2018) |
| 10/11/2018 | 201 | Motion to appear Pro Hac Vice by Anna Marek Bruty and Certification of Local Counsel Timothy J. St. George Filing fee $ 75, receipt number 0422-6310914. by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 10/11/2018) |
| 10/11/2018 | 202 | NOTICE of Appearance by Craig Thomas Merritt on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC (Merritt, Craig) (Entered: 10/11/2018) |
| 10/11/2018 | 203 | NOTICE of Appearance by Harrison Mann Gates on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC (Gates, Harrison) (Entered: 10/11/2018) |
| 10/12/2018 | 204 | Consent MOTION for Extension of Time to File Response/Reply as to 189 MOTION to Certify Class *against Defendant Matt Martorello* by Matt Martorello. (Attachments: # 1 Exhibit 1 (Proposed Order))(St. George, Timothy) (Entered: 10/12/2018) |
| 10/16/2018 | 205 | ORDER that Defendant's 204 Motion for Extension of Time is granted. It is further ORDERED that, by October 22, 2018, the defendant, Matt Martorello, shall file his response to PLAINTIFFS' 189 MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO and, by November 5, 2018, the plaintiffs shall file their reply. Signed by District Judge Robert E. Payne on 10/16/2018. (jsmi, ) (Entered: 10/16/2018) |
| 10/16/2018 | 206 | ORDER granting 201 Motion for Pro hac vice. Anna Marek Bruty appointed for Ascension Technologies, Inc. and Big Picture Loans, LLC. Signed by District Judge Robert E. Payne on 10/16/2018. (jsmi, ) (Entered: 10/16/2018) |
| 10/16/2018 | 207 | Memorandum in Opposition re 198 Supplemental MOTION to Stay *All Proceedings Pending Appeal of the Court's June 26, 2018 Order* filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Aug. 2018 E-mail Chain, # 2 Exhibit 2 - Sept. 4 E-mail, # 3 Exhibit 3 - Aug. 2018 E-mail Chain, # 4 Exhibit 4 - filed under seal, # 5 Exhibit 5 - filed under seal, # 6 Exhibit 6 - Aug. 6, 2018 Interrogatory Responses, # 7 Exhibit 7 - Aug. 14, 2018 Interrogatory Responses)(Kelly, Kristi) (Entered: 10/16/2018) |
| 10/16/2018 | 208 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 10/16/2018) |
| 10/16/2018 | 209 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 208 MOTION to Seal (Kelly, Kristi) (Entered: 10/16/2018) |
| 10/16/2018 | 210 | Sealed Attachment/Exhibit 4 re 208 MOTION to Seal . (Attachments: # 1 Exhibit 5) (Kelly, Kristi) Modified to correct docket text on 2/8/2019 (jsmi, ). (Entered: 10/16/2018) |
| 10/16/2018 | 211 | Memorandum in Support re 208 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 10/16/2018) |

| 10/17/2018 | | Telephone Conference (w/Kristi Kelly)set for 10/16/2018 at 04:15 PM before Magistrate Judge David J. Novak. (cgar) (Entered: 10/17/2018) |
|---|---|---|
| 10/17/2018 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Telephone Conferences held on 10/16/2018. (cgar) (Entered: 10/17/2018) |
| 10/18/2018 | 212 | Consent MOTION to Exceed Page Limitation of Local Civil Rule 7(F)(3) by Matt Martorello. (St. George, Timothy) (Entered: 10/18/2018) |
| 10/18/2018 | 213 | Memorandum in Support re 212 Consent MOTION to Exceed Page Limitation of Local Civil Rule 7(F)(3) filed by Matt Martorello. (Attachments: # 1 Exhibit 1 (Proposed Order))(St. George, Timothy) (Entered: 10/18/2018) |
| 10/19/2018 | 214 | STATUS REPORT by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(St. George, Timothy) (Entered: 10/19/2018) |
| 10/19/2018 | 215 | ORDER GRANTING Defendant, Matt Martorello's 212 Motion to Exceed Page Limitation of Local Civil Rule 7(f)(3) with respect to his forthcoming memorandum in opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 189 and 1. Martorello may file a memorandum in opposition to Plaintiffs' Renewed Motion for Class Certification not to exceed 40 pages in length; and, 2. Plaintiffs, if desired, may file a reply brief in support of their Motion for Class Certification not to exceed 30 pages in length. It is so ORDERED. Signed by District Judge Robert E. Payne on 10/19/2018. (walk, ) (Entered: 10/19/2018) |
| 10/22/2018 | 216 | **DISREGARD FILING. SEE 22** . Memorandum in Opposition re 189 MOTION to Certify Class *against Defendant Matt Martorello* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B (proposed to be filed under seal), # 3 Exhibit C, # 4 Exhibit D (proposed to be filed under seal), # 5 Exhibit E (proposed to be filed under seal), # 6 Exhibit F, # 7 Exhibit G (proposed to be filed under seal), # 8 Exhibit H, # 9 Exhibit I (proposed to be filed under seal), # 10 Exhibit J (proposed to be filed under seal), # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M (proposed to be filed under seal), # 14 Exhibit N, # 15 Exhibit O (proposed to be filed under seal), # 16 Exhibit P (proposed to be filed under seal), # 17 Exhibit Q, # 18 Exhibit R (proposed to be filed under seal), # 19 Exhibit S (proposed to be filed under seal), # 20 Exhibit T (proposed to be filed under seal), # 21 Exhibit U (proposed to be filed under seal), # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X (proposed to be filed under seal), # 25 Exhibit Y (proposed to be filed under seal), # 26 Exhibit Z (proposed to be filed under seal), # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC (proposed to be filed under seal), # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II (proposed to be filed under seal), # 36 Exhibit JJ (proposed to be filed under seal), # 37 Exhibit KK, # 38 Exhibit LL (proposed to be filed under seal), # 39 Exhibit MM, # 40 Exhibit NN (proposed to be filed under seal), # 41 Exhibit OO (proposed to be filed under seal), # 42 Exhibit PP (proposed to be filed under seal), # 43 Exhibit QQ, # 44 Exhibit RR)(St. George, Timothy) Modified on 10/26/2018 (jsmi, ). (Entered: 10/22/2018) |
| 10/22/2018 | 217 | MOTION to Seal *Certain Exhibits and Information in 220 Memorandum in Opposition to Plaintiffs' Motion for Class Certification* by Matt Martorello. (St. George, Timothy). Modified docket entry on 10/24/2018. (walk, ). (Entered: 10/22/2018) |
| 10/22/2018 | 218 | Memorandum in Support re: 217 MOTION to Seal *Certain Exhibits and Information in 220 Memorandum in Opposition to Plaintiffs' Motion for Class Certification* filed by Matt Martorello. (St. George, Timothy). Modified docket entry on 10/24/2018. (walk, ). (Entered: 10/22/2018) |

JA042

| 10/22/2018 | 219 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re: 217 MOTION to Seal *Certain Exhibits and Information in 220 Memorandum in Opposition to Plaintiffs' Motion for Class Certification.* (St. George, Timothy). Modified docket entry on 10/24/2018. (walk, ). (Entered: 10/22/2018) |
|---|---|---|
| 10/22/2018 | 220 | SEALED Memorandum in Opposition to Plaintiffs' Motion for Class Certification re: 217 MOTION to Seal *Certain Exhibits and Information in 220 Memorandum in Opposition to Plaintiffs' Motion for Class Certification*. (Attachments: # 1 Exhibit B, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit G, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit M, # 8 Exhibit O, # 9 Exhibit P, # 10 Exhibit R, # 11 Exhibit S, # 12 Exhibit T, # 13 Exhibit U, # 14 Exhibit X, # 15 Exhibit Y, # 16 Exhibit Z, # 17 Exhibit CC, # 18 Exhibit II, # 19 Exhibit JJ, # 20 Exhibit LL, # 21 Exhibit NN, # 22 Exhibit OO, # 23 Exhibit PP)(St. George, Timothy). Clerk replaced attachment (8) Exhibit O on 10/23/2018 at the request of filing attorney. NEF was regenerated. Modified docket text on 10/23/2018 (sbea, ). Modified docket entry on 10/24/2018. (walk, ). (Entered: 10/23/2018) |
| 10/23/2018 | 221 | Motion to appear Pro Hac Vice by Michael Christopher Witsch and Certification of Local Counsel John Michael Erbach Filing fee $ 75, receipt number 0422-6329274. by Matt Martorello. (Erbach, John) (Entered: 10/23/2018) |
| 10/23/2018 | | Notice of Correction re 216 Memorandum in Opposition. Notified filing attorney regarding proper procedure for splitting documents over 10MB size limit and for filing redacted exhibits for the public record. Attorney will refile Memorandum in Opposition with appropriately redacted exhibits. (jsmi, ) (Entered: 10/23/2018) |
| 10/23/2018 | 222 | Memorandum in Opposition re 189 MOTION to Certify Class *against Defendant Matt Martorello (Corrected, redacted exhibits)* filed by Matt Martorello. (Attachments: # 1 Exhibit A (Part I), # 2 Exhibit A (Part II), # 3 Exhibit B (proposed to be filed under seal), # 4 Exhibit C, # 5 Exhibit D (proposed to be filed under seal), # 6 Exhibit E (proposed to be filed under seal), # 7 Exhibit F, # 8 Exhibit G (proposed to be filed under seal), # 9 Exhibit H, # 10 Exhibit I (proposed to be filed under seal), # 11 Exhibit J (proposed to be filed under seal), # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M (proposed to be filed under seal), # 15 Exhibit N, # 16 Exhibit O (proposed to be filed under seal), # 17 Exhibit P (proposed to be filed under seal), # 18 Exhibit Q, # 19 Exhibit R (proposed to be filed under seal), # 20 Exhibit S (proposed to be filed under seal), # 21 Exhibit T (proposed to be filed under seal), # 22 Exhibit U (proposed to be filed under seal), # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X (proposed to be filed under seal), # 26 Exhibit Y (proposed to be filed under seal), # 27 Exhibit Z (proposed to be filed under seal), # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC (proposed to be filed under seal), # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Exhibit II (proposed to be filed under seal), # 37 Exhibit JJ (proposed to be filed under seal), # 38 Exhibit KK, # 39 Exhibit LL (proposed to be filed under seal), # 40 Exhibit MM, # 41 Exhibit NN(proposed to be filed under seal), # 42 Exhibit OO (proposed to be filed under seal), # 43 Exhibit PP (proposed to be filed under seal), # 44 Exhibit QQ, # 45 Exhibit RR)(St. George, Timothy) (Entered: 10/23/2018) |
| 10/23/2018 | 223 | Consent MOTION for Extension *of Time to File Reply Memorandum to Supplemental Motion to Stay All Proceedings Pending Appeal of the Courts June 26, 2018 Order* by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1)(St. George, Timothy) (Entered: 10/23/2018) |
| 10/25/2018 | 224 | ORDER that 223 Consent Motion for Extension of Time to File Their Reply to Supplemental Motion to Stay All Proceedings Pending Appeal of the Court's June 26, 2018 Order is granted. The time by which Big Picture Loans, LLC and Ascension Technologies, LLC must file their reply is extended until October 30, 2018. Signed by District Judge Robert E. Payne on 10/24/2018. (jsmi, ) (Entered: 10/25/2018) |

JA043

| | | |
|---|---|---|
| 10/26/2018 | 225 | ORDER granting 221 Motion for Pro hac vice. Michael Christopher Witsch appointed for Matt Martorello. Signed by District Judge Robert E. Payne on 10/26/2018. (jsmi, ) (Entered: 10/26/2018) |
| 10/29/2018 | 226 | Consent MOTION for Extension of Time to File Response/Reply as to 189 MOTION to Certify Class *against Defendant Matt Martorello* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 10/29/2018) |
| 10/29/2018 | 227 | Memorandum in Support re 226 Consent MOTION for Extension of Time to File Response/Reply as to 189 MOTION to Certify Class *against Defendant Matt Martorello* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 10/29/2018) |
| 10/29/2018 | 228 | REPLY to Response to Motion re 198 Supplemental MOTION to Stay *All Proceedings Pending Appeal of the Court's June 26, 2018 Order* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (St. George, Timothy) (Entered: 10/29/2018) |
| 10/30/2018 | 229 | ORDER that 217 NON-CONFIDENTIAL MOTION TO FILE CERTAIN EXHIBITS AND INFORMATION IN MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER SEAL is granted and the OPPOSITION TO PLAINTIFFS' 220 MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 10/30/2018. (jsmi, ) (Entered: 10/30/2018) |
| 10/31/2018 | 230 | ORDER that the PLAINTIFFS' 226 CONSENT MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF IN SUPPORT OF THEIR MOTION TO CERTIFY CLASS AS TO DEFENDANT MATT MARTORELLO is granted. It is further ORDERED that the plaintiffs shall file their reply in support of PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO by November 19, 2018. Signed by District Judge Robert E. Payne on 10/31/2018. (jsmi, ) (Entered: 10/31/2018) |
| 11/01/2018 | 231 | MOTION to Strike *Reply in Support of Supplemental Motion to Stay* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 11/01/2018) |
| 11/01/2018 | 232 | Memorandum in Support re 231 MOTION to Strike *Reply in Support of Supplemental Motion to Stay* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 (Hearing Transcript), # 2 Exhibit 2 (Interrogatory Responses))(Bennett, Leonard) (Entered: 11/01/2018) |
| 11/08/2018 | | Settlement Conference set for 11/13/2018 at 03:00 PM in Richmond Judges Chamber before Magistrate Judge David J. Novak. (cgar) (Entered: 11/08/2018) |
| 11/08/2018 | | *****SETTLEMENT CONFERENCE SET IN ERROR***Telephone Conference (w/Richard Scheff) set for 11/13/2018 at 03:00 PM in Richmond Courtroom 5400 before Magistrate Judge David J. Novak. (cgar) (Entered: 11/08/2018) |
| 11/09/2018 | 233 | Memorandum in Opposition re 231 MOTION to Strike *Reply in Support of Supplemental Motion to Stay* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 11/09/2018) |
| 11/09/2018 | 234 | NOTICE of Appearance by Craig Carley Marchiando on behalf of Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Marchiando, Craig) |

JA044

| | | |
|---|---|---|
| | | (Entered: 11/09/2018) |
| 11/13/2018 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Telephone Conference held on 11/13/2018. (cgar) (Entered: 11/29/2018) |
| 11/15/2018 | 235 | RESPONSE in Support re 231 MOTION to Strike *Reply in Support of Supplemental Motion to Stay* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 11/15/2018) |
| 11/19/2018 | 236 | RESPONSE in Support re 189 MOTION to Certify Class *against Defendant Matt Martorello* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1. Aug. 2016 Loan Agreement, # 2 Exhibit 2. Oct. 28, 2018 Letter Opinion, # 3 Exhibit 3. Williams Depo. Trans. (filed under seal), # 4 Exhibit 4. McGeschick Depo. Trans. (filed under seal), # 5 Exhibit 5. Martorello Depo. Trans., # 6 Exhibit 6. Dowd Depo. Trans. (filed under seal), # 7 Exhibit 7. BPL Investment Opportunity Brochure, # 8 Exhibit 8. Feb. 28, 2015 Resolution, # 9 Exhibit 9. Feb. 21, 2015 Written Consent, # 10 Exhibit 10. Jan. 26, 2016 Assignment Agreement, # 11 Exhibit 11. Feb. 17, 2015 Valuation Report (filed under seal), # 12 Exhibit 12. Dec. 31, 2015 Ownership of Bellicose)(Kelly, Kristi) (Entered: 11/19/2018) |
| 11/19/2018 | 237 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 11/19/2018) |
| 11/19/2018 | 238 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 237 MOTION to Seal (Kelly, Kristi) (Entered: 11/19/2018) |
| 11/19/2018 | 239 | Sealed Response/Reply/Opposition re 237 MOTION to Seal . (Kelly, Kristi) (Entered: 11/19/2018) |
| 11/19/2018 | 240 | Sealed Attachment/Exhibit(s) re 237 MOTION to Seal . (Attachments: # 1 Exhibit 4, # 2 Exhibit 6, # 3 Exhibit 7, # 4 Exhibit 11, # 5 Exhibit 12)(Kelly, Kristi) (Entered: 11/19/2018) |
| 11/19/2018 | 241 | Memorandum in Support re 237 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 11/19/2018) |
| 11/20/2018 | 242 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC *Notice of Change of Firm Address* (St. George, Timothy) (Entered: 11/20/2018) |
| 11/21/2018 | 243 | Consent MOTION for Extension *of Expert Discovery Deadline* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 11/21/2018) |
| 11/21/2018 | 244 | Memorandum in Support re 243 Consent MOTION for Extension *of Expert Discovery Deadline* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 11/21/2018) |
| 11/21/2018 | 245 | MOTION to Quash *and for Protective Order* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 11/21/2018) |
| 11/21/2018 | 246 | Memorandum in Support re 245 MOTION to Quash *and for Protective Order* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 11/21/2018) |
| 11/26/2018 | 247 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 245 MOTION to Quash *and for Protective Order*, 246 Memorandum in |

JA045

| | | |
|---|---|---|
| | | Support (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H)(Bennett, Leonard) (Entered: 11/26/2018) |
| 11/30/2018 | 248 | MOTION to Withdraw as Attorney by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Proposed Order)(Gates, Harrison) (Entered: 11/30/2018) |
| 12/05/2018 | 249 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC *(Notice of Transferred Motions to Quash and Appearances)* (St. George, Timothy) (Entered: 12/05/2018) |
| 12/05/2018 | 250 | MOTION for Leave to File *Supplemental Authority* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 12/05/2018) |
| 12/05/2018 | 251 | Memorandum in Support re 250 MOTION for Leave to File *Supplemental Authority* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1)(St. George, Timothy) (Entered: 12/05/2018) |
| 12/05/2018 | 252 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC re 198 Supplemental MOTION to Stay *All Proceedings Pending Appeal of the Court's June 26, 2018 Order*, 137 MOTION to Stay *Proceedings Pending Appeal (Request for Expedited Ruling)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(St. George, Timothy) (Entered: 12/05/2018) |
| 12/05/2018 | 253 | Memorandum in Opposition re 245 MOTION to Quash *and for Protective Order* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Mullins, Maurice) (Entered: 12/05/2018) |
| 12/06/2018 | 254 | ORDER that the Motion to Withdraw As Counsel 248 is GRANTED, and Harrison M. Gates is permitted to withdraw as counsel of record for Big Picture and Ascension in this matter. It is so ORDERED. Signed by District Judge Robert E. Payne on 12/04/2018. (smej, ) (Entered: 12/06/2018) |
| 12/06/2018 | 255 | ORDER that the Plaintiffs' MOTION TO SEAL 237 is granted and PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO 239 and Exhibits 4, 6, 7, 11 and 12 thereto 240 are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by District Judge Robert E. Payne on 12/04/2018. (smej, ) (Entered: 12/06/2018) |
| 12/07/2018 | 256 | RESPONSE to Motion re 250 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/07/2018) |
| 12/07/2018 | 257 | Response to 252 NOTICE, *Plaintiffs' Response to Motion to Expedite Ruling on Big Picture Loans and Ascension Technologies, LLC's Motion to Stay Pendidng Appeal and Supplemental Motion to Stay all Proceedings Pending Appeal* filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/07/2018) |
| 12/07/2018 | 258 | NOTICE by Matt Martorello re 252 NOTICE, *Joinder in Support of Request for Expedited Ruling on Pending Motions to Stay* (Attachments: # 1 Exhibit A)(Mullins, Maurice) (Entered: 12/07/2018) |
| 12/10/2018 | 259 | Reply to 257 Response, *to Request for Expedited Ruling on Motion to Stay Pending Appeal and for Supplemental Motion to Stay All Proceedings Pending Appeal* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 12/10/2018) |

JA046

| | | |
|---|---|---|
| 12/10/2018 | 260 | Consent MOTION to Substitute Corrected Exhibits to Matt Martorellos Memorandum in Opposition to Plaintiffs Motion for Class Certification by Matt Martorello. (St. George, Timothy) (Entered: 12/10/2018) |
| 12/10/2018 | 261 | Memorandum in Support re 260 Consent MOTION to Substitute Corrected Exhibits to Matt Martorellos Memorandum in Opposition to Plaintiffs Motion for Class Certification filed by Matt Martorello. (Attachments: # 1 Proposed Order Exhibit 1, # 2 Exhibit I, # 3 Exhibit U, # 4 Exhibit PP, # 5 Exhibit QQ, # 6 Exhibit RR, # 7 Exhibit SS) (St. George, Timothy) (Entered: 12/10/2018) |
| 12/10/2018 | 262 | MOTION to Seal *Exhibits Filed in Support of Consent Motion to Substitute Corrected Exhibits to Martorellos Memorandum in Opposition to Plaintiffs Motion for Class Certification* by Matt Martorello. (St. George, Timothy) (Entered: 12/10/2018) |
| 12/10/2018 | 263 | Memorandum in Support re 262 MOTION to Seal *Exhibits Filed in Support of Consent Motion to Substitute Corrected Exhibits to Martorellos Memorandum in Opposition to Plaintiffs Motion for Class Certification* filed by Matt Martorello. (St. George, Timothy) (Entered: 12/10/2018) |
| 12/10/2018 | 264 | NOTICE by Matt Martorello re 260 Consent MOTION to Substitute Corrected Exhibits to Matt Martorellos Memorandum in Opposition to Plaintiffs Motion for Class Certification *of Filing Documents Under Seal* (St. George, Timothy) (Entered: 12/10/2018) |
| 12/10/2018 | 265 | Sealed Attachment/Exhibit(s) re 261 Memorandum in Support,. (Attachments: # 1 Exhibit I, # 2 Exhibit U, # 3 Exhibit QQ, # 4 Exhibit RR, # 5 Exhibit SS)(St. George, Timothy) (Entered: 12/10/2018) |
| 12/11/2018 | 266 | Reply to Motion re 245 MOTION to Quash *and for Protective Order* filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/11/2018) |
| 12/12/2018 | 267 | Response to 258 NOTICE *Plaintiffs' Response to Defendant Matt Martorello's Joinder in Support of Request for Expedited Ruling on Motions to Stay* filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/12/2018) |
| 12/13/2018 | 268 | MOTION for Leave to File *a Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* by Matt Martorello. (Attachments: # 1 Proposed Order)(Mullins, Maurice) (Entered: 12/13/2018) |
| 12/13/2018 | 269 | Memorandum in Support re 268 MOTION for Leave to File *a Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* filed by Matt Martorello. (Attachments: # 1 Exhibit A - Proposed Sur Reply, # 2 Exhibit A to Proposed Sur Reply (original to be filed under seal))(Mullins, Maurice) (Entered: 12/13/2018) |
| 12/13/2018 | 270 | MOTION to Seal *Ex A to Proposed Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* by Matt Martorello. (Attachments: # 1 Proposed Order)(Mullins, Maurice) (Entered: 12/13/2018) |
| 12/13/2018 | 271 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 270 MOTION to Seal *Ex A to Proposed Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* (Mullins, Maurice) (Entered: 12/13/2018) |
| 12/13/2018 | 272 | Memorandum in Support re 270 MOTION to Seal *Ex A to Proposed Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* filed by Matt Martorello. (Mullins, Maurice) (Entered: 12/13/2018) |

JA047

| 12/13/2018 | 273 | Sealed Document re 270 MOTION to Seal *Ex A to Proposed Sur Reply in Opposition to Plaintiffs' Motion for Class Certification*. (Mullins, Maurice) (Entered: 12/13/2018) |
| 12/14/2018 | 274 | ORDER that the MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY 250 is granted. It is so ORDERED. Signed by District Judge Robert E. Payne on 12/14/2018. (smej, ) (Entered: 12/14/2018) |
| 12/14/2018 | 275 | CONSENT ORDER that the 260 Motion to Substitute Corrected Exhibits is GRANTED. The Exhibits attached to Martorello's Consent Motion are hereby accepted and incorporated into Martorello's earlier-filed Memorandum in Opposition to Plaintiffs' Motion for Class Certification and replace the following previously-filed exhibits: Exhibit I, Exhibit U,Exhibit PP, Exhibit QQ, Exhibit RR, and Exhibit SS. See Order for details. Signed by District Judge Robert E. Payne on 12/14/2018. (ccol, ) (Entered: 12/14/2018) |
| 12/14/2018 | 276 | Opposition to 268 MOTION for Leave to File *a Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/14/2018) |
| 12/18/2018 | 277 | Reply to 267 Response, 258 NOTICE *of Joinder of Request for Expedited Ruling on Big Picture Loans, LLC and Ascension Technologies, LLC's Motion to Stay Pending Appeal and Supplemental Motion to Stay All Proceedings Pending Appeal* filed by Matt Martorello. (Mullins, Maurice) (Entered: 12/18/2018) |
| 12/19/2018 | 278 | ORDER that 262 MOTION TO FILE 273 CERTAIN EXHIBITS AND INFORMATION IN CONSENT MOTION TO SUBSTITUTE CORRECTED EXHIBITS TO MARTORELLO'S 261 MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER SEAL is granted and certain exhibits in connection with DEFENDANT MATT MARTORELLO'S MEMORANDUM IN SUPPORT OF CONSENT MOTION TO SUBSTITUTE CORRECTED EXHIBITS TO MARTORELLO'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICAITON are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 12/18/2018. (jsmi, ) (Entered: 12/19/2018) |
| 12/20/2018 | 279 | REPLY to Response to Motion re 268 MOTION for Leave to File *a Sur Reply in Opposition to Plaintiffs' Motion for Class Certification* filed by Matt Martorello. (Mullins, Maurice) (Entered: 12/20/2018) |
| 12/20/2018 | 280 | Motion to appear Pro Hac Vice by Tod Daniel Stephens and Certification of Local Counsel Maurice Mullins Filing fee $ 75, receipt number 0422-6417683. by Matt Martorello. (Mullins, Maurice) (Entered: 12/20/2018) |
| 12/20/2018 | 281 | Motion to appear Pro Hac Vice by Paul Louis Brusati and Certification of Local Counsel Maurice Mullins Filing fee $ 75, receipt number 0422-6417714. by Matt Martorello. (Mullins, Maurice) (Entered: 12/20/2018) |
| 01/02/2019 | 282 | Motion to appear Pro Hac Vice by Michelle Lynne Alamo and Certification of Local Counsel Maurice Mullins Filing fee $ 75, receipt number 0422-6427126. by Matt Martorello. (Mullins, Maurice) (Entered: 01/02/2019) |
| 01/02/2019 | 283 | ORDER granting 280 and 281 Motions for Pro hac vice. Paul Louis Brusati and Tod Daniel Stephens for Matt Martorello. Signed by District Judge Robert E. Payne on 1/2/2019. (jsmi, ) (Entered: 01/02/2019) |
| 01/04/2019 | 284 | ORDER granting 282 Motion for Pro hac vice. Michelle Lynne Alamo appointed for Matt Martorello. Signed by District Judge Robert E. Payne on 1/3/2019. (jsmi, ) (Entered: 01/04/2019) |

JA048

| 01/04/2019 | 285 | NOTICE by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams *Plaintiffs' Notice of Request for In-Person Conference to Address Outstanding Discovery Disputes* (Bennett, Leonard) (Entered: 01/04/2019) |
|---|---|---|
| 01/06/2019 | 286 | Response to 285 NOTICE filed by Matt Martorello. (Mullins, Maurice) (Entered: 01/06/2019) |
| 01/07/2019 | 287 | ORDER re PLAINTIFFS' 285 NOTICE OF REQUEST FOR IN-PERSON CONFERENCE TO ADDRESS OUTSTANDING DISCOVERY DISPUTES. It is hereby ORDERED that by 5:00 p.m. on January 8, 2019, the Plaintiffs shall file a document setting out discovery issues that they wish the Court to address in a conference before the Court; by 5:00 p.m. on January 10, 2019, Defendant Matt Martorello shall respond to the Plaintiffs' filing; and by 5:00 p.m. on January 11, 2019, the Plaintiffs shall reply to Defendant Martorello's filing. A hearing pertaining to these discovery issues shall take place on January 15, 2019 at 10:30 a.m. in Courtroom 7400. Signed by District Judge Robert E. Payne on 1/7/2018. (jsmi, ) (Entered: 01/07/2019) |
| 01/07/2019 | | Set Hearing: Discovery Hearing set for 1/15/2019 at 10:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 01/07/2019) |
| 01/08/2019 | 288 | ORDER that Paragragh 2 of the Court's previous 287 Order applies to any other defendant that wishes to respond to the Plaintiffs' discovery issues. All parties shall participate in the hearing that shall take place on January 15, 2019. Signed by District Judge Robert E. Payne on 1/7/2019. (jsmi, ) (Entered: 01/08/2019) |
| 01/08/2019 | 289 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 287 Order,, *Notice of Plaintiffs' Statement of Outstanding Discovery Disputes* (Kelly, Kristi) (Entered: 01/08/2019) |
| 01/08/2019 | 290 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 289 NOTICE *of Filing of Exhibits* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Kelly, Kristi) (Entered: 01/08/2019) |
| 01/08/2019 | 291 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 01/08/2019) |
| 01/08/2019 | 292 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 291 MOTION to Seal (Kelly, Kristi) (Entered: 01/08/2019) |
| 01/08/2019 | 293 | Sealed Document re 291 MOTION to Seal . (Attachments: # 1 Exhibit 7, # 2 Exhibit 15, # 3 Exhibit 18)(Kelly, Kristi) (Entered: 01/08/2019) |
| 01/08/2019 | 294 | Memorandum in Support re 291 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/08/2019) |
| 01/09/2019 | 295 | NOTICE of Appearance by Shannan Marie Fitzgerald on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC (Fitzgerald, Shannan) (Entered: 01/09/2019) |
| 01/09/2019 | 296 | NOTICE of Appearance by James Edward Moore on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC (Moore, James) (Entered: 01/09/2019) |
| 01/10/2019 | 297 | ORDER that the DEFENDANTS' 270 MOTION TO FILE EXHIBIT TO PROPOSED SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER SEAL is granted and 273 Exhibit A to the proposed SUR-REPLY IN OPPOSITION TO |

| | | |
|---|---|---|
| | | PLAINTIFFS' [269-1] MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO is filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 1/9/2019. (jsmi, ) (Entered: 01/10/2019) |
| 01/10/2019 | 298 | Response to 289 NOTICE filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 01/10/2019) |
| 01/10/2019 | 299 | Response to 289 NOTICE filed by Matt Martorello. (Attachments: # 1 Exhibit 1) (Mullins, Maurice) (Entered: 01/10/2019) |
| 01/11/2019 | 301 | Response to 299 Response filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Kelly, Kristi) (Entered: 01/11/2019) |
| 01/11/2019 | 302 | Response to 298 Response filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Kelly, Kristi) (Entered: 01/11/2019) |
| 01/11/2019 | 303 | MOTION for Entry of Order by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 01/11/2019) |
| 01/14/2019 | 304 | MOTION to Withdraw as Attorney *by David Foster Herman for Matt Martorello* by Matt Martorello. (St. George, Timothy) (Entered: 01/14/2019) |
| 01/15/2019 | 306 | ORDER that 304 MOTION FOR WITHDRAWAL OF APPERANCE PURSUANT TO LOCAL CIVIL RULE 83.1(G) is granted. The Clerk is directed to remove David Foster Herman, Esquire, of Armstrong Teasdale, LLP, as pro hac vice counsel for the defendant, Matt Martorello. Attorney David Foster Herman terminated. Signed by District Judge Robert E. Payne on 1/14/2019. (jsmi, ) (Entered: 01/15/2019) |
| 01/15/2019 | 307 | Minute Entry for proceedings held before District Judge Robert E. Payne: Discovery Status Hearing held on 1/15/2019. Arguments heard on discovery and motions to stay (ECF Nos. 137 , 140 ); plaintiffs to file brief on motion to compel by 01/25/19, response by 02/01/19, reply by 02/06/19; parties to confer and meet in joint conference room on 7th floor (room #7202) at 9:00 a.m. on 01/18/19; parties to submit new electronic authorization forms; response to motion for entry of order (ECF No. 303 ) due 01/21/19, reply by 01/23/19; matter continued for additional hearing on 01/24/19 at 1:30 p.m. (Court Reporter Peppy Peterson, OCR.)(nbrow ) (Entered: 01/15/2019) |
| 01/17/2019 | 309 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 307 Discovery Hearing,, 303 MOTION for Entry of Order (Attachments: # 1 Exhibit Declaration of E. Michelle Drake, # 2 Exhibit "A" to Drake Declaration) (Bennett, Leonard) (Entered: 01/17/2019) |
| 01/17/2019 | 310 | ORDER that counsel shall meet and confer on Friday, January 18, 2019, to attempt to resolve issues; by 3:30 p.m., Friday, January 18, 2019, counsel shall report to the Court: (a) the issues that have been resolved (and shall place the resolution on the record); and (b) the issues that are to be the subject of motions to compel (or other motions) and briefed; by January 25, 2019, the parties shall file any such motions and supporting briefs; by February 1, 2019, the parties shall file any briefs in response to any such motions; by February 6, 2019, the parties shall file their reply briefs to the response briefs; to help the Court understand the position of the parties, the motion shall identify the general subject area to which the discovery is addressed; and if the parties cannot agree about whether the Plaintiffs agreed to allow Defendant Martorello to submit his privilege logs late, then an evidentiary hearing shall take place in Courtroom 7400 during the hearing at 3:30 p.m. on January 18, 2019 about the issue. See Order for |

| | | details. Signed by District Judge Robert E. Payne on 1/16/2019. (jsmi, ) (Entered: 01/17/2019) |
|---|---|---|
| 01/17/2019 | 311 | TRANSCRIPT of proceedings held on January 15, 2019, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 2/19/2019. Redacted Transcript Deadline set for 3/19/2019. Release of Transcript Restriction set for 4/17/2019.**(peterson, peppy) (Entered: 01/17/2019) |
| 01/17/2019 | 312 | ORDER that by January 21, 2019, the Defendants and non-party TranDotCom Solutions, LLC shall file any responses to Plaintiffs' 303 MOTION FOR ENTRY OF ORDER and by January 23, 2019, the Plaintiffs shall file any reply to any response. Signed by District Judge Robert E. Payne on 1/16/2019. (jsmi, ) (Entered: 01/17/2019) |
| 01/17/2019 | 313 | ORDER that the trial date set to begin on March 18, 2019 is continued until further order of the Court, with the condition that no new discovery other than the discovery that has already been requested can be served on any party at this point. Further, the motion for summary judgment deadline set for January 25, 2019 will also be extended. Counsel shall confer and suggest a new date for the filing of motions for summary judgment and the briefing thereof. Signed by District Judge Robert E. Payne on 1/16/2019. (jsmi, ) (Entered: 01/17/2019) |
| 01/17/2019 | | Set Hearing: Discovery Status Hearing set for 1/18/2019 at 03:30 PM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 01/17/2019) |
| 01/18/2019 | 316 | Minute Entry for proceedings held before District Judge Robert E. Payne: Discovery Status Hearing held on 1/18/2019. Parties to file agreed order to include spoliation and ESI discovery plan by 01/22/19; Court modified briefing schedule to Order (ECF No. 310 ) re: motions to compel by agreement of the parties - brief due 01/28/19, response due 02/04/19, reply due 02/08/19. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 01/18/2019) |
| 01/18/2019 | 317 | AGREED ORDER finding as moot 245 Plaintiffs' Motion for Protective Order. *See for complete details*. IT IS SO ORDERED. Signed by District Judge Robert E. Payne on 01/18/2019. (nbrow) (Entered: 01/18/2019) |
| 01/21/2019 | 318 | Memorandum in Opposition re 303 MOTION for Entry of Order filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 01/21/2019) |
| 01/21/2019 | 319 | TRANSCRIPT of proceedings held on January 18, 2019, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 2/20/2019. Redacted Transcript Deadline set for 3/25/2019.** |

JA051

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 4/22/2019.(peterson, peppy) (Entered: 01/21/2019) |
| 01/22/2019 | 320 | ORDER that the Court's prior order regarding the parties' 310 motion to compel schedule is modified to the following dates: by January 28, 2019, the parties shall file any motions to compel discovery and any supporting briefs; by February 4, 2019, the parties shall file any briefs in response to any such motions; and by February 8, 2019, the parties shall file their reply briefs to the response briefs. Signed by District Judge Robert E. Payne on 1/22/2019. (jsmi, ) (Entered: 01/22/2019) |
| 01/22/2019 | 321 | ORDER that by January 24, 2019, the parties shall submit a joint order regarding the protocol for additional discovery and electronically stored information; and by January 24, 2019, the parties shall submit a report to the Court outlining all discovery issues that they have agreed upon and all discovery issues that are still in dispute. Signed by District Judge Robert E. Payne on 1/22/2019. (jsmi, ) (Entered: 01/22/2019) |
| 01/22/2019 | 322 | Joint MOTION to Enter Agreed Orders by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Kelly, Kristi) (Entered: 01/22/2019) |
| 01/23/2019 | 323 | MEMORANDUM ORDER that the Court remains of the view that TRIBAL DEFENDANTS' 137 MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL OF THE COURT'S JUNE 26, 2018 ORDER and TRIBAL DEFENDANTS' 198 SUPPLEMENTAL MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL OF THE COURT'S JUNE 26, 2018 ORDER and DEFENDANT MATT MARTORELLO'S 140 MOTION TO STAY are moot for the reasons set forth. Finally, the Court is concerned that allowing the case against Martorello to go forward in its current posture could pose a risk to any class claim against the Corporate Defendants if Martorello were to prevail in the trial of a case against him alone. The Court will order further briefing on that issue before further considering class certification. See Order for additional details. Signed by District Judge Robert E. Payne on 1/22/2019. (jsmi, ) (Entered: 01/23/2019) |
| 01/23/2019 | 324 | ORDER that 291 MOTION TO SEAL is granted and PLAINTIFFS' 293 STATEMENT OF OUTSTANDING DISCOVERY DISPUTES and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 1/23/2019. (jsmi, ) (Entered: 01/23/2019) |
| 01/23/2019 | 325 | Reply to Motion re 303 MOTION for Entry of Order *Plaintiffs' Reply in Support* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bennett, Leonard) (Entered: 01/23/2019) |
| 01/23/2019 | 326 | ORDER that the parties may take depositions of the following individuals or entities regarding the location, collection, preservation and uploading of documents and information for potential review in this case: Matt Martorello, Zayra Emanuelli, Adil Karem, and Kryonyx. The parties shall each designate ESI Liaisons who will meet, in person or by videoconference or telephone, to establish a formal ESI Protocol. The protocol will be filed with the Court on or before March 1, 2019. On or before January 25, 2019 Defendants shall produce image and load files for their previous productions which substantially comply with the formatting requirements set forth in the Instructions to and Exhibit A of Plaintiff Galloway's First Set of Requests for Production to Matt Martorello in Galloway et al v. Big Picture Loans, et. al. Case No. 3:18-CV-00406. See Order for details. Signed by District Judge Robert E. Payne on 1/23/2019. (jsmi, ) (Entered: 01/23/2019) |
| 01/23/2019 | 327 | ORDER REGARDING DISCOVERY DISPUTES. See Order for complete details. Signed by District Judge Robert E. Payne on 1/23/2019. (jsmi, ) (Entered: 01/23/2019) |

JA052

| 01/25/2019 | 328 | ORDER that that a hearing shall take place on the plaintiffs' 303 MOTION FOR ENTRY OF ORDER on February 4, 2019 at 10:00 a.m. Signed by District Judge Robert E. Payne on 1/24/2019. (jsmi, ) (Entered: 01/25/2019) |
|---|---|---|
| 01/25/2019 | | Set Hearing: Motion *for Entry of Order* Hearing set for 2/4/2019 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 01/25/2019) |
| 01/25/2019 | 329 | ORDER that the parties in William V. Big Picture Loans, LLC, No. 3:17-cv-461, shall comply with the following schedule in relation to the plaintiffs' subpoena upon Rosette: the plaintiffs shall modify their subpoena to Rosette by January 29, 2019; after the subpoena is modified and before February 19, 2019, counsel shall meet and confer to resolve any disputes about the subpoena; if Rosette continues to object to any part of the modified subpoena, the plaintiffs shall file any motion to compel production by February 19, 2019; Rosette shall file any response to the plaintiffs' motion to compel by March 5, 2019; the plaintiffs shall file any reply to the plaintiffs' motion to compel by March 12, 2019. Signed by District Judge Robert E. Payne on 1/25/2019. (jsmi, ) (Entered: 01/25/2019) |
| 01/28/2019 | 330 | TRANSCRIPT of proceedings held on January 24, 2019, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 2/27/2019. Redacted Transcript Deadline set for 4/1/2019. Release of Transcript Restriction set for 4/29/2019.(peterson, peppy) (Main Document 330 replaced on 1/29/2019) (jtho, ). (Entered: 01/28/2019)** |
| 01/28/2019 | 331 | **DISREGARD - FILED IN ERROR (SEE TRANSCRIPT 330 ** TRANSCRIPT of proceedings held on January 24, 2019, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 2/27/2019. Redacted Transcript Deadline set for 4/1/2019. Release of Transcript Restriction set for 4/29/2019.(peterson, peppy) Clerk Modified on 1/29/2019 to correct docket as transcript filed in error. (jtho, ). (Entered: 01/28/2019)** |
| 01/28/2019 | 332 | MOTION for Protective Order *Regarding Defendant Martorello's Second Set of Interrogatories* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 333 | Memorandum in Support re 332 MOTION for Protective Order *Regarding Defendant Martorello's Second Set of Interrogatories* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Kelly, Kristi) (Entered: 01/28/2019) |

JA053

| | | |
|---|---|---|
| 01/28/2019 | 334 | MOTION to Overrule Martorello's Objections and Compel Discovery Responses by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 335 | Memorandum in Support re 334 MOTION to Overrule Martorello's Objections and Compel Discovery Responses filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 336 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 337 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 336 MOTION to Seal (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 338 | Sealed Document re 336 MOTION to Seal . (Attachments: # 1 Exhibit 1, # 2 Exhibit 6, # 3 Exhibit 7, # 4 Exhibit 8, # 5 Exhibit 9, # 6 Exhibit 11, # 7 Exhibit 13, # 8 Exhibit 14, # 9 Exhibit 15, # 10 Exhibit 16)(Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 339 | Memorandum in Support re 336 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 340 | MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 341 | Memorandum in Support re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1. Dec. 2018 Interrogatories, # 2 Exhibit 2. FILED UNDER SEAL, # 3 Exhibit 3. Weddle Declaration, # 4 Exhibit 4. Jan. 2014 Email Thread, # 5 Exhibit 5. FILED UNDER SEAL, # 6 Exhibit 6. FILED UNDER SEAL, # 7 Exhibit 7. FILED UNDER SEAL, # 8 Exhibit 8. FILED UNDER SEAL, # 9 Exhibit 9. Raining Bird Depo., # 10 Exhibit 10. FILED UNDER SEAL, # 11 Exhibit 11. FILED UNDER SEAL, # 12 Exhibit 12. FILED UNDER SEAL, # 13 Exhibit 13. FILED UNDER SEAL, # 14 Exhibit 14. FILED UNDER SEAL, # 15 Exhibit 15. FILED UNDER SEAL, # 16 Exhibit 16. FILED UNDER SEAL, # 17 Exhibit 17. FILED UNDER SEAL, # 18 Exhibit 18. FILED UNDER SEAL, # 19 Exhibit 19 - Oct. 2017 Gray Email, # 20 Exhibit 20. FILED UNDER SEAL, # 21 Exhibit 21. FILED UNDER SEAL, # 22 Exhibit 22. FILED UNDER SEAL, # 23 Exhibit 23. FILED UNDER SEAL, # 24 Exhibit 24. Oct. 2, 2017 Privilege Log, # 25 Exhibit 25. Oct. 7, 2017 Privilege Log)(Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 342 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 343 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 342 MOTION to Seal (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 344 | Sealed Attachment/Exhibit(s) re 342 MOTION to Seal . (Attachments: # 1 Exhibit 2. Sept. 2015 Merger Agreement, # 2 Exhibit 5. July 2012 Servicing Agreement, # 3 Exhibit 6. Red Rock Revenue, # 4 Exhibit 7. Bellicose Formation Doc., # 5 Exhibit 8. Email to Gravel, # 6 Exhibit 10. Aug. 2014 Email to Williams, # 7 Exhibit 11. Dec. 2014 EIN Email, # 8 Exhibit 12. Feb. 2015 Resolution Creating Ascension, # 9 Exhibit 13. |

JA054

| | | |
|---|---|---|
| | | Eventide Formation Certificate, # [10](#) Exhibit 14. Williams Depo. Excerpt, # [11](#) Exhibit 15. McGeshick Depo. Excerpt, # [12](#) Exhibit 16. Eventide Operating Agreement, # [13](#) Exhibit 17. Eventide Distributions, # [14](#) Exhibit 18. Martorello Text Messages, # [15](#) Exhibit 20. Nov. 2012 Legal Opinion, # [16](#) Exhibit 21. April 2014 Weddle Article, # [17](#) Exhibit 22. April 2015 Weddle Article, # [18](#) Exhibit 23. Nov. 2014 Rosette Opinion Letter)(Kelly, Kristi) (Entered: 01/28/2019) |
| 01/28/2019 | 345 | Memorandum in Support re [342](#) MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/28/2019) |
| 01/31/2019 | 346 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re [303](#) MOTION for Entry of Order (Attachments: # [1](#) Exhibit Declaration of E. Michelle Drake, # [2](#) Exhibit "A" to Drake Declaration)(Bennett, Leonard) (Entered: 01/31/2019) |
| 01/31/2019 | 347 | Consent MOTION to Modify Briefing Schedule re [340](#) MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* by Matt Martorello. (Attachments: # [1](#) Proposed Order)(Mullins, Maurice) (Entered: 01/31/2019) |
| 02/01/2019 | 348 | ORDER GRANTING CONSENT MOTION TO MODIFY BRIEFING SCHEDULE. Martorello shall file his Response in Opposition to the Plaintiffs' [340](#) Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege by February 11,2019 (the "Privilege Motion"); and Plaintiffs shall file their Reply in Support of the Privilege Motion by February 18, 2019. Signed by District Judge Robert E. Payne on 2/1/2019. (jsmi, ) (Entered: 02/01/2019) |
| 02/01/2019 | 349 | ORDER that PLAINTIFFS' [148](#) MOTION TO OVERRULE DEENDANT MARTORELLO'S DISCOVERY OBJECTIONS is denied as moot. Signed by District Judge Robert E. Payne on 2/1/2019. (jsmi, ) (Entered: 02/01/2019) |
| 02/03/2019 | 351 | NOTICE of Appearance by Julie Diane Hoffmeister on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC (Hoffmeister, Julie) (Entered: 02/03/2019) |
| 02/04/2019 | 352 | Minute Entry for proceedings held before District Judge Robert E. Payne: Motion Hearing [303](#) Motion for Entry of Order held on 2/4/2019. Arguments heard; matters submitted; Court will have decision. (Court Reporter Krista Harding, OCR.) (nbrow) (Entered: 02/04/2019) |
| 02/04/2019 | 353 | Memorandum in Opposition re [332](#) MOTION for Protective Order *Regarding Defendant Martorello's Second Set of Interrogatories* filed by Matt Martorello. (Attachments: # [1](#) Exhibit A)(Erbach, John) (Entered: 02/04/2019) |
| 02/04/2019 | 354 | Memorandum in Opposition re [334](#) MOTION to Overrule Martorello's Objections and Compel Discovery Responses filed by Matt Martorello. (Attachments: # [1](#) Exhibit A) (Erbach, John) (Entered: 02/04/2019) |
| 02/06/2019 | 355 | TRANSCRIPT of proceedings held on 2/4/2019, before Judge Robert E. Payne, Court Reporter/Transcriber Krista Liscio, Telephone number 804 916-2296. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 3/8/2019. Redacted Transcript Deadline set for** |

| | | |
|---|---|---|
| | | **4/8/2019. Release of Transcript Restriction set for 5/7/2019.(liscio, krista) (Entered: 02/06/2019)** |
| 02/07/2019 | 356 | Consent MOTION to Modify Briefing Schedule by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 02/07/2019) |
| 02/07/2019 | 357 | Memorandum in Support re 356 Consent MOTION to Modify Briefing Schedule filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/07/2019) |
| 02/08/2019 | 358 | ORDER that the plaintiffs shall file their reply briefs in support of their 332 Motion for a Protective Order Regarding Defendant Martorello's Second Set of Interrogatories, 334 Motion to Overrule Martorello's Objections and Compel Discovery Responses, and 340 Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege by February 19, 2019. Signed by District Judge Robert E. Payne on 2/7/2019. (jsmi, ) (Entered: 02/08/2019) |
| 02/08/2019 | 359 | ORDER that plaintiffs' 243 CONSENT MOTION TO EXTEND EXPERT DISCOVERY DEADLINE is denied as moot. Signed by District Judge Robert E. Payne on 2/8/2019. (jsmi, ) (Entered: 02/08/2019) |
| 02/08/2019 | 360 | ORDER that 208 MOTION TO SEAL is granted and 210 Exhibits 4 and 5 to the PLAINTIFFS' 207 OPPOSITION TO DEFENDANT BIG PICTURE, LLC AND ASCENSION TECHNOLOGIES, INC.'S SUPPLEMENTAL MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL OF THE COURT'S JUDGE 26, 2018 ORDER are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 2/8/2019. (jsmi, ) (Entered: 02/08/2019) |
| 02/08/2019 | 361 | ORDER that 336 MOTION TO SEAL is granted and PLAINTIFFS' 338 MEMORANDUM IN SUPPORT OF THEIR MOTION TO OVERRULE MARTORELLO'S OBJECTIONS AND COMPEL DISCOVERY RESPONSES and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 2/8/2019. (jsmi, ) (Entered: 02/08/2019) |
| 02/08/2019 | 362 | ORDER that PLAINTIFFS' 231 MOTION TO STRIKE TRIBAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL OF THE COURT'S JUNE 26, 2018 ORDER (ECF No. 231) is denied as moot. Signed by District Judge Robert E. Payne on 2/8/2019. (jsmi, ) (Entered: 02/08/2019) |
| 02/11/2019 | 363 | ORDER that 342 MOTION TO SEAL is granted and PLAINTIFFS' 344 MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 2/8/2019. (jsmi, ) (Entered: 02/11/2019) |
| 02/11/2019 | 364 | MOTION to Seal by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 02/11/2019) |
| 02/11/2019 | 365 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 364 MOTION to Seal (Erbach, John) (Entered: 02/11/2019) |
| 02/11/2019 | 366 | Sealed Document re 364 MOTION to Seal . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit D, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit K, # |

| | | |
|---|---|---|
| | | 9 Exhibit L, # 10 Exhibit N, # 11 Exhibit O, # 12 Exhibit P, # 13 Exhibit R, # 14 Exhibit S, # 15 Exhibit T, # 16 Exhibit U, # 17 Exhibit V, # 18 Exhibit W, # 19 Exhibit X, # 20 Exhibit Y, # 21 Exhibit Z, # 22 Exhibit AA, # 23 Exhibit BB, # 24 Exhibit CC, # 25 Exhibit DD, # 26 Exhibit EE, # 27 Exhibit FF, # 28 Exhibit GG, # 29 Exhibit HH, # 30 Exhibit II, # 31 Exhibit JJ, # 32 Exhibit KK, # 33 Exhibit LL, # 34 Exhibit MM, # 35 Exhibit NN, # 36 Exhibit OO, # 37 Exhibit PP, # 38 Exhibit QQ)(Erbach, John) (Entered: 02/11/2019) |
| 02/11/2019 | 367 | Memorandum in Support re 364 MOTION to Seal filed by Matt Martorello. (Erbach, John) (Entered: 02/11/2019) |
| 02/11/2019 | 368 | Memorandum in Opposition re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS, # 46 Exhibit TT, # 47 Exhibit UU)(Erbach, John) (Entered: 02/11/2019) |
| 02/12/2019 | 369 | ORDER of USCA as to 135 Notice of Appeal filed by Big Picture Loans, LLC, Ascension Technologies, Inc. : Upon consideration of appellants motion to stay and motion to exceed type-volume limitation, and defendants motion for leave to intervene, the court denies the motions. (lbre, ) (Entered: 02/12/2019) |
| 02/15/2019 | 370 | Consent MOTION for Extension of Time to File Response/Reply as to 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 02/15/2019) |
| 02/15/2019 | 371 | Memorandum in Support re 370 Consent MOTION for Extension of Time to File Response/Reply as to 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/15/2019) |
| 02/15/2019 | 372 | ORDER granting 370 Motion for Extension of Time to File Response/Reply re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* Replies due by 2/26/2019. Signed by Magistrate Judge David J. Novak on 02/15/2019. (tjoh, ) (Entered: 02/15/2019) |
| 02/18/2019 | 373 | Motion to appear Pro Hac Vice by William Ojile and Certification of Local Counsel John Michael Erbach Filing fee $ 75, receipt number 0422-6498486. by Matt Martorello. (Erbach, John) (Entered: 02/18/2019) |
| 02/19/2019 | 374 | REPLY to Response to Motion re 332 MOTION for Protective Order *Regarding Defendant Martorello's Second Set of Interrogatories* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/19/2019) |
| 02/19/2019 | 375 | REPLY to Response to Motion re 334 MOTION to Overrule Martorello's Objections and Compel Discovery Responses filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Kelly, Kristi) (Entered: 02/19/2019) |

JA057

| | | |
|---|---|---|
| 02/19/2019 | 376 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 02/19/2019) |
| 02/19/2019 | 377 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 376 MOTION to Seal (Kelly, Kristi) (Entered: 02/19/2019) |
| 02/19/2019 | 378 | Sealed Document re 376 MOTION to Seal . (Attachments: # 1 Exhibit 5, # 2 Exhibit 6, # 3 Exhibit 7, # 4 Exhibit 11, # 5 Exhibit 12)(Kelly, Kristi) (Entered: 02/19/2019) |
| 02/19/2019 | 379 | Memorandum in Support re 376 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/19/2019) |
| 02/19/2019 | 380 | Consent MOTION to Modify Briefing Schedule by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 02/19/2019) |
| 02/19/2019 | 381 | Memorandum in Support re 380 Consent MOTION to Modify Briefing Schedule filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/19/2019) |
| 02/21/2019 | 382 | Consent MOTION for Leave to File *Corrected Memorandum and Related Relief* by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 02/21/2019) |
| 02/21/2019 | 383 | Memorandum in Support re 382 Consent MOTION for Leave to File *Corrected Memorandum and Related Relief* filed by Matt Martorello. (Attachments: # 1 Exhibit A) (Erbach, John) (Entered: 02/21/2019) |
| 02/25/2019 | 384 | ORDER granting 373 Motion for Pro hac vice. William Ojile appointed for Matt Martorello. Signed by District Judge Robert E. Payne on 2/22/2019. (jsmi, ) (Entered: 02/25/2019) |
| 02/26/2019 | 385 | ORDER that DEFENDANT'S 364 MOTION TO FILE UNDER SEAL is granted and DEFENDANT MATT MARTORELLO'S 366 MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 2/25/2019. (jsmi, ) (Entered: 02/26/2019) |
| 02/26/2019 | 386 | ORDER that Defendant's 340 Consent Motion For Leave To File Corrected Memorandum In Opposition To Plaintiffs' Motion To Compel Information Withheld On The Basis Of Attorney-Client Privilege And Modify Briefing Schedule is GRANTED. Plaintiffs shall have until March 5, 2019, to file their reply brief in support of their Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege. Signed by District Judge Robert E. Payne on 2/25/2019. (jsmi, ) (Entered: 02/26/2019) |
| 02/26/2019 | 387 | ORDER that this Court hereby grants Plaintiffs' Consent Motion to Modify Briefing Schedule. It is hereby ordered that Plaintiffs shall file any necessary motion to compel regarding Rosette's production on or before March 5,2019; Rosette shall file any response to the Plaintiffs' motion to compel on or before March 19, 2019, and the Plaintiffs' shall file any reply to their motion to compel on or before March 26, 2019. Signed by District Judge Robert E. Payne on 2/25/2019. (jsmi, ) (Entered: 02/26/2019) |
| 02/27/2019 | 388 | Sealed Response/Reply/Opposition re 386 Order on Motion to Compel,. (Erbach, John) (Entered: 02/27/2019) |
| 02/27/2019 | 389 | Memorandum in Opposition re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege (filed per Order at Dkt. No. 386)* filed by Matt |

JA058

| | | Martorello. (Erbach, John) (Entered: 02/27/2019) |
|---|---|---|
| 03/01/2019 | 390 | Consent MOTION for Extension *of Deadline to File ESI Protocol* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/01/2019) |
| 03/01/2019 | 391 | Memorandum in Support re 390 Consent MOTION for Extension *of Deadline to File ESI Protocol* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/01/2019) |
| 03/04/2019 | 392 | MOTION for Entry of Order Allowing Production of Consumer Reports by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/04/2019) |
| 03/05/2019 | 393 | Consent MOTION to Modify Briefing Schedule by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 03/05/2019) |
| 03/05/2019 | 394 | Memorandum in Support re 393 Consent MOTION to Modify Briefing Schedule filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/05/2019) |
| 03/05/2019 | 395 | RESPONSE in Support re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Placeholder (filed under seal), # 2 Exhibit 2 - Placeholder (filed under seal), # 3 Exhibit 3 - Feb. 2016 Loan Agreement, # 4 Exhibit 4 - Placeholder (filed under seal), # 5 Exhibit 5 - Placeholder (filed under seal), # 6 Exhibit 6 - Placeholder (filed under seal), # 7 Exhibit 7 - Placeholder (filed under seal), # 8 Exhibit 8 - Placeholder (filed under seal), # 9 Exhibit 9 - Placeholder (filed under seal), # 10 Exhibit 10 - Placeholder (filed under seal), # 11 Exhibit 11 - Placeholder (filed under seal), # 12 Exhibit 12 - Placeholder (filed under seal), # 13 Exhibit 13 - Placeholder (filed under seal), # 14 Exhibit 14 - Placeholder (filed under seal), # 15 Exhibit 15 - Placeholder (filed under seal), # 16 Exhibit 16 - Placeholder (filed under seal), # 17 Exhibit 17 - Placeholder (filed under seal), # 18 Exhibit 18 - Placeholder (filed under seal), # 19 Exhibit 19 - Placeholder (filed under seal), # 20 Exhibit 20 - Placeholder (filed under seal), # 21 Exhibit 21 - Placeholder (filed under seal))(Kelly, Kristi) (Entered: 03/05/2019) |
| 03/05/2019 | 396 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/05/2019) |
| 03/05/2019 | 397 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 396 MOTION to Seal (Kelly, Kristi) (Entered: 03/05/2019) |
| 03/05/2019 | 398 | Sealed Attachment/Exhibit(s) re 396 MOTION to Seal . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14, # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 18, # 18 Exhibit 19, # 19 Exhibit 20, # 20 Exhibit 21)(Kelly, Kristi) (Entered: 03/05/2019) |
| 03/05/2019 | 399 | Memorandum in Support re 396 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/05/2019) |
| 03/06/2019 | 400 | ORDER this Court hereby grants Plaintiffs' Consent 390 Motion for Extension of the Deadline to File ESI Protocol. It is hereby ordered that Plaintiffs and Defendant Matthew Martorello shall file their ESI Protocol, in accordance with the requirements |

| | | |
|---|---|---|
| | | outlined in the Court's January 23, 2019 326 Order, on or before March 22, 2019. Signed by District Judge Robert E. Payne on 3/6/2019. (jsmi, ) (Entered: 03/06/2019) |
| 03/06/2019 | 401 | ORDER that 376 MOTION TO SEAL is granted and Exhibits 2, 5, 6, 7, 11 and 12 to the PLAINTIFFS' 378 REPLY IN SUPPORT OF THEIR MOTION TO OVERRULE MARTORELLO'S OBJECTIONS AND COMPEL DISCOVERY RESPONSES are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/6/2019. (jsmi, ) (Entered: 03/06/2019) |
| 03/06/2019 | 402 | ORDER that this Court hereby grants Plaintiffs' 393 Consent Motion to Modify Briefing Schedule. It is hereby ordered that Plaintiffs shall file any necessary motion to compel regarding Rosette's production on or before March 7,2019; Rosette shall file any response to the Plaintiffs' motion to compel on or before March 21, 2019, and the Plaintiffs' shall file any reply to their motion to compel on or before March 28, 2019.. Signed by District Judge Robert E. Payne on 3/6/2019. (jsmi, ) (Entered: 03/06/2019) |
| 03/07/2019 | 403 | MOTION for Leave to File *Supplemental Authority In Support of Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 404 | Memorandum in Support re 403 MOTION for Leave to File *Supplemental Authority In Support of Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 405 | MOTION to Compel *Response to Subpoena Issued to Rosette, LLP* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 406 | Memorandum in Support re 405 MOTION to Compel *Response to Subpoena Issued to Rosette, LLP* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 407 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 408 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 407 MOTION to Seal (Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 409 | Sealed Document re 407 MOTION to Seal . (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 410 | Memorandum in Support re 407 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 411 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 412 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 411 MOTION to Seal (Kelly, Kristi) |

JA060

| | | (Entered: 03/07/2019) |
|---|---|---|
| 03/07/2019 | 413 | Sealed Document re 411 MOTION to Seal . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kelly, Kristi) (Entered: 03/07/2019) |
| 03/07/2019 | 414 | Memorandum in Support re 411 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/07/2019) |
| 03/13/2019 | 415 | MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 3/12/2019. (jsmi, ) (Entered: 03/13/2019) |
| 03/13/2019 | 416 | ORDER that the plaintiffs' 303 MOTION FOR ENTRY OF ORDER is granted. It is further ORDERED that TranDotCom Solutions, LLC, shall segregate and preserve the data that it has agreed to produce and, by March 30, 2019, file a pleading in this Court certifying under oath that it has segregated and preserved the data that it has agreed to produce so that the data can be produced after the Court decides the pending motion for class certification. Signed by District Judge Robert E. Payne on 3/12/2019. (jsmi, ) (Entered: 03/13/2019) |
| 03/19/2019 | 417 | ORDER that 396 MOTION TO SEAL is granted and PLAINTIFFS' 398 REPLY IN SUPPORT OF MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/18/2019. (jsmi, ) (Entered: 03/19/2019) |
| 03/19/2019 | 418 | ORDER that 407 MOTION TO SEAL is granted and the PLAINTIFFS' 409 MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL RESPONSE TO SUBPOENA ISSUED TO ROSETTE, LLP and Exhibits 2, 3, 4, 5, 6, and 7 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/18/2019. (jsmi, ) (Entered: 03/19/2019) |
| 03/19/2019 | 419 | ORDER that 411 MOTION TO SEAL is granted and the plaintiffs' 413 MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE and Exhibits 1, 2, 3 and 4 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/18/2019. (jsmi, ) (Entered: 03/19/2019) |
| 03/19/2019 | 420 | Memorandum in Opposition re 392 MOTION for Entry of Order Allowing Production of Consumer Reports filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(St. George, Timothy) (Entered: 03/19/2019) |
| 03/21/2019 | 421 | Memorandum in Opposition re 403 MOTION for Leave to File *Supplemental Authority In Support of Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege (Redacted Version)* filed by Matt Martorello. (Attachments: # 1 Exhibit VV, # 2 Exhibit WW, # 3 Exhibit XX, # 4 Exhibit YY, # 5 Exhibit ZZ, # 6 Exhibit AAA, # 7 Exhibit BBB, # 8 Exhibit CCC, # 9 Exhibit DDD, # 10 Exhibit EEE, # 11 Exhibit FFF, # 12 Exhibit GGG, # 13 Exhibit HHH, # 14 Exhibit III, # 15 Exhibit JJJ, # 16 Exhibit KKK, # 17 Exhibit LLL, # 18 Exhibit MMM, # 19 Exhibit NNN, # 20 Exhibit OOO, # 21 Exhibit PPP, # 22 Exhibit QQQ)(Erbach, John) (Entered: 03/21/2019) |
| 03/21/2019 | 422 | MOTION to Seal *Unredacted Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority and Exhibits VV, XX, YY, ZZ, AAA, BBB, CCC, FFF, GGG, HHH, KKK, and OOO thereto* by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 03/21/2019) |

JA061

| 03/21/2019 | 423 | Memorandum in Support re 422 MOTION to Seal *Unredacted Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority and Exhibits VV, XX, YY, ZZ, AAA, BBB, CCC, FFF, GGG, HHH, KKK, and OOO thereto* filed by Matt Martorello. (Erbach, John) (Entered: 03/21/2019) |
|---|---|---|
| 03/21/2019 | 424 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 422 MOTION to Seal *Unredacted Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority and Exhibits VV, XX, YY, ZZ, AAA, BBB, CCC, FFF, GGG, HHH, KKK, and OOO thereto* (Erbach, John) (Entered: 03/21/2019) |
| 03/21/2019 | 425 | Sealed Response/Reply/Opposition re 422 MOTION to Seal *Unredacted Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority and Exhibits VV, XX, YY, ZZ, AAA, BBB, CCC, FFF, GGG, HHH, KKK, and OOO thereto*, 403 MOTION for Leave to File *Supplemental Authority In Support of Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege*. (Attachments: # 1 Exhibit VV, # 2 Exhibit XX, # 3 Exhibit YY, # 4 Exhibit ZZ, # 5 Exhibit AAA, # 6 Exhibit BBB, # 7 Exhibit CCC, # 8 Exhibit FFF, # 9 Exhibit GGG, # 10 Exhibit HHH, # 11 Exhibit KKK, # 12 Exhibit OOO)(Erbach, John) (Entered: 03/21/2019) |
| 03/22/2019 | 426 | DISREGARD-FILED IN ERROR: RESPONSE in Support re 392 MOTION for Entry of Order Allowing Production of Consumer Reports filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit Castle Payday now BPL, # 2 Exhibit Pepper Cash now BPL)(Bennett, Leonard) Modified on 3/22/2019 to seal document-counsel will refile corrected document (wtuc, ). (Entered: 03/22/2019) |
| 03/22/2019 | 427 | Consent MOTION for Extension *of Deadline to File ESI Protocol* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/22/2019) |
| 03/22/2019 | 428 | Memorandum in Support re 427 Consent MOTION for Extension *of Deadline to File ESI Protocol* filed by Dowin Coffy, George Hengle, Marcella P. Singh. (Bennett, Leonard) (Entered: 03/22/2019) |
| 03/22/2019 | | Notice of Correction re 426 Response in Support of Motion; DISREGARD document; attorney filed incorrect document containing sealed information; counsel will refile Notice, Motion to Seal, corrected sealed document and redacted document promptly. (jtho, ) (Entered: 03/22/2019) |
| 03/22/2019 | 429 | REPLY to Response to Motion re 392 MOTION for Entry of Order Allowing Production of Consumer Reports *(Corrected)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Bennett, Leonard) (Entered: 03/22/2019) |
| 03/22/2019 | 430 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/22/2019) |
| 03/22/2019 | 431 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 430 MOTION to Seal (Bennett, Leonard) (Entered: 03/22/2019) |
| 03/22/2019 | 432 | Sealed Document re 430 MOTION to Seal . (Attachments: # 1 Exhibit 4, # 2 Exhibit 5) (Bennett, Leonard) (Entered: 03/22/2019) |
| 03/22/2019 | 433 | Memorandum in Support re 430 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: |

| | | 03/22/2019 |
|---|---|---|
| 03/26/2019 | 434 | ORDER that plaintiffs' 427 CONSENT MOTION FOR EXTENSION OF DEADLINE TO FILE ESI PROTOCOL is granted. By April 1, 2019, the parties shall file a status report that describes their efforts to collect the electronically stored information ("ESI") relevant in this case; that states whether the parties have come to an agreement about what data must be collected and the methods of such collection; and that proposes a deadline for when the parties will file their proposed ESI protocol. Signed by District Judge Robert E. Payne on 3/26/2019. (jsmi, ) (Entered: 03/26/2019) |
| 03/26/2019 | 435 | ORDER PLAINTIFFS' 332 MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANT MARTORELLO'S SECOND SET OF INTERROGATORIES is granted; and, therefore, it is ORDERED that, because the defendant, Matt Martorello, served interrogatories in excess of those permitted by the Federal Rules of Civil Procedure without first obtaining leave of Court so to, the plaintiffs shall not be required to answer any of the interrogatories. It is further ORDERED that, by April 15, 2019, Martorello may serve on the plaintiffs a new set of interrogatories within the proper limits proscribed by the Federal Rules of Civil Procedure; provided, however, that none of those interrogatories may be contention interrogatories. See Order for further details. Signed by District Judge Robert E. Payne on 3/26/2019. (jsmi, ) (Entered: 03/26/2019) |
| 03/27/2019 | 436 | Reply to Response to Motion re 403 MOTION for Leave to File *Supplemental Authority In Support of Motion to Compel Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) Modified docket text on 4/1/2019 (smej, ). (Entered: 03/27/2019) |
| 03/27/2019 | 437 | MOTION to Strike Defendant Matt Martorello's Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/27/2019) |
| 03/27/2019 | 438 | Memorandum in Support re 437 MOTION to Strike Defendant Matt Martorello's Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/27/2019) |
| 03/28/2019 | 439 | ORDER - It is hereby ORDERED that, for good cause shown and in the interest of justice, the MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY CLIENT PRIVILEGE 403 is granted and the Court will consider the supplemental authority and information. Signed by District Judge Robert E. Payne on 03/28/2019. (smej, ) (Entered: 03/28/2019) |
| 03/28/2019 | 440 | ORDER - It is hereby ORDERED that the MOTION FOR ENTRY OF ORDER ALLOWING PRODUCTION OF CONSUMER REPORTS 392 is granted because it seeks relevant information from the consumer reporting agency, DataX, Ltd., and production of that information does not violate the Fair Credit Reporting Act. **SEE ORDER FOR DETAILS.** Signed by District Judge Robert E. Payne on 03/28/2019. (smej, ) (Entered: 03/28/2019) |
| 03/28/2019 | 441 | MEMORANDUM ORDER re 334 MOTION TO OVERRULE MARTORELLO'S OBJECTIONS AND COMPEL DISCOVERY RESPONSES is granted. The documents required to be produced by paragraphs (2) (A) through (J) shall be produced to counsel for plaintiffs by April 27, 2019 and shall be identified and keyed to the discovery request to which they are being produced; and the filing required by paragraphs (1)(B) shall be |

JA063

| | | |
|---|---|---|
| | | made by April 29, 2019. See Order for additional details. Signed by District Judge Robert E. Payne on 3/28/2019. (jsmi, ) (Entered: 03/28/2019) |
| 03/28/2019 | 442 | REDACTED REPLY in Support re 405 MOTION to Compel *Response to Subpoena Issued to Rosette, LLP* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Jan. 15, 2019 Hr'g Trans., # 2 Exhibit 2 - Placeholder, # 3 Exhibit 3 - Placeholder, # 4 Exhibit 4 - Placeholder, # 5 Exhibit 5 - Placeholder, # 6 Exhibit 6 - July 2018 Initial Pretrial Conf. Trans.)(Kelly, Kristi) Modified to correct docket text on 4/1/2019 (smej, ). (Entered: 03/28/2019) |
| 03/28/2019 | 443 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/28/2019) |
| 03/28/2019 | 444 | Memorandum in Support re 443 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/28/2019) |
| 03/28/2019 | 445 | Sealed Attachment/Exhibit(s) re 443 MOTION to Seal . (Attachments: # 1 Exhibit 2 - Sealed Excerpt from Martorello Depo, # 2 Exhibit 3 - Sealed Excerpt from Merritt Deposition, # 3 Exhibit 4 - Sealed E-mail with Business Plan, # 4 Exhibit 5 - Sealed E-mail)(Kelly, Kristi) (Entered: 03/28/2019) |
| 03/28/2019 | 446 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 443 MOTION to Seal (Kelly, Kristi) (Entered: 03/28/2019) |
| 03/29/2019 | 447 | ORDER that DEFENDANT MARTORELLO'S 268 MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION is denied. See Order for additional details. Signed by District Judge Robert E. Payne on 3/28/2019. (jsmi, ) (Entered: 03/29/2019) |
| 03/29/2019 | 448 | Consent MOTION for Extension *of Deadline for TranDotCom Filing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 03/29/2019) |
| 03/29/2019 | 449 | Memorandum in Support re 448 Consent MOTION for Extension *of Deadline for TranDotCom Filing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 03/29/2019) |
| 03/29/2019 | 450 | ORDER that PLAINTIFFS' 437 MOTION TO STRIKE DEFENDANT MATT MARTORELLO'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY is denied as moot because by 439 ORDER the Court granted the plaintiffs' 403 Motion for Leave to File Supplemental Authority. Signed by District Judge Robert E. Payne on 3/29/2019. (jsmi, ) (Entered: 03/29/2019) |
| 04/01/2019 | 451 | STATUS REPORT *(Joint) Regarding ESI Protocol* by Matt Martorello. (Mullins, Maurice) (Entered: 04/01/2019) |
| 04/02/2019 | 452 | ORDER that for good cause shown, this Court hereby grants Plaintiffs' 448 Consent Motion for Extension of the Deadline for TranDotCom Filing. It is hereby ordered that TranDotCom Solutions, LLC, in accordance with the requirements outlined in the Court's March 13, 2019 Order (ECF No. 416 ), shall segregate and preserve the data for production and file a pleading certifying the same on or before April 12, 2019. It is so ORDERED. Signed by District Judge Robert E. Payne on 04/02/2019. (walk, ) (Entered: 04/02/2019) |
| 04/03/2019 | 453 | MOTION For Leave to File a Sur-Reply re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* by Matt Martorello. (Mullins, |

JA064

| | | |
|---|---|---|
| | | Maurice) (Entered: 04/03/2019) |
| 04/03/2019 | 454 | ORDER re 422 DEFENDANT'S MOTION TO FILE UNDER SEAL HIS UNREDACTED RESPONSE AND EXHIBITS VV, XX, YY, ZZ, AAA, BBB, CCC, FFF, GOG, HHH, KKK, AND 000 IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY. It is hereby ORDERED that henceforth no document shall be entered for filing under seal unless the terms of 19 STIPULATED PROTECTIVE ORDER have been satisfied and there has been a demonstration by the Defendants that, in fact, specific information in a document is entitled to protection because it is truly confidential business information or a trade secret and by a certification of counsel for the Plaintiffs wherein counsel agrees that the specified information is confidential business information or a trade secret. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 4/3/2019. (jsmi, ) (Entered: 04/03/2019) |
| 04/03/2019 | 455 | Memorandum in Support re 453 MOTION For Leave to File a Sur-Reply re 340 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Matt Martorello. (Attachments: # 1 Exhibit Proposed Sur-Reply, # 2 Exhibit RRR, # 3 Exhibit SSS, # 4 Exhibit TTT, # 5 Exhibit UUU, # 6 Exhibit VVV, # 7 Exhibit WWW, # 8 Exhibit XXX, # 9 Exhibit YYY, # 10 Exhibit ZZZ, # 11 Exhibit AAAA, # 12 Exhibit BBBB, # 13 Exhibit CCCC, # 14 Exhibit DDDD, # 15 Exhibit EEEE, # 16 Exhibit FFFF, # 17 Exhibit GGGG, # 18 Exhibit HHHH, # 19 Exhibit IIII)(Mullins, Maurice) (Entered: 04/03/2019) |
| 04/03/2019 | 456 | MOTION to Seal by Matt Martorello. (Attachments: # 1 Proposed Order)(Mullins, Maurice) (Entered: 04/03/2019) |
| 04/03/2019 | 457 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 456 MOTION to Seal (Mullins, Maurice) (Entered: 04/03/2019) |
| 04/03/2019 | 458 | Memorandum in Support re 456 MOTION to Seal filed by Matt Martorello. (Mullins, Maurice) (Entered: 04/03/2019) |
| 04/03/2019 | 459 | Sealed Response/Reply/Opposition re 456 MOTION to Seal . (Attachments: # 1 Exhibit RRR, # 2 Exhibit SSS, # 3 Exhibit UUU, # 4 Errata WWW, # 5 Exhibit XXX, # 6 Exhibit ZZZ, # 7 Exhibit AAAA, # 8 Exhibit BBBB, # 9 Exhibit CCCC, # 10 Exhibit DDDD, # 11 Exhibit EEEE, # 12 Exhibit FFFF, # 13 Exhibit GGGG)(Mullins, Maurice) (Entered: 04/03/2019) |
| 04/05/2019 | 460 | ORDER re 451 JOINT STATUS REPORT REGARDING ESI PROTOCOL. The parties shall have until May 13, 2019 to complete the ESI Protocol and to submit to the Court for resolution any disputes over aspects of the Protocol as to which they cannot agree. To that end, on May 13, 2019, the parties shall file: (1) the ESI Protocol on which they have agreed; and (2) a list of topics as to which they are in disagreement and, as to the topics therein listed, the Plaintiffs shall file their Statement of Position on May 16, 2019; the Defendant shall file his response on May 21, 2019; and the Plaintiffs shall file their reply on May 24, 2019. Signed by District Judge Robert E. Payne on 4/5/2019. (jsmi, ) (Entered: 04/05/2019) |
| 04/05/2019 | 461 | ORDER that Defendant's 456 DEFENDANT'S MOTION TO FILE PROPOSED SURREPLY AND CERTAIN EXHIBITS IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE UNDER SEAL is denied as moot because the Court denied DEFENDANT MARTORELLO'S 453 MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE. Signed by District Judge Robert E. Payne on 4/5/2019. (jsmi, ) (Entered: 04/05/2019) |

| 04/05/2019 | 462 | ORDER that DEFENDANT MARTORELLO'S 453 MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE is denied. See Order for details. Signed by District Judge Robert E. Payne on 4/5/2019. (jsmi, ) (Entered: 04/05/2019) |
|---|---|---|
| 04/10/2019 | 463 | Reply to Motion re 443 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/10/2019) |
| 04/12/2019 | 464 | MOTION to Strike 395 Response in Support of Motion,,,,, by Matt Martorello. (Mullins, Maurice) (Entered: 04/12/2019) |
| 04/12/2019 | 465 | Memorandum in Support re 464 MOTION to Strike 395 Response in Support of Motion,,,,, filed by Matt Martorello. (Mullins, Maurice) (Entered: 04/12/2019) |
| 04/12/2019 | 466 | Second MOTION for Extension *of Deadline for TranDotCom Filing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 04/12/2019) |
| 04/12/2019 | 467 | Memorandum in Support re 466 Second MOTION for Extension *of Deadline for TranDotCom Filing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/12/2019) |
| 04/16/2019 | 468 | ORDER - This Court hereby grants Plaintiffs' Consent Motion for Extension of the Deadline for TranDotCom Filing 466 . It is hereby ordered that TranDotCom Solutions, LLC, in accordance with the requirements outlined in the Court's March 13, 2019 Order, shall segregate and preserve the data for production and file a pleading certifying the same on or before April 19, 2019. Signed by District Judge Robert E. Payne on 04/15/2019. (jsau, ) (Entered: 04/16/2019) |
| 04/16/2019 | 469 | NOTICE by Matt Martorello *Change of Address of Richard L. Scheff, Jonathan P. Boughram & Michael C. Witsch* (Erbach, John) (Entered: 04/16/2019) |
| 04/16/2019 | 470 | Memorandum in Opposition re 464 MOTION to Strike 395 Response in Support of Motion,,,,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Oct. 2013 Email Chain)(Kelly, Kristi) (Entered: 04/16/2019) |
| 04/19/2019 | 471 | Third MOTION for Extension *of Deadline for TranotCom Filing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 04/19/2019) |
| 04/19/2019 | 472 | Memorandum in Support re 471 Third MOTION for Extension *of Deadline for TranotCom Filing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/19/2019) |
| 04/22/2019 | 473 | REPLY to Response to Motion re 464 MOTION to Strike 395 Response in Support of Motion,,,,, filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Erbach, John) (Entered: 04/22/2019) |
| 04/23/2019 | 474 | ORDER that this Court hereby grants Plaintiffs' 471 Consent Motion for Extension of the Deadline for TranDotCom Filing. It is hereby ordered that TranDotCom Solutions, LLC, in accordance with the requirements outlined in the Court's 416 March 13, 2019 Order shall segregate and preserve the data for production and file a pleading certifying the same on or before May 3,2019. No further extension will be granted. Signed by District Judge Robert E. Payne on 4/23/2019. (jsmi, ) (Entered: 04/23/2019) |
| 04/24/2019 | 475 | MOTION for Leave to File *Supplemental Authority* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Gingras |

| | | Opinion, # 2 Proposed Order)(Kelly, Kristi) (Entered: 04/24/2019) |
|---|---|---|
| 04/24/2019 | 476 | Memorandum in Support re 475 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2019) |
| 05/03/2019 | 477 | Motion to appear Pro Hac Vice by Charles Palella and Certification of Local Counsel Maurice Mullins Jr. Filing fee $ 75, receipt number 0422-6623214. by Matt Martorello. (Mullins, Maurice) (Entered: 05/03/2019) |
| 05/03/2019 | 478 | VACATED PER 954 ORDER ENTERED ON 12/8/2020 - MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 05/03/2019. (smej, ) Modified on 12/8/2020 (jsmi, ). (Entered: 05/03/2019) |
| 05/03/2019 | 479 | VACATED PER 954 ORDER ENTERED ON 12/8/2020 - ORDER - It is hereby ORDERED that: The PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE 340 is granted in part and denied in part; and Further, having considered DEFENDANT MATT MARTORELLO'S MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS 464 and the supporting, opposing, and reply memoranda, it is hereby ORDERED that the motion is denied. SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 05/03/2019. (smej, ) Modified on 12/8/2020 (jsmi, ). (Entered: 05/03/2019) |
| 05/03/2019 | 480 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 416 Order on Motion for Miscellaneous Relief,, (Attachments: # 1 Exhibit TranDotCom Certification)(Bennett, Leonard) (Entered: 05/03/2019) |
| 05/08/2019 | 481 | Memorandum in Opposition re 475 MOTION for Leave to File *Supplemental Authority* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Erbach, John) (Entered: 05/08/2019) |
| 05/09/2019 | 482 | Response *Regarding Rosette, LLP's Citation of Supplemental Authority* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/09/2019) |
| 05/10/2019 | 483 | ORDER granting 477 Motion for Pro hac vice. Charles Palella appointed for Matt Martorello. Signed by District Judge Robert E. Payne on 5/9/2019. (jsmi, ) (Entered: 05/10/2019) |
| 05/13/2019 | 484 | Response to 481 Memorandum in Opposition filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/13/2019) |
| 05/13/2019 | 485 | STATUS REPORT *(Joint Submission Regarding ESI Protocol)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/13/2019) |
| 05/16/2019 | 486 | MOTION for Reconsideration re 479 Order on Motion to Compel,,, Order on Motion to Strike,, by Matt Martorello. (Erbach, John) (Entered: 05/16/2019) |
| 05/16/2019 | 487 | Memorandum in Support re 486 MOTION for Reconsideration re 479 Order on Motion to Compel,,, Order on Motion to Strike,, filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Erbach, John) (Entered: 05/16/2019) |
| 05/16/2019 | 488 | MOTION for Sanctions *for Failure to Comply with Court Order Dated May 3, 2019* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 05/16/2019) |

JA067

| | | |
|---|---|---|
| 05/16/2019 | 489 | Memorandum *Regarding ESI Disputes* to 460 Order,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit Declaration of E. Michelle Drake, # 2 Exhibit "1", # 3 Exhibit "2", # 4 Exhibit "3", # 5 Exhibit "4", # 6 Exhibit "5" FILED UNDER SEAL, # 7 Exhibit "6", # 8 Exhibit "7", # 9 Exhibit "8", # 10 Exhibit "9", # 11 Exhibit "10", # 12 Exhibit "11" FILED UNDER SEAL, # 13 Exhibit "12")(Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 490 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 491 | Memorandum in Support re 490 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 492 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 490 MOTION to Seal , 491 Memorandum in Support, 489 Memorandum,, (Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 493 | Sealed Memorandum in Support re 489 Memorandum,,. (Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 494 | Sealed Attachment/Exhibit(s) re 490 MOTION to Seal , 491 Memorandum in Support, 492 Notice of Filing Sealing Motion LCvR5(C), 489 Memorandum,,. (Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 495 | Sealed Attachment/Exhibit(s) re 490 MOTION to Seal , 491 Memorandum in Support, 492 Notice of Filing Sealing Motion LCvR5(C), 489 Memorandum,,. (Bennett, Leonard) (Entered: 05/16/2019) |
| 05/16/2019 | 496 | Memorandum in Support re 488 MOTION for Sanctions *for Failure to Comply with Court Order Dated May 3, 2019* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Oct. 2013 Email Chain, # 2 Exhibit 2 - Dec. 2012 Email Chain)(Bennett, Leonard) (Entered: 05/16/2019) |
| 05/20/2019 | 497 | NOTICE of Appearance by William Henry Hurd on behalf of Ascension Technologies, Inc., Big Picture Loans, LLC (Hurd, William) (Entered: 05/20/2019) |
| 05/20/2019 | 498 | NOTICE OF FILING by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Main Document 498 replaced on 5/22/2019) (jsmi, ). (Additional attachment(s) added on 5/22/2019: # 1 Proposed Scheduling Order) (jsmi, ) (Entered: 05/20/2019) |
| 05/21/2019 | | Notice of Correction re 498 NOTICE. Filing attorney notified that Proposed Order should be filed as attachment to the Notice. (jsmi, ) (Entered: 05/21/2019) |
| 05/21/2019 | 499 | MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 479 Order on Motion to Compel,,, Order on Motion to Strike,, 478 Memorandum Opinion by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 05/21/2019) |
| 05/21/2019 | 500 | MOTION to Stay re 479 Order on Motion to Compel,,, Order on Motion to Strike,, 478 Memorandum Opinion *(Stay Pending Interlocutory Appeal and/or Decision on a Petition for Writ of Mandamus)* by Matt Martorello. (Attachments: # 1 Proposed Order) (Erbach, John) (Entered: 05/21/2019) |
| 05/21/2019 | 501 | Memorandum in Support re 499 MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 479 Order on Motion to Compel,,, Order on Motion to Strike,, 478 Memorandum Opinion , 500 MOTION to Stay re 479 Order on Motion to Compel,,, |

JA068

| | | |
|---|---|---|
| | | Order on Motion to Strike,, <u>478</u> Memorandum Opinion *(Stay Pending Interlocutory Appeal and/or Decision on a Petition for Writ of Mandamus)* filed by Matt Martorello. (Erbach, John) (Entered: 05/21/2019) |
| 05/21/2019 | <u>502</u> | ORDER that the Court has reviewed the allegedly privileged documents in Binders 1 through 9 submitted by Martorello to assure that they are closely related to the subject matter waiver found in <u>478</u> MEMORANDUM OPINION and <u>479</u> ORDER, and to the basis for the criminal/fraud exception found therein. Martorello shall produce all documents in Binders 1 through 9 except those listed above as not closely related. Production shall be made within 10 days after the Court decides MATT MARTORELLO'S <u>479</u> MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR ORAL ARGUMENT. See Order for details. Signed by District Judge Robert E. Payne on 5/21/2019. (jsmi, ) (Entered: 05/21/2019) |
| 05/21/2019 | <u>503</u> | Response to <u>489</u> Memorandum,, *Matt Martorello's Response to Plaintiffs' Memorandum Regarding ESI Disputes* filed by Matt Martorello. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G) (Erbach, John) (Entered: 05/21/2019) |
| 05/23/2019 | <u>504</u> | Reply to <u>489</u> Memorandum,, *Regarding ESI Disputes* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Kelly, Kristi) (Entered: 05/23/2019) |
| 05/24/2019 | <u>505</u> | MOTION to Seal *Unredacted Memorandum in Support and Certain Exhibits in Support of Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration* by Matt Martorello. (Erbach, John) (Entered: 05/24/2019) |
| 05/24/2019 | <u>506</u> | Memorandum in Support re <u>505</u> MOTION to Seal *Unredacted Memorandum in Support and Certain Exhibits in Support of Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration* filed by Matt Martorello. (Entered: 05/24/2019) |
| 05/24/2019 | <u>507</u> | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re <u>505</u> MOTION to Seal *Unredacted Memorandum in Support and Certain Exhibits in Support of Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration* (Erbach, John) (Entered: 05/24/2019) |
| 05/24/2019 | <u>508</u> | Sealed Memorandum in Support re <u>505</u> MOTION to Seal *Unredacted Memorandum in Support and Certain Exhibits in Support of Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration*. (Attachments: # <u>1</u> Exhibit Tab A, # <u>2</u> Exhibit 3, # <u>3</u> Exhibit 9, # <u>4</u> Exhibit 10, # <u>5</u> Exhibit 12, # <u>6</u> Exhibit 13, # <u>7</u> Exhibit 14, # <u>8</u> Exhibit 15, # <u>9</u> Exhibit 16, # <u>10</u> Exhibit 19, # <u>11</u> Exhibit 20, # <u>12</u> Exhibit 21, # <u>13</u> Exhibit 22, # <u>14</u> Exhibit 23, # <u>15</u> Exhibit 24)(Erbach, John) (Entered: 05/24/2019) |
| 05/24/2019 | <u>509</u> | MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration* by Matt Martorello. (Attachments: # <u>1</u> Exhibit Tab A, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Exhibit 20, # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23, # <u>25</u> Exhibit 24, # <u>26</u> Exhibit 25, # <u>27</u> Exhibit 26, # <u>28</u> Exhibit 27, # <u>29</u> Exhibit 28)(Erbach, John) (Entered: 05/24/2019) |
| 05/24/2019 | <u>510</u> | Memorandum in Support re <u>509</u> MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration* filed by Matt Martorello. (Attachments: # <u>1</u> Exhibit Tab A, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # |

JA069

| | | |
|---|---|---|
| | | [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Exhibit 12, # [14](#) Exhibit 13, # [15](#) Exhibit 14, # [16](#) Exhibit 15, # [17](#) Exhibit 16, # [18](#) Exhibit 17, # [19](#) Exhibit 18, # [20](#) Exhibit 19, # [21](#) Exhibit 20, # [22](#) Exhibit 21, # [23](#) Exhibit 22, # [24](#) Exhibit 23, # [25](#) Exhibit 24, # [26](#) Exhibit 25, # [27](#) Exhibit 26, # [28](#) Exhibit 27, # [29](#) Exhibit 28)(Erbach, John) (Entered: 05/24/2019) |
| 05/24/2019 | [511](#) | ORDER having considered Plaintiffs' Memorandum Regarding ESI Disputes [489](#) , for the reasons stated on the record during conference call, it is hereby ORDERED that by May 29, 2019, Defendant Matt Martorello shall produce all documents that are responsive to search terms contained in "Exhibit 1" [489-2] of Plaintiffs' Memorandum Regarding ESI Disputes [489](#) . SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 5/24/19. (jtho, ) (Entered: 05/24/2019) |
| 05/24/2019 | [512](#) | Joint MOTION for Protective Order *Joint Motion to Enter Amended Stipulated Protective Order* by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # [1](#) Exhibit 1 (Proposed Amended Stipulated Protective Order))(Anthony, David) (Entered: 05/24/2019) |
| 05/28/2019 | [513](#) | MEMORANDUM ORDER that if Rosette, LLP fails to produce a privilege log by June 17, 2019, then the failure to produce such privilege log will be deemed as a waiver of any claim of privilege due to unjustified delay. The plaintiffs contend that Rosette already waived its ability to submit a privilege log based on its failure to produce a privilege log already. The plaintiffs shall brief that issue pursuant to a motion to compel if they wish to pursue it. The opening brief shall be filed by June 17, 2019; Rosette, LLP shall respond by July 1, 2019; and the reply brief shall be filed by July 10, 2019. The unredacted documents covered herein shall be produced to the plaintiffs by June 17, 2019. See Order for details. Signed by District Judge Robert E. Payne on 5/28/2019. (jsmi, ) (Entered: 05/28/2019) |
| 05/29/2019 | [514](#) | AMENDED STIPULATED PROTECTIVE ORDER. See Order for details. Signed by District Judge Robert E. Payne on 5/29/2019. (Attachments: # [1](#) Exhibit A) (jsmi, ) (Entered: 05/29/2019) |
| 05/29/2019 | [515](#) | MEMORANDUM ORDER re issues involving the collection of electronically stored information ("ESI") raised in PLAINTIFFS' MEMORANDUM REGARDING ESI DISPUTES (ECF Nos. 489 (redacted) and 493 (sealed)), the response thereto (ECF No. 503), and the reply (ECF No. 504). See Order for complete details and deadlines. Signed by District Judge Robert E. Payne on 5/29/2019. (jsmi, ) (Entered: 05/29/2019) |
| 05/30/2019 | [516](#) | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC *Defendants Big Picture Loans, LLC and Ascension Technologies, LLC's Statement of Position on Plaintiffs' Requested Rule 30(b)(6) Deposition Practice* (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(St. George, Timothy) (Entered: 05/30/2019) |
| 05/30/2019 | [517](#) | TRANSCRIPT of the conference call held on May 22, 2019, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/1/2019. Redacted Transcript Deadline set for 7/30/2019. Release of Transcript Restriction set for 8/28/2019.(peterson, peppy) **(Main Document 517 replaced on 7/19/2019)** (jtho, ). (Entered: 05/30/2019) |

| | | |
|---|---|---|
| 05/30/2019 | 518 | NOTICE of Appearance by Craig Crandall Reilly on behalf of Rosette, LLP, Justin Gray (Reilly, Craig) (Entered: 05/30/2019) |
| 05/30/2019 | 519 | Response to 498 NOTICE, *Statement of Position Opposing Deposition of Justin Gray, Esq.* filed by Justin Gray, Rosette, LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Reilly, Craig) (Entered: 05/30/2019) |
| 05/30/2019 | 520 | RESPONSE to Motion re 505 MOTION to Seal *Unredacted Memorandum in Support and Certain Exhibits in Support of Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration* filed by Rosette, LLP. (Reilly, Craig) (Entered: 05/30/2019) |
| 05/30/2019 | 521 | RESPONSE in Opposition re 488 MOTION for Sanctions *for Failure to Comply with Court Order Dated May 3, 2019* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Erbach, John) (Entered: 05/30/2019) |
| 05/30/2019 | 522 | Memorandum in Opposition re 486 MOTION for Reconsideration re 479 Order on Motion to Compel,,, Order on Motion to Strike,, filed by Dowin Coffy, George Hengle, Rosette, LLP, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Kelly, Kristi) (Attachment 3 replaced on 5/31/2019) (jsmi, ). (Entered: 05/30/2019) |
| 05/30/2019 | 523 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams *(Statement of Position Regarding Spoliation Discovery)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kelly, Kristi) (Entered: 05/31/2019) |
| 05/31/2019 | 524 | MOTION for Leave to Serve Requests for Production and Third-Party Subpoenas by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/31/2019) |
| 05/31/2019 | 525 | Memorandum in Support re 524 MOTION for Leave to Serve Requests for Production and Third-Party Subpoenas filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Kelly, Kristi) (Entered: 05/31/2019) |
| 05/31/2019 | 526 | NOTICE by Dowin Coffy, Justin Gray, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 454 Order,,, *Plaintiffs' Submission Regarding Sealing Documents Relating to Pending Motions* (Bennett, Leonard) (Entered: 05/31/2019) |
| 05/31/2019 | 527 | Response to 454 Order,,, *Martorello's Statement Regarding Sealed Exhibits in Response to April 3, 2019 Order* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Erbach, John) (Entered: 05/31/2019) |
| 05/31/2019 | 528 | MOTION for Reconsideration re 515 Order, 511 Order, *Partial Reconsideration of Memorandum Order (ECF No. 515) and Clarification or Modification of Memorandum Order (ECF No. 515) and Order (ECF No. 511)* by Matt Martorello. (Erbach, John) (Entered: 05/31/2019) |
| 05/31/2019 | 529 | Memorandum in Support re 528 MOTION for Reconsideration re 515 Order, 511 Order, *Partial Reconsideration of Memorandum Order (ECF No. 515) and Clarification or Modification of Memorandum Order (ECF No. 515) and Order (ECF No. 511)* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Erbach, John) (Entered: 05/31/2019) |

JA071

| | | |
|---|---|---|
| 06/03/2019 | 530 | Consent MOTION for Extension of Time to File Response/Reply as to 486 MOTION for Reconsideration re 479 Order on Motion to Compel,,, Order on Motion to Strike,, , 522 Memorandum in Opposition,, by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 06/03/2019) |
| 06/04/2019 | 531 | ORDER that 530 CONSENT MOTION FOR EXTENSION OF TIME TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION is granted. It is further ORDERED that the defendant. Matt Martorello, shall file his reply in support of his 486 Motion for Reconsideration by June 12, 2019. Signed by Magistrate Judge David J. Novak on 6/4/2019. (jsmi, ) (Entered: 06/04/2019) |
| 06/04/2019 | 532 | Opposition to 499 MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 479 Order on Motion to Compel,,, Order on Motion to Strike,, 478 Memorandum Opinion filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/04/2019) |
| 06/05/2019 | 533 | REPLY to Response to Motion re 488 MOTION for Sanctions *for Failure to Comply with Court Order Dated May 3, 2019* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Taylor Order, # 2 Exhibit 2 - Davis Order, # 3 Exhibit 3 - Tamblay Order, # 4 Exhibit 4 - Oct. 29, 2013 E-mail, # 5 Exhibit 5 - Aug. 12, 2013 E-mail, # 6 Exhibit 6 - Nov. 4, 2014 E-mail, # 7 Exhibit 7 - Gravel Depo. Excerpt)(Kelly, Kristi) (Entered: 06/05/2019) |
| 06/06/2019 | 534 | ORDER that this matter is before the Court on MATT MARTORELLO'S MOTION FOR RECONSIDERATION OF ORDER, ECF NO. 479 , GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR ORAL ARGUMENT (ECF No. 486 ). Having considered MATT MARTORELLO'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER, ECF NO. 479 , GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASISOF ATTORNEY-CLIENT PRIVILEGE (ECF No. 487 ), it is hereby ORDERED that, by June 11, 2019, the plaintiffs shall file a response to Martorello's contention that the Court erred in holding that Bellicose was the funding source of Red Rock's loans and that the plaintiffs have alleged that there are other funding sources for Red Rock's loans. See Memorandum Opinion (ECF No. 378 ) at 5 n.2; MATT MARTORELLO'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER, ECF NO. 479 , GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE (ECF No. 487 ) at 2 n.1. It is so ORDERED. Signed by Magistrate Judge David J. Novak on 06/06/2019. (walk, ) (Entered: 06/06/2019) |
| 06/07/2019 | 535 | RESPONSE to Motion re 505 MOTION to Seal *Unredacted Memorandum in Support and Certain Exhibits in Support of Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration*, 486 MOTION for Reconsideration re 479 Order on Motion to Compel,,, Order on Motion to Strike,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/07/2019) |
| 06/07/2019 | 536 | Memorandum *Martorello's Opening Brief Explaining Why He Is Entitled To Proceed With A Privilege Review* to 515 Order, filed by Matt Martorello. (Erbach, John) (Entered: 06/07/2019) |
| 06/07/2019 | 537 | RESPONSE to Motion re 509 MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration* filed by Dowin Coffy, George Hengle, Marcella |

| | | |
|---|---|---|
| | | P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Weddle Depo Excerpt)(Kelly, Kristi) (Entered: 06/07/2019) |
| 06/07/2019 | 538 | Response to 534 Order,,,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Jan. 2012 Loan Agreement, # 2 Exhibit 2 - Organization Charts, # 3 Exhibit 3 - Dec. 2016 E-mail, # 4 Exhibit 4 - Sept. 2015 Merger, # 5 Exhibit 5 - Dec. 2014 Promissory Note, # 6 Exhibit 6 - Nov. 2013 Promissory Note, # 7 Exhibit 7 - Nov. 2013 Promissory Note, # 8 Exhibit 8 - Aug. 2014 Promissory Note)(Kelly, Kristi) (Entered: 06/07/2019) |
| 06/07/2019 | 539 | MOTION for Protective Order *Regarding Plaintiffs' Demand for Second Deposition of Matt Martorello Related to Alleged Spoliation Issues* by Matt Martorello. (Erbach, John) (Entered: 06/07/2019) |
| 06/07/2019 | 540 | Memorandum in Support re 539 MOTION for Protective Order *Regarding Plaintiffs' Demand for Second Deposition of Matt Martorello Related to Alleged Spoliation Issues* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Erbach, John) (Entered: 06/07/2019) |
| 06/10/2019 | 541 | REPLY to Response to Motion re 499 MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 479 Order on Motion to Compel,,, Order on Motion to Strike,, 478 Memorandum Opinion , 500 MOTION to Stay re 479 Order on Motion to Compel,,, Order on Motion to Strike,, 478 Memorandum Opinion *(Stay Pending Interlocutory Appeal and/or Decision on a Petition for Writ of Mandamus)* filed by Matt Martorello. (Erbach, John) (Entered: 06/10/2019) |
| 06/10/2019 | 542 | MOTION to Quash *in part Non-Party Subpoena or, in the Alternative, Motion for Protective Order* by Matt Martorello, Eventide Credit Acquisition Company, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Erbach, John) (Entered: 06/10/2019) |
| 06/10/2019 | 543 | MOTION for Protective Order *(in the Alternative to Motion to Quash)* by Eventide Credit Acquisition Company, LLC, Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Erbach, John) (Entered: 06/10/2019) |
| 06/10/2019 | 544 | Memorandum in Support re 543 MOTION for Protective Order *(in the Alternative to Motion to Quash)*, 542 MOTION to Quash *in part Non-Party Subpoena or, in the Alternative, Motion for Protective Order* filed by Eventide Credit Acquisition Company, LLC, Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Erbach, John) (Entered: 06/10/2019) |
| 06/12/2019 | 545 | REPLY to Response to Motion re 486 MOTION for Reconsideration re 479 Order on Motion to Compel,,, Order on Motion to Strike,, filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T)(Erbach, John) (Entered: 06/12/2019) |
| 06/13/2019 | 546 | Financial Interest Disclosure Statement (Local Rule 7.1) by Eventide Credit Acquisition Company, LLC. (Erbach, John) (Entered: 06/13/2019) |
| 06/13/2019 | 547 | REPLY to Response to Motion re 509 MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration* filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Erbach, John) (Entered: 06/13/2019) |
| 06/14/2019 | 548 | RESPONSE to Motion re 524 MOTION for Leave to Serve Requests for Production and Third-Party Subpoenas filed by Matt Martorello. (Erbach, John) (Entered: 06/14/2019) |

JA073

| 06/14/2019 | 549 | MOTION to Strike *Declaration of John Norman in Support of Motion for Reconsideration* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/14/2019) |
|---|---|---|
| 06/14/2019 | 550 | Memorandum in Support re 549 MOTION to Strike *Declaration of John Norman in Support of Motion for Reconsideration* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 (Rule 26(a)(2) Disclosure), # 2 Exhibit 2 (Norman Report))(Bennett, Leonard) (Entered: 06/14/2019) |
| 06/14/2019 | 551 | Memorandum in Opposition re 528 MOTION for Reconsideration re 515 Order, 511 Order, *Partial Reconsideration of Memorandum Order (ECF No. 515) and Clarification or Modification of Memorandum Order (ECF No. 515) and Order (ECF No. 511)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit Declaration of E. Michelle Drake)(Bennett, Leonard) (Entered: 06/14/2019) |
| 06/14/2019 | 552 | MOTION to Compel *Production of Documents and Information Withheld on the Basis of Attorney-Client Privilege* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew) (Entered: 06/14/2019) |
| 06/14/2019 | 553 | Memorandum in Support re 552 MOTION to Compel *Production of Documents and Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Oct. 2, 2017 Privilege Log, # 2 Exhibit 2 - Oct. 11, 2017 Privilege Log, # 3 Exhibit 3 - Weddle Depo. Excerpt)(Guzzo, Andrew) (Entered: 06/14/2019) |
| 06/14/2019 | 554 | MOTION to Strike 523 NOTICE, *Plaintiffs' Statement of Position* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 06/14/2019) |
| 06/14/2019 | 555 | Memorandum in Support re 554 MOTION to Strike 523 NOTICE, *Plaintiffs' Statement of Position* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 06/14/2019) |
| 06/17/2019 | 556 | MOTION to Compel *Documents Withheld by Rosette, LLP* by Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 06/17/2019) |
| 06/17/2019 | 557 | Memorandum in Support re 556 MOTION to Compel *Documents Withheld by Rosette, LLP* filed by George Hengle, Rosette, LLP, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Ex. 1, # 2 Ex. 2, # 3 Ex. 3, # 4 Ex. 4, # 5 Ex. 5, # 6 Ex. 6, # 7 Ex. 7, # 8 Ex. 8, # 9 Ex. 9)(Bennett, Leonard) (Entered: 06/17/2019) |
| 06/17/2019 | 558 | Response to 536 Memorandum filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Drake Decl.) (Guzzo, Andrew) (Entered: 06/17/2019) |
| 06/20/2019 | 559 | Reply to Motion re 524 MOTION for Leave to Serve Requests for Production and Third-Party Subpoenas *(REPLY IN SUPPORT)* filed by Dowin Coffy, Justin Gray, George Hengle, Marcella P. Singh. (Bennett, Leonard) (Entered: 06/20/2019) |
| 06/20/2019 | 560 | REPLY to Response to Motion re 528 MOTION for Reconsideration re 515 Order, 511 Order, *Partial Reconsideration of Memorandum Order (ECF No. 515) and Clarification or Modification of Memorandum Order (ECF No. 515) and Order (ECF No. 511)* filed by Matt Martorello. (Mullins, Maurice) (Entered: 06/20/2019) |
| 06/21/2019 | 561 | Consent MOTION for Extension of Time to File Response/Reply as to 554 MOTION to Strike 523 NOTICE, *Plaintiffs' Statement of Position* by Dowin Coffy, George Hengle, |

| | | Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 06/21/2019) |
|---|---|---|
| 06/21/2019 | 562 | Memorandum in Support re 561 Consent MOTION for Extension of Time to File Response/Reply as to 554 MOTION to Strike 523 NOTICE, *Plaintiffs' Statement of Position* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/21/2019) |
| 06/21/2019 | 563 | Opposition to 539 MOTION for Protective Order *Regarding Plaintiffs' Demand for Second Deposition of Matt Martorello Related to Alleged Spoliation Issues* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 (Martorello Dep. excerpts))(Bennett, Leonard) (Entered: 06/21/2019) |
| 06/21/2019 | 564 | MOTION for Leave to File *Reply to Plaintiffs' Response to Court's Order Dated June 6, 2019* by Matt Martorello. (Erbach, John) (Entered: 06/21/2019) |
| 06/21/2019 | 565 | Memorandum in Support re 564 MOTION for Leave to File *Reply to Plaintiffs' Response to Court's Order Dated June 6, 2019* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P)(Erbach, John) (Entered: 06/21/2019) |
| 06/24/2019 | 566 | MOTION for Protective Order by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 06/24/2019) |
| 06/24/2019 | 567 | Memorandum in Support re 566 MOTION for Protective Order filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(St. George, Timothy) (Entered: 06/24/2019) |
| 06/24/2019 | 568 | Reply to 515 Order, *Martorello's Reply Brief Explaining Why He Is Entitled To Proceed With A Privilege Review* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Erbach, John) (Entered: 06/24/2019) |
| 06/24/2019 | 569 | Memorandum in Opposition re 542 MOTION to Quash *in part Non-Party Subpoena or, in the Alternative, Motion for Protective Order* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26)(Guzzo, Andrew) (Entered: 06/24/2019) |
| 06/24/2019 | 570 | Memorandum in Opposition re 543 MOTION for Protective Order *(in the Alternative to Motion to Quash)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26)(Guzzo, Andrew) (Entered: 06/24/2019) |
| 06/24/2019 | 571 | Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* by Dowin Coffy, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Guzzo, Andrew) (Entered: 06/24/2019) |

JA075

| | | |
|---|---|---|
| 06/24/2019 | 572 | Memorandum in Support re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26)(Guzzo, Andrew) (Entered: 06/24/2019) |
| 06/25/2019 | 573 | ORDER that Plaintiff's 561 Motion for Extension of Time to File is granted. The plaintiffs shall file, by July 5, 2019, their response to DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC'S 554 MOTION TO STRIKE PLAINTIFFS' STATEMENT OF POSITION and the defendants shall file their reply by July 18, 2019. Signed by District Judge Robert E. Payne on 6/25/2019. (jsmi, ) (Entered: 06/25/2019) |
| 06/26/2019 | 574 | ORDER that the plaintiffs are directed to file a response to DEFENDANT MARTORELLO'S 564 MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO COURT'S ORDER DATED JUNE 6, 2019 by June 28, 2019, addressing whether Defendant Matt Martorello's attached proposed reply. No reply in support of DEFENDANT MARTORELLO'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO COURT'S ORDER DATED JUNE 6, 2019 is necessary. Signed by District Judge Robert E. Payne on 6/26/2019. (jsmi, ) (Entered: 06/26/2019) |
| 06/27/2019 | 575 | REPLY to Response to Motion re 539 MOTION for Protective Order *Regarding Plaintiffs' Demand for Second Deposition of Matt Martorello Related to Alleged Spoliation Issues* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 06/27/2019) |
| 06/28/2019 | 576 | RESPONSE in Opposition re 549 MOTION to Strike *Declaration of John Norman in Support of Motion for Reconsideration* filed by Matt Martorello. (Mullins, Maurice) (Entered: 06/28/2019) |
| 06/28/2019 | 577 | RESPONSE in Opposition re 552 MOTION to Compel *Production of Documents and Information Withheld on the Basis of Attorney-Client Privilege* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Mullins, Maurice) (Entered: 06/28/2019) |
| 06/28/2019 | 578 | Memorandum in Opposition re 564 MOTION for Leave to File *Reply to Plaintiffs' Response to Court's Order Dated June 6, 2019* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Bennett, Leonard) (Entered: 06/28/2019) |
| 07/01/2019 | 579 | REPLY to Response to Motion re 543 MOTION for Protective Order *(in the Alternative to Motion to Quash)*, 542 MOTION to Quash *in part Non-Party Subpoena or, in the Alternative, Motion for Protective Order* filed by Eventide Credit Acquisition Company, LLC, Matt Martorello. (Erbach, John) (Entered: 07/01/2019) |
| 07/01/2019 | 580 | Memorandum in Opposition re 556 MOTION to Compel *Documents Withheld by Rosette, LLP* filed by Rosette, LLP. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Reilly, Craig) (Entered: 07/01/2019) |
| 07/03/2019 | 581 | Opinion of USCA re 135 Notice of Appeal : Reversed and remanded with instructions by published opinion. (lbre, ) (Entered: 07/03/2019) |
| 07/03/2019 | 582 | USCA JUDGMENT as to 135 Notice of Appeal filed by Big Picture Loans, LLC, Ascension Technologies, Inc. In accordance with the decision of this court, the judgment |

| | | |
|---|---|---|
| | | of the district court is REVERSED. This case is REMANDED to the district court for further proceedings consistent with the court's decision. This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41. (lbre, ) (Entered: 07/03/2019) |
| 07/03/2019 | 583 | MOTION to Stay *Deadlines to File Responses to Big Picture and Ascension's Motion for Protective Order and Big Picture and Ascension's Motion to Strike Plaintiffs' Statement of Position* by Dowin Coffy, Justin Gray, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 07/03/2019) |
| 07/03/2019 | 584 | Memorandum in Support re 583 MOTION to Stay *Deadlines to File Responses to Big Picture and Ascension's Motion for Protective Order and Big Picture and Ascension's Motion to Strike Plaintiffs' Statement of Position* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 07/03/2019) |
| 07/05/2019 | 585 | REPLY to Response to Motion re 549 MOTION to Strike *Declaration of John Norman in Support of Motion for Reconsideration* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew) (Entered: 07/05/2019) |
| 07/05/2019 | 586 | REPLY to Response to Motion re 564 MOTION for Leave to File *Reply to Plaintiffs' Response to Court's Order Dated June 6, 2019* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Erbach, John) (Entered: 07/05/2019) |
| 07/08/2019 | 587 | MOTION to Stay re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 07/08/2019) |
| 07/08/2019 | 588 | Memorandum in Support re 587 MOTION to Stay re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 07/08/2019) |
| 07/08/2019 | 589 | Memorandum in Opposition re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Eventide Credit Acquisition Company, LLC, Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Mullins, Maurice) (Entered: 07/08/2019) |
| 07/09/2019 | 590 | RESPONSE to Motion re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Conner & Winters, LLC. (Durrette, Wyatt) (Entered: 07/09/2019) |
| 07/09/2019 | 591 | MOTION for Extension of Time to File Response/Reply as to 580 Memorandum in Opposition by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Hanes, Elizabeth) (Entered: 07/09/2019) |
| 07/10/2019 | 592 | ORDER that the Plaintiffs' 583 Motion to Stay is denied. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 7/10/2019. (jsmi, ) (Entered: 07/10/2019) |
| 07/10/2019 | 593 | ORDER that the TRIBAL DEFENDANTS' 587 MOTION TO STAY PLAINTIFFS' CROSS MOTION TO COMPEL AGAINST NON-PARTY CONNER & WINTERS, LLP is denied. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 7/10/2019. (jsmi, ) (Entered: 07/10/2019) |

JA077

| | | |
|---|---|---|
| 07/12/2019 | 594 | REPLY to Response to Motion re 552 MOTION to Compel *Production of Documents and Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Guzzo, Andrew) (Entered: 07/12/2019) |
| 07/12/2019 | 595 | ORDER - It is hereby ORDERED that the motion (ECF No. 591) is granted. It is further ORDERED that the plaintiffs shall file, by July 17, 2019, their reply (with respect to Non-Party Rosette, LLC only) in support of PLAINTIFFS' MOTION TO COMPEL (ECF No. 571). Their reply with respect to the defendants. Big Picture Loans, LLC and Ascension Technologies, Inc., shall be filed by August 14, 2019. (See ORDER, ECF No. 593). Signed by District Judge Robert E. Payne on 07/11/2019. (tjoh, ) (Entered: 07/12/2019) |
| 07/15/2019 | 596 | RESPONSE in Support re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew) (Entered: 07/15/2019) |
| 07/15/2019 | 597 | Reply to 589 Memorandum in Opposition,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew) (Entered: 07/15/2019) |
| 07/17/2019 | 598 | Reply to 580 Memorandum in Opposition filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Bennett, Leonard) (Entered: 07/17/2019) |
| 07/22/2019 | 599 | ORDER - It is hereby ORDERED that: By August 23, 2019, the parties to this case, other than Lula A. Williams, et al., shall file a Statement of Position ("SOP"), or, if appropriate, a motion, setting out their positions on: (a) the effect, if any, of the Fourth Circuit's Decision on further proceedings in this case. **SEE ORDER FOR DEADLINES AND DETAILS.** Signed by District Judge Robert E. Payne on 07/22/2019. (smej, ) (Entered: 07/22/2019) |
| 07/25/2019 | 600 | USCA Mandate re 135 Notice of Appeal : The judgment of this court, entered July 03, 2019, takes effect today. This constitutes the formal mandate of this court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. (lbre, ) (Entered: 07/25/2019) |
| 07/29/2019 | 601 | ORDER that the Statements of Position required by paragraph (1) entered on July 22, 2019, shall state positions in summary form and shall not exceed 7 pages in length. The response required in paragraph (2) of the July 22 Order shall not exceed 7 pages and the replies required in paragraph (2) of the July 22 Order shall not exceed 5 pages. It is furthe ORDERED that the Statements of Position required by paragraph (3) of the July 22 Order shall state positions in summary form and shall not exceed 7 pages in length. The response required in paragraph (4) of the July 22 Order shall not exceed 7 pages and the replies required in paragraph (4) of the July 22 Order shall not exceed 5 pages. Signed by Magistrate Judge David J. Novak. on 7/29/2019. (jsmi, ) (Entered: 07/29/2019) |
| 08/08/2019 | 602 | Response to 566 MOTION for Protective Order filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 08/08/2019) |
| 08/08/2019 | 603 | Opposition to 554 MOTION to Strike 523 NOTICE of *Plaintiffs' Statement of Position* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew). Modified docket entry on 08/09/2019. (walk, ). (Entered: 08/08/2019) |

| 08/12/2019 | 604 | MOTION for Entry of Judgment under Rule 54(b) *and* 58(d) by Ascension Technologies, Inc., Big Picture Loans, LLC. (Attachments: # 1 Exhibit 1 (Proposed Order))(Anthony, David) (Entered: 08/12/2019) |
| --- | --- | --- |
| 08/12/2019 | 605 | Memorandum in Support re 604 MOTION for Entry of Judgment under Rule 54(b) *and* 58(d) filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Anthony, David) (Entered: 08/12/2019) |
| 08/14/2019 | 606 | REPLY to Response to Motion re 554 MOTION to Strike 523 NOTICE, *Plaintiffs' Statement of Position* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 08/14/2019) |
| 08/15/2019 | 607 | MOTION for Extension of Time to File Response/Reply *Motion for Extension of Time to File Response to Plaintiffs' Cross Motion to Compel Against Non-Party Conner & Winters, LLP* by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 08/15/2019) |
| 08/15/2019 | 608 | Memorandum in Opposition re 607 MOTION for Extension of Time to File Response/Reply *Motion for Extension of Time to File Response to Plaintiffs' Cross Motion to Compel Against Non-Party Conner & Winters, LLP* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Aug. 8, 2019 Email)(Guzzo, Andrew) (Entered: 08/15/2019) |
| 08/15/2019 | 617 | MDL Hearing Order re: MDL No. 2906 - Section A (Designated for Oral Argument). Panel Hearing set for 9/26/19 in Los Angeles, CA. Notices of Presentation or Waiver of Oral Argument due on or before 9/9/19. Notice of Presentation or Waiver of Oral Argument form (JPML form 9) can be downloaded from website. Signed by Judge Sarah S. Vance, Chair, Panel on Multi-District Litigation on 8/15/19. (Attachments: # 1 MDL Advisory, ) (Entered: 08/28/2019) |
| 08/16/2019 | 609 | ORDER that DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLGOIES, LLC'S 566 MOTION FOR PROTECTIVE Order is denied as moot. See Order for details. Signed by District Judge Robert E. Payne on 8/15/2019. (jsmi, ) (Entered: 08/16/2019) |
| 08/21/2019 | 610 | REPLY to Response to Motion re 607 MOTION for Extension of Time to File Response/Reply *Motion for Extension of Time to File Response to Plaintiffs' Cross Motion to Compel Against Non-Party Conner & Winters, LLP* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 08/21/2019) |
| 08/23/2019 | 611 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC re 599 Order, *Defendants Big Picture Loans, LLC and Ascension Technologies, LLC's Statement of Position in Response to Court's July 22, 2019 Order [ECF No. 599]* (St. George, Timothy) (Entered: 08/23/2019) |
| 08/23/2019 | 612 | NOTICE by Ascension Technologies, Inc. re 599 Order, *(Joint Statement of Position of Brian McFadden and Simon Xu Liang)* (Attachments: # 1 Exhibit 1 (Hearing transcript excerpts))(St. George, Timothy) (Entered: 08/23/2019) |
| 08/23/2019 | 613 | NOTICE by Matt Martorello re 599 Order, 601 Order,,, *(Statement of Position)* (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 08/23/2019) |
| 08/26/2019 | 614 | MOTION for Extension of Time to File Response/Reply as to 604 MOTION for Entry of Judgment under Rule 54(b) *and* 58(d) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 08/26/2019) |

| | | |
|---|---|---|
| 08/26/2019 | 615 | Memorandum in Support re 614 MOTION for Extension of Time to File Response/Reply as to 604 MOTION for Entry of Judgment under Rule 54(b) *and 58(d)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1)(Bennett, Leonard) (Entered: 08/26/2019) |
| 08/26/2019 | 616 | RESPONSE in Opposition re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 08/26/2019) |
| 08/28/2019 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Conference Calls held on 8/28/2019. (cgar) (Entered: 09/03/2019) |
| 08/29/2019 | 618 | ORDER that 607 MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' CROSS MOTION TO COMPEL AGAINST NON-PARTY CONNER & WINTERS, LLP is granted. It is further ORDERED that the defendants, Big Picture Loans, LLC and Ascension Technologies, LLC, shall file their response to PLAINTIFFS' 571 CROSS MOTION TO COMPEL AGAINST NON-PARTY CONNER & WINTERS, LLP by August 26, 2019. Signed by District Judge Robert E. Payne on 8/29/2019. Filed nunc pro tunc August 15, 2019. (jsmi, ) (Entered: 08/29/2019) |
| 09/03/2019 | 619 | Reply to Motion re 571 Cross MOTION to Compel *Against Non-Party Conner & Winters, LLP* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 09/03/2019) |
| 09/03/2019 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak: Conference Call held on 9/3/2019. (cgar) (Entered: 09/03/2019) |
| 09/04/2019 | 620 | Memorandum in Opposition re 604 MOTION for Entry of Judgment under Rule 54(b) *and 58(d)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew) (Entered: 09/04/2019) |
| 09/06/2019 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak Conference Call held on 9/6/2019. (cgar) (Entered: 09/06/2019) |
| 09/10/2019 | 621 | REPLY to Response to Motion re 604 MOTION for Entry of Judgment under Rule 54(b) *and 58(d)* filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (Anthony, David) (Entered: 09/10/2019) |
| 09/10/2019 | 622 | MOTION for Leave to File *Supplemental Authority* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 09/10/2019) |
| 09/10/2019 | 623 | Memorandum in Support re 622 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1- Neff Opinion, # 2 Exhibit 2 - Davis Opinion) (Kelly, Kristi) (Entered: 09/10/2019) |
| 09/16/2019 | 624 | Response to 613 NOTICE *Matt Martorello's Statement of Position* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1")(Bennett, Leonard) (Entered: 09/16/2019) |
| 09/16/2019 | 625 | Response to 611 NOTICE, *Big Picture Loans, LLC's and Ascension Technologies, LLC's Statement of Position* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 09/16/2019) |
| 09/16/2019 | 626 | Response to 612 NOTICE *Brian McFadden's and Simon Liang's Joint Statement of Position* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula |

| | | Williams. (Bennett, Leonard) (Entered: 09/16/2019) |
|---|---|---|
| 09/20/2019 | 627 | ORDER that 607 MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' CROSS MOTION TO COMPEL AGAINST NON-PARTY CONNER & WINTERS, LLP is granted. The documents agreed to be produced (see ECF No. 607, paragraph 3) will be produced by September 20, 2019; and the 3,000 additional documents referred to in ECF No. 607, paragraph 4, will be reviewed and produced (or a privilege log served) by September 30, 2019. Signed by District Judge Robert E. Payne on 9/17/2019. (jsmi, ) (Entered: 09/20/2019) |
| 09/20/2019 | 628 | MDL ORDER DEEMING MOTION WITHDRAWN AND VACATING THE SEPTEMBER 26, 2019 HEARING SESSION ORDER (31 in CAN/5:18-cv-03476, 33 in GAN/1:18-cv-03217, 34 in MA/1:18-cv-12277, 54 in MDL No. 2906, 34 in OR/3:18-cv-01651, 31 in VAE/3:17-cv-00461, 32 in VAE/3:18-cv-00406, 43 in VAE/3:19-cv-00314), ( 1 in MDL No. 2906) THIS MDL IS CLOSED Signed by Clerk of the Panel John W. Nichols on 9/20/2019. Associated Cases: MDL No. 2906, CAN/5:18-cv-03476, GAN/1:18-cv-03217, MA/1:18-cv-12277, OR/3:18-cv-01651, VAE/3:17-cv-00461, VAE/3:18-cv-00406, VAE/3:19-cv-00314 (SM). Signed by Clerk on 09/20/2019. (jsmi, ) (Entered: 09/20/2019) |
| 09/23/2019 | 629 | Reply to 624 Response *In Support of Statement of Position Pursuant to ECF Nos. 599 & 601* filed by Matt Martorello. (Erbach, John) (Entered: 09/23/2019) |
| 09/23/2019 | 630 | Reply to 625 Response filed by Ascension Technologies, Inc., Big Picture Loans, LLC. (St. George, Timothy) (Entered: 09/23/2019) |
| 09/23/2019 | 631 | Reply to 626 Response *in Support of Statement of Position of Brian McFadden and Simon Liang* filed by Ascension Technologies, Inc.. (St. George, Timothy) (Entered: 09/23/2019) |
| 09/24/2019 | 632 | Memorandum in Opposition re 622 MOTION for Leave to File *Supplemental Authority* filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Mullins, Maurice) (Entered: 09/24/2019) |
| 09/30/2019 | 633 | RESPONSE in Support re 622 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 09/30/2019) |
| 10/08/2019 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak: Conference Call held on 10/8/2019. (cgar) (Entered: 10/09/2019) |
| 10/16/2019 | | Minute Entry for proceedings held before Magistrate Judge David J. Novak:Attorney Appointment Meeting held on 10/16/2019. (cgar) (Entered: 10/16/2019) |
| 10/21/2019 | 634 | ORDER REGARDING PROCEDURES FOR SETTLEMENT CONFERENCE. The Court has scheduled this case for a settlement conference on October 28, 2019, at 10:00 a.m. At that time, the following parties shall report to the chambers of United States District Judge David J. Novak: (1) Plaintiffs; (2) Matt Martorello; (3) Justin Martorello; (4) Rebecca Martorello; (5) Jeremy Davis; (6) Eventide Credit Acquisitions, LLC; (7) Bluetech Irrevocable Trust; (8) Kairos Holdings, LLC; (9) Liont, LLC; (10) Breakwater Holdings, LLC; and, (11) Gallant Capital, LLC. See Order for additional details. Signed by Magistrate Judge David J. Novak on 10/21/2019. (jsmi, ) (Entered: 10/21/2019) |
| 10/21/2019 | | Settlement Conference set for 10/28/2019 at 10:00 AM in Richmond Judges Chamber before District Judge David J. Novak. (cgar) (Entered: 10/21/2019) |
| 10/21/2019 | 637 | ORDER that because the Parties have advised the Court that they have reached a settlement and require extension of some deadlines to finalize the formal settlement, by October 29, 2019, the Parties shall finalize the settlement agreement and file it along |

JA081

| | | |
|---|---|---|
| | | with a Motion (with supporting papers and brief) seeking Preliminary Approval of the Settlement and therewith shall submit a proposed Order, proposed notices, and proposed dates for all steps necessary for final approval of the settlement. Any deadlines associated with 554 and 604 motions or Orders are STAYED until 60 days from date of this ORDER or further Order of the Court, whichever shall first occur. This ORDER shall have no effect on any pending motions or deadlines as between Plaintiffs and Matt Martorello. All counsel in this case shall meet in person with United States District Judge David J. Novak on October 28, 2019 at 9:30 a.m. to discuss settlement of the claims against Matt Martorello. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 10/21/2019. (jsmi, ) (Entered: 10/21/2019) |
| 10/28/2019 | | Minute Entry for proceedings held before District Judge David J. Novak:Settlement Conference held on 10/28/2019. (cgar) (Entered: 10/29/2019) |
| 10/31/2019 | 640 | ORDER that by November 21, 2019, the Parties shall finalize the settlement agreement and file it along with a Motion (with supporting papers and brief) seeking Preliminary Approval of the Settlement and therewith shall submit a proposed Order, proposed notices, and proposed dates for all steps necessary for final approval of the settlement. This Order shall have no effect on any pending motions or deadlines as between Plaintiffs and co-Defendant Matt Martorello. See Order for details. Signed by District Judge Robert E. Payne on 10/31/2019. (jsmi, ) (Entered: 10/31/2019) |
| 11/13/2019 | | Conference Call set for 11/14/2019 at 11:15 AM before District Judge David J. Novak. (cgar) (Entered: 11/13/2019) |
| 11/18/2019 | 641 | ORDER that by November 21, 2019, counsel for the Parties shall file the Certification and pleading required by Paragraph (3) of 637 October 21 Order. See Order for details. Signed by District Judge Robert E. Payne on 11/18/2019. (jsmi, ) (Entered: 11/18/2019) |
| 11/21/2019 | 642 | NOTICE by Ascension Technologies, Inc., Big Picture Loans, LLC re 641 Order *of Compliance with November 18, 2019 Order* (St. George, Timothy) (Entered: 11/21/2019) |
| 11/21/2019 | 643 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 637 Order,,,, 641 Order *Plaintiffs' Certification* (Bennett, Leonard) (Entered: 11/21/2019) |
| 11/22/2019 | 644 | ORDER that, by 5:00 p.m. November 26, 2019, counsel shall finalize the settlement agreement with respect to the plaintiffs and the defendants. Big Picture Loans, LLC and Ascension Technologies, LLC, and file it along with a Motion (with supporting papers and brief) seeking Preliminary Approval of the Settlement and therewith shall submit a proposed Order, proposed notices, and proposed dates for all steps necessary for final approval of the settlement. Signed by District Judge Robert E. Payne on 11/22/2019. (jsmi, ) (Entered: 11/22/2019) |
| 12/20/2019 | 645 | ORDER that **any deadlines associated with the following motions are STAYED until further Order of the Court**: (a) DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC'S MOTION TO STRIKE PLAINTIFFS' STATEMENT OF POSITION (ECF No. 554 ); and (b) MOTION FOR ENTRY OF JUDGMENT OF DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC (ECF No. 604 ). It is so ORDERED. Signed by District Judge Robert E. Payne on 12/20/2019. (sbea, ) (Entered: 12/20/2019) |
| 01/08/2020 | 646 | ORDER - It appearing that, in Renee Galloway, et al. v. James Williams, Jr., et al., Civil Action No. 3:19cv470 ("Galloway III"), a number of defendants in Lula Williams, et al. v. Big Picture Loans, LLC, et al., Civil Action No. 3:17cv461 ("Williams"), Renee Galloway, et al. v. Big Picture Loans, LLC, et al., Civil Action No. 3:18cv406 ("Galloway I"), and Renee Galloway, et al. v. Justin Martorello, et al., Civil Action No. |

JA082

|  |  | 3:19cv314 ("Galloway II"),(the "Settling Defendants") have agreed to settle the plaintiffs' claims against them in Williams, Galloway I, and Galloway II, and it appearing that numerous motions are pending in those three cases against the defendants who did not settle (the "Non-Settling Defendants") and against Third-Parties, and finding that, considering the length of time that this case has been pending, it is necessary to proceed expeditiously to resolve: (a) the plaintiffs' claims against the Non-Settling Defendants in Williams, Galloway I, and Galloway II; and (b) the motions affecting Third-Parties. The Clerk is directed to file a copy of this Order in Williams, Galloway I, and Galloway II. (SEE ORDER FOR ALL DEADLINES AND DETAILS). Signed by District Judge Robert E. Payne on 1/8/20. (jtho, ) (Entered: 01/08/2020) |
|---|---|---|
| 01/08/2020 |  | Set Hearing: Status Conference set for 1/29/2020 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 01/08/2020) |
| 01/22/2020 | 648 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 646 Order,,,,, *(Joint Notice of Agreed List of Outstanding Motions)* (Attachments: # 1 Exhibit 1 - Agreed List of Outstanding Motions, # 2 Exhibit 2 - Agreed List of Miscellaneous Proceedings)(Kelly, Kristi) (Entered: 01/22/2020) |
| 01/22/2020 | 649 | NOTICE by Matt Martorello re 646 Order,,,,, *Defendant's Proposed Order in Which Pending Motions Should Be Resolved* (Erbach, John) (Entered: 01/22/2020) |
| 01/22/2020 | 650 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams *(Plaintiffs' Statement of Position on Suggested Order for Resolution of Pending Motions)* (Kelly, Kristi) (Entered: 01/22/2020) |
| 01/23/2020 | 651 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 646 Order,,,,, *(Joint Supplemental Notice)* (Attachments: # 1 Exhibit 1 - Amended List of Miscellaneous Actions)(Kelly, Kristi) (Entered: 01/23/2020) |
| 01/29/2020 | 654 | Minute Entry for proceedings held before District Judge Robert E. Payne: Status Conference held on 1/29/2020. Defendant Martorello to file supplemental brief re: class certification (fourth circuit decision) by 02/12/20, response by 02/26/20, oral argument set for 03/06/20 at 10:00 a.m.; parties to discuss order denying sur-reply; defendant Martorello to file motion to consolidate by 02/07/20, response by 02/17/20, reply 02/24/20; plaintiffs and defendant Martorello to compile list identifying evidence destroyed re: Jennifer Weddle; parties to tender agreed order for counsel John O'Connor/client to not further destroy evidence; Court grants motion for leave to file supplemental authority (ECF Nos. 475 & 622 in case 3:17-cv-461). (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 01/29/2020) |
| 01/30/2020 | 655 | ORDER that for the reasons set forth on the record at the hearing on January 29, 2020, it is hereby ORDERED that: (1) Defendant Matt Martorello shall file by February 7, 2020 his motion to consolidate Lula Williams, et al. v. Big Picture Loans, LLC, et al., Civil Action No. 3:17-cv-461, Renee Galloway, et al. v. Big Picture Loans, LLC, et al., Civil Action No. 3:18-cv-406, and Renee Galloway, et al. v. Justin Martorello, et al., Civil Action No. 3:19-cv-314; (2) The Plaintiffs shall file their opposition by February 17, 2020; and, (3) Defendant Matt Martorello shall file his reply by February 24, 2020. It is so ORDERED. Signed by District Judge Robert E. Payne on 01/30/2020. (walk, ) (Entered: 01/30/2020) |
| 01/30/2020 | 656 | ORDER that Defendant Matt Martorello shall file supplemental briefing addressing the effect of the Fourth Circuit's decision on PLAINTIFFS' 189 MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO by February 12, 2020; Plaintiffs shall file their response by February 26, 2020; the Court shall hear oral argument on this motion on March 6, 2020 at 10.00 A.M; Plaintiffs' 475 MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IS GRANTED; |

JA083

| | | |
|---|---|---|
| | | Plaintiffs' 622 MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY is GRANTED. Signed by District Judge Robert E. Payne on 1/30/2020. (jsmi, ) (Entered: 01/30/2020) |
| 01/30/2020 | | Set Hearing: Motion Hearing set for 3/6/2020 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 01/30/2020) |
| 01/31/2020 | 657 | TRANSCRIPT of proceedings held on January 29, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER Redaction Request due 3/2/2020. Redacted Transcript Deadline set for 4/1/2020. Release of Transcript Restriction set for 4/30/2020.(peterson, peppy) (Entered: 01/31/2020)** |
| 02/05/2020 | 658 | STRIKEN PER 659 ORDER ENTERED ON 2/6/2020 - NOTICE by Matt Martorello *of Correction of the January 29, 2020 Status Conference Record Related to the Deposition Testimony of Greenberg Traurig, LLP Attorney Jennifer Weddle* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Erbach, John) Modified to add docket text on 2/6/2020 (jsmi, ). (Entered: 02/05/2020) |
| 02/06/2020 | 659 | ORDER that 658 NOTICE OF CORRECTION OF THE JANUARY 29, 2020 STATUS CONFERENCE RECORD RELATED TO THE DEPOSITION TESTIMONY OF GREENERG TRAURIG, LLP, ATTORNEY JENNIFER WEDDLE be stricken as an improper pleading. If counsel desire to address the matters raised in NOTICE OF CORRECTION OF THE JANUARY 29, 2020 STATUS CONFERENCE RECORD RELATED TO THE DEPOSITION TESTIMONY OF GREENERG TRAURIG, LLP, ATTORNEY JENNIFER WEDDLE that should be done in a format recognized by the Federal Rules of Civil Procedure. Signed by District Judge Robert E. Payne on 2/6/2020. (jsmi, ) (Entered: 02/06/2020) |
| 02/07/2020 | 660 | MOTION to Consolidate Cases by Matt Martorello. (Mullins, Maurice) (Entered: 02/07/2020) |
| 02/07/2020 | 661 | Memorandum in Support re 660 MOTION to Consolidate Cases filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mullins, Maurice) (Entered: 02/07/2020) |
| 02/10/2020 | 662 | MOTION for Leave to File *Supplemental Authority Related to Motion for Class Certification* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - MacDonald Opinion, # 2 Exhibit 2 - Proposed Order)(Kelly, Kristi) (Entered: 02/10/2020) |
| 02/10/2020 | 663 | Memorandum in Support re 662 MOTION for Leave to File *Supplemental Authority Related to Motion for Class Certification* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/10/2020) |
| 02/12/2020 | 664 | Memorandum in Opposition re 189 MOTION to Certify Class *against Defendant Matt Martorello Supplemental Brief Addressing the Effect of the Fourth Circuit's Decision on Plaintiffs' Motion for Class Certification per Order at ECF No. 656* filed by Matt Martorello. (Erbach, John) (Entered: 02/12/2020) |

JA084

| 02/12/2020 | 665 | MOTION to Amend/Correct 447 Order on Motion for Leave to File, *Motion for Amended Decision on Sur-Reply per Court's Direction at ECF No. 654* by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 02/12/2020) |
| --- | --- | --- |
| 02/12/2020 | 666 | Memorandum in Support re 665 MOTION to Amend/Correct 447 Order on Motion for Leave to File, *Motion for Amended Decision on Sur-Reply per Court's Direction at ECF No. 654* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 02/12/2020) |
| 02/17/2020 | 667 | Memorandum in Opposition re 660 MOTION to Consolidate Cases filed by Lula Williams. (Bennett, Leonard) (Entered: 02/17/2020) |
| 02/18/2020 | 668 | ORDER that in accordance with, and as instructed by, the Judgment of the United States Court of Appeals for the Fourth Circuit entered on July 3, 2019, and the mandate entered on July 25, 2019, this action is dismissed with prejudice against the defendants, Big Picture Loans, LLC and Ascension Technologies, LLC for lack of subject matter jurisdiction. Signed by District Judge Robert E. Payne on 2/18/2020. (jsmi, ) (Entered: 02/18/2020) |
| 02/19/2020 | 669 | ORDER that 665 MOTION FOR AMENDED DECISION ON SUR-REPLY is granted and the defendant. Matt Martorello, shall immediately file his SUR-REPLY IN OPPOSITION TO PLAINTIFFS' 269 MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO and the exhibit thereto. Signed by District Judge Robert E. Payne on 2/18/2020. (jsmi, ) (Entered: 02/19/2020) |
| 02/19/2020 | 670 | ORDER that 662 PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY RELATED TO THEIR MOTION FOR CLASS CERTIFICATION is granted. Signed by District Judge Robert E. Payne on 2/18/2020. (jsmi, ) (Entered: 02/19/2020) |
| 02/19/2020 | 671 | Reply to 669 Order on Motion to Amend/Correct, 189 MOTION to Certify Class *against Defendant Matt Martorello (Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification of Claims Against Defendant Matt Martorello)* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 02/19/2020) |
| 02/19/2020 | 672 | NOTICE by Lula Williams re 654 Status Conference,,, *(Log of Weddle Documents)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bennett, Leonard) (Entered: 02/19/2020) |
| 02/20/2020 | 673 | ORDER. It is hereby ORDERED that the hearing on MARTORELLO'S 664 SUPPLEMENT set for March 6, 2020 is cancelled and that, by March 4, 2020, counsel shall file a Notice advising whether it is necessary to have an evidentiary hearing on the PLAINTIFFS' 249 MISREPRESENTATION FILING filed in Galloway I before the commencement of the briefing and hearing schedule set forth above for the Amended Motion for Class Certification. See Order for additional details. Signed by District Judge Robert E. Payne on 2/20/2020. (jsmi, ) (Entered: 02/20/2020) |
| 02/21/2020 | | Set Hearing: Amended Motion *for Class Certification* Hearing set for 6/5/2020 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 02/21/2020) |
| 02/21/2020 | 674 | MOTION to Transfer Case *to the Northern District of Texas* by Matt Martorello. (Mullins, Maurice) (Entered: 02/21/2020) |
| 02/21/2020 | 675 | Memorandum in Support re 674 MOTION to Transfer Case *to the Northern District of Texas* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mullins, Maurice) (Entered: 02/21/2020) |

JA085

| | | |
|---|---|---|
| 02/24/2020 | 676 | REPLY to Response to Motion re 660 MOTION to Consolidate Cases filed by Matt Martorello. (Erbach, John) (Entered: 02/24/2020) |
| 02/26/2020 | 677 | MOTION to Strike 672 NOTICE *Regarding Compliance with ECF No. 654 (Documents Pertaining to Jennifer Weddle)* by Matt Martorello. (Erbach, John) (Entered: 02/26/2020) |
| 02/26/2020 | 678 | Memorandum in Support re 677 MOTION to Strike 672 NOTICE *Regarding Compliance with ECF No. 654 (Documents Pertaining to Jennifer Weddle)* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Erbach, John) (Entered: 02/26/2020) |
| 03/04/2020 | 679 | NOTICE by Matt Martorello re 673 Order,, *Notice of Matt Martorello Regarding Evidentiary Hearing* (Erbach, John) (Entered: 03/04/2020) |
| 03/05/2020 | 680 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 673 Order,, (Attachments: # 1 Exhibit "1")(Bennett, Leonard) (Entered: 03/05/2020) |
| 03/05/2020 | 681 | MOTION for Extension *of Time to File Plaintiffs' Notice Regarding Evidentiary Hearing* by Dowin Coffy, George Hengle, Marcella P. Singh, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/05/2020) |
| 03/05/2020 | 682 | Memorandum in Support re 681 MOTION for Extension *of Time to File Plaintiffs' Notice Regarding Evidentiary Hearing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/05/2020) |
| 03/06/2020 | 683 | Memorandum in Opposition re 674 MOTION to Transfer Case *to the Northern District of Texas* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2", # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5")(Bennett, Leonard) (Entered: 03/06/2020) |
| 03/09/2020 | 684 | ORDER that that 681 MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFFS' NOTICE REGARDING EVIDENTIARY HEARING is granted and the filing of PLAINTIFFS' NOTICE REGARDING EVIDENTIARY HEARING is considered timely filed. Signed by District Judge Robert E. Payne on 3/9/2020. (jsmi, ) (Entered: 03/09/2020) |
| 03/10/2020 | 685 | ORDER that DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC'S 554 MOTION TO STRIKE PLAINTIFFS' STATEMENT OF POSITION; 604 MOTION FOR ENTRY OF JUDGMENT OF DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC; and PLAINTIFFS' 614 MOTION FOR EXTENSION OF TIME TO FILE THEIR OPPOSITION TO DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC'S MOTION FOR ENTRY OF JUDGMENT are denied as moot. Signed by District Judge Robert E. Payne on 3/10/2020. (jsmi, ) (Entered: 03/10/2020) |
| 03/11/2020 | 686 | Memorandum in Opposition re 677 MOTION to Strike 672 NOTICE *Regarding Compliance with ECF No. 654 (Documents Pertaining to Jennifer Weddle)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2" FILED UNDER SEAL, # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5", # 6 Exhibit "6")(Bennett, Leonard) (Entered: 03/11/2020) |
| 03/11/2020 | 687 | MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/11/2020) |

JA086

| | | |
|---|---|---|
| 03/11/2020 | 688 | Memorandum in Support re 687 MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order* filed by Dowin Coffy, George Hengle, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2" FILED UNDER SEAL, # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5", # 6 Exhibit "6")(Bennett, Leonard) (Entered: 03/11/2020) |
| 03/11/2020 | 689 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/11/2020) |
| 03/11/2020 | 690 | Memorandum in Support re 687 MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order*, 689 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/11/2020) |
| 03/11/2020 | 691 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, Justin Gray, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 687 MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order*, 686 Memorandum in Opposition, 688 Memorandum in Support, 689 MOTION to Seal (Bennett, Leonard) (Entered: 03/11/2020) |
| 03/11/2020 | 692 | Sealed Response/Reply/Opposition re 686 Memorandum in Opposition, 688 Memorandum in Support,. (Attachments: # 1 Exhibit "2" FILED UNDER SEAL, # 2 Certificate of Service for Sealed Docs)(Bennett, Leonard) (Entered: 03/11/2020) |
| 03/12/2020 | 693 | REPLY to Response to Motion re 674 MOTION to Transfer Case *to the Northern District of Texas* filed by Matt Martorello. (Attachments: # 1 Exhibit Exhibit 1)(Erbach, John) (Entered: 03/12/2020) |
| 03/17/2020 | 694 | REPLY to Response to Motion re 677 MOTION to Strike 672 NOTICE *Regarding Compliance with ECF No. 654 (Documents Pertaining to Jennifer Weddle)* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Erbach, John) (Entered: 03/17/2020) |
| 03/18/2020 | 695 | RESPONSE to Motion re 689 MOTION to Seal filed by Matt Martorello. (Erbach, John) (Entered: 03/18/2020) |
| 03/18/2020 | 696 | ORDER - Having considered Paragraph (2) of General Order No. 2020 - 03 entered on March 16, 2020, it is hereby ORDERED that the filing deadlines with respect to: (1) MATT MARTORELLO'S MOTION TO STRIKE PLAINTIFFS' NOTICE REGARDING COMPLIANCE WITH ECF NO. 654 (DOCUMENTS PERTAINING TO JENNIFER WEDDLE) (ECF No. 677); and (2) PLAINTIFFS' MOTION TO ENFORCE COURT'S MINUTE ORDER, ECF NO. 654 (ECF No. 687) remain in accord with Local Rule 7(F). Signed by District Judge Robert E. Payne on 03/18/2020. (tjoh, ) (Entered: 03/18/2020) |
| 03/18/2020 | 697 | ORDER - It is hereby ORDERED that an evidentiary hearing shall be held on the issues raised in the PLAINTIFFS' STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS MADE TO THE COURT BY DEFENDANTS IN SUPPORT OF THEIR MOTIONS TO DISMISS FOR LACK OF JURISDICTION (ECF No. 249) filed in Galloway I. It is ORDERED that the briefing scheduled for the Amended Motion for Class Certification set in paragraph B of the ORDER (ECF No. 673) is suspended; and that an evidentiary hearing on the issues raised in the PLAINTIFFS' STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS MADE TO THE COURT BY DEFENDANTS IN SUPPORT OF THEIR MOTIONS TO DISMISS FOR LACK OF JURISDICTION (ECF No. 249) filed in Galloway I will be held on June 5, 2020 at 10:00 a.m. At the |

| | | |
|---|---|---|
| | | conclusion of the hearing on June 5, 2020, the Court will set a new schedule for the filing and briefing of an Amended Motion for Class Certification. Signed by District Judge Robert E. Payne on 03/18/2020. (tjoh, ) (Entered: 03/18/2020) |
| 03/18/2020 | | Set Hearing: Evidentiary Hearing set for 6/5/2020 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 03/18/2020) |
| 03/24/2020 | 698 | RESPONSE in Opposition re 687 MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order* filed by Greenberg Traurig, LLP. (Attachments: # 1 Exhibit Exhibit 1 -- Letter of 2/14/20, # 2 Exhibit Exhibit 2 -- Excerpts from Weddle Deposition, # 3 Exhibit Exhibit 3 -- Letter of 3/16/20)(O'Connor, John) (Entered: 03/24/2020) |
| 03/24/2020 | 699 | NOTICE of Appearance by John F. O'Connor, Jr on behalf of Greenberg Traurig, LLP (O'Connor, John) (Entered: 03/24/2020) |
| 03/25/2020 | 700 | Memorandum in Opposition re 687 MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Erbach, John) (Entered: 03/25/2020) |
| 03/30/2020 | 701 | Reply to 698 Response in Opposition to Motion, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/30/2020) |
| 03/31/2020 | 702 | Reply to 687 MOTION re 654 Status Conference,,, *To Enforce Court's Minute Order*, 700 Memorandum in Opposition, filed by Dowin Coffy, Justin Gray, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/31/2020) |
| 04/06/2020 | 703 | ORDER that the DEFENDANT'S 422 MOTION TO FILE UNDER SEAL HIS UNREDACTED RESPONSE AND EXHIBITS W, XX, YY, ZZ, AAA, BBB, CCC, FFF, GGG, HHH, KKK, AND 000 IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY is granted See Order for details. Signed by District Judge Robert E. Payne on 4/6/2020. (jsmi, ) (Entered: 04/06/2020) |
| 04/06/2020 | 704 | ORDER that the Plaintiffs' 430 MOTION TO SEAL is granted; and the PLAINTIFFS' 432 REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER ALLOWING PRODUCTION OF CONSUMER REPORTS and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 4/6/2020. (jsmi, ) (Entered: 04/06/2020) |
| 04/06/2020 | 705 | ORDER that the Plaintiffs' 443 MOTION TO SEAL is granted; and the PLAINTIFFS' 445 REPLY IN SUPPORT OF MOTION TO COMPEL AS TO NON-PARTY ROSETTE, LLP and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 4/6/2020. (jsmi, ) (Entered: 04/06/2020) |
| 04/06/2020 | 706 | ORDER that the Plaintiffs' 490 MOTION TO SEAL is granted; and the PLAINTIFFS' 493 MEMORANDUM REGARDING ESI DISPUTES and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 4/6/2020. (jsmi, ) (Entered: 04/06/2020) |
| 04/06/2020 | 707 | ORDER that 505 Motion to Seal is granted; and MATT MARTORELLO'S 508 MOTION AND MEMORANDUM IN SUPPORT OF LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION FOR RECONSIDERATION and certain exhibits thereto are filed under seal; provided that |

JA088

| | | |
|---|---|---|
| | | appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 4/6/2020. (jsmi, ) (Entered: 04/06/2020) |
| 04/07/2020 | 708 | ORDER - It is hereby ORDERED that MATT MARTORELLO'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION FOR RECONSIDERATION (ECF No. 509) is granted. Signed by District Judge Robert E. Payne on 04/06/2020. (tjoh, ) (Entered: 04/07/2020) |
| 04/08/2020 | 709 | ORDER that, by April 25, 2020, counsel shall advise whether the PLAINTIFFS' 524 MOTION FOR LEAVE TO SERVE REQUESTS FOR PRODUCTION AND THIRD-PARTY SUBPOENAS is affected by the Settlement Agreement and, if so, how. Signed by District Judge Robert E. Payne on 4/7/2020. (jsmi, ) (Entered: 04/08/2020) |
| 04/13/2020 | 710 | MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 4/9/2020. (jsmi, ) (Entered: 04/13/2020) |
| 04/13/2020 | 711 | ORDER that 660 MOTION FOR CONSOLIDATION is denied. Signed by District Judge Robert E. Payne on 4/9/2020. (jsmi, ) (Entered: 04/13/2020) |
| 04/13/2020 | 712 | MOTION to Withdraw as Attorney by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Hanes, Elizabeth) (Entered: 04/13/2020) |
| 04/14/2020 | 713 | ORDER that 712 MOTION TO WITHDRAW AS COUNSEL is granted. It is further ORDERED that the Clerk shall remove Elizabeth W. Hanes, Esquire as counsel of record for the plaintiffs. Signed by District Judge Robert E. Payne on 4/14/2020. (jsmi, ) (Entered: 04/14/2020) |
| 04/15/2020 | 714 | MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 4/14/2020. (jsmi, ) (Entered: 04/15/2020) |
| 04/15/2020 | 715 | ORDER that 674 MOTION TO TRANSFER VENUE is denied. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. Signed by District Judge Robert E. Payne on 4/14/2020. (jsmi, ) (Entered: 04/15/2020) |
| 04/24/2020 | 716 | NOTICE by Matt Martorello re 709 Order, *(Statement of Position in Response to Order at ECF 709)* (Mullins, Maurice) (Entered: 04/24/2020) |
| 04/24/2020 | 717 | STATUS REPORT *Regarding Plaintiffs' Motion for Leave to Serve Requests for Production and Third-Party Subpoenas* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Kelly, Kristi) (Entered: 04/24/2020) |
| 05/04/2020 | 718 | MOTION for Clarification *or, in the Alternative, to Adjourn Evidentiary Hearing Scheduled for June 5, 2020* by Matt Martorello. (Erbach, John) (Entered: 05/04/2020) |
| 05/04/2020 | 719 | MOTION to Continue *(Seeking Adjournment of June 5, 2020 Evidentiary Hearing in the Alternative to Motion for Clarification)* by Matt Martorello. (Erbach, John) (Entered: 05/04/2020) |
| 05/04/2020 | 720 | Memorandum in Support re 718 MOTION for Clarification *or, in the Alternative, to Adjourn Evidentiary Hearing Scheduled for June 5, 2020*, 719 MOTION to Continue *(Seeking Adjournment of June 5, 2020 Evidentiary Hearing in the Alternative to Motion for Clarification)* filed by Matt Martorello. (Erbach, John) (Entered: 05/04/2020) |

JA089

| | | |
|---|---|---|
| 05/04/2020 | 721 | Request for Hearing by Marcella P. Singh, Gloria Turnage, Lula Williams re Set/Reset Hearings (Bennett, Leonard) (Entered: 05/04/2020) |
| 05/05/2020 | 722 | Response to 721 Request for Hearing filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 05/05/2020) |
| 05/07/2020 | 723 | NOTICE of Appearance by Amy Leigh Austin on behalf of Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Austin, Amy) (Entered: 05/07/2020) |
| 05/07/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 5/7/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 06/05/2020) |
| 05/08/2020 | 724 | STATUS REPORT *(Second Status Report Regarding Plaintiffs' Motion for Leave to Serve Requests for Production and Third-Party Subpoenas )* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/08/2020) |
| 05/08/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne:Telephone Conference held on 5/8/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 06/05/2020) |
| 05/09/2020 | 725 | TRANSCRIPT of proceedings held on May 7, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267, email peppypeterson@gmail.com. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 6/8/2020. Redacted Transcript Deadline set for 7/9/2020. Release of Transcript Restriction set for 8/7/2020.(peterson, peppy) (Entered: 05/09/2020)** |
| 05/10/2020 | 726 | TRANSCRIPT of proceedings held on May 8, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267, email peppypeterson@gmail.com. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 6/9/2020. Redacted Transcript Deadline set for 7/10/2020. Release of Transcript Restriction set for 8/10/2020.(peterson, peppy) (Entered: 05/10/2020)** |
| 05/11/2020 | 727 | ORDER - It is hereby ORDERED that: The Plaintiffs shall file their response to MATT MARTORELLO'S SUPPLEMENTAL BRIEF ADDRESSING THE EFFECT OF THE FOURTH CIRCUIT'S DECISION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (EOF No. 664) by May 21, 2020; and Defendant Matt Martorello shall file his reply by June 4, 2020. Signed by District Judge Robert E. Payne on 05/11/2020. (tjoh, ) (Entered: 05/11/2020) |

| | | |
|---|---|---|
| 05/11/2020 | 728 | MOTION for Reconsideration re 714 Memorandum Opinion, 715 Order on Motion to Transfer Case, by Matt Martorello. (Erbach, John) (Entered: 05/11/2020) |
| 05/11/2020 | 729 | Memorandum in Support re 728 MOTION for Reconsideration re 714 Memorandum Opinion, 715 Order on Motion to Transfer Case, filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 05/11/2020) |
| 05/12/2020 | 730 | ORDER - The Court shall hold an evidentiary hearing and hear argument on the issues set out in paragraph (1) at 9:30 a.m. on July 21, 2020, continuing to July 22, 2020, if needed. SEE ORDER FOR DETAILS AND DEADLINES. Signed by District Judge Robert E. Payne on 05/12/2020. (tjoh, ) (Entered: 05/12/2020) |
| 05/12/2020 | | Set Hearing: Evidentiary Hearing set for 7/21/2020 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 05/12/2020) |
| 05/12/2020 | 731 | STATUS REPORT *Regarding Attempts to Schedule Telephonic Hearings on Miscellaneous Subpoena Cases* by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Erbach, John) (Entered: 05/12/2020) |
| 05/21/2020 | 732 | Consent MOTION for Leave to File Excess Pages by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 05/21/2020) |
| 05/21/2020 | 733 | Memorandum in Support re 732 Consent MOTION for Leave to File Excess Pages filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/21/2020) |
| 05/21/2020 | 734 | Response to 664 Memorandum in Opposition, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18) (Kelly, Kristi) (Entered: 05/21/2020) |
| 05/21/2020 | 735 | MOTION to Seal *Regarding ECF 734* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 05/21/2020) |
| 05/21/2020 | 736 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 735 MOTION to Seal *Regarding ECF 734* (Kelly, Kristi) (Entered: 05/21/2020) |
| 05/21/2020 | 737 | Sealed Attachment/Exhibit(s) re 735 MOTION to Seal *Regarding ECF 734*. (Attachments: # 1 Exhibit 14, # 2 Exhibit 15)(Kelly, Kristi) (Entered: 05/21/2020) |
| 05/21/2020 | 738 | Memorandum in Support re 735 MOTION to Seal *Regarding ECF 734* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/21/2020) |
| 05/22/2020 | 739 | Witness List by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 05/22/2020) |
| 05/22/2020 | 740 | ORDER granting 524 PLAINTIFFS' MOTION FOR LEAVE TO SERVE REQUESTS FOR PRODUCTION AND THIRD-PARTY SUBPOENAS. SEE ORDER FOR DETAILS. It is further ORDERED that plaintiffs are permitted to serve a subpoena for certain documents on Ascension. However,it is ORDERED that the reasonable cost of searching for those documents shall be paid by the plaintiffs. Signed by District Judge Robert E. Payne on 05/22/2020. (tjoh, ) (Entered: 05/22/2020) |

JA091

| | | |
|---|---|---|
| 05/22/2020 | 741 | RESPONSE in Opposition re 728 MOTION for Reconsideration re 714 Memorandum Opinion, 715 Order on Motion to Transfer Case, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 05/22/2020) |
| 05/26/2020 | 742 | ORDER - Pursuant to the ORDER (ECF No. 730) entered on May 12, 2020, it is hereby ORDERED that the evidentiary hearing scheduled for 10:00 a.m. June 5, 2020 is continued to 9:30 a.m. July 21, 2020. It is further ORDERED that MATT MARTORELLO'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, TO ADJOURN EVIDENTIARY HEARING SCHEDULED FOR JUNE 5, 2020 (ECF Nos. 718 and 719) and PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE REGARDING MISREPRESENTATION HEARING (ECF No. 721) are denied as moot. Signed by District Judge Robert E. Payne on 05/26/2020. (tjoh, ) (Entered: 05/26/2020) |
| 05/28/2020 | 743 | REPLY to Response to Motion re 728 MOTION for Reconsideration re 714 Memorandum Opinion, 715 Order on Motion to Transfer Case, filed by Matt Martorello. (Erbach, John) (Entered: 05/28/2020) |
| 05/28/2020 | 744 | ORDER that Plaintiffs' 732 Motion for Leave to Exceed Page Limit regarding the Plaintiffs' Response to Matt Martorello's Supplemental Brief Addressing the Effect of the Fourth Circuit Decision on Plaintiffs' Motion for Class Certification is GRANTED. Plaintiffs' response shall not exceed 35 pages and Martorello's reply shall not exceed 25 pages. Signed by District Judge Robert E. Payne on 5/28/2020. (jsmi, ) (Entered: 05/28/2020) |
| 05/28/2020 | 745 | Joint MOTION for Extension of Time to File Response/Reply as to 727 Order, 730 Order, by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 05/28/2020) |
| 05/29/2020 | 746 | ORDER that Plaintiffs shall file their renewed position on alleged misrepresentations as described in 730 order entered May 12, 2020, on or before June 3, 2020. Plaintiffs shall file their exhibits for the hearing on or before June 3, 2020. Martorello shall file his reply in support of his Supplemental Brief Addressing the Effect of the Fourth Circuit's Decision on Plaintiffs' Motion for Class Certification as described in 727 order entered May 11, 2020, on or before June 15, 2020. Signed by District Judge Robert E. Payne on 5/28/2020. (jsmi, ) (Entered: 05/29/2020) |
| 06/03/2020 | 747 | MOTION Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning by Matt Martorello. (Erbach, John) (Entered: 06/03/2020) |
| 06/03/2020 | 748 | MOTION to Expedite *Motion Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning* by Matt Martorello. (Erbach, John) (Entered: 06/03/2020) |
| 06/03/2020 | 749 | Memorandum in Support re 747 MOTION Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning , 748 MOTION to Expedite *Motion Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning* filed by Matt Martorello. (Attachments: # 1 Exhibit A (Under Seal), # 2 Exhibit B, # 3 Exhibit C (Under Seal))(Erbach, John) (Entered: 06/03/2020) |
| 06/03/2020 | 750 | MOTION to Seal *Unredacted Memorandum and Exhibits Containing Material Designated Confidential-Attorneys' Eyes Only by Plaintiffs* by Matt Martorello. (Erbach, John) (Entered: 06/03/2020) |
| 06/03/2020 | 751 | Memorandum in Support re 750 MOTION to Seal *Unredacted Memorandum and Exhibits Containing Material Designated Confidential-Attorneys' Eyes Only by Plaintiffs* filed by Matt Martorello. (Erbach, John) (Entered: 06/03/2020) |

| 06/03/2020 | 752 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 750 MOTION to Seal *Unredacted Memorandum and Exhibits Containing Material Designated Confidential-Attorneys' Eyes Only by Plaintiffs* (Erbach, John) (Entered: 06/03/2020) |
|---|---|---|
| 06/03/2020 | 753 | UNSEALED PER 40 ORDER ENTERED ON 7/30/2020 - Sealed Memorandum in Support re 750 MOTION to Seal *Unredacted Memorandum and Exhibits Containing Material Designated Confidential-Attorneys' Eyes Only by Plaintiffs*, 747 MOTION Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning , 748 MOTION to Expedite *Motion Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning*. (Attachments: # 1 Exhibit A, # 2 Exhibit C)(Erbach, John) Modified on 7/30/2020 (jsmi, ). (Entered: 06/03/2020) |
| 06/03/2020 | 754 | Exhibit List by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams.. (Kelly, Kristi) (Entered: 06/03/2020) |
| 06/03/2020 | 755 | Memorandum *Regarding Material Misrepresentations* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/03/2020) |
| 06/04/2020 | 756 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 755 Memorandum *(Volume I of Exhibits)* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit, # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit, # 39 Exhibit, # 40 Exhibit, # 41 Exhibit, # 42 Exhibit, # 43 Exhibit, # 44 Exhibit, # 45 Exhibit, # 46 Exhibit, # 47 Exhibit, # 48 Exhibit, # 49 Exhibit, # 50 Exhibit, # 51 Exhibit, # 52 Exhibit, # 53 Exhibit)(Kelly, Kristi) (Entered: 06/04/2020) |
| 06/04/2020 | 757 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 755 Memorandum *(Volume II of Exhibits)* (Attachments: # 1 Exhibit 54, # 2 Exhibit 55, # 3 Exhibit 56, # 4 Exhibit 57, # 5 Exhibit 58, # 6 Exhibit 59, # 7 Exhibit 60, # 8 Exhibit 61, # 9 Exhibit 62, # 10 Exhibit 63, # 11 Exhibit 64, # 12 Exhibit 65, # 13 Exhibit 66, # 14 Exhibit 67, # 15 Exhibit 68, # 16 Exhibit 69, # 17 Exhibit 70, # 18 Exhibit 71, # 19 Exhibit 72, # 20 Exhibit 73, # 21 Exhibit 74, # 22 Exhibit 75, # 23 Exhibit 76, # 24 Exhibit 77, # 25 Exhibit 78, # 26 Exhibit 79, # 27 Exhibit 80, # 28 Exhibit 81, # 29 Exhibit 82, # 30 Exhibit 83, # 31 Exhibit 84, # 32 Exhibit 86, # 33 Exhibit 87, # 34 Exhibit 88, # 35 Exhibit 89, # 36 Exhibit 90, # 37 Exhibit 91, # 38 Exhibit 92, # 39 Exhibit 93, # 40 Exhibit 94, # 41 Exhibit 95, # 42 Exhibit 96, # 43 Exhibit 97, # 44 Exhibit 98, # 45 Exhibit 99, # 46 Exhibit 101, # 47 Exhibit 102, # 48 Exhibit 107)(Kelly, Kristi) (Entered: 06/04/2020) |
| 06/04/2020 | 758 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 06/04/2020) |
| 06/04/2020 | 759 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 758 MOTION to Seal (Kelly, Kristi) (Entered: 06/04/2020) |
| 06/04/2020 | 760 | UNSEALED PER 799 ORDER ENTERED ON 6/24/2020 - Sealed Attachment/Exhibit(s) re 758 MOTION to Seal . (Attachments: # 1 Exhibit Ex. 3, # 2 Exhibit Ex. 5, # 3 Exhibit Ex. 6, # 4 Exhibit Ex. 18, # 5 Exhibit Ex. 31, # 6 Exhibit Ex. 39, # 7 Exhibit Ex. 40)(Kelly, Kristi) Modified on 6/24/2020 (jsmi, ). (Entered: 06/04/2020) |

| 06/04/2020 | 761 | Memorandum in Support re 758 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/04/2020) |
|---|---|---|
| 06/04/2020 | 762 | Motion to appear Pro Hac Vice by Michael Allen Caddell and Certification of Local Counsel Leonard Bennett Filing fee $ 75, receipt number 0422-7232323. by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/04/2020) |
| 06/04/2020 | 763 | ORDER that 728 MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO TRANSFER will be denied. See Order for details. Signed by District Judge Robert E. Payne on 6/4/2020. (jsmi, ) (Entered: 06/04/2020) |
| 06/04/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 6/4/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 07/06/2020) |
| 06/05/2020 | 764 | ORDER granting 762 Motion for Pro hac vice. Michael Allen Caddell appointed for Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, and Lula Williams. Signed by District Judge Robert E. Payne on 6/5/2020. (jsmi, ) (Entered: 06/05/2020) |
| 06/05/2020 | 765 | Witness List by Matt Martorello. (Erbach, John) (Entered: 06/05/2020) |
| 06/08/2020 | 766 | TRANSCRIPT of proceedings held on June 5, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267, email peppypeterson@gmail.com. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/8/2020. Redacted Transcript Deadline set for 8/10/2020. Release of Transcript Restriction set for 9/8/2020.**(peterson, peppy) (Entered: 06/08/2020) |
| 06/08/2020 | 767 | ORDER - it is hereby ORDERED that the plaintiffs' MOTION TO SEAL (ECF No. 735) is granted and Exhibits 14 and 15 (ECF No. 737) to PLAINTIFFS' RESPONSE TO MATT MARTORELLO'S SUPPLEMENTAL BRIEF ADDRESSING THE EFFECT OF THE FOURTH CIRCUIT'S DECISION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF No. 734) are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 06/08/2020. (tjoh, ) (Entered: 06/08/2020) |
| 06/08/2020 | 768 | ORDER - ORDER - By June 8, 2020, Defendant Matt Martorello ("Martorello") shall file a supplement and Martorello shall certify that he has given the list of questions that is the subject of paragraph (1) to the U.S. Attorney for the Western District of Michigan and to the FBI office in Detroit, Michigan; By June 11, 2020, the Plaintiffs shall file their response; By June 17, 2020, the United States shall file a statement of position; by June 20, 2020, Martorello shall file his reply. It is further ORDERED that the Clerk shall send a copy of this ORDER to the U.S. Attorney for the Western District of Michigan. SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 06/08/2020. Copies distributed as directed. Signed by District Judge Robert E. Payne on 06/08/2020. (tjoh, ) (Entered: 06/08/2020) |
| 06/08/2020 | 769 | Memorandum *Supplementing per Order* to 768 Order,,, 747 MOTION Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning filed by Matt |

| | | Martorello. (Attachments: # 1 Exhibit 1)(Erbach, John) (Entered: 06/08/2020) |
|---|---|---|
| 06/08/2020 | 770 | CERTIFICATE of Service *on Special Agent in Charge of Detroit FBI Field Office and U.S. Attorney for the Western District of Michigan* re 768 Order,,, by John Michael Erbach on behalf of Matt Martorello (Erbach, John) (Entered: 06/08/2020) |
| 06/10/2020 | 771 | RESPONSE in Support re 758 MOTION to Seal filed by Rosette, LLP. (Reilly, Craig) (Entered: 06/10/2020) |
| 06/10/2020 | 772 | RESPONSE in Opposition re 758 MOTION to Seal filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Erbach, John) (Entered: 06/10/2020) |
| 06/11/2020 | 773 | RESPONSE to Motion re 747 MOTION Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning , 748 MOTION to Expedite *Motion Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit A, # 2 Exhibit B - FILED UNDER SEAL)(Bennett, Leonard) (Entered: 06/11/2020) |
| 06/11/2020 | 774 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 06/11/2020) |
| 06/11/2020 | 775 | Memorandum in Support re 774 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/11/2020) |
| 06/11/2020 | 776 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 773 Response to Motion, 775 Memorandum in Support, 774 MOTION to Seal (Bennett, Leonard) (Entered: 06/11/2020) |
| 06/11/2020 | 777 | UNSEALED PER 40 ORDER ENTERED ON 7/30/2020 - Sealed Response/Reply/Opposition re 773 Response to Motion,. (Bennett, Leonard) Modified on 7/30/2020 (jsmi, ). (Entered: 06/11/2020) |
| 06/11/2020 | 778 | UNSEALED PER 901 ORDER ENTERED ON 7/30/2020 - Sealed Document re 773 Response to Motion,. (Attachments: # 1 Certificate of Service)(Bennett, Leonard) Modified on 7/30/2020 (jsmi, ). (Entered: 06/11/2020) |
| 06/12/2020 | 779 | Consent MOTION to Amend/Correct 755 Memorandum by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 06/12/2020) |
| 06/12/2020 | 780 | Memorandum in Support re 779 Consent MOTION to Amend/Correct 755 Memorandum filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Proposed Brief)(Kelly, Kristi) (Entered: 06/12/2020) |
| 06/15/2020 | 781 | REPLY to Response to Motion re 189 MOTION to Certify Class *against Defendant Matt Martorello Reply in Support of Supplemental Brief Addressing the Effect of the Fourth Circuit's Decision on Plaintiffs' Motion for Class Certification [Reply to ECF No. 734]* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Erbach, John) (Entered: 06/15/2020) |
| 06/16/2020 | 782 | ORDER - It is hereby ORDERED that PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE AN AMENDED MEMORANDUM REGARDING MATERIAL MISREPRESENTATIONS (3:17-cv- 461, ECF No. 779; 3:18-cv-406, ECF No. 429) is GRANTED. It is further ORDERED that Plaintiffs shall file the Amended Memorandum |

| | | |
|---|---|---|
| | | within one business day of entry of this Order. Signed by District Judge Robert E. Payne on 6/15/2020. (smej, ) (Entered: 06/16/2020) |
| 06/16/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 6/16/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 07/06/2020) |
| 06/17/2020 | 783 | Response to 768 Order,,, *Statement of Position* filed by UNITED STATES OF AMERICA. (Hambrick, Jonathan) (Entered: 06/17/2020) |
| 06/17/2020 | 784 | Memorandum *Regarding Material Misrepresentations (Replacement Memorandum)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50)(Kelly, Kristi) (Entered: 06/17/2020) |
| 06/17/2020 | 785 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 784 Memorandum,,,, *(Notice Attaching Remaining Exhibits)* (Attachments: # 1 Exhibit 51, # 2 Exhibit 52, # 3 Exhibit 53, # 4 Exhibit 54, # 5 Exhibit 55, # 6 Exhibit 56, # 7 Exhibit 57, # 8 Exhibit 58, # 9 Exhibit 59, # 10 Exhibit 60, # 11 Exhibit 61, # 12 Exhibit 62, # 13 Exhibit 63, # 14 Exhibit 64, # 15 Exhibit 65, # 16 Exhibit 66, # 17 Exhibit 67, # 18 Exhibit 68, # 19 Exhibit 69, # 20 Exhibit 70, # 21 Exhibit 71, # 22 Exhibit 72, # 23 Exhibit 73, # 24 Exhibit 74, # 25 Exhibit 75, # 26 Exhibit 76, # 27 Exhibit 77, # 28 Exhibit 78, # 29 Exhibit 79, # 30 Exhibit 80, # 31 Exhibit 81, # 32 Exhibit 82, # 33 Exhibit 83, # 34 Exhibit 84, # 35 Exhibit 85, # 36 Exhibit 86, # 37 Exhibit 87, # 38 Exhibit 88, # 39 Exhibit 89, # 40 Exhibit 90, # 41 Exhibit 91, # 42 Exhibit 92, # 43 Exhibit 93, # 44 Exhibit 94, # 45 Exhibit 95, # 46 Exhibit 96, # 47 Exhibit 97, # 48 Exhibit 98)(Kelly, Kristi) (Entered: 06/17/2020) |
| 06/17/2020 | 786 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 06/17/2020) |
| 06/17/2020 | 787 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 786 MOTION to Seal (Kelly, Kristi) (Entered: 06/17/2020) |
| 06/17/2020 | 788 | UNSEALED PER 813 ORDER - Sealed Attachment/Exhibit(s) re 786 MOTION to Seal . (Attachments: # 1 Exhibit 5, # 2 Exhibit 40, # 3 Exhibit 41)(Kelly, Kristi) Modified docket text on 7/7/2020 (jsmi, ). (Entered: 06/17/2020) |
| 06/17/2020 | 789 | Memorandum in Support re 786 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/17/2020) |
| 06/18/2020 | 790 | REPLY to Response to Motion re 747 MOTION Under Rule 30(d) for Further Deposition Based on Conduct that Impeded Questioning filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 06/18/2020) |
| 06/22/2020 | 791 | RESPONSE in Support re 786 MOTION to Seal *re EXHIBITS 40 & 41* filed by Rosette, LLP. (Attachments: # 1 Proposed Order)(Reilly, Craig) (Entered: 06/22/2020) |

| | | |
|---|---|---|
| 06/22/2020 | 792 | MOTION *to Bar Testimony from Defendant Matt Martorello's Experts At the Misrepresentation Hearing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/22/2020) |
| 06/22/2020 | 793 | Memorandum in Support re 792 MOTION *to Bar Testimony from Defendant Matt Martorello's Experts At the Misrepresentation Hearing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2", # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5", # 6 Exhibit "6", # 7 Exhibit "7")(Bennett, Leonard) (Entered: 06/22/2020) |
| 06/23/2020 | 794 | MOTION Plaintiffs' Motion to Exclude Testimony from Witnesses Not Identified in Discovery at the Misrepresentations Hearing by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/23/2020) |
| 06/23/2020 | 795 | Memorandum in Support re 794 MOTION Plaintiffs' Motion to Exclude Testimony from Witnesses Not Identified in Discovery at the Misrepresentations Hearing filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B")(Bennett, Leonard) (Entered: 06/23/2020) |
| 06/23/2020 | 796 | MOTION Plaintiffs' Rule 32 Motion to Exclude Prior Deposition Testimony from Defendant Matt Martorello's Witnesses at the Misrepresentations Hearing by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/23/2020) |
| 06/23/2020 | 797 | Memorandum in Support re 796 MOTION Plaintiffs' Rule 32 Motion to Exclude Prior Deposition Testimony from Defendant Matt Martorello's Witnesses at the Misrepresentations Hearing filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B", # 3 Exhibit "C", # 4 Exhibit "D", # 5 Exhibit "E")(Bennett, Leonard) (Entered: 06/23/2020) |
| 06/24/2020 | 798 | TRANSCRIPT of proceedings held on June 16, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/24/2020. Redacted Transcript Deadline set for 8/24/2020. Release of Transcript Restriction set for 9/22/2020.**(peterson, peppy) **(Entered: 06/24/2020)** |
| 06/24/2020 | 799 | ORDER that that 758 MOTION TO SEAL is DENIED and that the Plaintiffs' Statement of Position, Exhibit 3, Exhibit 5, Exhibit 6, Exhibit 18, Exhibit 31, Exhibit 39, and Exhibit 40 shall be removed from under seal by the Clerk and placed in the public record. See Order for details. Signed by District Judge Robert E. Payne on 6/24/2020. (jsmi, ) (Entered: 06/24/2020) |
| 06/24/2020 | 800 | TRANSCRIPT of proceedings held on June 24, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of** |

JA097

| | | |
|---|---|---|
| | | **Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/24/2020. Redacted Transcript Deadline set for 8/24/2020. Release of Transcript Restriction set for 9/22/2020.(peterson, peppy) (Entered: 06/24/2020)** |
| 06/24/2020 | 801 | ORDER - It is hereby ORDERED that: By July 1, 2020, Matt Martorello ("Martorello") shall file his response to PLAINTIFFS' MOTION TO BAR TESTIMONY FROM DEFENDANT MATT MARTORELLO'S "EXPERTS" AT THE MISREPRESENTATIONS HEARING (3:17-cv-461 ("Williams"), ECF No. 792; 3:18-cv-406 ("Galloway I"), ECF No. 440); By July 8, 2020, Plaintiffs shall file their reply; By July 1, 2020, Martorello shall file his response to PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY FROM WITNESSES NOT IDENTIFIED IN DISCOVERY AT THE MISREPRESENTATIONS HEARING (Williams, ECF No. 794; Galloway I, ECF No. 442); By July 8, 2020, Plaintiffs shall file their reply; By July 1, 2020, Martorello shall file his response toPLAINTIFFS' RULE 32 MOTION TO EXCLUDE PRIOR DEPOSITION TESTIMONY FROM DEFENDANT MATT MARTORELLO'S WITNESSES AT THE MISREPRESENTATIONS HEARING (Williams, ECF No. 796; Galloway I, ECF No. 444); and By July 8, 2020, Plaintiffs shall file their reply. Signed by District Judge Robert E. Payne on 06/24/2020. (tjoh, ) (Entered: 06/24/2020) |
| 06/24/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 6/24/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 07/06/2020) |
| 06/30/2020 | 802 | ORDER re 34 MOTION TO QUASH OR MODIFY SUBPOENAS DIRECTED TO KARRIE WICHTMAN. The Motion is DENIED AS MOOT with respect to the Plaintiffs' subpoena. The MOTION is GRANTED as to Martorello's subpoena to the extent that Martorello seeks to question Wichtman on topics other than those outlined in paragraph 2. The MOTION is DENIED WITHOUT PREJUDICE as to the refiling of a motion to quash that correctly frames and briefs the issues. By July 9, 2020, the Plaintiffs, Martorello, and Wichtman shall inform the Court of their proposed briefing schedule. By July 9, 2020, Martorello and Wichtman shall inform the Court of the date on which Wichtman's deposition shall take place. The Clerk is directed to file this Order in Williams v. Big Picture Loans, LLC, 3:17-cv-461, and in Galloway v. Big Picture Loans, LLC, 3:18-cv-406. Signed by District Judge Robert E. Payne on 6/30/2020. (jsmi, ) (Entered: 06/30/2020) |
| 06/30/2020 | 803 | MOTION to Withdraw as Attorney *by Michelle L. Alamo* by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 06/30/2020) |
| 07/01/2020 | 804 | Memorandum in Opposition re 796 MOTION Plaintiffs' Rule 32 Motion to Exclude Prior Deposition Testimony from Defendant Matt Martorello's Witnesses at the Misrepresentations Hearing filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Erbach, John) (Entered: 07/01/2020) |
| 07/01/2020 | 805 | Memorandum in Opposition re 792 MOTION *to Bar Testimony from Defendant Matt Martorello's Experts At the Misrepresentation Hearing* filed by Matt Martorello. (Erbach, John) (Entered: 07/01/2020) |
| 07/01/2020 | 806 | Memorandum in Opposition re 794 MOTION Plaintiffs' Motion to Exclude Testimony from Witnesses Not Identified in Discovery at the Misrepresentations Hearing filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Erbach, John) (Entered: 07/01/2020) |
| 07/02/2020 | 807 | Response to 802 Order,,, *JOINT RESPONSE TO COURT'S ORDER REGARDING THE DEPOSITION OF KARRIE WICHTMAN IN RELATION TO JULY 21 EVIDENTIARY* |

| | | |
|---|---|---|
| | | *HEARING* filed by Matt Martorello. (Erbach, John) (Entered: 07/02/2020) |
| 07/07/2020 | 808 | *(AMENDED)* Witness List by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 07/07/2020) |
| 07/07/2020 | 809 | MOTION *for Entry of Agreed Order Governing Discovery Designations for July 21-22 Hearing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 07/07/2020) |
| 07/07/2020 | 810 | ORDER GOVERNING DISCOVERY DESIGNATIONS FOR JULY 21 HEARING. The 809 MOTION FOR ENTRY OF AGREED ORDER GOVERNING DISCOVERY DESIGNATIONS is GRANTED. See Order for details and deadlines. Signed by District Judge Robert E. Payne on 7/7/2020. (jsmi, ) (Entered: 07/07/2020) |
| 07/07/2020 | 811 | ORDER that the July 16, 2020 hearing at 10:00AM on the parties' discovery designation objections shall take place by video conference. Counsel will receive a Zoom invitation to this hearing. Counsel wishing to attend in person may do so. Signed by District Judge Robert E. Payne on 7/7/2020. (jsmi, ) (Entered: 07/07/2020) |
| 07/07/2020 | 812 | ORDER that the Motion to Withdraw as Counsel for defendant Matt Martorello filed by Michelle L. Alamois GRANTED. The Clerk is DIRECTED to remove Ms. Alamo from the docket and ECF distribution list in this case. Signed by District Judge Robert E. Payne on 7/7/2020. (jsmi, ) (Entered: 07/07/2020) |
| 07/07/2020 | 813 | ORDER that the Plaintiffs' 786 MOTION TO SEAL is DENIED and that the PLAINTIFFS' 788 STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS AND OMISSIONS MADE TO THE COURT, Exhibit 5, Exhibit 40, and Exhibit 41 shall be removed from under seal by the Clerk and placed in the public record. See Order for details. Signed by District Judge Robert E. Payne on 7/7/2020. (jsmi, ) (Entered: 07/07/2020) |
| 07/07/2020 | 814 | ORDER that the refiling of a motion to quash shall occur on the following schedule: (1) The motion to quash shall be filed by September 4, 2020; (2) The response thereto shall be filed by September 18, 2020; and (3) A reply shall be filed by September 24, 2020. The Clerk is directed to file this Order in Williams v. Big Picture Loans, LLC, 3:17-cv-461, and in Galloway v. Big Picture Loans, LLC, 3:18-cv-406. Signed by District Judge Robert E. Payne on 7/7/2020. (jsmi, ) (Entered: 07/07/2020) |
| 07/07/2020 | | Set Hearing: Discovery Designation Objections Hearing set for 7/16/2020 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 07/07/2020) |
| 07/08/2020 | 815 | RESPONSE in Support re 794 MOTION Plaintiffs' Motion to Exclude Testimony from Witnesses Not Identified in Discovery at the Misrepresentations Hearing filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1")(Bennett, Leonard) (Entered: 07/08/2020) |
| 07/08/2020 | 816 | Reply to Motion re 796 MOTION Plaintiffs' Rule 32 Motion to Exclude Prior Deposition Testimony from Defendant Matt Martorello's Witnesses at the Misrepresentations Hearing filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 07/08/2020) |
| 07/08/2020 | 817 | Reply to Motion re 792 MOTION *to Bar Testimony from Defendant Matt Martorello's Experts At the Misrepresentation Hearing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 07/08/2020) |
| 07/08/2020 | 818 | Motion to appear Pro Hac Vice by Douglas Nelson Marsh and Certification of Local Counsel John Michael Erbach Filing fee $ 75, receipt number 0422-7289998. by Matt |

| | | |
|---|---|---|
| | | Martorello. (Erbach, John) (Entered: 07/08/2020) |
| 07/09/2020 | 819 | ORDER that, by 5:00 PM on July 9, 2020, Matt Martorello shall file the expert reports of J. Howard Beales, Eric C. Henson, John M. Norman, Richard E. Ross, Lawrence S. Roberts, Lance Morgan, and Gregory Cowhey. See Order for details. Signed by District Judge Robert E. Payne on 7/9/2020. (jsmi, ) (Entered: 07/09/2020) |
| 07/09/2020 | 820 | ORDER that MATT MARTORELLO'S 747 MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING is GRANTED. MATT MARTORELLO'S 748 MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING is DENIED AS MOOT. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 7/9/2020. (jsmi, ) (Entered: 07/09/2020) |
| 07/09/2020 | 821 | NOTICE by Matt Martorello re 819 Order, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mullins, Maurice) (Entered: 07/09/2020) |
| 07/09/2020 | 822 | MOTION to Seal *Expert Reports* by Matt Martorello. (Attachments: # 1 Proposed Order)(Mullins, Maurice) (Entered: 07/09/2020) |
| 07/09/2020 | 823 | Memorandum in Support re 822 MOTION to Seal *Expert Reports* filed by Matt Martorello. (Mullins, Maurice) (Entered: 07/09/2020) |
| 07/09/2020 | 824 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 822 MOTION to Seal *Expert Reports* (Mullins, Maurice) (Entered: 07/09/2020) |
| 07/09/2020 | 825 | Sealed Document re 822 MOTION to Seal *Expert Reports*. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 7)(Mullins, Maurice) (Entered: 07/09/2020) |
| 07/10/2020 | 826 | ORDER that Defendant Matt Martorello shall file by 12:00 PM on July 13, 2020 a notice detailing which experts he intends to call at the misrepresentations hearing to be held on July 21-22, 2020. Signed by District Judge Robert E. Payne on 7/10/2020. (jsmi, ) (Entered: 07/10/2020) |
| 07/10/2020 | 827 | ORDER that PLAINTIFFS' 794 MOTION TO EXCLUDE TESTIMONY FROM WITNESSES NOT IDENTIFIED IN DISCOVERY AT THE MISREPRESENTATIONS HEARING is HELD IN ABEYANCE as to whether Kym Bunn and Monique Castera may testify at the misrepresentations hearing to be held on July 21-22, 2020. The Plaintiffs shall have leave to depose the Witnesses at Issue. By July 14, 2020 at 9:00 AM, Defendant Matt Martorello shall file a notice detailing the topics on which he intends to examine the Witnesses at Issue on direct examination. Signed by District Judge Robert E. Payne on 7/10/2020. (jsmi, ) (Entered: 07/10/2020) |
| 07/10/2020 | 828 | ORDER that PLAINTIFFS' 796 RULE 32 MOTION TO EXCLUDE PRIOR DEPOSITION TESTIMONY FROM DEFENDANT MATT MARTORELLO'S WITNESSES AT THE MISREPRESENTATIONS HEARING is GRANTED. See Order for additional details. Signed by District Judge Robert E. Payne on 7/10/2020. (jsmi, ) (Entered: 07/10/2020) |
| 07/10/2020 | 829 | ORDER that the Plaintiffs and Defendant Matt Martorello shall file by July 13, 2020 at 9:00 AM notices detailing: (1) Which witnesses the parties intend to call in person; (2) Which witnesses the parties intend to call via video conference; and (3) Which witnesses the parties intend to call through deposition testimony. Signed by District Judge Robert E. Payne on 7/10/2020. (jsmi, ) (Entered: 07/10/2020) |
| 07/12/2020 | 830 | NOTICE by Matt Martorello re 820 Order on Motion for Miscellaneous Relief,, Order on Motion to Expedite, *Joint Notice Regarding Continued Deposition of Joette Pete* |

JA100

| | | (Erbach, John) (Entered: 07/12/2020) |
|---|---|---|
| 07/12/2020 | 831 | NOTICE by Matt Martorello re 829 Order, *Regarding Witness Testimony at July 21 Hearing* (Erbach, John) (Entered: 07/12/2020) |
| 07/12/2020 | 832 | NOTICE by Matt Martorello re 827 Order,, *Regarding Witnesses Kym Bunn and Monique Castero* (Erbach, John) (Entered: 07/12/2020) |
| 07/12/2020 | 833 | *(Amended)* Witness List by Matt Martorello. (Erbach, John) (Entered: 07/12/2020) |
| 07/12/2020 | 834 | NOTICE by Matt Martorello re 826 Order, *Regarding Expert Witness Testimony at July 21 Hearing* (Erbach, John) (Entered: 07/12/2020) |
| 07/13/2020 | 835 | Plaintiff' Second Amended Witness List by Lula Williams. (Bennett, Leonard). Modified docket entry on 07/13/2020. (walk, ) (Entered: 07/13/2020) |
| 07/13/2020 | 836 | ORDER that the PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY FROM WITNESSES NOT IDENTIFIED IN DISCOVERY AT THE MISREPRESENTATIONS HEARING (Williams, ECF No. 794 ; Galloway I, ECF No. 442 ) is DENIED AS MOOT. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/13/2020. (sbea,) (Entered: 07/13/2020) |
| 07/13/2020 | 837 | ORDER that Defendant Matt Martorello having represented that "he no longer intends to call Ms. Bunn and Ms. Castero at the evidentiary hearing,"(Williams v. Big Picture Loans, LLC, 3:17-cv-461 (E.D. Va.) ("Williams"), ECF No. 832 ; Galloway v. Big Picture Loans, LLC, 3:18-cv-406 (E.D. Va.) ("Galloway I"), ECF No. (492), it is hereby ORDERED that the PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY FROM WITNESSES NOT IDENTIFIED IN DISCOVERY AT THE MISREPRESENTATIONS HEARING (Williams, ECF No. 794 ; Galloway I, ECF No. (442) is DENIED AS MOOT. It is so ORDERED. Signed by District Judge Robert E. Payne on 07/13/2020. (walk, ) (Entered: 07/13/2020) |
| 07/13/2020 | 838 | ORDER that: 1) The PLAINTIFFS' NOTICE REGARDING COMPLIANCE WITH ECF NO. 654 (DOCUMENTS PERTAINING TO JENNIFER WEDDLE) (Williams, ECF No. 672 ) be stricken as an improper pleading because it does not comply with the Federal Rules of Civil Procedure's motion requirements; 2) The RESPONSE OF NON-PARTY JENNIFER WEDDLE TO PLAINTIFFS' NOTICE REGARDING COMPLIANCE WITH ECF NO. 654 (Weddle, ECF No. 41) be stricken as an improper response to the Plaintiffs' Document; 3) Counsel for all parties are admonished to ensure that their filings comply with the Federal Rules of Civil Procedure; 4) MATT MARTORELLO'S MOTION TO STRIKE PLAINTIFFS' NOTICE (Williams, ECF No. 677 ) is DENIED AS MOOT; and 5) The PLAINTIFFS' MOTION TO ENFORCE COURT'S MINUTE ORDER (Williams, ECF No. 687 ) is DENIED because the Court required that counsel for Jennifer Weddle ("Weddle") and the Plaintiffs, not counsel for Martorello, create a list of documents that were destroyed and the Minute Sheet (Williams, ECF No. 654 ) contained a clerical error. See Order for details. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/13/2020. (sbea,) (Entered: 07/13/2020) |
| 07/13/2020 | 839 | Discovery Designation by Matt Martorello.(Mullins, Maurice) (Entered: 07/13/2020) |
| 07/13/2020 | 840 | Discovery Designation by Dowin Coffy, Marcella P. Singh, Gloria Turnage, Lula Williams.(Bennett, Leonard) (Entered: 07/13/2020) |
| 07/13/2020 | 841 | Discovery Designation by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams.(Bennett, Leonard) (Entered: 07/13/2020) |
| 07/13/2020 | 842 | Discovery Designation by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria |

JA101

| | | Turnage, Lula Williams.(Bennett, Leonard) (Entered: 07/13/2020) |
|---|---|---|
| 07/13/2020 | 843 | Response to 784 Memorandum,,,, *Matt Martorello's Response to Plaintiffs' Statement of Position (Redacted Version)* filed by Matt Martorello. (Erbach, John) (See Dkt. Entry 851 Ex. 1 Sealed (Unredacted) Response. Modified docket event on 9/1/2020 (jtho, ). (Entered: 07/13/2020) |
| 07/13/2020 | 844 | NOTICE by Matt Martorello re 843 Response *(Exhibits Volume I)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS, # 46 Exhibit TT, # 47 Exhibit UU, # 48 Exhibit VV, # 49 Exhibit WW, # 50 Exhibit XX, # 51 Exhibit YY, # 52 Exhibit ZZ)(Erbach, John) (Entered: 07/13/2020) |
| 07/13/2020 | 845 | NOTICE by Matt Martorello re 843 Response *(Exhibits Volume II)* (Attachments: # 1 Exhibit AAA, # 2 Exhibit BBB, # 3 Exhibit CCC, # 4 Exhibit DDD, # 5 Exhibit EEE, # 6 Exhibit FFF, # 7 Exhibit GGG, # 8 Exhibit HHH, # 9 Exhibit III, # 10 Exhibit JJJ, # 11 Exhibit KKK, # 12 Exhibit LLL, # 13 Exhibit MMM, # 14 Exhibit NNN, # 15 Exhibit OOO, # 16 Exhibit PPP, # 17 Exhibit QQQ, # 18 Exhibit RRR, # 19 Exhibit SSS, # 20 Exhibit TTT, # 21 Exhibit UUU, # 22 Exhibit VVV, # 23 Exhibit WWW, # 24 Exhibit XXX, # 25 Exhibit YYY, # 26 Exhibit ZZZ, # 27 Exhibit AAAA, # 28 Exhibit BBBB, # 29 Exhibit CCCC, # 30 Exhibit DDDD, # 31 Exhibit EEEE, # 32 Exhibit FFFF, # 33 Exhibit GGGG, # 34 Exhibit HHHH, # 35 Exhibit IIII, # 36 Exhibit JJJJ, # 37 Exhibit KKKK, # 38 Exhibit LLLL, # 39 Exhibit MMMM, # 40 Exhibit NNNN, # 41 Exhibit OOOO, # 42 Exhibit PPPP, # 43 Exhibit QQQQ, # 44 Exhibit RRRR, # 45 Exhibit SSSS, # 46 Exhibit TTTT, # 47 Exhibit UUUU, # 48 Exhibit VVVV, # 49 Exhibit WWWW, # 50 Exhibit XXXX, # 51 Exhibit YYYY, # 52 Exhibit ZZZZ)(Erbach, John) (Entered: 07/13/2020) |
| 07/13/2020 | 846 | Exhibit List by Matt Martorello.. (Mullins, Maurice) (Entered: 07/13/2020) |
| 07/13/2020 | 847 | NOTICE by Matt Martorello re 843 Response *(Exhibits Volume III)* (Attachments: # 1 Exhibit AAAAA, # 2 Exhibit BBBBB, # 3 Exhibit CCCCC, # 4 Exhibit DDDDD, # 5 Exhibit EEEEE, # 6 Exhibit FFFFF, # 7 Exhibit GGGGG, # 8 Exhibit HHHHH, # 9 Exhibit IIIII, # 10 Exhibit JJJJJ, # 11 Exhibit KKKKK, # 12 Exhibit LLLLL, # 13 Exhibit MMMMM, # 14 Exhibit NNNNN, # 15 Exhibit OOOOO, # 16 Exhibit PPPPP, # 17 Exhibit QQQQQ, # 18 Exhibit RRRRR, # 19 Exhibit SSSSS, # 20 Exhibit TTTTT, # 21 Exhibit UUUUU, # 22 Exhibit VVVVV, # 23 Exhibit WWWWW, # 24 Exhibit XXXXX, # 25 Exhibit YYYYY, # 26 Exhibit ZZZZZ, # 27 Exhibit AAAAAA, # 28 Exhibit BBBBBB, # 29 Exhibit CCCCCC, # 30 Exhibit DDDDDD, # 31 Exhibit EEEEEE, # 32 Exhibit FFFFFF, # 33 Exhibit GGGGGG, # 34 Exhibit HHHHHH, # 35 Exhibit IIIIII, # 36 Exhibit JJJJJJ, # 37 Exhibit KKKKKK, # 38 Exhibit LLLLLL, # 39 Exhibit MMMMMM, # 40 Exhibit NNNNNN, # 41 Exhibit OOOOOO, # 42 Exhibit PPPPPP, # 43 Exhibit QQQQQQ, # 44 Exhibit RRRRRR, # 45 Exhibit SSSSSS, # 46 Exhibit TTTTTT, # 47 Exhibit UUUUUU, # 48 Exhibit VVVVVV, # 49 Exhibit WWWWWW, # 50 Exhibit XXXXXX, # 51 Exhibit AAAAAAA)(Erbach, John) (Entered: 07/13/2020) |
| 07/13/2020 | 848 | MOTION to Seal *Exhibits Filed With Martorello's Response to Plaintiffs' Statement of Position* by Matt Martorello. (Erbach, John) (Entered: 07/13/2020) |

JA102

| | | |
|---|---|---|
| 07/13/2020 | 849 | Memorandum in Support re 848 MOTION to Seal *Exhibits Filed With Martorello's Response to Plaintiffs' Statement of Position* filed by Matt Martorello. (Erbach, John) (Entered: 07/13/2020) |
| 07/13/2020 | 850 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 848 MOTION to Seal *Exhibits Filed With Martorello's Response to Plaintiffs' Statement of Position* (Erbach, John) (Entered: 07/13/2020) |
| 07/13/2020 | 851 | Sealed Attachment/Exhibit(s) re 848 MOTION to Seal *Exhibits Filed With Martorello's Response to Plaintiffs' Statement of Position*, 843 Response. (Attachments: # 1 Unredacted Response, # 2 Exhibit A, # 3 Exhibit D, # 4 Exhibit G, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit U, # 10 Exhibit V, # 11 Exhibit W, # 12 Exhibit Y, # 13 Exhibit AA, # 14 Exhibit BB, # 15 Exhibit CC, # 16 Exhibit DD, # 17 Exhibit FF, # 18 Exhibit GG, # 19 Exhibit HH, # 20 Exhibit II, # 21 Exhibit KK, # 22 Exhibit NN, # 23 Exhibit PP, # 24 Exhibit RR, # 25 Exhibit SS, # 26 Exhibit TT, # 27 Exhibit UU, # 28 Exhibit VV, # 29 Exhibit WW, # 30 Exhibit XX, # 31 Exhibit DDD - Part 1, # 32 Exhibit DDD - Part 2, # 33 Exhibit FFF, # 34 Exhibit KKK, # 35 Exhibit LLL, # 36 Exhibit MMM, # 37 Exhibit NNN, # 38 Exhibit QQQ, # 39 Exhibit YYY) (Erbach, John) (Entered: 07/13/2020) |
| 07/13/2020 | 852 | Sealed Attachment/Exhibit(s) re 848 MOTION to Seal *Exhibits Filed With Martorello's Response to Plaintiffs' Statement of Position*, 843 Response. (Attachments: # 1 Exhibit AAAA, # 2 Exhibit BBBB, # 3 Exhibit DDDD, # 4 Exhibit EEEE, # 5 Exhibit FFFF, # 6 Exhibit GGGG, # 7 Exhibit HHHH, # 8 Exhibit IIII, # 9 Exhibit JJJJ, # 10 Exhibit KKKK, # 11 Exhibit MMMM, # 12 Exhibit OOOO, # 13 Exhibit PPPP, # 14 Exhibit QQQQ, # 15 Exhibit RRRR, # 16 Exhibit TTTT, # 17 Exhibit UUUU, # 18 Exhibit WWWW, # 19 Exhibit XXXX, # 20 Exhibit YYYY, # 21 Exhibit ZZZZ, # 22 Exhibit AAAAA, # 23 Exhibit BBBBB, # 24 Exhibit CCCCC, # 25 Exhibit DDDDD, # 26 Exhibit EEEEE, # 27 Exhibit FFFFF, # 28 Exhibit GGGGG, # 29 Exhibit HHHHH, # 30 Exhibit IIIII, # 31 Exhibit JJJJJ, # 32 Exhibit KKKKK, # 33 Exhibit NNNNN, # 34 Exhibit OOOOO, # 35 Exhibit PPPPP, # 36 Exhibit RRRRR, # 37 Exhibit SSSSS, # 38 Exhibit TTTTT, # 39 Exhibit UUUUU, # 40 Exhibit WWWWW, # 41 Exhibit XXXXX, # 42 Exhibit YYYYY, # 43 Exhibit AAAAAA, # 44 Exhibit BBBBBB, # 45 Exhibit DDDDDD, # 46 Exhibit EEEEEE, # 47 Exhibit FFFFFF, # 48 Exhibit GGGGGG, # 49 Exhibit IIIIII, # 50 Exhibit JJJJJJ, # 51 Exhibit KKKKKK, # 52 Exhibit LLLLLL, # 53 Exhibit MMMMMM, # 54 Exhibit NNNNNN, # 55 Exhibit QQQQQQ, # 56 Exhibit RRRRRR, # 57 Exhibit SSSSSS, # 58 Exhibit UUUUUU)(Erbach, John) (Entered: 07/13/2020) |
| 07/14/2020 | 853 | MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 7/14/2020. (jsmi, ) (Entered: 07/14/2020) |
| 07/14/2020 | 854 | UNSEALED PER 40 ORDER ENTERED ON 7/30/2020 - SEALED MEMORANDUM OPINION. (See Redacted Memorandum Opinion 853 ). Signed by District Judge Robert E. Payne on 7/14/2020. Copy mailed to counsel as directed. (jsmi, ) Modified on 7/30/2020 (jsmi, ). (Entered: 07/14/2020) |
| 07/14/2020 | 855 | ORDER that the accompanying MEMORANDUM OPINION, MATT MARTORELLO'S 753 MEMORANDUM IN SUPPORT OF MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING, accompanying Exhibit A, accompanying Exhibit C, and the PLAINTIFFS' 777 RESPONSE TO DEFENDANT MATT MARTORELLO'S MOTIONS UNDER RULE 30(d) and the accompanying exhibit shall be removed from under seal by the Clerk and placed in the public record after 14 days of entry of this ORDER, unless a party demonstrates why sealing is |

| | | |
|---|---|---|
| | | appropriate. Signed by District Judge Robert E. Payne on 7/14/2020. (jsmi, ) (Entered: 07/14/2020) |
| 07/15/2020 | 856 | ORDER granting 818 Motion for Douglas Nelson Marsh to appear as Pro hac vice for Matt Martorello. Signed by District Judge Robert E. Payne on 7/14/2020. (smej, ) (Entered: 07/15/2020) |
| 07/15/2020 | 857 | ORDER - For the reasons stated on the record during the conference call on July 15, 2020, it is hereby ORDERED that the hearing scheduled for 10:00 AM on July 16, 2020 is CANCELLED. Signed by District Judge Robert E. Payne on 07/15/2020. (smej, ) (Entered: 07/15/2020) |
| 07/15/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 7/15/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 08/05/2020) |
| 07/16/2020 | 858 | ORDER that the July 21-22 evidentiary hearing shall be accessible by video conference. Counsel and witnesses are strongly encouraged to attend in person if possible. However, counsel will also receive a Zoom invitation to this hearing. Signed by District Judge Robert E. Payne on 7/16/2020. (jsmi, ) (Entered: 07/16/2020) |
| 07/17/2020 | 859 | ORDER that Matt Martorello's 822 Motion to Seal is GRANTED with respect to the expert reports of Gregory Cowhey, John M. Norman, and Richard E. Ross. See Order for details. Signed by District Judge Robert E. Payne on 7/17/2020. (jsmi, ) (Entered: 07/17/2020) |
| 07/17/2020 | 860 | Discovery Designation by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams.(Bennett, Leonard) (Entered: 07/17/2020) |
| 07/17/2020 | 861 | Discovery Designation by Matt Martorello.(Mullins, Maurice) (Entered: 07/17/2020) |
| 07/17/2020 | 864 | Response to 843 Response filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)(Kelly, Kristi) (Entered: 07/17/2020) |
| 07/17/2020 | 865 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 07/17/2020) |
| 07/17/2020 | 866 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 865 MOTION to Seal (Kelly, Kristi) (Entered: 07/17/2020) |
| 07/17/2020 | 867 | Sealed Response/Reply/Opposition re 865 MOTION to Seal . (Kelly, Kristi) (Entered: 07/17/2020) |
| 07/17/2020 | 868 | Memorandum in Support re 865 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/17/2020) |
| 07/17/2020 | 869 | *Rebuttal* Exhibit List by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams.. (Kelly, Kristi) (Entered: 07/17/2020) |
| 07/19/2020 | 870 | *Second Amended* Witness List by Matt Martorello. (Erbach, John) (Entered: 07/19/2020) |

| 07/20/2020 | **871** | Discovery Designation by Matt Martorello.(Mullins, Maurice) (Entered: 07/20/2020) |
|---|---|---|
| 07/20/2020 | **872** | TRANSCRIPT of proceedings held on July 15, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER Redaction Request due 8/19/2020. Redacted Transcript Deadline set for 9/21/2020. Release of Transcript Restriction set for 10/19/2020.(peterson, peppy) (Entered: 07/20/2020)** |
| 07/20/2020 | **873** | *Supplemental* Exhibit List by Matt Martorello.. (Mullins, Maurice) (Entered: 07/20/2020) |
| 07/21/2020 | **875** | Minute Entry for proceedings held before District Judge Robert E. Payne: Evidentiary Hearing held on 7/21/2020. Opening statements made; testimony of witness Matt Martorello heard; matter continued tomorrow 07/22/2020 at 9:30 a.m. (Attachment: # **1** Exhibit & Witness List) (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 07/21/2020) |
| 07/21/2020 | | Set Hearing: Evidentiary Hearing: Part II set for 7/22/2020 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 07/21/2020) |
| 07/22/2020 | **876** | MOTION for Leave to File *to File Supplemental Authority Regarding Fourth Circuit's Decision in Gibbs* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # **1** Proposed Order)(Guzzo, Andrew) (Entered: 07/22/2020) |
| 07/22/2020 | **877** | Memorandum in Support re **876** MOTION for Leave to File *to File Supplemental Authority Regarding Fourth Circuit's Decision in Gibbs* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # **1** Exhibit 1 - Gibbs Opinion)(Guzzo, Andrew) (Entered: 07/22/2020) |
| 07/22/2020 | **878** | Minute Entry for proceedings held before District Judge Robert E. Payne: Evidentiary Hearing held on 7/22/2020. Testimony of Matt Martorello heard; plaintiffs moved to admit all exhibits into evidence - no objection from defendant; parties to file charts & statement of positions on loan criteria by 07/29/2020, briefs on misrepresentations by 07/31/2020; defendant to file statement of position on plaintiffs' motion for leave to file supplemental authority by 07/24/2020; parties to order transcripts, if needed. (Attachment: # **1** Exhibit & Witness List) (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 07/22/2020) |
| 07/23/2020 | **879** | ORDER that **792** PLAINTIFFS' MOTION TO BAR TESTIMONY FROM DEFENDANT MATT MARTORELLO'S "EXPERTS" AT THE MISREPRESENTATIONS HEARING is DENIED AS MOOT. Signed by District Judge Robert E. Payne on 7/23/2020. (jsmi, ) (Entered: 07/23/2020) |
| 07/23/2020 | **880** | ORDER that by July 24, 2020, Matt Martorello shall file a statement of position with respect to the Plaintiffs' **876** MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY. By July 29, 2020, the parties shall file in both listed actions a chart showing how and through which trusts, corporations, people, or other entities money flows through from the time a borrower makes a payment until the money is distributed to Martorello and others; describing all trusts, corporations, people, and other entities |

| | | |
|---|---|---|
| | | involved in these transactions and how each trust, corporation, person, or other entity relate to each other; and explaining what Martorello's interest, involvement, or relationship is as to each trust, corporation, person, or entity. If the parties are unable to jointly submit the document described in paragraph (2), the Plaintiffs shall submit their document by July 29, 2020 and Martorello shall file his proposed changes by July 30, 2020. By July 29, 2020, the parties shall file in both listed actions a statement of position setting out the evidence in the record that explains who or what entity sets the loan criteria. By July 31, 2020, the parties shall file in both listed actions supplemental briefs regarding the alleged material misrepresentations. Signed by District Judge Robert E. Payne on 7/23/2020. (jsmi, ) (Entered: 07/23/2020) |
| 07/24/2020 | 881 | RESPONSE to Motion re 876 MOTION for Leave to File *to File Supplemental Authority Regarding Fourth Circuit's Decision in Gibbs (Martorello's Statement of Position with Respect to Plaintiffs' Motion for Leave to File Supplemental Authority per Order at ECF No. 880)* filed by Matt Martorello. (Erbach, John) (Entered: 07/24/2020) |
| 07/25/2020 | 882 | TRANSCRIPT of proceedings held on July 21, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/24/2020. Redacted Transcript Deadline set for 9/24/2020. Release of Transcript Restriction set for 10/23/2020.(peterson, peppy) (Entered: 07/25/2020)** |
| 07/25/2020 | 883 | TRANSCRIPT of proceedings held on July 22, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/24/2020. Redacted Transcript Deadline set for 9/24/2020. Release of Transcript Restriction set for 10/23/2020.(peterson, peppy) (Entered: 07/25/2020)** |
| 07/26/2020 | 884 | Reply to 881 Response to Motion, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/26/2020) |
| 07/27/2020 | 885 | ORDER that 876 MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY is GRANTED. Signed by District Judge Robert E. Payne on 7/27/2020. (jsmi, ) (Entered: 07/27/2020) |
| 07/29/2020 | 886 | Memorandum *Regarding Plaintiffs' Statement of Position Regarding the Loan Criteria* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 887 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, |

| | | |
|---|---|---|
| | | Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 888 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 887 MOTION to Seal (Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 889 | Sealed Attachment/Exhibit(s) re 887 MOTION to Seal . (Attachments: # 1 Exhibit 2 (unredacted version), # 2 Exhibit 5 (unredacted version), # 3 Exhibit 8 (unredacted version))(Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 890 | Memorandum in Support re 887 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 891 | MOTION to Seal *Exhibits Submitted with Statement of Position in Response to July 23, 2020 Order (Paragraph 4)* by Matt Martorello. (Erbach, John) (Entered: 07/29/2020) |
| 07/29/2020 | 892 | Memorandum in Support re 891 MOTION to Seal *Exhibits Submitted with Statement of Position in Response to July 23, 2020 Order (Paragraph 4)* filed by Matt Martorello. (Erbach, John) (Entered: 07/29/2020) |
| 07/29/2020 | 893 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 891 MOTION to Seal *Exhibits Submitted with Statement of Position in Response to July 23, 2020 Order (Paragraph 4)* (Erbach, John) (Entered: 07/29/2020) |
| 07/29/2020 | 894 | Sealed Document re 891 MOTION to Seal *Exhibits Submitted with Statement of Position in Response to July 23, 2020 Order (Paragraph 4)*, 880 Order,,,,,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N, # 10 Exhibit O, # 11 Exhibit P, # 12 Exhibit Q, # 13 Exhibit R, # 14 Exhibit S, # 15 Exhibit T, # 16 Exhibit U, # 17 Exhibit W, # 18 Exhibit X, # 19 Exhibit Y, # 20 Exhibit Z, # 21 Exhibit AA, # 22 Exhibit BB, # 23 Exhibit CC, # 24 Exhibit DD, # 25 Exhibit EE, # 26 Exhibit FF, # 27 Exhibit II, # 28 Exhibit JJ, # 29 Exhibit KK)(Erbach, John) (Entered: 07/29/2020) |
| 07/29/2020 | 895 | Response to 880 Order,,,,, *Matt Martorello's Statement of Position in Response to July 23, 2020 Order (Paragraph 4)* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL)(Erbach, John) (Entered: 07/29/2020) |
| 07/29/2020 | 896 | Memorandum *Regarding Structure of Martorello's Companies and Flow of Funds* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7 (filed under seal), # 8 Exhibit 8 (filed under seal), # 9 Exhibit 9, # 10 Exhibit 10 (filed under seal))(Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 897 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 898 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 897 MOTION to Seal (Kelly, Kristi) (Entered: 07/29/2020) |

JA107

| | | |
|---|---|---|
| 07/29/2020 | 899 | Sealed Attachment/Exhibit(s) re 897 MOTION to Seal . (Attachments: # 1 Exhibit 7, # 2 8, # 3 10)(Kelly, Kristi) (Entered: 07/29/2020) |
| 07/29/2020 | 900 | Memorandum in Support re 897 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/29/2020) |
| 07/30/2020 | 901 | ORDER that MATT MARTORELLO'S 750 MOTION TO FILE UNDER SEAL UNREDACTED MEMORANDUM AND EXHIBITS CONTAINING MATERIAL DESIGNATED CONFIDENTIAL ATTORNEYS' EYES ONLY BY PLAINTIFFS is DENIED. The Plaintiffs' 774 MOTION TO SEAL is DENIED. The 854 MEMORANDUM OPINION, 753 MATT MARTORELLO'S MEMORANDUM IN SUPPORT OF MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING, accompanying Exhibit A, Exhibit C, and the PLAINTIFFS' 777 RESPONSE TO DEFENDANT MATT MARTORELLO'S MOTIONS UNDER RULE 30 (d) and 778 accompanying exhibit shall be removed from under seal by the Clerk and placed in the public record. See Order for details. Signed by District Judge Robert E. Payne on 7/30/2020. (jsmi, ) (Entered: 07/30/2020) |
| 07/30/2020 | 902 | Response to 880 Order,,,,, *Matt Martorello's Statement of Position in Response to July 23, 2020 Order (Paragraph 2)* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Erbach, John) (Entered: 07/30/2020) |
| 07/31/2020 | 903 | MOTION to Seal *Unredacted Supplemental Brief Regarding Alleged Misrepresentations* by Matt Martorello. (Erbach, John) (Entered: 07/31/2020) |
| 07/31/2020 | 904 | Memorandum in Support re 903 MOTION to Seal *Unredacted Supplemental Brief Regarding Alleged Misrepresentations* filed by Matt Martorello. (Erbach, John) (Entered: 07/31/2020) |
| 07/31/2020 | 905 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 903 MOTION to Seal *Unredacted Supplemental Brief Regarding Alleged Misrepresentations* (Erbach, John) (Entered: 07/31/2020) |
| 07/31/2020 | 906 | MOTION for Leave to File Excess Pages by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 07/31/2020) |
| 07/31/2020 | 907 | Sealed Response/Reply/Opposition re 903 MOTION to Seal *Unredacted Supplemental Brief Regarding Alleged Misrepresentations*. (Erbach, John) (Entered: 07/31/2020) |
| 07/31/2020 | 908 | Memorandum in Support re 906 MOTION for Leave to File Excess Pages filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 07/31/2020) |
| 07/31/2020 | 909 | Response to 880 Order,,,,, *Redacted Version of Matt Martorello's Supplemental Brief Regarding Alleged Misrepresentations (Responding to Order at ECF No. 880 Paragraph 5)* filed by Matt Martorello. (Erbach, John) (Entered: 07/31/2020) |
| 07/31/2020 | 910 | Memorandum to 880 Order,,,,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 07/31/2020) |
| 08/04/2020 | 911 | RESPONSE to Motion re 891 MOTION to Seal *Exhibits Submitted with Statement of Position in Response to July 23, 2020 Order (Paragraph 4)* filed by Rosette, LLP. (Reilly, Craig) (Entered: 08/04/2020) |

JA108

| 08/05/2020 | 912 | Memorandum in Support re 897 MOTION to Seal filed by Matt Martorello. (Attachments: # 1 Proposed Order)(Mullins, Maurice) (Entered: 08/05/2020) |
|---|---|---|
| 08/06/2020 | 913 | Reply to 912 Memorandum in Support filed by Dowin Coffy, Conner & Winters, LLC, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 08/06/2020) |
| 08/07/2020 | 914 | ORDER granting 906 Motion for Leave to File Excess Pages. Plaintiffs' Brief shall not exceed 38 pages. Signed by District Judge Robert E. Payne on 08/07/2020. (tjoh, ) (Entered: 08/07/2020) |
| 08/17/2020 | 915 | MOTION for Protective Order by Matt Martorello. (Attachments: # 1 Proposed Order) (Erbach, John) (Entered: 08/17/2020) |
| 08/17/2020 | 916 | MOTION to Stay *Enforcement of Subpoenas Pending Arbitration (filed in the alternative to Motion for Protective Order at ECF No. 915)* by Matt Martorello. (Erbach, John) (Entered: 08/17/2020) |
| 08/17/2020 | 917 | Memorandum in Support re 916 MOTION to Stay *Enforcement of Subpoenas Pending Arbitration (filed in the alternative to Motion for Protective Order at ECF No. 915)*, 915 MOTION for Protective Order filed by Matt Martorello. (Erbach, John) (Entered: 08/17/2020) |
| 08/20/2020 | 918 | MOTION to Seal *Exhibits Designated Confidential by Third Parties with Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* by Matt Martorello. (Erbach, John) (Entered: 08/20/2020) |
| 08/20/2020 | 919 | Memorandum in Support re 918 MOTION to Seal *Exhibits Designated Confidential by Third Parties with Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* filed by Matt Martorello. (Erbach, John) (Entered: 08/20/2020) |
| 08/20/2020 | 920 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 918 MOTION to Seal *Exhibits Designated Confidential by Third Parties with Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* (Erbach, John) (Entered: 08/20/2020) |
| 08/20/2020 | 921 | Sealed Attachment/Exhibit(s) re 918 MOTION to Seal *Exhibits Designated Confidential by Third Parties with Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]*. (Attachments: # 1 Exhibit A-1, # 2 Exhibit A-2, # 3 Exhibit A-7, # 4 Exhibit B-2, # 5 Exhibit B-4, # 6 Exhibit B-6, # 7 Exhibit B-8, # 8 Exhibit C-5, # 9 Exhibit D-1)(Erbach, John) (Entered: 08/20/2020) |
| 08/20/2020 | 922 | MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* by Matt Martorello. (Erbach, John) (Entered: 08/20/2020) |
| 08/20/2020 | 923 | Memorandum in Support re 922 MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit A-1, # 3 Exhibit A-2, # 4 Exhibit A-3, # 5 Exhibit A-4, # 6 Exhibit A-5, # 7 Exhibit A-6, # 8 Exhibit A-7, # 9 Exhibit A-8, # 10 Exhibit A-9, # 11 Exhibit B, # 12 Exhibit B-1, # 13 Exhibit B-2, # 14 Exhibit B-3, # 15 Exhibit B-4, # 16 Exhibit B-5, # 17 Exhibit B-6, # 18 Exhibit B-7, # 19 Exhibit B-8, # 20 Exhibit B-9, # 21 Exhibit B-10, # 22 Exhibit B-11, # 23 Exhibit B-12, # 24 Exhibit B-13, # 25 Exhibit B-14, # 26 Exhibit B-15, # 27 Exhibit B-16, # 28 Exhibit B-17, # 29 Exhibit C, # 30 Exhibit C-1, # 31 Exhibit C-2, # 32 Exhibit C-3, # 33 |

JA109

| | | |
|---|---|---|
| | | Exhibit C-4, # 34 Exhibit C-5, # 35 Exhibit C-6, # 36 Exhibit C-7, # 37 Exhibit C-8, # 38 Exhibit C-9, # 39 Exhibit C-10, # 40 Exhibit C-11, # 41 Exhibit C-12, # 42 Exhibit D, # 43 Exhibit D-1, # 44 Exhibit D-2)(Erbach, John) (Entered: 08/20/2020) |
| 08/25/2020 | 924 | RESPONSE to Motion re 918 MOTION to Seal *Exhibits Designated Confidential by Third Parties with Motion for Leave to File Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* filed by Rosette, LLP. (Reilly, Craig) (Entered: 08/25/2020) |
| 08/26/2020 | | Conference Call with Martorello Deft's Counsel set for 9/3/2020 at 01:00 PM before District Judge David J. Novak. Conference Call with Pls.' Counsel set for 9/3/2020 at 01:30 PM before District Judge David J. Novak. (cgar) (Entered: 08/26/2020) |
| 08/31/2020 | 925 | Memorandum in Opposition re 916 MOTION to Stay *Enforcement of Subpoenas Pending Arbitration (filed in the alternative to Motion for Protective Order at ECF No. 915)*, 915 MOTION for Protective Order filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Bennett, Leonard) (Entered: 08/31/2020) |
| 09/02/2020 | 926 | ORDER that the Plaintiffs' 689 Motion to Seal is granted and the PLAINTIFFS' 672 MEMORANDUM OF POINTS AND AUTHORITIES (1) IN OPPOSITION TO MATT MARTORELLO'S MOTION TO STRIKE PLAINTIFFS' NOTICE REGARDING COMPLIANCE and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. See Order for details. Signed by District Judge Robert E. Payne on 9/1/2020. (jsmi, ) (Entered: 09/02/2020) |
| 09/02/2020 | 927 | ORDER that plaintiffs' 865 MOTION TO SEAL is granted and PLAINTIFFS' 867 REPLY IN SUPPORT OF STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS MADE TO THE COURT BY DEFENDANTS is filed under seal; provided that appropriately redacted versions thereof are filed in thepublic record. Signed by District Judge Robert E. Payne on 9/1/2020. (jsmi, ) (Entered: 09/02/2020) |
| 09/02/2020 | 928 | ORDER that the plaintiffs' 887 MOTION TO SEAL is granted and PLAINTIFFS' 889 STATEMENT OF POSITION REGARDING THE LOAN CRITERIA is filed under seal; provided that an appropriately redacted version thereof is filed in the public record. Signed by District Judge Robert E. Payne on 9/1/2020. (jsmi, ) (Entered: 09/02/2020) |
| 09/02/2020 | 929 | ORDER that 848 Motion to Seal is granted and MATT MARTORELLO'S 851 RESPONSE TO PLAINTIFFS' STATEMENT OF POSITION and certain exhibits thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 9/1/2020. (jsmi, ) (Entered: 09/02/2020) |
| 09/03/2020 | 930 | RESPONSE to Motion re 922 MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Bennett, Leonard) (Entered: 09/03/2020) |
| 09/03/2020 | | Minute Entry for proceedings held before District Judge David J. Novak:Telephone Conferences held on 9/3/2020. (cgar) (Entered: 09/04/2020) |
| 09/08/2020 | 931 | Consent MOTION for Extension of Time to File Response/Reply as to 916 MOTION to Stay *Enforcement of Subpoenas Pending Arbitration (filed in the alternative to Motion* |

| | | |
|---|---|---|
| | | *for Protective Order at ECF No. 915)*, 915 MOTION for Protective Order by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 09/08/2020) |
| 09/09/2020 | 932 | ORDER that Matt Martorello's Motion for Extension of Time seeking an extension until Friday, September 11, 2020, to file his reply brief in support of Motion for Protective Order or, in the Alternative, to Stay Subpoenas Pending Arbitration is GRANTED. Matt Martorello shall file his reply brief in support of his Motion for Protective Order or, in the Alternative, to Stay Subpoenas Pending Arbitration no later than Friday, September 11, 2020. Signed by District Judge Robert E. Payne on 9/9/2020. (jsmi, ) (Entered: 09/09/2020) |
| 09/09/2020 | 933 | REPLY to Response to Motion re 922 MOTION for Leave to File *Supplemental Exhibits in Support of Motion for Reconsideration and Request for Hearing [ECF No. 486]* filed by Matt Martorello. (Erbach, John) (Entered: 09/09/2020) |
| 09/10/2020 | 934 | NOTICE of Appearance by Jonathan Frank Hollis on behalf of Matt Martorello (Hollis, Jonathan) (Entered: 09/10/2020) |
| 09/11/2020 | 935 | MOTION to Withdraw as Attorney *for all counsel of record at Armstrong Teasdale LLP* by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 09/11/2020) |
| 09/11/2020 | 936 | REPLY to Response to Motion re 916 MOTION to Stay *Enforcement of Subpoenas Pending Arbitration (filed in the alternative to Motion for Protective Order at ECF No. 915)*, 915 MOTION for Protective Order filed by Matt Martorello. (Erbach, John) (Entered: 09/11/2020) |
| 09/16/2020 | 937 | NOTICE of Appearance by Jonathan Frank Hollis on behalf of Matt Martorello (Hollis, Jonathan) (Entered: 09/16/2020) |
| 09/17/2020 | 938 | ORDER that 935 MOTION TO WITHDRAW AS COUNSEL is granted. It is further ORDERED that the Clerk shall remove the following attorneys and the law firm of Armstrong Teasdale, LLP as counsel of record for the defendant, Matt Martorello: Richard L. Scheff, Jonathan P. Boughrum, Michael C. Witsch, Douglas Marsh, Paul Louis Brusati, Tod Daniel Stephens, William Ojile, Charles Palella. Signed by District Judge Robert E. Payne on 9/17/2020. (jsmi, ) (Entered: 09/17/2020) |
| 09/18/2020 | 939 | ORDER that Martorello's 70 CONSENT MOTION FOR EXTENSION OF TIME is GRANTED in case 3:20mc008. The deadlines set forth in 65 Order entered July 7, 2020 are modified as follows: (1) Matt Martorello shall file his response to the Supplemental Motion to Quash Defendant Martorello' s Subpoena Directed to Non-Party Witness Karrie Wichtman and/or for Relief from or Modification of the Consent and Protective Order of June 3, 2019 on or before Wednesday, September 23, 2020; (2) Non-party witness Karrie Wichtman shall file her reply in support of the Supplemental Motion to Quash on or before Tuesday, September 29, 2020. The Clerk is directed to file this Order in Williams v. Big Picture Loans, LLC, 3:17cv461, and in Galloway v. Big Picture Loans, LLC, 3:18cv406. Signed by District Judge Robert E. Payne on 9/18/2020. (jsmi, ) (Entered: 09/18/2020) |
| 09/30/2020 | 940 | Joint MOTION for Entry of Stipulated Order Concerning the Applicability of the Motion for Protective Order [ECF No. 915] to the Subpoena Issued to Dropbox, Inc. on September 17, 2020 re 917 Memorandum in Support, 936 Reply to Response to Motion, 915 MOTION for Protective Order by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 09/30/2020) |
| 10/08/2020 | 941 | Joint MOTION for Entry of Stipulated Order Concerning the Applicability of the Motion for Protective Order [ECF No. 915] to the Subpoena Issued to GoDaddy.com, LLC on September 30, 2020 re 917 Memorandum in Support, 936 Reply to Response to |

JA111

| | | Motion, 925 Memorandum in Opposition,, 915 MOTION for Protective Order by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 10/08/2020) |
|---|---|---|
| 10/13/2020 | 942 | ORDER that Defendant Matt Martorello's Motion for a Protective Order with respect to the First Dropbox Subpoena, Memorandum in Support of the Motion, and Reply, and any ruling thereon, shall apply to the subpoena that Plaintiffs served on Dropbox, Inc. on September 17, 2020. Martorello's Motion for a Protective Order shall constitute a motion for a protective order with respect to the Second Dropbox Subpoena. Signed by District Judge Robert E. Payne on 10/13/2020. (jsmi, ) (Entered: 10/13/2020) |
| 10/13/2020 | 943 | ORDER that Defendant Matt Martorello's Motion for a Protective Order with respect to the First GoDaddy Subpoena, Memorandum in Support of the Motion, and Reply, and any ruling thereon, shall apply to the subpoena that Plaintiffs served on GoDaddy on September 30, 2020. Martorello's Motion for a Protective Order shall constitute a motion for a protective order with respect to the Second GoDaddy Subpoena. Signed by District Judge Robert E. Payne on 10/13/2020. (jsmi, ) (Entered: 10/13/2020) |
| 11/18/2020 | 944 | MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 11/18/2020. (jsmi, ) (Entered: 11/18/2020) |
| 11/24/2020 | 945 | ORDER - Having decided the misrepresentations issues (ECF No. 944), it is now appropriate, as set out in the last paragraph of the ORDER (ECF No. 697), to set a schedule for the filing and briefing on an Amended Motion for Class Certification. Accordingly, it is hereby ORDERED that counsel shall confer and submit, by December 31, 2020, a schedule for the filing and briefing of an Amended Motion for Class Certification. Signed by District Judge Robert E. Payne on 11/24/2020. (tjoh, ) (Entered: 11/24/2020) |
| 11/30/2020 | 946 | MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 944 Memorandum Opinion by Matt Martorello. (Attachments: # 1 Proposed Order)(Hollis, Jonathan) (Entered: 11/30/2020) |
| 11/30/2020 | 947 | Memorandum in Support re 946 MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 944 Memorandum Opinion filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hollis, Jonathan) (Entered: 11/30/2020) |
| 11/30/2020 | 948 | MOTION Stay Pending Interlocutory Appeal and/or Decision on re 944 Memorandum Opinion by Matt Martorello. (Attachments: # 1 Proposed Order)(Hollis, Jonathan) (Entered: 11/30/2020) |
| 11/30/2020 | 949 | Memorandum in Support re 948 MOTION Stay Pending Interlocutory Appeal and/or Decision on re 944 Memorandum Opinion filed by Matt Martorello. (Hollis, Jonathan) (Entered: 11/30/2020) |
| 12/03/2020 | 950 | VACATED PER 954 ORDER ENTERED ON 12/8/2020 - ORDER that the following motions are denied without prejudice: 1) MATT MARTORELLO'S MOTION FOR RECONSIDERATION OF ORDER, ECF NO. 479 , GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR ORAL ARGUMENT (ECF No. 486 ); 2) PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF JOHN M. NORMAN IN SUPPORT OF MOTION FOR RECONSIDERATION (ECF No. 549 ); 3) DEFENDANT MARTORELLO'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO COURT'S ORDER DATED JUNE 6, 2019 (ECF No. 564 ); and 4) MATT MARTORELLO'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION FOR RECONSIDERATION AND REQUEST FOR HEARING (ECF No. 922 ) It is further ORDERED that, if Matt Martorello desires to have the MEMORANDUM OPINION and ORDER (ECF Nos. 478 and 479 ) reconsidered, he shall file a renewed motion and |

| | | |
|---|---|---|
| | | supporting brief to which the plaintiffs shall respond, and to which Matt Martorello shall reply. These submissions shall be made on the following schedule: 1) December 31, 2020: supporting brief; Matt Martorello's motion and 2) January 30, 2021: Plaintiffs' response; 3) February 12, 2021: Matt Martorello's reply. The renewed motion and briefs shall not incorporate by reference any previous motions, briefs or exhibits because such incorporation by reference effectively evades the pages limitations in the Local Civil Rules and makes substantive analysis so difficult that there is a substantial risk of improper analysis. **If the Court determines that oral argument is necessary, counsel will be advised. Argument, if any, will be heard on March 8, 2021 at 10:00 AM.** It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 12/2/2020. (sbea,) Modified on 12/8/2020 (jsmi, ). (Entered: 12/03/2020) |
| 12/03/2020 | | Set Hearing: Motion Hearing (if necessary) set for 3/8/2021 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 12/03/2020) |
| 12/07/2020 | 951 | MOTION to Withdraw as Attorney *for all counsel of record at Spotts Fain, P.C.* by Matt Martorello. (Attachments: # 1 Proposed Order)(Erbach, John) (Entered: 12/07/2020) |
| 12/08/2020 | 952 | NOTICE of Appearance by Karen M. Stemland on behalf of Matt Martorello (Stemland, Karen) (Entered: 12/08/2020) |
| 12/08/2020 | 953 | NOTICE of Appearance by John Benjamin Rottenborn on behalf of Matt Martorello (Rottenborn, John) (Entered: 12/08/2020) |
| 12/08/2020 | 954 | ORDER that 950 ORDER is VACATED; 478 MEMORANDUM OPINION and 479 ORDER are VACATED. PLAINTIFFS' 340 MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE is denied without prejudice. The following motions are denied as moot: MATT MARTORELLO'S 479 MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFFS' 486 MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR ORAL ARGUMENT; PLAINTIFFS' 549 MOTION TO STRIKE THE DECLARATION OF JOHN M. NORMAN IN SUPPORT OF MOTION FOR RECONSIDERATION; DEFENDANT 564 MARTORELLO'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO COURT'S ORDER DATED JUNE 6, 2019; MATT MARTORELLO'S 922 MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION FOR RECONSIDERATION AND REQUEST FOR HEARING. The Plaintiffs shall file any renewed motion(s) to compel privileged documents by January 9, 2021. Defendant, Matt Martorello, shall file his response(s) by February 5, 2021. Plaintiffs' shall file their reply(ies) by February 22, 2021. See Order for additional details and deadlines. Signed by District Judge Robert E. Payne on 12/8/2020. (jsmi, ) (Entered: 12/08/2020) |
| 12/08/2020 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 12/8/2020. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 01/06/2021) |
| 12/09/2020 | 955 | ORDER that by January 15, 2021, Martorello shall file any motion(s) under Rule 19 or 56 seeking the relief/remedy sought in MARTORELLO'S 613 STATEMENT OF POSITION PURSUANT TO ECF NOS. 599 & 601 and MATT MARTORELLO'S 664 SUPPLEMENTAL BRIEF ADDRESSING THE EFFECT OF THE FOURTH CIRCUIT'S DECISION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION. By February 15, 2021, Plaintiffs' shall file their responses, By February 24, 2021, Martorello shall file his replies. Counsel will be notified if oral argument is needed, and, if needed, argument will be held on March 12, 2021 at 10:00 AM. See Order for details. Signed by District Judge Robert E. Payne on 12/9/2020. (jsmi, ) (Entered: 12/09/2020) |

JA113

| 12/09/2020 | 956 | ORDER that 951 MOTION TO WITHDRAW AS COUNSEL is granted. It is further ORDERED that the Clerk shall remove Hugh M. Fain, Esquire; M.F. Connell Mullins, Jr., Esquire; John M. Erbach, Esquire; and the law firm of Spotts Fain, P.C. as counsel of record for the defendant. Matt Martorello. Signed by District Judge Robert E. Payne on 12/9/2020. (jsmi, ) (Entered: 12/09/2020) |
| 12/10/2020 | 957 | ORDER - In preparing the boxes of in camera documents for retrieval by Martorello's new counsel, the Court found that it was unable to locate the binders that were sent in the box labeled June 11, 2019 submission. Signed by District Judge Robert E. Payne on 12/10/2020. (tjoh, ) (Entered: 12/10/2020) |
| 12/14/2020 | 958 | Memorandum in Opposition re 948 MOTION Stay Pending Interlocutory Appeal and/or Decision on re 944 Memorandum Opinion filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - LVD Tribal Code, # 2 Exhibit 2 - Otoe Tribal Code)(Kelly, Kristi) (Entered: 12/14/2020) |
| 12/14/2020 | 959 | Opposition to 946 MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 944 Memorandum Opinion filed by Dowin Coffy. (Bennett, Leonard) (Entered: 12/14/2020) |
| 12/18/2020 | 960 | ORDER that DEFENDANT MATT MARTORELLO'S 916 MOTION TO STAY SUBPOENAS PENDING ARBITRATION is DENIED as moot; and DEFENDANT MATT MARTORELLO'S 915 MOTION FOR PROTECTIVE ORDER is DENIED. See Order for details. Signed by District Judge Robert E. Payne on 12/18/2020. (jsmi, ) (Entered: 12/18/2020) |
| 12/21/2020 | 961 | Reply to Motion re 948 MOTION Stay Pending Interlocutory Appeal and/or Decision on re 944 Memorandum Opinion filed by Matt Martorello. (Stemland, Karen) (Entered: 12/21/2020) |
| 12/21/2020 | 962 | Reply to Motion re 946 MOTION Certification of Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) re 944 Memorandum Opinion filed by Matt Martorello. (Stemland, Karen) (Entered: 12/21/2020) |
| 12/22/2020 | 963 | MOTION to set Scheduling Conference re 945 Order, *and related pending matters* by Matt Martorello. (Attachments: # 1 Proposed Order Regarding Scheduling)(Hollis, Jonathan) (Entered: 12/22/2020) |
| 12/23/2020 | 964 | MOTION For Leave to Exceed Page Limit by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 12/23/2020) |
| 12/23/2020 | 965 | Memorandum in Support re 964 MOTION For Leave to Exceed Page Limit filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Dec. 9, 2020 Email, # 2 Exhibit 2 - Dec. 23, 2020 Email) (Kelly, Kristi) (Entered: 12/23/2020) |
| 12/23/2020 | 966 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 945 Order, (Attachments: # 1 Exhibit "1")(Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 967 | MOTION to Certify Class *(Plaintiffs' Renewed Motion for Class Certification of Claims Against Matt Martorello)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 968 | Memorandum in Support re 967 MOTION to Certify Class *(Plaintiffs' Renewed Motion for Class Certification of Claims Against Matt Martorello)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 |

JA114

| | | |
|---|---|---|
| | | Exhibit "1" FILED UNDER SEAL, # 2 Exhibit "2", # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5", # 6 Exhibit "6", # 7 Exhibit "7", # 8 Exhibit "8", # 9 Exhibit "9", # 10 Exhibit "10", # 11 Exhibit "11", # 12 Exhibit "12", # 13 Exhibit "13", # 14 Exhibit "14", # 15 Exhibit "15", # 16 Exhibit "16", # 17 Exhibit "17", # 18 Exhibit "18", # 19 Exhibit "19", # 20 Exhibit "20", # 21 Exhibit "21", # 22 Exhibit "22", # 23 Exhibit "23", # 24 Exhibit "24", # 25 Exhibit "25", # 26 Exhibit "26", # 27 Exhibit "27", # 28 Exhibit "28", # 29 Exhibit "29", # 30 Exhibit "30", # 31 Exhibit "31", # 32 Exhibit "32", # 33 Exhibit "33", # 34 Exhibit "34", # 35 Exhibit "35", # 36 Exhibit "36", # 37 Exhibit "37", # 38 Exhibit "38", # 39 Exhibit "39", # 40 Exhibit "40", # 41 Exhibit "41", # 42 Exhibit "42", # 43 Exhibit "43", # 44 Exhibit "44", # 45 Exhibit "45", # 46 Exhibit "46", # 47 Exhibit "47" FILED UNDER SEAL, # 48 Exhibit "48", # 49 Exhibit "49", # 50 Exhibit "50", # 51 Exhibit "51", # 52 Exhibit "52", # 53 Exhibit "53", # 54 Exhibit "54", # 55 Exhibit "55", # 56 Exhibit "56", # 57 Exhibit "57", # 58 Exhibit "58", # 59 Exhibit "59", # 60 Exhibit "60")(Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 969 | MOTION to Seal by Dowin Coffy, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 970 | Memorandum in Support re 969 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 971 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 968 Memorandum in Support,,,,,,,,, 969 MOTION to Seal , 970 Memorandum in Support (Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 972 | Sealed Document re 971 Notice of Filing Sealing Motion LCvR5(C), 968 Memorandum in Support,,,,,,,,, 969 MOTION to Seal , 970 Memorandum in Support. (Attachments: # 1 Certificate of Service)(Bennett, Leonard) (Entered: 12/23/2020) |
| 12/23/2020 | 973 | Sealed Document re 971 Notice of Filing Sealing Motion LCvR5(C), 968 Memorandum in Support,,,,,,,,, 969 MOTION to Seal , 970 Memorandum in Support. (Attachments: # 1 Certificate of Service)(Bennett, Leonard) (Entered: 12/23/2020) |
| 12/29/2020 | 974 | ORDER that the PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT (ECF No. 964 ) is granted. It is further ORDERED that: 1) The plaintiffs shall have an additional ten (10) pages and their memorandum in support of their Renewed Motion for Class Certification of Claims Against Defendant Matt Martorello shall not exceed 40 pages; and 2) The defendant, Matt Martello, shall have an additional ten (10) pages and his opposition to the Renewed Motion for Class Certification of Claims shall not exceed 40 pages. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 12/29/2020. (sbea,) (Entered: 12/29/2020) |
| 12/30/2020 | 975 | TRANSCRIPT of proceedings held on December 28, 2020, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/29/2021. Redacted Transcript Deadline set for 3/1/2021. Release of Transcript Restriction set for 3/30/2021.(peterson, peppy) (Entered: 12/30/2020)** |

JA115

| | | |
|---|---|---|
| 12/30/2020 | 976 | ORDER that Counsel for Defendant Matt Martorello will file the response to PLAINTIFFS' 967 RENEWED MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO on Monday, February 8, 2021. Plaintiffs' Counsel will file their reply on February 26, 2021. The Court's December 9, 2020 955 Order is reaffirmed, including the briefing schedule therein. See Order for details. Signed by District Judge Robert E. Payne on 12/30/2020. (jsmi, ) (Entered: 12/30/2020) |
| 01/08/2021 | 977 | Consent MOTION for Extension *To File Renewed Motion to Compel Privileged and Work Product Documents* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 01/08/2021) |
| 01/08/2021 | 978 | Memorandum in Support re 977 Consent MOTION for Extension *To File Renewed Motion to Compel Privileged and Work Product Documents* filed by George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/08/2021) |
| 01/08/2021 | 979 | Consent MOTION for Leave to File Excess Pages by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 01/08/2021) |
| 01/08/2021 | 980 | Memorandum in Support re 979 Consent MOTION for Leave to File Excess Pages filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 01/08/2021) |
| 01/08/2021 | 981 | ORDER having considered the PLAINTIFFS' CONSENT MOTION FOR EXTENSION OF TIME TO FILE THEIR RENEWED MOTION TO COMPEL PRIVILEGED AND WORK PRODUCT DOCUMENTS (ECF No. 977) and the supporting memorandum, and there being no objection by the defendant, Matt Martorello, it is hereby ORDERED that the plaintiffs' Consent Motion 977 is granted. See Order for deadlines and details. Signed by District Judge Robert E. Payne on 1/8/21. (jtho, ) (Entered: 01/08/2021) |
| 01/11/2021 | 982 | ORDER - This matter comes before the Court on Plaintiffs' Motion for Leave to Exceed Page Limit for Plaintiffs' forthcoming Renewed Motions to Compel Privileged and Work Product Documents. Upon consideration of the Motion, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED. Plaintiffs shall be permitted to file 45-page memorandum in support of both their Motion to Compel Privileged Documents, as well as their Motion to Compel Work Product Documents. Martorello shall be permitted to file oppositions of 45 pages, as well. Signed by District Judge Robert E. Payne on 1/11/2021. (smej, ) (Entered: 01/11/2021) |
| 01/11/2021 | 983 | MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 01/11/2021) |
| 01/11/2021 | 984 | Memorandum in Support re 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2", # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5", # 6 Exhibit "6", # 7 Exhibit "7", # 8 Exhibit "8", # 9 Exhibit "9", # 10 Exhibit "10", # 11 Exhibit "11", # 12 Exhibit "12", # 13 Exhibit "13", # 14 Exhibit "14", # 15 Exhibit "15", # 16 Exhibit "16", # 17 Exhibit "17', # 18 Exhibit "18", # 19 Exhibit "19", # 20 Exhibit "20", # 21 Exhibit "21", # 22 Exhibit "22", # 23 Exhibit "23", # 24 Exhibit "24", # 25 Exhibit "25", # 26 Exhibit "26", # 27 Exhibit "27", # 28 Exhibit "28", # 29 Exhibit "29", # 30 Exhibit "30", # 31 Exhibit "31", # 32 Exhibit "32", # 33 Exhibit "33", # 34 Exhibit "34", # 35 Exhibit "35", # 36 Exhibit "36", # 37 Exhibit "37", # 38 Exhibit "38", # 39 Exhibit "39", # 40 Exhibit "40", # 41 Exhibit "41', # 42 Exhibit "42", # 43 Exhibit "43", # 44 Exhibit "44", # 45 Exhibit "45", |

| | | |
|---|---|---|
| | | # 46 Exhibit "46", # 47 Exhibit "47", # 48 Exhibit "48", # 49 Exhibit "49", # 50 Exhibit "50", # 51 Exhibit "51", # 52 Exhibit "52", # 53 Exhibit "53", # 54 Exhibit "54", # 55 Exhibit "55", # 56 Exhibit "56", # 57 Exhibit "57", # 58 Exhibit "58")(Bennett, Leonard) (Entered: 01/11/2021) |
| 01/11/2021 | 985 | MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 01/11/2021) |
| 01/11/2021 | 986 | Memorandum in Support re 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58)(Bennett, Leonard) (Entered: 01/11/2021) |
| 01/15/2021 | 987 | MOTION to Dismiss *Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 19 And 12(b)(7)* by Matt Martorello. (Hollis, Jonathan) (Entered: 01/15/2021) |
| 01/15/2021 | 988 | Memorandum in Support re 987 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 19 And 12(b)(7)* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hollis, Jonathan) (Entered: 01/15/2021) |
| 01/20/2021 | 989 | MOTION for Preliminary Injunction by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 01/20/2021) |
| 01/20/2021 | 990 | Memorandum in Support re 989 MOTION for Preliminary Injunction filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Bennett, Leonard) (Entered: 01/20/2021) |
| 01/20/2021 | 991 | MOTION for Sanctions *under Rule 37(b)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 01/20/2021) |
| 01/20/2021 | 992 | Memorandum in Support re 991 MOTION for Sanctions *under Rule 37(b)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Bennett, Leonard) (Entered: 01/20/2021) |
| 01/21/2021 | 993 | ORDER that the Plaintiffs' 969 MOTION TO SEAL is granted and 972 and 973 Exhibit Nos. 1 and 47 (ECF No. 972 and 973) to PLAINTIFFS' MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO (ECF No. 967) are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 1/21/2021. (jsmi, ) (Entered: 01/21/2021) |

JA117

| 01/21/2021 | 994 | ORDER that Matt Martorello's 963 MOTION TO SET SCHEDULING CONFERENCE is denied as moot. Signed by District Judge Robert E. Payne on 1/21/2021. (jsmi, ) (Entered: 01/21/2021) |
| 01/21/2021 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 1/21/2021. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 02/04/2021) |
| 01/22/2021 | 995 | ORDER re conference call on January 21, 2021. See Order for details and deadlines. Signed by District Judge Robert E. Payne on 1/22/2021. (jsmi, ) (Entered: 01/22/2021) |
| 01/25/2021 | 996 | TRANSCRIPT of proceedings held on January 21, 2021, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 2/24/2021. Redacted Transcript Deadline set for 3/29/2021. Release of Transcript Restriction set for 4/26/2021.(peterson, peppy) (Entered: 01/25/2021)** |
| 01/25/2021 | 997 | TRANSCRIPT of proceedings held on January 21, 2021, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 2/24/2021. Redacted Transcript Deadline set for 3/29/2021. Release of Transcript Restriction set for 4/26/2021.(peterson, peppy) (Entered: 01/25/2021)** |
| 02/03/2021 | 998 | Opposition to 991 MOTION for Sanctions *under Rule 37(b)* filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Hollis, Jonathan) (Entered: 02/03/2021) |
| 02/03/2021 | 999 | RESPONSE in Opposition re 989 MOTION for Preliminary Injunction filed by Matt Martorello. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16, # 17 Exhibit Exhibit 17, # 18 Exhibit Exhibit 18, # 19 Exhibit Exhibit 19, # 20 Exhibit Exhibit 20)(Stemland, Karen) (Entered: 02/03/2021) |
| 02/08/2021 | 1000 | REPLY to Response to Motion re 991 MOTION for Sanctions *under Rule 37(b)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 02/08/2021) |
| 02/08/2021 | 1001 | Reply to 999 Response in Opposition to Motion,, *for Prel Injunction (ECF 989) and Memorandum in Support (ECF 990)* filed by Lula Williams. (Bennett, Leonard) (Entered: 02/08/2021) |

| 02/10/2021 | 1002 | Consent MOTION for Leave to File Excess Pages by Matt Martorello. (Hollis, Jonathan) (Entered: 02/10/2021) |
| 02/10/2021 | 1003 | Memorandum in Support re 1002 Consent MOTION for Leave to File Excess Pages filed by Matt Martorello. (Attachments: # 1 Proposed Order Proposed Order)(Hollis, Jonathan) (Entered: 02/10/2021) |
| 02/15/2021 | 1004 | Memorandum in Opposition re 987 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 19 And 12(b)(7)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - LVD Tribal Code)(Kelly, Kristi) (Entered: 02/15/2021) |
| 02/17/2021 | 1005 | ORDER -This matter comes before the Court on Martorello's Consent Motion for Leave to Exceed Page Limit for Martorello' forthcoming Opposition to Motion for Class Certification. Upon consideration of the Motion, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED. Martorello's opposition brief shall not exceed 50 pages and Plaintiffs' reply brief shall not exceed 35 pages. Signed by District Judge Robert E. Payne on 2/16/2021. (smej, ) (Entered: 02/17/2021) |
| 02/23/2021 | 1006 | ORDER - It is hereby ORDERED that MATT MARTORELLO'S MOTION TO FILE CONFIDENTIAL EXHIBITS UNDER SEAL STATEMENT OF POSITION IN RESPONSE TO JULY 23, 2020 (PARAGRAPH 4) (ECF No. 891) is granted in part and denied in part. The Motion (ECF No. 891) is granted and the following documents are filed under seal: MATT MARTORELLO'S STATEMENT OF POSITION IN RESPONSE TO JULY 23, 2020 ORDER (PARAGRAPH 4) (ECF No. 894) and Exhibits B, D, S, U, W, X, BB, CC, DD, JJ, and KK; provided that appropriately redacted versions thereof are filed in the public record. The Motion (ECF No. 891) is denied with respect to Exhibits A, E, I, J, L, M, N, 0, P, Q, R, T, Y, Z, AA, EE, FF and II; and the Clerk is directed to remove those exhibits from seal. Signed by District Judge Robert E. Payne on 2/23/2021. (smej, ) (Entered: 02/23/2021) |
| 02/23/2021 | 1007 | Opposition to 967 MOTION to Certify Class *(Plaintiffs' Renewed Motion for Class Certification of Claims Against Matt Martorello)* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit CC, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit EEE, # 8 Exhibit F, # 9 Exhibit FFF, # 10 Exhibit GG, # 11 Exhibit GGG, # 12 Errata H, # 13 Exhibit G, # 14 Exhibit HH, # 15 Exhibit HHH, # 16 Exhibit I, # 17 Exhibit III, # 18 Exhibit J, # 19 Exhibit JJJ, # 20 Exhibit Ki, # 21 Exhibit Kii, # 22 Exhibit KKK, # 23 Exhibit LLL, # 24 Exhibit M, # 25 Exhibit MMM, # 26 Exhibit N, # 27 Exhibit OOO, # 28 Exhibit Q, # 29 Exhibit S, # 30 Exhibit SS, # 31 Exhibit VV, # 32 Exhibit Z, # 33 Exhibit ZZ)(Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1008 | MOTION to Seal *Exhibits Submitted in Opposition to Renewed Motion for Class Certification* by Matt Martorello. (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1009 | Memorandum in Support re 1008 MOTION to Seal *Exhibits Submitted in Opposition to Renewed Motion for Class Certification* filed by Matt Martorello. (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1010 | EXHIBIT *A to Memorandum in Support of His Motion to Seal Exhibits in Opposition to Renewed Motion for Class Certification* by Matt Martorello.. (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1011 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 1008 MOTION to Seal *Exhibits Submitted in Opposition to Renewed Motion for Class Certification* (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1012 | Sealed Attachment/Exhibit(s) re 1008 MOTION to Seal *Exhibits Submitted in Opposition to Renewed Motion for Class Certification*. (Attachments: # 1 Exhibit AAA, |

| | | |
|---|---|---|
| | | # 2 Exhibit BB, # 3 Exhibit BBB, # 4 Exhibit C, # 5 Exhibit DDD, # 6 Exhibit EE, # 7 Exhibit FF, # 8 Exhibit III, # 9 Exhibit JJ, # 10 Exhibit KK, # 11 Exhibit KKK, # 12 Exhibit L, # 13 Exhibit LL, # 14 Exhibit MM, # 15 Exhibit MMM, # 16 Exhibit NN, # 17 Exhibit O, # 18 Exhibit OO, # 19 Exhibit P, # 20 Exhibit PP, # 21 Exhibit QQ, # 22 Exhibit R, # 23 Exhibit RR, # 24 Exhibit RRR, # 25 Exhibit T, # 26 Exhibit U, # 27 Exhibit UU, # 28 Exhibit W, # 29 Exhibit WW, # 30 Exhibit X, # 31 Exhibit XX, # 32 Exhibit Y)(Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1013 | EXHIBIT *RRR to Opposition to Plaintiffs's Renewed Motion for Class Certification against Matt Martorello* by Matt Martorello.. (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1014 | STRICKEN PER 1020 ORDER ENTERED ON 2/24/2021 - Opposition to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit BB, # 4 Exhibit CC, # 5 Exhibit D, # 6 Exhibit DDD, # 7 Exhibit E, # 8 Exhibit EEE, # 9 Exhibit F, # 10 Exhibit FF, # 11 Exhibit FFF, # 12 Exhibit G, # 13 Exhibit GG, # 14 Exhibit GGG, # 15 Exhibit H, # 16 Exhibit HH, # 17 Exhibit I, # 18 Exhibit III, # 19 Exhibit J, # 20 Exhibit JJJ, # 21 Exhibit Ki, # 22 Exhibit Kii, # 23 Exhibit L, # 24 Exhibit M, # 25 Exhibit N, # 26 Exhibit PPP, # 27 Exhibit Q, # 28 Exhibit QQQ, # 29 Exhibit RR, # 30 Exhibit RRR, # 31 Exhibit S, # 32 Exhibit SS, # 33 Exhibit SSS, # 34 Exhibit UU, # 35 Exhibit Y, # 36 Exhibit YY)(Hollis, Jonathan) Modified on 2/24/2021 (jsmi, ). (Entered: 02/23/2021) |
| 02/23/2021 | 1015 | MOTION to Seal *Exhibits Submitted in Opposition to Motions to Compel* by Matt Martorello. (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1016 | Memorandum in Support re 1015 MOTION to Seal *Exhibits Submitted in Opposition to Motions to Compel* filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1017 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 1015 MOTION to Seal *Exhibits Submitted in Opposition to Motions to Compel* (Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | 1018 | Sealed Attachment/Exhibit(s) re 1015 MOTION to Seal *Exhibits Submitted in Opposition to Motions to Compel*. (Attachments: # 1 Exhibit AAA, # 2 Exhibit C, # 3 Exhibit CCC, # 4 Exhibit DD, # 5 Exhibit EE, # 6 Exhibit HHH, # 7 Exhibit II, # 8 Exhibit JJ, # 9 Exhibit KK, # 10 Exhibit KKK, # 11 Exhibit LL, # 12 Exhibit LLL, # 13 Exhibit MM, # 14 Exhibit NN, # 15 Exhibit O, # 16 Exhibit OO, # 17 Exhibit OOO, # 18 Exhibit P, # 19 Exhibit PP, # 20 Exhibit QQ, # 21 Exhibit R, # 22 Exhibit T, # 23 Exhibit TT, # 24 Exhibit TTT, # 25 Exhibit U, # 26 Exhibit UUU, # 27 Exhibit V, # 28 Exhibit VV, # 29 Exhibit W, # 30 Exhibit WW, # 31 Exhibit X, # 32 Exhibit XX, # 33 Exhibit Z, # 34 Exhibit ZZ)(Hollis, Jonathan) (Entered: 02/23/2021) |
| 02/24/2021 | 1019 | Joint MOTION for Extension of Time to File Response/Reply as to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine*, 967 MOTION to Certify Class *(Plaintiffs' Renewed Motion for Class Certification of Claims Against Matt Martorello)* by Matt Martorello. (Attachments: # 1 Proposed Order)(Hollis, Jonathan) (Entered: 02/24/2021) |
| 02/24/2021 | 1020 | ORDER that DEFENDANT MATT MARTORELLO'S 1014 OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL INFORMATION AND DOCUMENTS is stricken. The defendant, Matt Martorello, shall file, by March 1, 2021, separate responses to the plaintiffs' Motions (ECF Nos. 983 and 985) as required in 995 ORDER |

| | | |
|---|---|---|
| | | entered on January 22, 2021. See Order for details. Signed by District Judge Robert E. Payne on 2/24/2021. (jsmi, ) (Entered: 02/24/2021) |
| 02/24/2021 | 1021 | ORDER that MATT MARTORELLO'S 918 MOTION TO FILE CONFIDENTIAL EXHIBITS UNDER SEAL WITH HIS MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF HIS 486 MOTION FOR RECONSIDERATION AND REQUEST FOR HEARING is granted in part and denied in part. See Order for details. Signed by District Judge Robert E. Payne on 2/24/2021. (jsmi, ) (Entered: 02/24/2021) |
| 02/24/2021 | 1022 | ORDER that MATT MARTORELLO'S 903 MOTION TO FILE UNDER SEAL THE UNREDACTED VERSION OF HIS SUPPLEMENTAL BRIEF REGARDING ALLEGED MISREPRESENTATIONS is granted and MATT MARTORELLO'S 907 SUPPLEMENTAL BRIEF REGARDING ALLEGED MISREPRESENTATIONS is filed under seal; provided that an appropriately redacted version thereof is filed in the public record. Signed by District Judge Robert E. Payne on 2/24/2021. (jsmi, ) (Entered: 02/24/2021) |
| 02/24/2021 | 1023 | ORDER that the Plaintiffs' 897 MOTION TO SEAL is granted and PLAINTIFFS' 899 STATEMENT OF POSITION REGARDING THE STRUCTURE OF MARTORELLO'S COMPANIES AND FLOW OF FUNDS and Exhibit Nos. 7, 8, and 10 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. See Order for details. Signed by District Judge Robert E. Payne on 2/24/2021. (jsmi, ) (Entered: 02/24/2021) |
| 02/24/2021 | 1024 | Reply to Motion re 987 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 19 And 12(b)(7)* filed by Matt Martorello. (Hollis, Jonathan) (Entered: 02/24/2021) |
| 02/26/2021 | 1025 | Opposition to 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit BB, # 4 Exhibit CC, # 5 Exhibit D, # 6 Exhibit DDD, # 7 Exhibit E, # 8 Exhibit EEE, # 9 Exhibit F, # 10 Exhibit FF, # 11 Exhibit FFF, # 12 Exhibit G, # 13 Exhibit GG, # 14 Exhibit GGG, # 15 Exhibit H, # 16 Exhibit HH, # 17 Exhibit I, # 18 Exhibit III, # 19 Exhibit J, # 20 Exhibit JJJ, # 21 Exhibit Ki, # 22 Exhibit Kii, # 23 Exhibit L, # 24 Exhibit M, # 25 Exhibit N, # 26 Exhibit PPP, # 27 Exhibit Q, # 28 Exhibit QQQ, # 29 Exhibit RR, # 30 Exhibit RRR, # 31 Exhibit S, # 32 Exhibit SS, # 33 Exhibit SSS, # 34 Exhibit UU, # 35 Exhibit Y, # 36 Exhibit YY)(Hollis, Jonathan) (Attachment 12 replaced on 3/3/2021) (jsmi, ). (Entered: 02/26/2021) |
| 02/26/2021 | 1026 | MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information and Documents Withheld on the Basis of Work Product Immunity* by Matt Martorello. (Hollis, Jonathan) (Entered: 02/26/2021) |
| 02/26/2021 | 1027 | Memorandum in Support re 1026 MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information and Documents Withheld on the Basis of Work Product Immunity* filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Hollis, Jonathan) (Entered: 02/26/2021) |
| 02/26/2021 | 1028 | Notice of Under Seal Filing LCvR5 (B) by Matt Martorello re 1026 MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information and Documents Withheld on the Basis of Work Product Immunity* (Hollis, Jonathan) (Entered: 02/26/2021) |
| 02/26/2021 | 1029 | Sealed Attachment/Exhibit(s) re 1026 MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information and Documents Withheld on the Basis of Work Product Immunity*. (Attachments: # 1 Exhibit AAA, # 2 Exhibit C, # 3 |

JA121

| | | |
|---|---|---|
| | | Exhibit CCC, # 4 Exhibit DD, # 5 Exhibit EE, # 6 Exhibit HHH, # 7 Exhibit II, # 8 Exhibit JJ, # 9 Exhibit KK, # 10 Exhibit KKK, # 11 Exhibit LL, # 12 Exhibit LLL, # 13 Exhibit MM, # 14 Exhibit NN, # 15 Exhibit O, # 16 Exhibit OO, # 17 Exhibit OOO, # 18 Exhibit P, # 19 Exhibit PP, # 20 Exhibit QQ, # 21 Exhibit R, # 22 Exhibit T, # 23 Exhibit TT, # 24 Exhibit TTT, # 25 Exhibit UUU, # 26 Exhibit V, # 27 Exhibit VV, # 28 Exhibit W, # 29 Exhibit WW, # 30 Exhibit X, # 31 Exhibit XX, # 32 Exhibit Z, # 33 Exhibit ZZ)(Hollis, Jonathan) (Additional attachment(s) added on 4/20/2021: # 34 Exhibit U) (jsmi, ). (Entered: 02/26/2021) |
| 02/26/2021 | 1030 | Opposition to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit BB, # 4 Exhibit CC, # 5 Exhibit D, # 6 Exhibit DDD, # 7 Exhibit E, # 8 Exhibit EEE, # 9 Exhibit F, # 10 Exhibit FF, # 11 Exhibit FFF, # 12 Exhibit G, # 13 Exhibit GG, # 14 Exhibit GGG, # 15 Exhibit H, # 16 Exhibit HH, # 17 Exhibit I, # 18 Exhibit III, # 19 Exhibit J, # 20 Exhibit JJJ, # 21 Exhibit Ki, # 22 Exhibit Kii, # 23 Exhibit L, # 24 Exhibit M, # 25 Exhibit N, # 26 Exhibit PPP, # 27 Exhibit Q, # 28 Exhibit QQQ, # 29 Exhibit RR, # 30 Exhibit RRR, # 31 Exhibit S, # 32 Exhibit SS, # 33 Exhibit SSS, # 34 Exhibit UU, # 35 Exhibit Y, # 36 Exhibit YY)(Hollis, Jonathan) (Attachment 12 replaced on 3/3/2021) (jsmi, ). (Entered: 02/26/2021) |
| 02/26/2021 | 1031 | MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information Withheld on the Basis of the Attorney-Client Privilege* by Matt Martorello. (Hollis, Jonathan) (Entered: 02/26/2021) |
| 02/26/2021 | 1032 | Memorandum in Support re 1031 MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information Withheld on the Basis of the Attorney-Client Privilege* filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Hollis, Jonathan) (Entered: 02/26/2021) |
| 02/26/2021 | 1033 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 1031 MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information Withheld on the Basis of the Attorney-Client Privilege* (Hollis, Jonathan) (Entered: 02/26/2021) |
| 02/26/2021 | 1034 | Sealed Attachment/Exhibit(s) re 1031 MOTION to Seal *Exhibits Submitted in Opposition to Plaintiffs' Motion to Compel Information Withheld on the Basis of the Attorney-Client Privilege*. (Attachments: # 1 Exhibit AAA, # 2 Exhibit C, # 3 Exhibit CCC, # 4 Exhibit DD, # 5 Exhibit EE, # 6 Exhibit HHH, # 7 Exhibit II, # 8 Exhibit JJ, # 9 Exhibit KK, # 10 Exhibit KKK, # 11 Exhibit LL, # 12 Exhibit LLL, # 13 Exhibit MM, # 14 Exhibit NN, # 15 Exhibit O, # 16 Exhibit OO, # 17 Exhibit OOO, # 18 Exhibit P, # 19 Exhibit PP, # 20 Exhibit QQ, # 21 Exhibit R, # 22 Exhibit T, # 23 Exhibit TT, # 24 Exhibit TTT, # 25 Exhibit U, # 26 Exhibit UUU, # 27 Exhibit V, # 28 Exhibit VV, # 29 Exhibit W, # 30 Exhibit WW, # 31 Exhibit X, # 32 Exhibit XX, # 33 Exhibit Z, # 34 Exhibit ZZ)(Hollis, Jonathan) (Entered: 02/26/2021) |
| 03/01/2021 | 1035 | MOTION for Extension *of Time to File and Serve Updated Privilege Log* by Matt Martorello. (Attachments: # 1 Proposed Order)(Hollis, Jonathan) (Entered: 03/01/2021) |
| 03/01/2021 | 1036 | Memorandum in Support re 1035 MOTION for Extension *of Time to File and Serve Updated Privilege Log* filed by Matt Martorello. (Hollis, Jonathan) (Entered: 03/01/2021) |
| 03/03/2021 | 1037 | MOTION for Extension of Time to File Response/Reply as to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 984 Memorandum in Support,,,,,,,, 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine*, 986 Memorandum in Support,,,,, by |

| | | Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/03/2021) |
|---|---|---|
| 03/03/2021 | 1038 | Memorandum in Support re 1037 MOTION for Extension of Time to File Response/Reply as to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 984 Memorandum in Support,,,,,,,,, 985 MOTION to Compel *Production of Documents That filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/03/2021)* |
| 03/03/2021 | 1039 | NOTICE by Matt Martorello *Concerning His First Amended Privilege Log* (Attachments: # 1 Exhibit First Amended Privilege Log of Defendant Matt Martorello) (Hollis, Jonathan) (Entered: 03/03/2021) |
| 03/03/2021 | 1040 | ORDER that 1019 JOINT MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION AND REPLIES TO THE RENEWED MOTION FOR CLASS CERTIFICATION AND MOTIONS TO COMPEL PRIVILEGED AND WORK PRODUCTS is granted in part and denied in part. The JOINT MOTION is granted with respect to the plaintiffs' reply to the pending renewed motion for class certification and it is ORDERED that the plaintiffs shall file, by March 22, 2021, their reply to the PLAINTIFFS' 967 RENEWED MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO. The JOINT MOTION is denied as moot with respect to all other extension requests. Signed by District Judge Robert E. Payne on 3/3/2021. (jsmi, ) (Entered: 03/03/2021) |
| 03/03/2021 | 1041 | ORDER that 1035 MOTION FOR EXTENSION OF TIME TO FILE AND SERVE UPDATED PRIVILEGE LOG filed by the defendant, Matt Martorello, is granted and Matt Martorello shall serve an updated privilege log by March 3, 2021. Signed by District Judge Robert E. Payne on 3/3/2021. (jsmi, ) (Entered: 03/03/2021) |
| 03/03/2021 | 1042 | ORDER that PLAINTIFFS' 1037 CONSENT MOTION FOR AN ENLARGEMENT OF TIME is granted. It is further ORDERED that by March 22, 2021, the plaintiffs shall file their reply in support of 983 MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE; by March 22, 2021, the plaintiffs shall file their reply in support of 985 MOTION TO COMPEL PRODUCTION OF DOCUMENTS MARTORELLO CLAIMS ARE COVERED BY THE WORK-PRODUCT DOCTRINE; and the oral argument scheduled for 10:00 a.m. March 12, 2021 is continued to 10:00 a.m. April 13, 2021. Signed by District Judge Robert E. Payne on 3/3/2021. (jsmi, ) (Entered: 03/03/2021) |
| 03/04/2021 | | Reset Hearing: Motion Hearing set for 4/13/2021 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 03/04/2021) |
| 03/05/2021 | 1043 | MOTION re 990 Memorandum in Support, *Motion for Leave to Supplement the Record* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/05/2021) |
| 03/05/2021 | 1044 | Memorandum in Support re 1043 MOTION re 990 Memorandum in Support, *Motion for Leave to Supplement the Record* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2" - FILED UNDER SEAL)(Bennett, Leonard) (Entered: 03/05/2021) |
| 03/05/2021 | 1045 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/05/2021) |
| 03/05/2021 | 1046 | Memorandum in Support re 1045 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/05/2021) |

JA123

| 03/05/2021 | 1047 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1045 MOTION to Seal , 1046 Memorandum in Support (Bennett, Leonard) (Entered: 03/05/2021) |
|---|---|---|
| 03/09/2021 | 1048 | ORDER that MATT MARTORELLO's 1008 MOTION TO SEAL EXHIBITS SUBMITTED IN OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION is granted and certain exhibits to the OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AGAINST MATT MARTORELLO are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/9/2021. (jsmi, ) (Entered: 03/09/2021) |
| 03/09/2021 | 1049 | ORDER that MARTORELLO'S 1015 MOTION TO SEAL EXHIBITS SUBMITTED IN OPPOSITION TO MOTIONS TO COMPEL is denied as moot because, by 1020 ORDER entered on February 24, 2021, the Court struck DEFENDANT MATT MARTORELLO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION AND DOCUMENTS from the record herein. Signed by District Judge Robert E. Payne on 3/9/2021. (jsmi, ) (Entered: 03/09/2021) |
| 03/09/2021 | 1050 | ORDER that MATT MARTORELLO'S 1026 MOTION TO SEAL EXHIBITS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION AND DOCUMENTS WITHHELD ON THE BASIS OF WORK PRODUCT IMMUNITY is granted and certain exhibits to DEFENDANT MATT MARTORELLO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION AND DOCUMENTS WITHHELD ON THE BASIS OF WORK PRODUCT IMMUNITY are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/9/2021. (jsmi, ) (Entered: 03/09/2021) |
| 03/09/2021 | 1051 | ORDER that MATT MARTORELLO'S 1031 MOTION TO SEAL EXHIBITS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF THE ATTORNEY-CLIENT PRIVILEGE is granted and certain exhibits to DEFENDANT MATT MARTORELLO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF THE ATTORNEY-CLIENT PRIVILEGE are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/9/2021. (jsmi, ) (Entered: 03/09/2021) |
| 03/15/2021 | | Notice of Correction re 1044 Memorandum in Support re 1043 MOTION. Plaintiff's counsel shall file sealed version of 1044 Memorandum in Support and Sealed Exhibit 2. (jsmi, ) (Entered: 03/15/2021) |
| 03/19/2021 | 1052 | Opposition to 1044 Memorandum in Support, filed by Matt Martorello. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5)(Stemland, Karen) (Entered: 03/19/2021) |
| 03/19/2021 | 1053 | Consent MOTION for Extension of Time to File Response/Reply by Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/19/2021) |
| 03/19/2021 | 1054 | Memorandum in Support re 1053 Consent MOTION for Extension of Time to File Response/Reply filed by Lula Williams. (Bennett, Leonard) (Entered: 03/19/2021) |
| 03/22/2021 | 1055 | Reply to Motion re 967 MOTION to Certify Class *(Plaintiffs' Renewed Motion for Class Certification of Claims Against Matt Martorello)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2", # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5" - Part 1, # 6 Exhibit "5" - |

| | | |
|---|---|---|
| | | Part 2, # 7 Exhibit "6", # 8 Exhibit "7", # 9 Exhibit "8", # 10 Exhibit "9", # 11 Exhibit "10", # 12 Exhibit "11")(Bennett, Leonard) (Entered: 03/22/2021) |
| 03/24/2021 | 1056 | Sealed Memorandum in Support re 1044 Memorandum in Support,. (Bennett, Leonard) (Entered: 03/24/2021) |
| 03/24/2021 | 1057 | Sealed Attachment/Exhibit(s) re 1044 Memorandum in Support,. (Attachments: # 1 Certificate of Service for Sealed docs)(Bennett, Leonard) (Entered: 03/24/2021) |
| 03/24/2021 | 1058 | ORDER that plaintiffs' 1045 MOTION TO SEAL is granted and the plaintiffs' 1056 MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION and Exhibit 2 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. Signed by District Judge Robert E. Payne on 3/24/2021. (jsmi, ) (Entered: 03/24/2021) |
| 03/25/2021 | 1059 | Reply to Motion re 1043 MOTION re 990 Memorandum in Support, *Motion for Leave to Supplement the Record* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/25/2021) |
| 03/25/2021 | 1060 | MOTION to Strike 1052 Opposition by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/25/2021) |
| 03/25/2021 | 1061 | Memorandum in Support re 1060 MOTION to Strike 1052 Opposition filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/25/2021) |
| 03/25/2021 | 1062 | ORDER that PLAINTIFFS' 1053 CONSENT MOTION FOR AN ENLARGEMENT OF TIME TO FILE REPLIES IN SUPPORT OF MOTIONS TO COMPEL is granted. It is further ORDERED that, by April 7, 2021, the plaintiff shall file their replies in support of 983 MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE and 985 MOTION TO COMPEL PRODUCTION OF DOCUMENTS THAT MARTORELLO CLAIMS ARE COVERED BY THE WORK-PRODUCT DOCTRINE. Signed by District Judge Robert E. Payne on 3/25/2021. (jsmi, ) (Entered: 03/25/2021) |
| 03/26/2021 | 1063 | ORDER that 488 MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER DATED MAY 3, 2019 is denied as moot. See Order for details. Signed by District Judge Robert E. Payne on 3/26/2021. (jsmi, ) (Entered: 03/26/2021) |
| 03/26/2021 | 1064 | ORDER that MATT MARTORELLO'S 499 and 500 MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292 (b) AND MOTION FOR STAY PENDING INTERLOCUTORY APPEAL AND/OR DECISION ON A PETITION FOR WRIT OF MANDAMUS are denied as moot. See Order for details. Signed by District Judge Robert E. Payne on 3/26/2021. (jsmi, ) (Entered: 03/26/2021) |
| 03/26/2021 | 1065 | ORDER that MARTORELLO'S 539 MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' DEMAND FOR SECOND DEPOSITION OF MATT MARTORELLO RELATED TO ALLEGED SPOLIATION ISSUES TO COMPEL is denied. See Order for details. Signed by District Judge Robert E. Payne on 3/26/2021. (jsmi, ) (Entered: 03/26/2021) |
| 03/26/2021 | 1066 | NOTICE by Matt Martorello *attaching Supplemental Privilege Log* (Attachments: # 1 Exhibit Supplemental Privilege Log of Defendant Matt Martorello)(Hollis, Jonathan) (Entered: 03/26/2021) |
| 03/29/2021 | 1067 | ORDER that 542 MOTION TO QUASH, IN PART, NON-PARTY SUBPOENA, OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER is granted without |

JA125

| | | |
|---|---|---|
| | | prejudice to the future litigation, in this Court, of the issues raised therein pending upon reconsideration of the issues addressed in ECF Nos. 478 and 479. It is further ORDERED that the that the PLAINTIFFS' 571 CROSS MOTION TO COMPEL AGAINST NON-PARTY CONNER & WINTERS, LLP is denied without prejudice for the same reasons. See Order for details. Signed by District Judge Robert E. Payne on 3/29/2021. (jsmi, ) (Entered: 03/29/2021) |
| 03/31/2021 | 1068 | MOTION for Extension of Time to File Response/Reply as to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 984 Memorandum in Support,,,,,,,, 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine*, 986 Memorandum in Support,,,,, by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 03/31/2021) |
| 03/31/2021 | 1069 | Memorandum in Support re 1068 MOTION for Extension of Time to File Response/Reply as to 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 984 Memorandum in Support,,,,,,,, 985 MOTION to Compel *Production of Documents That filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 03/31/2021)* |
| 04/01/2021 | 1070 | ORDER that the PLAINTIFFS' 556 MOTION TO COMPEL is denied as moot, as respects the production of a privilege log and without prejudice as respects production of the requested documents in the event that such production is appropriate based upon the resolution of pending motions to compel relating to waiver of the attorney-client privilege. See Order for details. Signed by District Judge Robert E. Payne on 4/1/2021. (jsmi, ) (Entered: 04/01/2021) |
| 04/06/2021 | 1071 | Memorandum in Opposition re 1060 MOTION to Strike 1052 Opposition filed by Matt Martorello. (Stemland, Karen) (Entered: 04/06/2021) |
| 04/09/2021 | 1072 | ORDER - It is hereby ORDERED that PLAINTIFFS' CONSENT MOTION FOR AN ENLARGEMENT OF TIME TO FILE REPLIES IN SUPPORT OF MOTIONS TO COMPEL (ECF No. 1068) is granted. It is further ORDERED that, by April 23, 2021, the plaintiff shall file their replies in support of the MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE (ECF No. 983) and the MOTION TO COMPEL PRODUCTION OF DOCUMENTS THAT MARTORELLO CLAIMS ARE COVERED BY THE WORK-PRODUCT DOCTRINE (ECF No. 985). It is further ORDERED that oral argument set for 10:00 a.m. April 13, 2021 is continued to 10:00 May 28, 2021. Signed by District Judge Robert E. Payne on 4/9/2021. (smej, ) (Entered: 04/09/2021) |
| 04/12/2021 | | Reset Hearing: Renewed Motion *to Compel* Hearing set for 5/28/2021 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne (if necessary). (nbrow) (Entered: 04/12/2021) |
| 04/12/2021 | 1073 | Reply to 1044 Memorandum in Support, 1052 Opposition filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 04/12/2021) |
| 04/15/2021 | 1074 | MOTION for Hearing *Pending Motions ECF Nos. 946, 948, 987, 967, 989* by Matt Martorello. (Attachments: # 1 Proposed Order)(Hollis, Jonathan) (Entered: 04/15/2021) |
| 04/20/2021 | 1075 | Withdrawal of Motion by All Plaintiffs re 983 MOTION to Compel *Information Withheld on the Basis of Attorney-Client Privilege*, 985 MOTION to Compel *Production of Documents That Martorello Claims Are Covered By the Work-Product Doctrine* (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 04/20/2021) |

| 04/20/2021 | 1076 | ORDER that the defendant, Matt Martorello, shall file, by 5:00 p.m. April 21, 2021, a response to 1075 NOTICE OF WITHDRAWAL OF MOTIONS advising the Court whether he intends to oppose the withdrawal of 983 MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY CLIENT PRIVILEGE and 985 MOTION TO COMPEL PRODUCTION OF DOCUMENTS THAT MARTORELLO CLAIMS ARE COVERED BY THE WORK-PRODUCT DOCTRINE. Signed by District Judge Robert E. Payne on 4/20/2021. (jsmi, ) (Entered: 04/20/2021) |
|---|---|---|
| 04/21/2021 | 1077 | Response to 1075 Withdrawal of Motion, filed by Matt Martorello. (Stemland, Karen) (Entered: 04/21/2021) |
| 04/23/2021 | 1078 | MOTION for Leave to File *Supplemental Authority* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 04/23/2021) |
| 04/23/2021 | 1079 | Memorandum in Support re 1078 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order 1 - Brice Order Granting Class Certification)(Kelly, Kristi) (Entered: 04/23/2021) |
| 04/26/2021 | 1080 | Motion to appear Pro Hac Vice by Bernard Robert Given and Certification of Local Counsel Jon Hollis Filing fee $ 75, receipt number AVAEDC-7753373. by Matt Martorello. (Hollis, Jonathan) (Entered: 04/26/2021) |
| 04/26/2021 | 1081 | Motion to appear Pro Hac Vice by William Nathaniel Grosswendt and Certification of Local Counsel Jon Hollis Filing fee $ 75, receipt number AVAEDC-7753577. by Matt Martorello. (Hollis, Jonathan) (Entered: 04/26/2021) |
| 04/29/2021 | 1082 | ORDER that the plaintiff's 983 MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE and the plaintiff's 985 MOTION TO COMPEL PRODUCTION OF DOCUMENTS THAT MARTORELLO CLAIMS ARE COVERED BY THE WORK-PRODUCT DOCTRINE are denied as moot having been withdrawn. It is further ORDERED that oral argument scheduled for 10:00 a.m. May 28, 2021 is canceled. Signed by District Judge Robert E. Payne on 4/29/2021. (jsmi, ) (Entered: 04/29/2021) |
| 05/05/2021 | 1083 | ORDERS granting 1080 and 1081 Motions for Pro hac vice. Bernard Robert Given, II, and William Nathaniel Grosswendt appointed for Matt Martorello. Signed by District Judge Robert E. Payne on 5/5/2021. (jsmi, ) (Entered: 05/05/2021) |
| 05/06/2021 | 1084 | NOTICE of Appearance by John David Taliaferro on behalf of Matt Martorello (Taliaferro, John) (Entered: 05/06/2021) |
| 05/07/2021 | 1085 | MOTION to Withdraw as Attorney by Matt Martorello. (Attachments: # 1 Proposed Order Proposed Order)(Hollis, Jonathan) (Entered: 05/07/2021) |
| 05/07/2021 | 1086 | Response to 1079 Memorandum in Support, 1078 MOTION for Leave to File *Supplemental Authority* filed by Matt Martorello. (Attachments: # 1 Exhibit 1-2) (Taliaferro, John) (Entered: 05/07/2021) |
| 05/11/2021 | 1087 | REPLY to Response to Motion re 1078 MOTION for Leave to File *Supplemental Authority* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/11/2021) |
| 05/12/2021 | 1088 | ORDER that 1085 Motion to Withdraw as Counsel is granted. The law firm of Woods Rogers PLC and the following counsel shall be withdrawn as counsel in this matter for Defendant Matt Martorello: Jonathan Frank Hollis. Signed by District Judge Robert E. Payne on 5/12/2021. (jsmi, ) (Entered: 05/12/2021) |

JA127

| 05/19/2021 | 1089 | MEMORANDUM ORDER that Martorello meets none of the requirement for a stay in these cases and DEFENDANT MATT MARTORELLO'S 948 MOTION TO STAY is denied. See Order for details. Signed by District Judge Robert E. Payne on 5/18/2021. (jsmi, ) (Entered: 05/19/2021) |
| --- | --- | --- |
| 05/19/2021 | 1090 | MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 5/18/2021. (jsmi, ) (Entered: 05/19/2021) |
| 05/19/2021 | 1091 | ORDER that DEFENDANT MATT MARTORELLO'S 946 MOTION FOR ORDER CERTIFYING NOVEMBER 18, 2020 MEMORANDUM OPINION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) is denied. See Order for details. Signed by District Judge Robert E. Payne on 5/18/2021. (jsmi, ) (Entered: 05/19/2021) |
| 05/20/2021 | 1092 | MEMORANDUM ORDER that DEFENDANT MATT MARTORELLO'S 987 MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 19 AND 12(b)(7) is denied. See Order for details. Signed by District Judge Robert E. Payne on 5/20/2021. (jsmi, ) (Entered: 05/20/2021) |
| 06/02/2021 | 1093 | NOTICE of Change of Address by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Bennett, Leonard). Modified to correct docket text on 6/8/2021 (sbea,) (Entered: 06/02/2021) |
| 06/08/2021 | | Notice of Correction re: 1093 NOTICE; Filing attorney selected the wrong filing event. The correct event is Notice "Change of Address". Clerk corrected docket text to reflect same. No further action is required at this time. (sbea,) (Entered: 06/08/2021) |
| 06/10/2021 | 1094 | ORDER that the plaintiffs' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY (ECF No. 1078 ) is granted and the Court will consider the class certification order in Brice v. Stinson, No. 19-cv-1481 (N.D. Cal.) and the decision in Smith v. Martorello, et al., No. 3:18-cv-1651 (D. Or., March 16, 2021). It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/10/2021. (sbea,) (Entered: 06/10/2021) |
| 06/10/2021 | 1095 | ORDER that **argument for PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO (ECF No. 967 ) will be held, in person, on June 29, 2021 at 10:00 AM.** It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/10/2021. (sbea,) (Entered: 06/10/2021) |
| 06/10/2021 | | Set Hearing: Renewed Motion *for Class Certification* Hearing set for 6/29/2021 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/10/2021) |
| 06/10/2021 | 1096 | ORDER that the plaintiffs' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD (ECF No. 1043 ) is granted and that Supplemental Exhibits 1 and 2 shall be accepted as part of the record pertaining to PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF No. 989 ). It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/10/2021. (sbea,) (Entered: 06/10/2021) |
| 06/28/2021 | 1097 | ORDER that by 9:00 AM on June 29, 2021, each party shall file a statement of position listing, for Counts II-V of the Complaint (ECF No. 1 : 1) the elements of the claim; and 2) the statute of limitations applicable to each claim. It is so ORDERED. Signed by |

| | | |
|---|---|---|
| | | Senior United States District Judge Robert E. Payne on 6/28/2021. (sbea,) (Entered: 06/28/2021) |
| 06/28/2021 | 1098 | Statement of Position Re: Elements and Statute of Limitations by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1097 Order (Kelly, Kristi). Modified docket text on 6/30/2021. (sbea,) (Entered: 06/28/2021) |
| 06/28/2021 | 1099 | Statement of Position Re: Elements and Statute of Limitations by Matt Martorello re 1097 Order (Taliaferro, John). Modified docket text on 6/30/2021. (sbea,) (Entered: 06/28/2021) |
| 06/29/2021 | 1102 | Minute Entry for proceedings held before District Judge Robert E. Payne: Motion *for Class Certification of Claims as to Matt Martorello* Hearing held on 6/29/2021. Arguments heard; counsel to file status report w/ statement of position by 7/01/2021 re: rule 37 & injunction (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 06/29/2021) |
| 07/01/2021 | 1103 | Joint Status Report Regarding Motions Pursuant to Rule 37 and for Preliminary Injunction by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Bennett, Leonard). Modified docket text on 7/2/2021. (sbea,) (Entered: 07/01/2021) |
| 07/05/2021 | 1104 | TRANSCRIPT of proceedings held on June 29, 2021, before Judge Robert E. Payne, Court Reporter Peppy Peterson, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER Redaction Request due 8/4/2021. Redacted Transcript Deadline set for 9/7/2021. Release of Transcript Restriction set for 10/4/2021.(peterson, peppy) (Entered: 07/05/2021)** |
| 07/09/2021 | 1105 | Joint Supplemental Status Report Regarding Motions Pursuant to Rule 37 and Preliminary Injunction by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified docket text on 7/9/2021. (sbea,) (Entered: 07/09/2021) |
| 07/12/2021 | 1106 | MEMORANDUM OPINION. See Opinion for details. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/12/2021. (Attachments: # 1 Appendix). (sbea,) (Entered: 07/12/2021) |
| 07/13/2021 | 1107 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 967 MOTION to Certify Class *(Plaintiffs' Renewed Motion for Class Certification of Claims Against Matt Martorello)* (Attachments: # 1 Proposed Order) (Kelly, Kristi) (Entered: 07/13/2021) |
| 07/15/2021 | 1108 | STATUS REPORT *(Joint Supplemental) Regarding Motions Pursuant to Rule 37 and Preliminary Injunction* by Matt Martorello. (Attachments: # 1 Proposed Order) (Taliaferro, John) (Entered: 07/15/2021) |
| 07/16/2021 | 1109 | ORDER that Defendant Matt Martorello, will produce the deposition transcripts of Simon Liang, Brian McFadden, and Alan Reeves, as well as the expert reports of William Metzdorff and Robert Miller to the Plaintiffs within eleven (11) court days of the entry of this Order unless the Tribal Entities move for relief from this Order in this Court within ten (10) court days of entry of this Order. If the Tribal Entities move for |

JA129

| | | |
|---|---|---|
| | | relief from this Order in this Court within ten (10) court days of entry of this Order, Defendant Matt Martorello shall not produce the deposition transcripts of Simon Liang, Brian McFadden, and Alan Reeves, as well as the expert reports of William Metzdorff and Robert Miller to the Plaintiffs until after the Court resolves the Tribal Entities' challenge to their disclosure. Plaintiffs' Rule 37(b) Motion (ECF No. 991 ) is WITHDRAWN, and thus is denied as moot. IT IS SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/16/2021. (sbea) (Entered: 07/16/2021) |
| 07/20/2021 | 1110 | MEMORANDUM OPINION. See Opinion for details. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/19/2021. (sbea,) (Entered: 07/20/2021) |
| 07/20/2021 | 1111 | ORDER that comes before the Court on Plaintiffs' Renewed Motion to Certify a Class (ECF No. 967 ). Upon consideration of the Motion, and Defendant's opposition thereto, the Court hereby GRANTS the Motion. The Court certifies the following Classes: (a) Big Picture RICO Class and (b) Red Rock RICO Class. The Court appoints Lula Williams, George Hengle, Gloria Turnage, Dowin Coffy and Marcella Singh, as administrator for Felix Gillison, Jr.'s estate as the Class Representatives. The Court also appoints the law firms of Kelly Guzzo, PLC, Consumer Litigation Associates, P.C., Terrell Marshall Law Group, PLLC, Berger Montague, P.C., and Caddell & Chapman as counsel for the Class ("Class Counsel"). Pursuant to the Court's March 12, 2019 Order (ECF No. 416 ), Class Counsel shall notify TranDotCom Solutions, LLC of this decision to arrange for the transmission of the necessary data to notify the Classes. Class Counsel and Defendant Martorello shall confer to file a Notice Plan no later than two weeks from the date of the entry of this Order. If the parties cannot agree on a Notice Plan, each side shall submit a pleading no longer than five pages no later than 21 days after the entry of this Order. See Order for complete details. IT IS SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/19/2021. (sbea,) (Entered: 07/20/2021) |
| 07/22/2021 | 1112 | STATUS REPORT *(Joint Supplemental) Regarding Preliminary Injunction Motion* by Matt Martorello. (Taliaferro, John) (Entered: 07/22/2021) |
| 07/23/2021 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 7/23/2021. (Court Reporter Peppy Peterson, OCR.) (nbrow) (Entered: 08/03/2021) |
| 07/26/2021 | 1113 | Joint MOTION for Protective Order *on Attorney Eyes Only Arbitration Materials* by Matt Martorello. (Attachments: # 1 Proposed Order for Supplemental Protective Order) (Taliaferro, John) (Entered: 07/26/2021) |
| 07/27/2021 | 1114 | STIPULATED SUPPLEMENTAL PROTECTIVE ORDER REGARDING CERTAIN DOCUMENTS DESIGNATED ATTORNEYS' EYES ONLY IN AAA ARBITRATION BETWEEN TRIBAL ENTITIES AND EVENTIDE. See Order for complete details. IT IS SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/27/2021. (sbea,) (Entered: 07/27/2021) |
| 07/29/2021 | 1115 | Motion to Withdraw Without Prejudice, Motion for Preliminary Injunction by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Bennett, Leonard). Modified docket text on 7/30/2021. (sbea,) (Entered: 07/29/2021) |
| 07/30/2021 | | Notice of Correction re: 1115 MOTION to Withdraw; the pleading contains more than one motion for relief. In the future, you will be requested to re-file THE copy of the same document separately for each motion relief. No further action is required at this time. (sbea,) (Entered: 07/30/2021) |

JA130

| 07/30/2021 | 1116 | ORDER that 1) PLAINTIFFS' NOTICE AND MOTION TO WITHDRAW, WITHOUT PREJUDICE, MOTION FOR PRELIMINARY INJUNCTION (ECF No. 1115 ) is GRANTED; and 2) PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF No. 989 ) is DENIED as moot. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/30/2021. (sbea,) (Entered: 07/30/2021) |
|---|---|---|
| 08/03/2021 | 1117 | ORDER entered on June 10, 2021 (ECF No. 1096 ), the Court granted the plaintiffs' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD (ECF No. 1043 ). Accordingly, PLAINTIFFS' MOTION TO STRIKE DEFENDANT MATT MARTORELLO'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE MOTION FOR PRELIMINARY INJUNCTION {ECF No. 1060 ) is denied as moot. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 8/2/2021. (sbea,) (Entered: 08/03/2021) |
| 08/04/2021 | 1118 | PROPOSED CLASS Notice Plan by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re: 1111 Order. (Attachments: # 1 Exhibit 1 - Proposed Notice, # 2 Exhibit 2 - Declaration, # 3 Proposed Order)(Bennett, Leonard). Clerk replaced the "Proposed Order" on 8/5/2021. NEF was regenerated. Modified docket text on 8/5/2021. (sbea,) (Entered: 08/04/2021) |
| 08/04/2021 | 1119 | USCA Notification of Permission to Appeal, USCA Case #21-211, Case Manager C.Halupa. (Attachment-Petition for Permission to Appeal Under Rule 23(f)).(lbre, ) (Additional attachment(s) added on 8/5/2021: # 2 Petition) (lbre, ). (Entered: 08/05/2021) |
| 08/12/2021 | 1120 | NOTICE by Dowin Coffy, Justin Gray, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1118 NOTICE, 1111 Order on Motion to Certify Class,,,,, *(Amended Proposed Notice Plan)* (Attachments: # 1 Exhibit Supplemental Declaration, # 2 Proposed Order)(Bennett, Leonard) (Entered: 08/12/2021) |
| 08/13/2021 | 1121 | ORDER re [1119-2] Appeal. It is hereby ORDERED that all proceedings in this case are stayed pending resolution of Martorello's interlocutory appeal. Signed by District Judge Robert E. Payne on 08/13/2021. (tjoh,) (Entered: 08/13/2021) |
| 08/26/2021 | 1122 | NOTICE of Appearance by James Patrick McNichol on behalf of Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (McNichol, James) (Entered: 08/26/2021) |
| 09/13/2021 | 1123 | MOTION to Withdraw as Attorney *Amy L. Austin* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order) (Austin, Amy) (Entered: 09/13/2021) |
| 09/14/2021 | 1124 | ORDER that the MOTION TO WITHDRAW AS COUNSEL (ECF No. 1123 ) is granted. It is further ORDERED that the Clerk shall remove Amy L. Austin, Esquire as counsel of record for the plaintiffs. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 9/14/2021. (sbea,) (Entered: 09/14/2021) |
| 09/23/2021 | 1125 | JOINT NOTICE Pursuant to the Court's Instruction by Matt Martorello (Taliaferro, John). Modified docket text on 9/24/2021. (sbea,) (Entered: 09/23/2021) |
| 10/07/2021 | 1126 | USCA Order - Upon consideration of submissions relative to the petition for permission to appeal, the court grants the petition. This case is transferred to the regular docket and assigned docket number 21-2116. The record shall be retained in the court below unless requested by this court. (21-2116)(tjoh, ) (Entered: 10/07/2021) |
| 10/07/2021 | | Appeal Remark re 1126 . Case transferred to general docket: [No. 21-2116]. Originating case number: 3:17-cv-00461-REP. [21-2116] (tjoh, ) (Entered: 10/08/2021) |

JA131

| 10/13/2021 | 1127 | USCA Appeal Fees received $ 505.00, receipt number 34683051799 re 1126 Order granting petition for permission to appeal on behalf of Matt Martorello. Modified on 10/14/2021 (lbre, ). (Entered: 10/13/2021) |
| 03/29/2022 | 1128 | ORDER that the MOTION REQUESTING ORAL ARGUMENT ON PENDING MOTIONS (ECF No. 1074 ) is denied as moot because the motions referenced in the request have been resolved. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 3/29/2022. (sbea) (Entered: 03/29/2022) |
| 10/05/2022 | 1129 | MOTION to Withdraw as Attorney by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 10/05/2022) |
| 10/06/2022 | 1130 | Motion to appear Pro Hac Vice by Bethany D. Simmons and Certification of Local Counsel J.D. Taliaferro Filing fee $ 75, receipt number AVAEDC-8601508. by Matt Martorello. (Taliaferro, John) (Entered: 10/06/2022) |
| 10/07/2022 | 1131 | ORDER granting 1130 Motion for Bethany Danielle Simmons to appear as Pro Hac Vice for Matt Martorello. Signed by Senior United States District Judge Robert E. Payne on 10/6/2022. (sbea) (Entered: 10/07/2022) |
| 10/07/2022 | 1132 | ORDER that the MOTION FOR WITHDRAWAL OF APPEARANCE PURSUANT TO LOCAL CIVIL RULE 83.1(G) (ECF No. 1129 ) is granted. It is further ORDERED that the Clerk shall remove William N. Grosswendt, Esquire as *pro hac vice* counsel for the defendant, Matt Martorello, and from the ECF distribution list. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 10/6/2022. (sbea) (Entered: 10/07/2022) |
| 11/22/2022 | 1133 | ORDER - It is ORDERED that counsel for the Plaintiffs' and Non-Settling Defendants in Williams, Galloway I, and Galloway II shall, by December 18, 2022, prepare for each case: (1) a list of pending matters that have been resolved or that no longer need to be resolved, and therefore the record should reflect that those matters have been terminated; and (2) a list of pending matters that require resolution and a suggested priority order for resolving them. SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 11/22/2022. (jjones, ) (Entered: 11/22/2022) |
| 11/29/2022 | 1134 | ORDER that the parties shall file Statements of Position explaining their understanding of the reason for the delay between the issuance of the Fourth Circuit's mandate in Williams (Williams, ECF No. 600 ) and the dismissal of Big Picture and Ascension in Williams. (Williams, ECF No. 668 ). By December 9, 2022, the Plaintiffs and the remaining Defendants shall file (simultaneously) their Statements of Position, and, by December 19, 2022, they shall file (simultaneously) their responses to the Statements of Position. The Clerk is directed to file a copy of this Order in Williams, Galloway I, Galloway II and Galloway III. It is so ORDERED. See Order for additional details. Signed by District Judge Robert E. Payne on 11/29/2022. (adun, ) (Entered: 11/30/2022) |
| 12/09/2022 | 1135 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams *(Statement of Position)* (Kelly, Kristi) (Entered: 12/09/2022) |
| 12/09/2022 | 1136 | NOTICE by Matt Martorello re 1134 Order,,, *STATEMENT OF POSITION IN RESPONSE TO NOVEMBER 29, 2022 ORDER* (Taliaferro, John) (Entered: 12/09/2022) |
| 12/16/2022 | 1137 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1133 Order,, *(Joint Notice of Agreed List of Outstanding Motions)* (Kelly, Kristi) (Entered: 12/16/2022) |
| 12/19/2022 | 1138 | Response to 1136 NOTICE filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 12/19/2022) |

JA132

| 12/19/2022 | 1139 | Response to 1135 NOTICE filed by Matt Martorello. (Taliaferro, John) (Entered: 12/19/2022) |
| 01/24/2023 | 1140 | Opinion of USCA re 1126 USCA Order. AFFIRMED. (21-2116) (Attachments: # 1 Opinion Attachments) (smej, ) (Entered: 01/24/2023) |
| 01/24/2023 | 1141 | USCA JUDGMENT as to 1126 USCA Order. In accordance with the decision of this court, the judgment of the district court is affirmed. (21-2116) (Attachments: # 1 Notice, # 2 Bill of Costs Form) (smej, ) (Entered: 01/24/2023) |
| 02/08/2023 | 1142 | TEMPORARY STAY OF MANDATE as to 135 Notice of Appeal filed by Big Picture Loans, LLC, Ascension Technologies, Inc. Under Fed. R. App. P. 41(b), the filing of a timely petition for rehearing or rehearing en banc stays the mandate until the court has ruled on the petition. In accordance with Rule 41(b), the mandate is stayed pending further order of this court. (21-2116) (smej, ) (Entered: 02/08/2023) |
| 02/22/2023 | 1143 | USCA Order re 1126 USCA Order - The petition for rehearing en banc was circulated to the full court. No judge requested a poll under Fed. R. App. P. 35. The court denies the petition for rehearing en banc. (21-2116) (smej, ) (Entered: 02/22/2023) |
| 02/22/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne:Telephone Conference held on 2/22/2023. (Court Reporter Tracy Stroh, OCR.) (nbrow) (Entered: 03/07/2023) |
| 02/23/2023 | 1144 | ORDERED that: 1) On March 3, 2023, the parties shall submit proposals for scheduling further proceedings herein with a view to **conducting the trial on the merits not later than July 10, 2023 through July 14, 2023 with a Final Pretrial Conference to be held on June 27, 2023 at 10:00 am**; and 2) When planning the schedule for further proceedings, counsel are referred to the form Pretrial Schedule A and Initial Pretrial Scheduling Order attached hereto; and 3) On **March 3, 2023**, the parties shall submit positions on and proposed plans for settlement discussions; and 4) On **March 9, 2023 at 3:00 pm, there shall be a status conference call to discuss the parties' submissions and to confirm dates for the Final Pretrial Conference and trial**. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 2/23/2023. (Attachments: # 1 Pretrial Schedule A, # 2 Scheduling Order). (sbea) (Entered: 02/23/2023) |
| 02/28/2023 | 1145 | Consent MOTION for Entry of Order Approving Previously Filed Joint Notice Plan by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Kelly, Kristi) (Entered: 02/28/2023) |
| 03/01/2023 | 1146 | TRANSCRIPT of proceedings held on February 22, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 3/31/2023. Redacted Transcript Deadline set for 5/1/2023. Release of Transcript Restriction set for 5/30/2023.(stroh, tracy) (Entered: 03/01/2023)** |
| 03/03/2023 | 1147 | USCA Mandate as to 1126 USCA Order: The judgment of this court, entered January 24, 2023, takes effect today. (21-2116) (smej, ) (Entered: 03/03/2023) |

| 03/03/2023 | 1148 | USCA Order re 1126 USCA Order: Costs for these proceedings are taxed and certified in the amount of $75.60, as itemized in the accompanying bill of costs. (21-2116) (Attachments: # 1 Bill of Costs) (smej, ) (Entered: 03/03/2023) |
|---|---|---|
| 03/03/2023 | 1149 | JOINT NOTICE Regarding Proposed Future Proceedings by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 3/3/2023. (sbea) (Entered: 03/03/2023) |
| 03/06/2023 | 1150 | ORDER GRANTING CLASS NOTICE PLAN. This Court hereby approves the Proposed Class Notice Plan and proposed Class Notice. See Order for details. IT IS SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 3/6/2023. (sbea) (Entered: 03/06/2023) |
| 03/09/2023 | 1151 | NOTICE of Appearance by Drew David Sarrett on behalf of Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Sarrett, Drew) (Entered: 03/09/2023) |
| 03/09/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 3/9/2023. (Court Reporter Melissa Custis, OCR.) (nbrow) (Entered: 04/14/2023) |
| 03/10/2023 | 1152 | Consent MOTION for Entry of Order Approving Revised Class Notice by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Kelly, Kristi) (Entered: 03/10/2023) |
| 03/10/2023 | 1153 | ORDER - It is hereby ORDERED that for **the jury trial with jury selection scheduled to begin on July 12, 2023**, the Jury Clerk shall dismiss for cause any prospective juror who indicate that he or she is not fully vaccinated against COVID-19. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 3/9/2023. Order forwarded to Jury Clerk. (sbea) (Entered: 03/10/2023) |
| 03/10/2023 | 1154 | Order - It is hereby ORDERED that the settlement conference and proceedings required by paragraph 3 of the Scheduling Order are referred to United States Magistrate Judge Mark R. Colombell. Counsel shall be responsible for contacting the Chambers of Magistrate Judge Colombell within five (5) days of the date of this Order to schedule the conference to occur within the fifty-day period required by paragraph 3 of the Scheduling Order or at such other time as Magistrate Judge Colombell shall approve. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 3/9/2023. (sbea) (Entered: 03/10/2023) |
| 03/10/2023 | 1155 | ORDER RESPECTING FUTURE PROCEEDINGS. It is ORDERED that: l) A Final Pretrial Conference will be held on **June 26, 2023 at 10:00 am, continuing until June 27, 2023 if needed**; and 2) **Jury Selection will be held at 9:30 am on July 12, 2023**. There will be eleven (11) jurors; and 3) **Trial will begin at 9:30 am on July 13, 2023 and will continue until completed**; and 4) The parties have reviewed the Pretrial Schedule A and Initial Pretrial Scheduling Order. The parties shall follow the deadlines established by the Pretrial Schedule A and Initial Pretrial Scheduling Order, as modified by the followingprovisions: (a) The parties shall provide updated Rule 26 (a)(1) disclosures no later **March 17, 2023**; and (b) All affirmative expert disclosures required by Rule 26 (a)(2) shall be exchanged no later than **April 14, 2023**. Each party must reserve any expert disclosure for a witness it intends to use at trial. With each expert disclosure, the party designating the expert shall provide at least three deposition dates when the expert and counsel are available during the period of **April 28 through May 8**; and (c) All rebuttal expert disclosures shall be exchanged no later than **May 5, 2023**. With each rebuttal expert disclosure, the party designating the expert shall provide at least three deposition dates when the expert and counsel are available during the period of **May 8 through May 15**; and 5) In accordance with the Scheduling Order and Pretrial |

| | | |
|---|---|---|
| | | Schedule A, discovery, with the exception of expert witness depositions, closes on **May 5, 2023**; and 6) All motions *in limine* shall be filed no later than **April 24, 2023**; all responses shall be filed by **May 5, 2023**; and all replies shall be filed by **May 12, 2023**; and 7) The plaintiffs shall file their motion for summary judgment on **April 21, 2023**; the response shall be filed by **May 5, 2023**; and the reply shall be filed by **May 12, 2023**; and 8) Matt Martorello shall file his motion for summary judgment by **May 22, 2023**; the response shall be filed by **June 7, 2023**; and the reply shall be filed by **June 15, 2023**; and 9) By **May 15, 2023**, counsel shall submit: (a) A realistic statement of the number of witnesses each side expects to call and an estimate of the time required for the testimony (direct, cross, and redirect examination) of each witness; and (b) The total time estimated to present the plaintiffs' case-in-chief, the defendant's case-in-chief, and the plaintiffs' rebuttal case; and (c) Proposals for the allocation of trial time. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 3/10/2023. (sbea) (Entered: 03/10/2023) |
| 03/10/2023 | 1156 | ORDER GRANTING MOTION FOR ENTRY OF ORDER APPROVING REVISED CLASS NOTICE. Having reviewed the Motion and the attached revised notice, noting the consent of Defendant Matt Martorello, and for good cause shown, the Motion is GRANTED. The revised class notice shall be sent to class members in accordance with the Court's March 6, 2023 Order Granting Class Notice Plan, (ECF No. 1150 ). IT IS SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 3/10/2023. (sbea) (Entered: 03/10/2023) |
| 03/10/2023 | 1157 | ORDER REGARDING PROCEDURES FOR SETTLEMENT CONFERENCE. The Court has scheduled this case for a settlement conference on **April 10, 2023 at 9:30 A.M.** At that time, the parties shall report to the chambers of Magistrate Judge Mark R. Colombell. In addition to counsel, **each party <u>must</u> have a representative physically present with the full authority to settle this action.** If an individual is a named party, that individual <u>must</u> be personally present at the settlement conference. If a business entity (or entities) is/are involved, each entity <u>must</u> have a representative with full authority to settle the case on behalf of that entity physicallypresent. See Order for details and deadlines. It is so ORDERED. Signed by Magistrate Judge Mark R. Colombell on 3/10/2023. (sbea) (Entered: 03/10/2023) |
| 03/10/2023 | | Set Hearings: Final Pretrial Conference set for 6/26/2023 at 10:00 AM in Richmond Judges Chamber before District Judge Robert E. Payne. Jury Selection set for 7/12/2023 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. Jury Trial set for 7/13/2023 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 03/10/2023) |
| 03/15/2023 | | Set Hearing: Settlement Conference set for 4/10/2023 at 09:30 AM in Richmond Judges Chamber before Magistrate Judge Mark R. Colombell. (jsau, ) (Entered: 03/15/2023) |
| 04/10/2023 | 1159 | ORDER Regarding Procedures for Follow-Up Settlement Conference- The Court has scheduled this case for a follow-up settlement conference on May 3, 2023 at 9:30 A.M. At that time, the parties and their counsel shall report to the chambers of Magistrate Judge Mark R. Colombell. In addition to counsel, each party must have a representative physically present with the full authority to settle this action. On April 14, 2023 at 3:00 p.m., the parties shall participate in a telephonic conference call with Judge Colombell regarding the status of the foregoing document production. SEE ORDER FOR DETAILS. Signed by Magistrate Judge Mark R. Colombell on 4/10/2023. (adun, ) (Entered: 04/10/2023) |
| 04/10/2023 | | Minute Entry for proceedings held before Magistrate Judge Mark R. Colombell: Settlement Conference held on 4/10/2023. (jsau, ) (Entered: 04/10/2023) |

| | | |
|---|---|---|
| 04/11/2023 | | Set Hearing: Follow-up Settlement Conference set for 5/3/2023 at 09:30 AM in Richmond Judges Chamber before Magistrate Judge Mark R. Colombell. (jsau, ) (Entered: 04/11/2023) |
| 04/11/2023 | 1161 | TRANSCRIPT of proceedings held on March 9, 2023, before Judge David J. Novak, Court Reporter Melissa Custis, Telephone number 804-916-2278. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 5/11/2023. Redacted Transcript Deadline set for 6/12/2023. Release of Transcript Restriction set for 7/10/2023.(Custis, Melissa) (Entered: 04/11/2023)** |
| 04/14/2023 | | Minute Entry for proceedings held before Magistrate Judge Mark R. Colombell: Status Conference held on 4/14/2023. (jsau, ) (Entered: 04/14/2023) |
| 04/20/2023 | 1162 | MOTION for Leave to File Excess Pages *(Consent) for Plaintiffs' and Defendants' Motion for Summary Judgment* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 04/20/2023) |
| 04/20/2023 | 1163 | Memorandum in Support re 1162 MOTION for Leave to File Excess Pages *(Consent) for Plaintiffs' and Defendants' Motion for Summary Judgment* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 04/20/2023) |
| 04/21/2023 | 1164 | ORDER - This matter comes before the Court on the Plaintiffs' CONSENT MOTION FOR ENLARGEMENTS OF PAGE LIMITATIONS FOR PLAINTIFFS' AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BRIEFING (ECF No. 1162 ). For good cause shown, it is hereby ORDERED that the Motion is GRANTED. Plaintiffs' and Defendants' Memorandums in Support for their Motions for Summary Judgement shall not exceed 40 pages.It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 4/21/2023. (sbea) (Entered: 04/21/2023) |
| 04/21/2023 | 1165 | MOTION for Partial Summary Judgment by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/21/2023) |
| 04/21/2023 | 1166 | Memorandum in Support (Redacted) re 1165 MOTION for Partial Summary Judgment filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56)(Kelly, Kristi). Modified on 4/24/2023. (sbea) (Entered: 04/21/2023) |

| 04/21/2023 | 1167 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 04/21/2023) |
| 04/21/2023 | 1168 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1167 MOTION to Seal (Kelly, Kristi) (Entered: 04/21/2023) |
| 04/21/2023 | 1169 | Sealed Memorandum in Support. (Attachments: # 1 Exhibit 2, # 2 Exhibit 47)(Kelly, Kristi) (Entered: 04/21/2023) |
| 04/21/2023 | 1170 | Memorandum in Support re 1167 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/21/2023) |
| 04/24/2023 | 1171 | Consent MOTION for Leave to File Excess Pages *Consent Motion for Enlargement of Page Limitations for Plaintiffs' Motions in Limine Briefing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 04/24/2023) |
| 04/24/2023 | 1172 | Memorandum in Support re 1171 Consent MOTION for Leave to File Excess Pages *Consent Motion for Enlargement of Page Limitations for Plaintiffs' Motions in Limine Briefing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 04/24/2023) |
| 04/24/2023 | 1173 | MOTION in Limine *(Omnibus)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1174 | Memorandum in Support re 1173 MOTION in Limine *(Omnibus)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30)(Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1175 | MOTION to Exclude *Expert Designation of J. Howard Beales, III* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1176 | Memorandum in Support re 1175 MOTION to Exclude *Expert Designation of J. Howard Beales, III* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1)(Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1177 | MOTION to Exclude *Expert Designation of Professor Todd Zywicki* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1178 | Memorandum in Support re 1177 MOTION to Exclude *Expert Designation of Professor Todd Zywicki* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1179 | MOTION to Exclude *Expert Designation of Barry W. Brandon* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2023) |

JA137

| 04/24/2023 | 1180 | Memorandum in Support re 1179 MOTION to Exclude *Expert Designation of Barry W. Brandon* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1181 | MOTION to Exclude *Expert Designation of John M. Norman* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1182 | Memorandum in Support re 1181 MOTION to Exclude *Expert Designation of John M. Norman* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1183 | MOTION to Exclude *Expert Designation of George Cowhey* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1184 | Memorandum in Support re 1183 MOTION to Exclude *Expert Designation of George Cowhey* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1)(Kelly, Kristi) (Entered: 04/24/2023) |
| 04/24/2023 | 1185 | MOTION in Limine *(Omnibus - Non Expert)* by Matt Martorello. (Taliaferro, John) (Entered: 04/24/2023) |
| 04/24/2023 | 1186 | Memorandum in Support re 1185 MOTION in Limine *(Omnibus - Non Expert)* filed by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Taliaferro, John) (Entered: 04/24/2023) |
| 04/24/2023 | 1187 | MOTION in Limine *to Exclude Plaintiffs' Expert* by Matt Martorello. (Taliaferro, John) (Entered: 04/24/2023) |
| 04/24/2023 | 1188 | Memorandum in Support re 1187 MOTION in Limine *to Exclude Plaintiffs' Expert* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Taliaferro, John) (Entered: 04/24/2023) |
| 04/25/2023 | 1189 | ORDER - For good cause shown, it is hereby ORDERED that the CONSENT MOTION FOR ENLARGEMENT OF PAGE LIMITATIONS FOR PLAINTIFFS' MOTIONS IN LIMINE BRIEFING (ECF No. 1171 ) is GRANTED. Plaintiffs' Memorandum in Support of their Motions in Limine shall not exceed 40 pages. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 4/25/2023. (sbea) (Entered: 04/25/2023) |
| 04/27/2023 | 1190 | Motion to appear Pro Hac Vice by Alicia Marie Clough and Certification of Local Counsel John D. Taliaferro Filing fee $ 75, receipt number AVAEDC-8911290. by Matt Martorello. (Taliaferro, John) (Entered: 04/27/2023) |
| 04/28/2023 | | Minute Entry for proceedings held before Magistrate Judge Mark R. Colombell: Status Conference held on 4/28/2023. (jsau, ) (Entered: 04/28/2023) |
| 05/01/2023 | 1194 | ORDER granting 1190 Motion for Alicia Marie Clough to appear as Pro Hac Vice for Matt Martorello. Signed by Senior United States District Judge Robert E. Payne on 5/1/2023. (sbea) (Entered: 05/01/2023) |
| 05/03/2023 | 1195 | ORDER - It is hereby ORDERED that the plaintiffs' MOTION TO SEAL (ECF No. 1167 ) is granted and the PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 1169 ) and Exhibits 2 and 47 thereto are filed under seal; provided that an appropriately redacted version |

| | | thereof is filed in the public record. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/2/2023. (sbea) (Entered: 05/03/2023) |
|---|---|---|
| 05/03/2023 | | Minute Entry for proceedings held before Magistrate Judge Mark R. Colombell: Settlement Conference held on 5/3/2023. (jsau, ) (Entered: 05/08/2023) |
| 05/04/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 5/4/2023. (Court Reporter Tracy Stroh.) (nbrow) (Entered: 06/20/2023) |
| 05/05/2023 | 1196 | Consent MOTION for Leave to File Excess Pages by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1197 | Memorandum in Support re 1196 Consent MOTION for Leave to File Excess Pages filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1198 | Memorandum in Opposition re 1187 MOTION in Limine *to Exclude Plaintiffs' Expert* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Hallinan Order, # 2 Exhibit 2 - Brice Order) (Kelly, Kristi) (Entered: 05/05/2023) |
| 05/05/2023 | 1199 | RESPONSE to Motion re 1185 MOTION in Limine *(Omnibus - Non Expert)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Kelly, Kristi) (Entered: 05/05/2023) |
| 05/05/2023 | 1200 | Opposition to 1181 MOTION to Exclude *Expert Designation of John M. Norman*, 1182 Memorandum in Support, filed by Matt Martorello. (Attachments: # 1 Exhibit A) (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1201 | Opposition to 1175 MOTION to Exclude *Expert Designation of J. Howard Beales, III*, 1176 Memorandum in Support filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1202 | Opposition to 1184 Memorandum in Support, 1183 MOTION to Exclude *Expert Designation of George Cowhey* filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1203 | Opposition to 1180 Memorandum in Support, 1179 MOTION to Exclude *Expert Designation of Barry W. Brandon* filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1204 | Opposition to 1177 MOTION to Exclude *Expert Designation of Professor Todd Zywicki*, 1178 Memorandum in Support, filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1205 | Opposition to 1174 Memorandum in Support,, 1173 MOTION in Limine *(Omnibus)* filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/05/2023 | 1206 | Memorandum , Memorandum in Opposition re 1165 MOTION for Partial Summary Judgment filed by Matt Martorello. (Taliaferro, John) (Entered: 05/05/2023) |
| 05/06/2023 | 1207 | EXHIBIT *A* by Matt Martorello.. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J FILED UNDER SEAL, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N, # 14 Exhibit O, # 15 Exhibit P, # 16 Exhibit Q, # 17 Exhibit R FILED UNDER SEAL, # 18 Exhibit S FILED UNDER SEAL, # 19 Exhibit T FILED UNDER SEAL, # 20 Exhibit U, # 21 Exhibit V, # 22 Exhibit W, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit |

Z, # 26 Exhibit AA FILED UNDER SEAL, # 27 Exhibit BB, # 28 Exhibit CC, # 29 Exhibit DD, # 30 Exhibit EE, # 31 Exhibit FF FILED UNDER SEAL, # 32 Exhibit GG FILED UNDER SEAL, # 33 Exhibit HH FILED UNDER SEAL, # 34 Exhibit II FILED UNDER SEAL, # 35 Exhibit JJ FILED UNDER SEAL, # 36 Exhibit KK FILED UNDER SEAL, # 37 Exhibit LL FILED UNDER SEAL, # 38 Exhibit MM FILED UNDER SEAL, # 39 Exhibit NN FILED UNDER SEAL, # 40 Exhibit OO FILED UNDER SEAL, # 41 Exhibit PP FILED UNDER SEAL, # 42 Exhibit QQ, # 43 Exhibit RR FILED UNDER SEAL, # 44 Exhibit SS, # 45 Exhibit TT FILED UNDER SEAL, # 46 Exhibit UU FILED UNDER SEAL, # 47 Exhibit VV FILED UNDER SEAL, # 48 Exhibit WW FILED UNDER SEAL, # 49 Exhibit XX, # 50 Exhibit YY, # 51 Exhibit ZZ)(Taliaferro, John) (Entered: 05/06/2023)

| 05/06/2023 | 1208 | EXHIBIT *AAAA (CONTINUED)* by Matt Martorello.. (Attachments: # 1 Exhibit BBB FILED UNDER SEAL, # 2 Exhibit CCC FILED UNDER SEAL, # 3 Exhibit DDD, # 4 Exhibit EEE, # 5 Exhibit FFF FILED UNDER SEAL, # 6 Exhibit GGG FILED UNDER SEAL, # 7 Exhibit HHH FILED UNDER SEAL, # 8 Exhibit III FILED UNDER SEAL, # 9 Exhibit JJJ FILED UNDER SEAL, # 10 Exhibit KKK FILED UNDER SEAL, # 11 Exhibit LLL FILED UNDER SEAL, # 12 Exhibit MMM FILED UNDER SEAL, # 13 Exhibit NNN FILED UNDER SEAL, # 14 Exhibit OOO FILED UNDER SEAL, # 15 Exhibit PPP FILED UNDER SEAL, # 16 Exhibit QQQ, # 17 Exhibit RRR FILED UNDER SEAL, # 18 Exhibit SSS, # 19 Exhibit TTTT, # 20 Exhibit UUU, # 21 Exhibit VVV, # 22 Exhibit WWW, # 23 Exhibit XXX, # 24 Exhibit YYY FILED UNDER SEAL, # 25 Exhibit ZZZ FILED UNDER SEAL, # 26 Exhibit AAAA FILED UNDER SEAL, # 27 Exhibit BBBB FILED UNDER SEAL, # 28 Exhibit CCCC FILED UNDER SEAL, # 29 Exhibit DDDD FILED UNDER SEAL, # 30 Exhibit EEEE FILED UNDER SEAL, # 31 Exhibit FFFF FILED UNDER SEAL, # 32 Exhibit GGGG FILED UNDER SEAL, # 33 Exhibit HHHH FILED UNDER SEAL, # 34 Exhibit IIII FILED UNDER SEAL, # 35 Exhibit JJJJ FILED UNDER SEAL, # 36 Exhibit MMMM FILED UNDER SEAL, # 37 Exhibit NNNN FILED UNDER SEAL, # 38 Exhibit OOOO FILED UNDER SEAL, # 39 Exhibit PPPP FILED UNDER SEAL, # 40 Exhibit RRRR FILED UNDER SEAL, # 41 Exhibit SSSS FILED UNDER SEAL, # 42 Exhibit TTTT FILED UNDER SEAL, # 43 Exhibit UUUU FILED UNDER SEAL, # 44 Exhibit VVVV FILED UNDER SEAL, # 45 Exhibit WWWW FILED UNDER SEAL, # 46 Exhibit XXXX)(Taliaferro, John) (Entered: 05/06/2023) |
| --- | --- | --- |
| 05/06/2023 | 1209 | MOTION to Seal by Matt Martorello. (Taliaferro, John) (Entered: 05/06/2023) |
| 05/06/2023 | 1210 | Memorandum in Support re 1209 MOTION to Seal filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Taliaferro, John) (Entered: 05/06/2023) |
| 05/06/2023 | 1211 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 1209 MOTION to Seal (Taliaferro, John) (Entered: 05/06/2023) |
| 05/06/2023 | 1212 | Sealed Attachment/Exhibit(s) re 1211 Notice of Filing Sealing Motion LCvR5(C). (Attachments: # 1 Exhibit R, # 2 Exhibit T, # 3 Exhibit AA, # 4 Exhibit FF, # 5 Exhibit GG, # 6 Exhibit HH, # 7 Exhibit II, # 8 Exhibit JJ, # 9 Exhibit KK, # 10 Exhibit LL, # 11 Exhibit MM, # 12 Exhibit NN, # 13 Exhibit OO, # 14 Exhibit PP, # 15 Exhibit RR, # 16 Exhibit SS, # 17 Exhibit UU, # 18 Exhibit VV, # 19 Exhibit WW, # 20 Exhibit BBB, # 21 Exhibit CCC, # 22 Exhibit FFF, # 23 Exhibit GGG, # 24 Exhibit HHH, # 25 Exhibit III, # 26 Exhibit JJJ, # 27 Exhibit KKK, # 28 Exhibit LLL, # 29 Exhibit MMM, # 30 Exhibit NNN, # 31 Exhibit OOO, # 32 Exhibit PPP, # 33 Exhibit RRR, # 34 Exhibit XXX, # 35 Exhibit YYY, # 36 Exhibit ZZZ, # 37 Exhibit AAAA, # 38 Exhibit BBBB, # 39 Exhibit CCCC, # 40 Exhibit DDDD, # 41 Exhibit EEEE, # 42 Exhibit FFFF, # 43 Exhibit GGGG, # 44 Exhibit HHHH, # 45 Exhibit IIII, # 46 Exhibit JJJJ, # 47 Exhibit KKKK, # 48 Exhibit LLLL, # 49 Exhibit MMMM, # 50 Exhibit NNNN, # 51 Exhibit OOOO, # 52 Exhibit PPPP, # 53 Exhibit QQQQ, # 54 Errata RRRR, # 55 |

JA140

| | | Exhibit SSSS, # 56 Exhibit TTTT, # 57 Exhibit UUUU, # 58 Exhibit VVVV, # 59 Exhibit S, # 60 Exhibit WWWW)(Taliaferro, John) (Entered: 05/06/2023) |
|---|---|---|
| 05/06/2023 | 1213 | MOTION for Extension *of Time to File Exhibits* by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/06/2023) |
| 05/08/2023 | 1214 | MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REBUTTAL DAMAGES REPORT ONE WEEK AFTER RECEIVING LOAN LEVEL DATA FROM CLAIMS ADMINISTRATOR by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/08/2023) |
| 05/08/2023 | 1215 | Memorandum in Support re 1214 MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REBUTTAL DAMAGES REPORT ONE WEEK AFTER RECEIVING LOAN LEVEL DATA FROM CLAIMS ADMINISTRATOR filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Taliaferro, John) (Entered: 05/08/2023) |
| 05/09/2023 | 1216 | Consent MOTION (1) FOR PERMISSION TO FILE REPLACEMENT BRIEF TO DEFENDANT MATT MARTORELLOS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT (2) TO EXTEND PLAINTIFFS REPLY DEADLINE, AND (3) TO ENLARGE THE PAGE LIMITATION FOR PLAINTIFFS REPLY by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/09/2023) |
| 05/09/2023 | 1217 | Memorandum in Support re 1216 Consent MOTION (1) FOR PERMISSION TO FILE REPLACEMENT BRIEF TO DEFENDANT MATT MARTORELLOS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT (2) TO EXTEND PLAINTIFFS REPLY DEADLINE, AND (3) TO ENLARGE THE PAGE LIMITATION FOR PL filed by Matt Martorello. (Taliaferro, John) (Entered: 05/09/2023) |
| 05/09/2023 | 1218 | Defendant Matt Martorello's Replacement Memorandum of Law In Opposition to Plaintiffs' Motion for Partial Summary Judgment by Matt Martorello. (Attachments: # 1 Exhibit AAAAA, # 2 Exhibit BBBBB)(Taliaferro, John). Modified on 5/10/2023. (sbea) (Entered: 05/09/2023) |
| 05/09/2023 | 1219 | MOTION to Seal by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/09/2023) |
| 05/09/2023 | 1220 | Memorandum in Support re 1219 MOTION to Seal filed by Matt Martorello. (Taliaferro, John) (Entered: 05/09/2023) |
| 05/09/2023 | 1221 | Notice of Under Seal Filing LCvR5 (B) by Matt Martorello re 1219 MOTION to Seal , 1220 Memorandum in Support (Taliaferro, John) (Entered: 05/09/2023) |
| 05/09/2023 | 1222 | Sealed Attachment/Exhibit(s) re 1221 Notice of Under Seal Filing LCvR5 (B). (Taliaferro, John) (Entered: 05/09/2023) |
| 05/10/2023 | 1223 | ORDER - Having considered the MOTION (1) FOR PERMISSION TO FILE REPLACEMENT BRIEF TO DEFENDANT MATT MARTORELLO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (2) TO EXTEND PLAINTIFFS' REPLY DEADLINE, AND ( 3) TO ENLARGE THE PAGE LIMITATION FOR PLAINTIFFS' REPLY (ECF No. 1216 ) filed by the defendant, Matt Martorello, and with the consent of the plaintiffs, it is hereby ORDERED that the Motion (ECF No. 1216 ) is granted. It is further ORDERED that: 1) The Court finds that the document entitled EXHIBIT 1 (ECF No. 1218 ) is actually Matt Martorello's replacement brief and the Clerk is directed to correct |

| | | |
|---|---|---|
| | | the minute entry of the docket sheet to reflect that ECF No. 1218 is "DEFENDANT MATT MARTORELLO REPLACEMENT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT;" and 2) The plaintiffs shall file their reply by **May 16, 2023**; and 3) The plaintiffs' reply brief shall not exceed thirty (30) pages. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/10/2023. (sbea) (Entered: 05/10/2023) |
| 05/10/2023 | 1224 | ORDER - Having considered the MOTION FOR THREE HOUR SEVEN MINUTE EXTENSION OF TIME TO FILE EXHIBITS TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 1213 ), and it appearing that the defendant is requesting a time extension for the filing of the defendant's memorandum and certain exhibits in response to the pending summary judgment motion made by John David Taliaferro, Esquire on May 6, 2023 (ECF No. 1212 ), it is hereby ORDERED that the Motion for Extension (ECF No. 1213 ) is granted and the memorandum and exhibits filed by Mr. Taliaferro are deemed timely filed. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/10/2023. (sbea) (Entered: 05/10/2023) |
| 05/10/2023 | 1225 | ORDER - Having considered the MOTION TO ENLARGE THE PAGE LIMITATION OF DEFENDANT MATT MARTORELLO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 1196 ), and upon agreement of counsel, it is hereby ORDERED that the Motion to Enlarge (ECF No. 1196 ) is granted. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/10/2023. (sbea) (Entered: 05/10/2023) |
| 05/10/2023 | 1226 | Memorandum in Opposition re 1209 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/10/2023) |
| 05/12/2023 | 1227 | Consent MOTION for Leave to File Excess Pages *Consent Motion for Enlargement of Page Limitations for Plaintiffs' Reply in Support of Motion in Limine* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 05/12/2023) |
| 05/12/2023 | 1228 | Memorandum in Support re 1227 Consent MOTION for Leave to File Excess Pages *Consent Motion for Enlargement of Page Limitations for Plaintiffs' Reply in Support of Motion in Limine* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 05/12/2023) |
| 05/12/2023 | 1229 | REPLY to Response to Motion re 1173 MOTION in Limine *(Omnibus)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1 - Deposition Excerpt, # 2 Exhibit 2 - Martorello/Williams Email)(Kelly, Kristi) (Entered: 05/12/2023) |
| 05/12/2023 | 1230 | Reply to Motion re 1187 MOTION in Limine *to Exclude Plaintiffs' Expert* filed by Matt Martorello. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D)(Taliaferro, John) (Entered: 05/12/2023) |
| 05/12/2023 | 1231 | Reply to Motion re 1185 MOTION in Limine *(Omnibus - Non Expert)* filed by Matt Martorello. (Taliaferro, John) (Entered: 05/12/2023) |
| 05/12/2023 | 1232 | REPLY to Response to Motion re 1183 MOTION to Exclude *Expert Designation of George Cowhey* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit)(Bennett, Leonard) (Entered: 05/12/2023) |

| 05/12/2023 | 1233 | REPLY to Response to Motion re 1181 MOTION to Exclude *Expert Designation of John M. Norman* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit)(Bennett, Leonard) (Entered: 05/12/2023) |
| 05/12/2023 | 1234 | REPLY to Response to Motion re 1175 MOTION to Exclude *Expert Designation of J. Howard Beales, III* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit, # 2 Exhibit)(Bennett, Leonard) (Entered: 05/12/2023) |
| 05/12/2023 | 1235 | REPLY to Response to Motion re 1179 MOTION to Exclude *Expert Designation of Barry W. Brandon* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit)(Bennett, Leonard) (Entered: 05/12/2023) |
| 05/12/2023 | 1236 | REPLY to Response to Motion re 1177 MOTION to Exclude *Expert Designation of Professor Todd Zywicki* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit)(Bennett, Leonard) (Entered: 05/12/2023) |
| 05/15/2023 | 1237 | ORDER - Before the Court is DEFENDANT MATT MARTORELLO'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REBUTTAL DAMAGES REPORT ONE WEEK AFTER RECEIVING LOAN LEVEL DATA FROM CLAIMS ADMINISTRATOR (ECF No. 1214 ). It is hereby ORDERED that the plaintiffs shall file their response to the Motion by **May 22, 2023** and the defendant, Matt Martorello, shall file his reply by **May 26, 2023**. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/15/2023. (sbea, ) (Entered: 05/15/2023) |
| 05/15/2023 | 1238 | *Joint* Witness List by Matt Martorello. (Taliaferro, John) (Entered: 05/15/2023) |
| 05/16/2023 | 1239 | ORDER - Having considered the CONSENT MOTION FOR ENLARGEMENT OF PAGE LIMITATIONS FOR PLAINTIFFS' REPLY IN SUPPORT OF MOTIONS IN LIMINE (ECF No. 1227 ), and with the consent of the defendant, Matt Martorello, it is hereby ORDERED that the Motion (ECF No. 1227 ) is granted. The plaintiffs reply brief shall not exceed 25 pages. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/15/2023. (sbea) (Entered: 05/16/2023) |
| 05/16/2023 | 1240 | ORDER - This matter is before the Court on MATT MARTORELLO'S FOR PARTIAL RECONSIDERATION OF MEMORANDUM ORDER, ECF NO. 515 , ADDRESSING ESI DISPUTES AND CLARIFICATION OR MODIFICATION OF MEMORANDUM ORDER, ECF NO. 515 , AND ORDER, ECF NO. 511 (ECF No. 528 ). Having reviewed the docket and the parties' JOINT NOTICE OF AGREED LIST OF OUTSTANDING MOTIONS (ECF NO. 1137 ) and seeing that the parties "identified no outstanding motions" as of December 16, 2022, it is ORDERED that MATT MARTORELLO'S MOTION FOR PARTIAL RECONSIDERATION OF MEMORANDUM ORDER, ECF NO. 515, ADDRESSING ESI DISPUTES AND CLARIFICATION OR MODIFICATION OF MEMORANDUM ORDER, ECF NO. 515 , AND ORDER, ECF NO. 511 (ECF NO. 528 ) is dismissed without prejudice as moot. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/15/2023. (sbea) (Entered: 05/16/2023) |
| 05/16/2023 | 1241 | REPLY to Response to Motion re 1165 MOTION for Partial Summary Judgment filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Kelly, Kristi) (Entered: 05/16/2023) |

JA143

| | | |
|---|---|---|
| 05/16/2023 | 1242 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 05/16/2023) |
| 05/16/2023 | 1243 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1242 MOTION to Seal (Kelly, Kristi) (Entered: 05/16/2023) |
| 05/16/2023 | 1244 | Sealed Response/Reply/Opposition. (Attachments: # 1 Exhibit 2)(Kelly, Kristi) (Entered: 05/16/2023) |
| 05/16/2023 | 1245 | Memorandum in Support re 1242 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/16/2023) |
| 05/17/2023 | | Minute Entry for proceedings held before Magistrate Judge Mark R. Colombell: Status Conference held on 5/17/2023. (jsau, ) (Entered: 05/17/2023) |
| 05/18/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 5/18/2023. (Court Reporter Tracy Stroh.) (nbrow) (Entered: 06/20/2023) |
| 05/19/2023 | 1246 | MEMORANDUM ORDER - This matter is before the Court on PLAINTIFFS' OMNIBUS MOTION *IN LIMINE* (ECF No. 1173 ), the MEMORANDUM IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTIONS [sic] *IN LIMINE* (ECF No. 1174 ), DEFENDANT MATT MARTORELLO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* (ECF No. 1205 ), and the PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTIONS [sic] *IN LIMINE* (ECF No. 1229 ). The Plaintiffs' Motion *In Limine* are twenty in number and are referred to as "MIL [1 - 20)". On the basis of the positions asserted in ECF Nos. 1173 , 1174 , 1205 , and 1209 , it is hereby ORDERED that MIL Nos. 1, 7, 8, 11, 12, 13, 16, 17, 18, 19, and 20 are granted as agreed to. It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/19/2023. (sbea, ) (Entered: 05/19/2023) |
| 05/19/2023 | 1247 | ORDERED that: 1) **On May 22, 2023 at noon**, the parties shall identify (a) which of the motions in limine (ECF Nos. 1173 and 1185 ); (b) which of the motions relating to experts (ECF Nos. 1175 , 1177 , 1179 , 1183 , and 1187 ); and (c) which aspects of the partial summary judgement (ECF No. 1165 ) they wish to be heard orally; and they shall specify any other issue or topic on which they wish to be heard or ally; and 2) On **May 22, 2023**, the parties shall submit copies of any jury instructions given in similar cases to the RICO claims in this case; and 3) On **May 23, 2023**, Matt Martorello ("Martorello") shall file a statement setting forth the factual basis of his proposed "good faith" defense. Therein, Martorello shall include: (a) a statement of what belief(s) he held; (b) the substantive advice that he was allegedly provided; (c) the date that advice was given; (d) the identity of the person who provided the advice; (e) whether the advice was written or oral; (f) all written advice upon which he allegedly relied; and (g) all documents in which he comments on or describes the advice; and 4) On **May 23, 2023**, Plaintiffs shall file a statement explaining what is known about the alleged 20-page Greenberg Traurig legal memorandum mentioned in MEMORANDUM IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE at 13 (ECF No. 1174 ), including the details respecting its destruction. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/19/2023. (sbea) (Entered: 05/19/2023) |
| 05/19/2023 | 1248 | TRANSCRIPT of proceedings held on May 18, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number ) 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days** |

| | | |
|---|---|---|
| | | to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 7/19/2023. Release of Transcript Restriction set for 8/17/2023.(stroh, tracy) (Entered: 05/19/2023) |
| 05/22/2023 | 1249 | STIPULATION *Regarding the Calculation and Tabulation of Loan Data* by Matt Martorello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1250 | Withdrawal of Motion by Matt Martorello re 1214 MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REBUTTAL DAMAGES REPORT ONE WEEK AFTER RECEIVING LOAN LEVEL DATA FROM CLAIMS ADMINISTRATOR (Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1251 | Requests for Oral Argument Pursuant to Order at Docket No. 1247 by Matt Martorello re: 1174 Memorandum in Support, 1247 Order, 1185 MOTION in Limine *(Omnibus - Non Expert)*, 1165 MOTION for Partial Summary Judgment, 1173 MOTION in Limine *(Omnibus)*, 1187 MOTION in Limine *to Exclude Plaintiffs' Expert* (Taliaferro, John). Modified on 5/22/2023. (sbea) (Entered: 05/22/2023) |
| 05/22/2023 | 1252 | STATEMENT of Position in Response to the Court's Order dated May 19, 2023 by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re: 1247 Order. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Kelly, Kristi). Modified on 5/22/2023. (sbea) (Entered: 05/22/2023) |
| 05/22/2023 | 1253 | NOTICE of Filing Pursuant to Order at Docket No. 1247 of Jury Instructions Given in Other Unlawful Debt RICO Cases by Matt Martorello re: 1247 Order. (Attachments: # 1 Exhibit 1)(Taliaferro, John). Modified on 5/22/2023. (sbea) (Entered: 05/22/2023) |
| 05/22/2023 | 1254 | MOTION for Summary Judgment by Matt Martorello. (Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1255 | Memorandum in Support re 1254 MOTION for Summary Judgment filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J FILED UNDER SEAL, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O FILED UNDER SEAL, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R FILED UNDER SEAL, # 19 Exhibit S FILED UNDER SEAL, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF FILED UNDER SEAL, # 33 Exhibit GG FILED UNDER SEAL, # 34 Exhibit HH FILED UNDER SEAL, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO FILED UNDER SEAL, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS, # 46 Exhibit TT, # 47 Exhibit UU, # 48 Exhibit VV, # 49 Exhibit WW, # 50 Exhibit XX, # 51 Exhibit YY, # 52 Exhibit ZZ, # 53 Exhibit AAA, # 54 Exhibit BBB FILED UNDER SEAL, # 55 Exhibit CCC, # 56 Exhibit DDD, # 57 Exhibit EEE, # 58 Exhibit FFF, # 59 Exhibit GGG FILED UNDER SEAL, # 60 Exhibit HHH, # 61 Exhibit III, # 62 Exhibit JJJ, # 63 Exhibit KKK, # 64 Exhibit LLL FILED UNDER SEAL, # 65 Exhibit MMM, # 66 Exhibit NNN FILED UNDER SEAL, # 67 Exhibit OOO, # 68 Exhibit PPP, # 69 Exhibit QQQ, # 70 Exhibit RRR FILED UNDER SEAL, # 71 Exhibit SSS, # 72 Exhibit TTT, # 73 Exhibit UUU, # 74 Exhibit VVV, # 75 Exhibit WWW, # 76 Exhibit XXX, # |

JA145

| | | |
|---|---|---|
| | | 77 Exhibit YYY, # 78 Exhibit ZZZ, # 79 Exhibit AAAA, # 80 Exhibit BBBB, # 81 Exhibit CCCC, # 82 Exhibit DDDD, # 83 Exhibit EEEE, # 84 Exhibit FFFF, # 85 Exhibit GGGG, # 86 Exhibit HHHH, # 87 Exhibit IIII)(Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1256 | MOTION to Seal *Exhibits in Support of Motion for Summary Judgment* by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1257 | Memorandum in Support re 1256 MOTION to Seal *Exhibits in Support of Motion for Summary Judgment* filed by Matt Martorello. (Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1258 | Sealed Attachment/Exhibit(s) re 1257 Memorandum in Support, 1256 MOTION to Seal *Exhibits in Support of Motion for Summary Judgment*. (Attachments: # 1 Exhibit O, # 2 Exhibit R, # 3 Exhibit S, # 4 Exhibit FF, # 5 Exhibit GG, # 6 Exhibit HH, # 7 Exhibit OO, # 8 Exhibit BBB, # 9 Exhibit GGG, # 10 Exhibit LLL, # 11 Exhibit NNN, # 12 Exhibit PPP, # 13 Exhibit RRR)(Taliaferro, John) (Entered: 05/22/2023) |
| 05/22/2023 | 1259 | Notice of Under Seal Filing LCvR5 (B) by Matt Martorello re 1256 MOTION to Seal *Exhibits in Support of Motion for Summary Judgment*, 1257 Memorandum in Support (Taliaferro, John) (Entered: 05/22/2023) |
| 05/23/2023 | 1260 | ORDER - Having reviewed DEFENDANT MATT MARTORELLO'S NOTICE OF WITHDRAWAL OF MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REBUTTAL DAMAGES REPORT (ECF No. 1250 ), it is hereby ORDERED that DEFENDANT MATT MARTORELLO'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REBUTTAL DAMAGES REPORT ONE WEEK AFTER RECEIVING LOAN LEVEL DATA FROM CLAIMS ADMINI STRATOR (ECF No. 1214 ) is denied as moot having been withdrawn. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/23/2023. (sbea) (Entered: 05/23/2023) |
| 05/23/2023 | 1261 | NOTICE by Matt Martorello re 1247 Order,,,,,, *DEFENDANT MATT MARTORELLOS STATEMENT OF POSITION REGARDING GOOD FAITH DEFENSE PURSUANT TO ORDER AT DOCKET NO. 1247* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D FILED UNDER SEAL, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I FILED UNDER SEAL, # 10 Exhibit J FILED UNDER SEAL, # 11 Exhibit K FILED UNDER SEAL, # 12 Exhibit L FILED UNDER SEAL, # 13 Exhibit M FILED UNDER SEAL, # 14 Exhibit N FILED UNDER SEAL, # 15 Exhibit, # 16 Exhibit P FILED UNDER SEAL, # 17 Exhibit Q FILED UNDER SEAL, # 18 Exhibit R, # 19 Exhibit S FILED UNDER SEAL, # 20 Exhibit T, # 21 Exhibit U FILED UNDER SEAL, # 22 Exhibit V FILED UNDER SEAL, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z FILED UNDER SEAL, # 27 Exhibit AA, # 28 Exhibit BB FILED UNDER SEAL, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF FILED UNDER SEAL, # 33 Exhibit GG, # 34 Exhibit HH FILED UNDER SEAL, # 35 Exhibit II FILED UNDER SEAL, # 36 Exhibit JJ FILED UNDER SEAL, # 37 Exhibit KK FILED UNDER SEAL, # 38 Exhibit LL FILED UNDER SEAL, # 39 Exhibit MM FILED UNDER SEAL, # 40 Exhibit NN FILED UNDER SEAL, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR FILED UNDER SEAL, # 45 Exhibit SS FILED UNDER SEAL, # 46 Exhibit TT, # 47 Exhibit UU FILED UNDER SEAL, # 48 Exhibit VV, # 49 Exhibit WW FILED UNDER SEAL, # 50 Exhibit XX FILED UNDER SEAL, # 51 Exhibit YY FILED UNDER SEAL, # 52 Exhibit ZZ, # 53 Exhibit AAA FILED UNDER SEAL, # 54 Exhibit BBB, # 55 Exhibit CCC FILED UNDER SEAL, # 56 Exhibit DDD FILED UNDER SEAL, # 57 Exhibit EEE, # 58 Exhibit FFF, # 59 Exhibit GGG FILED UNDER SEAL, # 60 Exhibit HHH FILED UNDER SEAL, # 61 Exhibit III FILED UNDER SEAL, # 62 Exhibit JJJ, # 63 Exhibit KKK FILED UNDER SEAL, # 64 Exhibit LLL, # 65 Exhibit MMM, # 66 |

JA146

| | | |
|---|---|---|
| | | Exhibit NNN, # 67 Exhibit OOO, # 68 Exhibit PPP, # 69 Exhibit QQQ, # 70 Exhibit RRR, # 71 Exhibit SSS)(Taliaferro, John) (Entered: 05/23/2023) |
| 05/23/2023 | 1262 | MOTION to Seal by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 05/23/2023) |
| 05/23/2023 | 1263 | Memorandum in Support re 1262 MOTION to Seal filed by Matt Martorello. (Taliaferro, John) (Entered: 05/23/2023) |
| 05/23/2023 | 1264 | Sealed Attachment/Exhibit(s) re 1262 MOTION to Seal , 1263 Memorandum in Support. (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K, # 4 Exhibit L, # 5 Exhibit M, # 6 Exhibit N, # 7 Exhibit P, # 8 Exhibit Q, # 9 Exhibit S, # 10 Exhibit U, # 11 Exhibit V, # 12 Exhibit Z, # 13 Exhibit BB, # 14 Exhibit FF, # 15 Exhibit HH, # 16 Exhibit II, # 17 Exhibit JJ, # 18 Exhibit KK, # 19 Exhibit LL, # 20 Exhibit MM, # 21 Exhibit NN, # 22 Exhibit RR, # 23 Exhibit SS, # 24 Exhibit UU, # 25 Exhibit WW, # 26 Exhibit XX, # 27 Exhibit YY, # 28 Exhibit AAA, # 29 Exhibit CCC, # 30 Exhibit DDD, # 31 Exhibit GGG, # 32 Exhibit HHH, # 33 Exhibit III, # 34 Exhibit KKK)(Taliaferro, John) (Entered: 05/23/2023) |
| 05/23/2023 | 1265 | Notice of Filing Sealing Motion LCvR5(C) by Matt Martorello re 1262 MOTION to Seal , 1263 Memorandum in Support (Taliaferro, John) (Entered: 05/23/2023) |
| 05/23/2023 | 1266 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams *(Plaintiffs' Statement of Position Regarding the 20-Page Greenberg Traurig Legal Memorandum)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Kelly, Kristi) (Entered: 05/23/2023) |
| 05/24/2023 | 1267 | ORDER - It is hereby ORDERED that, on June 7, 8, and (if necessary) 9, 2023, the Court will hear oral argument on all outstanding motions *in limine*, motions to preclude expert testimony, and motions for summary judgment. proceed in the following order: Argument will 1) Plaintiff's Motion for Partial Summary Judgment 2) Motions *in Limine* 3) **Motions to Preclude Expert Testimony Argument will begin at 9:30 a.m. on June 7 and 8, 2023; and at 9:30 a.m. June 9, 2023 (if necessary). Argument on DEFENDANT MATT MARTORELLO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 1254) will be heard at 1:30 p.m. on June 20, 2023**. See Order for details. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/24/2023. (sbea) (Entered: 05/24/2023) |
| 05/24/2023 | | Set Hearings: Motions Hearing set for 6/7/2023 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. Motion *for Summary Judgment* Hearing set for 6/20/2023 at 01:30 PM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 05/24/2023) |
| 05/24/2023 | 1268 | NOTICE by Matt Martorello re 1206 Memorandum, Memorandum in Opposition, 1212 Sealed Attachment/Exhibit(s),,,,,, 1209 MOTION to Seal *OF WITHDRAWAL OF MOTION TO SEAL CERTAIN EXHIBITS FILED IN SUPPORT OF HIS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT* (Attachments: # 1 Exhibit J, # 2 Exhibit S, # 3 Exhibit T, # 4 Exhibit AA, # 5 Exhibit FF, # 6 Exhibit GG, # 7 Exhibit HH, # 8 Exhibit II, # 9 Exhibit JJ, # 10 Exhibit KK, # 11 Exhibit LL, # 12 Exhibit MM, # 13 Exhibit NN, # 14 Exhibit PP, # 15 Exhibit RR, # 16 Exhibit TT, # 17 Exhibit UU, # 18 Exhibit VV, # 19 Exhibit WW, # 20 Exhibit CCC, # 21 Exhibit HHH, # 22 Exhibit KKK, # 23 Exhibit LLL, # 24 Exhibit MMM, # 25 Exhibit RRR, # 26 Exhibit RRR, # 27 Exhibit ZZZ, # 28 Exhibit AAAA, # 29 Exhibit BBBB, # 30 Exhibit EEEE, # 31 Exhibit GGGG, # 32 Exhibit IIII, # 33 Exhibit JJJJ, # 34 Exhibit KKKK, # 35 Exhibit MMMM, # 36 Exhibit NNNN, # 37 Exhibit OOOO, # 38 Exhibit PPPP, # 39 |

JA147

| | | Exhibit QQQQ, # 40 Exhibit RRRR, # 41 Exhibit SSSS, # 42 Exhibit VVVV) (Taliaferro, John) (Entered: 05/24/2023) |
|---|---|---|
| 05/24/2023 | 1269 | NOTICE by Matt Martorello re 1256 MOTION to Seal *Exhibits in Support of Motion for Summary Judgment*, 1255 Memorandum in Support,,,,,,,, *OF WITHDRAWAL OF MOTION TO SEAL CERTAIN EXHIBITS FILED IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT* (Attachments: # 1 Exhibit J, # 2 Exhibit S, # 3 Exhibit FF, # 4 Exhibit GG, # 5 Exhibit HH)(Taliaferro, John) (Entered: 05/24/2023) |
| 05/24/2023 | 1270 | Objection to 1261 NOTICE,,,,,,,,, filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Kelly, Kristi) (Entered: 05/24/2023) |
| 05/26/2023 | 1271 | MOTION to Exclude *Rebuttal Expert Designation of Professor Todd Zywicki* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 05/26/2023) |
| 05/26/2023 | 1272 | Memorandum in Support re 1271 MOTION to Exclude *Rebuttal Expert Designation of Professor Todd Zywicki* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kelly, Kristi) (Entered: 05/26/2023) |
| 05/26/2023 | 1273 | ORDER - It is hereby ORDERED that Matt Martorello's MOTION TO SEAL (ECF No. 1219 ) is granted and Exhibit AAAAA (ECF No. 1222 ) to DEFENDANT MATT MARTORELLO REPLACEMENT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 1218 ) is filed under seal; provided that an appropriately redacted version thereof is filed in the public record. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 5/25/2023. (sbea) (Entered: 05/26/2023) |
| 05/30/2023 | 1274 | MEMORANDUM ORDER that Martorello has failed to show that a "compelling public interest" requires sealing of the documents and has failed to show that sealing the documents in their entirety is a "narrowly tailored" means of advancing that interest. Therefore, his MOTION TO SEAL ECF No. 1209 is DENIED. SEE ORDER FOR FURTHER DETAILS.. Signed by District Judge Robert E. Payne on 5/30/23. (Khan, ) (Entered: 05/30/2023) |
| 06/01/2023 | 1275 | Sealed Document re 1262 MOTION to Seal , 1263 Memorandum in Support. (Taliaferro, John) (Entered: 06/01/2023) |
| 06/01/2023 | 1276 | ORDER - Having reviewed the PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF BARRY W. BRANDON (ECF No. 1179 , the supporting, opposing and reply memoranda (ECF Nos. 1180 , 1203 and 1235 ), it is hereby ORDERED that, by **June 7, 2023**, the plaintiffs' shall provide a redline version of Mr. Brandon's report showing how his opinions are the same as "the identical report" from Messrs. Henson and Morgan that were excluded in the Brice case (ECF No. 1180 , p. 2). It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/1/2023. (sbea) (Entered: 06/01/2023) |
| 06/01/2023 | 1277 | MOTION to Strike 1270 Objection, *or in the Alternative, Leave to File a Response to Plaintiffs' Objection* by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 06/01/2023) |
| 06/01/2023 | 1278 | Memorandum in Support re 1277 MOTION to Strike 1270 Objection, *or in the Alternative, Leave to File a Response to Plaintiffs' Objection* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Taliaferro, John) (Entered: 06/01/2023) |

| 06/01/2023 | 1279 | Memorandum in Opposition re 1271 MOTION to Exclude *Rebuttal Expert Designation of Professor Todd Zywicki* filed by Matt Martorello. (Taliaferro, John) (Entered: 06/01/2023) |
|---|---|---|
| 06/01/2023 | 1280 | MOTION for Leave to File *a Response to Plaintiffs' Statement of Position Regarding the 20-Page Greenberg Traurig Legal Memorandum* by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 06/01/2023) |
| 06/01/2023 | 1281 | Memorandum in Support re 1280 MOTION for Leave to File *a Response to Plaintiffs' Statement of Position Regarding the 20-Page Greenberg Traurig Legal Memorandum* filed by Matt Martorello. (Attachments: # 1 Exhibit A)(Taliaferro, John) (Entered: 06/01/2023) |
| 06/02/2023 | 1282 | Consent MOTION for Leave to File Excess Pages *for Plaintiffs' Response in Opposition and Defendant's Reply in Support of 1254 Matt Martorello's Motion for Summary Judgment* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Bennett, Leonard) (Entered: 06/02/2023) |
| 06/02/2023 | 1283 | Memorandum in Support re 1282 Consent MOTION for Leave to File Excess Pages *for Plaintiffs' Response in Opposition and Defendant's Reply in Support of 1254 Matt Martorello's Motion for Summary Judgment* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Bennett, Leonard) (Entered: 06/02/2023) |
| 06/02/2023 | 1286 | NOTICE by Matt Martorello re 1274 Order on Motion to Seal, *of filing certain exhibits previously filed under seal in Support of his Opposition to Plaintiffs' Motion for Partial Summary Judgment* (Attachments: # 1 Exhibit R, # 2 Exhibit OO, # 3 Exhibit BBB, # 4 Exhibit FFF, # 5 Exhibit GGG, # 6 Exhibit JJJ, # 7 Exhibit NNN, # 8 Exhibit OOO, # 9 Exhibit PPP, # 10 Exhibit XXX, # 11 Errata YYY, # 12 Exhibit CCCC, # 13 Exhibit DDDD, # 14 Exhibit FFFF, # 15 Exhibit HHHH, # 16 Exhibit LLLL, # 17 Exhibit TTTT, # 18 Exhibit UUUU, # 19 Exhibit WWWW)(Taliaferro, John) (Entered: 06/02/2023) |
| 06/05/2023 | 1287 | REPLY to Response to Motion re 1271 MOTION to Exclude *Rebuttal Expert Designation of Professor Todd Zywicki* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/05/2023) |
| 06/05/2023 | 1288 | MOTION for Leave to File *Additional Authority for Upcoming Hearing on June 7, 2023* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Order)(Kelly, Kristi) (Entered: 06/05/2023) |
| 06/06/2023 | 1289 | ORDER - The plaintiffs' MOTION TO SEAL (ECF No. 1242 ) is granted and the PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 1244 ) and Exhibit 2 thereto are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/6/2023. (sbea) (Entered: 06/06/2023) |
| 06/06/2023 | 1290 | ORDER - Having considered the CONSENT MOTION FOR ENLARGEMENT OF PAGE LIMITATIONS FOR PLAINTIFFS' RESPONSE IN OPPOSITION AND DEFENDANT'S REPLY IN SUPPORT OF MATT MARTORELLO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 1282 ) and for good cause shown, it is hereby ORDERED that the Motion (ECF No. 1282 ) is granted. It is further ORDERED that the Plaintiffs' Response in Opposition shall not exceed forty-five (45) pages and Defendant's Reply in Support shall not exceed thirty-five (35) pages. It is so ORDERED. Signed by |

| | | |
|---|---|---|
| | | Senior United States District Judge Robert E. Payne on 6/6/2023. (sbea) (Entered: 06/06/2023) |
| 06/06/2023 | 1291 | ORDER - Having considered PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE ADDITIONAL AUTHORITY FOR UPCOMING HEARING ON JUNE 7, 2023 (ECF No. 1288 ), and there being no objection by the defendant, Matt Martorello, it is hereby ORDERED that the Motion (ECF No. 1288 ) is granted. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/6/2023. (sbea) (Entered: 06/06/2023) |
| 06/06/2023 | | Reset Hearing: Motions Hearing set for 6/7/2023 at 10:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/06/2023) |
| 06/06/2023 | 1292 | ORDER - It is hereby ORDERED that the MOTION TO SEAL EXHIBITS IN SUPPORT OF DEFENDANT MATT MARTORELLO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 1256 ) is granted and certain exhibits (ECF No. 1258 ) to DEFENDANT MATT MARTORELLO [sic] MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 1255 ) are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/6/2023. (sbea) (Entered: 06/06/2023) |
| 06/06/2023 | 1294 | ORDER - It is ORDERED that the DEFENDANT MATT MARTORELLO'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' STATEMENT OF POSITION REGARDING THE 20-PAGE GREENBERG TRAURIG LEGAL MEMORANDUM (ECF No. 1280 ) is granted and DEFENDANT MATT MARTORELLO'S MOTION TO STRIKE, OR IN THE ALTERNATIVE FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' OBJECTION TO MARTORELLO' S STATEMENT OF POSITION REGARDING GOOD FAITH DEFENSE (ECF No. 1277 ) is granted to the extent it seeks to file a response. DEFENDANT MATT MARTORELLO'S MOTION TO STRIKE, OR IN THE ALTERNATIVE FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' OBJECTION TO MARTORELLO'S STATEMENT OF POSITION REGARDING GOOD FAITH DEFENSE (ECF No. 1277 ) is otherwise denied. Defendant shall immediately file the proposed response memorandum. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/6/2023. (sbea) (Entered: 06/06/2023) |
| 06/06/2023 | 1295 | ORDER - It is hereby ORDERED that the MOTION TO SEAL EXHIBITS IN SUPPORT OF DEFENDANT MATT MARTORELLO'S STATEMENT OF POSITION REGARDING GOOD FAITH DEFENSE PURSUANT TO ORDER AT DOCKET NO. 1247 (ECF No. 1262 ) is granted and DEFENDANT MATT MARTORELLO'S STATEMENT OF POSITION REGARDING GOOD FAITH DEFENSE PURSUANT TO ORDER AT DOCKET NO. 1247 (ECF No. 1275 ) and certain exhibits thereo (ECF No. 1264 ) are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/6/2023. (sbea) (Entered: 06/06/2023) |
| 06/06/2023 | 1296 | NOTICE by Matt Martorello re 1266 NOTICE, *Defendant's memorandum in Response* (Taliaferro, John) (Entered: 06/06/2023) |
| 06/07/2023 | 1297 | Minute Entry for proceedings held before District Judge Robert E. Payne: Motions Hearing held on 6/7/2023 re 1165 Motion for Partial Summary Judgment and 1173 Motion in Limine; Court heard arguments on these motions; Court ruled on choice-of-law question: VA law applies; motion in limine #2, #3 & #4 granted as moot per ruling; plaintiffs to draft order requesting defendant to produce needed files re: Greenberg Traurig; Court holding arguments on motion in limine #5, #6 & #9 in abeyance; motion in limine #10 granted per ECF No. 828 ; motion in limine #14 granted w/ leave to |

| | | |
|---|---|---|
| | | reopen if circumstances demand; motion in limine #15 granted; matter continued to 10:00 a.m. on 6/8/2023 (Court Reporter Tracy Stroh.) (nbrow) (Entered: 06/07/2023) |
| 06/07/2023 | | Set Hearing: Motions Hearing set for 6/8/2023 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/07/2023) |
| 06/07/2023 | 1298 | NOTICE in Response to the Court's June 1, 2023 Order (DKT. NO. 1276 by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/8/2023. (sbea) (Entered: 06/07/2023) |
| 06/07/2023 | 1299 | Memorandum in Opposition (Redacted) re: 1254 MOTION for Summary Judgment filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63)(Kelly, Kristi). Modified on 6/8/2023. (sbea) (Entered: 06/07/2023) |
| 06/07/2023 | 1300 | MOTION to Seal by Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 06/07/2023) |
| 06/07/2023 | 1301 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1300 MOTION to Seal (Kelly, Kristi) (Entered: 06/07/2023) |
| 06/07/2023 | 1302 | Sealed Memorandum in Support. (Attachments: # 1 Exhibit 58, # 2 Exhibit 61, # 3 Exhibit 62, # 4 Exhibit 63)(Kelly, Kristi) (Entered: 06/07/2023) |
| 06/07/2023 | 1303 | Memorandum in Support re 1300 MOTION to Seal filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/07/2023) |
| 06/08/2023 | 1304 | Minute Entry for proceedings held before District Judge Robert E. Payne: Motions Hearing held on 6/8/2023 re 1181 Motion to Exclude *Expert Designation of John M. Norman*, 1185 Motion in Limine *(Omnibus - Non Expert)*, 1183 Motion to Exclude *Expert Designation of George Cowhey*, 1173 Motion in Limine *(Omnibus)*; plaintiff's motion in limine #6 granted; simultaneous statements of positions re: apprehension of litigation or as part of jury deliberation & provide instruction due 6/15/2023, replies by 6/17/2023; plaintiff's motion in limine #15 granted; defendant's Martorello Exhibit 1 to be filed into record; defendant's motion in limine #1 denied, defendant's motion in limine #2 denied as moot; defendant's motion in limine #3 granted; defendant's motion in limine #4 granted; defendant's motion in limine #5 - plaintiffs to file statement of position re: relation of cases due 5pm 6/13/2023, response due 5pm 6/15/2023, reply due 5pm 6/19/2023; defendant's motion in limine #6 denied as moot by agreement; defendant's motion in limine #7 denied as moot - parties to submit stipulation; defendant's motion in limine #8 denied as moot by agreement; defendant's motion in limine #9 denied as moot by agreement; motion to exclude Cowhey (ECF No. 1183) granted; motion to exclude Norman (ECF No. 1181 ) denied as to opinion A, granted as |

JA151

| | | |
|---|---|---|
| | | to opinions B & C; parties to file revised expert declarations by 5pm 6/14/2023; Court ruled no good faith defense is available - opinion to follow; matter continued to 1:30pm 6/20/2023 for defendant's motion for summary judgment hearing. (Court Reporter Tracy Stroh.)(nbrow) (Entered: 06/08/2023) |
| 06/08/2023 | | Set Hearing: Defendant's Motion *for Summary Judgment* Hearing set for 6/20/2023 at 01:30 PM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/08/2023) |
| 06/08/2023 | 1305 | *Plaintiffs'* Witness List by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Guzzo, Andrew) (Entered: 06/08/2023) |
| 06/08/2023 | 1306 | NOTICE by Matt Martorello *of Filing of Hearing Exhibit 1* (Attachments: # 1 Exhibit 1) (Taliaferro, John) (Entered: 06/08/2023) |
| 06/08/2023 | 1307 | *Plaintiffs'* Exhibit List by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams.. (Kelly, Kristi) (Entered: 06/08/2023) |
| 06/09/2023 | 1308 | JOINT MOTION For Entry of Agreed Amended Pre-trial Scheduling Order by Matt Martorello. (Attachment: # 1 Proposed Order Amended and Agreed Trial Scheduling Order)(Taliaferro, John). Clerk replaced the Proposed Order on 6/12/2023. NEF was regenerated. Modified on 6/12/2023. (sbea) (Entered: 06/09/2023) |
| 06/12/2023 | 1309 | *Trial* Witness List by Matt Martorello. (Taliaferro, John) (Entered: 06/12/2023) |
| 06/12/2023 | 1310 | *Trial* Exhibit List by Matt Martorello.. (Taliaferro, John) (Entered: 06/12/2023) |
| 06/13/2023 | 1311 | AMENDED PRETRIAL SCHEDULING ORDER. It is hereby ORDERED that the Joint Motion for Entry of Agreed Amended Pre-Trial Schedule Order (ECF No. 1308 ) is granted. It is further ORDERED that: 1) The deadline for Defendant to file his witness list and exhibit list shall be **June 12, 2023**. 2) The deadline for the parties to serve their amended discovery designations shall be **June 12, 2023**. 3) The deadline for the parties to serve their counter discovery designations shall be **June 14, 2023**. 4) The deadline for the parties to files their objections to discovery designations and objections to exhibits shall be **June 16, 2023**. 5) The deadline for the parties to file any agreed stipulations shall be **June 19, 2023**. 6) The deadline for the parties to meet and confer regarding objections to exhibits and discovery designations shall be **June 19, 2023**. 7) The deadline for the parties to file their revised discovery designations shall be **June 21, 2023**. 8) The deadline for the parties to serve hard copies of the exhibits that they intend to introduce at trial on the opposing party shall be **June 23, 2023**. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/13/2023. (sbea) (Entered: 06/13/2023) |
| 06/13/2023 | 1312 | *(Statement of Position Regarding Intended Reference to Other Tribal Lending Litigation)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Kelly, Kristi). Modified on 6/14/2023. (sbea) (Entered: 06/13/2023) |
| 06/14/2023 | 1313 | NOTICE in Response to the Courts June 8, 2023 Order (DKT. NO. 1304 ) Regarding Expert Witnesses by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re: 1304 Motion Hearing (Attachments: # 1 Exhibit "1" Expert Report of Nathalie Martin)(Bennett, Leonard). Modified on 6/14/2023. (sbea) (Entered: 06/14/2023) |
| 06/14/2023 | 1314 | STIPULATION Regarding Defendant's Omnibus Motion in Limine #7 and Plaintiffs' Motion to Exclude Expert Todd Zywicki and Expert Barry Brandon re: 1186 |

JA152

| | | Memorandum in Support, 1203 Opposition, 1178 Memorandum in Support by Matt Martorello. (Taliaferro, John). Modified on 6/14/2023. (sbea) (Entered: 06/14/2023) |
|---|---|---|
| 06/14/2023 | 1315 | NOTICE Regarding Status of Expert Witnesses by Matt Martorello re: 1314 Stipulation (Taliaferro, John). Modified on 6/14/2023 sbea (Entered: 06/14/2023) |
| 06/15/2023 | 1316 | TRANSCRIPT of proceedings held on June 7, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/17/2023. Redacted Transcript Deadline set for 8/15/2023. Release of Transcript Restriction set for 9/13/2023.(stroh, tracy) (Entered: 06/15/2023)** |
| 06/15/2023 | 1317 | TRANSCRIPT of proceedings held on June 8, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/17/2023. Redacted Transcript Deadline set for 8/15/2023. Release of Transcript Restriction set for 9/13/2023.(stroh, tracy) (Entered: 06/15/2023)** |
| 06/15/2023 | 1318 | *Defendant Matt Martorellos Statement of Position Regarding Procedure for Adverse Instruction for Spoliation in Anticipation of Litigation and Proposed Instruction* by Matt Martorello re: 1304 Motion Hearing. (Attachment: # 1 Exhibit A)(Taliaferro, John). Modified on 6/20/2023. (sbea) (Entered: 06/15/2023) |
| 06/15/2023 | 1319 | *(Plaintiffs' Statement of Position Regarding Adverse Inference Instruction)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/20/2023. (sbea) (Entered: 06/15/2023) |
| 06/15/2023 | 1322 | *Defendant Matt Martorellos Response to Plaintiffs Statement of Position Regarding Their Intended Reference to Other Tribal Lending Litigation* by Matt Martorello (Taliaferro, John) re: 1312 Statement of Position Regarding Intended Reference to Other Tribal Lending Litigation. Modified on 6/20/2023 (sbea, ). (Entered: 06/15/2023) |
| 06/15/2023 | 1323 | *Defendant Matt Martorellos Statement of Position Regarding Remaining Issues to be Decided On His Motion For Partial Summary Judgment* by Matt Martorello re: 1254 MOTION for Summary Judgment (Taliaferro, John). Modified on 6/20/2023. (sbea) (Entered: 06/15/2023) |
| 06/15/2023 | 1324 | Reply to Motion re 1254 MOTION for Summary Judgment filed by Matt Martorello. (Attachments: # 1 Exhibit 1)(Taliaferro, John) (Entered: 06/15/2023) |
| 06/16/2023 | 1325 | AGREED STIPULATION *as to Authenticity* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/20/2023. (sbea) (Entered: 06/16/2023) |

JA153

| 06/16/2023 | 1326 | ORDER - Due to a conflict with the Court's docket, **it is hereby ORDERED that the hearing** originally schedule for June 20, 2023 (ECF No. 1267 ) **is rescheduled to June 26, 2023 at 10:00 am.** It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/16/2023. (sbea) (Entered: 06/16/2023) |
|---|---|---|
| 06/16/2023 | 1327 | ORDER - It is hereby ORDERED: 1) PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF J. HOWARD BEALES, III (ECF No. 1175 ) is denied as moot; and 2) PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF PROFESSOR TODD ZYWICKI (ECF No. 1177 ) is denied as moot; and 3) PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF BARRY W. BRANDON (ECF No. 1179 ) is denied as moot; and 4) DEFENDANT MATT MARTORELLO'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT NATHALIE MARTIN (ECF No. 1187 ) is denied as moot; and 5) PLAINTIFFS' MOTION TO EXCLUDE REBUTTAL EXPERT DESIGNATION OF PROFESSOR TODD ZYWICKI (ECF No. 1271 ) is denied as moot. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/16/2023. (sbea) (Entered: 06/16/2023) |
| 06/16/2023 | | Reset Hearing: Defendant's Motion *for Summary Judgment* Hearing set for 6/26/2023 at 10:00 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/16/2023) |
| 06/16/2023 | 1328 | *** VACATED PURSUANT TO ORDER ENTERED 8/15/23 ECF 1397 *** ORDER - This matter is before the Court on PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 1165), PLAINTIFFS' OMNIBUS MOTION IN LIMINE (ECF No. 1173 ), PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF J. HOWARD BEALES, III (ECF No. 1175 ), PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF PROFESSOR TODD ZYWICKI (ECF No. 1177 ), PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF BARRY W. BRANDON (ECF No. 1179 ), PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF JOHN M. NORMAN (ECF No. 1181 ), PLAINTIFFS' MOTION TO EXCLUDE EXPERT DESIGNATION OF GEORGE COWHEY (ECF No. 1183 ), DEFENDANT MATT MARTORELLO'S OMNIBUS NON-EXPERT MOTION IN LIMINE (ECF No. 1185 ), and DEFENDANT MATT MARTORELLO'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT NATHALIE MARTIN (ECF No. 1187 ); and the respective supporting, opposing, and reply memoranda. For the reasons set forth on the record during the hearings on June 7 and 8, 2023 ("the June 7 - 8 Pretrial Hearing") and to be set forth in forthcoming memorandum opinions, It is hereby ORDERED: 1). Plaintiffs' Motion for Partial Summary Judgment (ECF No. 1165 ); II. Plaintiffs' Omnibus Motion in Limine (ECF No. 1173 ); III. Motions to Exclude Experts Beales, Zywicki, Brandon and Martin (ECF Nos. 1175, 1177, 1179, and 1187); IV. Motion to Exclude Expert Designation of John M. Norman (ECF No. 1181 ); V. Motion to Exclude Expert Designation of George Cowhey (ECF No. 1183 ); VI. Defendant Matt Martorello's Omnibus Non-Expert Motion in Limine (ECF No. 1185 ); and VII. Additional Matters. See Order for details and deadlines. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/16/2023 *Nunc pro tunc* June 12, 2023. (sbea) Modified on 8/15/2023 (Khan, ). (Additional attachment(s) added on 8/15/2023: # 1 ORDER REPLACING ECF 1328) (Khan, ). (Entered: 06/16/2023) |
| 06/16/2023 | 1329 | OBJECTIONS TO DEFENDANT MARTORELLOS EXHIBIT LIST re: 1310 Exhibit List filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/20/2023. (sbea) (Entered: 06/16/2023) |
| 06/16/2023 | 1330 | Defendant Matt Martorello's Response to Plaintiffs' Statement of Position Regarding Adverse Inference Instruction re: 1319 NOTICE filed by Matt Martorello (Taliaferro, |

| | | John). Modified on 6/20/2023 (sbea) (Entered: 06/16/2023) |
|---|---|---|
| 06/16/2023 | 1331 | *(Plaintiffs' Objections to Martorello's Amended Discovery Designations and Counter Designations)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Kelly, Kristi) Modified on 6/20/2023. (sbea) (Entered: 06/16/2023) |
| 06/16/2023 | 1332 | PLAINTIFFS' Reply Regarding Their Intended Reference to Other Tribal Lending Litigation re: 1322 Defendant Matt Martorellos Response to Plaintiffs Statement of Position Regarding Their Intended Reference to Other Tribal Lending Litigation filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/20/2023. (sbea) (Entered: 06/16/2023) |
| 06/16/2023 | 1333 | Objections to Plaintiffs' Proposed Trial Exhibits re: 1307 Exhibit List filed by Matt Martorello (Taliaferro, John). Modified on 6/20/2023. (sbea) (Entered: 06/16/2023) |
| 06/16/2023 | 1334 | Objection *to Plaintiffs Discovery Designations* filed by Matt Martorello. (Taliaferro, John) (Entered: 06/16/2023) |
| 06/17/2023 | 1335 | Plaintiffs' Statement of Position Regarding Adverse Inference Instruction re: 1318 Defendant Matt Martorellos Statement of Position Regarding Procedure for Adverse Instruction for Spoliation in Anticipation of Litigation and Proposed Instruction filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/20/2023. (sbea) (Entered: 06/17/2023) |
| 06/20/2023 | 1336 | TRANSCRIPT of proceedings held on June 20, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/20/2023. Redacted Transcript Deadline set for 8/21/2023. Release of Transcript Restriction set for 9/18/2023.(stroh, tracy) (Entered: 06/20/2023)** |
| 06/20/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 6/20/2023. (Court Reporter Tracy Stroh.) (nbrow) (Entered: 07/26/2023) |
| 06/21/2023 | 1337 | ORDER - This matter is before the Court on DEFENDANT MATT MARTORELLO'S OMNIBUS NON-EXPERT 1185 MOTION IN LIMINE. The parties have come to an agreement on the use of other cases involving Native American tribes, it is hereby ORDERED that MIL 5 is denied as moot. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/21/2023. (sbea) (Entered: 06/21/2023) |
| 06/21/2023 | 1338 | ORDER - It is hereby ORDERED: 1) Due to a conflict in the Court's docket, **the hearing set for June 26, 2023 at 10:00 am (ECF No. 1326) is rescheduled to June 26, 2023 at 1:00 pm**; and 2) Plaintiffs' UNCONTESTED ORAL MOTION FOR AN EXTENSION OF TIME TO SUBMIT DEPOSITION TRANSCRIPT DESIGNATIONS is granted. The deadline for the parties to submit deposition transcript designations is continued generally until further ORDER from the Court. On **June 26, 2023**, at the Final Pre-Trial Conference, the parties shall provide a proposed briefing schedule on this matter; and 3) On **June 26, 2023**, at the Final Pre-Trial Conference, the parties shall provide a proposed briefing schedule or a stipulation as to the proper calculation for |

| | | |
|---|---|---|
| | | damages. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/21/2023. (sbea) (Entered: 06/21/2023) |
| 06/21/2023 | | Reset Hearing: Defendant's *Motion for Summary Judgment* Hearing set for 6/26/2023 at 01:00 PM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/21/2023) |
| 06/21/2023 | | Reset Hearing: Final Pretrial Conference set for 6/26/2023 at 01:00 PM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/21/2023) |
| 06/21/2023 | 1339 | Motion to appear Pro Hac Vice by Steven Douglas Gordon and Certification of Local Counsel John D. Taliaferro Filing fee $ 75, receipt number AVAEDC-8990887. by Matt Martorello. (Taliaferro, John) (Entered: 06/21/2023) |
| 06/21/2023 | 1340 | NOTICE AND REQUEST for Reconsideration of Court's Ruling on Satisfacton of the 1962(d) Elements re: 1328 Order by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 6/22/2023. (sbea) (Entered: 06/21/2023) |
| 06/21/2023 | 1341 | ORDER that this matter is before the Court on PLAINTIFFS' NOTICE AND REQUEST FOR RECONSIDERATION OF COURT'S RULING ON SATISFACTION OF THE 1962(d) ELEMENTS (ECF No. 1340 . It is hereby ORDERED that on June 22, 2023 at 5:00 pm, Martorello shall file his response. Signed by District Judge Robert E. Payne on 6/21/23. (Khan, ) Modified on 6/21/2023 (Khan, ). (Entered: 06/21/2023) |
| 06/21/2023 | 1342 | Objection to 1307 Exhibit List *(Revised)* filed by Matt Martorello. (Taliaferro, John) (Entered: 06/21/2023) |
| 06/21/2023 | 1343 | Objection to 1310 Exhibit List *(Revised)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/21/2023) |
| 06/22/2023 | 1344 | *Plaintiffs' Notice of Filing Witness Subpoena for Attendance at Trial* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re: 1144 Order. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bennett, Leonard). Modified on 6/22/2023. (sbea) (Entered: 06/22/2023) |
| 06/22/2023 | 1345 | Response to Plaintiffs' Notice and Request for Reconsideration of Court's Ruling on Satisfaction of the 1962(d) Elements re: 1340 MOTION for Reconsideration, 1328 Order filed by Matt Martorello (Taliaferro, John). Modified on 6/23/2023. (sbea) (Entered: 06/22/2023) |
| 06/22/2023 | 1348 | ORDER - Having considered the plaintiffs' MOTION TO SEAL (ECF No. 1300 ), the supporting memorandum (ECF No. 1303 , and the NOTICE OF FILING UNDER SEAL (ECF No. 1301 ), and the requirements of Local Civil Rule 5 and the decisions in Ashcraft, et al. v. Conoco, Inc., 218 F. 3d 288 (4th Cir. 2000), In re Knight Publishing Co., 743 F. 2d 231 (4th Cir 1984) and Stone v. Univ. of Maryland, 855 F.2d 178 (4th Cir. 1988) having been met, it is hereby ORDERED that the plaintiffs' MOTION TO SEAL (ECF No. 1300 ) is granted and PLAINTIFFS' OPPOSITION TO MATT MARTORELLO'S MOTION FOR PARTIAL SUMMARY JUDGMENT and certain exhibits thereto (ECF No. 1302 ) are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/22/2023. (sbea) (Entered: 06/22/2023) |
| 06/23/2023 | 1349 | ORDER granting 1339 Motion for Steven Douglas Gordon to appear as Pro Hac Vice for Matt Martorello. Signed by Senior United States District Judge Robert E. Payne on 6/23/2023. (sbea) (Entered: 06/23/2023) |

JA156

| 06/26/2023 | 1350 | ORDER - That matter is before the Court on PLAINTIFFS' NOTICE AND REQUEST FOR RECONSIDERATION OF COURT'S RULING ON SATISFACTION OF THE 1962(d) ELEMENTS (ECF No. 1340 ). It is hereby ORDERED that: 1) PLAINTIFFS' NOTICE AND REQUEST FOR RECONSIDERATION OF COURT'S RULING ON SATISFACTION OF THE 1962(d) ELEMENTS (ECF No. 1340 ) is granted; and 2) Section II(5) of the Court's ORDER on June 16, 2023 (ECF No. 1328 ) is hereby amended to read "Summary judgment is granted in favor of the Plaintiffs as to all elements of Plaintiffs' 18 U.S.C. § 1962(d) claim" and the language currently in Section II(s) reading "Summary judgment is otherwise denied" shall become Section II(6). In all other respects, Court's ORDER on June 16, 2023 (ECF No. 1328 ) shall remain as issued. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/23/2023. (sbea) (Entered: 06/26/2023) |
| 06/26/2023 | 1351 | Minute Entry for proceedings held before District Judge Robert E. Payne: Motion *for Summary Judgment* Hearing held on 6/26/2023. Court heard arguments - choice of law disposed of by previous decision; defendant's motion for summary judgment (ECF No. 1254 ) as to Virginia usury and unjust enrichment claims denied - opinion to issue; plaintiff's motion in limine (ECF No. 1173 ) re: #9 held in abeyance by Court (Court Reporter Tracy Stroh.)(nbrow) (Entered: 06/26/2023) |
| 06/26/2023 | 1352 | Minute Entry for proceedings held before District Judge Robert E. Payne: Final Pretrial Conference held on 6/26/2023. Defendant excluding two witnesses - will call Matt Martorello & 12 depositions; plaintiffs have three witnesses & six depositions; exhibits 30, 31 & 35 withdrawn by defendant; objection sustained re: exhibits 54 & 55; parties to submit proposed pretrial order to chambers tomorrow; matter continued to 6/27/2023 at 9:30 a.m. (Court Reporter Tracy Stroh.)(nbrow) (Entered: 06/26/2023) |
| 06/26/2023 | | Set Hearing: Final Pretrial Conference (cont'd) set for 6/27/2023 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 06/26/2023) |
| 06/27/2023 | 1353 | Minute Entry for proceedings held before District Judge Robert E. Payne: Final Pretrial Conference (cont'd) held on 6/27/2023. Parties to submit by 5PM 7/5/2023 deposition designations by text & color coded; count 5 (unjust enrichment claim) to be tried by Court and not jury by agreement; revised revision of pages 68-118 & pages 62-64 in proposed final pretrial order forwarded to Court for replacement; plaintiff's motion in limine re: #6 denied as moot; jury of 11 people by agreement w/ 3 strikes each (Court Reporter Tracy Stroh.)(nbrow) (Entered: 06/27/2023) |
| 06/28/2023 | 1354 | ORDER - This matter is before the Court on DEFENDANT MATT MARTORELLO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 1254 ). For the reasons set forth on the record during the hearing on June 26, 2023, and to be set forth in a forthcoming memorandum opinion, it is hereby ORDERED that: 1) In light of the Court's June 16, 2023 ORDER (ECF No. 1328 ), Matt Martorello's ("Martorello") motion for summary judgment is denied as to the choice-of-law; and 2) Martorello's motion for summary judgment is denied as to COUNT FOUR of the COMPLAINT (ECF No. 1 ) that alleges Martorello violated Virginia usury laws. There remain questions of material fact to be determined at trial (a memorandum opinion will follow); and 3) Martorello's motion for summary judgment is denied as to COUNT FIVE of the COMPLAINT that alleges Martorello was unjustly enriched. There remain questions of material fact to be determined at trial (a memorandum opinion will follow). It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 6/27/2023. (sbea) (Entered: 06/28/2023) |
| 06/29/2023 | 1355 | TRANSCRIPT of proceedings held on June 26, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE** |

JA157

| | | |
|---|---|---|
| | | **RE REDACTION OF TRANSCRIPTS:**The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/31/2023. Redacted Transcript Deadline set for 8/29/2023. Release of Transcript Restriction set for 9/27/2023.(stroh, tracy) (Entered: 06/29/2023) |
| 06/29/2023 | 1356 | TRANSCRIPT of proceedings held on June 27, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:**The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 7/31/2023. Redacted Transcript Deadline set for 8/29/2023. Release of Transcript Restriction set for 9/27/2023.(stroh, tracy) (Entered: 06/29/2023)** |
| 06/30/2023 | 1357 | MOTION for Entry of Judgment under Rule 54(b) *As to the Plaintiffs and Class Members' 1962(d) Claims* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 06/30/2023) |
| 06/30/2023 | 1358 | Memorandum in Support re 1357 MOTION for Entry of Judgment under Rule 54(b) *As to the Plaintiffs and Class Members' 1962(d) Claims* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 06/30/2023) |
| 06/30/2023 | 1359 | STIPULATION *REGARDING REMAINING ELEMENTS OF RICO 1962(c) CLAIM* by Matt Martorello. (Taliaferro, John) (Entered: 06/30/2023) |
| 06/30/2023 | 1360 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams *(Notice Regarding the Parties' Proposed Jury Instructions)* (Attachments: # 1 Exhibit 1 - Proposed Instructions)(Kelly, Kristi) (Entered: 06/30/2023) |
| 07/05/2023 | 1361 | Objection to 1360 NOTICE *(Plaintiffs' Objection to Martorello's Proposed Instruction Nos. 12, 21, 24, 26)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/05/2023) |
| 07/05/2023 | 1362 | ORDER - The Court's ORDER on June 26, 2023 (ECF No. 1350 ) is hereby amended to change all references from "Section II" to "Section I" of the Court's ORDER.In all other respects, the ORDER shall remain as issued. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/5/2023. (sbea) (Entered: 07/05/2023) |
| 07/05/2023 | 1363 | Objection to 1360 NOTICE *(to Plaintiffs' Proposed Jury Instructions Nos. 12, 21, 24, and 26)* filed by Matt Martorello. (Taliaferro, John) (Entered: 07/05/2023) |
| 07/05/2023 | 1364 | Proposed Voir Dire by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/05/2023) |
| 07/05/2023 | 1365 | Proposed Voir Dire by Matt Martorello. (Taliaferro, John) (Entered: 07/05/2023) |

| 07/06/2023 | 1370 | NOTICE by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams *(Statement Regarding Factual Contentions and Triable Issues)* (Kelly, Kristi) (Entered: 07/06/2023) |
|---|---|---|
| 07/06/2023 | 1371 | NOTICE by Matt Martorello *Statement Regarding Factual Contentions and Triable Issues.* (Taliaferro, John) (Entered: 07/06/2023) |
| 07/06/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 7/6/2023. (Court Reporter Krista Liscio.) (nbrow) (Entered: 08/11/2023) |
| 07/07/2023 | 1372 | FINAL PRETRIAL ORDER. Pursuant to this Court's Scheduling Order (Doc. 1144 ) counsel for the Parties present this Final Pretrial Order for the Court's consideration at the final pretrial conference held on June 27, 2016. See Order for details. Signed by Senior United States District Judge Robert E. Payne on 7/7/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1373 | ORDER - Having reviewed DEFENDANT MATT MARTORELLO'S STIPULATION REGARDING REMAINING ELEMENTS OF RICO 1962(c) CLAIM (ECF No. 1359 ), it is hereby ORDERED that summary judgment is entered in favor of the Plaintiffs as to Plaintiffs' COUNT TWO. CLASS ACTION COMPLAINT at 20 (ECF No. 1 ). Judgment thereon shall be entered at the conclusion of the trial set to begin on July 17, 2023. By July 21, 2023, the parties shall advise: (1) the calculations of damages; and (2) whether the damages as to COUNT TWO are the same as, or different than, those for COUNT THREE. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/7/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1374 | ORDER - It is hereby ORDERED that: 1) At the conclusion of the jury trial scheduled to begin on July 17, 2023, judgment will be entered against Defendant Matt Martorello in favor of the Plaintiffs and Class Members on COUNT THREE of the CLASS ACTION COMPLAINT (ECF No. 1 ), the 18 U.S.C. § 1962(d) claim. The total judgment will be in the amount of $43,401,817.47 with interest at the federal judgment rate, 5.35% per annum, from July 7, 2023 until paid, and none of this amount may be set off based on any prior settlement of any part of Plaintiffs' claims; and 2) The Court will determine a reasonable amount of fees and costs to be awarded to Class Counsel pursuant to Rule 54 of the Federal Rules of Civil Procedure after the remaining issues are tried in this case. Thus, the Court hereby extends the deadline under Rule 54(d)(2)(B)(i) until 14 days after the conclusion of the trial or settlement is reached in this matter. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/7/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1375 | ORDER - It is hereby ORDERED: 1) Having been withdrawn by the Plaintiffs, PLAINTIFFS' OMNIBUS MOTION IN LIMINE (ECF No. 1173 ) MIL 6 is denied as moot and no adverse inference instruction shall be given at trial; and 2) By agreement of the parties, COUNT FIVE (unjust enrichment) shall be decided by the Court, not by the jury. The predicate evidence available to the Court to make that decision shall be all the evidence that is presented at the trial to the jury. If, hereafter, it is necessary to present evidence that would not be proper to present before the jury, there shall be a separate evidentiary hearing at which that evidence would be presented. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/7/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1376 | ORDER - It is hereby ORDERED that the jury selection scheduled to begin on July 12, 2023 and the trial scheduled to begin on July 13, 2023 in this matter are continued. March 10, 2023 ORDER (ECF No. 1155 ). **Jury selection shall begin on July 14, 2023 at 9:30 am. The trial shall begin July 17, 2023 at 9:30 am.** The prior ORDER |

| | | |
|---|---|---|
| | | directing the Jury Clerk to dismiss for cause any juror not vaccinated for COVID-19 remains in effect. March 10, 2023 ORDER (ECF No. 1153 ). A copy of this ORDER shall be forwarded to the Jury Clerk. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/7/2023. Copy of this Order and ECF No. 1153 have been forwarded to the Jury Clerk. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1377 | ORDER - It is hereby ORDERED that: 1) On July 7, 2023 by 5:00 pm, Plaintiffs shall file a statement of position on the effect of the Court's ruling regarding Plaintiffs' Motion in Limine 7 (ECF No. 1246 ) and on Matt Martorello's ("Martorello") Proposed Jury Instructions Nos. 24 and 26 (ECF No. 1360-1); and 2) On July 10, 2023 by 9:00 am, Martorello shall file a response; and 3) On July 11, 2023 by 5:00 pm, Plaintiffs shall file a reply. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/7/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | | Reset Hearings: Jury Selection set for 7/14/2023 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. Jury Trial set for 7/17/2023 at 09:30 AM in Richmond Courtroom 7400 before District Judge Robert E. Payne. (nbrow) (Entered: 07/07/2023) |
| 07/07/2023 | 1378 | TRANSCRIPT of proceedings held on 7/6/2023, before Judge Robert E. Payne, Court Reporter/Transcriber Krista Liscio, Telephone number 804 916-2296. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/7/2023. Redacted Transcript Deadline set for 9/6/2023. Release of Transcript Restriction set for 10/5/2023.(liscio, krista) (Entered: 07/07/2023)** |
| 07/07/2023 | 1379 | *(Statement of Position Regarding Motion in Limine No. 7 and Liability Under Virginia Code 6.2-305(A))* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Attachment: # 1 Exhibit 1 - Filed Under Seal)(Kelly, Kristi). Modified on 7/12/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1380 | MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 07/07/2023) |
| 07/07/2023 | 1381 | Amended Proposed Voir Dire by Matt Martorello (Taliaferro, John). Modified on 7/12/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1382 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi) (Entered: 07/07/2023) |
| 07/07/2023 | 1383 | Statement Regarding Motion in Limine No. and Liability Under Virginia Code 6.2.305(A) re: 1380 MOTION to Seal by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachment: # 1 Exhibit 1 (Unredacted Interrogatory))(Kelly, Kristi). Modified on 7/12/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1384 | Memorandum in Support re: 1380 MOTION to Seal filed by Dowin Coffy, Greenberg Traurig, LLP, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 7/12/2023. (sbea) (Entered: 07/07/2023) |
| 07/07/2023 | 1385 | Objection to Certain Voir Dire 1381 Proposed Voir Dire filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Bennett, Leonard), Modified on 7/12/2023. (sbea) (Entered: 07/07/2023) |

JA160

| 07/10/2023 | 1386 | *Response to Plaintiffs Statement Regarding Motion in Limine No. 7 and Liability Under Virginia Code § 6.2-305(A)* by Matt Martorello re: 1379 (Statement of Position Regarding Motion in Limine No. 7 and Liability Under Virginia Code 6.2-305(A)) (Taliaferro, John). Modified on 7/12/2023. (sbea) (Entered: 07/10/2023) |
|---|---|---|
| 07/10/2023 | 1387 | Consent MOTION to Voluntarily Dismiss *Usury and Unjust Enrichment Claims Without Prejudice Pursuant to Rule 41(a)(2)* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 07/10/2023) |
| 07/10/2023 | 1388 | Memorandum in Support re 1387 Consent MOTION to Voluntarily Dismiss *Usury and Unjust Enrichment Claims Without Prejudice Pursuant to Rule 41(a)(2)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 07/10/2023) |
| 07/10/2023 | 1389 | JOINT NOTICE and Stipulation Regarding 1962(c) Damages by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Kelly, Kristi). Modified on 7/12/2023. (sbea) (Entered: 07/10/2023) |
| 07/10/2023 | 1390 | ORDER - Having considered the PLAINTIFFS' CONSENT MOTION TO DISMISS USURY ANDUNJUST ENRICHMENT CLAIMS WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2) (ECF No. 1387 ) and with the consent of the defendant, Matt Martorello, it is hereby ORDERED that the Motion (ECF No. 1387 ) is granted the usury claim (COUNT FOUR) and the unjust enrichment claim (COUNT FIVE) are dismissed without prejudice. Signed by Senior United States District Judge Robert E. Payne on 7/10/2023. (sbea) (Entered: 07/10/2023) |
| 07/10/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne: Telephone Conference held on 7/10/2023. (Court Reporter Tracy Stroh.) (nbrow) (Entered: 08/11/2023) |
| 07/11/2023 | 1391 | ORDER - Having conferred with the parties during the conference call on July 10, 2023 and understanding that there are no remaining triable issues, it is hereby ORDERED that **the jury selection and trial scheduled to begin on July 14, 2023 are canceled (ECF No. 1376 ).** A copy of this ORDER shall be forwarded to the Jury Clerk. It is SO ORDERED. Signed by Senior United States District Judge Robert E. Payne on 7/11/2023. Order forwarded to Jury Clerk. (sbea) (Entered: 07/11/2023) |
| 07/11/2023 | 1392 | MEMORANDUM OPINION. See Opinion for details. Signed by Senior United States District Judge Robert E. Payne on 7/11/2023. (sbea) (Entered: 07/11/2023) |
| 07/24/2023 | 1393 | TRANSCRIPT of proceedings held on July 10, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 8/23/2023. Redacted Transcript Deadline set for 9/25/2023. Release of Transcript Restriction set for 10/23/2023.(stroh, tracy) (Entered: 07/24/2023)** |
| 08/03/2023 | 1394 | ORDER that having reviewed the record in this case and finding certain documents referenced during the June 8, 2023 hearing missing from the electronic record, it is hereby ORDERED that Matt Martorello ("Martorello") shall re-file the following |

JA161

| | | |
|---|---|---|
| | | exhibits: BB (ECF No. 1264 -13), MM (ECF No. 1264 -20), and CCC (ECF No. 1264 -29). It each of these cases, both the cover emails and accompanying attachments were discussed on the record but it appears that only the cover emails were filed. See June 8, 2023 Hrg. Trans. at 277, 298, 304 (ECF No. 1317). Martorello is ORDERED to forthwith re-file the exhibits with the attachments. It is SO ORDERED. Signed by District Judge Robert E. Payne on 8/3/2023. (jenjones) (Entered: 08/03/2023) |
| 08/03/2023 | 1395 | ORDER that the plaintiffs' MOTION TO SEAL 1380 is granted and PLAINTIFFS' STATEMENT REGARDING MOTION IN LIMINE NO. 7 AND LIABILITY UNDER VIRGINIA CODE § 6.2-305(A) (ECF No. 1783 ) and Exhibit 1 thereto (ECF No. 1383 -1) are filed under seal; provided that appropriately redacted versions thereof are filed in the public record. It is so ORDERED. Signed by District Judge Robert E. Payne on 8/3/2023. Associated Cases: 3:17-cv-00461-REP, 3:18-cv-00100-REP, 3:18-mc-00001-REP, 3:20-mc-00008-REP, 4:18-cv-00075-HCM-RJK(jenjones) (Entered: 08/03/2023) |
| 08/04/2023 | 1396 | Sealed Attachment/Exhibit(s) re 1394 Order,,. (Attachments: # 1 Exhibit MM, # 2 Exhibit CCC)(Taliaferro, John) (Entered: 08/04/2023) |
| 08/15/2023 | 1397 | ORDER that for reasons to be explained in a forthcoming Memorandum Opinion, the statement in Section I ( 4) ( d), p. 3 of the ORDER entered on June 16, 2023 (ECF No. 1328) that "There is no willfulness element for a civil cause of action under 18 U.S.C. §§ 1962(c)- (d)" is overly broad and thus is erroneous. Also, by the ORDER entered on June 26, 2023 (ECF No. 1350), ECF No. 1328 was corrected and, by the ORDER entered on July 5, 2023 (ECF No. 1362), ECF No. 1350 was corrected. To clarify the record, it is hereby ORDERED that the June 16, 2023 ORDER (ECF No. 1328) is VACATED in its entirety and will be replaced in its entirety by the attached ORDER. Signed by District Judge Robert E. Payne on 8/15/23. (Attachments: # 1 Order replacing ECF 1328)(Khan, ) (Entered: 08/15/2023) |
| 09/21/2023 | 1398 | **VACATED PURSUANT TO ORDER ENTERED 9/22/2023 ECF #1404** MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 9/21/2023. (Kat) Modified on 9/22/2023 (jenjones, ). (Entered: 09/21/2023) |
| 09/21/2023 | 1399 | ORDER - Attached is a proposed FINAL JUDGMENT ORDER. It is hereby ORDERED that counsel shall file, by 12:00 noon, September 22, 2023, Statements of Position either agreeing with the proposed FINAL JUDGMENT ORDER or suggesting revisions thereto for the Court's consideration. It is so ORDERED. Signed by District Judge Robert E. Payne on 9/21/2023. (Attachments: # 1 Proposed Order)(jenjones, ) (Entered: 09/21/2023) |
| 09/21/2023 | 1400 | Consent MOTION to Dismiss *Count One of the Complaint* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 09/21/2023) |
| 09/21/2023 | 1401 | Memorandum in Support re 1400 Consent MOTION to Dismiss *Count One of the Complaint* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 09/21/2023) |
| 09/21/2023 | 1402 | TRANSCRIPT of proceedings held on September 21, 2023, before Judge Robert E. Payne, Court Reporter/Transcriber Tracy Stroh, Telephone number 804-916-2267. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After** |

| | | |
|---|---|---|
| | | that date it may be obtained through PACER Redaction Request due 10/23/2023. **Redacted Transcript Deadline set for 11/21/2023. Release of Transcript Restriction set for 12/20/2023.**(stroh, tracy) (Entered: 09/21/2023) |
| 09/21/2023 | | Minute Entry for proceedings held before District Judge Robert E. Payne:Telephone Conference held on 9/21/2023. (Court Reporter Ruth Levy.) (nbrow) (Entered: 10/10/2023) |
| 09/22/2023 | 1403 | Response *Joint Statement Regarding Proposed Order* filed by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 09/22/2023) |
| 09/22/2023 | 1404 | ORDER that the September 21, 2023 MEMORANDUM OPINION (ECF No. 1398 ) is VACATED in its entirety and will be replaced in its entirety by a forthcoming revised Memorandum Opinion. It is SO ORDERED. Signed by District Judge Robert E. Payne on 9/22/2023. (jenjones, ) (Entered: 09/22/2023) |
| 09/22/2023 | 1405 | ORDER - Having considered Plaintiffs' CONSENT MOTION TO DISMISS COUNT ONE OF THE COMPLAINT (ECF No. 1400 ), the governing standard, and Defendants' consent to the motion, the Court hereby GRANTS the motion. Count One is hereby dismissed without prejudice. It is SO ORDERED. Signed by District Judge Robert E. Payne on 9/22/2023. (jenjones, ) (Entered: 09/22/2023) |
| 09/22/2023 | 1406 | AMENDED MEMORANDUM OPINION. Signed by District Judge Robert E. Payne on 9/22/2023. (jenjones, ) (Entered: 09/22/2023) |
| 09/22/2023 | 1407 | FINAL JUDGMENT ORDER that judgment is hereby entered in favor of the Plaintiffs, as representatives of the Certified Class (see ORDER (ECF No. 1111 ) and against the defendant Matt Martorello as follows: (1) For relief under COUNT TWO of the CLASS ACTION COMPLAINT, Matt Martorello shall pay damages to the Plaintiffs, as representatives of the Certified Class, in the amount of $43,401,817.47 with interest at the federal judgment rate of 5.35% per annum from July 7, 2023 until paid in full (none of which may be setoff based on any prior settlement of any part of the Plaintiffs' Class Claims; and (2) For relief under COUNT THREE of the CLASS ACTION COMPLAINT, Matt Martorello shall pay damages to the Plaintiffs, as representatives of the Certified Class, in the amount of $43,401,817.47 with interest at the federal judgment rate of 5.35% per annum from July 7, 2023 until paid in full (none of which may be set off based on any prior settlement of any part of the Plaintiffs' Classes' Claims. It is further ORDERED that, upon motion of the Plaintiffs and agreement of Matt Martorello, COUNTS ONE, FOUR, and FIVE of the CLASS ACTION COMPLAINT are dismissed without prejudice and with leave to amend; and It is further ORDERED that, upon agreement of the parties, the time for filing a bill of costs and petition for attorneys' fees shall be extended until ninety (90) days after final resolution of any appeal. It is so ORDERED. Signed by District Judge Robert E. Payne on 9/22/2023. (jenjones, ) (Entered: 09/22/2023) |
| 09/24/2023 | 1408 | TRANSCRIPT of proceedings held on 9-21-2023, before Judge Robert E. Payne, Court Reporter Ruth Levy, Telephone number,804-916-2893. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty (30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 10/24/2023. **Redacted Transcript Deadline set for 11/24/2023. Release of Transcript Restriction set for 12/26/2023.**(Levy, Ruth) (Entered: 09/24/2023) |

| 10/16/2023 | 1409 | MOTION Motion to Repatriate Foreign Assets *and for an Evidentiary Hearing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 10/16/2023) |
|---|---|---|
| 10/16/2023 | 1410 | Memorandum in Support re 1409 MOTION Motion to Repatriate Foreign Assets *and for an Evidentiary Hearing REDACTED VERSION* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 (Filed Under Seal), # 5 Exhibit 5, # 6 Exhibit 6 (Filed Under Seal), # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Kelly, Kristi) (Entered: 10/16/2023) |
| 10/16/2023 | 1411 | MOTION to Seal *Exhibits 4 and 6 and Unredacted Memorandum in Support of Motion to Repatriate and for an Evidentiary Hearing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 10/16/2023) |
| 10/16/2023 | 1412 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1411 MOTION to Seal *Exhibits 4 and 6 and Unredacted Memorandum in Support of Motion to Repatriate and for an Evidentiary Hearing* (Kelly, Kristi) (Entered: 10/16/2023) |
| 10/16/2023 | 1413 | Sealed Memorandum in Support re 1411 MOTION to Seal *Exhibits 4 and 6 and Unredacted Memorandum in Support of Motion to Repatriate and for an Evidentiary Hearing.* (Attachments: # 1 Exhibit 4, # 2 Exhibit 6)(Kelly, Kristi) (Entered: 10/16/2023) |
| 10/16/2023 | 1414 | Memorandum in Support re 1411 MOTION to Seal *Exhibits 4 and 6 and Unredacted Memorandum in Support of Motion to Repatriate and for an Evidentiary Hearing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 10/16/2023) |
| 10/17/2023 | 1415 | NOTICE OF APPEAL as to 1407 Order Dismissing Case,,,,,, by Matt Martorello. Filing fee $ 505, receipt number BVAEDC-9175020. (Taliaferro, John) (Entered: 10/17/2023) |
| 10/18/2023 | 1416 | Transmission of Notice of Appeal to US Court of Appeals re 1415 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (smej, ) (Entered: 10/18/2023) |
| 10/20/2023 | | USCA Case Number 23-2097, Case Manager R. Edwards, for 1415 Notice of Appeal filed by Matt Martorello. (smej, ) (Entered: 10/20/2023) |
| 10/30/2023 | 1417 | Memorandum in Opposition (redacted) re: 1409 MOTION Motion to Repatriate Foreign Assets *and for an Evidentiary Hearing* filed by Matt Martorello. (Attachments: # 1 Exhibit A, # 2 Exhibit B - filed under seal, # 3 Exhibit C- filed under seal, # 4 Exhibit D, # 5 Exhibit E- filed under seal, # 6 Exhibit F- filed under seal, # 7 Exhibit G - filed under seal, # 8 Exhibit H- filed under seal, # 9 Exhibit I- filed under seal, # 10 Exhibit J, # 11 Exhibit K- filed under seal, # 12 Exhibit L- filed under seal, # 13 Exhibit M- filed under seal, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Taliaferro, John). Modified on 11/1/2023. (sbea) (Entered: 10/30/2023) |
| 10/30/2023 | 1418 | MOTION to Seal by Matt Martorello. (Attachments: # 1 Proposed Order)(Taliaferro, John) (Entered: 10/30/2023) |
| 10/30/2023 | 1419 | Memorandum in Support re 1418 MOTION to Seal filed by Matt Martorello. (Taliaferro, John) (Entered: 10/30/2023) |
| 10/30/2023 | 1420 | Notice of Under Seal Filing LCvR5 (B) by Matt Martorello re 1419 Memorandum in Support, 1418 MOTION to Seal (Taliaferro, John) (Entered: 10/30/2023) |

| | | |
|---|---|---|
| 10/30/2023 | 1421 | Sealed Response/Reply/Opposition re 1418 MOTION to Seal , 1419 Memorandum in Support. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit K, # 9 Exhibit L, # 10 Exhibit M) (Taliaferro, John) (Entered: 10/30/2023) |
| 11/06/2023 | 1422 | NOTICE of Appearance by Matthew G Rosendahl on behalf of Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams (Rosendahl, Matthew) (Entered: 11/06/2023) |
| 11/06/2023 | 1423 | REPLY to Response to Motion re 1409 MOTION Motion to Repatriate Foreign Assets *and for an Evidentiary Hearing (Redacted Version)* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Exhibit 13 (Under Seal), # 2 Exhibit 14 (Under Seal), # 3 Exhibit 15 (Under Seal))(Kelly, Kristi) (Entered: 11/06/2023) |
| 11/06/2023 | 1424 | MOTION to Seal *Exhibits 13-15 and Unredacted Reply Brief in Support of Motion to Repatriate Foreign Assets and for an Evidentiary Hearing* by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Attachments: # 1 Proposed Order)(Kelly, Kristi) (Entered: 11/06/2023) |
| 11/06/2023 | 1425 | Notice of Filing Sealing Motion LCvR5(C) by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams re 1424 MOTION to Seal *Exhibits 13-15 and Unredacted Reply Brief in Support of Motion to Repatriate Foreign Assets and for an Evidentiary Hearing* (Kelly, Kristi) (Entered: 11/06/2023) |
| 11/06/2023 | 1426 | Sealed Unredacted Brief re 1423 Reply to Response to Motion,. (Attachments: # 1 Exhibit 13, # 2 Exhibit 14, # 3 Exhibit 15)(Kelly, Kristi) (Entered: 11/06/2023) |
| 11/06/2023 | 1427 | Memorandum in Support re 1424 MOTION to Seal *Exhibits 13-15 and Unredacted Reply Brief in Support of Motion to Repatriate Foreign Assets and for an Evidentiary Hearing* filed by Dowin Coffy, George Hengle, Marcella P. Singh, Gloria Turnage, Lula Williams. (Kelly, Kristi) (Entered: 11/06/2023) |
| 11/17/2023 | 1428 | ORDER- The parties shall meet and confer with the Court via telephone conference call on November 28, 2023 at 10:00 AM; and By November 27, 2023 at 3:00 PM, the parties shall file a notice designating the particular topics to be discussed and a summary statement of the positions of the parties on those topics. Signed by District Judge Robert E. Payne on 11/17/2023. (adun, ) (Entered: 11/17/2023) |
| 11/27/2023 | 1429 | Response *Parties' Joint Statement Regarding Post-Judgment Proceedings* filed by Matt Martorello (Taliaferro, John) re: 1428 Order. Modified on 11/28/2023. (sbea) (Entered: 11/27/2023) |
| 11/28/2023 | 1430 | ORDER Having considered 1418 Motion to Seal, it is hereby ORDERED that the Motion 1418 is granted. SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 11/27/2023. (Kat) (Entered: 11/28/2023) |
| 11/28/2023 | 1431 | ORDER Having considered 1411 Motion to Seal it is hereby ORDERED that the Motion 1411 is granted. SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 11/27/2023. (Kat) (Entered: 11/28/2023) |
| 11/28/2023 | 1432 | ORDER Having considered 1424 Motion to Seal it is hereby ORDERED that the Motion 1424 is granted. SEE ORDER FOR DETAILS. Signed by District Judge Robert E. Payne on 11/27/2023. (Kat) (Entered: 11/28/2023) |

**PACER Service Center**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

LULA WILLIAMS, GLORIA TURNAGE,  :
GEORGE HENGLE, DOWIN COFFY, and  : Civil Case No. ____3:17cv461____
FELIX GILLISON, JR., *on behalf of themselves*  :
*and all individuals similarly situated*,  :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　Plaintiffs,  :
　　　　　　　　　　　　　　　　　　 :
v.  :
　　　　　　　　　　　　　　　　　　 :
BIG PICTURE LOANS, LLC; MATT MARTORELLO;  :
ASCENSION TECHNOLOGIES, INC.;  :
DANIEL GRAVEL; JAMES WILLIAMS, JR.;  :
GERTRUDE MCGESHICK; SUSAN MCGESHICK;  :
and GIIWEGIIZHIGOOKWAY MARTIN,  :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　Defendants.  :
_____  :

### CLASS ACTION COMPLAINT

　　　COME NOW Plaintiffs, Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy and

Felix Gillison, Jr. ("Plaintiffs"), *on behalf of themselves and all individuals similarly situated*, by

counsel, and for their Class Action Complaint against Defendants, they allege as follows:

### INTRODUCTION

　　　1.　　It is well established that Virginia's usury laws "are founded upon considerations

of public policy." *Town of Danville v. Pace*, 66 Va. 1, 19 (1874). Even in an era where "state-by-

state lobbying campaigns" have persuaded state legislators to reverse "nearly three hundred years"

of prohibitions against "double- or even single-digit interest rate caps," Virginia has remained

committed to its *longstanding* view that it is contrary to public policy to charge excessive interest

rates to Virginians. Christopher L. Peterson, *"Warning: Predatory Lender"—A Proposal for*

*Candid Predatory Small Loan Ordinances*, 69 Wash & Lee L. Rev. 893, 896 (2012) (providing

historical context on usury laws). Virginia's strong public policy against excessive interest rates is

not only hammered home by its criminalization of such conduct, but its civil remedies are also severe for it has long been established that "[h]owever small amount of usurious interest contracted for, and however large amount of money loaned, *the contract is declared void, and the lender forfeits the whole amount of the debt and interest.*" *Brockenbrough's Ex'rs v. Spindle's Adm'rs*, 58 Va. 21, 32 (1866) (emphasis added).

2.     This case involves a criminal enterprise that was established with the intent of evading state usury laws. In an apparent attempt to insulate themselves from any legal liability, Defendants established what is commonly referred to as a "rent-a-tribe" business model, where a payday lending scheme associates with a Native American tribe in an attempt to cloak itself in the privileges and immunities enjoyed by the tribe—or to at least create the illusion that it enjoys tribal immunity.

3.     To facilitate blatant violations of state usury laws, Defendant Matt Martorello ("Martorello") approached the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") for the purpose of establishing a rent-a-tribe scheme. Under the rent-a-tribe model, Defendants made high interest loans in the name of Big Picture Loans, LLC ("Big Picture Loans"), which claim to be owned and operated by the Tribe. In reality, Martorello's company, Bellicose Capital, LLC ("Bellicose Capital"), funded the loans, controlled the underwriting, and handled the day-to-day operations of the business. In return for the use of its name, the Tribe received 2% of the revenue,[1] but otherwise the Tribe had no control over the income or expenses of Big Picture Loans.

---

[1] Zeke Faux, *Payday Lenders are Changing the Game Ahead of a U.S. Crackdown,* Bloomberg (Feb. 4, 2016) ("Bellicose has collected tens of millions of dollars, with the tribe keeping about 2 percent of the revenue, according to documents provided by a person involved in the deal."), https://www.bloomberg.com/news/articles/2016-02-04/payday-lenders-are-changing-the-game-ahead-of-a-u-s-crackdown.

4.    This lawsuit challenges the legality of Defendants' loans and seeks to enforce Virginia's longstanding public policy against usurious loans. Plaintiffs seek a declaratory judgment that the loan agreements related to Defendants' rent-a-tribe scheme are void and unenforceable. Defendants' usurious loans were void *ab initio* pursuant to Va. Code. § 6.2-1541(A), which provides that any loan containing an interest rate above 12% "shall be void."[2] Further, Plaintiffs seek a judgment declaring that the loan agreement's choice-of-law and forum selection provisions are unenforceable as a matter of public policy and because the provisions attempt to deprive consumers of both a remedy and of a day in court.

5.    Plaintiffs also seek an injunction against all Defendants, prohibiting them from lending or collecting loans in Virginia[3] as well as actual damages and treble damages from Defendants Big Picture, Ascension Technologies, Martorello, and Daniel Gravel for their participation in the unlawful lending enterprise, which violated Virginia's usury laws, unjustly enriched the Defendants, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").[4] As a result of their participation in the enterprise, Big Picture, Ascension Technologies,

---

[2] *Rahmani v. Resorts Intern. Hotel, Inc.*, 20 F. Supp. 2d 932, 935 (E.D. Va. 1998) (Ellis, J.) (explaining that a gambling contract "is void under Virginia law, it is a complete legal nullity, one that has no legal force or binding effect").

[3] Defendants James Williams, Jr., Giiwegiizhigookway Martin, Gertrude McGeshick, and Susan McGeshick are the chief executive officers of the Tribe. This lawsuit seeks to enjoin these tribal officials from ongoing violations of federal law, and, thus, the tribal officials are not protected by the Tribe's immunity. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978) ("As an officer of the Pueblo, petitioner Lucario Padilla is not protected by the tribe's immunity from suit."); *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2034 (2014) ("As this Court has stated before . . . tribal immunity does not bar such a suit for injunctive relief against *individuals,* including tribal officers, responsible for unlawful conduct." (citing *Santa Clara Pueblo*, 436 U.S. at 59). Plaintiffs do not seek any monetary damages from any of the tribal officials as a result of their participation in the rent-a-tribe scheme.

[4] Plaintiffs anticipate that Big Picture Loan's will claim to be "an arm of the tribe" and thus protected by tribal immunity. Although the doctrine of tribal sovereign immunity protects the Tribe itself, it does not automatically extend to economic subdivisions of a tribe, and the Court must determine whether these entities are "analogous to a governmental agency, which should benefit from sovereign immunity" or whether they are more like a "commercial business enterprise, instituted for the purpose of generating profits for [their] private owners." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1184 (10th Cir. 2010) (citing *Gavle v. Little Six, Inc.*, 555 N.W.2d 284, 293 (Minn.1996)). In addition to the allegations alleged in this Complaint concerning the creation, purpose, and structure of Big Picture Loans, Big Picture is not entitled to sovereign immunity because 98% of the profits of the scheme went to non-tribal participants and the companies were established for the sole purpose of

Martorello, and Daniel Gravel violated Virginia's usury laws and RICO's prohibition against the "collection of unlawful debt," which RICO defines as a debt incurred in "the business of lending money" where "the usurious rate is at least twice the enforceable rate" under State of Federal law. 18 U.S.C. § 1961(6).

## JURISDICTION

6.      This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1332(d)(2). Moreover, the Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a majority of Plaintiffs are residents of this District and Division and a substantial part of Plaintiffs' claims occurred in Virginia.

## PARTIES

8.      Plaintiff Lula Williams ("Williams") is a natural person and resident of this Division and District.

9.      Plaintiff Gloria Turnage ("Turnage") is a natural person and resident of this Division and District.

10.     Plaintiff George Hengle ("Hengle") is a natural person and resident of this Division and District.

11.     Plaintiff Felix Gillison, Jr. ("Gillison") is a natural person and resident of this Division and District.

---

evading state usury laws. Further, extending the protections of tribal immunity to the scheme alleged in this case would not serve the policies underlying tribal sovereign immunity.

12.      Plaintiff Dowin Coffy ("Coffy") is a natural person and resident of this Division and District.

13.      Defendant Big Picture Loans is a limited liability company doing business as an internet lending website under the domain name www.bigpictureloans.com. In return for a small fraction of the revenue, the Tribe allowed the lending scheme to use its name and falsely claim that it is operated by the Tribe. At all times relevant hereto, the Tribe did not participate in the day-to-day operations of Big Picture Loans and did not fund the loans or handle the servicing or collection of the loans. Big Picture Loans was formerly known as Red Rock Tribal Lending, LLC, who did business under the domain name www.castlepayday.com.[5] Big Picture Loans is the successor in interest of Red Rock.

14.      Defendant Martorello is a natural person and resident of Puerto Rico. Martorello was the founder and chief executive officer of Bellicose Capital, which Martorello created to make and collect the usurious loans described herein. As explained below, Martorello was the architect of the rent-a-tribe lending scheme and had direct personal involvement in the creation and day-to-day operations of the illegal enterprise.

15.      Defendant Ascension Technologies, LLC, f/k/a Bellicose Capital, LLC was a limited liability company previously organized under the laws of the U.S. Virgin Islands and then Puerto Rico. Bellicose Capital was formed by Martorello in 2011 to make the usurious loans to Virginia consumers. Although Defendants held it out as a "managing consulting company," Bellicose Capital was the actual entity that procured the investment capital, serviced the loans, and received the vast majority of the revenue from the loans, which was then funneled to Martorello. Due to various lawsuits against Martorello's competitors and anticipated regulation from the

---

[5] Castle Payday, *We Have Big News! Castle Payday is now Big Picture Loans*,
https://www.bigpictureloans.com/CastlePaydayRedirectLanding (last visited June 22, 2017).

Consumer Financial Protection Bureau ("CFPB"), Martorello transferred Bellicose to the Tribe in April 2016 in an attempt to shield Bellicose Capital's illegal business practices. The Tribe rebranded Bellicose as Ascension Technologies, which continues to operate with minimal tribal involvement or benefit to the Tribe.

16.    Defendant Daniel Gravel ("Gravel") was the general counsel for Bellicose Capital and was one of the masterminds of the rent-a-tribe lending scheme described herein. As early as August 2012, Gravel had direct personal involvement in the day-to-day operations of the illegal enterprise and participated in the management of the legal affairs of the company, including drafting and reviewing the software, financial, payment processing, and servicing contracts that enabled the enterprise to operate. Additionally, Gravel drafted and reviewed all advertising and marketing materials for the enterprise and made the decisions regarding the legal content in the websites and contracts.

17.    Defendant James Williams, Jr. ("Mr. Williams") is the tribal chairman of the Lac Vieux Desert Band of Lake Superior Chippewa Indians.

18.    Defendant Giiwegiizhigookway Martin ("Ms. Martin") is the tribal chairwoman of the Lac Vieux Desert Band of Lake Superior Chippewa Indians.

19.    Defendant Gertrude McGeshick is the secretary of the Lac Vieux Desert Band of Lake Superior Chippewa Indians.

20.    Defendant Susan McGeshick is the treasurer of the Lac Vieux Desert Band of Lake Superior Chippewa Indians.

JA171

## FACTUAL BACKGROUND

**A.    Virginia's Longstanding Public Policy Prohibiting Usurious Loans.**

21.    More than forty years before the signing of the Declaration of Independence, Virginia enacted its first usury law, which capped interest rates at 6 percent. John W. Edmonds, *Virginia Law of Interest and Usury*, 10 U. Rich. L.R. 77 (1975) (citing 4 Hennings Stat. 194).

22.    Virginia's "usury laws serve a beneficial public purpose and are to be liberally construed with a view to advance the remedy and suppress the mischief." *Radford v. Cmty. Mortg. & Inv. Corp.*, 226 Va. 596, 601 (1984).

23.    The Supreme Court of Virginia has repeatedly acknowledged that Virginia's "usury statutes represent a clarification of the public policy of the state that usury is not to be tolerated, and the court should therefore be chary in permitting this policy to be thwarted." *Id.* (quoting *Heubusch & Reynolds v. Boone*, 213 Va. 414 (1972).

24.    In accordance with this longstanding public policy, a person may not charge an annual percentage rate ("APR") exceeding 12% without first obtaining a consumer finance license from the Commonwealth. Va. Code §§ 6.2-1501(A), 6.2-303(A).

25.    The consumer finance licensing requirements are designed to protect Virginia consumers from predatory lenders like Defendants. Virginia's licensing requirements include physical presence in the commonwealth and a minimum amount of liquid assets. Va. Code § 6.2-1507(A)(2). Additionally, before granting a license, the Commission must make specific findings concerning the applicant lender such as the character and fitness of the applicant and the applicant's knowledge of applicable Virginia laws and regulations. Va. Code § 6.2-1507.

**B.      Defendants Established an Enterprise to Evade Virginia's Licensing Requirements and Usury Laws.**

26.     Over the last decade, businesses have sought to evade state lending laws like Virginia's by entering into ventures with Native American tribes "so they can use tribal immunity as a shield for conduct of questionable legality." *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2052 (2014) (Scalia, J., dissenting) (citing Nathalie Martin & Joshua Schwartz, *The Alliance Between Payday Lenders and Tribes: Are Both Tribal Sovereignty and Consumer Protection at Risk?* 69 Wash. & Lee L. Rev. 751, 758–759, 777 (2012)).

27.     Defendant Matt Martorello recognized the exorbitant profits he could achieve by not complying with Virginia's usury laws and lending out high interest loans to some of Virginia's most vulnerable consumers.

28.     Recognizing this, Martorello established a rent-a-tribe business model for his company, Bellicose Capital, associating themselves with the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"), a federally recognized tribe located in the Upper Peninsula of Michigan.

29.     With the assistance of Gravel, Martorello and Bellicose helped form Big Picture Loans and Red Rock—two companies formed as "business enterprises" of the Tribe, which claimed to be "wholly owned" and "operated as an instrumentality of the Tribe."[6]

30.     Although the Tribe holds itself out as the actual lender of the internet payday loans, the Tribe is merely a front, and Bellicose Capital provided the infrastructure to market, fund, underwrite, and collect the loans, including by providing the following services: lead generation, technology platforms, payment processing, and collection procedures.

---

[6] *See, e.g.*, Lac Vieux Desert Band of Lake Superior Chippewa Indians, Resolution # T2014-066, Approving the Creation of the Wholly Owned and Operated Lending Entity—Big Picture Loans, LLC (Aug. 26, 2014), http://www.lvdtribal.com/pdf/BPL%20Organizing%20Documents.pdf.

31.     Upon information and belief, the Tribe had no control over the income or expenses of either Red Rock or Big Picture Loans.

32.     Instead, the Tribe allowed Defendants to use their name as a front and, in return, received a nominal, 2% flat fee of the revenue. Delvin D. Hawley, *Payday Lenders on the Run*, Bloomberg Business Week (Feb. 8, 2016) ("Matt Martorello's company, Bellicose Capital, helps an American Indian tribe in Michigan run websites that offer small loans to the public at annualized interest rates as high as 780 percent. The tribe gets 2 percent of the revenue, while Martorello makes millions.").

33.     Upon information and belief, tribal members do not participate in the day-to-day operations of Red Rock or Big Picture Loans and nearly all the activities associated with these companies occurred off the Lac Vieux Reservation, such as the call centers, payment processing, and servicing of the loans.

34.     Despite representations in the loan agreements that Big Picture Loans and Red Rock were owned and operated by the Tribe, Bellicose Capital was the *de facto* owner and controlled the operations of the Big Picture Loans and Red Rock.

35.     Moreover, nearly all activities performed on behalf of Big Picture and Red Rock were performed by officers and employees of Bellicose who were not located on the Lac Vieux Reservation. Instead, they were Bellicose Capital employees located in the Virgin Islands, Puerto Rico, and the Philippines.

36.     Upon information and belief, the money loaned to Plaintiffs was transferred from a bank account owned and operated or controlled by Bellicose Capital and Martorello, and neither the Tribe nor its officials were allowed to access the accounts.

JA174

37.     Furthermore, neither Big Picture Loans nor Red Rock ever accepted consumer payments after the loan agreement was executed. Rather, all payments went to Bellicose Capital, who then kicked back, at most, the 2% flat fee to the Tribe.

38.     Additionally, Bellicose Capital also handled the lead generation used to identify and solicit potential consumers.[7]

39.     For example, Bellicose Capital procured consumer reports from Trans Union in an attempt to identify consumers who may be susceptible or in need of a loan.

40.     If a Virginia consumer's report showed that he or she may be susceptible to a high-interest loan, then Bellicose Capital sent correspondences to the home of the consumer in Virginia stating that he or she is "one of 1,442 people in Richmond" that are pre-approved, that the loan is "a smarter way to borrow," and that funds can be deposited "as early as tomorrow." (Feb. 27, 2017 Letter to Turnage).

41.     If a consumer called the number on the letter, he or she would reach a call center in the Philippines, who took direction and instructions from Bellicose Capital and not the Tribe.

42.     Upon information and belief, Bellicose Capital's lead generation procedures were developed by Martorello and Gravel.

43.     In the past few years, federal regulators have begun cracking down on rent-a-tribe arrangements.

---

[7] In order to find potential customers, internet lenders pay companies known as "lead generators," which are businesses that collect information on potential consumers to solicit for high-interest loans. Pew Charitable Trust, *Fraud and Abuse Online: Harmful Practices in Internet Payday Lending* (Oct. 2014), http://www.pewtrusts.org/~/media/assets/2014/10/payday-lending-report/fraud_and_abuse_online_harmful_prac-tices_in_internet_payday_lending.pdf. Lead generators pay high fees to several sources, such as consumer reporting agencies, to acquire borrower information to determine whether a consumer has ever applied or received an internet loan or whether a consumer may be in need or qualify for an additional loan. *Id.*

44.     For example, the United States Attorney for the Southern District of New York has indicted Scott Tucker and Timothy Muir, competitors of Defendants, for engaging in exactly the same unlawful-lending "rent a tribe" and collection practices alleged herein.

45.     The Tucker indictment, which sets out a strikingly similar set of facts, includes: (1) Mr. Tucker, through the use of shell companies, personally lent money to thousands of consumers through payday loans; (2) Tucker personally controlled virtually every aspect of the operations of these sham entities; (3) these sham entities shared employees, computer systems, and "other operating costs and infrastructure of a single lending business"; and (4) Mr. Muir acted as general counsel for one of the Tucker entities. *United States v. Tucker*, Case No. 16-crim-091 (S.D. N.Y. Feb. 9, 2016) (Dot. 1 at ¶¶ 1–3).

46.     For example, the indictment explains:

In truth and in fact, as SCOTT TUCKER and TIMOTHY MUIR, the defendants, well knew, while TUCKER and MUIR took steps to create the sham appearance of tribal ownership and control of the Tucker Payday Lenders, Tribes 1–3 played no substantive role in the ownership or operation of the Tucker Payday Lenders at any time. To create the sham appearance of ownership, TUCKER assigned nominal ownership of the Tucker Payday Lenders to Tribes 1-3 (that is, Ameriloan, United Cash Loans, US Fast Cash, Advantage Cash Services and Star Cash Processing were assigned to Tribe 1, One Click Cash was assigned to Tribe 2, and 500 Fast Cash was assigned to Tribe 3), and from time to time caused Tribes 1-3 to appear as the businesses' owners on certain corporate and financial documents. However, in truth and in fact, at all relevant times, and as TUCKER and MUIR well knew, Tribes 1-3 had no power to make any decisions on behalf of any of the Tucker Payday Lenders, no control over the income or expenses of any of the Tucker Payday Lenders, and no entitlement to the Tucker Payday Lenders' profits.

Similarly, to create the sham appearance that Tribes 1–3 not only owned, but operated, the Tucker Payday Lenders, SCOTT TUCKER, the defendant, caused members of two of the tribes (Tribe 1 and Tribe 2) to have a tribal member press a key on a computer on a daily basis on tribal lands to purportedly "approve" the extension of credit on hundreds or thousands of loans that the Tucker Payday Lenders, through their approximately 600 employees in Kansas, had in fact already approved and agreed to provide to customers. TUCKER did not require a third tribe that purportedly owned and operated one of the Tucker Payday Lenders (Tribe 3) to engage in this sham participation in the operations of his business at all.

JA176

*Id.* at ¶¶ 23-24.

47.     Just like the Tucker defendants, Defendants' business relationship with the Tribe was nothing more than an attempt to mislead consumers and regulators by an illusion that Defendants were protected by tribal immunity.

48.     After these rent-a-tribe schemes were uncovered through private lawsuits and governmental enforcement actions against Defendants' competitors, Martorello "sold" Bellicose Capital to the Tribe in an effort to further insulate the scheme from liability. Faux, *supra* note 1.

49.     As part of this arrangement, the Tribe paid Martorello $1.3 million dollars, plus he is entitled to receive as much as $300 million in future payments. Faux, *supra* note 1. In other words, the Tribe continues to accept a nominal fee in return for the use of its name.

50.     And while it is now organized under the laws of the Tribe, Ascension Technologies continues to be operated in the same manner and by the same individuals who ran Bellicose Capital—none of whom are affiliated with the Tribe.

51.     For example, approximately 20 individuals identify Ascension Technologies as their employers on LinkedIn. However, none of these people are located on the reservation.

52.     Instead, many of them list Atlanta, Mississippi, or Puerto Rico as the place where they are located.

53.     Upon information and belief, none of these people are members of the Tribe and nearly all of the activities of Ascension Technologies are performed by these non-tribal members who are not located on the reservation.

JA177

**C.     Defendants Made Loans to Virginia Consumers Charging Interest in Excess of 12% APR.**

54.     Defendants marketed, initiated, and collected usurious loans in Virginia. Martorello and Gravel chose Virginia as a place where loans and collection efforts would ensue, and they participated in and knew of the actions of Red Rock, Big Picture, and Bellicose in Virginia.

55.     Martorello and Gravel knew the subject loans were illegal under Virginia law, but they pursued the scheme anyway through Red Rock, Big Picture, and Bellicose in Virginia.

56.     In order to qualify for Defendants' loan product, consumers were required to electronically sign a form contract created by Defendants—not created by the Tribe.

57.     Under the terms of the standard Loan Agreements, the interest rates charged were significantly greater than 12% APR.

58.     For example, Defendants charged Williams with an APR of 649.8%—more than 50 times the 12% interest cap in Virginia for companies that are not licensed by the Commission. Va. Code § 6.2-303(A).

59.     Similarly, Defendants charged Turnage with an APR of 693.2%; Hengle with an APR of 607.5%; Coffy with an APR of 607.5%; and Gillison, Jr. with an APR of 627.2%.

60.     None of the Defendants had a consumer finance license permitting them to make loans charging interest in excess of 12% APR when they made the loans to Plaintiffs nor did they ever attempted to obtain such a license. *See* Va. Code § 6.2-1501. The Tribe also did not have a consumer finance license in Virginia.

61.     Accordingly, Defendants' loans are null and void, and it was unlawful for Defendants or any of their affiliated entities to collect or receive any principal, interest, or charges on the loans, including the amounts paid by Plaintiffs. Va. Code § 6.2-1541(A).

JA178

62.     Defendants received at least $1,330 from Williams as a result of Defendants' illegal loan to her—most of which Defendants credited as payment for interest or other fees.

63.     Defendants received at least $319.80 from Turnage as a result of Defendants' illegal loans to her—most of which Defendants credited as payment for interest or other fees.

64.     Defendants received at least $2,500 from Hengle as a result of Defendants' illegal loans to him—most of which Defendants credited as payment for interest or other fees.

65.     Defendants received at least $1,150 from Coffy as a result of Defendants' illegal loans to him—most of which Defendants credited as payment for interest or other fees.

66.     Defendants' conduct also violated § 1962(c) of RICO, which prohibits the "collection of unlawful debt." 18 U.S.C. § 1962(c); *see also* 18 U.S.C. § 1961(6) (defining "unlawful debt" as a debt that was incurred in connection with "the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate").

67.     As a result of Defendants' conduct, including participation in the Enterprise, Defendants are liable to Plaintiffs and the class for twice the total amount of interest paid on the usurious loans pursuant to Va. Code § 6.2-305(A), and Defendants are also jointly and severally liable to Plaintiffs and the putative class members for their actual damages, treble damages, costs, and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

**D.      Defendants' Loan Agreements Are Void and Unenforceable Under Virginia Law.**

68.     Because the loans were made without a consumer finance license and used an annual APR in excess of 12%, the agreements were void *ab initio* under Virginia law. Va. Code. § 6.2-1541(A) ("A loan contract shall be void if any act has been done in the making or collection thereof that violates § 6.2-1501.").

JA179

69.     Defendants' loan agreements not only violate Virginia's public policy against usurious loans as codified in Va. Code. § 6.2-1541(A), but they also contain unconscionable and unenforceable choice of law and forum selection provisions that seek to disclaim all laws and deprive consumers of their day in court.

70.     For example, Williams' Loan Agreement provides:

> **GOVERNING LAW AND FORUM SELECTION**: This Agreement will be governed by the laws of the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("Tribal law"), including but not limited to the Code as well as applicable federal law. All disputes shall be solely and exclusively resolved pursuant to the Tribal Dispute Resolution Procedure set forth in Section 9 of the Code and summarized below for your convenience.
>
> . . .
>
> **TRIBAL DISPUTE RESOLUTION PROCEDURE**: The Tribe has established a Tribal Dispute Resolution Procedure (the "Procedure") to review and consider any and all types of complaints made by you or on your behalf relating to or arising from this Agreement. . . . The Tribe and Enterprise intend and require, to the extent permitted by Tribal law, that any complaint lodged, filed, or otherwise submitted by you or on your behalf to follow the Procedure. Under the Procedure, a consumer who, in the course of his otherwise lawful and proper use of Enterprise's business believes himself to be harmed by some aspect of the operation of any part of Enterprise's business, ***shall direct his concerns or dispute to Enterprise in writing***. A person's complaint to the Enterprise shall be considered similar in nature to a petition for redress submitted to a sovereign government, without waiver of sovereign immunity and exclusive jurisdiction, ***and does not create any binding procedural or substantive rights for a petitioner***. The Enterprise will investigate the complaint and respond as soon as reasonably practicable, but no later than thirty (30) days from the receipt of the complaint. In the event that the consumer is dissatisfied with Enterprise's determination, he may initiate Formal Dispute Resolution by requesting an administrative review of Enterprise's determination by submitting such request in writing to the Tribal Financial Services Regulatory Authority ("Authority"), P.O. Box 249, Watersmeet, MI 49969, no later than ninety (90) days after receiving Enterprise's determination.

(Feb. 15, 2016 Loan Agreement, attached as Ex. 1 at 5).

71.     Turnage, Hengle, Coffy, and Gillison, Jr.'s loan agreements contained virtually identical governing law and forum selection clauses.

JA180

72.     Upon information and belief, the governing law and forum selection clauses were template language included in all loan agreements involving Red Rock and Big Picture.

73.     Defendants' governing law clause is unenforceable because it violates public policy concerns in Virginia and was procured through fraud and misrepresentations, including that Red Rock and Big Picture Loans were "wholly owned" and "operated by" the Tribe.

74.     These statements were false, misleading, and designed to create the appearance that consumers were doing business with a neutral, government-like entity.

75.     In reality, the loans were owned and operated by Bellicose Capital, who funded the loans, controlled the underwriting, and handled the day-to-day operations of the businesses, including the interactions with consumers and collections.

76.     Likewise, the forum selection clause is also unenforceable because it seeks to deprive consumers of a remedy and their day in court. Rather than selecting an alternative dispute resolution procedure, Defendants use the forum selection clause as a means of depriving consumers of a remedy and a day in court.

77.     For example, the Tribal Dispute Resolution Procedure claims that consumers do not have "any binding procedural or substantive rights" against Big Picture.

78.     Additionally, the Tribal Dispute Resolution Procedure purportedly allows consumers to lodge a "Formal Dispute Resolution" with the "Tribal Financial Services Regulatory Authority."

79.     However, the Formal Dispute Resolution is a sham because the Tribal Financial Services Regulatory Authority does not have subject matter jurisdiction to consider: (1) any claims brought under state or federal law or (2) claims regarding the legality of the debt. Tribal Financial

JA181

Services Authority Comm. Regs., Reg. 1.1 § 4, *available at* http://www.lvdtribal.com/pdf/TFSRA-Regulations.pdf.

80.     In particular, the Regulations indicate that the Tribal Financial Services Regulatory Authority will not "grant the consumer an opportunity be heard" if the only allegation is that the loan "is illegal in a jurisdiction outside the jurisdiction of the Tribe." Tribal Financial Services Authority Comm. Regs., Reg. 1.1 § 4(b).

81.     Additionally, the Regulations provide that the Tribal Financial Services Regulatory Authority may "resolve the dispute in favor of the consumer upon a finding that the [tribal entity] ***violated a law or regulation of the Tribe***." Tribal Financial Services Authority Comm. Regs., Reg. 1.1 § 4(c) (emphasis added).

82.     In essence, Defendants used the forum selection and choice of law clauses to convert it into "a choice of no law clause." *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 675 (4th Cir. 2016).

83.     Accordingly, Plaintiffs request the Court to enter a declaratory judgment that the governing law and forum selection provisions are unenforceable as to Virginia consumers.

<u>**COUNT ONE:**</u>
**DECLARATORY JUDGMENT**
**(CLASS CLAIM AGAINST ALL DEFENDANTS)**

84.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

85.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

**Declaratory Judgment Class**: All persons who: (1) received a loan with either Red Rock or Big Picture Loans (2) when they resided or were located in Virginia and (3) where the loan contained an interest rate greater than 12%.

JA182

**Declaratory Judgment Sublass**: All persons who: (1) received a loan with either Red Rock or Big Picture Loans (2) when they resided or were located in Virginia (3) and the agreement concerning the loan included a choice-of- law or forum selection clause similar or identical to one in Paragraph 70.

Plaintiffs are members of the Declaratory Judgment Class and Subclass.

86. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

87. **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues include: (1) whether the loan agreements are void under Va. Code. § 6.2-1541(A); (2) whether the loan agreements are void as a matter of public policy; and (3) whether the choice-of-law and forum selection provisions are enforceable.

88. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

89. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of

the members of the class. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action.

90.    **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Litigating the validity and enforceability of each loan agreement would prove burdensome and expensive. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

91.    As explained above, Defendants' loan agreements not only violate Virginia's usury statutes and public policy, but they also contain unconscionable choice of law and forum-selection provisions that are void and unenforceable for public policy concerns.

92.    The dispute and controversy is a justiciable matter that is not speculative, and a resolution by this court will determine the rights and interests of the parties to the Loan Agreements as well as the validity, if any, of the choice of law and forum-selection provisions.

93.    Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy, and a declaratory judgment is the appropriate mechanism for resolving the validity and enforceability of the loan agreements.

JA184

94.     Accordingly, Plaintiffs seek a declaratory judgment that the choice of law and forum-selection provisions are void and unenforceable under Va. Code. § 6.2-1541(A) and as a matter of Virginia's well-established public policy.

## COUNT TWO:
## VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)
## (CLASS CLAIM AGAINST ALL DEFENDANTS)

95.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.[8]

96.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class—the "Virginia RICO Class"—initially defined as:

> All Virginia residents who executed a loan with Red Rock or Big Picture where the loan was originated and/or any payment was made on or after June 22, 2013.

Plaintiffs are members of the Virginia RICO Class.

97.     **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief and as reflected by the profits generated by Defendants, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

98.     **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These common questions predominate over the questions affecting only individual class members. The common questions include: (1) whether the Enterprise constitutes an "enterprise" under RICO; (2) whether

---

[8] For Counts II and III, Plaintiffs do not seek any monetary relief from Defendants Williams, Jr., Martin, Gertrude McGeshick, and Susan McGeshick. Plaintiffs seek injunctive relief only as to Defendants Williams, Jr., Martin, Gertrude McGeshick, and Susan McGeshick.

JA185

Defendants participated in the Enterprise; (3) whether the loans violated Va. Code § 6.2-1501 because the interest rates were too high; and (4) what is the proper recovery for Plaintiffs and the class members against each of the Defendants.

99.    **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. Additionally, Plaintiffs' claims are based on the same facts and legal theories as each of the class members.

100.    **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class because their interests coincide with, and are not antagonistic to, the interests of the members of the class that they seek to represent. Plaintiffs have retained counsel competent and experienced in such litigation, and they intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class. Neither Plaintiffs nor their counsel have any interests that might cause them to not vigorously pursue this action.

101.    **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised

JA186

by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

102.    **Injunctive Relief Appropriate for the Class.  Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate because Defendants acted on grounds generally applicable to the class, making appropriate injunctive relief with respect to Plaintiffs and the class members. Plaintiff and the putative class seek an injunction ordering Defendants to divest themselves of any interest in the Enterprise, including the receipt of racketeering profits; prohibiting Defendants from continuing to engage in the Enterprise; and ordering the dissolution of any entity associated with the Enterprise.

103.    As alleged above, Defendants violated § 1962(c) of RICO through the "collection of unlawful debt." 18 U.S.C. § 1962(c).

104.    RICO defines "unlawful debt" as a debt which was incurred in connection with "the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6).

105.    All of the loans made to Virginia residents and collected by Defendants included an interest rate far in excess of twice the enforceable rate in Virginia.

106.    Martorello and Gravel, during the pertinent times, were directly and materially involved in this intentional misconduct and knew the subject loans were illegal under Virginia law, but they pursued the scheme anyway through Bellicose Capital.

107.    This conduct began sometime as early as 2011, continues to date, and will be repeated again and again in the future to the detriment of Virginia consumers.

JA187

108.    Plaintiffs and the class members were injured as a result of Defendants' violations of 18 U.S.C. § 1962(c).

109.    Accordingly, Defendants Big Picture Loans, Matt Martorello, Ascension Technologies, and Daniel Gravel are jointly and severally liable to Plaintiffs and the putative class members for their actual damages, treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

<div align="center">

**COUNT THREE:**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(d)**
**(CLASS CLAIM AGAINST ALL DEFENDANTS)**

</div>

110.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

111.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class, initially defined as:

> All Virginia residents who executed a loan with Red Rock or Big Picture where the loan was originated and/or any payment was made on or after June 22, 2013.

112.    **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical.  The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

113.    **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members.

JA188

114. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

115. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class because their interests coincide with, and are not antagonistic to, the interests of the members of the class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class. Neither Plaintiffs nor their counsel have any interests which might cause them to not vigorously pursue this action.

116. **Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate because Defendants acted on grounds generally applicable to the class, making appropriate equitable injunctive relief with respect to Plaintiffs and the class members. Plaintiffs and the putative class seek an injunction ordering Defendants to divest themselves of the Enterprise, including the receipt of racketeering profits; prohibiting Defendants from continuing to engage in the Enterprise; and ordering the dissolution of each entity that has engaged in the Enterprise.

117. As alleged above, Defendants violated § 1962(d) of RICO by entering into a series of agreements to violate § 1962(c) and Virginia's usury laws, including the agreement between Defendants and Tribe that established the terms and operations of the rent-a-tribe business.

118. Accordingly, Defendants Big Picture Loans, Matt Martorello, Ascension Technologies, and Daniel Gravel are jointly and severally liable to Plaintiffs and the putative class

JA189

members for their actual damages, treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT FOUR:
### VIOLATIONS OF VIRGINIA USURY LAWS
### (CLASS CLAIM AGAINST BIG PICTURE LOANS, MATT MARTORELLO, ASCENSION TECHNOLOGIES, DANIEL GRAVEL)

119.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.[9]

120.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class—the "Virginia Usury Class and Subclass"—initially defined as follows:

**Virginia Usury Class**: All Virginia residents who executed a loan with Red Rock or Big Picture where any amount of principal, interest, fees, or other charges were repaid.

**Virginia Usury Subclass**: All Virginia residents who executed a loan with Red Rock or Big Picture where any interest was paid on or after June 23, 2015.

121.    **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

122.    Based on the estimated size of the class and the volume of loans offered by Defendants, Plaintiffs believe that the amount in controversy easily exceeds $5 million when considering the amounts repaid by Virginia borrowers, as well as the amount of outstanding debt

---

[9] For Counts IV and V, Plaintiffs do not seek any relief from Defendants Williams, Jr., Martin, Gertrude McGeshick, and Susan McGeshick. Plaintiffs use the term "Defendants" in Count IV and V only refers to the defendants identified under the headings, *i.e.*, Big Picture Loans, Matt Martorello, Ascension Technologies, and Daniel Gravel.

JA190

that will be cancelled as part of the relief sought in this lawsuit. Settlements involving similar tribal lending enterprises have far exceeded $5 million, including a settlement recently approved by this Court. *See, e.g., Hayes v. Delbert Servs. Corp.*, Preliminary Approval Order, 3:14-cv-00258-JAG, Doc 193 (Jan. 30, 2017) (granting preliminary approval of a class action settlement that included $9.43 million in compensation and forgiving $5.9 million in outstanding debt) https://secure.dahladmin.com/VACASH/content/docu-ments/PreliminaryApprovalOrder.pdf; Press Release, Office of Att'y Gen., Ga., Attorney General Chris Carr Announces $40 Million Plus Settlement with Online Payday Lender (Feb. 8, 2017), https://law.georgia.gov/press-releases/2017-02-08/attorney-general-chris-carr-announces-40million-plus-settlement-online ($23.5 million in compensation, $17 million in loan forgiveness, $1 million civil penalty, and $500,00 attorney's fees and costs).[10]

123. **Predominance of Common Questions of Law and Fact.** **Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues include: (1) whether the loans made by Defendants of the Virginia Usury Class claims violated Virginia Code Section § 6.2-1501 because their interest levels were too high and (2) what is the proper recovery for Plaintiffs and the class members against each of the Defendants.

---

[10] *See also* News Release, Attorney Gen. Pam Bondi, Fl., Attorney General Bondi and OFR Reach Multimillion Dollar Settlements with Online Lender (Jan. 12, 2017), http://myfloridalegal.com/__8525622-20065EE67.nsf/0/2F836464563D0EB5852580A600709370?Open&Highlight=0,western,sky ($11 million in compensation, $15 million in loan forgiveness, $500,000 civil penalty, $500,000 administrative fine, and $250,000 for costs); *Internet Lender CashCall, Inc. Barred from Doing Business in Minnesota*, Minn. Att'y Gen. Lori Swanson, https://www.ag.state.mn.us/Office/PressRelease/20160819InternetLender.asp (last visited May 24, 2017) ($11.7 million in monetary relief including a $4.5 million restitution fund).

JA191

124. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All claims are based on the same facts and legal theories.

125. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class because their interests coincide with, and are not antagonistic to, the interests of the members of the class they seek to represent. Plaintiffs have retained counsel competent and experienced in such litigation, and they intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class. Neither Plaintiffs nor their counsel have any interests that might cause them to not vigorously pursue this action.

126. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system because of the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

127.    All of the loans made by Defendants to Virginia consumers used an interest rate greater than 12% and none of the exceptions to Va. Code § 6.2-303 apply.

128.    Accordingly, Plaintiffs and the class Members are entitled to recover from Defendants an amount equal to the total amount of interest paid in excess of 12% plus twice the amount of such usurious interest that was paid in the two years preceding the filing of this action, attorney's fees, and costs. Va. Code § 6.2-305(A).

<div align="center">

**COUNT FIVE:**
**UNJUST ENRICHMENT**
**(CLASS CLAIM AGAINST BIG PICTURE LOANS, RED ROCK, MATT MARTORELLO, ASCENSION TECHNOLOGIES, DANIEL GRAVEL)**

</div>

129.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

130.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class—the "Virginia Unjust Enrichment Class"—initially defined as follows:

> **Virginia Unjust Enrichment Class**: All Virginia residents who executed a loan with Red Rock or Big Picture where any amount of principal, interest, fees, or other charges were repaid.

131.    **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

132.    Based on the estimated size of the class and the volume of loans offered by Defendants, Plaintiffs believe that the amount in controversy easily exceeds $5 million when considering the amounts repaid by Virginia borrowers, as well as the amount of outstanding debt

JA193

that will be cancelled as part of the relief sought in this lawsuit. Settlements involving similar tribal lending enterprises have far exceeded $5 million, including a settlement recently approved by this Court. *See, e.g., Hayes v. Delbert Servs. Corp.*, Preliminary Approval Order, 3:14-cv-00258-JAG, Doc 193 (Jan. 30, 2017) (granting preliminary approval of a class action settlement that included $9.43 million in compensation and forgiving $5.9 million in outstanding debt) https://secure.dahladmin.com/VACASH/content/docu-ments/PreliminaryApprovalOrder.pdf; Press Release, Office of Att'y Gen., Ga., Attorney General Chris Carr Announces $40 Million Plus Settlement with Online Payday Lender (Feb. 8, 2017), https://law.georgia.gov/press-releases/2017-02-08/attorney-general-chris-carr-announces-40million-plus-settlement-online ($23.5 million in compensation, $17 million in loan forgiveness, $1 million civil penalty, and $500,00 attorney's fees and costs).

133. **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues include: (1) whether Plaintiffs and the class members conferred a benefit on Defendants of the Virginia Unjust Enrichment Class claims; (2) whether Defendant knew or should have known of the benefit; (3) whether Defendants retained an unjust benefit because the loan was void; and (4) what is the proper recovery for Plaintiffs and the class members against each of Defendants.

134. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member.  In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All claims are based on the same facts and legal theories.

JA194

135.   **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class because their interests coincide with, and are not antagonistic to, the interests of the members of the class they seek to represent. Plaintiffs have retained counsel competent and experienced in such litigation, and they intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class. Neither Plaintiffs nor their counsel have any interests that might cause them to not vigorously pursue this action.

136.   **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system because of the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

137.   All of the loans made by Defendants to Virginia consumers were void and unenforceable.

138.    Plaintiffs conferred a benefit on Defendants when they repaid the void loans; Defendants knew or should have known of the benefit; and Defendants have been unjustly enriched through their receipt of any amounts in connection with the unlawful loans.

139.    Accordingly, Plaintiffs seek to recover from Defendants, jointly and severally, all amounts repaid on any loans with Big Picture or Red Rock.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request the Court enter judgment for themselves and the class they seek to represent against Defendants, including for:

A.    Certification of this matter to proceed as a class action;

B.    Declaratory, injunctive, and compensatory relief as pled herein;

C.    Attorney's fees, litigation expenses, and costs of suit; and

D.    Any further relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
**LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY, and FELIX GILLISON, JR.,** *on behalf of themselves and all individuals similarly situated*,

By:____*/s/ Kristi C. Kelly*_____
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James W. Speer, VSB#23046
VIRGINIA POVERTY LAW CENTER
919 E. Main Street, Suite 610
Richmond, VA 23219

JA196

(804) 782-9430
(804) 649-0974
Email: jay@vplc.org

*Counsel for Plaintiffs*

JA197



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

LULA WILLIAMS, <u>et al.</u>,
on behalf of themselves and all
individuals similarly situated,

     Plaintiffs,

v.                                        Civil Action No. 3:17-cv-461

BIG PICTURE LOANS, LLC, <u>et al.</u>,          **PUBLIC VERSION**[1]

     Defendants.


### MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS BIG PICTURE
LOANS AND ASCENSION TECHNOLOGIES' MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION (ECF No. 22). Big Picture Loans, LLC
("Big Picture") and Ascension Technologies, Inc. ("Ascension")
argue that the Court lacks subject matter jurisdiction over all
claims asserted against them because they qualify as arms of the
Lac Vieux Desert Band of Lake Superior Chippewa Indians ("the

_____

[1] This opinion was initially filed under seal on July 3, 2018.
<u>See</u> Memorandum Op. (ECF No. 130). The Clerk provided copies of
the sealed opinion to Plaintiffs, Big Picture, and Ascension,
who were given fourteen days to request that certain information
in the public version of the opinion remain sealed. <u>See</u> ECF No.
131 at 1-2. Following that order, Big Picture and Ascension
indicated that the majority of the documents cited or discussed
in the opinion could be unsealed, or could remain sealed with
only limited redactions that would not affect the opinion. <u>See</u>
Response to July 3 Order (ECF No. 133) at 4-9. The Court agreed
with their proposed approach, and minor changes have been made
to the opinion to account for the unsealing and re-filing of
certain documents. <u>See</u> ECF No. 143.

Tribe") and are thereby entitled to tribal sovereign immunity. For the reasons set forth below, the motion was denied. See ECF No. 124.

## BACKGROUND

### A. Factual Background

### 1. Tribal Regulatory Structure

The Tribe is a federally recognized Indian tribe, and its members reside close to their ancestral homeland near Watersmeet, Michigan. 25 U.S.C. § 1300h(1)-(2). Its status as an "independent tribal entity" has consistently been reaffirmed. See id. § 1300h-2(a). As a result, the Tribe is a sovereign entity that can create its own laws and regulations.

To that end, the Tribe adopted its current constitution on May 14, 1992 ("the LVD Constitution") for the Tribe's "government, protection and common welfare." ECF No. 23-1 at 1, 19. Among other things, the LVD Constitution established the Tribe's council ("the LVD Council"), granting it the authority to, inter alia, enact law, including ordinances and regulations; manage the Tribe's economic affairs; and "promote and protect the health, safety, education, and general welfare of the [Tribe] and its members." Id. art. IV, § 1(a)-(b), (f). The Council could also charter organizations and delegate them with

2

the authority to manage the Tribe's economic affairs. Id. § 1(j).

The Tribe initially pursued economic self-sufficiency by opening a casino in the late 1990s. The casino provided significant revenue for the Tribe until 2008, when the recession severely limited the casino's revenue stream and forced the Tribe to explore other avenues to improve its finances. One of these steps was to start tribal businesses in certain areas, such as online lending, that would yield profits for the Tribe. Hazen Aff. (ECF No. 34-1) ¶¶ 2-5.

On July 8, 2011, the LVD Council enacted the Tribal Consumer Financial Services Regulatory Code ("the Code"), which legalized online lending by the Tribe. July 8, 2011 Resolution (ECF No. 23-5) at 1; Nov. 18, 2011 Resolution (ECF No. 23-3) at 1-2. The purpose of the Code was, inter alia: (1) to "[d]iversify and expedite the development of the [Tribe's] economy" in order to "improve the Tribe's economic self-sufficiency [and] to enable the Tribe to better serve the social, economic, educational, and health and safety needs of its members and visitors"; (2) to "[e]nsure that all consumer financial services profits are used for the benefit of the Tribe and [it]s community"; and (3) to "[e]nsure that the Tribe provides a Tribal-based forum for the fair and orderly

3

resolution of consumer financial services disputes consistent with the Tribe's preservation of sovereign immunity." Code (ECF No. 23-4) §§ 1.1(a), 1.2(a), (c), (g). The Code required that all entities offering tribal consumer financial services obtain licenses through a particular licensing process, as part of which licensees had to certify that they would "abide by all applicable Tribal and Federal laws, regulations and policies." Id. §§ 1.3(d), 5-7, 5.2(b)(8). It also established specific rules for certain financial services transactions, including small loans transactions. See id. § 11.

The Code also created the Tribal Financial Services Regulatory Authority ("the TFSRA") to enforce the Code and regulate licensees. Id. § 4.1. As a governmental subdivision of the Tribe, the TFSRA was "under the direction and control of the [LVD] Council." Id. § 4.4. However, the Code granted the TFSRA certain independent powers, including, as relevant here, the powers: (1) to "promulgate, adopt, and enforce regulations and rules furthering the purpose and provisions of the th[e] Code"; (2) to discipline licensees and other persons "by ordering immediate compliance, issuing fines and sanctions, and suspending or revoking any [l]icense pursuant to the hearings and due process required by Section 4.18 of th[e] Code"; and (3) to investigate any licensee or person engaging in consumer

4

financial services within the Tribe's jurisdiction. Id. § 4.13(a)-(d), (h)-(i); id. §§ 4.14, 4.16, 4.18.

In addition, the Code placed the TFSRA at the center of a three-tiered dispute resolution process for loan borrowers from tribal licensees. First, consumers that are "aggrieved" by a licensee's action must submit a written complaint to the licensee. The licensee must respond in writing within thirty days, and if it does not, it may be fined by the TFSRA in an amount equivalent to the greater of the outstanding principal loan amount or $1,500. Id. § 9.2(a)-(b). Second, consumers dissatisfied with a licensee's response (or who receive no response at all) may submit a written request for administrative review to the TFSRA within ninety days of the licensee's determination. The TFSRA may then "investigate the dispute in any manner it chooses," including by granting an administrative hearing. If such a hearing occurs, consumers can be represented by counsel at their own expense, and the TFSRA can conduct matters before and during the hearing in a quasi-judicial manner. After any hearing, the TFSRA must issue a written decision that contains its factual findings and conclusions of law, and "may grant or deny any relief as the [TFSRA] determines

5

appropriate."[2] Consumers can then request rehearing, which the
TFSRA may grant or deny at its discretion. Id. § 9.3(a)-(g).
Finally, consumers may appeal adverse TFSRA decisions by filing
a written petition for review with the Tribal Court ("the LVD
Court") within ninety days of the TFSRA's decision. The LVD
Court's review is limited to the TFSRA's administrative record,
and the Court must give deference to the TFSRA's interpretations
and applications of the Code. It can only reverse a decision
that is "arbitrary and capricious, or that . . . is not
supported by the evidence," and must not reverse because of
"[m]ere disagreement with the [TFSRA]'s factual findings." The
LVD Court's subsequent opinion is final and cannot be appealed.
Id. § 9.4.

---

[2] Plaintiffs allege that the TFSRA's powers with regard to a
hearing are constrained by TFSRA Regulation 1.1. Compl. ¶¶ 79-
81. That regulation states that the TFSRA "will adhere to the
dispute resolution procedures set out under section 9.3 of the
Code." However, the regulation also indicates that the TFSRA:
(1) "[m]ay grant a fair opportunity to be heard about the
dispute if . . . the [TFSRA] finds the existence of a material
issue as to whether or not the alleged act or practice is unfair
or deceptive, or in violation of existing tribal consumer
finance laws or regulations"; (2) "[w]ill not grant the consumer
an opportunity to be heard if the only allegation contained in
[a] consumer complaint is an allegation that the consumer
finance service provided is illegal in a jurisdiction outside
the jurisdiction of the Tribe"; and (3) "[m]ay resolve the
dispute in favor of the consumer upon a finding that the
[l]icensee has violated a law or regulation of the Tribe."

The latest development in the Tribe's history of economic regulation occurred on August 26, 2014, when the LVD Council enacted the Business Entity Ordinance ("the Business Ordinance"). Aug. 28 Resolution (ECF No. 23-6) at 1-2. The Business Ordinance created comprehensive procedures for the creation, operation, and dissolution of various tribal entities, including limited liability companies ("LLCs"). See generally Business Ordinance (ECF No. 23-7). Relevant to this dispute, the Ordinance stated that a tribally-owned LLC with the Tribe as its sole member would "be considered a wholly owned and operated instrumentality of the Tribe and . . . have all the privileges and immunities of the Tribe, including but not limited to the Tribe's sovereign immunity from suit, except as explicitly waived by the [LVD] Council." Id. Ch. 5, § 8(E). The Ordinance further indicated that those LLCs would be subject to the LVD Court's jurisdiction, but that such provision would not waive any claim to sovereign immunity in state or federal court. Id. Ch. 1, § 3(A), (D).

### 2. Beginning of Tribal Lending Operations

Soon after the Code was enacted, the Tribe began operating in the online lending arena when the LVD Council organized Red Rock Tribal Lending, LLC ("Red Rock") as a tribally-owned LLC on September 14, 2011. See Sept. 14, 2011 Resolution (ECF No. 23-

7

JA204

8). The company was managed by two members of the Tribe, and the Tribe was Red Rock's sole member. Red Rock Arts. of Organization (ECF No. 23-9), Art. 7; Hazen Aff. ¶¶ 6-7. The Complaint alleges that Matt Martorello ("Martorello")—along with Bellicose Capital, LLC ("Bellicose")[3] and Bellicose's general counsel, Daniel Gravel ("Gravel")—associated with the Tribe to form Red Rock. Compl. (ECF No. 1) ¶¶ 13, 29. Martorello, however, states that he was never a manager or member of Red Rock, nor were any of the companies that he owned or managed. Martorello Decl. (ECF No. 106-1) ¶¶ 18-21. Red Rock provided loans to consumers from its offices on the Reservation, and its employees, computers, and records were all located there. Moreover, as a tribal business, Red Rock was regulated by the TFSRA. Hazen Aff. ¶¶ 8-9.

Red Rock subsequently decided to contract with an outside entity to better learn the lending industry. The Tribe had identified Martorello as a potential consultant in mid-2011, but he was not involved in the creation of Red Rock. Martorello Decl. ¶¶ 14, 17. Then, on October 25, 2011, Red Rock contracted with Bellicose VI, LLC ("Bellicose VI")—a subsidiary of Bellicose—for it to provide Red Rock with vendor management

---

[3] Martorello was the founder and chief executive officer of Bellicose. Compl. ¶ 14.

8

services, compliance management assistance, marketing material development, and risk modeling and data analytics development. Hazen Aff. ¶ 10; Servicing Agm't[4] (ECF No. 83-2) at 1. On April 15, 2012, Bellicose VI assigned its interest in the contract to SourcePoint VI, LLC ("SourcePoint"), another Bellicose subsidiary. Hazen Aff. ¶ 12; Servicing Agm't at 1.

The Servicing Agreement detailed the revenue distribution structure for Red Rock's lending business and each party's duties as to that business. Under the contract, revenues were distributed first to Red Rock, which received 2% of all gross revenues "plus bad debt recoveries minus the sum of charge backs and bad debt charge-offs." Servicing Agm't §§ 2.25, 6.4.1. The remainder was then distributed in the following order: (1) to SourcePoint, to reimburse it for advances made to Red Rock and for servicing expenses; (2) to any of Red Rock's creditors, to pay outstanding debt that was then due; and (3) to SourcePoint, to pay its monthly servicing fee. Id. § 6.4.2-.5. The servicing fee was a variable performance-based fee equivalent to whatever cash basis revenue remained after the distributions above, and was at a minimum $20,000. Id. § 3.5.1. Martorello claims that

---

[4] The parties have not provided the original servicing agreement between Red Rock and Bellicose VI, but there is no indication that its provisions were substantially different than those in the Servicing Agreement between Red Rock and SourcePoint.

the Tribe itself suggested this revenue split because it guaranteed monthly income for the Tribe's general fund while also incentivizing SourcePoint to help the Tribe grow its businesses. Martorello Decl. ¶ 36. In addition, aside from these distributions, Red Rock received and retained ownership of all intellectual property developed under the Servicing Agreement by SourcePoint. Id. ¶ 35.

The Agreement also assigned specific responsibilities to SourcePoint. For instance, after noting that SourcePoint was being engaged as Red Rock's "independent contractor" to perform the services noted, the Agreement granted to SourcePoint "the authority and responsibility over all communication and interaction whatsoever between [Red Rock] and each service provider, lender and other agents of [Red Rock]." Id. § 3.1. The contract also prevented Red Rock from operating its lending business anywhere without using SourcePoint to provide its management and consulting services for those operations. Id. § 3.3.1. In addition, the Servicing Agreement required SourcePoint to select a bank account to store all funds generated by Red Rock's lending, and gave SourcePoint—unless otherwise agreed between Red Rock and SourcePoint—the "sole signatory and transfer authority over such bank accounts," as well as "sole authority to sweep monies from such bank accounts"

to distribute revenues under the priority structure. Id. § 4.4.
Finally, the Agreement gave SourcePoint numerous other duties
concerning the day-to-day functioning of Red Rock's lending
business, such as: (1) "[s]creening of and selecting service
providers and lenders, and negotiating agreements with such
service providers and lenders on behalf of [Red Rock]"; (2)
"[d]evelopment and promotion of sound and positive business
relationships on behalf of [Red Rock] with the designated
service providers and lenders"; (3) preparation of regulatory,
compliance, training, education, financial reporting and
accounting, website content, and marketing standards; (4)
"providing pre-qualified leads to [Red Rock] and providing the
necessary credit-modeling data and risk assessment strategies"
to Red Rock; and (5) "training and monitoring [Red Rock]
employees . . . that operate [Red Rock]'s call center."
Id. § 4.2.1.[5]

However, the Servicing Agreement also limited the ultimate
authority of SourcePoint over Red Rock's management decisions.

---

[5] Based, presumably, on the Servicing Agreement, Plaintiffs
allege that: Bellicose funded and underwrote Red Rock's loans;
the money loaned was transferred from a bank account controlled
by Bellicose and Martorello, which tribal officials could not
access; Bellicose accepted consumer payments directly; and the
only funds that Red Rock, Big Picture, or the Tribe ever
received or handled was the specified revenue percentage under
the Servicing Agreement. Compl. ¶¶ 30-32, 36-37.

11

For instance, the provision allowing SourcePoint to provide leads and credit-modeling data to Red Rock also said that "[t]he criteria used to extend funds to individual borrowers will remain within the sole and absolute discretion of [Red Rock] and [Red Rock] shall execute all necessary loan documentation." Id. § 4.2.1(i). Similarly, SourcePoint "ha[d] no authority to engage in origination activities, execute loan documentation, or approve the issuance of loans to third parties. Final determination as to whether to lend to a consumer rest[ed] with [Red Rock]." Id. § 4.1.1. SourcePoint also needed the Tribe's written consent "to do any of the following: (1) to borrow, pledge, assign, convey, encumber, grant security interest in, guaranty, or otherwise restrict the assets of [Red Rock]; (2) to sell or otherwise dispose of all or substantially all of the assets of [Red Rock]; [or] (3) to waive the sovereign immunity of [Red Rock]." Id. § 4.1.2. In other words, SourcePoint's duties, although numerous, were to be limited to providing "reasonable measures for the orderly administration and management" of Red Rock. Id. § 4.2.1.

Some evidence also indicates that Red Rock's role under the Servicing Agreement was more substantial than Plaintiffs suggest. Red Rock's co-manager, Michelle Hazen ("Hazen"), says that, "[w]hile Red Rock received advice and consulted with

12

JA209

Bellicose about operations, all final decisions about operations were made by Red Rock's managers." Hazen Aff. ¶ 11; see also ECF No. 83-4 (e-mail from SourcePoint employee to tribal members recommending adoption of direct mail campaign prepared by SourcePoint). Similarly, Martorello indicates that, as a consultant,[6] he "made suggestions and offered advice to Red Rock's co-managers," but "Red Rock's co-managers were ultimately responsible for all decisions regarding Red Rock's operation." Furthermore, Martorello, Bellicose, and SourcePoint never, on Red Rock's behalf, made lending decisions; originated a consumer loan; purchased a loan originated by Red Rock; or took any action to collect a Red Rock loan. Instead, Red Rock always made the final decision to lend to a particular consumer, and Red Rock's co-managers, including Hazen, always reviewed and approved marketing materials, including the prescreening of credit reports.[7] Finally, Bellicose's and SourcePoint's access to

---

[6] As permitted by the Servicing Agreement, SourcePoint hired Bellicose employees, including Martorello, to perform certain services for Red Rock. Martorello Decl. ¶ 31.

[7] Plaintiffs cite Big Picture's interrogatory response to assert that Red Rock's role in the lending process was limited to "final verification of the applicant's information in the loan agreement," including "the applicant's e-signature, the due dates, the payment schedule, [and] the applicant's bank information." Big Picture Interrogatory Responses (ECF No. 91-4) ¶ 24. This statement is misleading. First, the response addressed Big Picture's loan evaluation procedure, and thus had

13

Red Rock's bank accounts was limited by deposit access control agreements provided by Red Rock, which Red Rock or the Tribe could terminate at any time. Furthermore, although Martorello was a signatory on certain Red Rock accounts, he claims that he was listed that way only "to facilitate accounts payable, and never without express contractual or delegated authority." Martorello Decl. ¶¶ 22-28.

Red Rock then began making loans to consumers, including some in New York. In February 2013, the New York Department of Financial Services ("the Department") sent cease-and-desist letters to a number of lending entities, including the Tribe, accusing them of "using the Internet to offer and originate illegal payday loans to New York consumers, in violation of New York's civil and criminal usury laws."[8] Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs., 974 F. Supp. 2d 353, 356 (S.D.N.Y. 2013) (internal quotations omitted). The Department also sent letters to third parties that credit and debit payday loan payments, advising them that the Department

_____

nothing to do with Red Rock. Second, the response did not concern Big Picture's relationship with third parties, and even noted that "[n]o third party participates in Big Picture's [loan] evaluation." Id.

[8] New York prohibits annual interest above 16% on loans greater than $250,000, N.Y. Gen. Obligations Law § 5-501; N.Y. Banking Law § 14-a(1), and criminalizes annual interest above 25%, N.Y. Penal Law § 190.40.

14

would pursue enforcement actions against lenders that refused to
cease and desist. Id. at 356-57. This threat of regulatory
enforcement caused the lending entities' business partners to
limit or end their relationship with the entities, which in turn
led the entities to seek a preliminary injunction preventing the
Department from enforcing New York's anti-usury statutes against
them—in part because any regulation would infringe on the
entities' tribal sovereignty. See id. at 357-58. However, the
court denied the entities' request, finding that they had not
shown a likelihood of success on the merits because their online
lending to New York consumers constituted off-reservation
activity, and could therefore be properly regulated under New
York's non-discriminatory anti-usury laws. See id. at 360-61.
The Second Circuit affirmed this decision in October 2014. See
Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin.
Servs., 769 F.3d 105 (2d Cir. 2014). The Tribe's response to
these decisions is unknown.

### 3. Expansion of Tribal Lending Business

After 2011, through its operation of Red Rock and
relationship with Bellicose and Martorello, the Tribe gained
knowledge of the online lending industry. Hazen Aff. ¶ 13;
Martorello Decl. ¶¶ 47-48. The Tribe wanted to apply that
knowledge to expand its online lending platform and increase

15

profitability for the Tribe, employ more tribal members, and acquire its vendors' businesses so that the Tribe would earn more money. Hazen Aff. ¶ 13. As part of that strategy, the LVD Council organized Big Picture on August 26, 2014. Aug. 26, 2014 Resolution (ECF No. 23-10). Big Picture was formed "as a wholly owned and operated instrumentality of the Tribe," and was managed by two tribal members, Hazen and James Williams ("Williams"). Id. at 2-3. Big Picture was meant to serve as an independent tribal lending entity that would "ultimately consolidate the business" of the Tribe's other lending entities, Red Rock and Duck Creek Tribal Financial, LLC. Id. at 1.

On February 5, 2015, the LVD Council formed another entity, Tribal Economic Development Holdings, LLC ("TED"), to operate the Tribe's current and future lending companies. Feb. 5, 2015 TED Resolution (ECF No. 23-13). The Tribe was the sole member of TED, and Hazen and Williams were designated as its co-managers. Id. at 3; TED Arts. of Organization (ECF No. 23-14), Arts. 8-9. Big Picture's membership was also restructured so that TED became its sole member. Big Picture Arts. of Organization (ECF No. 23-13), Arts. 8-9. Then, also on February 5, the LVD Council formed Ascension as a subsidiary of TED "for the purpose of engaging in marketing, technological and vendor services" to support the Tribe's lending entities. Feb. 5, 2015 Ascension

16

JA213

USCA4 Appeal: 23-2097 Doc: 11-1 Filed: 12/06/2023 Pg: 217 of 462

Resolution (ECF No. 23-16) at 1. Ascension was created "as a wholly owned and operated instrumentality of the Tribe," with TED as its sole member, and was managed by Hazen and Williams. Id. at 2-3; Ascension Arts. of Organization (ECF No. 23-17), Arts. 8-9. Hazen and Williams named Brian McFadden ("McFadden") as Ascension's President. Feb. 5, 2015 Ascension Resolution at 3.

### 4. Tribe's Acquisition of Bellicose

Since 2012, Martorello and the Tribe had engaged in multiple conversations about the potential sale of Martorello's consulting companies to the Tribe, which would allow the Tribe to engage in online lending without relying on outside vendors for support services. The creation of TED and Ascension and reorganization of Big Picture in February 2015 were undertaken to enable the Tribe to more easily purchase Bellicose, in part because those steps added layers to protect the Tribe from liability. Martorello Decl. ¶¶ 49-50; Martorello Sept. 11, 2015 E-mail (ECF No. 83-8) at LVD-DEF00014697. In addition, around that time, the LVD Council formed Tribal Acquisition Company, LLC ("TAC"), with TED as its sole member and Hazen and Williams as co-managers, for the sole purpose of acquiring Bellicose without creating a nexus between TED and Delaware. Sept. 14,

17

2015 Merger Resolution (ECF No. 34-2) ("the Merger Resolution")
at 2; Martorello Sept. 11, 2015 E-mail at LVD-DEF00014697.

In early 2015, the parties agreed on the basic framework of
the merger: a seller-financed transaction with non-fixed
payments over a seven-year term, with any outstanding amount due
being forgiven at the end of that term. According to Martorello,
the Tribe requested this structure because it would enable the
Tribe to accomplish its goals of economic self-sufficiency more
easily. Martorello Decl. ¶ 51. The seller-financier would be
Eventide Credit Acquisitions, LLC ("Eventide"), a company
managed and majority-owned by multiple entities of which
Martorello was the president. Merger Resolution at 3; Eventide
Operating Agm't, Sched. A (ECF No. 91-11). Eventide would
provide a $300 million loan to TED, which TED would then use to
purchase Bellicose. Merger Resolution at 3. After this structure
was set, Martorello continued negotiating with the Tribe over
the next several months. Martorello Decl. ¶ 52. The parties
reached a final agreement on September 14, 2015, memorializing
the terms of the deal in a loan agreement ("the Loan Agreement")
and a promissory note ("the Note"). Merger Resolution at 7-9;
see generally Loan Agreement (ECF No. 83-17); Note (ECF No. 83-
11). As part of the transaction, the LVD Council approved a
limited waiver of TED's and Big Picture's sovereign immunity in

18

JA215

connection with TED's repayment of the Eventide loan during its seven-year term. See Sept. 14, 2015 Immunity Waiver Resolution (ECF No. 34-3) at 2-8. On January 26, 2016, the Tribe finally completed its purchase of Bellicose, including subsidiaries like SourcePoint, and acquired all of Bellicose's data, software, and corporate goodwill. Martorello Decl. ¶ 53; Hazen Aff. ¶ 22.

Under the Note, revenues from Big Picture's lending business are distributed monthly in several steps. First, Big Picture makes a distribution to TED of Big Picture's gross revenues. Note § 1.2(a); Martorello Decl. ¶ 57. TED then distributes 2% of those gross revenues to the Tribe, until half of the total loan amount has been paid, at which time the distribution percentage increases from 2% to 4%. Note § 1.2(b)(1). The parties agreed to increase the monthly distribution from 2% to 3% in or around September 2016.[9] Note Addendum (ECF No. 91-18); Martorello Decl. ¶ 57. If TED defaults under the Loan Agreement, then the monthly distribution to the Tribe reduces to zero. Note § 1.2(b)(1); see also Loan Agreement § 6.1 (describing events triggering default). Second, TED pays an additional 2% of gross revenues to the Tribe to be

---

[9] That agreement also indicated that the percentage distribution would increase from 3% to 6% when half the loan had been repaid. Note Addendum; Martorello Decl. ¶ 57.

reinvested "in growing the loan portfolio."[10] Note § 1.2(b)(2). That reinvestment amount must "stay in equity within [TED] or [Big Picture] conducting lending" until the Note and Loan Agreement terminate. As with the first distribution, this payment reduces to zero if TED defaults. Note § 1.2(b)(2). Third, TED and Big Picture must pay any interest and principal due to other creditors. Id. § 1.2(b)(3).

Fourth, an amount is deducted to pay "[o]rdinary and necessary business expenses" incurred in connection with Big Picture's lending business, including payments to tribal and non-tribal vendors.[11] Id. § 1.2(b)(4); Martorello Decl. ¶ 57. Those expenses may not exceed reasonable rates for particular services, and TED and Big Picture have a fiduciary duty to Eventide to ensure that they do not "undermine the [p]arties' intent to maximize the cash flows directed to retire the Note as soon as possible." Note § 1.2(b)(4). Accordingly, TED must

---

[10] The initial reinvestment amount was $1.3 million, but the amount was reduced to 2% of gross revenues for each month thereafter. Note § 1.2(b)(2).

[11] The Note also identifies certain "[n]on-deductible expenses," which are taken instead from the Tribe's 2% monthly distribution or the 2% reinvestment amount at TED's choice. These include: (1) any tax, fine, or licensing fee charged by the Tribe, except for certain regulatory fees or fines charged by the TFSRA; (2) any attorneys' fees award from a suit related to the Bellicose merger documents; or (3) any ordinary and necessary expenses that Eventide does not agree to pay and that, in the aggregate, exceed $25,000 per year. Note § 1.2(b)(5).

submit a monthly budget and expense report to Eventide, which Eventide uses to ensure that the expenses are reasonable and not inflated to deprive Eventide of payments it will receive under the Note. Id. § 1.2(c); Martorello Decl. ¶ 59. The Note allows expenses based on a "reasonable expansion" of Big Picture's lending operations in light of "industry climate and norms." Note § 1.2(b)(4)(b). Nonetheless, Eventide must approve a budget for such expansion to ensure that TED's repayment of the loan is not affected. Id. Martorello claims that Eventide has "never unreasonably withheld its consent to expenses, nor has it objected to the reasonable expansion of the business—even when expansion created additional debt for Big Picture which meant smaller (or no) payments to Eventide." Martorello Decl. ¶ 60.

Finally, TED pays to Eventide the "Net Cash Available"—that is, Big Picture's gross revenues minus all the distributions and deductions above. That amount is applied first to any unpaid principal, and then to unpaid interest.[12] Note § 1.2. As Martorello explains, because Eventide receives payments last under the Note's distribution structure, it is possible that Eventide will not receive a principal payment in some months

---

[12] The Note carries a fixed interest rate of 1.8% per year, Note at 1, which Martorello claims is "significantly below the rate at which [the Tribe] could go into the marketplace and borrow funds," Martorello Decl. ¶ 64.

because TED has no net income from which to make a payment. This situation has occurred on at least five occasions. TED, on the other hand, has always received all of Big Picture's net income, and is guaranteed to receive its 3% distribution and reinvestment amount every month. Martorello Decl. ¶ 63.

Each payment to Eventide under the waterfall structure is accompanied by a payment schedule. Note § 1.2(c). Based on these schedules, and other financial statements, Martorello states that TED has consistently paid down its principal under the Note, such that the Tribe has been receiving an equity interest in the lending support services that it acquired through Bellicose. He notes that, since the close of the acquisition, Eventide's Note payments have amounted to $21,375,922.10, whereas the total economic consideration obtained by the Tribe under the Note has been $28,184,007.69. Martorello Decl. ¶ 63; McFadden Aff. (ECF No. 106-17) ¶ 17. However, the exact basis of those figures is unclear. In fact, Plaintiffs cite two documents with different numbers than those provided by Martorello. One indicates that, as of June 2017, the cumulative repayment to Eventide was $17,968,528.36, and the cumulative amount to TED was $4,924,930.94 ($1,963,708.81 in distributions, and $2,961,222.13 in reinvestments). Pls. Opp. (ECF No. 90) at 11, 21-22. The second shows slightly higher numbers than those

22

through December 2017. See id. Those figures are consistent with Big Picture's assertion that, by September 2017, TED had distributed approximately $20.5 million in loan payments to Eventide and nearly $5 million to the Tribe ($3,035,374.90 in distributions, and $1,948,999.53 in reinvestments). Big Picture Suppl. Interrogatory Responses (ECF No. 102-3) ¶ 1. Martorello's calculations might include amounts not accounted for in those spreadsheets, such as the economic value of Bellicose's data or corporate goodwill, but that is hard to discern. In any event, the Note is fixed to expire seven years after its execution date—thus, by September 14, 2022—at which time "the remaining balance is forgiven." Note § 1.3.

The Tribe finished restructuring its lending businesses soon after the Bellicose purchase. TAC dissolved in late January 2016 after control of Bellicose had been transferred to TED. Arts. of Dissolution (ECF No. 91-9). Around the same time, Bellicose's assets were assigned to Ascension and its liabilities were assigned to Big Picture, and Bellicose ceased to exist. Shortly thereafter, on February 16, 2016, Big Picture engaged Ascension as an independent contractor to provide Big Picture with the servicing support services that Ascension had carried over from Bellicose. Intratribal Servicing Agm't (ECF No. 91-17) § 3.1; see also McFadden Feb. 24, 2015 Letter (ECF

23

No. 91-30) (noting that all Bellicose VI positions and operations would be merged into Ascension).

The Intratribal Servicing Agreement is similar to the earlier Servicing Agreement between Red Rock and SourcePoint. In particular, the contract requires that Ascension "develop and recommend to [Big Picture] . . . reasonable measures for the orderly administration and management of [Big Picture] in the areas of financial reporting, financing, regulatory compliance, marketing, human resources, development of vendor relationships, collections and risk assessment," and then describes most of the same day-to-day operational responsibilities that SourcePoint had. Intratribal Servicing Agm't § 4.2.1; see also Servicing Agm't § 4.2.1. Ascension also receives a monthly fee, which is the sum of the following: (1) "[m]anpower charges," which are Ascension's salary costs, payroll taxes, and other employment expenses; (2) internal expenses, which are capped by Ascension's servicing budget; (3) overhead expenses, in different amounts based on whether Big Picture is the beneficiary of such expenses; and (4) a bonus plan for Ascension's employees. Intratribal Servicing Agm't § 3.4.

Big Picture, however, retains the same managerial authority as Red Rock. To that end, the Intratribal Servicing Agreement specifically provides that "[t]he criteria used to extend funds

24

JA221

to individual borrowers will remain within the sole and absolute discretion of [Big Picture] . . . and [Big Picture] . . . shall execute all necessary loan documentations." Id. § 4.2.1(k). Likewise, Ascension "has no authority to engage in origination activities, execute loan documentation, or approve the issuance of loans to consumers. Final determination as to whether to lend to a consumer rests with [Big Picture] . . . ." Id. § 4.1. In addition, even though McFadden and Simon Liang ("Liang"), Ascension's controller, were added as authorized signers for Big Picture's bank accounts, ECF No. 83-23, their authority is bound by deposit account control and lockbox agreements, Intratribal Servicing Agm't §§ 4.4, 4.7. The only real limitation on Big Picture's authority is the Loan Agreement, which prevents TED or Big Picture from amending or terminating the Intratribal Servicing Agreement during the loan's seven-year term without Eventide's written consent. Loan Agm't § 5.12.

On the same day that Big Picture contracted with Ascension, the LVD Council also authorized Red Rock to assign the majority of its consumer loans and obligations to Big Picture. Hazen Aff. ¶ 23; Feb. 16, 2016 Assignment Resolution (ECF No. 23-23) at 2-3; see generally Assignment Agm't (ECF No. 23-24). All unassigned loans were written off as bad debt, and Red Rock subsequently dissolved. Hazen Aff. ¶ 23; Red Rock Arts. of

25

JA222

Dissolution (ECF No. 23-27); Feb. 16, 2016 Dissolution
Resolution (ECF No. 23-26). Hazen, as co-manager of Red Rock,
gave the appropriate notice of dissolution to the TFSRA and to
any party that might have claims against Red Rock. See ECF Nos.
23-28, 23-29. Big Picture then sent a notice of assignment to
all consumers whose loans it had received, instructing them that
Big Picture would begin collecting their loan payments effective
February 17, 2016. ECF No. 23-25.

### 5. Current Management of Big Picture and Ascension

TED now oversees both Big Picture and Ascension. All three
entities have their headquarters on the Reservation. TED
Operating Agm't (ECF No. 23-33) § 1.3; Big Picture Operating
Agm't (ECF No. 23-30) § 1.3; Ascension Operating Agm't (ECF No.
23-18) § 1.3. Big Picture currently employs fifteen individuals
on the Reservation. Ascension employs thirty-one individuals,
most of whom work outside the Reservation at Ascension's
satellite offices, Hazen Aff. ¶¶ 24-25, which appear to be in
(at least) Atlanta, Mississippi, and Puerto Rico, Compl. ¶¶ 50-
53. Hazen and Williams, both LVD Council members, co-manage all
three companies. Hazen Aff. ¶¶ 2, 15, 18-20; Williams Aff. (ECF
No. 23-36) ¶¶ 1, 11-13. That position grants them the broad
authority to, in the case of Big Picture, "perform all actions
as may be necessary or appropriate to carry out the business of

26

JA223

[Big Picture] including but not limited to the power to enter into contracts for services, to manage vendor relationships, to manage personnel issues and affairs of [Big Picture]." Big Picture Operating Agm't § 5.1(a).[13] Where the managers' power is limited by the operating agreements, the ultimate authority resides in the LVD Council. See id. § 5.2. Similarly, all three entities must submit quarterly reports to either the LVD Council (for TED) or TED (for Big Picture and Ascension). Id. § 5.8; TED Operating Agm't § 4.7; Ascension Operating Agm't § 5.8.

Hazen has been Big Picture's CEO since December 2015. Hazen Aff. ¶ 20. However, as for Ascension, Hazen and Williams have delegated to McFadden: (1) the "approval of Ascension strategic direction," which must be communicated at least quarterly to the co-managers; (2) "authority to execute documents on behalf of Ascension"; (3) "authority to open and maintain bank accounts"; (4) "authority to adopt, terminate, or change employee benefit plans or programs"; and (5) "authority regarding all matters necessary for . . . day to day management." Ascension Delegation of Authority Policy (ECF No. 91-13) § 1.4. McFadden must report regularly to Hazen and Williams about the authority exercised

---

[13] Hazen and Williams are granted similarly broad management authority under nearly identical provisions in TED's and Ascension's operating agreements. See TED Operating Agm't § 5.1(a); Ascension Operating Agm't § 5.1(a).

under those provisions and any matters that might fall under their purview. Id. § 1.5. McFadden also must obtain co-manager approval "for changes in operations, personnel, and distributions." McFadden Aff. ¶ 8.

Martorello asserts that he has had limited contact with the Tribe since it purchased Bellicose in January 2016. As he states, he has never been involved in TED's operations, made any decisions on its behalf, provided any consulting services to it, or solicited any investors on its behalf. Likewise, he has never provided any consulting services to Big Picture or Ascension; suggested marketing strategies, underwriting criteria, or other policies to them; accessed any of their software systems, databases, bank accounts, or records; or hired or fired their employees. Martorello has interacted with Hazen and Williams when they have requested Eventide's permission to undertake expenses for Big Picture that exceeded budgeted expenses under the Note, but Martorello never proposed that they incur those expenses, nor did he object to their requests. Martorello Decl. ¶¶ 70-97; see also McFadden Aff. ¶¶ 13-16. Furthermore, says McFadden, neither Eventide nor Martorello participates in Ascension's day-to-day operations, and Ascension does not seek Eventide's or Martorello's consent for those operations, except if Ascension needs to expand its budget. Even in that case,

28

JA225

explains McFadden, he would first obtain Hazen's or Williams' approval before contacting Eventide. McFadden Aff. ¶¶ 10-12.

Big Picture operates in some ways as an independent financial entity. It maintains its operating account with a regional bank, where it funds all its loans, receives all consumer payments, pays all payroll and vendors, deposits all its investments, and makes distributions to TED and the Tribe.[14] Big Picture relies on private investors to fund its lending operation, including the loans themselves. These investments are made through traditional loan agreements and promissory notes, under which Big Picture is responsible to each investor. Hazen Aff. ¶¶ 26-27. The Tribe itself has invested over $7 million. Williams Aff. ¶ 8.

Moreover, Big Picture's lending operation has yielded concrete financial benefits for the Tribe. Any profits that Big Picture earns are allocated to its sole member, TED, which in turn allocates those profits to the Tribe. Big Picture Operating Agm't § 6.1; TED Operation Agm't § 6.1.[15] If Big Picture's cash

---

[14] As with Red Rock, Plaintiffs allege that Big Picture does not ever handle the money loaned to or paid by consumers. See Compl. ¶¶ 30-32, 36-37.

[15] Ascension has an identical provision in its operating agreement, Ascension Operating Agm't § 6.1, but Ascension does not generate any profit that it could allocate.

account balance exceeds $500, it must declare an immediate distribution and transfer the excess to TED. Big Picture Operating Agm't § 6.2. It is unclear if this always occurs, as e-mails from Liang to Martorello about repayment of Eventide's loan contain language indicating that Big Picture's cash balance was greater than $500, but that Big Picture "would like to keep [the balance] for lead acquisition and loan origination in future months." See, e.g., ECF No. 83-24 at MARTORELLO_000218. In any event, beyond the profits obtained through the Note's revenue distributions, the Tribe also receives interest payments as a substantial investor in Big Picture. Proceeds from Big Picture's business now comprise more than 10% of the Tribe's general fund, and those profits could possibly fund more than 30% of the Tribe's budget over the next few years. Williams Aff. ¶¶ 9-10.

The Tribe relies on Big Picture's funds for governmental programs and services. Id. ¶ 10. Specifically, Big Picture's revenues have been used to, in whole or in part: meet requirements necessary to secure $14.1 million in financing for the Tribe's new health clinic; refinance casino debt; fund college scholarships and pay for educational costs for members such as student housing, books, school supplies and equipment; create home ownership opportunities for members through

30

tribally-purchased homes; subsidize tribal members' home purchases and rentals; provide a bridge loan to complete the new tribal health clinic that offers services to the regional community; fund new vehicles for the Tribe's Police Department; fund an Ojibwe language program and other cultural programs; provide foster care payments for eligible children, propane purchase assistance, and assistance for family care outside of the community; cover burial and other funeral expenses for members' families; fund renovations and new office space for the Tribe's Social Services Department; fund youth activities; renovate a new space for the LVD Court and bring in telecom services for remote court proceedings; and fund tribal elder nutrition programs and tribal elder home care and transport services. Hazen Aff. ¶ 31.

## 6. Big Picture's Lending Process

As noted, Big Picture has its principal place of business on the Reservation, and its employees are all located there. The servers for Big Picture's websites are also stored on the Reservation. And, because all loan applications are approved by Big Picture employees on the Reservation, all consumer loans are originated there. Id. ¶¶ 28, 30(a).

To obtain a loan from Big Picture, consumers must log onto the company's website and complete and submit an application.

31

JA228

Big Picture then conducts a review using a software-based underwriting process and either accepts or denies the application. Id. ¶ 30(a)-(b). That software consolidates consumer credit data from third-party service providers to verify applicants' information and determine creditworthiness. Big Picture Interrogatory Responses ¶ 24. An applicant receives a notice of denial if the application is denied. Hazen Aff. ¶ 30(d).

Even if an application is accepted, the consumer must complete several more steps before the loan is finalized. First, the website prompts applicants to select their desired loan amount, which may be as high as $5,000. Second, applicants must select the term of the loan, and Big Picture in turn provides an estimated annual percentage rate ("APR") based on the underwriting software's determination of an applicant's repayment ability. Third, applicants must review Big Picture's standard loan agreement, which includes the loan's APR and repayment schedule. Fourth, applicants must acknowledge their review of, and agree to, the loan agreement—including the choice-of-law, forum-selection, and jury trial waiver clauses—and Big Picture's privacy disclosures. Finally, applicants must select their payment method. Id. ¶ 30(c)(1)-(6).

32

JA229

Once a consumer signs the loan agreement, the contract goes to Big Picture for its employees' review. Employees on the Reservation perform a final verification of the applicant's information in the loan agreement and other details. If there are no issues, the reviewing employee manually enters the date of disbursal of funds, which authorizes electronic approval of the agreement. This action also causes the loan to be originated and triggers the transmission of instructions for the particular application to a third-party payment processor, which then disburses the funds to the consumer. Id. ¶ 30(c)(7)-(8).

### 7. Tribe's Lending Activities in Virginia

The parties have not provided evidence regarding Red Rock's or Big Picture's lending activities in Virginia specifically. However, the Complaint alleges that Martorello and Gravel intentionally chose Virginia as a place where Red Rock and Big Picture would offer loans and collect payments, and they proceeded with this plan notwithstanding their knowledge that the loans would be illegal under Virginia's usury laws. Certain defendants then began marketing, initiating, and collecting loans in Virginia. Consumers were required to electronically sign the form loan agreement described above. Under the terms of that contract, the loans were subject to an APR that was much higher than 12%. However, neither the Tribe nor any of the

defendants had a consumer finance license permitting them to charge interest at such a high rate, and they never attempted to obtain such a license. Compl. ¶¶ 54-57, 60.

Lula Williams, Gloria Turnage ("Turnage"), George Hengle ("Hengle"), Dowin Coffy ("Coffy"), and Felix Gillison, Jr. ("Gillison"; with Lula Williams, Turnage, Hengle, and Coffy, collectively, "Plaintiffs") all entered into loans with Big Picture, and their loan agreements with Big Picture specified that interest would be charged at greater than 12% APR. Lula Williams' loan was subject to an APR of 649.8%; Turnage's loan was subject to an APR of 693.2%; Hengle's and Coffy's loans were subject to an APR of 607.5%; and Gillison's loan was subject to an APR of 627.2%. Based on those rates, Plaintiffs paid various amounts to Big Picture, most of which were credited as payment for interest or other loan-related fees. Id. ¶¶ 58-59, 62-65.

The loan agreements also contained the following provisions:

> GOVERNING LAW AND FORUM SELECTION: This Agreement will be governed by the laws of the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("Tribal law"), including but not limited to the [Tribal Consumer Financial Services Regulatory] Code as well as applicable federal law. All disputes shall be solely and exclusively resolved pursuant to the Tribal Dispute Resolution Procedure set forth in Section 9 of the Code

34

JA231

and summarized below for your convenience. . . .

TRIBAL DISPUTE RESOLUTION PROCEDURE: The Tribe has established a Tribal Dispute Resolution Procedure (the "Procedure") to review and consider any and all types of complaints made by You or on Your behalf relating to or arising from this Agreement. The Procedure is found at Section 9 of the Code. You can find the Code at [Big Picture's] website, . . . or You may request a physical copy by written request mailed . . . to the Tribal Financial Services Regulatory Authority, P.O. Box 249, Watersmeet, Michigan 49969. The Tribe and [Big Picture] intend and require, to the extent permitted by Tribal law, that any complaint lodged, filed, or otherwise submitted by you or on your behalf to follow the Procedure. Under the Procedure, a consumer who, in the course of his otherwise lawful and proper use of [Big Picture]'s business believes himself to be harmed by some aspect of the operation of any part of [Big Picture]'s business, shall direct his concerns or dispute to [Big Picture] in writing. A person's complaint to [Big Picture] shall be considered similar in nature to a petition for redress submitted to a sovereign government, without waiver of sovereign immunity and exclusive jurisdiction, and does not create any binding procedural or substantive rights for a petitioner. [Big Picture] will investigate the complaint and respond as soon as reasonably practicable, but no later than thirty (30) days from the receipt of the complaint. In the event that the consumer is dissatisfied with [Big Picture]'s determination, he may initiate Formal Dispute Resolution by requesting an administrative review of [Big Picture]'s determination by submitting such request in writing to the Tribal Financial Services

35

JA232

> Regulatory Authority ("Authority"), P.O. Box
> 249, Watersmeet, MI 49969, no later than
> ninety (90) days after receiving [Big
> Picture]'s determination.

ECF No. 1-1 at 4-5; <u>see also</u> Compl. ¶¶ 70-71. These are the choice-of-law and forum-selection provisions referenced above.

## B.  Procedural Background

On June 22, 2017, Plaintiffs brought suit against Big Picture, Ascension, Martorello, Williams, Gertrude McGeshick, Susan McGeshick, Giiwegiizhigookway Martin,[16] and Gravel. They asserted five class claims:

(1) COUNT ONE, Declaratory Judgment, against all defendants, stating that the choice-of-law and forum-selection provisions in all loan agreements made by Big Picture or Red Rock to Virginia residents are void and unenforceable;

(2) COUNT TWO, Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), against all defendants;

---

[16] Williams, the McGeshicks, and Martin (collectively, "the LVD Officers") are all members of the LVD Council: Williams is the Chairman, Gertrude McGeshick is the Secretary, Susan McGeshick is the Treasurer, and Martin is the Vice-Chairwoman. Compl. ¶¶ 17-20.

36

JA233

    (3)    COUNT THREE, Violations of RICO, 18 U.S.C. § 1962(d), against all defendants;[17]

    (4)    COUNT FOUR, Violations of Virginia Usury Laws, against Big Picture, Martorello, Ascension, and Gravel; and

    (5)    COUNT FIVE, Unjust Enrichment, against Big Picture, Martorello, Ascension, and Gravel.

Compl. ¶¶ 84-139.

After some defendants indicated that they would seek dismissal of the Complaint on the basis of, among other grounds, lack of subject matter jurisdiction and personal jurisdiction, the Court ordered the parties to conduct jurisdictional discovery. ECF No. 17. Following discovery disputes, the Court ordered Defendants to produce some documents that it had previously withheld as privileged. ECF No. 49. That same day, the Court granted Plaintiffs' and Gravel's joint motion to dismiss Gravel from the action without prejudice. ECF Nos. 46, 50. The Court later granted the LVD Officers' motion to dismiss the claims against them on Rule 12(b)(6) grounds, and Plaintiffs chose not to file an Amended Complaint. ECF Nos. 117, 122.

---

[17] For Counts Two and Three, Plaintiffs seek injunctive relief only as to the LVD Officers, and both damages and injunctive relief as to Big Picture, Ascension, and Martorello. Compl. ¶ 95 n.8.

JA234

Accordingly, Big Picture and Ascension are the only remaining defendants besides Martorello.

## DISCUSSION

### I. Legal Standard

Fed. R. Civ. P. 12(b)(1) tests whether the court has subject matter jurisdiction to resolve the claims before it.[18] Sovereign immunity issues are generally considered jurisdictional in nature and, as a result, are appropriately resolved in the context of a Rule 12(b)(1) motion. See United States v. Jones, 225 F.3d 468, 469 (4th Cir. 2000) ("Sovereign immunity deprives a court of jurisdiction."); Best Med. Belgium, Inc. v. Kingdom of Belgium, 913 F. Supp. 2d 230, 236 (E.D. Va. 2012) ("Subject matter jurisdiction encompasses the scope of sovereign immunity."). When a defendant seeks dismissal under Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); see also Lucas v. Henrico Cty. School Bd., 822 F. Supp. 2d 589, 599 (E.D. Va. 2011). Nonetheless, as explained below, there is some

---

[18] Big Picture and Ascension also assert that the Court lacks personal jurisdiction over them, but they spend little time arguing this point given the Fourth Circuit's broad reading of RICO's nationwide service of process provision. See ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 627 (4th Cir. 1997). Thus, the Court will not address any personal jurisdiction issues in this opinion.

JA235

disagreement here about which party bears the burden with respect to tribal sovereign immunity.

Two types of Rule 12(b)(1) motions exist:

> First, a 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration.

> However, a 12(b)(1) motion may also . . . challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. In such a challenge, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Lucas, 822 F. Supp. 2d at 599 (internal citations omitted). Moreover, in the latter situation—including where, as here, a defendant asserts sovereign immunity—the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (internal quotations omitted); see also Blitz v. Napolitano, 700 F.3d 733, 736 n.3 (4th Cir. 2012) ("[On] a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings . . . ." (second

39

alteration in original) (internal quotations omitted)). The
court then must "weigh[] the evidence to determine its
jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.
1982).

## II. Tribal Sovereign Immunity

### A. Legal Standard

#### 1. In General

Federally-recognized Indian tribes are "separate sovereigns
pre-existing the Constitution" that, "unless and until Congress
acts, . . . retain their historic sovereign authority." Michigan
v. Bay Mills Indian Cmty., 572 U.S. ___, 134 S. Ct. 2024, 2030
(2014) (internal quotations omitted). "Among the core aspects of
sovereignty that tribes possess . . . is the common-law immunity
from suit traditionally enjoyed by sovereign powers," which
shields tribes from liability "absent congressional
authorization (or a waiver)." Id. at 2030-31 (citing Kiowa Tribe
of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 756 (1998)). The
Supreme Court has on multiple occasions refused to "confine
[tribal] immunity . . . to transactions on reservations and to
governmental activities." Kiowa, 523 U.S. at 754-55; see also
Bay Mills Indian Cmty., 134 S. Ct. at 2036 (declining to revisit
Kiowa and recognize "any exceptions for commercial or off-
reservation conduct"). Thus, even though this broad scope of

40

immunity may have "unfortunate consequences," it is "settled law." Everette v. Mitchem, 146 F. Supp. 3d 720, 723 (D. Md. 2015) (citing Bay Mills Indian Cmty., 134 S. Ct. at 2052 (Thomas, J., dissenting) ("In the wake of Kiowa, tribal immunity has also been exploited in new areas that are often heavily regulated by States. For instance, payday lenders . . . often arrange to share fees or profits with tribes so they can use tribal immunity as a shield for conduct of questionable legality.")); see also Kiowa, 523 U.S. at 756 (acknowledging that tribal immunity is "settled law," even if "[t]here are reasons to doubt the wisdom of perpetuating the doctrine").[19]

Consistent with the idea that "an arm or instrumentality of the State generally enjoys the same immunity as the sovereign itself," Lewis v. Clarke, 581 U.S. ___, 137 S. Ct. 1285, 1290 (2017), courts in other circuits have universally held that "an

---

[19] The Supreme Court has not addressed whether, under Kiowa, "immunity should apply in the ordinary way if a tort victim, or other plaintiff who has not chosen to deal with a tribe, has no alternative way to obtain relief for off-reservation commercial conduct." Bay Mills Indian Cmty., 134 S. Ct. at 2036 n.8; see also Kiowa, 523 U.S. at 758 ("[I]mmunity can harm those who are unaware that they are dealing with a tribe, who do not know of tribal immunity, or who have no choice in the matter, as in the case of tort victims."). However, Plaintiffs willingly chose to contract with Big Picture when obtaining their loans, and Big Picture's association with the Tribe (and possible protection by sovereign immunity) was obvious from the face of Big Picture's loan agreements, so none of those hypothetical situations present themselves here.

41

entity that functions as an arm of a tribe shares in the tribe's
immunity," Alabama v. PCI Gaming Auth., 801 F.3d 1278, 1287–88
(11th Cir. 2015); see also White v. Univ. of Cal., 765 F.3d
1010, 1025 (9th Cir. 2014); Breakthrough Mgmt. Grp., Inc. v.
Chukchansi Gold Casino & Resort, 629 F.3d 1173, 1183 (10th Cir.
2010); Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck
Hous. Auth., 207 F.3d 21, 29 (1st Cir. 2000); Hagen v. Sisseton-
Wahpeton Cmty. Coll., 205 F.3d 1040, 1043 (8th Cir. 2000); In re
IntraMTA Switched Access Charges Litig., 158 F. Supp. 3d 571,
575 (N.D. Tex. 2015). Although the Fourth Circuit has implicitly
approved of this conclusion, it has never affirmatively adopted
it. See United States v. Bly, 510 F.3d 453, 465 (4th Cir. 2007)
(Motz, J., concurring); Aleman v. Chugach Support Servs., Inc.,
485 F.3d 206, 213 (4th Cir. 2007). Nonetheless, several courts
in the Fourth Circuit have taken the consensus approach. See
Howard v. Plain Green, LLC, No. 2:17CV302, 2017 WL 3669565, at
*3 (E.D. Va. Aug. 7, 2017), report and recommendation adopted,
2017 WL 3669096 (E.D. Va. Aug. 24, 2017); Everette, 146 F. Supp.
3d at 723; Madewell v. Harrah's Cherokee Smokey Mountains
Casino, No. 2:10CV8, 2010 WL 2574079, at *3 (W.D.N.C. May 3,
2010), report and recommendation adopted, 730 F. Supp. 2d 485
(W.D.N.C. 2010).

42

The parties do not dispute that Big Picture and Ascension would be immune from suit if they qualify as arms of the Tribe, so the sole question here is whether they do so. Federal and state courts have employed several tests to determine if an entity is an arm of a tribe, but the most common was laid out in Breakthrough. See 629 F.3d at 1187-88 & n.10; Howard, 2017 WL 3669565, at *3 ("Federal courts have not settled on a uniform test, but the Tenth Circuit's analysis is the most comprehensive . . . ."). Under that framework, courts consider six factors to decide if the relationship between tribes and entities is close enough to justify immunity: "(1) [the entities'] method of creation; (2) their purpose; (3) their structure, ownership, and management, including the amount of control the tribe has over the entities; (4) whether the tribe intended for the entities to have tribal sovereign immunity; (5) the financial relationship between the tribe and the entities; and (6) whether the purposes of tribal sovereign immunity are served by granting immunity to the entities."[20] Breakthrough

---

[20] The court did "not conclude[] that those factors constitute an exhaustive listing or that they will provide a sufficient foundation in every instance for addressing the tribal-immunity question." Breakthrough Mgmt., 629 F.3d at 1187 n.10 (emphasis in original). However, the parties do not suggest that the Court should rely on any factors other than those listed, so this limitation is not meaningful here.

43

JA240

Mgmt., 629 F.3d at 1183, 1187-88. Courts should apply these factors only to the entity claiming tribal immunity, but the entity's "prior operations under [different] names may shed light on the inquiry." People ex rel. Owen v. Miami Nation Enters., 386 P.3d 357, 376 (Cal. 2016).[21] The central question "'is not whether the activity may be characterized as a business, which is irrelevant under Kiowa, but whether the entity acts as an arm of the tribe so that its activities are properly deemed to be those of the tribe.'" In re IntraMTA, 158 F. Supp. 3d at 576 (quoting Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006)). In resolving that issue, courts should "take[] into account both formal and functional considerations—in other words, not only the legal or organizational relationship between the tribe and the entity,

---

[21] Big Picture and Ascension criticize Plaintiffs' frequent citations to Miami Nation on the basis that the case's discussion of tribal immunity tried to align Breakthrough with California law, not federal law. But tribal immunity is a common-law immunity that operates the same way in state and federal court, so the location of the underlying lawsuit in Miami Nation does not make that case any less helpful here. Indeed, Breakthrough itself relied heavily on cases from state courts, including California courts. See 629 F.3d at 1187-88. Moreover, the Tenth Circuit, which authored Breakthrough, has agreed with Miami Nation's more practical view of tribal immunity (albeit to require more jurisdictional discovery, and not to decide the ultimate immunity question). See Finn v. Great Plains Lending, LLC, 689 F. App'x 608, 611 (10th Cir. 2017). Thus, Miami Nation can help explain the Breakthrough factors even if the tests in those cases are different.

but also the practical operation of the entity in relation to the tribe." Miami Nation, 386 P.3d at 365. "These functional considerations illuminate the degree to which imposition of liability on the entity would practically impair tribal self-governance." Id. at 371.

### 2. Burden of Proof

Before turning to the merits of the jurisdictional dispute, the Court must first address which party bears the burden of proof as to a tribal arm's entitlement to sovereign immunity. Big Picture and Ascension contend that this question is easily answered because, in the Fourth Circuit, a plaintiff responding to a Rule 12(b)(1) motion must prove that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. However, this cursory assertion ignores the complexity of the jurisdictional issues raised by sovereign immunity. It is well-settled that the plaintiff bears the burden of showing subject matter jurisdiction, and that tribal immunity—like any sovereign immunity—"'deprives a court of jurisdiction'" over a defendant. Everette, 146 F. Supp. 3d at 723 (quoting Jones, 225 F.3d at 469). But those statements do not necessarily imply that tribal immunity is a matter of subject matter jurisdiction in the traditional sense—like, for instance, diversity of citizenship—or, instead, a factual issue

45

JA242

with jurisdictional implications. In fact, "the jurisdictional nature of tribal immunity has never been definitively settled," and has sometimes been discussed in terms of personal jurisdiction, at least in California courts. Miami Nation, 386 P.3d at 370. Federal courts have also reached differing conclusions on the point. Compare Miner Elec., Inc. v. Muscogee (Creek) Nation, 505 F.3d 1007, 1009 (10th Cir. 2007) ("Tribal sovereign immunity is a matter of subject matter jurisdiction . . . .") with In re Prairie Island Dakota Sioux, 21 F.3d 302, 305 (8th Cir. 1994) (tribal immunity "is a jurisdictional consideration separate from subject matter jurisdiction"). This categorization is important: pure subject matter jurisdictional issues, unlike tribal immunity, cannot be waived, and must be raised sua sponte by a court if it might lack the ability to hear a case. See Miami Nation, 386 P.3d at 370. Given these contrasts, it is possible that the burden for tribal immunity issues should be allocated differently than the burden for subject matter jurisdictional issues.

Moreover, even assuming that tribal immunity is a question of subject matter jurisdiction, that should not necessarily put the burden on Plaintiffs to prove that Big Picture and Ascension are not entitled to sovereign immunity. Such placement would effectively assume the truth of Big Picture's and Ascension's

46

assertion that they should be immune from suit in the same way as the Tribe itself. "Arm-of-the-tribe cases, however, require the court to decide an antecedent question: whether [the entities] can claim sovereign immunity in the first instance." Id. (alteration in original) (internal quotations omitted). Big Picture and Ascension may be right that Plaintiffs, having received extensive information from jurisdictional discovery, can prove that Big Picture and Ascension are not entitled to tribal immunity just as easily as those entities can prove that they are entitled to it. At the same time, even if the parties can access the same evidence, one side must present it in a way that convinces the Court to make a particular decision, and there is no reason that Big Picture and Ascension should be freed from having to do so before the Court finds that they are entitled to tribal immunity. Stated differently, it would be odd to treat Big Picture and Ascension as immune entities without making them show it first. See id. at 371 ("An entity that is formally distinct from the tribe will be immune from suit only insofar as it benefits from the tribe's own immunity. . . . But until the entity has proven it should be treated as an extension of the tribe, it is no more entitled to a presumption of immunity than any other party.").

47

With these considerations in mind, most courts have concluded that an entity seeking tribal immunity must show by a preponderance of the evidence that it is entitled to that immunity, either as an arm of the tribe or as the tribe itself. See Gristede's Foods, Inc. v. Unkechuage Nation, 660 F. Supp. 2d 442, 465 (E.D.N.Y. 2009); City of N.Y. v. Golden Feather Smoke Shop, Inc., No. 08-CV-3966, 2009 WL 705815, at *4 (E.D.N.Y. Mar. 16, 2009); Miami Nation, 386 P.3d at 371. But see Cash Advance & Preferred Cash Loans v. State, 242 P.3d 1099, 1113 (Colo. 2010) (requiring plaintiff to prove by a preponderance of the evidence that tribal entities are not entitled to immunity because tribal immunity "bears a substantial enough likeness to subject matter jurisdiction to be treated as such for procedural purposes"). Besides the practical aspects noted above, those courts found considerable support in cases involving arms of the state, in which courts have held that the governmental entity invoking the Eleventh Amendment must show that it qualifies as an arm of the state. See, e.g., Golden Feather, 2009 WL 705815, at *4; see also U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 147 (4th Cir. 2014) (Traxler, C.J., concurring in judgment in part and dissenting in part) ("[T]he circuits that have considered similar assertions of arm-of-state status have uniformly concluded that it is an affirmative defense to be

48

raised and established by the entity claiming to be an arm of the state."). Because the arm-of-the-tribe and the arm-of-the-state analyses are functionally identical in the sovereign immunity context, it is illogical to place the burden on different parties in each situation.

The problem here is that the Fourth Circuit has not addressed which party bears the burden on the arm-of-the-state question. Plaintiffs claim that the Fourth Circuit has held that "'arm-of-state status . . . must be treated as an affirmative defense.'" Pls. Opp. at 17 (quoting Oberg, 745 F.3d at 148 (Traxler, C.J., concurring in judgment in part and dissenting in part)). That contention is plainly wrong, as the language quoted is from Chief Judge Traxler's opinion concurring in the judgment and dissenting, which is not precedent. The majority in Oberg, however, did acknowledge that "arm-of-the-state status may well constitute an affirmative defense in the related Eleventh Amendment context." 745 F.3d at 136. Relying on that brief statement, another judge in the Court has concluded that the entity asserting sovereign immunity bears the burden of demonstrating that it is an arm of the state. Pele v. Pa. Higher Educ. Assistance Agency, 13 F. Supp. 3d 518, 522 (E.D. Va. 2014); see also Pope v. Barnwell Cty. Sch. Dist. No. 19, No. 1:16-CV-01627-JMC, 2017 WL 1148741, at *4 (D.S.C. Mar. 28,

49

JA246

2017). Accordingly, the arm-of-the-state framework is just as influential here in determining which side has the burden in the arm-of-the-tribe inquiry as it was in Miami Nation and Golden Feather. As a result, the Court will join those courts in concluding that the entities claiming tribal sovereign immunity—here, Big Picture and Ascension—bear the burden of establishing by a preponderance of the evidence that they are entitled to that immunity as arms of the tribe.

### B. Application of Breakthrough Factors

Reviewing the six Breakthrough factors in the context of the parties' jurisdictional discovery, the Court concludes that Big Picture and Ascension have not met their burden of proof and, therefore, are not entitled to sovereign immunity.

### 1. Method of Creation

The first factor "focuse[s] on the law under which the entity was formed. Formation under tribal law weighs in favor of immunity, whereas formation under state law has been held to weigh against immunity." Miami Nation, 386 P.3d at 372 (internal citations omitted). Consistent with that statement, courts have found that this factor supports sovereign immunity where entities' formation documents showed that they were organized under and operated pursuant to tribal law. See White, 765 F.3d at 1025; Breakthrough Mgmt., 629 F.3d at 1191-92; Allen, 464

50

JA247

F.3d at 1046; Howard, 2017 WL 3669565, at *3; Everette, 146 F.
Supp. 3d at 724; In re IntraMTA, 158 F. Supp. 3d at 576; Miami
Nation, 386 P.3d at 376. In contrast, this factor has weighed
against sovereign immunity where it was clear that the purported
tribal entities were incorporated under state law. See Somerlott
v. Cherokee Nation Distributors, Inc., 686 F.3d 1144, 1149 (10th
Cir. 2012); J.L. Ward Assocs., Inc. v. Great Plains Tribal
Chairmen's Health Bd., 842 F. Supp. 2d 1163, 1176 (D.S.D. 2012).

Applying that rationale here, this factor weighs in favor
of immunity. Big Picture and Ascension were both organized
through resolutions by the LVD Council, which was itself
exercising the power given to it by the LVD Constitution, and
the entities operated pursuant to the Tribe's Business
Ordinance. See Aug. 26, 2014 Resolution at 1-2 (Big Picture);
Big Picture Arts. of Organization at 1; Feb. 5, 2015 Ascension
Resolution at 1-2; Ascension Arts. of Organization at 1. The
same is true of Red Rock, the loans of which were assigned to
Big Picture after TED acquired Bellicose. Sept. 14, 2011
Resolution at 1; Red Rock Arts. of Organization at 1. As in the
cases noted above, these tribal formation documents justify Big
Picture's and Ascension's claims to sovereign immunity.

Plaintiffs contend that looking only to the documents under
which Big Picture and Ascension were organized fails to account

for other circumstances surrounding their formation—namely, the cease-and-desist letter issued to Red Rock by the New York Department of Financial Services, the "mounting pressure" against rent-a-tribe schemes, and Hazen's inability to explain who decided to create Big Picture. Pls. Opp. at 18. It is true that "[t]he circumstances under which the entity's formation occurred, including whether the tribe initiated or simply absorbed an operational commercial enterprise," may be relevant to this factor. Miami Nation, 386 P.3d at 372. Here, it is telling that Big Picture and Ascension were not formed until after the Tribe was denied an injunction against the New York cease-and-desist. See Otoe-Missouria, 974 F. Supp. 2d at 353. Plaintiffs have presented credible evidence that, following that decision, Martorello and the Tribe looked for ways to restructure Red Rock's lending operation in order to reduce exposure to liability. Indeed, several steps in February 2015— the formation of TED and Ascension, the reorganization of Big Picture with TED as its sole member, and the initiation of the Tribe's Bellicose purchase—were apparently taken with that very goal in mind. Moreover, although Red Rock was formed as a tribal entity, Bellicose and its subsidiaries, like SourcePoint, were a critical part of Red Rock's business. Thus, by creating Big Picture and Ascension, the Tribe was not starting an independent

52

lending operation but rather facilitating the absorption of Red
Rock's fully-functioning lending enterprise—which had a
decidedly non-tribal character, given Bellicose's involvement.
Big Picture and Ascension may be right that Hazen's lack of
knowledge about the decision to create Big Picture is not
meaningful on its own. But, viewed in context, Hazen's
unawareness teaches that the impetus behind the formation of Big
Picture and Ascension was Martorello and Bellicose's desire to
avoid liability, more so than the Tribe's interest in starting
its own business. Consequently, these circumstances limit the
extent to which this factor weighs in favor of sovereign
immunity. Moreover, the real significance of this evidence is in
the second Breakthrough factor: the purpose factor.

However, Plaintiffs' second assertion—that Ascension's
registration as a foreign LLC in Puerto Rico also affects the
formation factor—is much less persuasive. Somerlott held that
the Breakthrough factors are "inapplicable to entities which are
legally distinct from their members and which voluntarily
subject themselves to the authority of another sovereign which
allows them to be sued." Somerlott, 686 F.3d at 1149-50.
Plaintiffs point out that, although Ascension may be organized
under tribal law, it subjected itself to the laws and the
possibility of being sued in Puerto Rico by registering as a

foreign LLC there. See P.R. Laws tit. 14, §§ 3522(a), 3806(b), 4021(a)(1). But Somerlott's holding was premised entirely on the entity's incorporation under state law, which distinguished the case from others in which entities claiming to be arms of a tribe were "organized, in some form or another, under tribal law." 686 F.3d at 1149; see also J.L. Ward, 842 F. Supp. 2d at 1176 (entity was "created by incorporation under South Dakota, rather than tribal, law" (emphasis added)). Plaintiffs' attempt to skirt this limitation is unsupported by Somerlott, which demonstrated its holding by explaining that a corporation owned by the United States but incorporated under New York law would not share the United States' sovereign immunity. 686 F.3d at 1150. Ascension's background is obviously different, as it is both owned by the Tribe and incorporated under its laws. See Rassi v. Fed. Program Integrators, LLC, 69 F. Supp. 3d 288, 291 (D. Me. 2014) (distinguishing Somerlott where tribe formed subordinate entity under similar circumstances). Thus, this argument misses the mark. As a result, the first Breakthrough factor supports a finding of sovereign immunity for both Big Picture and Ascension, albeit with the caveat noted above.

### 2. Purpose of Entities

The second factor "encompasses both the stated purpose for which the entity was created and the degree to which the entity

54

JA251

actually serves that purpose." Miami Nation, 386 P.3d at 372;
see also Breakthrough Mgmt., 629 F.3d at 1192-93 (considering
both elements). The initial question is whether the entity has a
stated purpose that "relates to broader goals of tribal self-
governance" separate from the entity's commercial activities,
like developing the tribe's economy or funding governmental
services, or whether "the entity was created solely for business
purposes and without any declared objective of promoting the
tribe's general tribal or economic development." Miami Nation,
386 P.3d at 372 (internal quotations omitted). If such a purpose
exists, the inquiry then turns to the entity's "execution" of
that purpose; the "fit . . . need not be exact, but the closer
the fit," the more it supports tribal immunity. Id. For
instance, evidence of "the number of jobs [the entity] creates
for tribal members or the amount of revenue it generates for the
tribe" suggests that it is an arm of the tribe, but "evidence
that the entity engages in activities unrelated to its stated
goals or that [it] actually operates to enrich primarily persons
outside of the tribe or only a handful of tribal leaders" shows
the opposite.[22] Id. at 373.

---

[22] Miami Nation cites no case law in support of this required
"fit" between purpose and execution. See 386 P.3d at 372-73.
Nonetheless, Miami Nation's conclusion makes sense logically,
and Breakthrough supports the more exacting inquiry called for

The stated purposes of both Big Picture and Ascension
relate to the Tribe's goal of economic self-sufficiency. Big
Picture's stated purpose is "[t]o engage in the business of
operating one or more Tribal lending business(es)," Big Picture
Arts. of Organization, Art. 5, which it does as part of the LVD
Council's "strategic economic development efforts" that are
aimed at "diversify[ing] the economy of the Tribe's reservation
in order to improve the Tribe's economic self-suffiency," Aug.
26, 2014 Resolution at 1. Similarly, Ascension's stated purpose
is "[t]o engage in the business of operating one or more Tribal
marketing, technology and vendor service business(es),"
Ascension Arts. of Organization, Art. 5, which helps fulfill the
same tribal economic development efforts, see Feb. 5, 2015
Ascension Resolution at 1. Those stated purposes must also be
read in conjunction with that of TED, the sole member of both
entities, which works "[t]o promote the economic development of
the Tribe through the development of business opportunities."
TED Arts. of Organization, Art. 5. Along the same lines, TED's
management activities are intended "to further the economic
development of the Tribe." Feb. 5, 2015 TED Resolution at 1.
These goals—development and execution of an online lending

---

by Miami Nation. See Breakthrough Mgmt., 629 F.3d at 1192-93
(examining entity's revenue allocation in considering purpose).

business to gain revenue for the Tribe's economic benefit—are extremely similar to those that other courts have found relate to tribal self-governance. See Breakthrough Mgmt., 629 F.3d at 1192 (casino was created to "further[] the economic prosperity of the Tribe"); Howard, 2017 WL 3669565, at *3 (stated purposes included "increase[ing] [sic] Tribal revenues and enhance[ing] [sic] the Tribe's economic self-sufficiency and self-determination" (alterations in original)); Everette, 146 F. Supp. 3d at 724 (entity's purpose was "to engage in lending related activities that will generate additional revenues for the Tribe"); Gavle v. Little Six, Inc., 555 N.W.2d 284, 294 (Minn. 1996) (stated purpose was "improv[ing] the business, financial or general welfare" of the entity and tribe (alteration in original)).

On the surface, these stated purposes seem to favor Big Picture and Ascension. However, as set out in Section II.B.1 above, the record shows that the formation of Big Picture and Ascension, and indeed, much of the tribal restructuring, was for the real purpose of helping Martorello and Bellicose to avoid liability, rather than to help the Tribe start a business. And, that finding means that Big Picture and Ascension have not carried their burden on the purpose factor.

Plaintiffs also contend that Big Picture and Ascension do not fulfill their stated purposes in practice. First, they say, Big Picture and Ascension have not provided any information about the number of jobs created for the Tribe or the amount of revenue received by the Tribe from their business. Second, they note that Ascension does not employ any tribal members and generates no revenue for the Tribe. Third, they assert that Big Picture is structured such that the primary beneficiaries are Hazen (who is paid more than the other tribal employees of Big Picture) and Martorello (given that TED uses most of Big Picture's revenue to make loan payments to Eventide).[23]

All three arguments have merit. First, Plaintiffs are wrong to claim that Big Picture and Ascension have provided no information about the revenue generated for the Tribe; Williams has explained that money from Big Picture constitutes more than 10% of the Tribe's general fund, and may contribute more than 30% of the fund within the next few years. Williams Aff. ¶ 10.

---

[23] Plaintiffs also argue that Red Rock's distribution of limited revenue to the Tribe in 2014 and 2015 should influence the Court's decision. However, Red Rock is a defunct entity that made distributions pursuant to a servicing agreement with another entity, SourcePoint, that also no longer exists, and that agreement has no bearing on the parties asserting tribal immunity (the relationship of which is governed by an entirely different contract). Given those differences, Red Rock's situation does not "shed light on the [purpose] inquiry" and will not affect the Court's consideration of this factor. Miami Nation, 386 P.3d at 375.

58

The Tribe obtains these funds both through TED's monthly 3% distributions, and as interest on its substantial investment in Big Picture's enterprise. See id. ¶¶ 8-10. Nonetheless, courts assessing an entity's execution of purpose have examined how much revenue the tribe actually received from the entity. See Breakthrough, 629 F.3d at 1192-93 (concluding that entity's business "clearly benefit[ed] the Tribe" based on percentage allocation of revenue to certain tribal governmental functions); Everette, 146 F. Supp. 3d at 724 (noting that revenue was used "to fund various tribal governmental, educational, and social services" and to provide specified "essential services"). In that regard, Hazen's statement that those funds "support LVD governmental essential services and support the LVD community" in numerous ways, Hazen Aff. ¶ 31, is far too general, as it sheds no light on how much Big Picture's revenue helped fund those services. That money might, for instance, constitute only a small, insignificant part of the funding for the services that Hazen has identified. If that is true, then Big Picture would not be effectively serving the Tribe's economic development. The evidence provided by Big Picture and Ascension, which bear the burden of proof here, is too vague to eliminate that possibility.

59

JA256

Furthermore, even if Big Picture's revenue is a meaningful portion of the Tribe's general fund, the revenue received by the Tribe is a sliver of Big Picture's total earnings. The entity seeking immunity in _Breakthrough_ provided 100% of its revenue to various tribal services. 629 F.3d at 1192-93. Here, in contrast, the Note expressly limits the funds available to the Tribe to 5% of Big Picture's monthly revenue—the 3% monthly distribution and the 2% reinvestment amount, if the latter is treated as a current benefit to the Tribe.[24] _See_ Note § 1.2. _Breakthrough_ did not specify any revenue allocation percentage that must be reached to reflect an adequate fit between purpose and execution, but _Miami Nation_ noted that a similarly small revenue distribution—a monthly payment of either 1% of the entity's revenue or $25,000—would not economically benefit the tribe. _See_ 386 P.3d at 377-78. The evidence here further indicates that Big Picture has, over time, given the Tribe a little less than $5 million, whereas TED has made loan repayments to Eventide of

---

[24] Plaintiffs assert that this amount is not a current benefit because TED will not receive any reinvestment amount if it defaults on the loan. No evidence shows that TED is likely to default in the near future, and the Big Picture balance sheets cited by Plaintiffs appear to treat that reinvestment amount as a current asset. Plaintiffs' assertion thus relies on the wholly speculative premise that TED will, at some future date, take some action that qualifies as an event of default. _See_ Loan Agm't § 6.1. The Court will not base its conclusion about Big Picture's purpose on a guess about the future.

60

about $20 million.[25] Big Picture Suppl. Interrogatory Responses ¶ 1. In other words, even under this broader view—which accounts for the months in which Eventide has not received any distribution—the Tribe has only received about 20% of Big Picture's total revenue, still a relatively small percentage. That imbalance shows that Big Picture has not served its stated purpose very well. And, even if Big Picture will not owe Eventide anything after the Note terminates in several years, Note § 1.3, the revenue distribution disparity will almost certainly have increased in that period, assuming Big Picture's revenue stream remains similar to what it has been since the parties entered into the Note.

Ascension is in a very similar position. That company supports Big Picture's lending operations and generates no revenue itself, see Intratribal Servicing Agm't § 3.4, so the purpose analysis for Big Picture applies to Ascension in much the same way. Some evidence also demonstrates that Ascension

---

[25] As noted, Martorello claims that the Tribe has actually obtained more economic consideration than Eventide since the Bellicose purchase. Martorello Decl. ¶ 63. However, that assertion is based on his valuation of equity consideration from some unknown "audited financial statements." Id. Because Big Picture and Ascension have not provided those statements here, it is impossible to verify the accuracy of Martorello's statement in the face of conflicting evidence showing that the Tribe's actual economic benefit under the Note has been dwarfed by Eventide's.

61

fulfills its nominal purpose even less effectively than Big Picture. Whereas Big Picture's employees primarily belong to the Tribe and work on its reservation, Ascension does not employ any non-tribal members, instead relying mostly on employees that previously worked at Bellicose. That composition may have been justified when Ascension was formed in 2015 because the company needed individuals with certain technical knowledge for the required support services, and Bellicose's employees were the perfect candidates. But, in the several years since, Hazen's and Williams' testimony instructs that the Tribe has done little more than encourage tribal members to pursue educational opportunities that would allow them to work for Ascension and Big Picture in the future.[26] Thus, Ascension has failed to contribute much to the Tribe's self-governance, either directly (by supporting Big Picture's minimal revenue generation) or indirectly (by hiring tribal employees).

Finally, Big Picture's and Ascension's compensation structures underscore the companies' poor execution of their purposes. Despite what Plaintiffs claim, the evidence does not

---

[26] Plaintiffs' assertion that Ascension or the Tribe has not started any training programs for tribal members to work at the company assumes, without any apparent basis in the evidence, that the Tribe has both the capacity and the funds to do so. This failure to pursue some possibly unachievable hypothetical goal does not count against Ascension in the purpose analysis.

indicate that Martorello himself has received any substantial economic benefit from Big Picture, certainly not in the same sense as the non-tribal individuals in Miami Nation. See 386 P.3d at 363, 378 (noting that individuals used alleged tribal entities' checks to pay for their personal expenses). However, Plaintiffs' breakdown of the compensation of Hazen, other tribal employees of Big Picture, all employees of Ascension, and the total amount paid to Ascension by Big Picture clearly illustrates two things: (1) Hazen has profited from Big Picture's lending operation far more than any other tribal members, and (2) Ascension's employees are paid handsomely compared to Big Picture's employees. These compensation differences lead to the conclusion that Big Picture and Ascension primarily benefit individuals and entities outside the Tribe, or only one tribal leader, both of which are inconsistent with the goal of economic development. See id. at 373.

Given these circumstances—and even granting that the fit between purpose and execution need not be exact, id. at 372—Big Picture and Ascension have largely failed to fulfill their stated purposes. Accordingly, this factor weighs against sovereign immunity for both entities.

63

### 3. Structure, Ownership, and Management of Entities, Including Amount of Tribe's Control

This factor focuses primarily on the leadership of the entity claiming immunity. See Breakthrough Mgmt., 629 F.3d at 1193. "Relevant considerations include the entity's formal governance structure, the extent to which it is owned by the tribe, and the entity's day-to-day management." Miami Nation, 386 P.3d at 373. However, an entity's "outsourc[ing] management to a nontribal third party is not enough, standing alone, to tilt this factor against immunity." Id.; see also Gavle, 555 N.W.2d at 295 ("[C]ontrol of a corporation need not mean control of business minutiae; the tribe can be enmeshed in the direction and control of the business without being involved in the actual management."). In that case, the inquiry turns to the tribe's involvement despite the nontribal leadership. "Evidence that the tribe actively directs or oversees the operation of the entity weighs in favor of immunity; evidence that the tribe is a passive owner, neglects its governance roles, or otherwise exercises little or no control or oversight weighs against immunity." Miami Nation, 386 P.3d at 373.

Big Picture is an LLC that is 100% owned and operated by its sole member, TED, which in turn is 100% owned and operated by its sole member, the Tribe. Big Picture Arts. of

JA261

Organization, Arts. 8-9; TED Arts. of Organization, Arts. 8-9.
Big Picture is also managed by two tribal members, Hazen and
Williams, who were appointed by majority vote of the LVD Council
and must be removed in the same way. Hazen Aff. ¶ 15; Williams
Aff. ¶ 12; Big Picture Operating Agm't § 5.1(a), (d). As co-
managers, Hazen and Williams are granted the broad authority to
"bind [Big Picture] individually," and "to do and perform all
actions as may be necessary or appropriate to carry out the
business of [Big Picture] including but not limited to the power
to enter into contracts for services, to manage vendor
relationships, [and] to manage personnel issues and affairs of
[Big Picture}." Big Picture Operating Agm't § 5.1(a). They are
precluded only from restricting or selling Big Picture's assets
or waiving its sovereign immunity, for which they must obtain
TED's consent (by majority vote of the LVD Council). Id. § 5.2.
Furthermore, to the extent that Hazen and Williams are not
involved in the day-to-day operations of Big Picture, the Tribe
has a substantial role in those operations, as the entity
employs a number of tribal members and conducts all of its
operations on the Reservation. Hazen Aff. ¶ 24. Finally, the
executive leadership of Big Picture preserves the Tribe's
influence, as Hazen is the company's CEO. Id. ¶ 20; see also
Breakthrough, 629 F.3d at 1193 (factor weighed both for and

65

against immunity where directors of entity were all tribal members but some executive officers were non-tribal members). This general structure is to assure that Big Picture is answerable to the Tribe at every level, which supports immunity. See Howard, 2017 WL 3669565, at *4; Everette, 146 F. Supp. 3d at 724-25; In re IntraMTA, 158 F. Supp. 3d at 577; J.L. Ward, 842 F. Supp. 2d at 1176-77.

Plaintiffs claim, however, that Big Picture's formal structure is overcome in practice by Ascension's substantial role. In support of this assertion, Plaintiffs highlight the Intratribal Servicing Agreement,[27] which, they contend, confers significant day-to-day responsibilities on Ascension and permits little oversight by Big Picture. They acknowledge that the Agreement does not grant Ascension the authority to "engage in origination activities, execute loan documentation, or approve the issuance of loans to consumers." Intratribal Servicing Agm't § 4.1. However, they note, the Agreement assigns to Ascension the duties to give "pre-qualified leads" to Big Picture and to provide "the necessary credit-modeling data and

---

[27] Plaintiffs are correct that the Intratribal Servicing Agreement and the Servicing Agreement delegate nearly identical responsibilities to Ascension and SourcePoint, respectively. See Intratribal Servicing Agm't § 4.2.1; Servicing Agm't § 4.2.1. However, it is unclear how this similarity affects the control inquiry, as Plaintiffs do not explain how the Servicing Agreement limited the Tribe's control over Red Rock.

risk assessment strategies" used by Big Picture to decide whether to issue a loan. Id. § 4.2.1(k). Because Ascension generally identifies potential loan applicants by prescreening credit reports and then directs mass mailings to those consumers, Plaintiffs say, Big Picture's role is limited to verifying details at the loan approval stage. This minimal involvement is further shown by Williams' lack of knowledge about entities owned by Big Picture.

Plaintiffs' argument relies on two underlying contentions: (1) that the Tribe's formal oversight of Big Picture is meaningless given Ascension's dominant role in Big Picture's lending operations; and (2) that, assuming Ascension has such a role, that entity is not controlled by the Tribe. Both arguments are persuasive. As to the first assertion, it is true that the Intratribal Servicing Agreement also states that "[t]he criteria used to extend funds to individual borrowers will remain within the sole and absolute discretion" of Big Picture, and that Big Picture "shall execute all necessary loan documentation." Id. Nonetheless, considering that Ascension's responsibilities allow it to identify borrowers based on Ascension's own credit-modeling system and then prepare mass mailings to those consumers, it does not appear that Big Picture has much discretion to exercise when it receives recommendations or

67

JA264

documents from Ascension. Indeed, Ascension's actions in effect reduce Hazen's and William's responsibilities in the loan process to pro forma review and approval of key business decisions. See ECF No. 91-3; see also Big Picture Interrogatory Responses ¶ 24. Viewed in conjunction with Ascension's numerous other responsibilities under Section 4.2.1, this control is too limited to support a finding of tribal immunity. See Miami Nation, 386 P.3d at 373.

Moreover, evidence that Williams is not familiar with three Big Picture subsidiaries shows that Hazen and Williams do little to oversee Big Picture's operations as co-managers. Big Picture and Ascension point to several documents that, they say, suggest just the opposite: that those individuals "actively direct[] or oversee[] the operation of [Big Picture]." Id. For instance, Hazen and Williams have discussed items like Big Picture's operating budget and employee handbook, ECF Nos. 102-15, 102-16; and approved forms sent by employees concerning, inter alia, company policies and procedures, compliance management, and personnel decisions, ECF No. 106-13. This evidence reflects that Hazen and Williams exercise some managerial oversight over Big Picture's operations. However, Williams' testimony about other issues, like his non-involvement in Big Picture's day-to-day and lack of knowledge about customer service representatives'

responsibilities operations, demonstrates that such oversight is narrow in both scope and depth. Consequently, Big Picture has not shown by a preponderance of the evidence that the Tribe, through Hazen and Williams, controls Big Picture, so this factor weighs against immunity for that entity.

The question of Ascension's tribal control is not as close. Just like Big Picture, Ascension is an LLC that is 100% owned and operated by its sole member, TED. Ascension Arts. of Organization, Arts. 8-9. Hazen and Williams also manage Ascension, and the operating agreement gives them the same broad powers as with Big Picture and requires an LVD Council vote for their appointment and removal. Hazen Aff. ¶ 19; Williams Aff. ¶ 13; Ascension Operating Agm't §§ 5.1-5.2. At the same time, as in Breakthrough, the Tribe's control is diminished by the appointment of a non-tribal member, McFadden, as Ascension's president. See 629 F.3d at 1193. Likewise, Ascension conducts most activities outside the Reservation and employs only non-tribal members. In light of this non-tribal management, the Court must consider whether the Tribe is an active or passive owner. See Miami Nation, 386 P.3d at 373. Here, that inquiry revolves around the extent of Hazen and Williams' oversight of Ascension and the influence of non-tribal actors on Ascension's decisions.

69

JA266

Ascension has presented evidence that McFadden must obtain Hazen's or Williams' approval for "changes in operations, personnel, or distributions," McFadden Aff. ¶ 8, and that Ascension employees have submitted request and approval forms to Hazen and Williams for certain business decisions, ECF No. 106-13. Ascension's operating agreement also reserves primary oversight of the company's actions for Hazen and Williams. See Ascension Operating Agm't § 5.1(a). Nonetheless, those assertions of oversight are undercut materially because Hazen and Williams have delegated to McFadden the authority to approve Ascension's "strategic direction, goals and targets"; execute documents on the company's behalf; open and maintain Ascension's bank accounts; adopt, terminate, or change employee benefit plans; and oversee "all matters necessary for the day to day management of Ascension." Ascension Delegation of Authority Policy § 1.4. These actions are all important managerial ones that can significantly affect an entity's directions and its decisions. And, the evidence tends to show that the real management function lies not with Hazen and Williams, but with McFadden. On balance, that evidence augurs against Ascension's immunity claim.

Plaintiffs make much of provisions in the Loan Agreement that prevent TED and Ascension from modifying the Intratribal

70

Servicing Agreement or terminating or replacing any managers or officers of Ascension, among other entities, without Eventide's consent. Loan Agreement §§ 5.12, 5.14. Although there is no evidence that these rights have been exercised, their mere presence is evidence that goes against a finding of immunity because they confer on Eventide, and hence Martorello, significant control mechanisms over significant aspects of Ascension's operations. On balance, the control factor slightly favors a finding against immunity. At best for Big Picture and Ascension, it is neutral, and thus does not aid them in meeting their burden of proof.

### 4. Tribe's Intent with Respect to Sharing of Sovereign Immunity

Big Picture's and Ascension's formation documents show that the Tribe intended for both entities to share its immunity. The resolutions organizing each company state:

> [T]he [LVD] Council believes it to be in the best interest of the Tribe to create such an entity which, as a wholly owned and operated instrumentality of the Tribe, shall be possessed of all the privileges of the Tribe, including but not limited to the sovereign immunity of the Tribe which shall not be waived unless authorized by the [LVD] Council . . . .

Aug. 26 2014 Resolution at 2; Feb. 5, 2015 Ascension Resolution at 2. Each entity's articles of organization reiterate that

71

JA268

"[t]he sovereign immunity of the [entity] shall remain intact unless waived by [TED] pursuant to a duly authorized resolution of the [LVD] Council." Big Picture Arts. of Organization, Art. 7; Ascension Arts. of Organization, Art. 7. Other courts have found similar language sufficient for this factor to support tribal immunity. See Breakthrough, 629 F.3d at 1193-94; Howard, 2017 WL 3669565, at *4; Everette, 146 F. Supp. 3d at 725.

Plaintiffs concede that this factor weighs in Big Picture's and Ascension's favor, but argue that the Court should accord it the least weight out of all the factors. Plaintiffs are right that the intent factor "reveals little about 'whether the entity acts as an arm of the tribe so that its activities are properly deemed to be those of the tribe,'" Miami Nation, 386 P.3d at 379 (emphasis in original) (quoting Allen, 464 F.3d at 1046), but they mistake the significance of that statement. Miami Nation simply held that tribal intent "cannot, without more, . . . tip the balance in favor of immunity" where that factor is the only one to point "unequivocally" in that direction. Id. (internal quotations omitted). Big Picture and Ascension do not ascribe to this factor such outsized importance in the immunity analysis; indeed, they discuss it the least of any Breakthrough factor. Moreover, neither Miami Nation nor any other case holds that the

72

intent factor should be given any less weight. Therefore, the Court will consider this factor as it would any other.

But here the intent factor must be assessed in perspective of the context in which Big Picture and Ascension were created. As explained above, the record shows that those entities were intended to be vehicles that would shield Martorello and Bellicose from liability. Then, on this record, the intent factor weighs against a finding of immunity because to do otherwise is to ignore the driving force for the Tribe's intent to share its immunity. Here, the Tribe's intent no doubt was, in part, to help the Tribe, but to do so by providing its immunity to shelter outsiders from the consequences of their otherwise illegal actions.

### 5. Financial Relationship Between Tribe and Entities

The "starting point" for this factor is "whether a judgment against the entity would reach the tribe's assets." Miami Nation, 386 P.3d at 373; see also J.L. Ward, 842 F. Supp. 2d at 1176 (factor weighed against immunity because "[a] suit against [the entity] would not appear to affect, at least not directly, any particular tribe's fiscal resources"). However, "direct tribal liability . . . is neither a threshold requirement for immunity nor a predominant factor in the overall analysis." Miami Nation, 386 P.3d at 373; see also Breakthrough Mgmt., 629

73

F.3d at 1187 ("Although . . . the financial relationship between a tribe and its economic entities is a relevant measure of the closeness of their relationship, . . . it is not a dispositive inquiry.").[28] After all, "[s]ome tribes rely on [an entity's] business revenues to an extent that a judgment against the entity could effectively strike a blow against the tribal treasury, regardless of whether the tribe is directly liable." Miami Nation, 386 P.3d at 373. Consequently, courts consider the extent of the tribe's dependence on the entity "'for revenue to fund its governmental functions, its support of tribal members, and its search for other economic development opportunities.'" Id. (quoting Breakthrough Mgmt., 629 F.3d at 1195). Accordingly, "[i]f a significant percentage of the entity's revenue flows to the tribe, or if a judgment against the entity would significantly affect the tribal treasury, this factor will weigh in favor of immunity even if the entity's liability is formally limited." Id.

---

[28] Miami Nation specifically rejected holdings by other state courts that the tribe's direct liability (or lack thereof) was dispositive of the financial relationship factor. See 386 P.3d at 373 (citing Sue/Perior Concrete & Paving, Inc. v. Lewiston Golf Course Corp., 25 N.E.3d 928, 935 (N.Y. 2014); Runyon ex rel. B.R. v. Ass'n of Vill. Council Presidents, 84 P.3d 437, 440-41 (Alaska 2004)). Given that Sue/Perior and Runyon represent the minority approach on this issue, the Court will not follow them here.

74

The Tribe would not be directly affected by any judgment against Big Picture or Ascension. Each entity's operating agreement contains a liability limitation provision that makes the entity's "debts, liabilities, and obligations" its own. Big Picture Operating Agm't § 4.3; Ascension Operating Agm't § 4.3. The entities' interrogatory responses confirm that the Tribe would not be liable for any judgment against the entities because they are LLCs. Big Picture Interrogatory Responses ¶ 23; Ascension Interrogatory Responses (ECF No. 83-13) ¶ 18. Accordingly, neither company can satisfy this aspect of the financial relationship factor.

Other evidence further establishes that Big Picture and Ascension lack a strong financial connection to the Tribe. The structure of the Note ensures that the Tribe's monthly gains will only consist of, at most, 5% of Big Picture's revenue. Thus, as described above, the Tribe has received a little less than 20% of the total revenue distributed under the Note. Because the Tribe receives a very small part of Big Picture's revenue, this factor does not cut the same way as in cases where "all of [the entity's] profits inure[d] to the benefit of the Tribe." Howard, 2017 WL 3669565, at *4; see also Breakthrough Mgmt., 629 F.3d at 1195 ("One hundred percent of the Casino's revenue goes to the Authority and then to the Tribe.").

75

JA272

Furthermore, the other evidence that Big Picture and Ascension claim weighs in favor of immunity is unconvincing. First, notwithstanding the interest payments that the Tribe receives as an investor in Big Picture, Williams Aff. ¶¶ 8-9, the total distributions to the Tribe under the Note are limited. Consequently, although it might be true in theory that "any reduction in [Big Picture]'s revenue that could result from an adverse judgment against it would therefore reduce the Tribe's income," Breakthrough Mgmt., 629 F.3d at 1195, the actual effect on the Tribe appears to be insubstantial. Second, Big Picture's revenue does not play as important a role in the Tribe's general fund as in other cases where this factor supported immunity. See Breakthrough Mgmt., 629 F.3d at 1195 (tribe "depend[ed] heavily on the [entity]" for funding); Everette, 146 F. Supp. 3d at 724. As noted, Big Picture has not provided an exact breakdown of revenue allocation to different tribal services, so it is impossible to discern how the Tribe would be affected, if at all, if a judgment harmed Big Picture's operations. Third, there is evidence that Big Picture does not comply with its operating agreement's mandatory cash distribution requirement when balances exceed $500. See, e.g., ECF No. 83-24 at MARTORELLO_000218; see also Big Picture Operating Agmt' § 6.2. If Big Picture does not transfer its funds to TED when it

76

JA273

should, then the Tribe likely does not need that money on a timely basis. Given these circumstances, this factor weighs against Big Picture.

Ascension's financial relationship with the Tribe is not very different. By its own admission, Ascension does not generate revenue for itself or for the Tribe, so a judgment against Ascension could not possibly affect the Tribe's revenue directly. However, given that Ascension performs critical services for Big Picture, any judgment that limited Ascension's operations or forced it to close would, by extension, drastically reduce Big Picture's revenue. This potential indirect effect on the Tribe's general fund is important in the financial relationship framework. See Breakthrough Mgmt., 629 F.3d at 1195; Miami Nation, 386 P.3d at 373. Yet, for the reasons detailed above, any reduction in Big Picture's revenue would not be felt strongly by the Tribe itself. Consequently, this factor also weighs against immunity for Ascension.

### 6. Fulfillment of Purposes Underlying Tribal Immunity

The final factor assesses "the policies underlying tribal sovereign immunity and its connection to tribal economic development, and whether those policies are served by granting immunity to the economic entities." Breakthrough Mgmt., 629 F.3d at 1187. "Those policies include protection of the tribe's

monies, as well as preservation of tribal cultural autonomy, preservation of tribal self-determination, and promotion of commercial dealings between Indians and non-Indians." Id. at 1188 (internal citations and quotations omitted); cf. Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 510 (1991) (federal statutes affirming tribal immunity "reflect Congress' desire to promote the goal of Indian self-government, including its overriding goal of encouraging tribal self-sufficiency and economic development" (internal quotations omitted)).

At first glance, granting sovereign immunity to Big Picture and Ascension would appear to serve these purposes. As noted, more than 10% of the Tribe's general fund comes from Big Picture's revenue, and that percentage will increase to more than 30% in the next few years. In addition, Hazen has stated that those funds "are used to provide a variety of social services and other benefits for the Tribe." Howard, 2017 WL 3669565, at *4. Even though Ascension does not make any money itself, it necessarily contributes to Big Picture's revenues by providing crucial technical and marketing services. As a result, both entities seem to "promote and fund the Tribe's self-determination through revenue generation and the funding of

78

diversified economic development." Breakthrough Mgmt., 629 F.3d at 1195; see also Everette, 146 F. Supp. 3d at 725.

However, a closer look reveals that neither Big Picture nor Ascension fulfills those goals very well, if at all. The inadequacies of Hazen's general statements about the Tribe's use of Big Picture's revenues are detailed above. Because the extent to which the Tribe has actually used Big Picture's funds for the services noted by Hazen is unclear, the Court cannot tell whether granting immunity here "directly protects the . . . Tribe's treasury, which is one of the historic purposes of sovereign immunity in general." Allen, 464 F.3d at 1047. Moreover, even assuming that Big Picture's lending operation and Ascension's support have contributed to the Tribe's economic self-development to some extent, those entities' actions have primarily enriched non-tribal entities like Eventide and, possibly, individuals like Martorello. The Bellicose purchase, and the resulting Note and Loan Agreement, have undoubtedly yielded some benefits for the Tribe. Yet, by limiting the Tribe's monthly distribution to a very small percentage of Big Picture's revenue, the Note forces the Tribe to receive those benefits at substantial cost—a reality that is illustrated by the sharp disparity in distributions received by the Tribe and Eventide since TED began repaying the loan.

Consequently, as Plaintiffs note, granting immunity here might have the unintended consequence of preventing the Tribe from obtaining favorable terms in future business transactions, as non-tribal entities would not be inclined to offer repayment above a certain rate. Thus, even if the Tribe is not bound by the Note's distribution structure forever, the example will have been set. Therefore, although Big Picture and Ascension serve the core purposes of tribal immunity to some extent, these circumstances cause this factor to weigh against immunity for both entities.

### C. Weight of Factors

For the reasons discussed above, Big Picture and Ascension have the burden to prove arm-of-the-tribe immunity by a preponderance of the evidence. That means the weighing of factors must permit a finding of immunity. On this record, that balance actually falls the other way, and weighing everything on the balance, the Court finds that neither entity qualifies as an arm of the Tribe. Therefore, Big Picture and Ascension are not immune from suit here.

80

**CONCLUSION**

For the foregoing reasons, DEFENDANTS BIG PICTURE LOANS AND
ASCENSION TECHNOLOGIES' MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION (ECF No. 22) was denied.

It is so ORDERED.

/s/                    *REP*
_____
Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date:  July **27**, 2018

JA278

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**LULA WILLIAMS, GLORIA TURNAGE,**
**GEORGE HENGLE, DOWIN COFFY, and**
**FELIX GILLISON, JR., on behalf of themselves**
**and all individuals similarly situated,**

|  |  |
|---|---|
| **Plaintiffs,** | **Civil Action No. 3:17-cv-00461-REP** |

**v.**

**BIG PICTURE LOANS, LLC; MATT MARTORELLO;**
**ASCENSION TECHNOLOGIES, INC.;**

**Defendants.**

_____ /

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT OF DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC

Defendants, Big Picture Loans, LLC and Ascension Technologies, LLC, (collectively, "Tribal Defendants") by counsel and pursuant to Federal Rules of Civil Procedure 54(b) and 58(d), as well as the July 25, 2019 mandate from the United States Court of Appeals for the Fourth Circuit [ECF No. 600], state as follows in support of their Motion for Entry of Judgment dismissing the Tribal Defendants.

## BACKGROUND

On July 3, 2019, the Fourth Circuit issued a published opinion, holding that the Tribal Defendants are sovereign arms of the Lac Vieux Desert Band of the Lake Superior Chippewa Indians and are immune from suit. *See Williams, et al. v. Big Picture Loans, LLC, et al.*, 929 F.3d 170 (4th Cir. 2019). The Fourth Circuit remanded the appeal "with instructions to grant the [Tribal Defendants'] motion to dismiss for lack of subject matter jurisdiction." *Id.* Under Fed. R. App.

JA279

P. 35(c) and 40(a)(1), Plaintiffs' deadline to file a petition for panel rehearing or a rehearing *en banc* was July 17, 2019.  Plaintiffs did not file any such petition.

Thus, on July 25, 2019 and in accordance with Fed. R. App. P. 41(b), the Fourth Circuit issued a mandate indicating that its July 3, 2019 Judgment was to take full effect that day.  (*See* ECF No. 600).  To date, this Court has not entered a final judgment consistent with that mandate.

## ARGUMENT

A mandate is binding upon the lower court.  Indeed, the force of the mandate "is governed by well-established principles."  *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005); *see also United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) ("Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'") (*quoting Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)).  "[O]nce a case has been decided on appeal and a mandate issued, the lower court may not deviate from that mandate but is required to give full effect to its execution."  *Dudas*, 413 F.3d at 414 (citing *Stamper v. Baskerville*, 724 F.2d 1106, 1107 (4th Cir. 1984)).  This "mandate rule" is based on "the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system."  18B Charles Alan Wright, Arthur B. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4478.3 (2d ed. 2002).  "Under the mandate rule, therefore, a lower court generally may not consider questions that the mandate has laid to rest."  *Dudas*, 413 F.3d at 415 (citing *Sprague*, 307 U.S. at 168).

As in *Dudas*, the July 25, 2019 mandate "directed the district court to dismiss this case for lack of subject matter jurisdiction and, on its face, does not authorize the district court to open the case for further adjudication."  *Id.* at 415.  "[T]he court [is] not free to do anything else but to dismiss the case."  *Id.*  Thus, as the Fourth Circuit has explained previously, "[c]ompliance with

JA280

an order to relinquish jurisdiction necessarily precludes the lower court from taking any further action other than dismissal, for to do so would involve retaining jurisdiction." *Baskerville*, 724 F.2d at 1108.

Here, to comply with the mandate, this Court can "only dismiss the case" against the Tribal Defendants by entering an order consistent with Rule 58(d). *Id.* The Fourth Circuit's instruction was "clear, direct, and limiting." *Id.* There should be nothing more, and the dismissal already should have been entered.

Aside from its duty to adhere to the mandate, the Court also should enter judgment consistent with Fed. R. Civ. P. 54(b). "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A dismissal for lack of subject-matter or personal jurisdiction, for example, may dispose of a claim completely and thus bring it within the scope of [Rule 54(b)]." 10 Charles Alan Wright, Arthur B. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 2656 (2d ed. 2002). The Fourth Circuit's mandate disposes of the Tribal Defendants completely. There is no just reason to delay entry of final judgment as to them.

Failure to enter a judgment prejudices the Tribal Defendants in multiple ways. First, the Tribal Defendants are sovereign entities immune from suit, and all proceedings against them are an inherent and inexcusable infringement upon their sovereignty. "A strong doctrine of sovereign immunity is nowhere more important than for damages claims." *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019); *see also Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) (immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question.'") (quoting *Mitchell v. Forsyth*, 472

JA281

U.S. 511 (1985)).  Indeed, immunity doctrines are meant to give sovereigns "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'"  *In re Facebook Inc.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Bowen v. Doyle*, 880 F. Supp. 99, 134 (W.D.N.Y. 1995) ("A claim of sovereign immunity is forever lost by subjecting [the party] to the very process from which he asserts he is immune.").  The Tribal Defendants continue to incur needless fees and costs as a result of remaining nominal parties in this action.

Second, any act by this Court without jurisdiction is inherently prejudicial.  "Federal district courts are courts of limited subject-matter jurisdiction."  *Andrew v. Herring*, No. 3:17CV373, 2018 WL 3385173, at *3 (E.D. Va. July 11, 2018) (citing *United States ex rel. Vuyvuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)).  "Unless a federal court possesses subject matter jurisdiction over a dispute, . . . any order it makes (other than an order of dismissal or remand) is void."  *Dahiya v. Talmidge Int'l, Ltd*., 371 F.3d 207, 210 (5th Cir. 2004) (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 674 (5th Cir. 1994)).  "It is axiomatic that a court without subject matter jurisdiction must dismiss the case. . . . Subject matter jurisdiction is more than a mere formality: federal courts are courts of limited subject matter jurisdiction possessing 'only that power authorized by Constitution and statute.'"  *Vafokulova v. UA Int'l Consulting Corp.,* No. CV 17-2605, 2017 WL 5557923, at *1 (E.D. Pa. Nov. 17, 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)).

Third, failure to enter a judgment prevents the Tribal Defendants from exercising their rights to recover district court costs under Fed. R. Civ. P. 54(d) and this Court's Local Rules.

4

In sum, the fact that a judgement has not been entered yet continues to cause irreparable harm to Tribal Defendants.  Tribal Defendants file this motion merely to effectuate the Fourth Circuit's ruling that they are sovereign entities entitled to sovereign immunity.

In accordance with the above controlling authority, the binding Opinion and Judgment of the Fourth Circuit, and the July 25, 2019 mandate, the Tribal Defendants hereby move under Rule 54(b) and Rule 58(d) for immediate entry of a separate judgment order dismissing them from this case.

## **CONCLUSION**

For the foregoing reasons, Defendants, Big Picture Loans, LLC and Ascension Technologies, LLC, respectfully request that the Court: (a) grant this motion for entry of judgment dismissing the Tribal Defendants from this case for lack of subject matter jurisdiction; and (b) enter the proposed form of judgment, which reflects the Opinion and Judgment of the Fourth Circuit that went into effect on July 25, 2019.

JA283

**BIG PICTURE LOANS, LLC; ASCENSION TECHNOLOGIES, LLC**

By: /s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for Big Picture Loans, LLC and Ascension Technologies, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: david.anthony@troutmansanders.com
Email: tim.stgeorge@troutmansanders.com

Justin A. Gray (admitted *pro hac vice*)
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443
Email: jgray@rosettelaw.com

39655217

JA284

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**LULA WILLIAMS, GLORIA TURNAGE,**
**GEORGE HENGLE, DOWIN COFFY, and**
**FELIX GILLISON, JR., on behalf of themselves**
**and all individuals similarly situated,**

                    **Plaintiffs,**                    **Civil Action No. 3:17-cv-00461-REP**

**v.**

**BIG PICTURE LOANS, LLC; MATT MARTORELLO;**
**ASCENSION TECHNOLOGIES, INC.,**

                    **Defendants.**
_____ /

**TRIBAL DEFENDANTS' REPLY BRIEF IN SUPPORT**
**OF MOTION FOR ENTRY OF JUDGMENT**

Defendants, Big Picture Loans, LLC and Ascension Technologies, LLC (collectively, the "Tribal Defendants"), by counsel and pursuant to Federal Rules of Civil Procedure 54(b) and 58(d), file this reply brief in support of their Motion for Entry of Judgment [ECF No. 604].

Plaintiffs' response concedes that the Court should comply with the mandate of the Fourth Circuit, which requires that the Tribal Defendants be dismissed for lack of subject matter jurisdiction. Indeed, Plaintiffs cite *Stamper v. Baskerville*, 724 F.2d 1106 (4th Cir. 1984), as governing authority here. In that case, the Fourth Circuit states unequivocally that "[c]ompliance with an order to relinquish jurisdiction necessarily precludes the lower court from taking any further action other than dismissal, for to do so would involve retaining jurisdiction" and that "[o]nce an order to dismiss is received, any action by the lower court other than *immediate and complete dismissal* is by definition inconsistent with – and therefore a violation – of the order." *Baskerville*, 724 F.2d at 1108 (emphasis added). Plaintiffs' reliance on *Baskerville* is tantamount

JA285

to an admission that this Court has already erred by its failure to give immediate effect to the mandate.

Plaintiffs oppose the entry of judgment under Rule 54(b), claiming that such judgment is unwarranted because the Fourth Circuit did not order it. But they miss the point. The "complete dismissal" required by *Baskerville,* 724 F.2d at 1108, necessarily includes entry of judgment. Alternatively, when an appellate decision finds want of subject matter jurisdiction, the mandated lower court may decide "matters left open" by the mandate – but only such matters. *Id.* at 1108. Here, the Fourth Circuit did not expressly address whether dismissal should be by way of a Rule 54(b) judgment. Thus, to the extent the Rule 54(b) judgment question may not be answered by *Baskerville,* that question – but only that question – is properly before the Court.

Plaintiffs say that, in deciding whether to grant judgment under Rule 54(b), the Court should consider "'the interest of sound judicial administration.'" (*See* ECF No. 620 at p. 3 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980).) The Tribal Defendants do not dispute the principle, but it does not help Plaintiffs. Indeed, the principle primarily means that "[a]pplication of [Rule 54(b)] should preserve the 'historic federal policy against piecemeal appeals.'" *Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005) (quoting *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438 (1956))). Here, granting judgment under Rule 54(b) will not risk piecemeal appeals because the issue on which such judgment would be based has *already* been appealed and decided.

Plaintiffs also note that "Rule 54(b) certification is recognized as the *exception* rather than the norm," and that it "should neither be granted routinely, nor as an accommodation to counsel." (*See* ECF No. 620 at p. 3 (quoting *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)) (emphasis added). But, that guidance was provided by the Fourth Circuit in

circumstances where Rule 54(b) certification was sought in order to permit an appeal that would otherwise have to wait until the end of the entire case. Those circumstances do not apply here, where the court of appeals acquired jurisdiction by other means and the appeal has been concluded.

Moreover, this *is* an exceptional case. As shown by the decision of the Fourth Circuit, the Tribal Defendants have sovereign immunity and, thus, never should have been made parties to this case. Even so, they have been required to spend millions of dollars to vindicate their sovereignty, and these facts remove this case from the category of "routine." It is time not merely for the Tribal Defendants to be dismissed from the case, but to have judgment entered in their favor. Again, when a mandate is based on a want of jurisdiction, the lower court is obliged to dismiss and take no further action – period – as anything else would "involve retaining jurisdiction" and constitute a "violation" of the Fourth Circuit's order. *Baskerville*, 724 F.2d at 1108. To invoke the standard of Rule 54(b), there is "no just reason for delay" in entering final judgment.

As the Tribal Defendants have explained, without a judgment under Rule 54(b), they will "continue to incur needless fees and costs as a result of remaining nominal parties in this action." (*See* ECF No. 605 at p. 4.) In response, Plaintiffs assert that problem will be solved by an order dismissing them from the case without entry of judgment. (ECF No. 620 at p. 3.) But they are wrong about that. Indeed, any merit that might otherwise be found in Plaintiffs' argument has been undermined by Plaintiffs' announcement that they may ask the Court to bring the Tribal Defendants back into the case at some point in the future. (*Id.* at pp. 4-5.)

"The purpose of Rule 54(b) in allowing the entry of judgment for or against a party in a multiparty case . . . is to enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*,

189 F.3d 512, 517-18 (7th Cir. 1999). These considerations apply with special force where, as here, the basis of dismissal is immunity. Immunity is meant, of course, not only to protect the immune defendant from judgment, but also to protect that defendant from the expense and distraction of litigation, including any need to monitor or "worry about" a case. Accordingly, a finding of immunity of any sort creates the sort of circumstance warranting the entry of judgment under Rule 54(b). *See e.g., Lee v. Willins*, 617 F.2d 320, 321 (2d Cir. 1980) (affirming decision by district court to dismiss claims against immune prosecutorial defendants and enter Rule 54(b) judgment); *Burnett v. Hinds Cty.*, No. 3:14-cv-651-CWR-FKB, 2015 U.S. Dist. LEXIS 136814, at *9 (S.D. Miss. Sept. 11, 2015) (dismissing claims against immune state defendants and entering Rule 54(b) judgment); *Montgomery v. City of Lake Charles*, No. 2:10-1297, 2011 U.S. Dist. LEXIS 24716, at *10 (W.D. La. Mar. 9, 2011) (dismissing claims against immune judicial defendants and entering Rule 54(b) judgment).

Plaintiffs also cavalierly dismiss the Tribal Defendants' point that they cannot ask for costs until judgment is entered. But, their observation that the award of costs is discretionary is irrelevant. The Tribal Defendants were haled into a court where they were immune, and the expenses that they incurred were an infringement of their immunity. The continued deprivation of reimbursement for costs (or, at a minimum, the continued deprivation of an opportunity to ask for costs) is a continuation of that infringement.

What truly motivates Plaintiffs to oppose a Rule 54(b) judgment is not their desire to postpone a motion for the award of costs, nor any of their other misplaced arguments. Instead, Plaintiffs are very forthright about their strategy. They seek a second bite at the apple and plan to bring forward additional "evidence" bearing upon sovereign immunity. They say: "The possibility that this Court may *revise its dismissal order* serves as a compelling basis to deny the

Corporate Defendants' request here."  (*See* ECF No. 620 at p. 5 (emphasis added).)  But, under the law, there is no legitimate possibility of any such "revision."  Such a revision may have been technically possible if the dismissal of the Tribal Defendants had been *this Court's* decision, but it was not.  Dismissal was mandated by the Fourth Circuit, and this Court may not revise that mandate.

> Seeking to overcome this obvious flaw in their argument, Plaintiffs then boldly assert:

> As the Fourth Circuit has explained, orders dismissing parties on the basis for [sic] subject matter jurisdiction—*even if required by mandate*—"do[] not and cannot limit the power of a court to reconsider an earlier ruling."

*Id.* (quoting *Am. Canoe*, 326 F.3d at 515) (emphasis added).  But the key part of their assertion – "even if required by mandate" – is a figment of Plaintiffs' imagination.  The case they cite, *American Canoe*, said no such thing, nor do the facts of that case support such a proposition. Contrary to Plaintiffs' suggestion, there was no mandate in *American Canoe* ordering dismissal of the parties.

> To be sure, *American Canoe* also involved a question of subject matter jurisdiction, but any similarity with the instant case ends there.  In *American Canoe*, the jurisdictional question was whether the plaintiffs had Article III standing, not whether the defendants had sovereign immunity.  Having ruled that the plaintiffs had such standing, the district court refused to reconsider that ruling when defendants produced evidence suggesting they did not – a refusal the Fourth Circuit found to be error.  *See Am. Canoe*, 326 F.3d at 516 ("[W]e cannot help but conclude that the district court abused its discretion in denying the [defendants'] reconsideration request.").  To say that a district court can – and sometimes must – reconsider its *own* ruling in *favor* of subject matter jurisdiction, does not mean that a district court can "reconsider" a *court of appeal's*

ruling *against* such jurisdiction.  Tellingly, Plaintiffs do not cite *any case* where a district court has ventured down such a path.[1]

Moreover, it should be noted that Plaintiffs have already attempted to sway the Fourth Circuit with their claims of misrepresentation, but they were rebuffed.  Shortly after the May 7, 2019 appellate argument – and seeing the hand-writing on the wall – the plaintiffs in a related case (with the same counsel) came to this Court with their newly-fabricated claim that the Tribal Defendants had engaged in misrepresentation, both here and on appeal.  *See Galloway v. Big Picture Loans, LLC*, No. 3:18cv406 (E.D. Va.) ("*Galloway I*"), ECF No. 249.  Reviewing the submission from the *Galloway* plaintiffs – and not yet having the benefit of the Tribal Defendants' response – this Court entered an Order giving credence to their claim.  *See Galloway I*, ECF No. 246 (May 29, 2019).[2]  A few days later, the *Williams* Plaintiffs submitted that Order to the Fourth Circuit as "additional authority" and made the following request:

> Given these new developments, if this Court concludes that, on the original record, the district court erred in denying sovereign immunity, it should consider *remanding to allow the district court to re-evaluate that decision in light of any new and relevant evidence.*

Letter from M. Wessler to the Fourth Circuit, No. 18-1827, ECF No. 125 (4th Cir. June 4, 2019) (emphasis added).  The Fourth Circuit did not heed the Plaintiffs' request.  Instead, on July 3,

---

[1]    Plaintiffs also quote *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) for the Supreme Court's statement that "every order short of a final decree is subject to reopening at the discretion of the district judge."  But that statement – along with Rule 54(b), which the Court cites in support of its statement – refers to orders entered by the *district judge* in the exercise of *his or her own* judgment, not orders entered by the district judge pursuant to the mandate of the court of appeals.

[2]    This Court's May 29, 2019 Order stated, for example, that (i) the *Galloway* I plaintiffs' newly-filed documents "raise[] substantive doubts about the accuracy of evidence presented in this case and the *Williams* Case by the Corporate Defendants…" and (ii) "there is significant new and important evidence that will be critical to deciding whether Big Picture and Ascension enjoy sovereign immunity."  *Galloway* I, ECF No. 246, at p. 3.

2019, the Fourth Circuit issued its decision, revers[ing] the district court's order and remand[ing] with instructions to grant the [Tribal Defendants'] motion to dismiss for lack of subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 185 (4th Cir. 2019). When the *Williams* Plaintiffs sought neither rehearing nor rehearing *en banc*, the Fourth Circuit entered its mandate on July 25, 2019. It is that mandate that now governs this case, and it precludes the sort of "reconsideration" that the Plaintiffs sought in vain from the Fourth Circuit and that they mistakenly think this Court could or should entertain.

While the mandate of the Fourth Circuit did not expressly require entry of judgment under Rule 54(b), the requirement that this Court relinquish all claims of jurisdiction and take no further action show the appropriateness of entering such a judgment. There is nothing to be gained by doing otherwise. Indeed, Plaintiffs' response is "Exhibit A" for why entry of a Rule 54(b) final judgment is not only warranted, but necessary. Plaintiffs argue that the Court should not close out this matter definitively, so that they may assert, at some later date, more motions and more litigation targeting the Tribal Defendants.

But, there is no process by which this Court can "reconsider" the Fourth Circuit's decision that this Court lacks subject matter jurisdiction. Even so, Plaintiffs' suggestion that they may seek such "reconsideration" at some future date furnishes an additional reason for entering judgment now. In light of that suggestion – or threat – the Tribal Defendants must now monitor the proceedings in this case more closely than ever, unless judgment is entered their favor. (Indeed, a decision not to enter such judgment might well suggest that this Court *agrees* with Plaintiffs' view that the case can be reopened, thus making such monitoring all the more urgent.) This will require the expenditure of time, attention, and money – all of which represent additional infringements on the sovereign immunity that the Fourth Circuit found the Tribal Defendants to

JA291

possess.  To give "full effect to [the Fourth Circuit Order's] execution," entry of a final judgment is necessary.  *Baskerville*, 724 F.2d 1107.  This Court should not only dismiss the Tribal Defendants but should enter judgment under Rule 54(b).

## CONCLUSION

For the foregoing reasons and those stated in their opening memorandum, Defendants, Big Picture Loans, LLC and Ascension Technologies, LLC, respectfully request that the Court: (a) grant their motion for entry of judgment under Rule 54(b) dismissing them from this case for lack of subject matter jurisdiction; and (b) enter the proposed form of judgment previously submitted to the Court [ECF No. 604-1], which reflects the Opinion and Judgment of the Fourth Circuit that went into effect on July 25, 2019.

In the alternative, the Court should, at a minimum, heed the mandate of the Fourth Circuit and dismiss the Tribal Defendants for lack of subject matter jurisdiction.

**BIG PICTURE LOANS, LLC. and**
**ASCENSION TECHNOLOGIES, LLC**

By:/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
William H. Hurd
Virginia State Bar No. 16967
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for Big Picture Loans, LLC and Ascension Technologies, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: david.anthony@troutman.com
Email: tim.stgeorge@troutman.com

JA292

Justin A. Gray (admitted *pro hac vice*)
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443
Email: jgray@rosettelaw.com

JA293

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi C. Kelly
Andrew J. Guzzo
Casey S. Nash
KELLY GUZZO PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
*Counsel for Plaintiffs*

James W. Speer
VIRGINIA POVERTY LAW CENTER
919 E. Main Street, Suite 610
Richmond, VA 23219
Telephone: 804-782-9430
Facsimile: 804-649-0974
Email: jay@vplc.orga
*Counsel for Plaintiffs*

Craig Carley Marchiando
Elizabeth W. Hanes
Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: craig@clalegal.com
Email: elizabeth@clalegal.com
Email: lenbennett@clalegal.com
*Counsel for Plaintiffs*

Beth Ellen Terrell
Elizabeth Anne Adams
Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th St., Suite 300
Seattle, WA 98103-6689
Telephone: 206-816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: eadams@terrellmarshall.com
Email: jmurray@terrellmarshall.com
*Counsel for Plaintiffs*

Eleanor Michelle Drake
James Gerard Albanese
BERGER & MONTAGUE PC
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612-594-5999
Facsimile: (612) 584-4470
Email: emdrake@bm.net
Email: jalbanese@bm.net
*Counsel for Plaintiffs*

Matthew William Wessler
GUPTA WESSLER PLLC
1900 L Street NW, Suite 312
Washington, DC 20036
Telephone: 202-888-1741
Facsimile: (202) 888-7792
Email: matt@guptawessler.com
*Counsel for Plaintiffs*

JA294

Charles Palella
ARMSTRONG TEASDALE LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: 212-209-4403
Facsimile: (212) 409-8385
Email: cpalella@armstrongteasdale.com
*Counsel for Defendant Matt Martorello*

Jonathan P. Boughrum
Richard L. Scheff
Michael C. Witsch
ARMSTRONG TEASDALE LLP
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
Telephone: 215-246-3467
Facsimile: 215-569-8228
Email: jboughrum@armstrongteasdale.com
Email: rlscheff@armstrongteasdale.com
Email: mwitsch@armstrongteasdale.com
*Counsel for Defendant Matt Martorello*

Hugh McCoy Fain, III
John M. Erbach
Maurice F. Mullins
SPOTTS FAIN PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555
Telephone: 804-788-1190
Facsimile: 804-697-2144
Email: hfain@spottsfain.com
Email: jerbach@spottsfain.com
Email: cmullings@spottsfain.com
*Counsel for Matt Martorello*

Michelle Lynne Alamo
William Ojile
ARMSTRONG TEASDALE LLP
4643 S Ulster Street, Suite 800
Denver, CO 80237
Telephone: 720-722-7189
Facsimile: (720) 200-0679
Email: malamo@armstrongteasdale.com
Email: bojile@armstrongteasdale.com
*Counsel for Matt Martorello*

Paul Louis Brusati
Todd D. Stephens
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Telephone: 314-552-6602
Facsimile: (314) 613-8522
Email: pbrusati@armstrongteasdale.com
Email: tstephens@armstrongteasdale.com
*Counsel for Matt Martorello*

JA295

/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Big Picture Loans, LLC and Ascension Technologies, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: david.anthony@troutman.com

39975631

JA296

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between: (1) Plaintiffs in the Actions listed below ("Plaintiffs"), and (2) (i) Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") (collectively, the "Big Picture Defendants"), wholly-owned and operated entities of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"), a federally-recognized Indian tribe, (ii) James Williams, Jr., Michelle Hazen, Henry Smith, Alice Brunk, Andrea Russell, Tina Caron, Mitchell McGeshick, Gertrude McGeshick, Susan McGeshick, Giiwegiizhigookway Martin, Jeffery McGeshick, Roberta Ivey, and June Saad (collectively, the "Individual Tribal Defendants"), (iii) Columbia Pipe & Supply Co., Timothy Arenberg, Terrance Arenberg, DTA Trinity Wealth Transfer Trust, and Deborah M. Arenberg Living Trust (collectively, the "Columbia Defendants"), (iv) Amlaur Resources, LLC and Brian Jedwab (collectively the "Amlaur Defendants"), (v) James Dowd ("Dowd"), (vi) Simon Liang ("Liang"), and (vii) Brian McFadden ("McFadden") (collectively, the Big Picture Defendants, the Tribe, the Individual Tribal Defendants, the Columbia Defendants, the Amlaur Defendants, Dowd, Liang and McFadden shall be referred to as the "Settling Defendants"; collectively, Plaintiffs and the Settling Defendants shall be referred to as the "Parties").

This Settlement Agreement is intended to fully, finally, and forever resolve the Released Claims (*see* Section XII) of the Settlement Class (*see* Section 2.28), some of which are set forth in certain pending and dismissed civil actions, including but not limited to: *Lula Williams, et al. v. Big Picture Loans, LLC, et al.*, No. 3:17-cv-00461 (E.D. Va.) ("*Williams*"); *Renee Galloway, et al. v. Big Picture Loans, LLC, et al.*, No. 3:18-cv-00406 (E.D. Va.) ("*Galloway I*"); *Renee Galloway, et al. v. Matt Martorello, et al.*, No. 3:19-cv-00314 (E.D. Va.) ("*Galloway II*"); *Renee*

*Galloway, et al. v. James Williams, Jr., et al.*, No. 3:19-cv-00470 (E.D. Va.) ("*Galloway III*");

*Dana Duggan v. Big Picture Loans, LLC, et al.*, No. 1:18-cv-12277 (D. Mass.) ("*Duggan*");

*Richard Lee Smith, Jr. v. Big Picture Loans, LLC, et al.*, No. 3:18-cv-01651 (D. Or.) ("*Smith*");

*Christine Cumming, et al. v. Big Picture Loans, LLC, et al.*, No. 5:18-cv-03476 (N.D. Ca.); *Chris*

*Kobin v. Big Picture Loans, LLC, et al.*, 2:19-cv-02842 (C.D. Ca.); and *Victoria Renee McKoy, et*

*al., v. Big Picture Loans, LLC, et al.*, 1:18-cv-03217 (N.D. Ga.) (collectively, the "Actions").

## I.    RECITALS

1.1    Beginning in June 2017, Plaintiffs filed putative class action Complaints in the United States District Courts for the Eastern District of Virginia, Central District of California, Northern District of California, Northern District of Georgia, District of Massachusetts, and District of Oregon, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the usury laws of various states, among other claims, arising from loans made to consumers by Big Picture or Red Rock Tribal Lending, LLC ("Red Rock").

1.2    The Actions collectively involved substantial discovery and motion practice, including multiple motions to dismiss; the production and review of hundreds of thousands of pages of documents; depositions and expert reports; an appeal to the Fourth Circuit Court of Appeals; and pre-trial briefing and preparation, which – following significant arms-length negotiations and multiple all-day mediations conducted by Nancy F. Lesser of PAX ADR Dispute Resolution & Mediation Services and the Honorable David J. Novak – culminated in a Settlement (*see* Section 2.24). During those mediation sessions, the fact that Troutman Sanders, LLP represented multiple Defendants, including certain Settling Defendants and certain Non-Settling Defendants, was fully disclosed to the Parties, the mediator, and the Honorable David J. Novak. Troutman Sanders, LLP did not participate in discussions where any proposed settlement term potentially adversely impacting any of the Non-Settling Defendants was being considered.

2

1.3     Based on Class Counsel's investigation and the Parties' negotiations, which included Class Counsel's extensive review of voluminous documents and data obtained in discovery in related litigation and multiple depositions, and taking into account the sharply-contested issues involved, the risks, uncertainty, and cost of further prosecution of this litigation, and the substantial benefits to be received by Settlement Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with the Settling Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

1.4     The Tribe, the Big Picture Defendants, the Tribal Officials, the Individual Tribal Defendants, Dowd, McFadden, and Liang assert that they are all entitled to tribal sovereign immunity. Further, the Tribe, the Big Picture Defendants, the Tribal Officials, the Individual Tribal Defendants, Dowd, McFadden, and Liang deny that any court in the Actions has subject matter jurisdiction or personal jurisdiction over any of them. By entering into this Settlement Agreement, Plaintiffs and Class Counsel have not conceded nor agreed to these defenses.

1.5     The Columbia Defendants and the Amlaur Defendants deny that the Court in *Galloway II* has subject matter jurisdiction or personal jurisdiction over any of them. By entering into this Settlement Agreement, Plaintiffs and Class Counsel have not conceded nor agreed to these defenses.

1.6     The Settling Defendants deny all material allegations in the Complaints, deny any jurisdiction in this Court save for purposes of enforcing this Settlement Agreement, deny any fault, wrongdoing, or liability whatsoever arising out of or related to their business practices, and affirmatively state that their practices have been lawful and proper. The Settling Defendants deny that the resolution of the merits of the Actions is suitable for class treatment, and further deny

3

JA299

liability to Plaintiffs or to others similarly situated, including all members of the Settlement Class. It is specifically agreed that the execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by any Defendant, an admission that any Defendant violated any provision of any federal or state law, or an admission that any Defendant concedes that class treatment of the Actions is appropriate for any purpose other than certification of a settlement class as set forth herein. By entering into this Settlement Agreement, Plaintiffs and Class Counsel have not conceded nor agreed to the preceding assertions, disputes, and defenses.

1.7     Based on the investigation and negotiations described above, Plaintiffs and Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and that the settlement contemplated hereby is fair, reasonable, and adequate, and in the best interests of all members of the Settlement Class.

1.8     The Parties understand, acknowledge and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement Agreement and is not an admission of fact or law, or as a concession of any wrongdoing, obligation, or liability on the part of any Party or the Tribe. The Parties desire and intend to affect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein. The Parties agree that nothing in this Settlement Agreement shall constitute a waiver by the Tribe, the Big Picture Defendants, the Tribal Officials, the Individual Tribal Defendants, Dowd, McFadden, and/or Liang of sovereign immunity, except as specifically and expressly provided herein, namely and only to the extent, of enforcement of this Settlement Agreement.

JA300

1.9    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to this Court's approval, that each and every claim that has been alleged, or could have been alleged based on the facts alleged in the Actions, whether brought by or on behalf of Plaintiffs, the Settlement Class (as defined in Paragraph 2.32 below), or portions of the Settlement Class, shall be fully and finally settled and compromised and dismissed with prejudice, and shall be fully discharged and released, upon and subject to the following terms and conditions.

The recitals stated above are true and accurate and are hereby made a part of the Settlement Agreement.

## II.    DEFINITIONS

2.1    As used in this Settlement Agreement, the terms defined below shall have the meanings assigned to them when capitalized in the same fashion as in this Section II. All other terms shall have the meaning accorded to those terms in the operative complaint in the Actions.

2.2    "Attorneys' Fees" means the attorneys' fees and expenses applied for by Class Counsel relating to this Settlement Agreement and approved by the Court.

2.3    "Claim" means any and all actions, causes of action, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty or in equity, whether by affirmative claim,

JA301

counterclaim, or setoff, and whether based on any federal law, state law, foreign law or common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, existing now or that may later exist in the future, relating to and/or arising out of loans made by and/or in the name of Big Picture, Castle Payday Loans, and/or Red Rock that are the subject of the Actions.

2.4     "Claim Amount" means a *pro rata* distribution to those members of the Settlement Class who make a claim and have paid more than 2.5 times the amount of principal on their respective loan. This Claim Amount will be the same regardless of the number of loans.

2.5     "Claims Process" means the process by which a member of the Settlement Class must complete a Claim Form certifying his or her membership in the Settlement Class and decision electing to obtain a distribution from the Settlement Fund, as set forth in Section VIII.

2.6     "Class Counsel" means Consumer Litigation Associates, P.C.; Kelly Guzzo PLC; Terrell Marshall Law Group PLLC; Berger & Montague PC; Virginia Poverty Law Center; Gupta Wessler PLLC; Tycko & Zavareei LLP; Caddell & Chapman; and their respective attorneys, as listed on the operative complaints in the Actions.

2.7     "Class Notice" means the notice (in form substantially similar to that attached hereto as **Exhibit A** and approved by the Court) that will be emailed to Settlement Class Members pursuant to the Notice Plan approved by the Court.

2.8     "Consumer" means a natural person residing in the United States of America or its territories who is a member of the Settlement Class.

2.9     "Court" means the United States District Court for the Eastern District of Virginia.

2.10     "Settling Defendants' Counsel" means Rosette, LLP; Troutman Sanders LLP; Dorsey & Whitney LLP; Hinshaw and Culbertson LLP; Ruyak Cherian LLP; and Bellew LLC, as set forth in the respective signature blocks below.

2.11     "Effective Date" is the date on which this Court's entry of the Final Approval Order and this Court's order regarding attorneys' fees have all become final because the following has occurred: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be thirty-three (33) days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Settlement shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement. For purposes of this definition, the term "appeal" includes all writ proceedings.

2.12     "Final Approval" means the approval of the Settlement Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

2.13     "Final Approval Hearing" or "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve this Settlement, enter a judgment, and make such other rulings as are contemplated by this Settlement. The Final Approval Hearing shall be scheduled in accordance with the Notice Plan approved by the Court and following the granting of Plaintiffs' motion for Preliminary Approval of the Settlement.

JA303

2.14    "Final Approval Order" means a final order and judgment entered by the Court giving Final Approval of the Settlement Agreement, dismissing with prejudice Plaintiffs' claims (which shall not include Plaintiffs' Claims against the Non-Settling Defendants), and entering a judgment in a form agreed to by the Parties according to the terms set forth in this Settlement Agreement and as approved by the Court.

2.15    "Named Plaintiffs" means Lula Williams; Gloria Turnage; George Hengle; Dowin Coffy; Marcella Singh; Renee Galloway; Dianne Turner; Earl Browne; Rose Marie Buchert; Regina Nolte; Kevin Minor; Teresa Titus; Lisa Martinez; Anthony Green; Sonji Grandy; Anastasia Sherman; Burry Pough; Linda Madison; Dominque de la Bay; Lucinda Gray; Andrea Scarborough; Jerry Avent; Lori Fitzgerald; Derek Geter; Keisha Hamm; Faith Thomas; Sharon Paavo; Latanya Tarleton; Christina Cumming; Lamesha Kondo; Andrea Mendez; Tammy Wangeline; Freeman Revels; Kimberly Pool; Tasha Pettiford; Richard L. Smith, Jr.; Victoria R. McKoy; Desiree W. Lovins; Sandra Monsalve; Carrie S. Smith; Chris Kobin; and Dana Duggan.

2.16    "Non-Settling Defendant" means any defendant in any of the Actions that is not one of the Released Parties and/or Settling Defendants in this Settlement Agreement. The Non-Settling Defendants include at this time, but are not limited to, Matt Martorello, Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, Bluetech Irrevocable Trust, Kairos Holdings, LLC, Liont, LLC, Breakwater Holdings, LLC, and Gallant Capital, LLC.

2.17    "Notice Plan" means the plan for disseminating notice to Settlement Class Members that is approved by the Court, as described in Sections 6.6 through 6.8.

2.18    "Objection Deadline" shall be the final date set by the Court for Settlement Class Members to return notice of their objection to this Settlement, which shall be thirty (30) days prior to the Final Approval Hearing.

JA304

2.19    "Payment Notices" means the notices sent at the time of payment to Settlement Class Members who submit Valid Claims pursuant to Section VIII.

2.20    "Preliminary Approval" means the preliminary approval of the Settlement Agreement by the Court, conditional certification of the Settlement Class, and approval of the Notice Plan by the Court, including the method and content of notice to the Settlement Class Members.

2.21    "Released Claims" means those Claims released as set forth in Section 12.3 below.

2.22    "Released Parties" shall include the Tribe and its current and former Tribal Officials; the Individual Tribal Defendants; Big Picture; Ascension; Red Rock; Duck Creek Tribal Financial, LLC ("Duck Creek"); Tribal Economic Development Holdings, LLC ("TED"); Columbia Pipe & Supply Co. ("Columbia Pipe"); DTA Wealth Transfer Trust ("DTA Wealth"); Deborah M. Arenberg Living Trust ("DMA Living"); Amlaur Resources, LLC ("Amlaur") and each of their current and former directors, officers, principals, trustees, shareholders, partners, contractors, agents, attorneys (including, Rosette Holdings, LLC, Rosette, LLP, Robert A. Rosette, and Karrie S. Wichtman). The Released Parties also specifically include: (1) Simon Liang; (2) Brian McFadden; (3) James Dowd; (4) Terrance Arenberg; (5) Timothy Arenberg; (6) Brian Jedwab; (7) Alice Brunk; (8) Tina Caron; (9) Michelle Hazen; (10) Roberta Ivey; (11) Gertrude McGeshick; (12) Jeffery McGeshick; (13) Mitchell McGeshick; (14) Susan McGeshick; (15) Giiwegiizhigookway Martin; (16) Andrea Russell; (17) June Saad; (18) all members (past and present) of the LVD Tribal Council, each in their individual and official capacity; (19) Henry Smith; and (20) James Williams, Jr. The "Released Parties" shall not include Matt Martorello, Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, LLC,

Bluetech Irrevocable Trust, Kairos Holdings, LLC, Liont, LLC, or any other entities owned, directly or indirectly, by Matt Martorello, Justin Martorello or Rebecca Martorello.

2.23    "RICO" means the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*., and any subsequent amendments thereto.

2.24    "Service Awards" means the payments to Named Plaintiffs for their service as class representatives of the Settlement Class as set forth in Section 10.11, subject to approval by the Court.

2.25    "Settlement" means the agreement between the Named Plaintiffs as proposed representatives of the Settlement Class, and Settling Defendants, to settle and compromise, fully, finally, and forever, the Named Plaintiffs' and the Settlement Class Members' Claims in the Actions, as memorialized in this Settlement Agreement and the accompanying documents attached hereto.

2.26    "Settlement Administrator" means the class settlement administration company mutually agreeable to all Parties and approved by the Court, which has been hired by the Parties to provide the Class Notice and to carry out the other specified, administrative tasks set forth in this Settlement Agreement.

2.27    "Settlement Agreement" means this Class Action Settlement Agreement and Release.

2.28    "Settlement Class" or "Settlement Class Member" means all consumers residing within the United States who executed loan agreements with Red Rock, Castle Payday Loans, or Big Picture (including loans assigned to Big Picture) from June 22, 2013 to the date of the Preliminary Approval Order; provided, however, that "Settlement Class" and "Settlement Class Member" shall exclude: (i) all consumers who would otherwise qualify for membership in the

"Settlement Class" for which the consumer previously has released all claims as to the Settling Defendants; (ii) Settling Defendants' officers, directors, and employees; (iii) Settling Defendants' attorneys; (iv) Plaintiffs' attorneys; and (v) any judge who has presided over either mediation or disposition of this case and the members of his or her immediate family.

2.29    "Settlement Fund" means the amount paid pursuant to Sections 10.1 and 10.2 herein. The Settlement Fund shall be inclusive of any and all Service Awards, Attorneys' Fees, costs, expenses, notice to the Settlement Class Members, and settlement administration costs.

2.30    "Settlement Website" means the internet website established by the Settlement Administrator for purposes of facilitating notice to, and communicating with, the Settlement Class and for receipt of online claims.

2.31    "Tribal Officials" means the Individual Tribal Defendants and/or any past or present members of the Lac Vieux Desert Band of Lake Superior Chippewa Indians Tribal Council and/or any employees of the Tribe or any arms of the Tribe.

2.32    "Valid Claim" means a claim filed pursuant to Section VIII by a Settlement Class Member who (1) repaid his or her loan in full, and also (2) paid more than 2.5 times the original principle amount of the loan in payments over the life of the loan.

III.    **NO ADMISSION OF LIABILITY OR TO THE ELEMENTS OF CLASS CERTIFICATION FOR PURPOSES OF MERITS RESOLUTION.**

3.1    Settling Defendants' Denial of Wrongdoing or Liability. Settling Defendants have asserted and continue to assert many defenses in these Actions and have expressly denied and continue to deny any fault, wrongdoing, or liability whatsoever arising out of the conduct alleged in the Actions. Settling Defendants expressly deny any fault, wrongdoing, or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Actions. The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in,

this Settlement Agreement nor any of the implementing documents or actions taken under them, shall constitute or be construed as an admission of the validity of any claim, any status, or any fact alleged in the Actions or any fault, wrongdoing, violation of law, or liability of any kind on the part of Settling Defendants and/or the Released Parties, or any admission by Settling Defendants and/or the Released Parties of any claim or allegation made in any action or proceeding against Settling Defendants. Settling Defendants have denied and continue to deny each and all of the claims and allegations in the Actions. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement and/or the Settlement, or Settling Defendants' willingness to enter into this Settlement Agreement, nor any or all negotiations, communications, and discussions associated with the Settlement are, or may be construed as, or may be used in any proceeding as, an admission by or against any or all Settling Defendants of any fault, wrongdoing or liability whatsoever, or any infirmity of any defenses asserted by any or all Settling Defendants.

3.2     No Waiver of Tribal Sovereign Immunity. The Big Picture Defendants, the Tribe, the Individual Tribal Defendants, the Tribal Officials, Dowd, McFadden, and Liang expressly assert that they are all entitled to tribal sovereign immunity. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement and/or the Settlement, or Defendants' willingness to enter into this Settlement Agreement, nor any or all negotiations, communications, and discussions associated with the Settlement are, or may be construed as, or may be used in any proceeding as, an admission by or against the Big Picture Defendants, the Tribe, the Individual Tribal Defendants, the Tribal Officials, Dowd, McFadden, and/or Liang of any waiver of sovereign immunity.

JA308

3.3     No Admission of Applicability or Inapplicability of State Law or State Regulation. The Big Picture Defendants, the Tribe, the Individual Tribal Defendants, and the Tribal Officials expressly deny that they – or any of their loans or lending activity – are subject to the laws and/or regulations of any state. Plaintiffs expressly assert that they – and any of their loans or lending activity – are subject to the laws and/or regulations of their respective states. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement and/or the Settlement, or the Parties' willingness to enter into this Settlement Agreement, nor any or all negotiations, communications, and discussions associated with the Settlement are, or may be construed as, or may be used in any proceeding as, an admission by or against any Party as to the application of state law and/or state regulation to the Settling Defendants, their loans, or their activities.

3.4     No Admission by Settling Defendants of Elements of Class Certification for Merits Resolution. Settling Defendants deny that a class should be certified other than for purposes of this Settlement and reserve their rights to contest any class certification motion should this Settlement Agreement not be approved by the Court. Settling Defendants contend for settlement purposes only that the Actions could be certified as a class action under Federal Rule of Civil Procedure 23, including Rule 23(b)(2) and/or 23(b)(3). Nothing in this Settlement Agreement shall be construed as an admission by any Defendant that the Actions or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent Settling Defendants from opposing class certification or seeking de- certification of the conditionally certified Settlement Class if Final Approval of this Settlement is not obtained, or not upheld on appeal, including, without limitation, any review by the United States Supreme Court.

JA309

3.5    None of the foregoing disclaimers in this Section should be construed as an admission or stipulation by Plaintiffs and Class Counsel regarding the Released Parties' defenses, including the disputed issues of sovereign immunity, the application of state law, and/or the legality of the subject lending practices.

3.6    Admissibility of this Settlement Agreement and Release. The Parties agree that this Settlement Agreement, its terms and provisions, and any facts surrounding its entry by the Parties shall not be used in any court of law, including the Actions, for any purpose other than those permitted under Section 14.1 below.

## IV.    CERTIFICATION OF THE SETTLEMENT CLASS

4.1    Certification of Settlement Class. Plaintiffs shall seek, and Settling Defendants shall not oppose, the certification for settlement purposes only of the Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered in connection with the Settlement Agreement may be admitted as evidence or used in any way by Plaintiffs, Settling Defendants, any person in the Settlement Class, or any other person to establish any of the elements of liability or class certification other than as expressly provided herein in any litigated certification proceedings, whether in the Actions or any other judicial proceeding.

4.2    Appointment of Class Counsel and Class Representatives. For Settlement purposes only, Plaintiffs shall also seek, and Settling Defendants shall not oppose, appointment of Class Counsel, and appointment of the Named Plaintiffs as class representatives, to represent the Settlement Class.

## V.    PRELIMINARY APPROVAL

JA310

5.1     Amended Complaint and Single Case for Settlement. Upon execution of this Settlement Agreement and prior to the filing of the Motion for Preliminary Approval of this Settlement Agreement, Plaintiffs in *Galloway III* shall seek leave to amend their complaint to add the Plaintiffs and the Settling Defendants from the other Actions, after which *Williams*, *Galloway I*, *Galloway II*, *Duggan*, and *Smith* shall be voluntarily dismissed as to the Settling Defendants only. The amended complaint in *Galloway III* shall represent a consolidation of the allegations against the Settling Defendants and will name all of the Settling Defendants. The Parties agree to consent to Plaintiffs' request to amend their complaint in *Galloway III* solely for the purposes of effectuating this Settlement. The Settling Defendants do not by such consent agree that the allegations that may be contained in such amended complaint are true, correct, or accurate. In the event this Settlement is not finally approved, Plaintiffs shall file whatever motions and pleadings are necessary to ensure that the Parties are postured in the respective Actions as they were prior to the aforementioned amendment as if such amendment intended for settlement purposes had never occurred.

5.2     Order of Preliminary Approval. Plaintiffs shall move the Court for entry of the Preliminary Approval Order subsequent to the amendment described in Section 5.1. Pursuant to the motion for preliminary approval, Plaintiffs will request that:

5.2.1     the Court certify the Settlement Class for settlement purposes only, appoint the Named Plaintiffs as the class representatives of the Settlement Class for settlement purposes only, and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

5.2.2     the Court preliminarily approve the Settlement Agreement as fair, adequate, and reasonable, and within the reasonable range of possible Final Approval;

JA311

      5.2.3   the Court approve the form(s) of Class Notice and find that the Notice Plan satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

      5.2.4   the Court set the date and time for the Final Fairness Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

      5.2.5   the Court set the Objection Deadline.

    5.3    Stay.  Other than actions taken for purposes of effectuating the Settlement and those items covered in Sections 6.2 of this Settlement Agreement and subject to Court approval, the Parties agree to jointly move the respective Courts for stays of the Actions – including all pending motions and discovery directed to the Parties – and any related appeals after preliminary approval and pending Final Approval of this Settlement Agreement with respect to Settling Defendants only. The stay will not apply to the prosecution of claims against the Non-Settling Defendants.

## VI.    ADMINISTRATION AND NOTIFICATION PROCESS

    6.1    Appointment of Settlement Administrator.  Class Counsel will cause to be hired the Settlement Administrator, subject to reasonable objection by the Settling Defendants and approval by the Court. The Settlement Administrator shall be responsible for carrying out the specified tasks set forth in this Settlement Agreement, including, but not limited to, creating a post office box for receipt of objections and maintaining records of all its activities, including the dates of Class Notices, mailed checks, returned mail, and any other communications and attempted communications with the Settlement Class Members.

    6.2    Provision of Data and Information for Settlement Purposes as to Settling Defendants.  Within thirty (30) days after entry of the Preliminary Approval Order and only as part of this Settlement, the Big Picture Defendants agree to provide a list of names, postal addresses, and email addresses, all if known, for Settlement Class Members to the Settlement Administrator approved by the Court for the purposes of effectuating this Settlement.  The Big Picture Defendants

JA312

will cooperate with the Settlement Administrator to the extent that additional personally-identifiable information is necessary to locate a Settlement Class Member. The Big Picture Defendants shall also provide Loan-Level information regarding each Settlement Class Member's loan sufficient to demonstrate the original principal balance of the loan, the interest rate, and the amount and timing of any payments the Settlement Class Member made on the Loan, as well as any other loan-level information reasonably requested by Class Counsel for purposes of effectuating the Settlement and for no other purpose. Class Counsel shall have five (5) business days to review and approve the class data and/or class list, or to notify the Big Picture Defendants of any objections to its completeness. In the event this Settlement is not finally approved, within five (5) business days of such an occurrence, Class Counsel shall destroy all copies of such data that remain in their possession, custody, or control, and shall certify to each Settling Defendant that they have done so.

6.3     Class Certification as to a Non-Settling Defendant. If a class action is certified against a non-Settling Defendant in one or more of the Actions, the Big Picture Defendants will provide (or provide authorization for third parties to provide) data sufficient to identify class members, to determine the terms of class members' loans, to determine payments made by class members on their loans, to determine which loans have been charged off, to determine all outstanding amounts owed under the terms of class members' loan agreements, and any other data or information about class members and their loans which is reasonably requested by Class Counsel and under this provision, such data may only be used for the purpose of creation of a class list or distribution of funds to class members, or to effectuate a subsequent settlement with such Non-Settling Defendant. Subject to the provisions in Section 6.4 below, upon Twenty-One (21) calendar days' notice, in response to a reasonable request from Plaintiffs, the Big Picture

Defendants shall also provide evidence necessary to establish the availability of this data to identify class membership in a contested class certification motion.

6.4    Other Uses Plaintiffs have represented that they may need additional data, documents, and information to establish liability or for other important purposes in the Actions other than class certification, including by example only and without limitation, information from: TransDotCom, LLC, Data X, LLC, and Microbilt (as it relates to the Actions); emails and communications by Non-Settling Defendants to which the Tribe or Tribal Officials were not a party; and loan-level information regarding each Settlement Class Member's loan sufficient to demonstrate the original principal balance of the loan, the interest rate, and the amount and timing of any payments the Settlement Class Member made on the loan. The Settling Defendants have neither agreed nor refused to provide this information and documents to the Plaintiffs as a term of the Settlement. If such request is made to the Big Picture Defendants by the Plaintiffs, Plaintiffs will discuss their request(s) with Robert Rosette and both sides agree to negotiate and attempt to resolve any disagreement in good faith. Any remaining disputes will be resolved in accordance with Section 6.5.

6.5    If the Parties are not able to reach an agreement on Plaintiffs' request(s), the Honorable. David J. Novak will conduct binding mediation of the disputed issues.

6.6    Notice Process Generally. Subject to approval by the Court, Class Notice shall be provided to all persons in the Settlement Class in accordance with the Notice Plan approved by the Court. The form of the Class Notice is attached hereto as **Exhibit A** for all Settlement Class Members. Class Notice will be sent in accordance with Fed. R. Civ. P. 23(c) in the manner approved by the Court through email notice to verified email addresses to each Settlement Class

JA314

Member identified on the Class List. Class Notice shall be emailed no later than thirty (30) days after the class list is reviewed by Class Counsel.

6.7     Settlement Website. The Settlement Administrator shall establish an Internet domain and website containing information about the Settlement. The Settlement Website will be accessible by no later than the date of the electronic mailing of the Class Notices. The Settlement Website will post the Settlement Agreement, the Class Notice, Claim Form, the Preliminary Approval Order, the proposed Final Judgment, and, if not included in the Preliminary Approval Order, any court order setting a date and time for the Final Fairness Hearing, and all other documents and information requested by Plaintiffs, subject to reasonable objection by another Party, and any other information required by the Court. Any information appearing on the Settlement Website in addition to the above-listed documents shall be subject to joint approval of the Parties. The Settlement Website also will offer a Spanish-language translation option. The Settlement Website also will detail a process through the website and direct e-mail notice by which a Settlement Class Member can review an estimated claim amount before submitting either a mailed or electronic claim as well as a process to determine, after the claim deadline has passed, an approximate amount of recovery and may elect to withdraw his or her claim. A Settlement Class Member may elect to withdraw his or her claim only by U.S. Mail. The Settlement Website shall be disestablished by the Settlement Administrator within ninety (90) days following the mailing of the last payment to a Settlement Class Member.

6.8     Telephone Assistance Program. The Settlement Administrator will establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from Settlement Class Members. The toll-free number will provide access to live support, a voice

JA315

response unit ("VRU") or a combination of live support and VRU. It shall also offer a Spanish-language alternative number and VRU.

6.9     Expenses of Notice and Administration. All Class Notice, Payment Notices, and other class administration costs shall be invoiced by the Settlement Administrator and paid promptly from the Settlement Fund, as set forth in Sections 6.10 and 6.11 below. Any disputes relating to this Subsection shall be brought to the Honorable David J. Novak for binding resolution.

6.10    Expenses Paid Through the Settlement Fund. The total expenses associated with Class Notice, Payment Notices, and any other class administration costs (including any consulting costs), shall not increase the amount paid by any of the Settling Defendants as part of the Settlement under any circumstance. Any and all payments shall come from the Settlement Fund before the calculation of net settlement payments to Settlement Class Members. The Settlement Administrator shall invoice and charge as to each subsequent distribution against the payments to be made in that distribution.

6.11    In the event that the Big Picture Defendants advance payments for purposes of effectuating the Notice Plan and administration of the Settlement as provided in Sections 6.6 through 6.8 (as provided in Section 10.1), the Big Picture Defendants will provide an accounting of the payments to Class Counsel.  Any disagreement or objection as to the advance payments will be raised with Honorable David J. Novak for binding resolution.

6.12    Notice under Class Action Fairness Act of 2005 ("CAFA Notice"). Settling Defendants will send the CAFA Notice in accordance with 28 U.S.C. § 1715(a)-(b), not later than ten (10) days after this Settlement Agreement is filed with the Court.

6.13    Notice to Court. No later than fourteen (14) days prior to the Final Fairness Hearing, the Settlement Administrator shall file with the Court and serve on counsel for all Parties a

declaration stating that the Class Notice required by the Settlement Agreement has been completed, as well as implementation of the Settlement Website, toll-free telephone support, and copies of all objections received.

6.14    Confidentiality. The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement in a form agreed to by all counsel for the Parties. The confidentiality agreement will provide that the Settlement Administrator (and any person retained by the Settlement Administrator) shall treat as confidential the names, addresses, and all other information concerning Settlement Class Members. The confidentiality agreement will further provide that the Settlement Administrator (and any person retained by the Settlement Administrator) shall use such information only for the purposes of fulfilling the Settlement Administrator's duties and responsibilities as provided for under this Settlement Agreement.

## VII.    PROCEDURES FOR OBJECTIONS

7.1    Objections from Settlement Class Members. Any Settlement Class Member may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of Attorneys' Fees and costs and the Service Awards to the Named Plaintiffs. However, no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files the objection with the Court no later than thirty (30) days before the Final Fairness Hearing and serves the objection so that it is received by representative Class Counsel, representative Settling Defendants' Counsel (who shall forward a copy of each objection received to the other Settling Defendants' Counsel), and the Settlement Administrator no later than thirty (30) days before the Final Fairness Hearing; provided, however, objections to the Class Counsel's Attorneys' Fees or the requested Service Awards may be supplemented up to seven (7) days after the filing of a motion for such fees or

awards to address additional information or materials in the motion.  Copies of all objection papers

must be sent to the following addresses:

| **Class Counsel Representative** | **Big Picture Defendants' Counsel Representative** |
|---|---|
| Leonard A. Bennett<br>Consumer Litigation Associates, PC<br>763 J Clyde Morris Blvd., Suite 1A<br>Newport News, VA 23601<br>Telephone: (757) 930-6330<br>Facsimile: (757) 960-3662<br>Email: lenbennett@clalegal.com | Karrie S. Wichtman<br>Lac Vieux Desert Band of Lake Superior Chippewa Indians<br>N4698 US 45, P.O. Box 249<br>Watersmeet, Michigan 49969<br>Telephone: (906) 358-4577, extension 4127<br>Email: karrie.wichtman@lvdtribal.com |
| **Big Picture Defendants' Counsel Representative** | **Settlement Administrator** |
| Robert A. Rosette<br>Rosette, LLP<br>565 W. Chandler Boulevard<br>Suite 212<br>Chandler, Arizona 85225<br>Telephone: (480) 889-8990<br>Facsimile: (480) 899-8997<br>Email: rosette@rosettelaw.com | Settlement Administrator to be approved by the Court. |

7.2     All objections must include: (1) the objector's name, address, telephone number,

and the last four digits of the Settlement Class Member's Social Security number; (2) a sentence

stating that to the best of his or her knowledge he or she is a member of the Settlement Class; and

(3) the factual basis and legal grounds for the objection to the Settlement; and (4) the name, firm

name, phone number, email address, and mailing address of counsel representing the objector, if

any. The written objection must state whether the Settlement Class Member and/or his or her

lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the

Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk

of the Court no later than thirty (30) days before the Final Fairness Hearing and shall include the

JA318

full style and case number of each previous class action case in which that counsel has represented an objector. To the extent necessary or desired, the Parties may respond to any properly-filed objections no later than fourteen (14) days before the Final Fairness Hearing.

7.3     A Settlement Class Member who objects to the Settlement may withdraw that objection. Any Settlement Class Member that does not make an objection in the time and manner set forth herein shall be deemed to have waived any objection and be forever foreclosed from making any objection to the fairness or adequacy of any aspect of the Settlement.

## VIII.   SETTLEMENT CLAIMS PROCESS

8.1     In order to receive a payment from the Settlement Fund, a Settlement Class Member must submit a Claim Form, no later than sixty (60) days from the date of mailing the Class Notices, by either: (1) submitting a Claim Form on the Settlement Website; or (2) returning to the Settlement Administrator, via U.S. mail, the completed Claim Form attached to the Class Notice.

8.2     Submission of claims pursuant to this Section shall be permitted commencing on the first day on which Class Notice is disseminated.

8.3     To be eligible for any payment from the Settlement Fund, a Settlement Class Member must submit a Valid Claim by completing a Claim Form, which shall be provided within the Class Notice to all Settlement Class Members and also made available for download or submission on the Settlement Website or by request from the Settlement Administrator. The Claim Form shall be streamlined, requiring only the Settlement Class Member's name, current postal address, date of birth, and the last four digits of the Settlement Class Member's Social Security number. The Claim Form shall also solicit and recommend Settlement Class Members submit an updated email address and current telephone number of the Class Member. However, an email address and phone number shall not be required. The Claim Form and the Settlement Website shall provide complete instructions for completion of this claims process. Each Class Member

JA319

may submit only one Claim Form regardless of the number of loans the Class Member had with the Big Picture Defendants and that Claim Form will apply to all loans the Class Member had with the Big Picture Defendants.

8.4     Claim Forms submitted by U.S. mail shall contain the same information as contained in the electronic form (plus the individual's signature) and shall be mailed to a separate, dedicated post office box established by the Settlement Administrator, as provided herein.

8.5     Deceased Claimants. Claims may be filed by deceased Settlement Class Members through authorized representatives of their estates if appropriate documentation is provided. Any claim paid to a deceased consumer shall be made payable to the estate of the deceased.

8.6     Determining the Validity of Claims. Claim Forms, whether submitted electronically via the Settlement Website or by U.S. mail, that do not meet the requirements as set forth in this Settlement Agreement shall be rejected. The Settlement Administrator shall have the authority to determine whether a claim is a Valid Claim. The Settlement Administrator's determination in this regard shall be final and non-appealable unless Settling Defendants' Counsel or Class Counsel disagree, in which case the determination shall be made by the Honorable David J. Novak.  The Settlement Administrator shall promptly notify such individual that his or her claim has been denied and why it has been denied.  Settlement Class Members shall have an opportunity to cure deficient claims.

8.7     The Settlement Administrator shall notify, in a prompt fashion, any Settlement Class Member whose Claim Form has been rejected, setting forth the reasons therefore. The Settlement Administrator shall timely provide copies of all rejection notices to Class Counsel and to Settling Defendants' Counsel. Such claimant shall have an additional twenty-one (21) days

JA320

after the date this notice is mailed to correct and resubmit the defective claim, but any subsequent determination by the Class Administrator on any resubmitted notice shall be final.

8.8     No Liability for Determinations Relating to Validity of Claims. No person shall have any claim against Settling Defendants, Plaintiffs, the Settlement Class, Class Counsel, Settling Defendants' Counsel, or the Settlement Administrator based on any claim determinations made in accordance with this Settlement Agreement.

## IX.    FINAL FAIRNESS HEARING AND FINAL APPROVAL

9.1     Final Fairness Hearing.  The Parties will jointly request that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Actions in accordance with the time period specified in the Notice Plan approved by the Court. On or before a date at least fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file a motion for entry of the Final Approval Order. The Parties agree that, upon entry, the Final Approval Order constitutes a final judgment dismissing the Actions with prejudice as to Settling Defendants and all of the Released Parties.

9.2     Final Approval. Unless stated otherwise herein, all relief contemplated by this Settlement Agreement is expressly contingent upon the Settlement Agreement receiving the Court's Final Approval.

## X.    SETTLEMENT FUND

10.1     Creation of and Deposit into Settlement Fund. Class Counsel, in conjunction with the Settlement Administrator, shall establish an escrow account or equivalent account at Towne Bank (the "Financial Institution"), which shall be considered a common fund created as a result of the settlement of the Actions. The Settlement Administrator shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with this Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written

JA321

confirmation from both Class Counsel and Settling Defendants' Counsel. Class Counsel shall promptly notify the other Parties of the date of the establishment of the account. Subject to credits for amounts that were previously paid by the Big Picture Defendants for purposes of effectuating the Notice Plan and administration of the Settlement as provided in Sections 6.6 through 6.8, the Big Picture Defendants shall make deposits totaling $8,700,000.00 to the Settlement Fund on the following schedule: (1) $2,900,000 within Ninety (90) days after the Effective Date; (2) an additional $2,900,000.00 within One (1) years after the Effective Date; and (3) an additional $2,900,000.00 within Two (2) years after the Effective Date. The failure of the Big Picture Defendants to perform as to this term will constitute a material breach. The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit, or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class Members who submit Valid Claims in the event this Settlement Agreement is not terminated by the Settling Defendants and the Effective Date otherwise occurs.

102     Dowd, Liang, and McFadden each presently own discrete membership interests in Eventide Credit Acquisitions, LLC ("Eventide"), which is entitled to receive payments from the Loan Agreement and Promissory Note dated September 14, 2015 between Eventide and TED (the "Eventide Note"). As separate and distinct consideration for the respective releases granted to each of them under this Settlement, each of Dowd, Liang, and McFadden shall transfer to the Settlement Fund their respective Eventide membership interests, including their respective interests in future Eventide distributions, if any, received under the Eventide Note (separately and collectively, Dowd's, Liang's, and McFadden's "Eventide Interests") subject to the Parties' understanding that such transfer must be structured in such a way as to: (a) avoid any tax liability

JA322

to Dowd, Liang, and McFadden; (b) comply with the terms of the Eventide Note; (c) comply with the terms of the Eventide Operating Agreement; and (d) if necessary because it is not possible to satisfy requirements (a), (b) and (c), through the direct transfer of their Eventide Interests, effectuate the transfer or assignment to the Settlement Fund of their respective future Eventide distributions, if any. The transfer of the Eventide Interests shall be made in a manner to avoid Dowd, Liang, or McFadden incurring any tax liabilities; however, in the event that is not possible, such transfer shall be made, less whatever amounts are necessary to satisfy any tax liabilities incurred by Dowd, Liang, or McFadden as the result of receiving such distributions before payment to the Settlement Fund. The Parties and Settlement Administrator shall provide their reasonable cooperation to accomplish the transfer of the Eventide Interests contemplated under this Section 10.2. Any disputes relating to this Section 10.2 shall be brought to the Honorable David J. Novak for resolution.

l03      Settlement Fund Distributions. The Settlement Fund will be used to make distributions to the Settlement Class Members who submit a Valid Claim from the Settlement Fund under the process set forth below. Class Counsel will: (1) request an award of Attorneys' Fees in an amount not to exceed Thirty-three percent (33%) of the Settlement Fund; and (2) seek the disbursement of the remaining balance of the costs of the Notice Plan and administration out of the Settlement Fund. The remainder of the Settlement Fund shall be used to pay Settlement Class Members who submit a Valid Claim on a *pro rata* basis, as set forth below. Distribution checks will be void after ninety (90) days. To the extent that Attorney's Fees are awarded by the Court in an amount that is less than what is sought by Class Counsel at the time of Final Approval, the difference shall be credited to the Settlement Fund.

104    Costs of Notice and Administration Expenses Deduction. Prior to Final Approval, costs of notice and any other expenses incurred in the administration of the Settlement shall be paid by the Big Picture Defendants within ten (10) business days of receiving advance, written notice from the Settlement Administrator for amounts to be invoiced by the Settlement Administrator to the Big Picture Defendants for costs and any other expenses incurred in the administration of the Settlement. This amount shall be credited against the initial payment of $2,900,000.00 scheduled to be paid within Ninety (90) days of the Effective Date. The Big Picture Defendants, therefore, will fund the Settlement Fund in two stages: first to pay the costs of notice and any other expenses incurred in the administration of the Settlement in accordance with Section 6.6-6.10; and second to pay the remainder of the Settlement Fund in accordance with Section 10.1. Under no circumstance shall the total amount paid by the Big Picture Defendants into the Settlement Fund exceed $8,700,000.00. Under no circumstances shall the total amount paid by Dowd, Liang, and McFadden into the Settlement Fund exceed the Eventide Interests (addressed in Section 10.2).

105    Settlement Fund Tax Status. The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. For the purpose of Treasury Regulation § 1.468B of the Internal Revenue Code of 1986, as amended,

JA324

and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this Subsection and in all events shall reflect that all federal or state income taxes ("Taxes") (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

10.6    Tax Liabilities. All (a) taxes (including any estimated Taxes, interest or penalties) arising with respect to any income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns herein ("Tax Expenses"), shall be paid out of the Settlement Fund. In no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as

well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section. The Settlement Administrator has discretion to submit whatever tax form(s) it deems appropriate to any Settlement Class Member. The Settling Defendants do not make any representation or warranty as to the appropriate tax treatment of any provision of this Settlement Agreement.

10.7    Attorneys' Fees. No later than fourteen (14) days before the Final Approval Hearing, Class Counsel shall file an application or applications to the Court for reimbursement of Attorneys' Fees and costs from the overall Settlement Fund, not to exceed Thirty-three percent (33%) of the Settlement Fund. The application or applications shall be noticed to be heard at the Final Fairness Hearing. Settling Defendants will not oppose such a request so long as it does not exceed that amount.

10.8    Settlement Not Conditioned on Attorneys' Fees Approval. The application or applications for Attorneys' Fees, and any and all matters related thereto, shall not be considered part of the Settlement Agreement, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Plaintiffs and Class Counsel agree that this Settlement Agreement is not conditional on the Court's approval of Attorneys' Fees in the requested amount or in any amount whatsoever. The Court's ruling on the application or applications for such fees shall not operate to terminate or cancel the Settlement.

JA326

10.9    All Attorneys' Fees Come Out of Settlement Fund. Settling Defendants shall have no responsibility for, nor any liability with respect to, the payment of Attorneys' Fees to Class Counsel. The sole source of any payment of Attorneys' Fees shall be the Settlement Fund.

10.10    Payment of Attorneys' Fees. Attorneys' Fees in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator from the third and final $2,900,000 payment made by the Settling Defendants and may be paid ten (10) days after receipt of the final payment in the Settlement Fund under Section 10.1.

10.11    Service Awards to the Named Plaintiff. On or before fourteen (14) days before the Final Fairness Hearing, Class Counsel shall file an application to the Court for a Service Award, not to exceed five-thousand dollars ($5,000.00), depending upon each Plaintiff's degree of contribution and service, to be paid to each of the Named Plaintiffs serving as class representatives in support of the Settlement out of the Settlement Fund. Settling Defendants will not oppose such a request. To the extent the Court approves a Service Award in an amount less than $5,000.00 to a Named Plaintiff, the difference will remain in the Settlement Fund.  Any Service Award payment shall be funded through the Settlement Fund.

10.12    Settlement Class Member Payments. All Settlement Class Members who submit Valid Claims are entitled to payment pursuant to the processes for submitting Claim Forms and determining Valid Claims as set forth in Section VIII. The amount of each check to be issued is subject to deduction for Attorneys' Fees and costs approved by the Court and costs of administration by the Settlement Administrator. To calculate the amount of each payment, the Settlement Administrator shall divide the amount left in the Settlement Fund after all other payments and costs required by this Settlement Agreement have been deducted.

JA327

10.13    Settlement Checks. All settlement checks shall be issued thirty (30) days after receipt of the second deposit into the Settlement Fund under Section 10.1. All settlement checks shall state: "This payment is tendered to you as a class member in *Renee Galloway, et al. v. James Williams, Jr., et al.,* Case No. 3:19-cv-00470-REP (E.D. Va.) in consideration for your release of the Released Parties as set forth in the Class Action Settlement Agreement and Release."

10.14    Use and Disbursement of Settlement Fund. The Settlement Fund shall be used only in the manner and for the purposes provided for in this Settlement Agreement. No portion of the Settlement Fund shall be disbursed except as expressly provided for herein.

10.15    Disbursement of Funds for Notice and Administrative Expenses. Upon Preliminary Approval, the Settlement Administrator shall disburse funds for the costs of notice and related administrative expenses incurred with respect to effectuating the Notice Plan approved by the Court.

10.16    Deduction of Reasonable and Necessary Expenses. The Settlement Administrator shall distribute payments from the Settlement Fund pursuant to the processes set forth in this Section X. The Settlement Administrator may deduct from the Settlement Fund any and all reasonable and necessary expenses for the administration of such payments (*e.g.*, costs associated with generating and mailing checks), as well as all reasonable expenses for the determinations as to Valid Claims.

10.17    General Distribution Plan. The Settlement Administrator shall send payments via U.S. mail or by commercially reasonable electronic means out of the Settlement Fund to the Settlement Class Members who submit Valid Claims. Each such Settlement Class Member will receive only one payment, regardless of the number of counts in any of the operative complaints in the Actions that may have applied to that Settlement Class Member. The Payment Notices

JA328

accompanying the payment check shall notify the recipients that the checks must be cashed within sixty (60) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.

10.18    Distribution after Sixty (60) Days. Sixty (60) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund.

10.19    Residual Amounts in Settlement Fund. Any residual amounts in the Settlement Fund (including after payments to Settlement Class Members, Attorneys' Fees, Service Awards, and amounts necessary to effectuate the Notice Plan and for administration of the Settlement) shall be paid to The PEW Charitable Trusts.

10.20    Capped Fund. All of the following must be paid from the $8,700,000 and Eventide Interests, if any, paid into the Settlement Fund by Settling Defendants: (i) notice and administration/consulting costs; (ii) payments to the Settlement Class Members who submit Valid Claims; (iii) payments of Service Awards to the Named Plaintiffs; (iv) and payments to Class Counsel for Attorneys' Fees. The Parties and their respective counsel agree that under no circumstances will Settling Defendants and/or Released Parties pay or cause to be paid more than their respective contributions aggregating to the sum of $8,700,000, plus the assigned Eventide Interests, if any, pursuant to this Settlement.

10.21    No Vested Interest.  The Parties Agree, and the Court shall order, that no Settlement Class Member has a vested interest in any amount to be paid to him or her under the Settlement Agreement unless and until he or she has cashed a settlement check under the parameters and timeframe set forth herein.

## XI.    SETTLEMENT CLASS INJUNCTIVE RELIEF

JA329

11.1    Subject to the terms and conditions of this Settlement Agreement, the Parties have agreed that Plaintiffs will move for an uncontested motion for the Court to enter an injunction attached as **Exhibit B** to this Settlement Agreement that will consist of the following issues only.

11.2    Cap on Collections. With respect to Settlement Class Members residing within the United States or its territories who executed loan agreements with Big Picture and/or Red Rock (including loans assigned to Big Picture or Red Rock) from June 22, 2013, to the date of the Preliminary Approval Order and have not fully paid off his or her loan under the agreed terms, but not including Charged-Off Loans (defined below), the Big Picture Defendants agree to collect no more than 2.5 times the original principal amount of the loan in payments over the life of the loan (*e.g.*, if the original principal amount of the loan was $500.00 then the Big Picture Defendants agree to cap collection at $1,250.00, including payments credited to either interest or principal reduction).

11.3    Cease Collection and Cancellation of Charged-Off Loans. With respect to loan agreements executed (i) by Settlement Class Members residing within the United States or its territories, (ii) with Big Picture and/or Red Rock (including loans assigned to Big Picture) and (iii) from June 22, 2013 to the date of the Preliminary Approval Order, Big Picture will charge off such loans after being at least 210 days in default ("Charged-Off Loans"). The Big Picture Defendants agree to cease any collection activities and cancel all such loans as a contested liability to the extent not already done for Charged-Off Loans. The Big Picture Defendants will not assign, sell, or transfer any interest in Charged-Off Loans and/or future loan proceeds from Charged-Off Loans. Any consumers with Charged-Off Loans on the Effective Date will be notified of the elimination of their defaulted loan balances through a letter, approved by all Parties and sent by the Settlement Administrator. Such letter will be sent by email if such address is reasonably verifiable and shall

not imply or express any admission of wrongdoing by any of the Released Parties. Any payments made on Charged-Off Loans to the Big Picture Defendants after the date of the Preliminary Approval Order will either be (i) rejected by Big Picture Defendants or (ii) held in escrow by the Big Picture Defendants and within thirty (30) days of the Effective Date shall be returned to the respective consumer or paid to the Settlement Administrator to be returned to the respective Settlement Class Member.

## XII.  RELEASE OF CLAIMS

12.1    Release for Valid Claims. Upon the Effective Date, the Named Plaintiffs, for themselves and as representatives of the Settlement Class, each Settlement Class Member who submits a Valid Claim, and/or their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally and forever settled, released and discharged the Released Parties of and from the Released Claims. Nothing in this Settlement Agreement, however, shall be deemed a release of the Parties' respective rights and obligations under this Settlement Agreement. Also, nothing in this Settlement Agreement shall be deemed a release of Plaintiffs' and Settlement Class Members' respective Claims against the Non-Settling Defendants.

12.2    Scope of Release for Settlement Class Members Who Submit Valid Claims. In exchange for the relief described in this Settlement Agreement and the injunctive relief set forth in Section XI, the Settlement Class Members who submit Valid Claims and/or anyone acting or purporting to act on their behalf agree to release the Released Parties from any and all Released Claims. It is the intent of the Parties that this release covers every possible Claim that could have been brought in the Actions against the Released Parties, regardless of any other requirement

imposed by federal or state law, including all damages claims and claims for any and other remedies.

12.3    Released Claims. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, tribal law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Fairness Approval Order and Judgment, that relate to and/or arise out of loans made by and/or in the name of Big Picture, Castle Payday Loans, and/or Red Rock. Notwithstanding the Release defined and stated herein, this Settlement Agreement shall not release any claim alleged against any party in *Williams, et al, v. Microbilt Corporation, et al*, Civ. No. 3:19cv85 (E.D. Va.).

12.4    Scope of Release for Settlement Class Members Who Do Not Receive a Payment ("Non-Payment Released Claims"). All Settlement Class Members who do not receive a payment from the Settlement Fund will waive their rights to bring a class action, collective action, and/or mass action (but not an individual action) against any and all of the Released Parties related to not only claims asserted in the Actions, but also claims that could have been asserted in the Actions.

12.5    General Release to Fullest Extent Possible. The Parties agree that the release is limited to those Released Claims encompassed by the provisions of Section 12.3. Notwithstanding that understanding, Plaintiffs, for themselves and for each Settlement Class Member, acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that

JA332

they or Class Counsel now knows or believes to be true with respect to the subject matter of these releases, but it is their intention to, and they do hereby, upon the Effective Date of this Settlement Agreement, fully, finally and forever settle and release any and all Released Claims and Non-Payment Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, for themselves and for each Settlement Class Member, further waives any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." Plaintiffs and Class Counsel understand and acknowledge the significance of this waiver and/or of any other applicable federal or state law relating to limitations on releases.

12.6     Binding Nature of Settlement. Subject to the requirements of due process, this Settlement Agreement shall bind all Settlement Class Members and all of the Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if the Settlement Class Member claims or can later show that he or she did not receive actual notice of the Settlement prior to the hearing on final approval of the Settlement.

12.7     This Release as set forth in this Section may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement.

12.8     Upon entry of the Final Fairness Approval Order and Judgment, the Parties shall take all actions necessary to cause entry of Final Judgment, including the severance of Claims

JA333

against the Non-Settling Defendants, and the Parties agree to dismiss the Actions and any related appeals with prejudice as to Settling Defendants.

12.9    It is expressly understood and acknowledged by the Parties that the provisions of this release and covenant not to sue as set forth in this Section together constitute essential and material terms of the Settlement Agreement to be included in the Final Approval Order.

## XIII.   TERMINATION AND SUSPENSION

13.1    Settling Defendants' Rights to Terminate Agreement. Settling Defendants' willingness to settle the Actions on a class-action basis and to agree to the certification of conditional Settlement Class is dependent upon achieving finality in the Actions, and the desire to avoid the expense of these and other Actions. Consequently, Settling Defendants shall have the unilateral right in their sole discretion to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Plaintiffs, Settlement Class Members, or Class Counsel if any of the following conditions subsequently occurs: (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order; (2) the Court modifies the terms of the Settlement Agreement; or (3) the Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement Agreement or the Final Approval Order.

13.2    Plaintiffs' Rights to Terminate Agreement. Plaintiffs shall have the unilateral right in their sole discretion to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Settling Defendants if any of the following conditions subsequently occurs: (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order; (2) the Court modifies the terms of the Settlement Agreement; or (3) the Effective Date does not occur for any

JA334

reason, including the entry of an order by any court that would require either material modification or termination of the Settlement Agreement or the Final Approval Order.

13.3     Disapproval of Fee Request. Notwithstanding anything else contained herein, the failure of any Court to approve the Attorneys' Fees or Service Awards in the requested amounts, or any amounts whatsoever, shall not be grounds for the Named Plaintiffs or Class Counsel to terminate this Settlement Agreement.

13.4     Effect of Termination on This or Future Actions. If this Settlement Agreement is rejected by the Court or terminated for any reason: (1) the class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Actions or in any other proceeding; (2) counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record; (3) the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, liability, or proposition of law; and (4) the Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Actions against any Party, including without limitation, the amended complaint filed in *Galloway III* and any consolidation of the Actions pursuant to Section 5.1 shall be null and void as it was filed only to effectuate this Settlement.

## XIV.   PUBLIC STATEMENTS

14.1 Public Statements. Settling Defendants and Plaintiffs shall not issue any press releases or make any affirmative statements to any media regarding this Settlement.  Class Counsel

JA335

shall not use the name of or identity of any Settling Defendant, other than the Big Picture

Defendants, on any of Class Counsel's websites or promotional materials.

## XV.    MISCELLANEOUS PROVISIONS

15.1    No Invocation of Sovereign Immunity as a Defense to the Final Settlement

Agreement: The Tribe, the Individual Tribal Defendants, the Big Picture Defendants, Dowd,

Liang, and McFadden will not invoke sovereign immunity as a defense to the enforcement of the

Settlement Agreement. None of the Individual Tribal Defendants, the Big Picture Defendants,

Dowd, Liang, or McFadden consent to a waiver of their sovereign immunity from suit except for

the limited purposes of the enforcement of this Settlement Agreement and as follows: (a) any

dispute shall be brought by and limited to Plaintiffs, Settlement Class Members and no other party

or entity; (b) the dispute shall be limited to those arising under this Settlement Agreement and the

enforcement of any agreement, order, judgment or ruling resulting therefrom; and (c) the dispute

shall be brought in the United States District Court for the Eastern District of Virginia. Nothing

contained herein shall be construed as a waiver of the sovereign immunity of the Tribe, the

Individual Tribal Defendants, the Big Picture Defendants, Dowd, Liang, and/or McFadden in any

other context, proceeding or litigation. Except as expressly set forth herein, nothing contained in

this Settlement Agreement shall be construed as a waiver of any rights or privileges belonging to

the Tribe, the Individual Tribal Defendants, the Tribal Officials, the Big Picture Defendants,

Dowd, Liang, and McFadden, and each of their current, past and future affiliates, subsidiaries,

parents, insurers, and all of the respective directors, officers, Tribal Council members, general and

limited partners, shareholders, managers, representatives, employees, members, agents, attorneys,

accountants successors, assigns, and representatives, including sovereign immunity from judicial

process, all of which are otherwise reserved.

JA336

15.2    Choice of Law. This Agreement and the rights of the parties under this Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia including all matters of construction, validity, performance, and enforcement and without giving effect to the principles of conflict of laws. By agreeing to this, none of the Defendants is agreeing to the application of Virginia law in any other context. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement and/or the Settlement, or Defendants' willingness to enter into this Settlement Agreement, nor any or all negotiations, communications, and discussions associated with the Settlement are, or may be construed as, or may be used in any proceeding as, an admission by or against the Big Picture Defendants, the Tribe, the Individual Tribal Defendants, the Tribal Officials, Dowd, McFadden, and/or Liang of any waiver of sovereign immunity.

15.3    Discovery to Settling Defendants. In addition to the stay sought in Section 5.3 and the dismissals pursuant to Section 5.1, as to Settling Defendants named in the Actions, all discovery as to the Settling Defendants is stayed while the Settlement Agreement goes through the approval process. If the Settlement is not finally approved by the Court for any reason, the stay shall be terminated, and any discovery implicated by this Section 15.3 shall not be deemed due for response until at least forty-five (45) days from such termination.

*15.4*    Use of Discovery Materials in Related Actions. Settling Defendants agree that documents produced, and depositions provided in *Williams* or *Galloway I* shall be produced in *Galloway II* or any other related case subject to the protective order entered or to be entered in *Galloway II.*

15.5    Destruction and Non-Use of Discovery Materials. Class Counsel agrees to destroy all materials produced by the Settling Defendants, Released Parties, and all third parties upon entry

JA337

of the Final Approval Order or upon resolution of the Actions, or any related actions brought against a party that is not a Released Party, whichever is later; subject to good faith discussion between counsel of the Parties as necessary. Class Counsel agree to be bound by the requirements of the protective orders entered in the Actions, even following their disposal of the materials. Any disputes will be arbitrated by the Honorable David J. Novak.

15.6    Bellicose Capital, LLC ("Bellicose") Privilege. The Big Picture Defendants agree to withdraw their assertion of attorney-client privilege for communications that occurred at Bellicose or Sourcepoint VI, LLC prior to the acquisition on January 26, 2016. The Big Picture Defendants will produce such communications if they are within the Big Picture Defendants' possession unless another Party or entity, other than a Released Party, has timely served a separate privilege objection that has not been overruled by the respective court. The Big Picture Defendants agree to withdraw their objections to discovery for such communications, including but not limited to third-party subpoenas to Jennifer Galloway and Conner & Winters, LLP.

15.7    Admissibility of Settlement Agreement. This Settlement Agreement shall not be offered or be admissible in evidence in any action or proceeding except: (1) the hearings necessary to obtain and implement Court approval of this Settlement; or (2) any hearing to enforce the terms of this Settlement Agreement or any related order by the Court.

15.8    Successors and Assigns. The terms of this Settlement Agreement shall apply to and bind the Parties as well as their heirs, successors, and assigns.

15.9    Communications Relating to Settlement Agreement. Unless specified otherwise herein, all notices or other formal communications under this Settlement Agreement and/or the Settlement shall be in writing and sent by electronic mail, fax or hand delivery, or overnight mail postage prepaid to:

JA338

If to Class Counsel:

    Leonard A. Bennett
    CONSUMER LITIGATION ASSOCIATES, P.C.
    763 J. Clyde Morris Blvd., Ste. 1-A
    Newport News, VA 23601
    Telephone: (757) 930-3660
    Facsimile: (757) 930-3662
    Email: lenbennett@clalegal.com

If to counsel for the Big Picture Defendants, the Tribe, the Individual Tribal Defendants, Liang and McFadden:

    Robert A. Rosette
    Justin A. Gray
    Rosette, LLP
    44 Grandville Avenue SW
    Suite 300
    Grand Rapids, Michigan 49503
    Telephone: (616) 655-1601
    Facsimile: (517) 916-6443
    Email: rosette@rosettelaw.com
    Email: jgray@rosettelaw.com

If to counsel for the Columbia Defendants:

    Thomas Lester
    Devin Noble
    HINSHAW & CULBERTSON LLP
    100 Park Avenue
    PO Box 1389
    Rockford, IL 61105
    Telephone: 815-490-4946
    Facsimile: 815-490-4901
    Email: tlester@hinshawlaw.com
    Email: dnoble@hinshawlaw.com

If to counsel for Defendant James Dowd:

    Michael Stinson
    Vernle C. Durocher, Jr.
    DORSEY & WHITNEY LLP
    50 S Sixth St., Suite 1500
    Minneapolis, MN 55402
    Telephone: 612-492-6624
    Facsimile: 612-340-2868
    Email: stinson.mike@dorsey.com

JA339

Email: Durocher.skip@dorsey.com

If to counsel for Defendants Amlaur Resources and Brian Jebwab:

        Rebecca Ruby Anzidei
        Amadou Kilkenny Diaw
        Martin Cunniff
        RUYAK CHERIAN LLP
        1700 K Street NW
        Suite 810
        Washington, DC 20006
        Telephone: (202) 897-1914
        Facsimile: (202) 478-1715
        Email: rebeccaa@ruyakcherian.com
        Email: amadoukd@ruyakcherian.com
        Email: martinc@ruyakcherian.com

        Sean J. Bellew
        Bellew LLC
        2961 Centerville Road
        Suite 302
        Wilmington, DE 19808
        Telephone: (302) 353-4951
        Email: sjbellew@bellewllc.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections received in relation to this Settlement Agreement.

Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above.

15.10    If any Party to this Agreement believes that another Party is in default of its obligations under this Agreement, the Party believe there is a default must advise all Parties in writing ("Notice of Default"), as listed in Section 15.9, prior to filing suit or seeking other relief to enforce the terms of this Agreement.  Upon receipt of the Notice of Default, the defaulting Party shall have thirty (30) days to cure the default. If the default is not cured at the end of the 30-day

JA340

period, the non-defaulting Party may file suit or seek other relief to enforce the terms of this Agreement.

15.11    Non-Solicitation/Representation. Class Counsel represents and warrants that they will not solicit or suggest, directly or indirectly, personally or through other actions, other lawyers, law firms, nonprofit entities, or governmental or regulatory authorities the filing of new actions against Settling Defendants or any of the Released Parties relating to the offering, transacting, servicing, selling, or collection of the Big Picture Defendants' or Red Rock's loans consummated prior to the date of Preliminary Approval to any consumer located in the United States.

15.12    Destruction and Non-Use of Discovery Materials: Class Counsel agree to destroy all materials produced by Settling Defendants, any Released Party, and/or any third parties and designated upon that production as confidential upon entry of the Final Order or upon final resolution of the Actions, or any related actions brought against a party that is not a Released Party, whichever is later; subject to good faith discussion between counsel for the Parties as necessary. Class Counsel agree to be bound by the requirements of the protective orders entered in the Actions, even following their disposal of the materials. Any disputes will be arbitrated by the Honorable David J. Novak.

15.13    Big Picture Defendants' Communications with Consumers in the Ordinary Course of Business. Big Picture Defendants reserve the right to continue communicating with its customers and Consumers, including Settlement Class Members, in the ordinary course of business. Big Picture Defendants shall not advise consumers of anything contrary to the terms of this Settlement.

15.14    Efforts to Support Settlement. The Parties and their counsel agree to cooperate fully in seeking Court approval for this Settlement Agreement and to use their best efforts to effect

JA341

the consummation of the Settlement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Actions, if so required.

15.15    Competency of the Parties. The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement Agreement, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel of their choice, that they are fully aware of the contents and effect of this Settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

15.16    Procedures for Disputes Between Parties Relating to the Settlement Agreement. Unless specifically indicated as a dispute to be brought to the Honorable David J. Novak in the first instance, the Parties agree to submit any dispute arising under this Settlement Agreement first to mediation with Nancy F. Lesser of PAX ADR Dispute Resolution & Mediation Services, a private mediator previously used by the Parties on three occasions for the Actions, and, if deemed necessary and agreed by the Parties, the Honorable David J. Novak, before filing any motion or action with the Court, allowing a reasonable time for the mediation of the dispute.

15.17    Entire and Voluntary Agreement. The Parties intend the Settlement Agreement to be a final and complete resolution of the Actions.  The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith and were reached voluntarily after consultation with competent legal counsel. There shall there be no presumption for or against any Party that drafted all or any portion of this Settlement Agreement. This Settlement Agreement contains the entire agreement and understanding concerning the subject matter between the Parties and supersedes all prior negotiations and proposals, whether written or oral.  No other party or any

JA342

agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce them to execute the same. The Parties represent that they have not executed this instrument or the other documents in reliance on any promise, representation, or warranty not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement. Any modification must be in writing signed by the Parties and their respective counsel and, to the extent necessary, approved by the Court.

15.18    Headings for Convenience Only. The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

15.19    Settlement Agreement Controls. All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. To the extent that there is any conflict between the terms of this Settlement Agreement and the Exhibits attached hereto, this Settlement Agreement shall control.

15.20    Time Periods. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

15.21    Amendments. The Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and Settling Defendants' Counsel, or their respective successors-in-interest.

15.22    Receipt of Advice of Counsel. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Settlement Agreement, received independent legal advice with respect to the advisability of entering into this Settlement Agreement and fully

JA343

understands the effect of this Settlement Agreement, the Released Parties, and the Released Claims.

15.23   Authorization of Counsel. Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that they deem necessary or appropriate.  Each attorney executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney has the full authority to do so.

15.24   Confidentiality. All agreements made and Orders entered during the course of the Actions relating to the confidentiality of information shall survive this Settlement Agreement.

15.25   Court's Jurisdiction. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement and all orders entered in connection therewith. The Parties and their attorneys submit to the jurisdiction of the Court regarding these matters.

15.26   Construction. Each of the Parties has cooperated in the mutual drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any of the Parties.  Before declaring any provision of this Settlement Agreement invalid, a court should first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable.

15.27   No Claims Arising from this Settlement Agreement. No person shall have any claim against any Settling Defendants, Released Party, Settling Defendants' Counsel, Named

JA344

Plaintiff or Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

15.28    Waiver. The waiver by one party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

15.29    Counterparts and Date of Agreement. This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court. The Settlement Agreement shall become effective upon its execution by all of the undersigned.

JA345

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives.

**LULA WILLIAMS; GLORIA TURNAGE; GEORGE HENGLE; DOWIN COFFY; MARCELLA SINGH; RENEE GALLOWAY; DIANNE TURNER; EARL BROWNE; ROSE MARIE BUCHERT; REGINA NOLTE; KEVIN MINOR; TERESA TITUS; LISA MARTINEZ; ANTHONY GREEN; SONJI GRANDY; ANASTASIA SHERMAN; BURRY POUGH; LINDA MADISON; DOMINQUE DE LA BAY; LUCINDA GRAY; ANDREA SCARBOROUGH; JERRY AVENT; LORI FITZGERALD; DEREK GETER; KEISHA HAMM; FAITH THOMAS; SHARON PAAVO; LATANYA TARLETON**

Date: 11/26/19

Consumer Litigation Associates, P.C.
Kelly Guzzo PLC
Terrell Marshall Law Group PLLC
Berger & Montague PC
Virginia Poverty Law Center
Gupta Wessler PLLC

50

JA346

**CHRISTINA CUMMING; LAMESHA
KONDO; ANDREA MENDEZ; TAMMY
WANGELINE; FREEMAN REVELS;
KIMBERLY POOL; TASHA PETTIFORD**

Date: 12/17/2019

Tycko & Zavareei LLP

JA347

**RICHARD L. SMITH, JR.; VICTORIA R. MCKOY; DESIREE W. LOVINS; SANDRA MONSALVE; CARRIE S. SMITH; CHRIS KOBIN; DANA DUGGAN**

Date: 11/26/19

Michael A. Caddell

Caddell & Chapman

JA348

USCA4 Appeal: 23-2097    Doc: 11-1    Filed: 12/06/2023    Pg: 352 of 462
Case 3:19-cv-00470-REP    Document 55-1    Filed 12/19/19    Page 53 of 79 PageID# 1513
Case 3:19-cv-00470-REP    Document 18-1    Filed 11/26/19    Page 53 of 79 PageID# 717

**BIG PICTURE LOANS, LLC; ASCENSION
TECHNOLOGIES, LLC; JAMES WILLIAMS,
JR.; MICHELLE HAZEN; GERTRUDE
MCGESHICK; SUSAN MCGESHICK;
GIIWEGIIZHIGOOKWAY MARTIN; JAMES
DOWD; SIMON LIANG; BRIAN MCFADDEN;
KARRIE WICHTMAN; HENRY SMITH;
ALICE BRUNK; ANDREA RUSSELL; TINA
CARON; MITCHELL MCGESHICK;
JEFFERY MCGESHICK; ROBERTA IVEY;
JUNE SAAD**

Date: 11/27/19

Rosette, LLP

53

JA349

USCA4 Appeal: 23-2097    Doc: 11-1    Filed: 12/06/2023    Pg: 353 of 462
Case 3:19-cv-00470-REP   Document 55-1   Filed 12/19/19   Page 54 of 79 PageID# 1514
Case 3:19-cv-00470-REP   Document 18-1   Filed 11/26/19   Page 54 of 79 PageID# 718

**COLUMBIA PIPE & SUPPLY CO.; TIMOTHY ARENBERG; TERRANCE ARENBERG; DTA TRINITY WEALTH TRANSFER TRUST; DEBORAH M. ARENBERG LIVING TRUST**

Date: 11/27/19

Hinshaw and Culbertson LLP

JA350

**JAMES DOWD**

Date: 12/2/2019

Dorsey & Whitney LLP

USCA4 Appeal: 23-2097    Doc: 11-1    Filed: 12/06/2023    Pg: 355 of 462
Case 3:19-cv-00470-REP   Document 55-1   Filed 12/19/19   Page 56 of 79 PageID# 1516
Case 3:19-cv-00470-REP   Document 18-1   Filed 11/26/19   Page 56 of 79 PageID# 720

**AMLAUR RESOURCES, LLC; BRIAN JEBWAB**

Date: 12/2/19

_____
Ruyak Cherian LLP

Date: 11/27/2019

_____
Bellew LLC

56

# EXHIBIT A

# CLASS NOTICE

Return Address Box 123
Return City, ST 12345-6789

E1234 0000001 P01 T00001 ••••••••••••5-DIGIT 12345

 John Q. Sample
123 Any Street
Any Town, ST 12345-6789

# If You Obtained a Big Picture or Castle Payday Loan
# You Could Get Loan Forgiveness and/or
# a Cash Payment from a Settlement.

*A federal court ordered this notice. This is not a solicitation from a lawyer.*

- Read this Notice. It states your rights and provides you with information regarding a proposed nationwide class action settlement ("Settlement") in lawsuits brought against a number of companies and persons alleged to be involved with the making of online loans in the name of Big Picture Loans and Red Rock Tribal Lending d/b/a/ Castle Payday Loans. All of these settling parties, listed below, are known here as the Settling Defendants.

- The lawsuit claimed that the Big Picture and Castle Payday loans violated state usury laws and the Racketeer Influenced and Corrupt Organizations Act. There was no finding of liability in this case, and the Settling Defendants vigorously denied all allegations in the lawsuits.

- As part of the proposed Settlement, individuals who executed Big Picture and/or Castle Payday loan agreements from June 22, 2013, to the date of the Preliminary Approval Order may be eligible to receive certain benefits, as detailed below, including cash refunds.

- This Notice is a summary of information about the Settlement and explains your legal rights and options because you may be a member of the class of borrowers who would be affected if the Settlement is finally approved by the Court. The complete terms of the proposed Settlement are available at the Settlement website, WEBSITE ("Settlement Website"). You may also obtain further information about the Settlement at the following telephone number: NUMBER.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will remain a member of the Settlement Class. You may receive certain benefits without doing anything, including a reduction in the amount of interest you can be charged on your loan.<br><br>However, if you do nothing, you will not receive a cash payment. You can still bring any claim you may have against a Defendant, but only on an individual basis. |
| **MAKE A CLAIM FOR A CASH PAYMENT** | You can make a claim for a cash amount by submitting the attached claim form ("Claim Form") by mail or at [WEBSITE]. You will receive a cash payment if you repaid your loan, and paid more than 2.5 times the original principal amount of the loan in payments over the life of the loan. You can go to www.[_____].com/claim to see whether you would receive a cash payment. |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you may write to the Courts about why you don't like the Settlement or why the Courts should not approve it. |

## 1. WHY IS THERE A NOTICE?

This Notice relates to a proposed nationwide Settlement that will be considered by a United States District Court in Richmond, Virginia (the "Court"). Before the Settlement becomes effective, it must be finally approved by the Court. The claims of the Settlement Class Members (as defined below) are being settled in the Court in the following class action matter: *Renee Galloway, et al. v. James Williams, Jr., et al.,* Case No. 3:19-cv-00470-REP (E.D. Va.) (the "Lawsuit").

1

JA355

You have been identified as a Settlement Class Member. The Court authorized this Notice because you have a right to know about a proposed Settlement of the lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

## 2. WHAT ARE THESE LAWSUITS ABOUT?

The claims involved in the Settlement arise out of loans made in the name of two companies that are owned by a Native American Indian Tribe: Big Picture Loans and Red Rock Tribal Lending d/b/a/ Castle Payday Loans ("Tribal Companies"). There were others that are alleged to have invested or assisted in the operations of these businesses. Several of these companies and individuals are also included in the Settlement (collectively known as the "Settling Defendants"). Each of the Settling Defendants is listed below in Section 7.

The plaintiffs in these cases claim that the Settling Defendants violated federal and various state laws by: (a) making and collecting loans with annual interest rates in excess of the amount allowed by state law, (b) lending to consumers when these entities were required to have a license from a state to lend to consumers, and they did not have that license, (c) servicing or collection activities, or (d) their involvement in and support of other parties' conduct.

The plaintiffs in the lawsuit claim that the Tribal Companies' loans violated state usury laws that govern the amount of interest lenders can charge and federal laws the prevent the collection of illegal debts.

The Settling Defendants do not agree that state law is applicable to the loans made by the Tribal Companies. They have vigorously denied all claims and allegations of wrongdoing. The Tribal Companies have maintained at all times that they are arms of the Tribe and share in the Tribe's sovereign immunity. Notwithstanding the denials of liability and alleged unlawful conduct, the Settling Defendants have decided it is in their best interest to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing in litigation.

Important case documents, including the Settlement Agreement, may be accessed at the Settlement Website, **www.WEBSITE.com**.

## 3. WHY IS THIS A CLASS ACTION?

In a class action or proceeding, one or more people, called class representatives, bring an action on behalf of people who have similar claims. All of the people who have claims similar to the class representatives are a class or class members, except for those who exclude themselves from the class. Here, the Plaintiffs have filed a claim on behalf of the Settlement Class.

## 4. HOW DO I KNOW IF I AM INCLUDED IN THE SETTLEMENT?

You are affected by the Settlement (and thus a "Settlement Class Member") if you obtained a Big Picture or Castle Payday loan(s) from June 22, 2013 to the date of the Preliminary Approval Order (the "Settlement Class").

The Settling Defendants' business records have identified you as a member of the Settlement Class, and you will be a Settlement Class Member unless you exclude yourself.

## 5. WHAT DOES THE SETTLEMENT PROVIDE AND HOW MUCH WILL MY PAYMENT BE?

The Settling Defendants have agreed to create a fund in the amount of $8.7 million ("Settlement Fund"), and they have also agreed to certain other forms of non-monetary relief for the Settlement Class. The Settling Defendants have agreed to provide the following benefits and others more fully described in the Settlement Agreement:

a) **Consumer Refund.** A Settlement Fund will provide payments to some Settlement Class Members who submit claims to the administrator of the Settlement ("Settlement Administrator"). Only borrowers who repaid the loan and also paid more than 2.5 times the original principal amount of the loan in payments over the life of the loan

2

JA356

PAYMENT. The amount of your check will depend on the amount of interest that you paid on your loan(s) and how many total valid claims are made by other Settlement Class Members. The Settlement Administrator will mail the check to the address you provide on the Claim Form, and so it is your obligation to update your address with the Settlement Administrator if you move.

b) **Reduced Interest on Pending Loans.** For those Settlement Class Members whose loan(s) have not been fully paid off or are not more than 210 days delinquent or past due, the Settling Defendants agree to collect no more than 2.5 times the original principal amount of the loan in payments over the life of the loan. For example, if the original principal amount of the loan was $500.00, then the Settling Defendants have agreed to cap collection at $1,250.00 over the life of the loan, including payments credited to either interest or principal reduction.

c) **Loan Forgiveness.** For those Settlement Class Members whose loan(s) are currently, or become, more than 210 days in default ("Charged-Off Loans"), the Settling Defendants agree to cease any collection activities and cancel all such loans as a contested liability to the extent not already done. The Settling Defendants will not assign, sell, or transfer any interest in Charged-Off Loans and/or future loan proceeds from Charged-Off Loans.

## 6. WHAT DO I HAVE TO DO TO RECEIVE MY PAYMENT?

**To receive a refund payment from the Settlement Fund, you must complete the Claim Form attached to this Notice or at [WEBSITE].** The Claim Form requires your name, current postal address, date of birth, and the last four digits of the Settlement Class Member's Social Security number. The Claim Form and the Settlement Website provide complete instructions for completion of this claims process. You may submit only one Claim Form regardless of the number of loans you had.

The Claim Form is also made available for download on the Settlement Website or by request from the Settlement Administrator.

If you are entitled to a payment, the Settlement Administrator will mail you a check upon receipt of a Valid Claim approximately 395 days after the Court grants final approval of the Settlement and any appeals are resolved.

The Settlement Administrator will mail the check to the address you provide on the Claim Form, and so it is your obligation to update your address with the Settlement Administrator if you move. You can contact the Settlement Administrator at the telephone number or address below if your address has changed.

TO SEE IF YOU QUALIFY FOR A CASH REFUND PAYMENT, click here or call NUMBER.

## 7. WHAT AM I GIVING UP IN THE SETTLEMENT?

As a member of the Settlement Class, you are providing a "Release" of certain claims against the "Released Parties" in the Settlement, who are the Settling Defendants. If you do nothing or otherwise do not receive a cash refund payment, you do not release any of your rights or claims, but you can only bring those on an individual basis. Under the Settlement, you lose your right to bring these claims in a different class action.

If you do submit a claim and do receive a cash refund payment, you will release all your claims against the Settling Parties and Released Parties. You will not be allowed to bring those claims either as an individual case or as a different class action.

The Released Parties and Settling Defendants include: the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") and the current and former members of the Lac Vieux Desert Band of Lake Superior Chippewa Indians Tribal Council and/or any employees of the Tribe or any arms of the Tribe; Big Picture Loans, LLC; Ascension Technologies, LLC; James Williams, Jr., Michelle Hazen, Henry Smith, Alice Brunk, Andrea Russell, Tina Caron, Mitchell McGeshick, Gertrude McGeshick, Susan McGeshick, Giiwegiizhigookway Martin, Jeffery McGeshick, Roberta Ivey, and June Saad; Columbia Pipe & Supply Co., Timothy Arenberg, Terrance Arenberg, DTA Trinity Wealth Transfer Trust, and Deborah M. Arenberg Living Trust; Amlaur Resources, LLC and Brian Jedwab; James Dowd; Simon Liang; Brian McFadden; Duck Creek Tribal Financial, LLC; Tribal Economic Development Holdings, LLC; and each of their current and former directors, officers, principals, trustees, shareholders, partners, contractors, agents, attorneys (including, Rosette Holdings, LLC, Rosette, LLP, Robert A. Rosette, and Karrie S. Wichtman).

3

Under the Settlement, Named Plaintiffs and Settlement Class Members who submit a Valid Claim will be deemed to have released and waived all past, present, and future claims against the Released Parties relating to and/or arising out of loans made by and/or in the name of Big Picture and/or Red Rock/Castle Payday that are the subject of the Lawsuit. Specifically, Section 12.1 of the Settlement Agreement states:

> 12.1    Release for Valid Claims.  Upon the Effective Date, the Named Plaintiffs, for themselves and as representatives of the Settlement Class, each Settlement Class Member who submits a Valid Claim, and/or their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally and forever settled, released and discharged the Released Parties of and from the Released Claims.  Nothing in this Settlement Agreement, however, shall be deemed a release of the Parties' respective rights and obligations under this Settlement Agreement. Also, nothing in this Settlement Agreement shall be deemed a release of Plaintiffs' and Settlement Class Members' respective Claims against the Non-Settling Defendants.

Settlement Class Members who do not submit a Valid Claim will be deemed to have provided a more limited release of only class, collective, and mass actions against the Released Parties. Specifically, Section 12.4 of the Settlement Agreement states:

> 12.4    Scope of Release for Settlement Class Members Who Do Not Receive a Payment ("Non-Payment Released Claims").  All Settlement Class Members who do not receive a payment from the Settlement Fund will waive their rights to bring a class action, collective action, and/or mass action (but not an individual action) against any and all of the Released Parties related to not only claims asserted in the Actions, but also claims that could have been asserted in the Actions.

The Plaintiffs have brought claims against other Non-Settling Defendants and their companies who they allege were behind the lending operation. Specifically, claims against Matt Martorello, Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, LLC, Bluetech Irrevocable Trust, Kairos Holdings, LLC, Liont, LLC, or any other entities owned, directly or indirectly, by Matt Martorello, Justin Martorello, or Rebecca Martorello will continue to be litigated by the Plaintiffs. If a class is certified, you may also be part of that class and will receive separate notice of this and any rights or benefits you may have due to those lawsuits.

## 8.    CAN I OPT OUT OF THE SETTLEMENT?

No.  Settlement Class Members are not permitted to exclude themselves or otherwise "opt out" of the Settlement because of the nature of the Settlement, which is brought under Fed. R. Civ. P. 23(b)(2).  However, unless you request and receive a cash refund payment, you do not give up your rights (if any) to bring an individual claim in your own lawsuit.  That individual lawsuit would not be part of this case, and you would need to obtain your own lawyer(s) to bring it.

## 9.    HOW DO I TELL THE COURT THAT I OBJECT TO AND DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, then you can object to the Settlement if you think the Settlement is not fair, reasonable, or adequate, and that the Court should not approve the Settlement. You have the right to appear personally and be heard by the judge. The Court will consider your views carefully.

To preserve your objection, you must send a letter stating your views to each of the parties listed below:

| Class Counsel Representative | Big Picture Defendants' Counsel Representative |
|---|---|
| Leonard A. Bennett<br>Consumer Litigation Associates, PC<br>763 J Clyde Morris Blvd., Suite 1A<br>Newport News, VA  23601<br>Telephone: (757) 930-6330<br>Facsimile: (757) 960-3662<br>Email: lenbennett@clalegal.com | Karrie S. Wichtman<br>Lac Vieux Desert Band of Lake Superior Chippewa Indians<br>N4698 US 45, P.O. Box 249<br>Watersmeet, Michigan 49969<br>Telephone: (906) 358-4577, extension 4127<br>Email: karrie.wichtman@lvdtribal.com |

4

| Big Picture Defendants' Counsel Representative | Settlement Administrator |
|---|---|
| Robert A. Rosette<br>Rosette, LLP<br>565 W. Chandler Boulevard<br>Suite 212<br>Chandler, Arizona 85225<br>Telephone: (480) 889-8990<br>Facsimile: (480) 899-8997<br>Email: rosette@rosettelaw.com | Settlement Administrator to be approved by the Court |

You should include the following case name and docket number on the front of the envelope and letter you file with the Court: "*Renee Galloway, et al. v. James Williams, Jr., et al.*, Case No. 3:19-cv-00470-REP (E.D. Va.)".

All objections **must** include the following information:

- Your name, address, telephone number, and the last four digits of your Social Security number;

- A sentence confirming that you are a Settlement Class Member;

- Your factual basis and legal grounds for the objection to the Settlement; and

- The name, firm name, phone number, email address, and mailing address of counsel representing you, if any.

**Objections must be filed with the Court and served on the above parties so that they are postmarked no later than DATE. Any lawyer who intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing and shall include the full style and case number of each previous class action case in which that counsel has represented an objector.**

## 10. WHEN AND WHERE WILL THE COURTS DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the Settlement on DATE at TIME in the courtroom of Judge Robert E. Payne of the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 E. Broad St., Richmond, VA 23219. At this hearing, the Court will determine whether the Settlement is fair, reasonable, and adequate.

If there are objections, the Court will consider them at that time. The hearing may be moved to a different date or time without additional notice. Please check WEBSITE or call PHONE NUMBER to be kept up-to-date on the date, time, and location of the hearing.

## 11. DO I HAVE TO COME TO THE HEARING?

No. But you are welcome to come at your own expense. As long as you mailed your written objection on time, the Court will consider it. You may also retain a separate lawyer to appear on your behalf at your own expense.

## 12. DO I HAVE A LAWYER IN THE CASE?

Yes. The Court has appointed these law firms in these cases as "Class Counsel" to represent you and all other members of the Settlement Class: Consumer Litigation Associates, P.C., Kelly Guzzo PLC, Terrell Marshall Law Group PLLC, Berger & Montague PC, Caddell & Chapman, Gupta Wessler PLLC and Tycko & Zavareei LLP.

These lawyers will not separately charge you for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

5

JA359

## 13. HOW WILL THE LAWYERS BE PAID?

As part of the proposed Settlement, Class Counsel are seeking an award of up to 33% of the Settlement Fund for their attorneys' fees and costs. The amount awarded by the Court will reduce the distributions to Settlement Class Members.

Class Counsel also will ask the Court to approve a service award of up to $5,000 to each of the 43 individual Plaintiffs in this matter, depending upon each Plaintiff's degree of contribution and service. The Plaintiffs were subject to extensive discovery and made substantial contributions in the prosecution of these lawsuits for the benefit of the Class. The Court will ultimately decide how much Class Counsel and the individual Plaintiffs will be paid.

The Settlement contains a number of detailed provisions for the allocation of the Settlement Fund, including the distribution of leftover amounts. The details for Settlement Fund distribution are set forth in the settlement documents available at the Settlement Website, www.WEBSITE.com.

## 14. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. You can get a copy of the Settlement Agreement and other relevant case-related documents at the Settlement Website, www.WEBSITE.com., by calling the Settlement Administrator at PHONE NUMBER, or by contacting Class Counsel at the addresses above or by email to email@email.com.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE SETTLING DEFENDANTS OR THE SETTLING DEFENDANTS' COUNSEL.**
**THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

JA360

# EXHIBIT B

# PROPOSED ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENEE GALLOWAY, *et al.*,

    Plaintiffs,

v.                                                    Civil Action No. 3:19-cv-00470-REP

JAMES WILLIAMS, JR., *et al.*,

    Defendants.

## ORDER

WHEREAS all named Plaintiffs, by counsel, have alleged that Defendants, Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") (collectively, the "Big Picture Defendants" and with Plaintiffs, "the Parties"), violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the usury laws of various states, among other claims, arising from loans made to consumers by Big Picture or Red Rock Tribal Lending, LLC ("Red Rock"); and

WHEREAS, the Big Picture Defendants, while denying that they have violated any legal requirement, have agreed to adopt certain changes to their businesses as a condition of the class Settlement of the above-captioned matter.

THEREFORE, pursuant to the agreement and consent of the Parties, and upon its own consideration and disposition, the Court hereby FINDS and ORDERS as follows:

1.    With respect to Settlement Class Members residing within the United States or its territories who executed loan agreements with Big Picture and/or Red Rock (including loans assigned to Big Picture or Red Rock) from June 22, 2013, to the date of the Preliminary Approval Order and have not fully paid off his or her loan under the agreed terms, but not

including Charged-Off Loans (defined below), the Big Picture Defendants shall collect no more than 2.5 times the original principal amount of the loan in payments over the life of the loan.

2.    With respect to loan agreements executed (i) by Settlement Class Members residing within the United States or its territories, (ii) with Big Picture and/or Red Rock (including loans assigned to Big Picture) and (iii) from June 22, 2013 to the date of the Preliminary Approval Order, Big Picture shall charge off such loans after being at least 210 days in default ("Charged-Off Loans").  The Big Picture Defendants shall cease any collection activities and cancel all such loans as a contested liability to the extent not already done for Charged-Off Loans.  The Big Picture Defendants shall not assign, sell, or transfer any interest in Charged-Off Loans and/or future loan proceeds from Charged-Off Loans.  Any consumers with Charged-Off Loans on the Effective Date shall be notified of the elimination of their defaulted loan balances through a letter, approved by all Parties and sent by the Settlement Administrator.  Such letter will be sent by email if such address is reasonably verifiable and shall not imply or express any admission of wrongdoing by any of the Released Parties.  Any payments made on Charged-Off Loans to the Big Picture Defendants after the date of the Preliminary Approval Order shall either be (i) rejected by Big Picture Defendants or (ii) held in escrow by the Big Picture Defendants and within thirty (30) days of the Effective Date shall be returned to the respective consumer or paid to the Settlement Administrator to be returned to the respective Settlement Class Member.

3.    All capitalized terms in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement and Release.

2

JA363

IT IS SO ORDERED.

Dated: _____        _____

Senior United States District Judge

JA364

# EXHIBIT C

# PROPOSED PRELIMINARY APPROVAL ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RENEE GALLOWAY,** *et al.,*

      **Plaintiffs,**

v.

                               **Civil Action No. 3:19-cv-00470-REP**

**JAMES WILLIAMS, JR.,** *et al.,*

      **Defendants.**

_____/

## PRELIMINARY APPROVAL ORDER

WHEREAS, all named Plaintiffs (listed and defined below) and certain Defendants, namely: (1) Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") (collectively, the "Big Picture Defendants"), represented to be wholly-owned and operated entities of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"), a federally-recognized Indian tribe, (2) James Williams, Jr., Michelle Hazen, Henry Smith, Alice Brunk, Andrea Russell, Tina Caron, Mitchell McGeshick, Gertrude McGeshick, Susan McGeshick, Giiwegiizhigookway Martin, Jeffery McGeshick, Roberta Ivey, and June Saad (collectively, the "Individual Tribal Defendants"), (3) Columbia Pipe & Supply Co., Timothy Arenberg, Terrance Arenberg, DTA Trinity Wealth Transfer Trust, and Deborah M. Arenberg Living Trust (collectively, the "Columbia Defendants"), (4) Amlaur Resources, LLC and Brian Jedwab (collectively the "Amlaur Defendants"), (5) James Dowd ("Dowd"), (6) Simon Liang ("Liang"), and (7) Brian McFadden ("McFadden") (collectively, the Big Picture Defendants, the Tribe, the Individual Tribal Defendants, the Columbia Defendants, the Amlaur Defendants, Dowd, Liang and McFadden shall be referred to as the "Settling Defendants"; collectively, the Named Plaintiffs and the Settling Defendants shall be referred to as the "Parties"), through their respective

counsel, have agreed, subject to Court approval following notice to the Settlement Class Members

and a hearing, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions

set forth in the Class Action Settlement and Release (the "Settlement Agreement").

The Settlement Agreement that has been filed with the Court (ECF No. ___) and the

definitions set forth in the Settlement Agreement are incorporated herein by reference.

Based upon the Settlement Agreement and all the files, records, and proceedings herein, it

appears to the Court that, upon preliminary examination, the proposed Settlement is fair,

reasonable, and adequate. Accordingly, the Court grants preliminary approval of the Settlement.

A Final Approval Hearing will be held on _____, ____, 20__ at __:__ A.M./P.M., after notice

to the proposed Settlement Class Members, in order to determine whether a Final Approval Order

should be entered in the Lawsuit.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Consolidated Amended Complaint:** Plaintiffs' Motion for Leave to File the

Consolidated Amended Complaint is granted, subject to the conditions within the Settlement

Agreement.

2.    **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(2), the matter is hereby

preliminarily certified, for Settlement purposes only, as a class action on behalf of the following

class of individuals (the "Settlement Class Members" or "Settlement Class"):

> All consumers residing within the United States or its territories who executed loan
> agreements with Red Rock Tribal Lending, LLC or Big Picture Loans, LLC
> (including loans assigned to Big Picture Loans, LLC) from June 22, 2013 to the
> date of the Preliminary Approval Order; provided, however, that "Settlement
> Class" and "Settlement Class Member" shall exclude: (i) all consumers who would
> otherwise qualify for membership in the "Settlement Class" for which the consumer
> previously has released all claims as to the Settling Defendants; (ii) the Settling
> Defendants' officers, directors, and employees; (iii) the Settling Defendants'
> attorneys; (iv) the Named Plaintiffs' attorneys; and (v) any judge who has presided
> over either mediation or disposition of this case and the members of his or her
> immediate family.

3. **Class Representative Appointment:** Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Lula Williams; Gloria Turnage; George Hengle; Dowin Coffy; Marcella Singh, as administrator of the Estate of Felix Gillison, Jr.; Renee Galloway; Dianne Turner; Earl Browne; Rose Marie Buchert; Regina Nolte; Kevin Minor; Teresa Titus; Lisa Martinez; Anthony Green; Sonji Grandy; Anastasia Sherman; Burry Pough; Linda Madison; Dominque de la Bay; Lucinda Gray; Andrea Scarborough; Jerry Avent; Lori Fitzgerald; Derek Geter; Keisha Hamm; Faith Thomas; Sharon Paavo; Latanya Tarleton; Christina Cumming; Lamesha Kondo; Andrea Mendez; Tammy Wangeline; Freeman Revels; Kimberly Pool; Tasha Pettiford; Richard L. Smith, Jr.; Victoria Renee McKoy; Desiree Wright Lovins; Sandra Monsalve; Carrie Samantha Smith; Chris Kobin; Dana Duggan; and John Actis (collectively, "Named Plaintiffs") as the Class Representative(s) for the Settlement Class. The Court finds and determines that the Named Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in the Litigation.

4. **Class Counsel Appointment:** The following attorneys are preliminarily appointed as Class Counsel under Fed. R. Civ. P 23(g)(1):

   a. Leonard A. Bennett, Elizabeth W. Hanes, and Craig C. Marchiando of Consumer Litigation Associates, P.C.;

   b. Kristi C. Kelly, Andrew J. Guzzo, and Casey S. Nash of Kelly Guzzo PLC;

   c. Beth E. Terrell, Elizabeth A. Adams, and Jennifer R. Murray of Terrell Marshall Law Group PLLC;

   d. E. Michelle Drake and John G. Albanese of Berger & Montague PC;

   e. Matthew W. Wessler of Gupta Wessler PLLC;

   f. Anna C. Haac and Hassan Zavareei of Tycko & Zavareei LLP; and

-3-

JA368

g.   Michael A. Caddell, Cynthia B. Chapman, John B. Scofield, Jr., and Amy E. Tabor
of Caddell & Chapman.

For purposes of these Settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for Settlement purposes.

5.   **Preliminary Certification of the Class:**  For Settlement purposes only, the Court preliminarily finds that this matter and the Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(b)(2).  The Court preliminarily finds that, for Settlement purposes and conditioned upon the entry of this Order and the Final Approval Order, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied.  The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the Named Plaintiffs' claims are typical of the claims of the Settlement Class Members; (d) the Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Named Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and, (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Lawsuit. The Court also concludes that, because this case is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

-4-

JA369

6.     The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of the Named Plaintiffs' claims and the Settling Defendants' defenses in that Settlement Class Members will obtain substantial injunctive relief. The Settlement also has key indicia of fairness in that significant discovery and litigation have been undertaken by the Parties in the Lawsuit and other related cases and settlement negotiations occurred at arm's length.

7.     **Class Action Administration:** [_____] is approved as the Settlement Administrator. The Settlement Administrator shall oversee the administration of the Settlement and the notification to Settlement Class Members as directed in the Settlement Agreement. The Notice Plan and class administration expenses shall be paid in accordance with the Settlement Agreement.

8.     **Class Notice:** The Court approves the form and content of the Class Notice submitted to the Court on November 26, 2019 (ECF No. ____). The proposed form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed Class Notice constitutes the best notice that is practicable under the circumstances and constitutes due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the Lawsuit; the definition of the class certified; the class claim, issues, and defenses; that a Settlement Class Member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on Settlement Class Members. The Notice Plan is designed for notice to reach a significant number of Settlement Class Members and is otherwise proper under Fed. R. Civ. P. 23(e)(l).

-5-

JA370

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the Notice Plan be implemented according to the Settlement Agreement.

9.    **Objections:** Any individual within the Settlement Class may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of Attorneys' Fees and costs and the Service Awards to the Named Plaintiffs; provided, however, that no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files the objection with the Court no later than thirty (30) days before the Final Approval Hearing and mails the objection to Class Counsel, Settling Defendants' Counsel, and the Settlement Administrator postmarked no later than thirty (30) days before the Final Approval Hearing; provided, however, objections to the Class Counsel's Attorneys' Fees or the requested Service Awards may be supplemented up to seven (7) days after the filing of a motion for such fees or awards to address additional information or materials in the motion.  All objections must include:  (1) the objector's name, address, telephone number, and the last four digits of the Settlement Class Member's Social Security Number; (2) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (3) the factual basis and legal grounds for the objection to the Settlement; and (4) the name, firm name, phone number, email address, and mailing address of counsel representing the objector, if any.

The written objection must indicate whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Approval Hearing.  Any lawyer who intends to appear at the Final Approval Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Approval Hearing and shall include the full style and case number of each previous class action case in which that counsel has represented an objector.  Settlement Class Members who do not timely make their objections in this manner

-6-

will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

10.    **Final Approval:** The Court shall conduct a Final Fairness Hearing on _____, 2020 at the Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, commencing at ___:___ A.M./P.M., to review and rule upon the following issues:

      a.  Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court, including in light of any valid objections filed by Settlement Class Members;

      b.  Whether the Final Approval Order should be entered, dismissing the Lawsuit with prejudice against the Settling Defendants, releasing the Released Claims against the Released Parties, and releasing the Non-Payment Released Claims against Settlement Class Members who do not receive a payment from the Settlement Fund, as defined in the Settlement Agreement and Class Notice;

      c.  Whether Class Counsel's requested Attorneys' Fees and costs and the Service Awards to the Class Representatives should be approved; and

      d.  To discuss and review other issues as the Court deems relevant to the Settlement.

11.    Settlement Class Members need not appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed class action Settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

-7-

JA372

12.     An application for Attorneys' Fees and reimbursement of costs and expenses by Class Counsel shall be made in accordance with Section 10.7 of the Settlement Agreement and shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, shall be filed with the Court no later than fourteen (14) days prior to the Final Approval Hearing.  The Court will permit the supplementation of any filings by objectors as to Attorneys' Fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation before the Final Fairness Hearing.

13.     All proceedings against the Settling Defendants are stayed pending Final Approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

14.     Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website.  Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

15.     The Parties are directed to carry out their obligations under the Settlement Agreement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form or content of the Class Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

-8-

16.     Pending final determination of whether the Settlement should be approved, the Named Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against: (1) the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims and/or Non-Payment Released Claims. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

17.     If the Settlement Agreement and/or this Order are voided per Section XIII of the Settlement Agreement:

    a.  The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

    b.  Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

    c.  The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

    d.  The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Actions against any Party, including without limitation, the

amended complaint filed the Lawsuit and any consolidation of the Actions pursuant to Section 5.1 of the Settlement Agreement shall be null and void as it was filed only to effectuate this Settlement.

18.     The Court retains continuing and exclusive jurisdiction over the Lawsuit only to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____    _____

Senior United States District Judge

-10-

JA375

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

RENEE GALLOWAY, et al.,

    Plaintiffs,

v.                                              Civil Action No. 3:19-cv-470

JAMES WILLIAMS, JR., et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 104) ("Final Approval Motion"). The Plaintiffs request that the Court enter an order: (1) confirming the certification of the proposed Settlement Class; (2) approving the proposed Settlement, including (a) Class Counsel's request for $2,871,000 in fees inclusive of costs, and (b) $5,000 in service awards for each Named Plaintiff; and (3) finding that the notice sent to class members satisfies due process. Final Approval Mem. at 4, ECF No. 105. For the reasons set forth below, the Motion for Final Approval will be granted in part and denied in part.

### BACKGROUND

The facts of the broader case, a related bankruptcy action, and the path to Settlement are set out at length in the Memorandum Opinion (ECF No. 92) ("Intervention Memorandum")

JA376

addressing Eventide Credit Acquisition, LLC's motion to intervene following announcement of the settlement. The facts and procedural history of this case are, therefore, presumed known and discussed only to the extent necessary to aid in the analysis of the present motion.

This matter arises out of what Plaintiffs' described as a "rent-a-tribe scheme" in which a "payday lender – which does most of its lending over the internet – affiliates with a Native American tribe to attempt to insulate itself from federal and state" consumer financial protection laws "by purporting to piggy-back on the tribe's sovereign legal status and its general immunity from suit under federal and state laws." First Amended Class Action Compl. ("FAC") ¶ 7, ECF No. 23. In particular, Plaintiffs' alleged that several lending entities,[1] nominally run by the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("LVD"), were, in practice, created and operated by Matt Martorello ("Martorello") — a Chicago entrepreneur with no lineage to the LVD. FAC ¶ 13, ECF No. 23. Plaintiffs' alleged that these LVD-affiliated lending entities were charging usurious interest rates in violation of state and federal laws. FAC at 7-8, 15-29, 45-60, ECF No. 23.

---

[1] These lending entities had a complex corporate structure that evolved over time. See FAC at 29-38, ECF No. 23.

2

The settlement proposed by the parties would resolve claims asserted in nine cases,[2] in this district and throughout the country, against 25 different defendants.[3] The 25 defendants are (1) Big Picture Loans, LLC, (2) Ascension Technologies, LLC, (3) James Williams Jr., (4) Michelle Hazen, (5) Henry Smith, (6) Alice Brunk, (7) Andrea Russell, (8) Tina Caron, (9) Mitchell McGeshick, (10) Gertrude McGeshick, (11) Susan McGeshick, (12) Giiwegiizhigookway Martin, (13) Jeffery McGeshick, (14) Roberta Ivey, (15) June Saad, (16) James Dowd, (17) Simon Liang, (18) Brian McFadden, (19) Brian Jedwab, (20) Amlaur Resources, LLC, (21) Columbia Pipe & Supply Co., (22) Timothy Arenberg, (23) Terrance Arenberg, (24) DTA Trinity Wealth Transfer Trust, and (25) Deborah M. Arenberg Living Trust ("Settling Defendants") as well as some other individuals and entities that were not named

---

[2] These cases are (1) Lula Williams, et al. v. Big Picture Loans, LLC, et al., No. 3:17-cv-00461 (E.D. Va.) ("Williams"); (2) Renee Galloway, et al. v. Big Picture Loans, LLC, et al., No. 3:18-cv-00406 (E.D. Va.) (Galloway I); (3) Renee Galloway, et al. v. Matt Martorello, et al., No. 3:19-cv-00314 (E.D. Va.) (Galloway II); (4) Renee Galloway, et al. v. James Williams, Jr., et al., No. 3:19-cv-00470 (E.D. Va.) (Galloway III); (5) Dana Duggan v. Big Picture Loans, LLC, et al., No. 1:18-cv-12277 (D. Mass); (6) Richard Lee Smith, Jr. v. Big Picture Loans, LLC, et al., No. 3:18-cv-01651 (D. Or.); (7) Christine Cumming, et al. v. Big Picture Loans, LLC, et al., No. 5:18-cv-03476 (N.D. Cal.); (8) Chris Kobin v. Big Picture Loans, LLC, et al., 2:19-cv-02842 (C.D. Cal.); and (9) Victoria Renee McKoy, et al. v. Big Picture Loans, LLC, et al., 1:18-cv-03217 (N.D. Ga.). All nine cases are, at bottom, challenging the same allegedly illegal lending scheme.
[3] But see Final Approval Mem. at 1, ECF No. 105 ("This class settlement resolves claims asserted against twenty-four defendants.").

as defendants ("Released Parties"). "The settlement does not release" the Plaintiffs' "claims against Matt Martorello, Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, LLC, Bluetech Irrevocable Trust, Kairos Holdings, LLC, Liont, LLC, or any other entities owned, directly or indirectly, by Matt Martorello, Justin Martorello or Rebecca Martorello ("non-Settling Defendants").

### Settlement Process

Settlement was reached after several years of "contentious litigation." Final Approval Mem. at 2, ECF No. 105. The parties have put significant time and effort into this case:

> "At the time the parties notified the Court of the settlement in October 2019, there were 636 docket entries in the Williams matter alone and the Court had issued well over one hundred rulings on virtually every issue imaginable, from sovereign immunity to motions to dismiss to privilege waivers to over thirty contested discovery motions. In Williams and Galloway I, over a million pages of documents have been produced; thirty-four witnesses have been deposed; and 145 subpoenas have been issued."

Final Approval Mem. at 2, ECF No. 105.

The settlement process required (1) three in-person mediations with an independent mediator; (2) an in-person settlement conference with a magistrate judge; and (3) "numerous informal telephone conferences between sessions." Final Approval Mem. at 2, ECF No. 105. Moreover, settlement negotiations did not even begin until the tribal entities

obtained a favorable ruling in the Fourth Circuit. Final
Approval Mem. at 2, ECF No. 105.

**Settlement**

The proposed settlement class has approximately 491,018
members. Final Approval Mem. at 8, ECF No. 105. The Settlement
Class is defined as

> All consumers residing within the United States or
> its territories who executed loan agreements with
> Red Rock Tribal Lending, LLC or Big Picture Loans,
> LLC (including loans assigned to Big Picture Loans,
> LLC) from June 22, 2013 to December 20, 2019;
> provided, however, that "Settlement Class" and
> "Settlement Class Member" shall exclude: (i) all
> consumers who would otherwise qualify for membership
> in the "Settlement Class" for which the consumer
> previously has released all claims as to the
> Settling Defendants; (ii) the Settling Defendants'
> officers, directors, and employees; (iii) the
> Settling Defendants' attorneys; (iv) the Plaintiffs'
> attorneys; and (v) any judge who has presided over
> either mediation or disposition of this case and the
> members of his or her immediate family.

Final Approval Mem. at 8, ECF No. 105.

According to Class Counsel, the Settlement provides three
benefits. Final Approval Mem. at 3, ECF No. 105. For class
members who have outstanding loans that are current, Big Picture
and Ascension will not collect payments that amount to more than
2.5 times the original loan principal. Final Approval Mem. at
3, ECF No. 105. For class members who have outstanding loans
but who are more than 210 days in default, Big Picture and
Ascension will cancel the loans, cease collecting on them, and

5

will not sell, transfer, or assign the loans. Final Approval
Mem. at 3, ECF No. 105. For class members who paid off their
loans and who paid more than 2.5 times the original loan
principal, the Settling Defendants will establish an $8.7
million Settlement Fund from which class members can make a
claim. Final Approval Mem. at 3, ECF No. 105. All claimants
will receive a pro rata share of the fund after the fund has
been used to pay (1) settlement administration expenses, (2)
court-awarded attorneys' fees, (3) litigation costs, and (4)
class representative service awards. Final Approval Mem. at 3,
ECF No. 105.

Approximately 361,731 Settlement Class Members have
outstanding loans. Final Approval Mem. at 9, ECF No. 105.
Thus, roughly 129,287 class members would be in a position to
make claims on the $8.7 million Settlement Fund. Final Approval
Mem. at 9, ECF No. 105. Because of the pro rata structure,
class Members who paid more interest on their loans will receive
a larger cash damage award. Final Approval Mem. at 9, ECF No.
105.

As of October 23, 2020, 4,245 eligible Settlement Cass
Members submitted claims for a pro rata share of the Settlement
Fund. Final Approval Mem. at 9, ECF No. 105. "If no more
claims are submitted and the Court approves the requested fees,
service awards, and administration expenses, approximately 122

6

JA381

claimants will receive between $5,000 and $12,000, approximately 1,600 claimants will receive between $1,000 and $5,000, 922 claims will receive between $500 and $1,000, 1,400 claimants will receive between $50 and $500, and the remaining claimants will receive up to $50." Final Approval Mem. at 9-10, ECF No. 105.

Notably, the Settlement does not require a general class member release. Final Approval Mem. at 3, ECF No. 105. Class members only have to release their individual damage claims against the Settling Defendants if they affirmatively elect to obtain a cash claim payment from the Settlement Fund. Final Approval Mem. at 3, ECF No. 105.

On December 20, 2019, the Court granted preliminary approval of the Settlement and preliminarily certified the class pursuant to Fed. R. Civ. P. 23(b)(2). PRELIM. APPROVAL ORDER, ECF No. 65.

### Notice

In accordance with the notice plan approved by the Court as part of the preliminary settlement approval, the Settlement Administrator, American Legal Claim Services, LLC ("ALCS"), began sending notice to the class on September 10, 2020. Final Approval Mem. at 4, ECF No. 105. The Settling Defendants provided ALCS with a class list that "included Settlement Class Member contact information and loan information." Final

7

Approval Mem. at 10, ECF No. 105.  After confirming that email addresses that ACLS received were likely correctly spelled and still in use, ALCS sent initial notices to most Settlement Class Members by email.  ACLS DECL. at 1-2, ECF NO. 105-4.  For class members who could not be reached by email, ACLS mailed notice via US Mail.  ACLS DECL. at 2, ECF NO. 105-4.  Only 1,600 notices (i.e., 0.33% of Settlement Class Members) could not be delivered.  See Final Approval Mem. at 11, ECF No. 105.

ALCS also created a website and telephone hotline to provide more information about the Settlement.  Final Approval Mem. at 11, ECF No. 105.  As of November 30, 2020, ALCS had received 2,915 calls to TAP and there were 30,426 unique visitors to the website.  Suppl. ACLS Decl. at 3, ECF No. 108-1.

Pursuant to the Class Action Fairness Act, the Settling Defendants notified the appropriate state and federal attorneys general on December 6, 2019.  Final Approval Mem. at 11-12, ECF No. 105.  There have been no governmental objectors.  Final Approval Mem. at 12, ECF No. 105.

Objections to the Settlement were due on November 10, 2020.  ALCS did not receive any objections to the Settlement.  Final Approval Mem. at 4, ECF No. 105.

## LEGAL FRAMEWORK

### I.   Notice

Fed. R. Civ. P. 23(e) requires that notice of a proposed class action settlement (and consequent dismissal) be distributed in a reasonable manner to all class members who would be bound by the settlement.[4]  Settlement notice must also satisfy the Constitution's Due Process requirements (i.e., notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").  Rubenstein, 5 Newberg on Class Actions § 8.15 (5th ed.) (internal quotation marks omitted).

### II.   Final Settlement Approval

Per Federal Rule of Civil Procedure 23(e), a class action may only be settled with the court's approval.  Fed. R. Civ. P. 23(e). If the settlement proposal would bind all class members, a court may only approve the settlement proposal after it holds a hearing and subsequently finds that the settlement proposal is fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2).

In determining whether a settlement is fair, reasonable, and adequate, the court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;

---

[4] Class Counsel argue that they meet the higher standard of "best notice that is practicable."  See Fed. R. Civ. P. 23(c)(2)(B).

> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Nevertheless, "[t]he primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir. 1991).

In the Fourth Circuit, the Rule 23(e)(2) analysis has been condensed into the two-step Jiffy Lube test which examines the fairness and adequacy of the settlement. In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 254 (E.D. Va. 2009); see also In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158-59 (4th Cir. 1991).

**A. Fairness**

Under the fairness prong of the Jiffy Lube test, the court must assess the procedural fairness of the settlement negotiations. In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 254 (E.D. Va. 2009). The relevant factors to evaluate the

10

JA385

fairness of the settlement negotiations are "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel." Brown v. Transurban USA, Inc., 318 F.R.D. 560, 571 (E.D. Va. 2016).

### B. Adequacy

Under the adequacy prong of the Jiffy Lube test, the court assesses the substantive adequacy of the settlement agreement. Brown v. Transurban USA, Inc., 318 F.R.D. 560, 571 (E.D. Va. 2016). The relevant factors to evaluate the adequacy of the settlement are "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." Brown v. Transurban USA, Inc., 318 F.R.D. 560, 573 (E.D. Va. 2016) (quoting In re Jiffy Lube Sec. Litig., 927 F.2d 155, 159 (4th Cir. 1991)).

### III. Attorneys' Fees, Costs, and Service Awards

### A. Attorneys Fees

There are two basic approaches to calculating reasonable attorneys' fees in a class action case: the "percentage of recovery" or "percentage of the fund" method and the lodestar method. Brown v. Transurban USA, Inc., 318 F.R.D. 560, 575 (E.D. Va. 2016). Under the percentage of the fund method, fees are awarded based on a percentage of the benefit secured for the settlement class. Brown, 318 F.R.D. at 575. Under the lodestar method, fees are awarded based on the value of the attorneys' time spent litigating the claims. Brown, 318 F.R.D. at 575. The Fourth Circuit has not explicitly mandated which method district courts should use. Brown, 318 F.R.D. at 575. A district court, therefore, has discretion to use either method. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).

Nevertheless, over time, certain customs have developed, both in the Fourth Circuit and across the country; for example, the favored method for calculating attorneys' fees in common fund cases is the percentage of the fund method. See Brown, 318 F.R.D. at 575. And in a fee shifting case, the award is typically calculated using the lodestar method. See, e.g., Landwehr v. AOL, Inc., No. 1:11-cv-1014, 2013 WL 1897026, at *1 (E.D. Va. May 1, 2013). In any case, courts will typically employ one method as the primary calculation method and use the

12

JA387

other method as a cross check on the reasonableness of the
first.  See, e.g., In re Genworth Financial Securities
Litigation, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016).

**Lodestar Method**

Using the lodestar method, a court must first determine the
lodestar figure by multiplying the number of reasonable hours
expended by a reasonable rate.  Brown, 318 F.R.D. at 575.  The
burden of proof is on the applicant to establish that the hourly
rate(s) are reasonable.  Grissom, 549 F.3d at 321.

"Although the determination of a market rate in the legal
profession is inherently problematic, as wide variations in
skill and reputation render the usual laws of supply and demand
largely inapplicable, the [Supreme] Court has nonetheless
emphasized that the market rate should guide the fee inquiry."
Grissom, 549 F.3d at 321 (quoting Plyler v. Evatt, 902 F.2d 273,
277 (4th Cir. 2008)).  "[T]he community in which the court sits
is the first place to look to in evaluating the prevailing
market rate."  Grissom, 549 F.3d at 321 (citing Rum Creek Coal
Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994)).  But
an attorney's actual billing rate can also be considered.  See
Brown, 318 F.R.D. at 575.

13

JA388

*Reasonableness*

Once a figure has been calculated using the percentage of the fund or lodestar method, a court must determine if that result is reasonable.

Although the touchstone of the inquiry is always reasonableness, it is no longer clear exactly which factors the courts in this circuit should apply when assessing the reasonableness of proposed attorneys' fees in percentage of the fund cases. In particular, there is considerable confusion regarding whether the proper test is the 12-factor Johnson test from the Fifth Circuit or the seven-factor Gunter test from the Third Circuit.[5]  To address this ambiguity, some courts in this circuit have begun applying both tests to assess the reasonableness of attorneys' fees calculated using the percentage of the fund method.  See, e.g., In re Genworth Financial Securities Litigation, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016); Clark v. Experian Info. Solutions, Inc., No. 8:00-1217-22, 2004 U.S. Dist. LEXIS 32063, *61 (D.S.C. Apr. 21, 2004).  Absent clear guidance from the Fourth Circuit, this Court will do the same.

---

[5] "The Fourth Circuit utilized the Fifth Circuit's Johnson factors in a statutory fee-shifting case, so some district courts have utilized those factors in setting a percentage in common fund cases, while other district courts have used the Second Circuit's Goldberger factors and/or the Third Circuit's Gunter factors."  Rubenstein, 5 Newberg on Class Actions § 15:82 (5th ed.) (citations omitted).

14

### The *Johnson* Factors

In 1978, the Fourth Circuit adopted the 12-factor *Johnson* test from the Fifth Circuit. See *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). The twelve *Johnson* factors are

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for legal work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation[,] and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Brown*, 328 F.R.D. at 577 (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). While a district court has discretion to determine the amount of the fee award, the court must provide detailed findings of fact to support the factors it considers. *Barber*, 577 F.2d at 226; *Grissom*, 549 F.3d at 320.

However, the Court need not address all twelve *Johnson* factors independently because many of these considerations are subsumed in the calculation of the hours reasonably expended and the reasonableness of the hourly rate. *Brown*, 328 F.R.D. at

15

577.  Moreover, the result obtained for the class is often treated as the most important factor.  *In re Genworth Financial Securities Litigation*, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016).

### *The Gunter Factors*

Under this test, the reasonableness factors are:  (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys' involved; (3) the complexity and duration of the case; (4) the risk of nonpayment; (5) awards in similar case; (6) objections; and (7) the amount of time devoted to the case by plaintiffs' counsel.  *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).  As with the *Johnson* factors, not all factors are equally weighted in every case.  See *In re Cendant Corp. PRIDES Litigation*, 243 F.3d 722, 735 (3d Cir. 2001).

### B. Costs

Under Rule 23(h), a court may award reasonable non-taxable costs to Class Counsel.  Fed. R. Civ. P. 23(h).  Reasonable costs can include, among other things, costs related to computer legal research, court reporting, court filing fees, deposition transcripts, stenographer fees, travel, document duplication, expert witness fees, photocopying, postal fees, and mediation fees.  *In re Microstrategy, Inc. Securities Litigation*, 172 F. Supp. 2d 778, 791 (E.D. Va. 2001); *Berry v. Wells Fargo & Co.*,

16

No. 3:17-cv-304, 2020 U.S. Dist. LEXIS 143893, at *42 (D.S.C. July 29, 2020).

### C. Service Awards

Trial courts often authorize service awards to class representatives for the time and effort they expended for the benefit of the class. Jones v. Dominion Resources Services, Inc., 601 F. Supp. 2d 756, 767 (S.D.W. Va. 2009). Service awards are "'intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'" Berry v. Schulman, 807 F.3d 600, 613 (4th Cir. 2015) (quoting Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009)).

### DISCUSSION

### I. Notice

Here, the Court finds that the notice provided to class members satisfies due process and that it was both reasonable, and the best notice practicable under the circumstances. Class members could be easily identified because the Settling Defendants maintained loan records that included the borrowers' names, addresses, and frequently, email addresses. Final Approval Mem. at 13, ECF No. 105. The Settlement Administrator, ACLS, "took reasonable measures to update the provided contact

17

information and conserved costs by initially sending notice by email and only mailing the notice if an email bounced back as undeliverable or no email existed for a particular Settlement Class Member." Final Approval Mem. at 13, ECF No. 105. Using this process, ACLS estimates that there was a successful delivery rate of 99.67%. Final Approval Mem. at 13, ECF No. 105. ACLS also established a telephone hotline and settlement website to facilitate notice to the class and has received 2,915 calls and 30,426 unique visitors to the website. SUPPL. ACLS DECL. at 3, ECF No. 108-1.

## II. Settlement Approval

### A. Fairness

Here, all four fairness factors point to a conclusion that the settlement negotiations in this case were procedurally fair.

First, the procedural posture of the case points towards the fairness of the negotiations. Considering the procedural posture is one way for a court to assess whether there was any improper collusion among the parties. <u>Brown v. Transurban USA, Inc.</u>, 318 F.R.D. 560, 571 (E.D. Va. 2016). Here, the case was at an advanced stage when the parties entered settlement negotiations:

> At the time the parties notified the Court of the settlement in October 2019, there were 636 docket entries in the <u>Williams</u> matter alone and the Court had issued well over one hundred rulings on virtually every issue imaginable, from sovereign

> immunity to motions to dismiss to privilege waivers
> to over thirty contested discovery motions.

Final Approval Mem. at 2, ECF No. 105. And

> At the time the parties negotiated this settlement,
> Williams had been on file for two years; the parties
> had conducted jurisdictional discovery; the Fourth
> Circuit had issued its sovereign immunity decision;
> and the parties in Galloway I were preparing for an
> evidentiary hearing on whether the Williams
> sovereign immunity decisions should be revisited due
> to material information received after sovereign
> immunity was briefed in the district court.

Final Approval Mem. at 15, ECF No. 105. Moreover, "[t]he
information Plaintiffs had received through discovery in
Williams and Galloway I also prompted Plaintiffs to file
Galloway II and Galloway III against other co-conspirators
involved in this nationwide scheme." Final Approval Mem. at 15,
ECF No. 105. "And McKoy, Cumming, Smith, and Duggan had been on
file for nearly a year." Final Approval Mem. at 16, ECF No.
105.

Second, the extent of the discovery taken also points
towards the fairness of the negotiations. Considering the
extent of discovery allows a court to "ensure that the case is
well-enough developed for Class Counsel and Lead Plaintiffs
alike to appreciate the full landscape of their case when
agreeing to enter into this Settlement." In re The Mills Corp.
Sec. Litig., 265 F.R.D. 246, 254 (E.D. Va. 2009). Here,

JA394

significant discovery had been completed before the parties
entered settlement negotiations:

> The parties aggressively pursued discovery before
> the case settled. Defendants had produced over a
> million pages of documents in the Virginia actions
> alone and Class Counsel spent hundreds of hours
> reviewing them. The parties pursued data and
> documents from third parties, issuing dozens of
> subpoenas to state attorney generals [sic],
> attorneys involved in advising the co-conspirators
> about the enterprise's legality, companies that
> maintain loan level data, and individuals involved
> in the day-to-day operation of the online lending
> business.

Final Approval Mem. at 16, ECF No. 105. In particular, 34
witnesses have been deposed, and 145 subpoenas were issued.
Final Approval Mem. at 2, ECF No. 105. The Court is confident
that the parties had completed enough discovery to have a firm
grasp on the strengths and weaknesses of their positions.

Third, the circumstances surrounding the negotiation point
towards the procedural fairness of the negotiations. The
purpose of this factor is to ensure that the settlement was
reached through arm's-length negotiations. Brown v. Transurban
USA, Inc., 318 F.R.D. 560, 572 (E.D. Va. 2016). "Courts look to
the number of meetings between the parties to discuss
settlement, the quality of those negotiations, and the duration
of time over which negotiations took place." In re Genworth
Fin. Sec. Litig., 210 F. Supp. 3d 837, 840 (E.D. Va. 2016).
Here, the parties had three formal mediation sessions over

JA395

approximately two months and an additional settlement conference. Final Approval Mem. at 17, ECF No. 105. The mediation sessions were overseen by professional mediator Nancy A. Lesser, and the settlement conference was overseen by then-Magistrate Judge David Novak. Final Approval Mem. at 17, ECF No. 105. In between formal sessions, the parties also engaged in informal discussions "including countless telephone calls with Ms. Lesser and between counsel." Final Approval Mem. at 17, ECF No. 105.

Finally, Class Counsel and their firms have extensive backgrounds in complex and class action litigation and consumer protection litigation, see DECL. KRISTI C. KELLY ¶ 6, ECF No. 105-1; DECL. BETH E. TERRELL ¶ 3, ECF No. 105-2; DECL. LEONARD A. BENNETT ¶¶ 13-14, ECF No. 105-3; DECL. MICHAEL A. CADDELL ¶¶ 11-13, ECF No. 105-5; DECL. E. MICHELLE DRAKE ¶¶ 10, 12, ECF No. 105-6; DECL. MATTHEW W.H. WESSLER ¶ 2, ECF No. 105-7; DECL. ANNA C. HAAC ¶ 5-7, ECF No. 105-8. And, in particular, members of Class Counsel have significant experience in litigating class action lawsuits against tribal lenders. See, e.g., Hayes, et al. v. Delbert Servs. Corp., 3:14-cv-00258-JAG, Dkt. No. 193 ¶ 4, 14 (Jan. 20, 2017) (approving class action settlement against tribal lender here Leonard A. Bennet, Kristi C. Kelly, Andrew J. Guzzo, Casey Shannon Nash, and Craig Carley Marchiando were part of the Class Counsel team). The Court is satisfied that Class

21

Counsel had sufficient experience to competently and fairly represent the interests of the class. This factor, therefore, points to the fairness of the settlement.

Based on these four fairness factors, the Court finds that the Settlement Agreement was the product of an adversarial, arm's-length negotiation process conducted once discovery had reached a stage where both parties had a clear sense of the strengths and weaknesses of their arguments. Accordingly, the Settlement Agreement was sufficiently "fair" under Federal Rule of Civil Procedure 23(e)(2).

### B. Adequacy

Here, all relevant adequacy factors suggest that the result achieved for the class and the other terms of the settlement agreement are adequate.

The first two adequacy factors, the strength of the plaintiffs' case and the risks of going to trial, together suggest that the settlement is substantively adequate. The three years of contentious litigation in this case, see Final Approval Mem. at 19, ECF No. 105, are a testament to Class Counsel's belief in the strength of their case given that the Class Counsel team is composed of experienced consumer protection attorneys who are well-versed in these issues. See, e.g., DECL. KRISTI C. KELLY ¶¶ 6-7, ECF No. 105-1; DECL. BETH E. TERRELL ¶ 3, ECF No. 105-2; DECL. LEONARD A. BENNETT ¶¶ 5-14,

22

ECF No. 105-3; DECL. E. MICHELLE DRAKE ¶ 8, ECF No. 105-6; DECL. ANNA C. HAAC ¶ 5-7, ECF No. 105-8. Nevertheless, proceeding to trial would have presented real risks because each of the Settling Defendants asserts that they are entitled to sovereign immunity, and while "Plaintiffs strongly believe that the Fourth Circuit would have decided the issue differently had it had the benefit of a complete record," a Fourth Circuit decision in this case supports the Settling Defendants' arguments. Final Approval Mem. at 19, ECF No. 105; see also Williams v. Big Picture Loans, LLC, 929 F.3d 170, 185 (4th Cir. 2019) (holding that two of the Settling Defendants, Big Picture and Ascension, are entitled to sovereign immunity as arms of the LVD). "Plaintiffs faced the risk that the Court would dismiss the individual tribal defendants, tribal council members, and the scheme's lenders either for lack of jurisdiction or for lack of sufficient facts supporting liability under RICO." Final Approval Mem. at 19, ECF No. 105.

The third factor, the anticipated duration and expense of additional litigation, similarly supports the conclusion that the settlement is adequate. Because of the risks Plaintiffs would face if the case continued to trial, and the costs of litigation generally, the case would likely have continued at significant expense for both parties. Final Approval Mem. at 19, ECF No. 105. But the risk of prolonging the litigation

carried a special risk for class members with outstanding loans on which the interest would continue to accrue. Final Approval Mem. at 20, ECF No. 105. As Class Counsel notes, "mitigating these risks at this juncture allows Plaintiffs to obtain immediately substantial debt reduction and debt cancellation relief for the entire class." Final Approval Mem. at 19, ECF No. 105. The Court shares that view.

Class Counsel has not provided any argument on the fourth adequacy factor, the solvency of the defendants and the likelihood of recovery on a litigated judgment, but the Court has no reason to believe there is any such risk. Accordingly, this factor has no bearing on the Court's adequacy analysis.

The fifth and final factor also points to the substantive adequacy of the Settlement. Of the approximately 491,018 class members, none objected. ALCS Suppl. Decl. ¶¶ 3, 10. The absence of objections is notable because the Settlement Administrator reports a notice delivery rate of 99.69%. ALCS Suppl. Decl. ¶ 7. Additionally, the Settlement Administrator reports that, as of November 30, 2020, 2,915 calls were received at the telephone assistance hotline created for this case, and there have been 30,436 unique visitors to the settlement website. ALCS Suppl. Decl. ¶¶ 11,12. A lack of objections suggests that the Settlement is indeed adequate. See In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 257-58 (E.D. Va. 2009).

24

Based on the relevant adequacy factors, the Court finds that the relief provided by the settlement is reasonable and adequate under Federal Rule of Civil Procedure 23(e)(2) in light of the costs and risks of further litigation.

## III. Attorneys' Fees

### A.    Reasonableness of Attorneys' Fees and Costs

To determine whether the attorneys' fees requested by Class Counsel are reasonable, the Court has considered the 12 <u>Johnson</u> Factors and the seven <u>Gunter</u> factors.

The Court finds that the following <u>Johnson</u> factors weigh in favor of the reasonableness of the requested fee award: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for legal work; (6) the attorney's expectations at the outset of litigation;; (7) the amount in controversy and the results obtained; (8) the experience, reputation[,] and ability of the attorney; and (9) attorneys' fees awards in similar cases.[6]

---

[6] The Court does not consider: (1) the time limitations imposed by the client or circumstances; (2) the undesirability of the case within the legal community in which the suit arose; or (3) the nature and length of the professional relationship between attorney and client. Class Counsel has offered no evidence that these three factors are relevant to this case nor does the Court have any independent reason to think that these factors would affect its analysis.

Similarly, the Court finds that the following Gunter factors weigh in favor of the reasonableness of the requested fee award: (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys' involved; (3) the complexity and duration of the case; (4) the risk of nonpayment; (5) awards in similar case; (6) objections; and (7) the amount of time devoted to the case by plaintiffs' counsel.

Balancing these factors — and emphasizing the duration and complexity of this case as well as the risk of non-payment — the Court finds that a fee award of $2,871,000 (i.e., 33% of the settlement fund), inclusive of costs, is reasonable.

### i. The results obtained for the class. Gunter factor. Amount involved and result obtained. Johnson factor.

Class Counsel believe that they have secured three "substantial benefits" to the class. First, for class members with outstanding loans, who are not 210 days or more in default, Big Picture and Ascension will not collect more than 2.5 times the principal loan amount on any loan issued during the class period. Final Approval Mem. at 3, ECF No. 105. Second, for class members with outstanding loans, who are 210 days or more in default, Big Picture and Ascension will cancel the loans and cease any collection attempts; they also agree not to sell, transfer, or assign "any interest in these charged-off loans or future loan proceeds from the charged-off loans." Final

26

Approval Mem. at 3, ECF No. 105. Finally, for class members who have already paid off their loans at interest rates higher than 2.5 times the principal loan amount, the Settling Defendants will establish an $8.7 million Settlement Fund from which those class members can make claims. Final Approval Mem. at 3, ECF No. 105. Claimants will receive a pro rata share of the Settlement Fund once deductions have been made for (1) settlement administration expenses, (2) court-awarded attorneys' fees and costs, and (3) class representative service awards. Final Approval Mem. at 3, ECF No. 105. Notably, the settlement has no effect on class members claims against the non-Settling Defendants. Final Approval Mem. at 3, ECF No. 105. And, only class members "who affirmatively elect to obtain a cash claim payment release their individual claim" (i.e., there is no general class member release for individual damages). Final Approval Mem. at 3, ECF No. 105.

The Court has previously noted that the Settlement confers on over 400,000 class members "significant financial benefits . . . by significantly limiting, or eliminating, their obligations under quite burdensome loan agreements." Final Approval Mem. at 22, ECF No. 105. The Court reaffirms that belief here. In perspective of the relief sought and the challenges of continuing with litigation in this case, the benefits the Settlement provides to class members are significant and

27

JA402

valuable.  This factor weighs in favor of the reasonableness of the requested fees.

    **ii. The presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel.  <u>Gunter</u> factor.**

Here, even with a 99.96% notice delivery rate, SUPPL. ALCS DECL. ¶ 7, ECF No. 108-1, none of the 491,018 class members objected to the settlement or the fees requested by counsel. SUPPL. ALCS DECL. ¶ 7.  This factor weighs in favor of the reasonableness of the required fees.

    **iii. The quality, skill, and efficiency of the attorneys involved. <u>Gunter</u> factor. The requisite skill required and the experience, reputation and ability of the attorneys. <u>Johnson</u> factor.**

Class Counsel submitted a list of all of their accomplishments representing plaintiffs in complex and class action lawsuits and particularly in the areas of consumer financial protection law and tribal lending suits.  <u>See</u> DECL. KRISTI C. KELLY ¶¶ 5-6, 10, ECF No. 105-1; DECL. BETH E. TERRELL ¶¶ 3-4, ECF No. 105-2; DECL. LEONARD A. BENNETT ¶¶ 13-14, 16-18, ECF No. 105-3; DECL. MICHAEL A. CADDELL ¶¶ 3, 11-13, 15, ECF No. 105-5; DECL. E. MICHELLE DRAKE ¶¶ 10, 12, ECF No. 105-6; DECL. MATTHEW W.H. WESSLER ¶ 2, ECF No. 105-7; DECL. ANNA C. HAAC ¶ 5-7, ECF No. 105-8.  The Court has no doubt that Class Counsel are competent, experienced, and skilled attorneys.  The Court finds

that this factor points towards the reasonableness of the requested attorneys' fees.

> **iv. The complexity and duration of the litigation and the amount of time devoted to the case by Class Counsel. <u>Gunter</u> factors. The time and labor expended, the novelty and difficulty of the questions, and the requisite skill required. <u>Johnson</u> factors (last factor also listed in (iv) above).**

The Court has already noted that this matter is complex and has involved numerous, diverse issues with several moving parts, including the thorny question of sovereign immunity. <u>See</u> Dec. 20, 2019 Hearing Tr. at 37-38, 56, ECF No. 66. This factor strongly points towards the reasonableness of the requested percentage award.

> **v. The risk of nonpayment. <u>Gunter</u> factor. The attorney's expectations at the outset of litigation. <u>Johnson</u> factors.**

All members of class counsel operated on a contingency basis in this case. <u>See</u> Final Approval Mem. at 26-27, ECF No. 105. And, as class counsel note, there was a very real risk that the class would not succeed at trial and thus a very real risk of nonpayment. <u>See</u> Final Approval Mem. at 19, ECF No. 105. This factor therefore weights in favor of the reasonableness of the award.

JA404

### vi. Awards in similar cases. <u>Gunter</u> and <u>Johnson</u> factor. Customary fee or rates. <u>Johnson</u> factor

A percentage award of 33% of a common fund is a bit on the high side for this circuit and in general,[7] but it is certainly not outside of the realm of reasonable percentage awards, <u>see, e.g.</u>, <u>In re Celebrex (Celecoxib) Antitrust Litig.</u>, No. 2:14-cv-361, 2018 WL 2382091, at *5 (E.D. Va. Apr. 18, 2018 (awarding 33% fee in an antitrust class action settlement), particularly given that the award will be inclusive of costs. Moreover, as noted in the analysis of other factors, this was a complex case that had been litigated for three years before the parties began settlement negotiations. This factor points in favor of the reasonableness of the award.

### vii. Lodestar Cross-Check

Here, the lodestar calculation is somewhat more complicated than is typical. First, the lodestar is a function of combining the hours, billing rates, and billing judgment of six different

---

[7] The mean award in the Fourth Circuit is reported to be 27.7%. Rubenstein, 5 <u>Newberg on Class Actions</u> § 15.83 (5th ed.). "An earlier edition of the Treatise reported that (then-available) empirical studies showed that fee awards in class actions average around one-third of the recovery, a statement quoted by many courts. More recent empirical data on fee awards demonstrate that percentage awards in class actions are generally between 20-30%, with the average award hovering around 25% . . . . Usually, 50% of the fund is the upper limit on a reasonable fee award from any common fund." <u>Id.</u> (citations omitted).

law firms[8] (i.e., Kelly Guzzo, PLC, Terrell Marshall Law Group, PLLC, Consumer Litigation Associates, P.C., Caddell & Chapman, Berger Montague, PC, and Gupta Wessler PLLC).[9]   Second, Class Counsel, and even the underlying cases, are not all from the same judicial district.   At the Court's request, Class Counsel from outside the Richmond area attempted to adjust their rates to match those benchmarks outlined by Class Counsel members from the Richmond area; nevertheless, there was some subtle variation among rates for people who appear to have comparable levels of experience.   Finally, because this case involved both Settling and non-Settling Defendants, Class Counsel has tried to tease out what time they spent on matters related to the Settling Defendants versus the non-Settling Defendants (with whom litigation is ongoing); however, not everyone used the same approach to that calculation.

Because of the aforementioned challenges, more subjectivity has been introduced into the relatively objective lodestar

---

[8] Lawyers from seven different law firms were appointed as Class Counsel by virtue of the complicated procedural history of this case and the fact that this Settlement resolves claims from nine different cases.   Final Approval Mem. at 1, ECF No. 105.   Class Counsel have represented to the Court that every piece of the class counsel team has had a leadership role in some aspect of the case and that all members actively participated in litigating this case.   Dec. 20, 2019 Tr. at 38-39, ECF No. 66.
[9] Although two attorneys from the law firm of Tycko & Zavareei, LLP were named as Class Counsel, see PRELIM. APPROVAL ORDER, ECF No. 65, they have not submitted any billing rates or hours for the Court's approval.

31

calculation than is normal. Nevertheless, the Court appreciates having detailed information on the hours Class Counsel worked, what they worked on, and some sense of Class Counsel's "Richmond rates." Moreover, the Court is mindful that the lodestar calculation is only a cross-check on the reasonableness of the 33% percentage fee. "[W]here used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." Jones v. Dominion Resources Services, Inc., 601 F. Supp. 2d 756, 767 (S.D.W. Va. 2009) (quoting Goldberger v. Integrated Res., 209 F.3d 43, 50 (2d Cir. 2000)).

By Class Counsel's calculation, the lodestar figure is $4,238,589 — excluding out-of-pocket costs which Class Counsel report amount to $202,709. Final Approval Mem. at 27-28, ECF No. 105. That lodestar figure is based on 8,989.74 hours of work. See DECL. KRISTI C. KELLY at 13,15, ECF No. 105-1; DECL. BETH E. TERRELL at 7-8, ECF No. 105-2; DECL. LEONARD A. BENNETT at 10, ECF No. 105-3; DECL. MICHAEL A. CADDELL at 19, ECF No. 105-5; DECL. E. MICHELLE DRAKE at 12, ECF No. 105-6; DECL. MATTHEW W.H. WESSLER at 5, ECF No. 105-7. Because the requested fee award is $2,871,000, the lodestar multiplier is 0.65. Final Approval Mem. at 28, ECF No. 105. A multiplier of 0.65 is, unsurprisingly below average both nationally and in this

Circuit. Rubenstein, 5 Newberg on Class Actions § 15.87 (5th ed.). But, negative below-average multipliers have been found reasonable before. In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., 2020 U.S. Dist. LEXIS 181103, 2020 WL 5757504, *76, *84 (E.D. Va. 2020 Sept. 4, 2020). Under the circumstances of this case, the Court is satisfied that the lodestar cross-check demonstrates that the requested fee award (i.e., 33% of the Settlement Fund) is commensurate with the time and effort expended by Class Counsel and is not an unwarranted windfall payment.[10]

## B.    Service Awards

Here, Named Plaintiffs request $5,000 each which will be paid from the overall Settlement Fund. Final Approval Mem. at 10, ECF No. 105. These awards are meant to compensate the Named Plaintiffs for "their efforts in prosecuting this case, including retaining counsel, assisting in discovery (including depositions) and keeping abreast of the litigation." Final Approval Mem. at 10, ECF No. 105. Moreover, say Class Counsel, "Plaintiffs put their reputations on the line to assist with a nationwide lawsuit to combat predatory lending across the

---

[10] However, for the purposes of future award calculations in other cases in this district, the Court does not take a position on the reasonableness of the individual rates submitted by each and every member of Class Counsel or to the approaches the various firms took to determining the time spent on work for one defendant versus another.

33

country." Final Approval Mem. at 10, ECF No. 105. And, "[s]ome Plaintiffs were previously offered $5,000 to settle the claims individually." Final Approval Mem. at 10, ECF No. 105.

A service award of $5,000 is not inherently unreasonable, see Rubenstein, 5 Newberg on Class Actions § 17.8 (5th ed.), but here, the award requested is concerning on several fronts: (1) the amount of the requested service awards relative to the benefits for which most class members under the Settlement are eligible, (2) the total amount of the service awards requested (i.e., $210,000) is quite high, and (3) it is not clear that all 42 Named Plaintiffs were equally involved or faced equal risk in representing the class.

First, under the terms of the Settlement, the vast majority of class members are not eligible to receive a cash award as high as $5,000. Out of approximately 491,000 class members only 129,287 are even eligible for a cash damage award. Final Approval Mem. at 9, ECF No. 105. And based on claims submitted as of November 30, 2020, only 72 class members (1.7% of 4,245) could receive a cash damage award of more than $5,000 and only 1,434 class members (33.8% of 4,245) could receive an award between $1,000 and $5,000. SUPPLEMENTAL DECLARATION OF AMERICAN LEGAL CLAIM SERVICES, LLC REGARDING NOTICE DISSEMINATION ("ALCS Supplemental Declaration") at 2-3, ECF No. 108-1. If 15% of the class members eligible for cash damages submitted claims for a

34

cash award, <u>none</u> of the class members would receive an award as high as $5,000. ALCS Suppl. Decl at 3, ECF No. 108-1 (showing that the maximum cash award would be $3,019). This is not to say that the Settlement's non-cash benefits are not valuable, only that there would be an appearance of impropriety if all 42 Named Plaintiffs received a service award so far out of reach for the vast majority of the class.[11]

Second, because there are 42 Named Plaintiffs, an award of $5,000 each becomes $210,000 total, and, in the Court's experience, a total service award of $210,000 is unusual, though certainly not unprecedented, <u>see, e.g.</u>, <u>Ingram v. The Coca-Cola Co.</u>, 200 F.R.D. 685, 688, 694 (N.D. Ga. 2001) (awarding, in an employment discrimination suit, $300,000 each to four class representatives, for a total of $1.2 million in incentive awards, where class members were guaranteed payments averaging approximately $38,000).

Finally, in the Court's view, all 42 Named Plaintiffs have not been equally involved in the litigation of this case. Class Counsel submitted documentation showing that the majority

---

[11] "[A] a primary risk of incentive awards is that they skew the class representative's interests so as to conflict with those of the class she purports to serve. . . . Courts have therefore long attempted to ensure that the size of potential incentive awards are not excessive, lest the class representative's interests so significantly diverge from those of the class that she ceases to be an adequate representative of the class under Rule 23(a)(4)." Rubenstein, 5 <u>Newberg on Class Actions</u> § 17.18 (5th ed.) (Citations omitted).

of the Named Plaintiffs were not deposed and did not respond to written discovery. See SUPPLEMENT TO PLAINTIFF'S MOTION FOR APPROVAL FO CLASS ACTION SETTLEMENT, ECF NO. 111. Class Counsel argue that "[w]hile different class members spent different time assisting in these cases, every representative made the same commitment in agreeing to serve, regardless of burden. Every representative had to absorb the reputational impact of having their name used and made available nationally as a debtor and consumer victim." SUPPL. DECL. OF LEONARD A. BENNETT, ECF NO. 111-1. The Court is not persuaded. Every Named Plaintiff may have faced comparable reputational risks; every Named Plaintiff did not do the same work.

In view of the aforementioned concerns, an award of $5,000 will be given to any Named Plaintiff who was deposed and who was required to answer written discovery; an award of $4,000 will be given to any Named Plaintiff who was required to answer written discovery or who served on the Creditor's Committee in the Eventide bankruptcy proceedings;[12] and an award of $3,000 will be

---

[12] See In Re Eventide, LLC, No. 20-40349 (Bankr. N.D Tex.). Class Counsel have represented to the Court that Named Plaintiffs were brought into the related Eventide bankruptcy proceedings by virtue of their service as Named Plaintiffs in this case. Certain Named Plaintiffs served on a Creditors Committee where they advocated for the dismissal of the bankruptcy and for this Court to continue to handle the Big Picture Loans litigation and settlement. Ex. 2 at 4, ECF No. 111-2. Committee members had to attend weekly meetings. Ex. 2 at 4, ECF No. 111-2.

given to any other Named Plaintiff. With this award scheme, the total service award payment would be $146,000.

## CONCLUSION

Having measured the relief obtained in perspective of the claims being pursued, the Settlement Agreement is fair, reasonable, and adequate in that it accords significant benefits to the class members. And, the Settlement Agreement is fair and adequate within the meaning of the test set by the Fourth Circuit in <u>Jiffy Lube</u>. For all the foregoing reasons, the Motion for Final Approval (ECF No. 105) should be granted.

It is so ORDERED.

/s/                REB
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2020

37

JA412

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, et al.,

    Plaintiffs,

v.                                        Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

RENEE GALLOWAY, et al.,

v.                                        Civil Action No. 3:18cv406

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

### MEMORANDUM ORDER

This matter is before the Court on DEFENDANT MATT MARTORELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 19 AND 12(b)(7) (ECF No. 947 in Williams, et al v. Big Picture Loans, LLC, et al., 3:17cv461) (ECF No. 592 in Galloway, et al v. Big Picture Loans, LLC, et al., 3:18cv406), the supporting, opposing and reply memoranda, it is hereby ORDERED that DEFENDANT MATT MARTORELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 19 AND 12(b)(7) (ECF No. 947 in Williams, et al v. Big Picture Loans, LLC, et al., 3:17cv461) (ECF No. 592 in Galloway, et al v. Big

JA413

Picture Loans, LLC, et al., 3:18cv406) is denied because, under the well-reasoned rationale in Commonwealth of Pennsylvania v. Think Fin., Inc., 2016 WL 183289, at *4 (E.D. Pa. Jan. 14, 2016) and Gingras v. Rosette, 2016 WL 2932163, at *20 (D. Vt. May 18, 2016), Big Picture Loans, LLC, Ascension Technologies, LLC, and the Lac Vieux Desert Band of Lake Superior Chippewa Indians are not indispensable parties within the meaning of Fed. R. Civ. P. 19 and because under the settled law reflected in Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) and Southern Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co., 190 F.R.D. 182, 186 n.5 (E.D. Va. 1999) joint tortfeasors are not necessary parties.

Moreover, the Motion fails because the very entities that the defendant assert should be joined as indispensable ties were, in fact, joined as parties to this litigation. However, they have reached a settlement with the plaintiffs. Accordingly, Rule 19 simply does not apply by its very terms.

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

_____ /s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May __2-0__, 2021

2

JA414

Exhibit 3

## OPERATING AGREEMENT
### OF
## EVENTIDE CREDIT ACQUISITIONS, LLC
### A Delaware Limited Liability Company

THIS OPERATING AGREEMENT (this "Agreement") is made and entered into as of February 9, 2015, by and among the Members whose signatures appear on Schedule A, as may be amended from time to time, which shall be, and remain after subsequent amendment, part and parcel of this Agreement.

Whereas, this Agreement is intended to govern the relationships among the Company, its Manager and its Members.

In consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, agree as follows:

## SECTION I
## ORGANIZATION & FORMATION

A.    Formation. The Company has been organized as a Delaware limited liability company under and pursuant to the Delaware Limited Liability Company Act (the "Act") by the filing of Certificate of Formation (the "Certificate") with the State of Delaware Secretary of State, on February 9, 2015, as required by the Act.

B.    Name. The name of the Company shall be "Eventide Credit Acquisitions, LLC". Upon proper notice and filing with the State of Delaware Secretary of State, the Company may conduct its business under one or more assumed names.

C.    Purpose. The purpose of the Company is to operate any lawful business permitted by the law of the State of Delaware or any other State, Territory or Commonwealth in which it is registered to do business. The Company shall have all the powers necessary or convenient to affect any purpose for which it is formed, including all powers granted by the Act.  The Company is authorized to apply for any and all tax exemptions and other benefits for which it may be eligible, including without limitation, benefits provided by the Department of Economic Development and Commerce of the Commonwealth of Puerto Rico.

D.    Duration. The Company shall continue in existence perpetually, beginning on the date of filing of the Certificate, unless terminated by law or dissolved and terminated pursuant to this Agreement.

E.    No Partnership.  The Members intend that the Company not be a partnership (including, without limitation, a limited partnership) or joint venture, that no Member be a partner or joint venturer for any purposes other than federal, state and territorial tax purposes, and this Agreement may not be construed to suggest otherwise.

F.    Registered Office, Resident Agent and Place of Business. The registered office and principal place of business of the Company shall be at 1407 Plantation Village, Dorado, Puerto Rico 00646 or such other place or places as the Manager may hereafter determine. The Resident Agent of the Company for service of process in Delaware shall be Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901.

## SECTION II
## MEMBERS, MEMBERSHIP INTEREST & CLASSES

A.    Definitions.

JA416

(i) "Act" shall mean the Delaware Limited Liability Company Act, Title 6 of the Delaware Code, as in effect in the State of Delaware and as amended from time to time. Reference to any section of the Act shall be deemed to refer to a similar provision in any amendment to the Act. To the extent the Company redomiciles, it may be required to amend and restate this Agreement in accordance with the laws of its new domicile.

(ii) "Additional Member" shall mean any Member admitted, to the Company after the date of this Agreement as provided for in Section II E.

(iii) "Capital Account" shall mean the account maintained for each Member described in Section III of the Agreement.

(iv) "Capital Contribution" shall mean, with respect to any Member, the total amount of contributions by all the Members or any class of Members or any one Member, as the case may be (or the predecessor holders of the interests of such Members), to the capital of the Company in cash, property, or services for an interest in the Company, valued at fair market value without deduction of selling, organization, or other expenses; and shall include all such contributions to the capital of the Company whenever made.

(v) "Class" or "Classes": Membership Interests may include voting interest, economic interest and equity interest, and may be divided into separate Classes in the sole discretion of the Manager, which Classes and Membership Interests shall have such rights and preferences as the Manager shall determine, including (without limitation) different fee, expense and allocation structures and different voting privileges. The Manager shall cause separate and distinct records to be kept with respect to Company Property associated with each Class. Certain classes of the Company shall entitle a Member to participate only in the future profits, losses and/or appreciation of the Company Property allocated to a particular Class of Membership Interest. The designation of Class and rights of any Member, shall be designated by the Manager, and shall either be described herein in this Agreement, or made pursuant to an ancillary agreement among the Company and the proposed Member.  All Classes of Membership Interest shall be shown on <u>Schedule A</u>, attached hereto and made a part hereof, as amended from time to time.

(vi) "Company Property" or "Property" each shall mean the real property and any other assets or property (tangible or intangible, personalty or real, choate or inchoate, fixed or contingent) of the Company, including all earnings and proceeds which may arise therefrom from time to time.

(vii) "Economic Interest" shall mean a Member's share of the Classes' future net profits and net losses specifically associated with a particular Class pursuant to this Agreement. Economic Interests shall be non-voting interests. It is the intention of the parties hereto that all Economic Interests shall be deemed to be "profits interests" of the Company in accordance with Rev. Proc. 93-27 and 2001-43 and that the Economic Interest holders are only entitled to participate in the future net profits and or net losses of the Company accruing after each Member's date of execution of this Agreement and are not entitled to participate in profits or losses related to the sale of assets or equity.

(vii) "Equity Interest" shall mean a Member's share of the value upon a sale or liquidation of the Company, its subsidiaries, or the asset(s) specifically associated with a particular Class of Equity Interest and set forth in section II C below.

(viii) "Initial Capital Contribution" shall mean, with respect to any Member, the initial contribution by such Member to the capital of the Company as set forth on Schedule A hereto.

2

JA417

MARTORELLO_004582

(ix) "Internal Revenue Code" shall mean the Internal Revenue Code of 1986, as amended from time to time, or any corresponding provision or provisions of succeeding laws. The term "Internal Revenue Code" shall be abbreviated as "IRC" or "Code".

(x) "Member" shall mean each of the persons or entities holding a Membership Interest in the Company and each of the persons or entities who may hereafter become a Member holding a Membership Interest. Members' rights to participate in the management and affairs of the Company, to share in the profits, gains or losses of the Company, to share in the value upon sale or liquidation of the asset(s) associated with a particular Class of Membership Interest, or to vote at meetings of the Members shall be determined pursuant to this Agreement, or to any ancillary agreements between the Member and the Company executed contemporaneously with this Agreement, or to any resolutions of the Members executed in connection with the issuance of a new class of interests.

(xi) "Membership Interest" shall mean a Member's voting interest, economic interest and/or equity interest in a particular Class, including the right to vote associated with such Membership Interest, if any, and such other rights and privileges that the Member may enjoy by being such a Member.

(xii) "Voting Interest" shall mean with respect to each Class A Member, such Class A Member's right to vote on, consent to or otherwise participate in any decision or action of or by the Members granted pursuant to this Operating Agreement or the Act. A.

B.    <u>Members</u>.  The Members are set forth on <u>Schedule A</u> hereto, and shall include any other person hereafter admitted to the Company as a Member as provided in this Agreement.  The term "Members" shall not include any person who has ceased to be a member of the Company.

C.    <u>Classes</u>.  The following Classes have been designated by the Manager as of the Effective Date of this Agreement:

(i)    <u>Class A Membership Interest</u>.  Class A Membership Interest shall be the membership interest in the Company not otherwise designated to any other Class of Membership Interest.

(a) <u>Class A Voting Interest</u>: Class A Voting Interest shall be the only Class of Membership entitled to vote on any and all matters presented to the Company for Member approval.  Class A Voting Interest shall not include an Economic Interest or an Equity Interest.

(b) <u>Class A Economic Interest</u>: Class A Economic Interest shall be a Class A Member's economic interest in the Company's future net profits and net losses pursuant to this Operating Agreement and the Act, as more particularly set forth in <u>Schedule A</u> to this Operating Agreement as the same may be amended from time to time by the Class A Members holding Class A Voting Interest, but shall not include any right to participate in the management or affairs of the Company, including the right to vote on, consent to or otherwise participate in any decision of the Class A Members holding Class A Voting Interest, nor shall it include an Equity Interest.

(c) <u>Class A Equity Interest</u>:  Class A Equity Interest shall be entitled to the value of the Company upon sale or liquidation, the gain or losses from the sale of some or all of the companies assets, and the sharing in liabilities pursuant to this Operating Agreement and the Act, as more particularly set forth in <u>Schedule A</u> to this Operating Agreement as the same may be amended from time to time by the Manager, but shall not include any right to participate in the management or affairs of the Company, including the right to vote on, consent to or otherwise participate in any decision of the Class A Members holding Class A Voting Interest, nor shall it include an Economic Interest.

3

JA418

CONFIDENTIAL

MARTORELLO_004583

D.     Representations and Warranties of the Members.  As of the date on which any person becomes a Member, such person severally (and not jointly) hereby represents and warrants, as to itself and no other Member, to, and covenants with, the Company and each of the other Members that: (i) such person understands that the offer and sale or other transfer of the Membership Interest to such person have not been registered under the Securities Act or the securities laws of any state or territory, and further understands that such Membership Interest has not been approved or disapproved by the Securities and Exchange Commission or any other federal or state agency; (ii) such person understands that there are substantial restrictions on the transfer of Membership Interests, including without limitation, that Membership Interests may not be transferred except as permitted by this Section II; (iii) such person has carefully reviewed and understands this Agreement in its entirety; (iv) the Manager has not made and hereby makes no warranties or representations to such person other than those set forth in this Agreement.

E.     Membership Interests; Additional Membership Interests.  Ownership of the Company shall be divided into and represented by Membership Interests.  The Class and types of Membership Interests of the Members are set forth on Schedule A.  The Manager is expressly authorized to provide for the issuance from time to time of additional Membership Interests for such consideration, and with rights, privileges, preferences, qualifications, limitations and restrictions as shall be stated and expressed in the resolution or resolutions adopted by the Manager providing for the issuance of additional Membership Interests and as may be permitted by the Act.  The Manager shall reflect the issuance of any additional Membership Interest and, if applicable, the admission of a new Member, pursuant to an amendment to Schedule A, which such amendment shall not be required to be executed by any other Member.

F.     Transfer of Membership Interests.  Subject to the limitations of transferability set forth herein in this Agreement, Members may transfer any or all of their Membership Interest to any person or persons, at any time and from time to time.  Subject to the provisions of this Section, Members may assign their Membership Interest in the Company in whole or in part. The assignment of a Membership Interest does not itself entitle the assignee to participate in the management and affairs of the Company or to become a Member. Such assignee is entitled only to receive the distributions of cash and other property and the allocations of income, gains, losses, deductions, credits or similar items to which its assignor would have been entitled to, and such assignee shall only become an assignee of a Membership Interest and not a substituted Member. An assignee of Membership Interest shall be admitted as a substitute Member and shall be entitled to all the rights and powers of the assignor only if the Manager consents in writing. If admitted, the substitute Member, has to the extent assigned, all of the rights and powers, and is subject to all of the restrictions and liabilities of the Members.

H.     Right of First Refusal.  Before any Membership Interest ("Interest") held by any Member is sold or otherwise transferred (including, but not limited to transfer by gift, operation of law, or pursuant to Section II H below) the Company shall have an uncontested and irrevocable right of first refusal to purchase the Interest on the following terms and conditions:

        (i)     The selling Member shall deliver to the Company a written notice stating: (a) the Member's bona fide intention to sell or otherwise transfer such Interest; (b) the name of the proposed purchaser or other transferee ("Proposed Transferee"); (c) the percent of Interest to be transferred to each Proposed Transferee; (d) the bona fide cash price or other consideration to be exchanged for the Interest ("Offered Price"); and (e) the terms and conditions of the proposed transfer.

        (ii)     At any time within forty-five (45) days after receipt of this notice, the Company may, by written notice to the selling Member, elect to purchase all, or any part of the Interest at Fair Market Value (as defined in Section J below) or at the Offered Price, whichever price is lower.

        (iii)     The right of first refusal shall not terminate upon any transfer of Interest.

4

JA419

CONFIDENTIAL

MARTORELLO_004584

(iv)     The right of first refusal shall be freely assignable by the Company at any time and in its sole discretion.

(v)     Any transfer done without adherence to this Section II F shall be void.

I.     <u>Mandatory Repurchase</u>.  The Manager, in his sole and absolute discretion, may require a Member to sell all or a portion of the Interest of such Member, on not less than fourteen (14) days' notice (a "Mandatory Repurchase").  Such Mandatory Repurchase shall become effective on the date (the "Repurchase Date") specified in such notice.  A Member who is so required to sell its Interest pursuant to this Section shall receive the Fair Market Value of the Interest, computed as of the date on which such Mandatory Repurchase shall become effective (a Member whose Interest is repurchased pursuant to this Section is referred to herein as a "Repurchased Member").

J.     <u>Payments in Connection with Mandatory Repurchase</u>.

(i)     Within 30 days after a Repurchase Date there shall be paid or distributed to a Repurchased Member an amount in cash, or, in the discretion of the Manager, in securities selected by the Manager, or, in the discretion of the Manager, partly in cash and partly in securities selected by the Manager, equal in value to not less than 90% of the estimated Fair Market Value of the Interest being repurchased. Within 30 days after the Manager has determined the Fair Market Value of the Interest being redeemed or repurchased as of such date, the Company shall pay to the Repurchased Member in cash, or, in the discretion of the Manager, in securities selected by the Manager, or, in the discretion of the Manager, partly in cash and partly in securities selected by the Manager, the amount of the excess, if any, of the Fair Market Value of the redeemed or repurchased Interest over the amount so paid.

a.     "Fair Market Value" shall mean the value of the Interest, as applicable, as determined by Manager using reasonable valuation criteria, all in the Manager's sole discretion.

b.     The Company's assets will be valued from time to time in the discretion of the Manager.  In those cases where an exchange-based pricing mechanism is unavailable, the Manager or Manager's representative will develop an assessment of Fair Market Value, which will be reviewed and approved by the Manager whose consent shall not be unreasonably withheld.  In the absence of bad faith, such determination, as approved by the Manager, shall be conclusive.  Fair Market Value shall reflect any declared but unpaid distributions with respect to the Interest.

(ii)     If, in the discretion of the Manager, the assets of the Company are committed in such a manner as not to reasonably permit immediate withdrawal of such assets, then, on the applicable Repurchase Date (the "Repurchase Effective Date"), the Manager may adopt a deferred payment system in accordance with the following:

a.     The Manager will attempt to liquidate, as of the earliest date on or after the Repurchase Effective Date upon which the Company is permitted to do so or on which market conditions make same feasible, from the Company's investments, such portion thereof as is allocable to the Interest of the Repurchased Member;

b.     Within 30 days following the Repurchase Effective Date, the Repurchased Member will be entitled to receive an amount equal to the Repurchased Member's percentage of all cash and the fair market value of all liquid securities held directly by the Company with respect to any applicable Interest; provided, however, that any such amount shall be subject to the provisions of this Section;

JA420

CONFIDENTIAL

MARTORELLO_004585

c.     The balance due to the Repurchased Member shall be paid from time to time, within 30 days after the Company receives the proceeds from the liquidation of the previously illiquid portion of the Company's investments, but only to the extent that such proceeds plus the Repurchased Member's percentage of cash and the fair market value of liquid securities held by the Company with respect to any applicable Membership exceed such Member's percentage of the Company's liabilities and any amount retained pursuant to this Section with respect to any applicable Membership; provided, however, that in any event, at least 80% of the amount due a Repurchased Member shall be paid within one year following the Redemption Effective Date; and

d.     The Fair Market Value of the Interest attributable to a Repurchased Member shall be subject to an adjustment equal to a credit or charge for the Repurchased Member's percentage of the increase or decrease in the net asset value of the Company's investments with respect to any applicable Interest from the Redemption Effective Date through the date on which final payment of such Repurchased Member's percentage is made.

K.     <u>Involuntary Transfers</u>.  In the event of an Involuntary Transfer of any Interest to any person, the transferee (which term, as used herein, shall include any and all transferees and subsequent transferees of the initial transferee) shall take and hold such Interest subject to this Agreement and to all the obligations and restrictions upon the transferor, and shall observe and comply with this Agreement and with such obligations and restrictions.  As used in this Section II, the term "Involuntary Transfer" shall mean any transaction, proceeding or action by or in which a Member or other person is involuntarily deprived or divested of any right, title or interest in or to any Interest (including without limitation, a seizure under levy of attachment or execution, transfer to a trustee in bankruptcy or receiver or other officer or agency pursuant to a statute pertaining to escheat or abandoned property, a Member's death or the appointment of a guardian with respect to a Member).

L.     <u>Admission of New Members</u>.  No person shall be admitted as a Member of the Company unless: (i) the Manager shall have consented in writing to the admission of such person as a new Member; (ii) the person has executed and delivered all documents reasonably deemed appropriate by the Manager to reflect such person's admission as a Member, and its agreement to be bound by this Agreement; and (iii) such person has paid all expenses connected with its admission.


# SECTION III
# CAPITAL ACCOUNT

A.     <u>Capital Account</u>.  A capital account ("Capital Account") shall be maintained for the Members, and any additional Members in accordance with the provisions of this Section and subject to any ancillary agreements entered into between the Company and the Members.

(i)     Increases in Capital Account.  The Capital Account of the Members shall be increased by:

a.     The fair market value of the Members' initial capital contribution and any additional capital contributions by the Members to the Company.  If any property, other than cash, is contributed to or distributed by the Company, the adjustments to Capital Accounts required by Treasury Regulation Section 1.704-1(b)(2)(iv)(d), (e), (f) and (g) and Section 1.704-1(b)(4)(i) shall be made.

b.     The Members' share of the increase in the tax basis of Company property, if any, arising out of the recapture of any tax credit.

c.     Allocations to the Members of profit.

JA421

CONFIDENTIAL

MARTORELLO_004586

d.    The Members' share of Company income or gain (including income and gain exempt from income taxation) as provided under this Agreement, or otherwise by Regulation Section 1.704-1(b)(2)(iv).

e.    The Members' share of the amount of Company liabilities that are assumed by the Members.

(ii)    Decreases in Capital Account.  The Capital Account of the Members shall be decreased by:

a.    The Members' share of the amount of money distributed to the Members of the Company pursuant to any provision of this Agreement.

b.    The Members' share of the fair market value of property distributed to the Members by the Company (net liabilities secured by such distributed property that such Members are considered to assume or take subject to Code Section 752).

c.    Allocations to the Members of losses.

d.    Allocations to the Members of deductions, expenses, Nonrecourse Deductions and net losses allocated to it pursuant to this Agreement, and the Members' share of Company expenditures which are neither deductible nor properly chargeable to Capital Accounts under Code Section 705(a)(2)(B) or are treated as such expenditures under Treasury Regulation Section 1.704-1(b)(2)(iv)(i). "Nonrecourse Deductions" shall have the meaning set forth in Treasury Regulation Section 1.704-2.

e.    The Members' share of the amount of any liabilities of the Members that are assumed by the Company.

<div align="center">

**SECTION IV**
**ALLOCATIONS AND DISTRIBUTIONS**

</div>

A.    <u>Allocations</u>.

(i)    Allocations shall be made at such times as the Manager shall deem, in his sole discretion, to the Members listed and described on <u>Schedule A</u> attached hereto in accordance with the terms and rights of their interests.  Except as may be expressly provided otherwise in this Section IV or agreed to among the parties, and subject to the provisions of Sections 704(b) and 704(c) of the Code, the net income, net loss, or gains of the Company for each year of the Company shall be allocated to the Members, in accordance with the rights attributable to their respective Interests.

(ii)    Net profits, net losses, or any other items allocable to any period shall be determined by the Manager, in his discretion, using any permissible method under Code Section 706 and the related Treasury Regulations and in accordance with the rights attributable to their respective Interests.

(iii)    Acknowledgement.  The Members are aware of the income and other tax consequences of the allocations in or referred to by this Section IV and hereby agree to be bound by the provisions of this Section IV in reporting the share of items of Company income, gain, loss, deduction and expense for tax purposes.

(iv)    Determination by Manager of Certain Matters.  All matters not expressly provided for by the terms of this Agreement concerning the manner in which capital accounts and allocations are computed shall be determined in good faith by the Manager, in his reasonable discretion, whose determination shall be final and conclusive as to all the Members.  In the event the Manager determines that it is prudent to modify the

<div align="center">7</div>

<div align="right">JA422</div>

CONFIDENTIAL

MARTORELLO_004587

manner in which capital accounts or any allocations under this Agreement are computed in order to comply with Section 704(b) of the Code and Treasury Regulations thereunder, the Manager shall make such modification. In the event that unanticipated events might otherwise cause this Agreement not to comply with such law, the Manager, consistent with the prior sentence, shall make such modifications as he deems reasonable.

B.    <u>Allocations for Tax Purposes</u>.  Except as otherwise provided in and after giving effect to Section IV A, as of the end of each fiscal year, items of Company income, gain, loss, deduction and expense, shall be allocated among the Members pursuant to this Section IV B and as otherwise agreed to in writing by the parties for federal income tax purposes. In accordance with Code Section 704(c) and the related Treasury Regulations, income, gain, loss and deduction with respect to any property contributed to the capital of the Company, solely for tax purposes, will be allocated among the Members so as to take account of any variation between the adjusted basis to the Company of the property for federal income tax purposes and the initial Book Value of the property. If the Book Value of any Company asset is adjusted under clause "b." of the definition of Book Value, subsequent allocations of income, gain, loss and deduction with respect to that asset will take account of any variation between the adjusted basis of the asset for federal income tax purposes and its Book Value in the same manner as under Code Section 704(c) and the related Treasury Regulations. Any elections or other decisions relating to allocations under this Section IV B will be made in any manner that the Manager determines reasonably reflects the purpose and intention of this Agreement. The allocations in or referred to by this Section IV B are solely for federal, state, territorial and local income tax purposes and shall not affect, or in any way be taken into account in computing, any Member's capital account or share of net profit or net loss or other items described in this Agreement.

C.    <u>Acknowledgement</u>.  The Members are aware of the income and other tax consequences of the allocations in or referred to by this Section IV and hereby agree to be bound by the provisions of this Section IV in reporting their shares of items of Company income, gain, loss, deduction and expense for tax purposes.

D.    <u>Certain Tax Related Definitions</u>.  For the purposes of this Agreement, unless the context otherwise requires:

(i)    "Adjusted Capital Account Deficit" means, with respect to any Member, the deficit balance, if any, in such Member's capital account as of the end of the relevant fiscal year or other period, after giving effect to the following adjustments.

a.    Credit to such capital account any amounts which such Member is obligated to restore or is deemed to be obligated to restore pursuant to the penultimate sentence of Treasury Regulations Sections 1.704-2(g)(1) and 1.704-2(i)(5);

b.    Debit to such capital account the item described in Treasury Regulations Sections 1.704-1(b)(2)(ii)(d)(4), (5) and (6); and

c.    Credit and debit to such capital account, in the sole and absolute discretion of the Manager, any other items required or permitted under Section 704(b) of the Code and Treasury Regulations thereunder.

(ii)    "Book Value" means with respect to any asset, the asset's adjusted basis for federal income tax purposes, except as follows:

a.    the initial Book Value of any asset contributed by a Member to the Company shall be the asset's gross fair market value at the time of the contribution;

8

JA423

                                                                                    MARTORELLO_004588

b.    the Book Value of all Company assets shall be adjusted to equal their respective gross fair market values, as determined by the Manager in his reasonable judgment:

1.    if any adjustment is necessary or appropriate to reflect the relative economic interests of the Members in the Company as of (x) the acquisition of an additional interest in the Company by any new or existing Member in exchange for more than a de minims capital contribution, or (y) the distribution by the Company to a Member of more than a de minims amount of Company property as consideration for an interest in the Company;

2.    As of the liquidation of the Company within the meaning of Treasury Regulations Section 1.704-1(b)(2)(ii)(g); and

3.    Whenever else allowed under Treasury Regulations Section 1.704-1(b)(2)(iv)(f) or Proposed Treasury Regulations Section 1.704-1(b)(2)(iv)(s).

c.    The Book Value of any Company asset distributed to any Member will be the gross fair market value of the asset on the date of distribution; and

d.    The Book Value of Company assets will be increased or decreased to reflect any adjustment to the adjusted basis of the assets under Code Section 734(b) or 743(b), but only to the extent that the adjustment is taken into account in determining capital accounts under Treasury Regulations Section 1.704-1(b)(2)(iv)(m), provided that Book Values will not be adjusted hereunder to the extent that the Manager determines that an adjustment under clause "b." is necessary or appropriate in connection with a transaction that would otherwise result in an adjustment under this clause "d."

e.    After the Book Value of any asset has been adjusted under this Section IV F(ii) above, Book Value will be adjusted by the depreciation taken into account with respect to the asset for purposes of computing net profit and net loss.

(iii)    "Treasury Regulations" means the Income Tax Regulations promulgated under the Internal Revenue Code, as such regulations may be amended from time to time (including corresponding provisions of successor regulations).

E.    Distributions.

(i)    The Manager, in his sole and absolute discretion, may at any time cause the Company to distribute to Members in accordance with their respective Interest any cash available for distribution with respect to each Interest. The Manager shall reserve the right to make distributions to certain Classes of Interests and not to others, as well as certain Members and not to others.

(ii)    The Manager, in his sole and absolute discretion, may use the capital accounts of any Member and any class or type of Membership Interest for purposes that it deems appropriate, including funding or investing in companies related or unrelated to the Company subsidiary associated with a particular type of Membership Interest, and no interest or other benefits shall accrue to the Member whose capital account is so used.

(iii)    Distributions made pursuant to this Section IV E will be calculated separately for each Interest and will be distributed to the Members participating in that Interest based on their respective Interest, as applicable.

(iv)    The Members agree to be bound by all the provisions of this Section IV in reporting their share of Company income and loss for income tax purposes.

9

JA424

CONFIDENTIAL

MARTORELLO_004589

F.    <u>Distributions upon Liquidation of the Company</u>.

(i)    At the termination of the Company and after the Company has satisfied or provided for the satisfaction of all the Company's debts and other obligations, the Company's assets will be distributed to the Members and any dissociated members whose interests have not been previously redeemed first, in discharge of their respective capital interests; and then, in proportion to the respective Membership Interest, as applicable.  Assets will be distributed only to Members holding Equity Interests in the Company, unless so determined by the Manager in his sole and absolute discretion.

(ii)    If the Company lacks sufficient assets to make the distributions described in the foregoing paragraph, the Company will make distributions in proportion to the amount of the respective capital interest of the Members and any dissociated members whose interests have not been previously redeemed, and all in accordance with each Member's respective Membership Interest.

<div align="center">

SECTION V
MANAGEMENT OF THE COMPANY

</div>

A.    The business and affairs of the Company shall be managed by or under the direction of the Manager, who may exercise all powers of the Company and do all such lawful acts and things as are not by statute, the Certificate, or by this Agreement directed or required to be exercised and done by the Members having a right to vote ("Manager").  The Manager of the Company shall be: <u>Liont, LLC</u>.

B.    Without prejudice to such general powers, but subject to the same limitations, it is hereby expressly declared that the Manager shall have the following powers:

(i)    to conduct, manage and control the business and affairs of the Company and to make such rules and regulations therefor not inconsistent with the law, the Certificate or this Agreement, as the Manager shall deem to be in the best interest of the Company;

(ii)    to appoint and remove at his pleasure the Officers (if any), agents and employees of the Company, prescribe their duties and fix their compensation;

(iii)    to appoint boards or committees in accordance with Section K of this Article.

(iv)    to borrow money and incur indebtedness for the purposes of the Company, and to cause to be executed and delivered therefor, in the Company's name, promissory notes, bonds, debentures, deeds of trust, mortgages, pledges, hypothecations, or other evidences of debt and securities therefor;

(v)    to amend this Agreement, with the consent of the Members holding 51% of the Class A Voting Interests;

(vi)    to make all other arrangements and do all things which are necessary or convenient to the conduct, promotion or attainment of business, purposes or activities of the Company.

C.    The Manager shall hold office until his successor is elected and qualified, or his earlier death, dissolution, resignation or removal.

D.    A vacancy in the Manager shall be deemed to exist in case of the death, dissolution, resignation or removal of a Manager, if the authorized number of Managers is increased, or if the Members fail, at any meeting of Members at which any Manager or Managers are to be elected by those Members with Class A Voting Interest, to elect the full authorized number of Managers to be voted for at such meeting.  Unless the

<div align="center">10</div>

JA425

CONFIDENTIAL

MARTORELLO_004590

Members shall have elected a Manager to fill a vacancy, vacancies may be filed by (i) a majority of the Managers then in office, whether or not less than a quorum, or by a sole remaining Manager, or (ii) failing the election of a Manager pursuant to clause (i), by the Members with Class A Voting Interest.

E.      Any Manager may be removed, with or without cause, by the vote of Members holding not less than a majority of Class A Voting Interests represented and voting at a duly held meeting at which a quorum is present (which Members voting affirmatively also constitute at least a majority of the required quorum), or, in lieu of a meeting, by way of written consent of Members holding fifty-one percent (51%) of the Class A Voting Interests.

F.      No Manager shall receive any compensation for serving as a Manager, except that (i) a Manager shall receive such compensation as is otherwise determined by the Members holding Class A Voting Interest, and (ii) a Manager shall be reimbursed for reasonable and necessary expenses.

G.      Except as expressly set forth in this Agreement or required by law, no Manager shall be personally liable for any debt, obligation or liability of the Company, whether arising in contract, tort or otherwise, solely by reason of being a Manager of the Company.

H.      <u>Compensation and Fees</u>.

        (i)      No Member shall be paid any fee or other compensation whatsoever for services as a Manager or otherwise, whether ordinary or extraordinary, foreseen or unforeseen, rendered to or for the benefit of the Company, except as otherwise provided in this Section.

        (ii)      The Manager shall be paid such compensation for his services as shall be set forth by the majority holders Class A Voting Interest.

I.      <u>Certain Related Party Transactions Permitted</u>.   The Company may (i) employ or retain a Member or a person directly or indirectly related to or affiliated with an Member to render or perform a service on behalf of the Company, and/or (ii) contract to purchase property from a Member or a person directly or indirectly related to or affiliated with a Member, provided that the charges made for services rendered and materials furnished by such Member, person or persons must be reasonable and competitive with those charged by others in the same line of business and not so related.

J.      <u>No Resignation</u>.    Except pursuant to an authorized transfer of its entire Membership Interest in accordance with this Agreement, no Member shall have the right to resign from the Company as a Member prior to the dissolution and winding up of the Company without the prior written consent of the Manager. Any Member which purports to resign from the Company in violation of the foregoing provision or which has ceased for any reason to be a Member shall be liable to the Company and the other Members for any damages sustained by reason of such resignation or cessation.

K.      <u>Boards and Committees</u>. The Manager may appoint individuals to serve on boards or committees to assist the Manager in overseeing certain aspects of the Company's operations, including but not limited to appointing a board to oversee the Company's legal and regulatory compliance. The manner of functioning of said boards and committees will be as set forth by the Manager in a separate written resolution.

L.      <u>Indemnity</u>. Neither the Manager nor any of the Company's officers, directors, partners, employees, agents, affiliates, successors or assigns shall be liable to the Company or the Members for any loss or damage incurred by reason of any act performed or omitted in connection with the activities of the Company or in dealing with third parties on behalf of the Company, unless such act or omission was taken or omitted by such Manager or such other persons as noted above, in bad faith, and such act or omission constitutes fraud, gross negligence or willful breach of fiduciary duty.

11

JA426

MARTORELLO_004591

The Company, its receiver or its trustee, shall indemnify and save harmless the Manager and its officers, directors, partners, employees, agents, Affiliates, successors and assigns, including any guarantors of Company obligations (each of the foregoing being a "<u>Covered Person</u>"), from any claim, liability, loss, judgment or damage incurred by them by reason of any act performed or omitted to be performed in connection with the activities of the Company or in dealing with third parties on behalf of the Company, including costs and attorneys' fees (which attorneys' fees may be paid as incurred) and any amounts expended in the settlement of any claims of liability, loss or damage provided that the act or omission of the Covered Person is not found by a final, non-appealable ruling of a court of competent jurisdiction to have resulted from an act or omission of the Covered Person taken in bad faith and that constitutes fraud, gross negligence or willful breach of fiduciary duty by the Covered Person. The Company shall advance all sums required to indemnify and hold each Covered Person harmless as provided herein from the initiation of any claim against such Covered Persons, subject to acknowledgment in writing by such Covered Person of the obligation to reimburse the Company in the event that, following the entry of a final, non-appealable judgment, it is determined that the Company was not obligated to indemnify such Person pursuant to this Agreement. All judgments against the Company and a Covered Person, wherein the Covered Person is entitled to indemnification, must first be satisfied from Company assets before the Covered Person shall be responsible for such obligations. The Company shall not pay for any insurance covering liability of a Covered Person for actions or omissions for which indemnification is not permitted hereunder; provided, that nothing contained herein shall preclude the Company from purchasing and paying for such types of insurance, including extended coverage liability and casualty and worker's compensation, as would be customary for any person owning comparable property and engaged in a similar business or from naming the Manager and any Covered Person as additional insured parties thereunder. The provisions of this Section shall survive the termination of the Company.

<div align="center">

## SECTION VI
## MEETING OF MEMBERS

</div>

A.   <u>Meetings and Voting</u>. Notwithstanding anything to the contrary herein, only Members owning Class A Voting Interests in the Company, which confer voting rights, shall be entitled to vote with regards to any issue concerning the Company. Neither an assignee nor transferee may vote any Class A Voting Interest unless such assignee or transferee is admitted as a Member with voting rights. Furthermore, Members who only hold Economic Interests or Equity Interests in the Company shall not be entitled to vote on any issues concerning the Company.

B.   <u>Special Meetings</u>. Special meetings of the Members may be called at any time by the Manager and shall be called at the written request of the holders of a majority of the Class A Voting Interest then outstanding and entitled to vote thereat. The meeting may be dispensed with if all Members who would have been entitled to vote on such action if such meeting was held consent in writing to the action to be taken.

C.   <u>Place of Meetings</u>. All meetings of the Members shall be held in the Commonwealth of Puerto Rico at the principal office of the Company, or at such other places as shall be designated in the notices or waivers of notice of such meetings and may be held telephonically.

D.   <u>Notice of Meetings</u>.

   (i)   Except as otherwise provided by statute, written notice of each meeting of the Members, stating the time when and the place where it is to be held, shall be served either personally, by mail, or by email or other electronic communication,, not less than ten (10) or more than fifty (50) days before the meeting, upon each Member of record entitled to vote at such meeting, or the Member's designated agent, and to any other member to whom the giving of notice may be required by law. Notice of a meeting shall

<div align="center">12</div>

JA427

MARTORELLO_004592

also state the purpose or purposes for which the meeting is called, and shall indicate that it is being issued by, or at the direction of, the person or persons calling the meeting. If mailed, such notice shall be directed to each such Member entitled to vote at the Member's address as it appears on the records of the Members of the Company, unless he or she has previously notified the Manager of the Company in writing that notices intended for the Member to be mailed to the Member's agent and/or some other address, in which case, it shall be mailed to the person and address designated in such request.

(ii)    Notice of any meeting need not be given to any person who may become a Member of record after the mailing of such notice and prior to the meeting, or to any Member who attends such meeting in person or by proxy, or to any Member who, in person or by proxy, submits a signed waiver of notice either before or after such meeting. Holders of non-voting Classes of Membership Interest shall only be permitted to attend Member meetings if they receive advance written permission of the Manager, which permission the Manager may withhold in his sole discretion.

(iii)    Whenever the vote of the Members at a meeting thereof is required or permitted to be taken in connection with any Company action, by any Section of this Agreement, the meeting and vote of the Members may be dispensed with, if all other Members who would have been entitled to vote upon the action if such meeting were held, shall consent in writing to such Company action being taken.

(iv)    Whenever any notice is required to be given under the provisions of this Section, or under the provisions of the Certificate, a waiver thereof in writing, signed by the person or persons entitled to said notice, whether before or after the time stated in said notice, shall be deemed equivalent thereto.

E.    Quorum.    Except as otherwise provided herein, or by the applicable provisions of the Delaware Code, or in the Certificate, at all meetings of the Members of the Company, the presence at the commencement of such meetings in person or by proxy of any number of Members holding of record a majority of the total number of the Class A Voting Interests of the Company then issued and outstanding and entitled to vote shall be necessary and sufficient to constitute a quorum for the transaction of any business. The withdrawal of any Member holding Class A Voting Interests after the commencement of a meeting shall have no effect on the existence of a quorum after a quorum has been established at such meeting.

F.    Voting.

(i)    Except as otherwise provided by the Certificate, any Company action to be taken by vote of the Members shall be authorized by a majority of votes cast at a meeting of Members at which a quorum is present by the holders of Class A Voting Interest.

(ii)    Each Member entitled to vote or to express consent or dissent without a meeting, may do so by proxy; provided, however, that the instrument authorizing such proxy to act shall have been executed in writing by the Member or the Member's attorney in fact thereunto duly authorized in writing.  No proxy shall be valid after expiration of eleven (11) months from the date of its execution, unless the person executing same directs in said proxy that it shall continue in force for a longer period of time.  Such instrument shall be exhibited to the Manager at the meeting and shall be filed with the records of the Company.

(iii)    Class A Voting Interest registered in the name of another entity, if entitled to be voted, may be voted by the President (or the equivalent) of said entity or a proxy appointed by the President of such other entity, unless some other person has been appointed to vote such shares pursuant to a by-law or a resolution of the board of directors (or the equivalent) of such other entity, in which case such person may vote such Class A Voting Interest. Any fiduciary may vote Class A Voting Interest registered in the name of such entity as such fiduciary, either in person or by proxy.

JA428

CONFIDENTIAL                                                                     MARTORELLO_004593

(iv)     Any resolution in writing, signed by all the Class A Voting Interest, shall be and constitute action by such members to the effect therein expressed, with the same force and effect as if the same had been duly passed by fifty-one percent (51%) of the Class A Voting Interests at a duly called meeting of members of such resolution.

## SECTION VII
## EXCULPATION OF LIABILITY; INDEMNIFICATION

A.     <u>Liability of Members to the Company and One Another</u>.  No Member shall be liable for the debts, liabilities, contracts, or any other obligation of the Company, except to the extent expressly provided herein or under Delaware law, or as expressly provided otherwise.  No Member shall be liable for the debts or liabilities of any other Member.  With respect to the Company and its business and the enterprise established by this Agreement, no Member shall be liable, responsible or accountable in damages or otherwise to the Company or any other Member for any act performed by it (i) within the scope of the authority conferred on it by this Agreement and in good faith; (ii) based on the good faith opinion of legal counsel or other appropriate expert; or (iii) otherwise made in good faith.

B.     <u>Indemnification</u>.

(i)     The Company, its receiver or its trustee, shall indemnify any Member, employee or agent of the Company who was or is a party or is threatened to be made a party to a threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative, and whether formal or informal, other than an action by or in the right of the Company, by reason of the fact that such person is or was a Member, employee or agent of the Company, against expenses, including attorneys' fees, judgments, penalties, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with the action, suit or proceeding, if the person acted in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner that such person reasonably believed to be in the best interests of the Company and with respect to a criminal action or proceeding, if such person had no reasonable cause to believe such person's conduct was unlawful.

(ii)     Any Member, employee or agent of the Company shall be indemnified against actual and reasonable expenses, including attorneys' fees, incurred by such person in connection with the action, suit or proceeding and any action, suit or proceeding brought to enforce the mandatory indemnification provided herein.  The Company shall advance all sums required to indemnify and hold each Member, employee or agent of the Company harmless as provided herein from the initiation of any claim against such persons, subject to acknowledgment in writing by such persons of the obligation to reimburse the Company in the event that, following the entry of a final, non-appealable judgment, it is determined that the Company was not obligated to indemnify such persons pursuant to this Agreement.

## SECTION VIII
## DISSOLUTION AND LIQUIDATION

A.     <u>Dissolution</u>.  The Company shall dissolve and its affairs shall be wound up on the first to occur of the following:

(i)     The written consent of the Members holding at least fifty-one percent of the Class A Voting Interests;

(ii)     The entry of a decree of judicial dissolution of the Company under Section 1801(4) of the Act or a judicial determination under Section 1805(5) of the Act.

(iii)     The sale of all or substantially all of the assets of the Company.

14

JA429

MARTORELLO_004594

The death, insanity, retirement, resignation, expulsion, bankruptcy, or dissolution of any Member, or the occurrence of any other event that terminates the continued membership of a Member in the Company, shall not cause a dissolution of the Company.

B.    <u>Liquidation</u>.  On dissolution of the Company, the Manager shall act as liquidator.  The liquidator shall proceed diligently to wind up the affairs of the Company and make final distributions as provided herein and in the Act.  The costs of liquidation shall be borne as a Company expense.  Until final distribution, the liquidator shall continue to manage the Company with all of the power and authority of the Manager.

<div align="center">

SECTION IX
CONFIDENTIALITY; NON-DISCLOSURE; NON-SOLICITATION; AND NON-COMPETE

</div>

Each Member of the Company shall be required to execute, prior to the issuance of any Interest in the Company, a separate confidentiality, non-disclosure, non-solicitation and non-compete agreement.

<div align="center">

SECTION X
BOOKS AND RECORDS

</div>

A.    <u>Access to Books and Records</u>.  To the fullest extent permissible under law, all non-voting Classes hereby waive any rights they may have under the laws of the State of Delaware, or otherwise, to access the books and records of the Company.

B.    <u>No Access to Information</u>.  Notwithstanding any right of access to the books and records of the Company that may be applicable, under no circumstances shall any books or records be deemed to include any books and records concerning the information deemed to be covered by the agreements executed pursuant to Section IX, and all non-voting Classes and Interests hereby irrevocably waive any access whatsoever to any of said information.  All non-voting Classes and Interests hereby covenant and agree that it is unreasonable and otherwise improper under all circumstances to demand access to said information.

<div align="center">

SECTION XI
MISCELLANEOUS PROVISIONS

</div>

A.    <u>Section Headings</u>.  The Section headings and numbers contained in this Agreement have been inserted only as a matter of convenience and for reference, and in no way shall be construed to define, limit or describe the scope or intent of any provision of this Agreement.

B.    <u>Severability</u>.  The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof, and this Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted.

C.    <u>Amendment</u>.  This Agreement may be amended or revoked at any time, in writing, with the consent of the Manager or a vote of the Members holding fifty-one percent (51%) of the outstanding Class A Voting Interests. No change or modification to this Agreement shall be valid unless in writing and signed by the Manager or the Members entitled to vote.

D.    <u>Binding Effect</u>. Subject to the provisions of this Agreement relating to transferability, this Agreement will be binding upon and shall inure to the benefit of the parties, and their respective distributees, heirs, successors and assigns.

<div align="center">

15

</div>

CONFIDENTIAL                                                    MARTORELLO_004595

E.    Governing Law.  Regardless of the place where this Agreement may be executed by the Member, the rights and obligations of the Member, and any claims and disputes relating thereto, shall be subject to, governed by, construed and enforced in accordance with the laws of the State of Delaware.

F.    Power of Attorney.  Each Member hereby appoints the Manager to exercise the rights set forth in this Section XI F, acting individually, as the true and lawful representative of such Member and attorney-in-fact, in such Member's name, place and stead, to:

(i)    Complete or correct, on behalf of such Member, all documents to be executed by such Member in connection with such Member's subscription for an Interest, including, without limitation, filling in or amending amounts, dates, and other pertinent information.

(ii)    Make, execute, sign, acknowledge, swear to, and file: (i) any and all instruments, certificates, and other documents which may be deemed necessary or desirable to effect the winding-up and termination of the Company; (ii) any business certificate, fictitious name certificate, amendment thereto, or other instrument, agreement, or document of any kind necessary or desirable to accomplish the business, purpose and objectives of the Company, or required by any applicable federal, state, territorial, tribal or local law;  (iii) any counterpart of this Agreement to be entered into pursuant to this Agreement and any amendment to which such Member is a signatory; (iv) any amendments to this Agreement; (v) all certificates and other instruments conforming with this Agreement that are necessary or appropriate to qualify, continue and terminate the Company as a foreign limited liability company in all such jurisdictions in which the Company may conduct its business; (vi) any and all certificates, documents, and other instruments necessary or desirable for purposes of applying to and complying with the Puerto Rico Department of Economic Development and Commerce tax incentives program; (vii) all other filings with agencies of the federal government, of any state, territorial, tribal or local government, or of any other jurisdictions, which the Manager considers necessary or desirable to carry out the purposes of this Agreement and the business of the Company.

(iii)    This power of attorney granted pursuant to this Section XI F is a special power of attorney coupled with an interest and is irrevocable and shall survive the death, disability, or cessation of the existence as a legal entity of a Member; and shall survive the delivery of an assignment by a Member of the whole or any portion of its interest in the Company, except that, when the assignee thereof has been approved by the Manger for admission to the Company as a Member, the power of attorney shall survive the delivery of such assignment for the sole purpose of enabling the Manger to execute, acknowledge, and file any instrument necessary to effect such substitution.

G.    Waiver of Certain Rights.  All holders of non-voting Classes of Membership Interest irrevocably waive any right they may have to maintain any action for dissolution of the Company or for partition of the property of the Company.

H.    Arbitration.

(i)    Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing party shall recover its costs and expenses of arbitration and the collection of the award, including its reasonable attorney fees.

(ii)    Solely upon agreement of the parties, the parties may dispense with administration by the American Arbitration Association and agree to self-administer any dispute or, alternatively, agree to have the dispute administered by any other agreed upon organization/tribunal and pursuant to any other agreed upon rules.

JA431

CONFIDENTIAL                                    MARTORELLO_004596

(iii)     Any self-administered arbitration shall be conducted in English before an arbitrator chosen by the parties and who shall reside in the Commonwealth of Puerto Rico.  Any certified mediator in Puerto Rico shall be deemed to have the minimum qualifications to arbitrate the dispute.  The parties shall split the arbitrator's fees, including any required prepayment deposit.  The arbitration shall be governed by the Commercial Rules of the American Arbitration Association ("AAA") including the Fast Track/Expedited Procedures except as modified herein.  Within 10 days of the written notice and a demand for arbitration, the parties shall provide to each other the names of 3 persons residing in Puerto Rico, who would be acceptable as arbitrators.  If the parties agree on any person, that person shall be chosen as the arbitrator.  If the agreed upon person declines to act as the arbitrator for any reason, the parties shall have 5 days to submit alternate names.  If the parties are unable to agree on an arbitrator within 25 days of the written notice and demand for arbitration, either party may proceed with AAA administered arbitration pursuant to clause (a) above.  If an arbitrator is agreed upon, the final arbitration hearing shall commence within 120 days of the arbitrator being chosen.  The arbitrator shall hold an initial hearing, which may be held telephonically, and shall enter a scheduling order.  The parties may, but are not required, to mediate the case prior to the final hearing.  The parties may modify these rules to the extent there is agreement by the parties to do so.  The decision of the arbitrator shall be final and binding.  Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

I.     <u>Entire Agreement</u>.   This Agreement, including Schedules, supersedes all previous Operating Agreements entered into by the Company.

[SIGNATURES TO FOLLOW ON SCHEDULE A]

JA432

CONFIDENTIAL

MARTORELLO_004597

SCHEDULE A
OF
THE OPERATING AGREEMENT
OF
EVENTIDE CREDIT ACQUISITIONS, LLC

MEMBER LISTING/INTEREST/PERCENTAGE INTEREST

| | Voting Interest | Date Issued | Economic Interest | Date Issued | Equity Interest | Date Issued |
|---|---|---|---|---|---|---|
| **Class A Membership Interest:** | | | | | | |
| **Member:** | | | | | | |
| Kairos Holdings, LLC | 1,000 Units (100%) | 2/9/2015 | 595 Units (59.5%) | 2/9/2015 | 595 Units (59.5%) | 2/9/2015 |
| Gallant Capital, LLC | N/A | | 255 Units (25.5%) | 7/15/2015 | 255 Units (25.5%) | 7/15/2015 |
| Justin Martorello | N/A | | 100 Units (10.0%) | 2/9/2015 | 100 Units (10.0%) | 2/9/2015 |
| Brian McFadden | N/A | | 15 Units (1.5%) | 2/9/2015 | 15 Units (1.5%) | 2/9/2015 |
| | | | 5 Units (0.5%) | 3/1/2015 | 5 Units (0.5%) | 3/1/2015 |
| | | | 20 Units (2.0%) | | 20 Units (2.0%) | |
| James Dowd | N/A | | 15 Units (1.5%) | 2/9/2015 | 15 Units (1.5%) | 2/9/2015 |
| Simon Liang | N/A | | 15 Units (1.5%) | 2/9/2015 | 15 Units (1.5%) | 2/9/2015 |

Date Amended: July 15, 2015

ACCEPTED AND AGREED

By its Manager, LIONT, LLC

By: _____
Name: Matt Martorello
Title: President

By GALLANT CAPITAL, LLC

By: _____
Name: Matt Martorello
Title: President of its Manager

18

CONFIDENTIAL

JA433

MARTORELLO_004598

# Exhibit 4

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
 2                    RICHMOND DIVISION

 3   LULA WILLIAMS, et al., on    *
     behalf of themselves and all *
 4   other similarly situated     *
     individuals,                 *
 5            Plaintiff,          *
                                  *
 6   VS.                          *  Civil Action No.
                                  *  3:17-cv-461 (REP)
 7   BIG PICTURE LOANS, LLC,      *
     et al.,                      *
 8            Defendants.         *

 9
     ****************************************************
10
            ORAL AND VIDEOTAPED DEPOSITION OF
11                 MATTHEW MARTORELLO
                   FEBRUARY 25, 2019
12
     ****************************************************
13

14              DEPOSITION of MATTHEW MARTORELLO,

15   produced as a witness at the instance of the

16   Plaintiffs, and duly sworn, was taken in the

17   above-styled and numbered cause on the 25th day of

18   February, 2019, from 10:33 a.m. to 5:56 p.m., before

19   Christy R. Sievert, CSR, RPR, in and for the State

20   of Texas, reported by machine shorthand, at the

21   offices of Regus Business Center, 100 Crescent

22   Court, 7th Floor, Dallas, Texas 75201, pursuant to

23   the Federal Rules of Civil Procedure and the

24   provisions stated on the record or attached hereto.

25
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA435

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

```
 1                    A P P E A R A N C E S

 2

 3     FOR THE PLAINTIFFS:

 4       MR. LEONARD A. BENNETT
         (Appearing via teleconference)
 5       Consumer Litigation Associates
         763 J. Clyde Morris Boulevard, Suite 1-A
 6       Newport News, Virginia 23601
         Phone:     757-930-3660
 7       E-mail:    len@clalegal.com

 8       MR. ANDREW J. GUZZO
         (Appearing telephonically)
 9       Kelly & Crandall, PLC
         763 J Clyde Morris Boulevard, Suite 1A
10       Newport News, Virginia  23601
         Phone:     703-424-7576
11       E-mail:    aguzzo@kellyandcrandall.com

12       MS. E. MICHELLE DRAKE
         (Appearing telephonically)
13       Berger Montague
         43 SE Main Street, Suite 505
14       Minneapolis, Minnesota 55414
         Phone:     612-594-5933
15       E-mail:    emdrake@bm.net

16

       COUNSEL FOR MATTHEW MARTORELLO:
17
         MR. RICHARD L. SCHEFF
18       Armstrong Teasdale, LLP
         1500 Market Street, 12th Floor, East Tower
19       Philadelphia, Pennsylvania 19102
         Phone:     215-246-3478
20       E-mail:    rscheff@armstrongteasdale.com

21

22

23

24

25
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082  Page 2
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA436

USCA4 Appeal: 23-2087    Doc: 11-1      Filed: 12/06/2023    Pg: 440 of 462

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

```
 1   products?
 2       A.   Never traded any consumer financial
 3   products.
 4       Q.   And prior to leaving KPMG, had you ever --
 5   yourself ever invested in -- in a business that
 6   involved consumer products, consumer financial
 7   products?
 8       A.   No.  No, I haven't.  I had not.
 9       Q.   All right.  So after 2009, or after KPMG,
10   what was your next career move?
11       A.   So let me think about when this was.  It
12   must have been late 2008 or early 2009.  I feel like
13   it was probably late 2008.  That's when I tried to
14   raise money to start an online lending business.
15       Q.   And can I ask why -- why you would -- I
16   mean, that's -- you had not dealt with online
17   lending in any of your other professional capacities
18   before, right?
19       A.   Yeah, that's correct.
20       Q.   So what -- what brought you into --
21       A.   I'm sorry, that's not really correct.  I'm
22   sorry.
23            More specific to the KPMG experience, my
24   job there was mainly in asset-based lending, and --
25   and, obviously, transactions, mergers and
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082 Page 26
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA437

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

```
 1   different business, right?
 2       A.   I left, because I could sort of see the
 3   writing on the wall.  And so I continued my efforts
 4   to, you know, be an owner and not an employee in
 5   that context.  And so I was able to raise capital
 6   for my own business.
 7       Q.   And did you just quit or did -- was there a
 8   buy-sell agreement or something that. . .
 9       A.   I got bullied out by litigation,
10   effectively.  And then I think I had signed
11   something, like, you know, releasing any rights to
12   claiming ownership or anything like that.  And so it
13   was just kind of -- it was not consensual, I guess,
14   but it was what it was.
15       Q.   And did you get any money out of the
16   company?
17       A.   No.
18       Q.   All right.  And then you started a new
19   business, right?
20       A.   Correct.
21       Q.   Approximately when?  What was the best
22   estimate of month and year?
23       A.   I believe that was probably -- like, I
24   don't want to be off by a year here.  It's too far
25   to be off.  But I feel like -- I would say early
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082  Page 33
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA438

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

 1  2010, give or take, is my best guess.  It could have

 2  been earlier.

 3      Q.   And what was --

 4      A.   Could have been earlier.

 5      Q.   And what was the name of the business that

 6  you started then?

 7      A.   That was Collect 500.

 8      Q.   And what was the corporate entity's name,

 9  if you -- if it was different?

10      A.   It was MMP Finance.

11      Q.   What does the P stand for?

12      A.   Peter.

13      Q.   Who was Peter?

14      A.   He was the -- one of the guys who backed me

15  on it.

16      Q.   What was Peter's last name?

17      A.   Savarino.  It's S-a-v-a-r-i-n-o.

18      Q.   And what -- what was the business in

19  which -- what was the business model for Collect

20  500?

21      A.   Sorry, can you elaborate on "business

22  model"?

23      Q.   Right.  So -- right.

24           Did it -- was it an online lender?

25      A.   Yes.

www.huseby.com         Huseby, Inc. Regional Centers         800-333-2082 Page 34
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA439

USCA4 Appeal: 23-2087   Doc: 11-1      Filed: 12/06/2023   Pg: 443 of 462

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

```
 1      Q.    And was the loan product actually called
 2   Collect 500?
 3      A.    That was the -- the domain name.  That was,
 4   like, the d/b/a.
 5      Q.    And what type of loans did Collect 500
 6   make?
 7      A.    Collect 500 made traditional payday loans.
 8      Q.    And did it do it in all states?
 9      A.    That's a good question.  I don't recall it
10   being in all states.  I think it was something less
11   than all states, but I don't recall all of the
12   states.
13      Q.    And then whatever happened to Collect 500?
14      A.    Collect 500 operated for less than two
15   years, and it was probably in operations for
16   about -- really -- I mean, really operating maybe 10
17   to 12 months, and then sort of liquidated.  And I'm
18   trying -- that's why I'm trying to remember what the
19   time period was.  So I'm trying to remember when it
20   liquidated.
21      Q.    So as of that point, what e-mail address
22   were you using as your primary e-mail address?
23      A.    That's a good question.  It probably --
24   well, let's see.  In that era, probably my Yahoo
25   e-mail address, personally, I mean.  And for
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082  Page 35
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA440

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION

 3   LULA WILLIAMS, et al., on    *
     behalf of themselves and all *
 4   other similarly situated     *
     individuals,                 *
 5             Plaintiff,         *
                                  *
 6   VS.                          *  Civil Action No.
                                  *  3:17-cv-461 (REP)
 7   BIG PICTURE LOANS, LLC,      *
     et al.,                      *
 8             Defendants.        *

 9

10                REPORTER'S CERTIFICATION
             DEPOSITION OF MATTHEW MARTORELLO
11                   FEBRUARY 25, 2019

12             I, CHRISTY R. SIEVERT, CSR, RPR, in

13   and for the State of Texas, hereby certify to the

14   following:

15             That the witness, MATTHEW MARTORELLO, was

16   duly sworn by the officer and that the transcript of

17   the oral deposition is a true record of the

18   testimony given by the witness;

19             I further certify that the signature of

20   the deponent was requested by the deponent or a

21   party and is to be returned within 30 days from date

22   of receipt of the transcript.  If returned, the

23   attached Changes and Signature Page contains any

24   changes and the reasons therefor;

25             I further certify that I am neither
```

www.huseby.com          Huseby, Inc. Regional Centers      800-333-2082  Page 229
        Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA441

**LULA WILLIAMS, ET AL. vs BIG PICTURE LOANS, LLC, ET AL.**
**Matthew Martorello on 02/25/2019**

1    counsel for, related to, nor employed by any of the

2    parties or attorneys in the action in which this

3    proceeding was taken, and further that I am not

4    financially or otherwise interested in the outcome

5    of the action.

6          Subscribed and sworn to on this the 4th

7    day of March, 2019.

8

9

10    _____

11    CHRISTY R. SIEVERT, CSR, RPR
      Expiration Date:  4-30-2021
12    Huseby, Inc.
      7000 North Mopac Freeway
13    2nd Floor
      Austin, Texas  78731
14    (512) 687-0421 (tel)

15

16

17

18

19

20

21

22

23

24

25

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082  Page 230
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

JA442

# Exhibit 5

| From: | Rob Rosette </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=4EA335FB493D4964B92B0395C04F0C63-ROB ROSETTE> |
| To: | Nicole St. Germain; Karrie Wichtman; 'flint@whetstoneedge.biz' |
| Sent: | 8/24/2011 5:28:43 AM |
| Subject: | Fw: Tasks for Oct 1 Launch |
| Attachments: | PepperCash_NEW_Loan_Agreement.docx |

# Redacted

**From**: mattm@bellicosevi.com [mailto:mattm@bellicosevi.com]
**Sent**: Tuesday, August 23, 2011 09:50 PM
**To**: Rob Rosette; flint@wsedge.biz <flint@wsedge.biz>
**Cc**: Scott Merritt <smerritt@answersetc.com>
**Subject**: Tasks for Oct 1 Launch

Perhaps the most efficient option would then be for Rob to help educate my counsel so they can get that done for me. I believe they'll be working on this next week.

For the Tribal entity, is it an LLC or Corp? I like the name **Red Rock Tribal Cash, LLC (or Corp)**.

In the meantime, I plan to have the draft documents done by end of week, and then sent to Ryan Bloom for finalization next week. After that Ryan will send them off to you guys week of the 5th for execution on/around September 15 with an October 1 effective date/go live date.

<u>Tasks for Rob:</u>
*I have attached the current consumer loan agreement for the portfolio. I understand you will need to redline this for the Tribal Lender and we will have it put in place in the LMS beginning Oct 1. The current version has a lot of elements in it specific to the international structure.
*Please also review and edit the privacy policy of the website, as well as the footer on each webpage, and the terms & conditions of the website so that those may be updated Oct 1 as well:
A) https://www.peppercash.com/privacy_policy.html
B) https://www.peppercash.com/terms_of_website_use.html
C) This web site's contents do not signify a solicitation or offer for check advances in all states. Areas of operation may change with or without notice. Services mentioned on this site may or may not be available in your particular state. Each aspect of, communication, and transaction, with/on this site will be deemed to have occurred in PepperCash.com's Costa Rica offices, regardless of the location where you are accessing or viewing this site. The borrower is responsible for observing any local statutory requirements that may exist in their state or area with respect to any transactions with PepperCash.com. All content, existing and/or submitted to and in association with this site will be considered PepperCash.com's copyrighted property. All communications with the company are deemed confidential. Any unauthorized reproduction, distribution, or disclosure is prohibited without the company's express written consent.
*Please review the PepperCash.com website in its entirety for any changes the Tribe requires
*I will later get the email templates and disclaimers within them over to you as well for your edits on all communications there
*Please let me know if there are any services, or notifications, or procedures that the tribe wants to explicitly have performed or anything else not mentioned

Hopefully you can take whatever steps are necessary to complete formation, and secure ACH and bank account so they are all set to go come October 1st.

What else can I help you with in the meantime?

**Regards,**

CONFIDENTIAL

JA444

ROS002-0000681

**Matt Martorello**
Mobile: 773-209-7720
Email: MattM@BellicoseVI.com

BELLICOSE VI

---

**From:** Rob Rosette [mailto:rosette@rosettelaw.com]
**Sent:** Tuesday, August 23, 2011 8:41 PM
**To:** flint@wsedge.biz; mattm@bellicosevi.com
**Cc:** Scott Merritt
**Subject:** RE: Opinion Letter

Flint,

That is correct.   My insurance coverage will only cover opinions rendered to my Tribal clients.

Thanks,

Robert A. Rosette
Rosette, LLP
Attorneys at Law
565 W. Chandler Blvd., Suite 212
Chandler, Arizona 85225
Tel (480) 889-8990
Fax (480) 889-8997
Cell (480) 242-9810
www.rosettelaw.com

CONFIDENTIAL COMMUNICATION: THIS MESSAGE IS A CONFIDENTIAL ATTORNEY COMMUNICATION ONLY FOR
USE BY THE INTENDED RECIPIENT.  ANY INADVERTENT RECEIPT SHALL NOT CONSTITUTE A WAIVER OF
ATTORNEY-CLIENT OR WORK PRODUCT PROTECTION.  IF RECEIVED IN ERROR, PLEASE NOTIFY THE SENDER
IMMEDIATELY AND DELETE THIS MESSAGE.

---

**From:** Flint Richardson [mailto:flint@wsedge.biz]
**Sent:** Tuesday, August 23, 2011 5:03 PM
**To:** mattm@bellicosevi.com
**Cc:** Rob Rosette; Scott Merritt
**Subject:** Re: Opinion Letter

Matt - since Rob isn't your legal counsel it wouldn't be permissible for him to issue you an opinion. He could
work with your counsel on the support needed for them to issue the opinion you require. Rob - correct me if I am
wrong here. Thanks.

Sent via BlackBerry by AT&T

---

**From:** "mattm@bellicosevi.com" <mattm@bellicosevi.com>
**Date:** Tue, 23 Aug 2011 23:54:47 +0000
**To:** Flint Richardson<flint@wsedge.biz>
**Cc:** Rob Rosette<rosette@rosettelaw.com>; smerritt@answersetc.com<smerritt@answersetc.com>
**Subject:** Opinion Letter

Rob, would you be able to provide an opinion letter to Bellicose simply stating that the entire model and

JA445

CONFIDENTIAL

relationships throughout do not equate to the tribe being an agent of Bellicose or any of it's owners or any of our other entities involved. This would be very valuable to us in case one day the IRS were to challenge that the tribe is simply an agent. This negates any fee associated with such an event should it ever occur.

On Aug 22, 2011, at 9:36 AM, "Flint Richardson" <flint@wsedge.biz> wrote:

Sounds good Matt. We look forward to it. In the meantime not sure if you and Scott have talked through technology or the operating account structure but we should work on that as well soon.

Flint

**Flint Richardson** | **CPA** | Chandler | AZ| 85225 |
office 480.889.4888 | fax 480.889.8997 | flint@wsedge.biz |

## <image002.jpg>

**************************************************************************************************
This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**IRS CIRCULAR 230 DISCLOSURE**: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Matt Martorello [mailto:mattm@bellicosevi.com]
**Sent:** Monday, August 22, 2011 7:21 AM
**To:** Flint Richardson; Rob Rosette; smerritt@answersetc.com
**Subject:** RE: Next Steps

I agree. I'd like to get the legal documents all completed and ready for signatures ASAP. Then on that week in Sept, we can execute the agreements with an Oct 1 launch date.

---

**From:** Flint Richardson [flint@wsedge.biz]
**Sent:** Monday, August 22, 2011 8:50 AM
**To:** Matt Martorello; Rob Rosette; smerritt@answersetc.com
**Cc:** mmartorello@apriorisolutions.com
**Subject:** RE: Next Steps

That would be possible Matt. However, I believe that we should have agreements finalized and have the meeting coincide with the execution of documents. Since you have outside legal counsel in Delaware and Michigan I believe that we should work with them in order to get a full set of documents that will be acceptable hammered out as soon as possible. To the extent that your counsel desires to review the lending ordinance, regulatory framework and tribal limited liability ordinance we can work with them so that they are comfortable that all of structural components of the deal are in fact in place with appropriate resolutions.

Let me know what you think about this approach.

Flint

**Flint Richardson** | **CPA** | Chandler | AZ| 85225 |
office 480.889.4888 | fax 480.889.8997 | flint@wsedge.biz |

JA446

ROS002-0000683

&lt;image003.jpg&gt;

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**IRS CIRCULAR 230 DISCLOSURE:**  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Matt Martorello [mailto:mattm@bellicosevi.com]
**Sent:** Monday, August 22, 2011 6:46 AM
**To:** Matt Martorello; Rob Rosette; 'flint@wsedge.biz'; 'smerritt@answersetc.com'
**Cc:** 'mmartorello@apriorisolutions.com'
**Subject:** RE: Next Steps

Can we schedule a day on the week of  9/12 - 9/16 to meet the Tribe in the UP?

---

**From:** Matt Martorello
**Sent:** Saturday, August 20, 2011 8:40 AM
**To:** Rob Rosette; 'flint@wsedge.biz'; 'smerritt@answersetc.com'
**Cc:** 'mmartorello@apriorisolutions.com'
**Subject:** RE: Next Steps

OK, maybe we can coordinate a UP trip to all get together when we do a site meet and greet with the Tribe.  Preferably before the very rough winters up there begin.

Thanks and enjoy the weekend.

---

**From:** Rob Rosette [rosette@rosettelaw.com]
**Sent:** Saturday, August 20, 2011 8:21 AM
**To:** Matt Martorello; 'flint@wsedge.biz'; 'smerritt@answersetc.com'
**Cc:** 'mmartorello@apriorisolutions.com'
**Subject:** Re: Next Steps

Hi Matt. I'm in the U.P. We are quite far away from each other, but otherwise I would have loved to meet you!

**From:** Matt Martorello [mailto:mattm@bellicosevi.com]
**Sent:** Saturday, August 20, 2011 06:17 AM
**To:** flint@wsedge.biz <flint@wsedge.biz>; Scott Merritt <smerritt@answersetc.com>
**Cc:** mmartorello@apriorisolutions.com <mmartorello@apriorisolutions.com>; Rob Rosette
**Subject:** RE: Next Steps

Rob?  I'll be staying at the Campus Inn in Ann Arbor tonight and to the race in Brooklyn tomorrow.  Are you anywhere nearby?

---

**From:** Flint Richardson [flint@wsedge.biz]
**Sent:** Saturday, August 20, 2011 7:48 AM
**To:** Matt Martorello; Scott Merritt
**Cc:** mmartorello@apriorisolutions.com; Rob Rosette

JA447

CONFIDENTIAL

**Subject:** Re: Next Steps

Rob is in Michigan as well - perhaps you gents could meet if you are in proximity?

Sent via BlackBerry by AT&T

---

**From:** Matt Martorello <mattm@bellicosevi.com>
**Date:** Sat, 20 Aug 2011 11:47:08 +0000
**To:** Scott Merritt<smerritt@answersetc.com>
**Cc:** mmartorello@apriorisolutions.com<mmartorello@apriorisolutions.com>;
flint@wsedge.biz<flint@wsedge.biz>; rosette@rosettelaw.com<rosette@rosettelaw.com>
**Subject:** Re: Next Steps

Sounds great. I'll be up in Michigan this weekend for the NASCAR race and back on island Wed night.  I do have additional questions to clarify some other details when I started reading docs again a few days ago.  Maybe we can keep moving forward with docs to complete things ASAP and have a call Thursday morning to go over status and additional questions?

On Aug 20, 2011, at 12:35 AM, "Scott Merritt" <smerritt@answersetc.com> wrote:

Matt,

Good to hear from you; glad to hear you're making headway on your tax situation. We can appreciate how critical that component is to your model.

The good news is the tribe is ready, and we'd be glad to arrange a visit at your convenience. They are ready to go live today.

We can drill down to a much more granular level regarding the origination from the tribe on our next call - we've only provided a high-level outline in our documentation, so we can certainly clarify the process.

Additionally, we can discuss the banking and assignment issues when we talk.

I believe Flint may be traveling Monday/Tuesday, but should be able to accommodate most days/times. Let us know what works best for you.

Have a good weekend - I'm sure that's fairly easy to do, considering your location. Flint and I might have to travel down your way for official business at some point!

Best,

-Scott

---

**From**: Matt Martorello <mmartorello@apriorisolutions.com>
**To**: Flint Richardson <flint@wsedge.biz>
**Cc**: Scott Merritt; Rob Rosette <rosette@rosettelaw.com>
**Sent**: Fri Aug 19 20:01:04 2011
**Subject**: Re: Next Steps
Hey Flint, how's it coming along?  I plan to get my tax opinion letter back on Tuesday, and I told them I wanted

JA448

CONFIDENTIAL                                                                 ROS002-0000685

to have all of this completed within 2 weeks.

-Is the tribe ready to go live?
-I wanted to talk about the detail of origination occurring at the tribe
-I'd love to make a visit to their facility in the near future as well.
-wanted to discuss operating bank account activity
-do you have assignment contracts
-it sounds like we may transfer this over and then launch a new one, and run returning only on the current one after #2 gets going

Anyway, maybe we can discuss next week. I plan to take a crack at merging these myself too and then we can compare notes.

Let's get this thing going. Looking forward to it, have a great weekend guys.

Thanks,
Matt


On Aug 9, 2011, at 5:59 PM, "Flint Richardson" <flint@wsedge.biz> wrote:

Hey Matt –

Just wanted to circle back with you to ensure that you had received the servicing agreement that I had sent to you yesterday.   Also – I wanted to see if it made sense to schedule another call to discuss the service agreement or work with someone with your company to merge this with the RAPE agreement?  I would recommend that having your counsel (whichever attorney you want to use in-house or external) may help us expedite this process.

Let us know what we can do to help.

Flint


**Flint Richardson | CPA |** Chandler | AZ| 85225 |
office 480.889.4888 | fax 480.889.8997 | flint@wsedge.biz |

**<image003.jpg>**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**IRS CIRCULAR 230 DISCLOSURE**:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The message does not contain any threats

JA449

AVG for MS Exchange Server (9.0.901 - 271.1.1/3845)

<image002.jpg>

<image003.jpg>

<AVG certification.txt>

JA450

CONFIDENTIAL

# LOAN AGREEMENT

**Disbursement Date:** LOAN_EFFECTIVE_DATE
**Payment Date:** LOAN_DUE_DATE

**Type of Contract:  Loan  # APPLICATION_NUMBER**

**Tribal Entity, LLC**
**DBA: PepperCash.com**
**Address….**
**Phone: 1-888-408-0151**
**Email address:  legal@PepperCash.com**

**Borrower Name:  CUSTOMER_NAME**
**Borrower Address : CUSTOMER_ADDRESS1**
**CUSTOMER_ADDRESS2**
**Address: CUSTOMER_CITY, CUSTOMER_STATE**
**CUSTOMER_ZIP**
**Phone: CUSTOMER_PHONE_NUMBER**
**Email address:  CUST_EMAIL**

In this Loan Agreement (hereinafter, the "Loan Agreement", or "Agreement") the words "you", "your" and "I" mean the borrower who has electronically signed it. The words "we", "us" and "our" mean PepperCash.com. ("Lender").

In order to complete your transaction with us, you must electronically sign this Loan Agreement by (a) entering your initials and (b) clicking the "I Agree" button at the end of the Loan Agreement. We will then approve or deny the Loan Agreement. If the Loan Agreement is approved, it will be consummated as of the Disbursement Date shown above. We will use commercially reasonable efforts to affect a credit entry by depositing the proceeds from this Loan Agreement into the bank account listed below in the ACH Authorization Section (your "Bank Account") on the Disbursement Date above. Unavoidable delays as a result of bank holidays, the processing schedule of your individual bank, the untimely receipt of borrower verification detail (if required), inadvertent processing errors, "acts of God", and/or "acts of terror" may extend the time for the deposit. In the event that the disbursement is delayed, the Disbursement Date will automatically adjust to reflect the date when proceeds entered your Bank Account. You will have the option of rescinding the Loan in accordance with the "RESCISSION" provision listed below, which describes, among other things, the time and manner which which notice of rescission must be given to be effective. Failure to give such notice as and when set out in the "RESCISSION" provision will be deemed to constitute acceptance by you of the delayed disbursement date and the revised terms of the Loan Agreement.

All terms of this Agreement remain in full force and effect until all amounts owed to us by you are paid in full, including those associated with any renewal transactions, as described below.

You promise to pay us the Total of Payments according to the terms of our disclosures set forth below on the date stated in the Payment Schedule below ("Payment Due Date"). You grant us a security interest in your ACH Authorization in the amount of the Total of Payments (the "ACH Authorization") which we may negotiate on the Payment Due Date or thereafter. You further promise to pay us all subsequent finance and other charges and fees in accordance with this Agreement. No interest, fees, or other charges are charged after the Payment Due Date except in the event of a "Late Charge", "Renewal", or "Workout" as explained below. All payments will be applied first to interest and then to principal. Both the amount of interest charged and rate thereof are set forth respectively in the Finance Charge and Annual Percentage Rate disclosures in this Agreement, which are subject to adjustment in the event of a delayed disbursement.

## U.S. FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| CALCULATED_APR% | FINANCE_CHARGE | LOAN_AMOUNT | TOTAL_OF_PAYMENTS |

Your Payment Schedule will be:

One Payment in the Amount of        **TOTAL_OF_PAYMENTS**        is due   **LOAN_DUE_DATE**

**Security**: You are giving us a security interest in the ACH Authorization.
**Prepayment**: If you pay off early, you will not be entitled to a refund of the unearned portion of the finance charge.
See the terms of this Loan Agreement for any additional information about nonpayment, default, and prepayment refunds.

**Itemization of Amount Financed:** Amount given to you directly: LOAN_AMOUNT. Amount paid on Loan No. **APPLICATION_NUMBER** with us: $0.00.

 **(1) THIS LOAN IS DESIGNED AS A SHORT-TERM CASH FLOW SOLUTION AND NOT DESIGNED AS A SOLUTION FOR LONGER TERM FINANCIAL PROBLEMS. (2) ADDITIONAL FEES MAY ACCRUE IF THE LOAN IS ROLLED OVER. (3) CREDIT COUNSELING SERVICES ARE**

JA451

## AVAILABLE TO CONSUMERS WHO ARE EXPERIENCING FINANCIAL PROBLEMS.

### CONSENT TO ELECTRONIC COMMUNICATIONS

The following terms and conditions govern electronic communications in connection with this Loan Agreement and the transaction evidenced hereby (the "Consent"). By electronically signing this Loan Agreement by clicking the "I AGREE" button below, you are confirming that you have agreed to the terms and conditions of the Consent and that you have downloaded or printed a copy of this Consent for your records. You agree that:

- Any disclosure, notice, record or other type of information that is provided to you in connection with your transaction with us, including but not limited to, this Loan Agreement, this Consent, the Truth in Lending disclosures set forth in this Agreement, change-in-term notices, fee and transaction information, statements, delayed disbursement letters, notices of adverse action, and transaction information (collectively, "Communications"), may be sent to you electronically by posting the information at our web site, www.PepperCash.com, or by sending it to you by e-mail by us or any vendor/servicer contracted through us at any time.

- We will not be obligated to provide any Communication to you in paper form unless you specifically request us to do so.

- You may obtain a copy of any Communication by contacting us at legal@PepperCash.com or by calling us at 1-888-408-0151. You also can withdraw your consent to ongoing electronic communications in the same manner, and ask that they be sent to you in paper or non-electronic form.

- You agree to provide us with your current e-mail address for notices at the email address indicated above. If your e-mail address, telephone number(s), or residence address changes, you must send us a notice of the new address/telephone number(s) by sending us an e-mail, using secure messaging, at least five (5) days before the change.

- In order to receive electronic communications in connection with this transaction, you will need a working connection to the Internet. Your browser must support the Secure Sockets Layer (SSL) protocol. SSL provides a secure channel to send and receive data over the Internet through HS encryption capabilities. Netscape 4.7+ and above and Microsoft Internet Explorer 5.01+ and above support this feature. You will also need a printer connected to your computer to print disclosures/notices. We do not provide ISP services. You must have your own Internet Service Provider.

- We may amend (add to, delete or change) the terms of this Consent to Electronic Communications by providing you with advance notice.

- You agree that you are able to view and/or electronically store the information presented at this website. You also agree to print and retain a copy of this Agreement and Consent to Electronic Communications for your records.

**SECURITY:** We have disclosed to you that our interest in the ACH Authorization is a security interest as a courtesy only, because Costa Rica law does not clearly address whether our interest in the ACH Authorization is a "security interest".

**PAYMENT OPTIONS: Your Total of Payments will be due on the Payment Due Date. If you do not wish to pay the Total of Payments on your Payment Due Date, you must select your payment option at least three (3) banking business days prior to your Payment Due Date by contacting us at 1-888-408-0151. At that time, you may choose:**

    (a)   **Payment in full: You may pay the Total of Payments shown above, plus any accrued fees, to satisfy your loan in full. When you contact us and choose this option, we will debit your Account for the Total of Payments plus any accrued fees, in accordance with the ACH Authorization below; OR**

    (b)   **Renewal: You may renew your loan (that is, extend the Payment Due Date of your loan until your next Pay Date[1]) by authorizing us to debit your Account for the amount of the Finance Charge, plus any accrued fees. If you choose this option, your new Payment Due Date will be your next Pay Date[1], and the rest of the terms of this Agreement will continue to apply.**

**AUTO-RENEWAL: If you fail to contact us to confirm your Payment Option, or otherwise fail to pay the loan in full on any Payment Due Date, PepperCash.com may automatically renew your loan as described under (b) above, and debit your Bank Account on the Payment Date or thereafter for the Finance Charge and any accrued fees. Your new Payment Due Date will be your next Pay Date[1], and the rest of the terms of this Agreement will continue to apply. You must contact us 3 banking business days prior to your Payment Due Date to confirm your payment option for the Renewal Transaction. If you fail to contact us, or otherwise fail to pay the loan in full on your new Payment Due Date, we may automatically renew the loan until your next Pay Date.[1] You may obtain up to 5 Renewals in addition to the initial loan transaction. All terms of this Agreement continue to apply to Renewal Transactions. All Renewals are subject to Lender's approval. If you choose to renew your loan for any additional period after the Payment Due Date, you will be charged the Finance Charge disclosed above for each "Loan Period" in which the Loan remains outstanding. If your Renewal is approved, your existing loan will be extended to a one Loan Period loan (10 – 24 day term) payment schedule and you will pay the finance charge of $35 per $100 of principal owed on the next Payment Due Date. You will accrue new finance charges with every Renewal of this loan.**

**AUTO-WORKOUT: Unless you contact us to confirm your option for Payment in Full prior to your 5th Renewal Payment Due Date, your loan will automatically be placed into a Workout Payment Plan. Under the Workout Payment Plan, your Account will automatically be debited on your Pay Date[1] for accrued finance charges plus a principal payment of $25 until the loan principal amount owed reaches $25 or less. When your amount owed reaches $25 or less, we will debit the remaining amount of principal, plus additional finance charges, on your next pay date[1]. This does not limit any of Lender's other rights under the terms of this Agreement. All Workout Payment Plans are subject to Lender's approval.**

**RETURNED ITEM FEE:** You agree to pay an insufficient fund fee of $30 if an item is returned unpaid, or if an ACH debit entry, the authorization for which was not properly revoked by you, is rejected by your bank for any reason. If your payment is returned unpaid, you authorize us to make a one-time electronic funds transfer from your account to collect the returned item charge of $30.

**LATE CHARGE:** If your scheduled payment is late more than fifteen (15) days after its due date, we will effect a debit entry to Your Account, a Late Charge of $30 will be assessed to your account.

**TELEPHONE COMMUNICATIONS/MESSAGING:** You authorize us, our assigns, successors or our servicing agents to send a SMS text message to you at any mobile number at which we reasonably believe we can contact you, for any lawful purpose, including but not limited to: (1) suspected fraud or identity theft; (2) obtaining information necessary for us to service your account; (3) collecting on your account; (4) notifying you as to important issues regarding your account, or (5) and other purpose. Telephone numbers you authorize us, our assigns, successors or our servicing agents to text message to include any numbers provided to us, our assigns, successors or our servicing agents and numbers from which you call us, our assign, successors or our servicing agents. You agree to pay any fee(s) or charge(s) that you may incur for incoming and outgoing messages from or to us or our assigns, successors, or our servicing agents, without reimbursement from us or them." You authorize us, our assigns, successors or servicing agents to send recorded messages to any phone numbers provided to us, our assigns, successors or service agents.

---

[1] The term "Pay Date" refers to the next time following the Payment Due Date, that you receive regular wages or salary from your employer. Because Renewal transactions are for at least ten (10) days, if you are paid weekly, your loan will be Renewed until the next Pay Date that is at least fourteen days after the prior Payment Date.

JA452

ROS002-0000689

**INCOME VERIFICATION:** You authorize PepperCash.com to verify your past and/or present employment history and income as may be necessary to process your Loan. The employment and/or income verification that PepperCash.com obtains is only to be used in the processing of your application for a Loan. Furthermore, you represent that you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code.

**ACH AUTHORIZATION:** You hereby voluntarily authorize us, and our successors and assigns, to initiate automatic credit and debit entries to your Bank Account: Bank Routing Number: CUSTOMER_ABA_NUMBER and Bank Account Number: CUSTOMER_BANK_ACCOUNT_NUMBER, in accordance with this Agreement.

You agree that we will initiate a credit entry to your Bank Account for the Amount Financed on or about the Disbursement Date.

You also authorize us to initiate an ACH debit entry to Your Bank Account:
(a)  For the Total of Payments plus any accrued fees on the Payment Due Date, or on any subsequent Renewal Payment Due Date, if you contact us and select Payment Option (a) above;
(b)  For the Finance Charge plus any accrued fees on the Payment Due Date, or on any subsequent Renewal Payment Due Date, if you contact us and select Payment Option (b) above, or if you fail to contact us to confirm your payment option;
(c)  For the accrued finance charges and fees, plus $25.00 on each Pay Date[1] after the 5th Renewal Payment Due Date, until the loan principal amount owed reaches $25 or less.  When your principal amount owed reaches $25 or less, you authorize us to  debit the remaining amount of principal, plus any additional fees and finance charges, on your next pay date[1]; and
(d)  For any accrued Late Fees or Returned Payment charges, subject to this Agreement.

You agree that we may re-initiate a debit entry for the same amount if the ACH debit entry is dishonored or payment is returned for any reason. The ACH Authorizations set forth in this Agreement are to remain in full force and effect for this transaction until your indebtedness to us for the Total of Payments, plus any other charges or fees incurred and described in this Agreement, is fully satisfied.  You may only revoke the above authorizations by contracting us directly at least three (3) business days prior to the Payment Due Date.  If you revoke your authorization, you agree to provide us with another form of payment acceptable to us.

If any payment is returned unpaid, you authorize us to make a one-time electronic fund transfer from your account to collect a fee of $30. If your loan is over 15 days late, you will be assessed a late fee of $30. You voluntarily authorize us, and our successor and assigns, to initiate a debit entry to your Bank Account for payment of this fee.  You further authorize us to initiate debit entries as necessary to recoup the outstanding loan balance whenever an ACH transaction is returned to us for any reason.  If your payment is returned to us by your financial institution due to insufficient funds or a closed account, you agree that we also may recover court costs and reasonable attorney's fees incurred by us.

You understand and agree that this ACH authorization is provided for your convenience, and that you have authorized repayment of your loan by ACH debits voluntarily. You agree that you may repay your indebtedness through other means (i.e. money order) by providing timely payment, or through the Credit/Debit Card Authorization provided below.

You authorize us to verify all of the information that you have provided, including past and/or current information. You agree that the ACH Authorization herein is for repayment of a single payment loan, or for single payment of finance charges for Renewal transactions, and that these entries shall not recur at substantially regular intervals. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing and transit number, or account number, then you authorize us to verify and correct such information.

**CREDIT/DEBIT CARD AUTHORIZATION:** By signing this document below, you authorize us, and our successors or assigns, to charge any amounts owing under this Agreement to any credit/debit card that you provide to us for such purpose, in the event that any ACH debit entry, or other payment method, is returned unpaid for any reason.  This authorization will remain in full force and effect until either (1) all obligations under this Agreement have been satisfied or (2) it is cancelled, in writing, in such time as to give us and the card issuer reasonable opportunity to act upon it.  Such cancellations shall be emailed to legal@PepperCash.com or faxed to 214-446-6314.  If you choose to cancel this authorization, you agree to provide another payment method acceptable to us in our sole discretion.

**RESCISSION:** You may rescind future payment obligations under this Loan Agreement, without cost or finance charges, no later than 5:00 p.m. EST of the next business day immediately following the Disbursement Date ("Rescission Deadline"). To rescind future payment obligations on this loan, you must inform us **in writing**, by or before the Rescission Deadline by email to support@PepperCash.com or by fax to 214-446-6314 that you want to cancel the future payment obligations on this loan and that you authorize us to effect a debit entry to Your Account for the principal amount of the Loan Agreement. In the event that we timely receive your written notice of rescission on or before the Rescission Deadline but **before** the loan proceeds have been credited to Your Account, we will not effect a debit entry to Your Account and both ours and your obligations under this Loan Agreement will be rescinded.  In the event that we timely receive your written notice of rescission on or before the Rescission Deadline but **after** the loan proceeds have been credited to Your Account, we will effect a debit to Your Account for the principal amount of the Loan Agreement.  If we receive payment of the principal amount via the debit, ours and your obligations under this Loan Agreement will be rescinded.  If we do not receive payment of the principal amount via the debit, then the Loan Agreement will remain in full force and effect.

**PREPAYMENT:** At any time after the Rescission Deadline defined above, you can prepay your obligations partially or in full before the Payment Date by sending us an email to the address and number referenced above informing us that you want to make a prepayment and giving us written authorization to effect a debit entry to your Bank Account for the prepayment.  If we receive the prepayment via the debit, it will be applied first to fees and then to principal.  Please be advised that by paying your loan off early you will not be entitled to a rebate of the unearned portion of your Finance Charge.

**BANKRUPTCY:** You certify to us that you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code.

**CONSUMER REPORTS**: You authorize us to obtain consumer reports about you prior to issuing a loan to you under this Agreement, and at any time that you owe us money under this or any other Loan Agreement.  We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**CHECKS:** If you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.  You also authorize us to collect a fee of $30 through an electronic fund transfer from your account if your payment is returned unpaid.

**COLLECTION AND USE OF BANK ACCOUNT INFORMATION FOR PURPOSES OF COLLECTING LOAN PAYMENTS:** If we extend credit to you, we will consider the bank account information provided by us as eligible for us to process payments against. In addition, as part of our information collection process, we may detect additional bank accounts under your ownership. You agree that we will consider these additional accounts to be part of the application process and eligible for payment retrieval.

**DEFAULT, GOVERNING LAW, ASSIGNMENT AND EXECUTION:** You will be in default under this Agreement if: (a) you provide false or misleading information about yourself, your employment, or your financial condition (including the bank account on which the electronic debit is drawn) prior to entering this Agreement, (b) you fail to make a payment by the Due Date or if your payment is returned to us unpaid for any reason, or (c) any of the following things occur: appointment of a committee, receiver, or other custodian of any of your property, or the commencement of a case under the U.S. Federal Bankruptcy Laws by or against you as a

JA453

ROS002-0000690

debtor. This Agreement will be governed by the laws of Costa Rica, except that the arbitration provision is governed by Costa Rica's Law on Alternate Conflict Resolution and the Promotion of Social Peace (Law 7727, Article 18), and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as adopted by the United Nations Conference on International Commercial Arbitration. We may assign or transfer this Agreement or any of our rights hereunder. If this Agreement is consummated, then you agree that the electronically signed Agreement we receive from you will be considered the original executed Agreement, which is binding and enforceable as to both parties.

**WAIVER OF JURY TRIAL AND ARBITRATION PROVISION:** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an 'arbitrator') for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. We have a policy of arbitrating all disputes with customers, including the scope and validity of this Arbitration Provision and any right you may have to participate in an alleged class action. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:**

1. For purposes of this Waiver of Jury Trial and Arbitration Provision, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision; (b) all U.S. federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to the Agreement, the information you gave us before entering into the Agreement, including the customer information application, and/or any past Agreement or Agreements between you and us; (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (g) all claims asserted by you individually against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by you as a private attorney general, as a representative and member of a class of persons, or in any other representative capacity, against us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by us or related third parties of any non-public personal information about you.

2. You acknowledge and agree that by entering into this Arbitration Provision:
**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**
**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**
**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

3. All disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. **THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.**

4. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested. All disputes arising out of or in connection with this Agreement shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

5. Regardless of who demands arbitration, at your request we will advance your portion of the arbitration expenses, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with Costa Rica's Law on Alternate Conflict Resolution and the Promotion of Social Peace (Law 7727, Article 18), and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted by telephone via a toll-free conference line at a mutually convenient time, and Lender will pay the telephone costs for you. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If allowed by Costa Rica statute or applicable Costa Rica law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. If the arbitrator renders a decision or an award in your favor resolving the dispute, then you will not be responsible for reimbursing us for your portion of the Arbitration Fees, and we will reimburse you for any Arbitration Fees you have previously paid. If the arbitrator does not render a decision or an award in your favor resolving the dispute, then the arbitrator shall require you to reimburse us for the Arbitration Fees we have advanced, not to exceed the amount which would have been assessed as court costs if the dispute had been resolved by a Costa Rica court with jurisdiction, less any Arbitration Fees you have previously paid. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction.

6. This Arbitration Provision is made pursuant to a transaction involving international commerce.

7. This Arbitration Provision is binding upon and benefits you, your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits us, our successors and assigns, and related third parties. This Arbitration Provision continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This Arbitration Provision survives any cancellation, termination, amendment, expiration or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Arbitration Provision is held invalid, the remainder shall remain in effect.

**Your right to file suit against us for any claim or dispute regarding this Agreement is limited by the WAIVER OF JURY TRIAL AND ARBITRATION PROVISION.**

You may choose to opt out of this Arbitration Provision but only by following the process set forth below. If you do not wish to be subject to this Arbitration Provision, then you must notify us in email within forty-five (45) calendar days of the date of this Agreement at the following address: legal@PepperCash.com. Your written notice must include your name, address, social security number, the date of this Agreement, a statement that you wish to opt out of the Arbitration Provision, and must not be sent with any other correspondence. Indicating your desire to opt-out of this Arbitration Provision in any manner other than as provided above is insufficient notice. Your decision to opt out of this Arbitration Provision will not affect your other rights or responsibilities under this Agreement, and applies only to this Arbitration Provision and no prior or subsequent Arbitration Provision to which you and we have agreed.

**PRIVACY POLICY:**
By signing this Agreement, you agree to PepperCash.com's Privacy Policy as stated on PepperCash.com's website at the following link:
**https://PepperCash.com/Privacy.aspx**

*BY ENTERING IN YOUR INITIALS AND CLICKING THE "I AGREE" BUTTON BELOW, YOU ARE ELECTRONICALLY SIGNING THIS AGREEMENT. BY ELECTRONICALLY SIGNING THIS AGREEMENT, YOU AGREE THAT THIS ELECTRONIC SIGNATURE HAS THE FULL FORCE AND EFFECT OF YOUR PHYSICAL SIGNATURE AND THAT IT BINDS YOU TO THIS AGREEMENT IN THE SAME MANNER A PHYSICAL SIGNATURE WOULD DO SO. YOU CERTIFY THAT THE INFORMATION GIVEN IN CONNECTION WITH THIS AGREEMENT IS TRUE AND CORRECT. YOU AUTHORIZE PEPPERCASH.COM*

JA454

TO VERIFY THE INFORMATION GIVEN IN CONNECTION WITH THIS AGREEMENT AND GIVE PEPPERCASH.COM CONSENT TO OBTAIN INFORMATION ON YOU FROM A CONSUMER REPORTING AGENCY OR OTHER SERVICE. *YOU ACKNOWLEDGE THAT (A) YOU HAVE READ, UNDERSTAND, AND AGREE TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT INCLUDING THE WAIVER OF JURY TRIAL AND ARBITRATION PROVISION AND THE PRIVACY POLICY, (B) THIS AGREEMENT CONTAINS ALL OF THE TERMS OF THE AGREEMENT AND THAT NO REPRESENTATIONS OR PROMISES OTHER THAN THOSE CONTAINED IN THE AGREEMENT HAVE BEEN MADE, (C) THIS AGREEMENT WAS FILLED IN BEFORE YOU SIGNED IT, AND (D) THAT YOU HAVE PRINTED OR DOWNLOADED A COMPLETED COPY OF THIS AGREEMENT FOR YOUR RECORDS. YOU FURTHER ACKNOWLEDGE THAT PEPPERCASH.COM MAY WITHHOLD FUNDING OF YOUR LOAN AT ANY TIME PRIOR TO DISBURSEMENT SUBJECT TO VERIFICATION OF APPLICATION INFORMATION.*

By signing below you agree that we will initiate ACH debits and credits to Your Bank Account as described under the ACH Authorization above. You agree that the debit entries authorized herein are for repayment of a single payment loan and shall not recur at substantially regular intervals. You agree that this ACH Authorization is subject to our approval of the Loan Agreement.

By signing below you agree that your loan may be renewed up to five times as described under AUTO-RENEWAL above, without additional notice to you.  You also agree that your loan may be subject to the Workout Payment Plan after the Fifth Renewal Transaction, as described under AUTO-WORKOUT above. You authorize us to initiate debit entries to Your Bank Account for Renewal and Workout transactions as described above. You agree that you will receive no prior notice of Renewal and/or Workout plan payments, unless the amount of the payment is greater than $1300.

By signing below you authorize us to verify all of the information that you have provided, including past and/or current information.  You certify that you have made or will make all payments on any previous loans with Lender, and you agree that that Lender may cancel this loan if any payment on previous loans is not made or is returned unpaid. You agree that we may obtain information about you and your Account from your Bank and/or consumer reporting agencies and other services until all amounts owing pursuant to this Agreement are paid-in-full. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

By signing below you agree that your loan may be renewed up to five times as described under AUTO-RENEWAL above, without additional notice to you.

By signing below you warrant that you ARE NOT a regular or reserve member of the U.S. Military, including the Army, Navy, Marine Corps, Air Force, or Coast Guard, serving on active duty under a call or order that does not specify a period of 30 days or fewer (or a dependent of such a member).

Initial below and click "I AGREE" to electronically sign this Agreement:

**Lender: PepperCash.com**

**Borrower's E-Signature: 1517_ESIGNATURE_1**

Borrower Initials:

| First Name: | Last Name: | SSN #: | Date: |
|---|---|---|---|
| CUSTOMER_FIRST_NAME | CUSTOMER_LAST_NAME | CUSTOMER_SSN | APPLICATION_DATE |

JA455

CONFIDENTIAL

ROS002-0000692

# Exhibit 6

Page 1

1                    UNITED STATES DISTRICT COURT
2                   IN AND FOR THE DISTRICT OF VIRGINIA
3                          RICHMOND DIVISION
4
                                        )
5        LULA WILLIAMS, GLORIA          )
         TURNAGE, GEORGE HENGLE, DOWIN  )
6        COFFY, and FELIX GILLISON,     )
         JR., on behalf of themselves   )
7        and all individuals similarly  )  No. 3:17-cv-00461
         situated,                      )
8                                       )
                          Plaintiffs,   )
9                                       )
                     vs.                )
10                                      )
         BIG PICTURE LOANS, LLC; MATT   )
11       MARTORELLO; ASCENSION          )
         TECHNOLOGIES, INC.; DANIEL     )
12       GRAVEL; JAMES WILLIAMS, JR.;   )
         GERTRUDE MCGESHICK; SUSAN      )
13       MCGESHICK; and                 )
         GIIWEGIIZHIGOODWAY MARTIN,     )
14                                      )
                          Defendants.   )
15                                      )
16                    VIDEOTAPED DEPOSITION OF
17                      WARREN SCOTT MERRITT
18                   Taken in behalf of Defendants
19                            *   *   *
20                       March 21, 2019
21               400 Columbia Street, Suite 140
22                       Vancouver, WA 98660
23
         Job No. CS3256218
24       Janette M. Schmitt, CSR, CCR, RPR
25       Court Reporter

Page 32

```
 1    in, did you say, doing work with tribes?

 2         A.   Yes.

 3         Q.   Okay.  You don't recall anything

 4    specifically that he told you?

 5         A.   Not really, no.  I mean, I have dozens of

 6    those conversations at every trade show.

 7         Q.   Okay.  So what made you -- what led you,

 8    then, to introduce him to Mr. Rosette?

 9         A.   Just his -- his interest in working with

10    the tribe.  I knew Rob -- Rob's a very well-known

11    attorney in that space.

12         Q.   At the time that you introduced

13    Mr. Martorello to Mr. Rosette, had Mr. Rosette or

14    anyone -- or Ms. Wichtman or anyone else indicated

15    to you that LVD was interested in finding a service

16    provider?

17         A.   No.

18         Q.   Had you had any interactions with anyone

19    specifically at the tribe or its -- any of its

20    corporate entities?

21         A.   LVD?

22         Q.   Uh-huh.

23         A.   No.

24         Q.   When did you introduce Mr. Martorello to

25    Mr. Rosette?
```

Page 124

1                C E R T I F I C A T E

2

3          I, Janette M. Schmitt, a Certified Court

4    Reporter for Washington, pursuant to RCW 5.28.010

5    authorized to administer oaths and affirmations in

6    and for the State of Washington, do hereby certify

7    that, WARREN SCOTT MERRITT personally appeared

8    before me at the time and place set forth in the

9    caption hereof; that at said time and place I

10   reported in Stenotype all testimony adduced and

11   other oral proceedings had in the foregoing matter;

12   that thereafter my notes were reduced to typewriting

13   under my direction pursuant to Washington

14   Administrative Code 308-14-135, the transcript

15   preparation format guideline; and that the foregoing

16   transcript, pages 1 to 125, both inclusive,

17   constitutes a full, true and accurate record of all

18   such testimony adduced and oral proceedings had, and

19   of the whole thereof.

20          Witness my hand and CCR stamp at Vancouver,

21   Washington, this 26th of March, 2019.

22                        

23         _____

           JANETTE M. SCHMITT

24         Certified Court Reporter

           Certificate No. 2252

25         Commission Expires:  7/30/2019